UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a/ BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED,<br><br>    Defendants. | Case No. 25-cv-25894-RKA |

**JOINT SCHEDULING REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Southern District of Florida Local Rule 16.1(b), and the Court's Order Requiring Joint Scheduling Report and Certificates of Interested Parties (ECF No. 12), Plaintiff President Donald J. Trump ("Plaintiff") and Defendants British Broadcasting Corporation a/k/a BBC ("BBC"), BBC Studios Distribution Limited, and BBC Studios Production Limited (collectively, "Defendants" and together with Plaintiff, the "Parties"), file this Joint Scheduling Report, and state as follows:

1. Counsel for the Parties exchanged drafts of this Joint Scheduling Report before communicating via teleconference on January 7, 2026, to discuss and prepare this Joint Scheduling Conference Report as follows. *See* S.D. Fla. L.R. 16.1(b)(1). The conference was attended by Alejandro Brito for Plaintiff and Charles Tobin and Sasha Dudding for Defendants.

2. Plaintiff requests a **Standard Track**, in which three to ten days of trial is required, with discovery to be completed within the period of 180 to 269 days from the date of the

1

Scheduling Order. *See* S.D. Fla. L.R. 16.1(a)(2)(b).  Defendants request that this case be placed on the **Complex Track**, requiring over ten days of trial. *See* S.D. Fla. L.R. 16.1(a)(2)(C).

3. Pursuant to Local Rule 16.1(b)(2), the Parties submit as follows:

A. **The likelihood of settlement:**

Settlement is unlikely at this early stage.

B. **The likelihood of appearance in the action of additional parties:**

At this stage, the Parties do not anticipate adding additional parties to this action.  However, the Parties reserve the right to seek leave to amend in compliance with the Federal Rules of Civil Procedure and this Court's orders.

C. **Proposed limits on the time:**

The Parties have proposed limits on time to join other parties and to amend the pleadings, to file and hear dispositive motions, and to complete factual discovery, as set forth in the Proposed Scheduling Order attached hereto as **Exhibit A**.

D. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties plan to work together in good faith to simplify the issues and eliminate frivolous claims or defenses where possible.

Defendants will file a dispositive motion to dismiss[1] as the Court lacks personal jurisdiction over Defendants, that venue in this District is improper and the Plaintiff has failed to state a claim. Defendants therefore have filed a partial motion to permit limited and appropriate jurisdictional discovery and to stay all other discovery pending the Court's resolution of their motion to dismiss. Defendants submit that engaging in cross-border discovery about the events of January 6, 2021 and Plaintiff's role in them, the Documentary's lack of an impact on Plaintiff's victory in the 2024 presidential election, and "the value of [Plaintiff's] brand, properties, and business" and his "reputation as a politician, leader, and businessman in the views of the American public and around the world" (see Complaint ¶ 101), all while the motion to dismiss is pending, will subject the Parties, and the Court, should disputes arise, to considerable burdens that would be unnecessary if the motion to dismiss were granted.

---

[1] As the Complaint alleges, the Defendants are all United Kingdom citizens and were served under Fed.R.Civ.P 12(a)(1)(A)(ii) on December 17, 2025.  Their response to the Complaint is due on March 17, 2026

Plaintiff will oppose the motion to stay and oppose the Defendants' proposal to limit initial discovery to jurisdiction.

E.  **The necessity or desirability of amendments to the pleadings:**

As indicated in section (B) above, the Parties do not anticipate adding additional parties at this time but reserve the right to seek leave where appropriate.

F.  **The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

As discussed above, the Parties will use all resources available to streamline the issues in this case, including reaching stipulations where possible. The Parties agree to work in good faith to proceed as efficiently as possible with discovery and to stipulate to the authenticity of documents when and where practicable. The Parties also consent to electronic service of discovery requests and responses that need not be filed with the Court. Finally, the Parties will seek pre-trial and *in limine* rulings on admissibility issues where foreseeable and feasible.

G.  **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties will work cooperatively to identify and resolve by agreement as many evidentiary issues as possible. Additionally, the Parties will attempt to agree or stipulate to as many facts as reasonably possible to limit the presentation of evidence regarding undisputed facts.

H.  **Suggestions on the advisability of referring matters to a magistrate judge or master:**

The Parties agree to refer this case to Magistrate Judge Lett regarding only discovery matters, as set forth in the Joint Election to Jurisdiction by a United States Magistrate Judge attached hereto as **Exhibit B**.

I.  **A preliminary estimate of the time required for trial;**

Plaintiff estimates that five to ten days will be required for trial. Defendants estimate that 20 court days will be required for trial.

J.  **Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The Parties have proposed dates for trial and pretrial conferences in Exhibit A.

K.  **Any issues about:**

(i) **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**;

At this time, the Parties do not have any issues but reserve all rights and waive none.

(ii) **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**;

At this time, the Parties do not have any issues but reserve all rights and waive none.

(iii) **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist; and**

The Parties have agreed to use the Court's ESI Checklist and, where appropriate, will incorporate the topics and criteria contained therein into an agreed ESI protocol that will be tailored for this action.

L. **Any other information that might be helpful to the Court in setting the case for status or pretrial conference**.

The Parties may be seeking that the Court enter a Joint Protective Order on Confidentiality, which will govern the privacy of documents produced and testimony elicited in this action. The Parties will confer at a later date as to whether to propose the Protective Order and, if necessary, the terms of that proposed Protective Order.

Dated: January 12, 2026                                  Respectfully submitted,

| | |
|---|---|
| */s/Alejandro Brito* <br> Alejandro Brito <br> Florida Bar No. 098442 <br> Ian Michael Corp <br> Florida Bar No. 1010943 <br> BRITO, PLLC <br> 2121 Ponce de Leon Boulevard <br> Suite 650 <br> Coral Gables, FL 33134 <br> Tel:  305-614-4071 <br> Fax:  305-440-4385 <br> abrito@britopllc.com <br> icorp@britopllc.com <br> apiriou@britopllc.com <br><br> */s/Edward Andrew Paltzik* | */s/ Charles David Tobin* <br> Charles David Tobin <br> Ballard Spahr LLP <br> 1909 K Street, NW <br> 12th Floor <br> Washington, DC 20006 <br> Tel: 202-661-2218 <br> Fax: 202-661-2299 <br> tobinc@ballardspahr.com <br><br> Sasha Dudding <br> Ballard Spahr LLP <br> 1675 Broadway <br> 19th Floor <br> New York, NY 10019 <br> Tel:  646-346-8094 |

| | |
|---|---|
| Edward Andrew Paltzik<br>Taylor Dykema PLLC<br>914 E. 25th Street<br>Houston, TX 77009<br>Tel: 516-526-0341<br>edward@taylordykema.com<br><br>(*pro hac vice application forthcoming*)<br><br>*/s/Daniel Zachary Epstein*<br>Daniel Zachary Epstein<br>Epstein & Co. LLC<br>8903 Glades Rd<br>Ste A8 #2090<br>Boca Raton, FL 33434<br>Tel: 510-239-7430<br>dan@epsteinco.co<br>(*pro hac vice application forthcoming*)<br><br>*Counsel to Plaintiff,*<br>*President Donald J. Trump* | duddings@ballardspahr.com<br><br>*Counsel to Defendants* |

5