UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25894-ALTMAN

**PRESIDENT DONALD J. TRUMP**,

    *Plaintiff*,

v.

**BRITISH BROADCASTING CORP.**, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING MOTION TO STAY DISCOVERY

Our Defendants, the British Broadcasting Corporation, BBC Studios Distribution Ltd., and BBC Studios Productions Ltd. (collectively, the "BBC Parties"), have moved to stay discovery pending our resolution of their forthcoming motion to dismiss ("MTD"). *See* Motion to Stay Discovery (the "Motion") [ECF No. 18]. Our Plaintiff, President Donald J. Trump, opposes that relief. *See* Response in Opposition to Motion to Stay [ECF No. 24]. The Motion is fully-briefed and ripe for adjudication. *See* Defendants' Reply in Support of Motion [ECF No. 25]. After careful review, the Motion is **DENIED**.

District courts are afforded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). District courts may grant "[a] stay of discovery pending the determination of a motion to dismiss," but that remedy "is the exception rather than the rule." *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (Scola, J.). "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if

it appears to be clearly meritorious." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (Bloom, J.). But staying discovery is "rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (Cooke, J.). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Cuhaci*, 540 F. Supp. at 1187 (quoting *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)). We deny the BBC Parties' Motion for two reasons.

*First*, the Motion is premature. We can't "take a preliminary peek at the merits" of the forthcoming motion to dismiss because it hasn't even been filed—and thus hasn't been fully briefed. *See MindbaseHQ LLC v. Google LLC*, 2021 WL 680887, at *2 (S.D. Fla. Feb. 22, 2021) (Bloom, J.) ("[The] Defendant's motions have yet to be fully briefed. . . . Without the benefit of Plaintiff's responses and defenses to the issues presented in the motions, the Court cannot properly take a 'preliminary peek' at the viability of the motions"). That's reason enough to deny the Motion.

The BBC Parties try to cure this deficiency by presaging the positions they *intend* to take in their forthcoming motion to dismiss. *See* Motion at 3 ("As Defendants will demonstrate in their forthcoming Motion to Dismiss, the Court lacks personal jurisdiction over them and the Complaint fails to state a claim on multiple independent grounds."). President Trump, for his part, attempts to rebut these assertions. *See* Response at 7 ("The Complaint pleads detailed jurisdictional facts establishing Florida jurisdiction under Fla. Stat. §§ 48.193(2), 48.193(1)(a)(1), and 48.193(1)(a)(2)"); *see also id.* at 10 ("Defendants' Motion to Stay is nothing but a scant preview of their hypothetical motion to dismiss that broadly attempts to dispute or deny the Complaint's allegations, and offers only cursory, conclusory assertions in place of any meaningful legal analysis."). We've conducted a preliminary review of both parties' positions and can't say with certainty that President Trump's claims are unmeritorious or that any order granting the motion to dismiss would dispose of the Complaint "in its entirety and *with prejudice*." *Cuhaci*, 540 F. Supp. at 1188 (emphasis added); *see also Ray*, 2012 WL

5471793, at *2 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (rejecting a stay request where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2 (denying a stay motion where the court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion [would] prevail on all claims").[1]

*Second*, the BBC Parties haven't carried their burden of showing that they'll be prejudiced if we don't grant the stay. The BBC Parties try to indicate the scale of the burden they'll face by relying on *hypothetical* discovery requests they *expect* to receive. *See* Motion at 18 ("[M]erits-based discovery will implicate, as the Complaint is framed, the entire scope of the BBC's coverage of Donald J. Trump potentially for decades, all of the businesses in which he has an interest, his entire political profile, and the other individuals involved in the events of January 6, 2021 and investigations into them, which Plaintiff has placed at issue."). But this speculation—offered before discovery has even begun—isn't sufficient to satisfy the BBC Parties' "specific burden" here. *See, e.g.*, *Lord v. Univ. of Miami*, 2021 WL 9859769, at *3 (S.D. Fla. Oct. 27, 2021) (Altonaga, C.J.) ("Rather than pointing to a specific burden that Defendant will face absent a stay, the Motion to Stay simply states that '[Defendant] . . . will be unnecessarily burdened' by engaging in discovery before the Motion to Dismiss is resolved." (cleaned up)).

We aren't persuaded that the case-specific discovery problems the BBC Parties anticipate—including privilege issues and the need to comply with the U.K.'s data-privacy laws—are sufficiently burdensome to warrant a stay. For one thing, parties navigate privilege issues in almost every case—and (especially now that discovery is searched, sifted, and propounded electronically) foreign litigants

---

[1] While we must take a "preliminary peek" at the merits of the BBC Parties' motion to dismiss, we cannot pass on the viability of the BBC Parties' dismissal arguments. When adjudicating a motion for a stay of discovery, we needn't "move [the Defendants'] dismissal motion to the front of the line, ahead of other cases with pending motions, and fully adjudicate it on the spot. Such a requirement would be unfair to other parties, as well as to the Court." *Ray*, 2012 WL 5471793, at *2.

routinely engage in cross-border discovery without too much hassle. For another, less drastic relief will be available to the parties if problems do arise. We have a set of well-established, discovery-dispute procedures, which will allow our magistrate judge to resolve any discovery issues expeditiously. And our courts have long believed that allowing a magistrate judge to address "particularized discovery issues . . . on a case-by-case basis" is "a more prudent approach than an indiscriminate blanket stay of discovery." *Ray*, 2012 WL 5471793, at *4.

For all these reasons, we **ORDER and ADJUDGE** that the BBC Parties' Motion to Stay Discovery [ECF No. 18] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on February 11, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record