UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED,<br><br>          Defendants. | Case No. 25-CV-25894-RKA |

**PLAINTIFF'S MOTION TO COMPLETE JURISDICTIONAL DISCOVERY
TO RESPOND TO DEFENDANTS' MOTION TO DISMISS WITH
INCORPORATED MEMORANDUM OF LAW (D.E. 36)**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel, respectfully submits this Motion to Complete Jurisdictional Discovery to Respond to Defendants' Motion to Dismiss with Incorporated Memorandum of Law [D.E. 36] (the "Motion"). In support, Plaintiff states as follows:

**SUMMARY OF THE MOTION**

For two reasons, the Court should grant this Motion and allow Plaintiff until June 1, 2026, to complete jurisdictional discovery and respond to Defendants' Motion to Dismiss (D.E. 36).

*First*, Plaintiff's Complaint contains twenty-five factual statements explaining why this Court has personal jurisdiction over British Broadcasting Corporation a/k/a BBC ("BBC"), BBC Studios Distribution Limited ("BBC Distribution"), and BBC Studios Productions Limited ("BBC Productions") (collectively, "Defendants"). These factual allegations are intertwined with the

elements necessary to state Plaintiff's claims and his claim for an award of punitive damages. To dispute each of these allegations, Defendants rely on at least two declarations attached to their Motion to Dismiss, which, at this stage, constitute evidence that Defendants are requesting that the Court accept without exception or further inquiry. Time and again, Courts in this District have allowed plaintiffs forty-five to sixty days to take jurisdictional discovery and prepare a response to a motion to dismiss in which defendants argue that the Court lacks jurisdiction over them. The facts and circumstances presented herein warrant granting similar relief.

*Second*, Defendants previously conceded that Plaintiff should be allowed to take jurisdictional discovery and that the Court should postpone ruling on Defendants' Motion to Dismiss until that jurisdictional discovery was completed. Now that Plaintiff is seeking identical relief to investigate the allegations and arguments contained in Defendants' Motion to Dismiss, Defendants are opposing that relief. Defendants' inconsistent arguments are belied by their prior concessions and should not be countenanced.

### RELEVANT FACTUAL BACKGROUND

1.      On February 12, 2026, the Court entered its Order Setting Trial and Pre-trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge. *See* D.E. 27.

2.      That same day, the Court entered an Order denying the Motion to Stay Discovery (D.E. 18) filed by Defendants. *See* D.E. 26.

3.      On February 13, 2026, Plaintiff served his First Requests for Production and First Set of Interrogatories on each of the Defendants. These discovery requests focus on the merits of the action.

4.      On March 16, 2026, Defendants filed their Motion to Dismiss under Rule 12(b)(2) and Rule 12(b)(6) ("Motion to Dismiss"). *See* D.E. 36.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

5.      Attached to Defendants' Motion to Dismiss are four declarations from Leo Telling, Richard Burgess, Martyn Freeman, and Richard Cooper (collectively, the "Declarations"). *See id.*, D.E. 36-1 (Leo Telling); 36-6 (Richard Burgess); 36-9 (Martyn Freeman); 36-12 (Richard Cooper).

6.      On March 30, 2026, Plaintiff served his Second Requests for Production on each of the Defendants. True and correct copies of Plaintiff's Second Requests for Production to Defendants are **Composite Exhibit A**.

7.      The deadline to respond to Plaintiff's Second Requests for Production is April 29, 2026.

8.      Plaintiff's Second Requests for Production are tailored to the issues relating to the personal jurisdiction arguments in Defendants' Motion to Dismiss and in the Declarations. *Compare* Exhibit A; *with* D.E. 36 and its exhibits.

9.      In addition, the parties have agreed to schedule the depositions of Mr. Telling, Mr. Burgess, Mr. Freeman, and Mr. Cooper as follows:

   a.   April 15, 2026: Mr. Telling.

   b.   April 16, 2026: Mr. Freeman.

   c.   April 24, 2026: Mr. Cooper and Mr. Burgess.

10.     For these and the reasons that follow, Plaintiff is requesting that the Court allow until June 1, 2026, to complete the jurisdictional discovery outlined in this Motion and respond to Defendants' Motion to Dismiss, with Defendants' reply memorandum due by June 15, 2026.

*         *         *

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**ARGUMENT**

**A. Applicable law**.

It is well established in the Eleventh Circuit that a qualified right to limited discovery exists when jurisdictional facts are genuinely in dispute and discovery may be essential to revealing the facts necessary to decide the issues. *See Am. Civil Liberties Union of Florida, Inc. v. City of Sarasota,* 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery,' . . . meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery . . . unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery."); *see also Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729-31 (11th Cir. 1982) ("[I]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . , then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue."); *see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made); *see also Majd-Pour v. Georgiana Community Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"). This principle applies with equal force where, as here, Defendants' declarations inject factual disputes central to personal jurisdiction. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

Applying these precedents, courts in this District have routinely recognized a plaintiff's right to conduct—and complete—limited discovery before ruling on a motion to dismiss for lack of personal jurisdiction. *See Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC,* 2008 WL 1771857, at *2 (S.D. Fla. Apr. 15, 2008) (collecting cases and allowing sixty days for jurisdictional discovery before responding to a motion to dismiss under Rule 12(b)(2): "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction."); *see also S.A.S.B. Corp. v. Concordia Pharm., Inc.,* 2016 WL 10953760, at *2 (S.D. Fla. Aug. 26, 2016) (granting motion for leave to take jurisdictional discovery, extending deadline to respond to motions to dismiss under Rule 12(b)(2) and 12(b)(6) to the same day, and allowing plaintiff sixty days to complete jurisdictional discovery: "Finally, the Court rejects Defendants' argument that Plaintiffs should not be granted an extension to respond to the 12(b)(6) motion. … Judicial efficiency is best served by permitting Plaintiffs to file a response to both grounds for dismissal at the same time.") (relying on *Sierra Equity Group*, 2008 WL 1771857, at *2); *see also Ital Brokers S.P.A. v. Redbridge Ins. Co. Ltd.,* 2024 WL 4880513, at *4 (S.D. Fla. Nov. 25, 2024) (collecting cases: "The Court finds it appropriate to allow Plaintiff to conduct jurisdictional discovery before deciding whether the Court may exercise personal jurisdiction over Defendant. As the Court outlined above, jurisdictional discovery is 'highly favored' where there is [a] genuine dispute as to the Court's jurisdiction.") (quoting *Exhibit Icons, LLC v. XP Co., LLC*, 2008 WL 616104, at *2 (S.D. Fla. Mar. 3, 2008)).

Disallowing such discovery and deciding Defendants' Motion to Dismiss prematurely would "empower [Defendants] to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff," which is extremely prejudicial because the

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

"relevant evidence is most likely to be under the defendants' control." *Nissim Corp. v. Clear Play, Inc.,* 351 F. Supp. 2d 1343, 1350-51 (S.D. Fla. 2004).

**B. Plaintiff should be entitled to complete jurisdictional discovery to inquire into the factual disputes raised by Defendants' Motion to Dismiss and their Declarations**.

Plaintiff has alleged twenty-five factual statements supporting why this Court has personal jurisdiction over Defendants. *See* D.E. 1, ¶¶ 16-40. These allegations show that Defendants:

- Are subject to general jurisdiction in Florida because they maintain a continuous and systematic presence in Florida and because Defendants purposefully transmit new content and other broadcasts into Florida consistently. *See* D.E. 1, ¶¶ 16-21.

- Purposefully made the *Panorama* Documentary, which contains the false and defamatory statements in dispute, available to their subscribers in Florida on *BritBox* or through the use of a virtual private network ("VPN") to access the *Panorama* Documentary through BBC iPlayer. *See* D.E. 1, ¶¶ 23-32.

- Purposefully engaged various third-party distributors, like Blue Ant Media Corporation, to distribute the *Panorama* Documentary throughout the United States, including Florida. *See* D.E. 1, ¶¶ 33-35.

- Purposefully released the *Panorama* Documentary just one week before the 2024 United States Presidential Election with the express intent to undermine President Trump's odds of winning reelection. *See* D.E. 1, ¶ 36.

- Purposefully traveled to Florida to film portions of the *Panorama* Documentary at President Trump's Mar-a-Lago. *See* D.E. 1, ¶¶ 37-40.

These are material factual allegations that expressly address the merits of the dispute. *See Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1216 (Fla. 2010) ("For the reasons explained above, we answer the rephrased certified question in the affirmative. A nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida."). Defendants dispute every one of them.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Relying on the declaration of Mr. Telling, Defendants contend that:

- BBC did not distribute the *Panorama* Documentary on BBC.com or *BritBox*, in direct contravention of what is alleged in paragraphs 16-21 of Plaintiff's Complaint. *See* D.E. 36, p. 9, § (A)(3); p. 11, § (B)(2).

- Defendants did not advertise the *Panorama* Documentary in Florida. *See* D.E. 36, p. 13, § (B)(3)(i).

- No third-party distributor aired the *Panorama* Documentary in the United States. *See* D.E. 36, pp. 14-15, § (B)(3)(i).

- BBC did not film any of the *Panorama* Documentary at Mar-a-Lago, and that production did not begin for months after April 2023. *See* D.E. 36, p. 15, § (B)(3)(i).

Relying on the declaration of Mr. Burgess, Defendants contend that VPNs cannot be used as an end-around to access BBC iPlayer outside of the U.K. *See* D.E. 36, pp. 13-14, § (B)(3)(i). Defendants also contend that BBC never created, produced, or broadcast the *Panorama* Documentary in Florida or with the assistance of BBC Studios Americas, Inc., which is located at 255 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134. *See* D.E. 36, p. 11, § (B)(2); *see also* D.E. 1, ¶ 16. Defendants further contend that all relevant conduct related to the *Panorama* Documentary occurred outside Florida and was produced exclusively for a U.K. audience. *See* D.E. 36, p. 12, § (B)(3).

The factual disputes sought to be created by the Declarations are intertwined with the allegations in the Complaint because they seek to determine whether Defendants published the *Panorama* Documentary in Florida. *See supra Marshall*, 39 So. 3d at 1216; *see also Jews For Jesus, Inc. v. Rapp,* 997 So. 2d 1098, 1105–06 (Fla. 2008) (explaining that the first element to state a claim for defamation under Florida law is publication); *see also Bechor v. Simcenter, Inc.,* 394 So. 3d 666, 669 (Fla. 3d DCA 2024) (explaining that a claim for a violation of Florida Statute §

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

501.204 requires establishing a deceptive or unfair trade practice); *see also Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983–84 (11th Cir. 2016) (same elements as *Bechor*).

In addition, these factual disputes expressly relate to the merits of Plaintiff's claim for punitive damages. *See* D.E. 1, Ad Damnum Clauses of Count I and Count II. On the one hand, Plaintiff alleges that Defendants intentionally published the *Panorama* Documentary globally—including Florida—for the express purpose of undermining President Trump's reelection odds for the 2024 United States Presidential Election. *See* D.E. 1, ¶ 36. By contrast, Defendants contend that the *Panorama* Documentary was produced exclusively for a U.K. audience. *See* D.E. 36, p. 12, § (B)(3).

Given that the merits and jurisdictional questions are intertwined, Plaintiff submits that he should be entitled to exercise his qualified right to discovery before the Court adjudicates Defendants' Motion to Dismiss. *See supra* § A (identifying multiple cases in the Southern District of Florida allowing a plaintiff sixty days to complete jurisdictional discovery and respond to a defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim before it is adjudicated).

## C. Plaintiff did not unduly delay seeking jurisdictional discovery, which Defendants previously invited.

Defendants indicated on January 12, 2026, in the Joint Scheduling Report that they intended to challenge Plaintiff's Complaint on personal jurisdiction grounds. Specifically, this is the statement made by Defendants:

> Defendants will file a dispositive motion to dismiss as the Court lacks personal jurisdiction over Defendants, that venue in this District is improper and the Plaintiff has failed to state a claim. Defendants therefore have filed a partial motion to permit limited and appropriate jurisdictional discovery and to stay all other discovery pending the Court's resolution of their motion to dismiss.

D.E. 17, § 3(B).

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Based on this alone, Plaintiff was unable to discern what specific contentions Defendants would raise in their jurisdictional arguments to argue that this Court lacked personal jurisdiction over them. And without the benefit of reviewing Defendants' Motion to Dismiss and the supporting Declarations, any discovery served by Plaintiff to address the jurisdictional issues raised by Defendants would have been speculative. As a result, Plaintiff did not unduly delay in seeking jurisdictional discovery on the issues framed by Defendants' Motion to Dismiss and its supporting Declarations. *See Pearson v. Deutsche Bank AG*, No. 21-CV-22437, 2022 WL 19296805, at *3 (S.D. Fla. Feb. 23, 2022) (collecting cases: "Plaintiffs served their jurisdictional discovery shortly after Foreign Defendants filed their Motion to Dismiss. Courts within the Eleventh Circuit often allow limited jurisdictional discovery under these circumstances.").

Moreover, Defendants' opposition to the relief sought in this Motion is belied by their prior position in which they conceded that jurisdictional discovery was appropriate. Indeed, Defendants' Motion to Stay Discovery (D.E. 18) specifically requested that the Court allow jurisdictional discovery. *See* D.E. 18, p. 2 ("Defendants therefore move this Court, pursuant [to] Rule 26(c), to permit a reasonable period of limited and appropriate jurisdictional discovery and to stay all other discovery and the scheduling of other discovery deadlines pending adjudication of their forthcoming Motion to Dismiss."); D.E. 18, p. 20 ("For each and all of the foregoing reasons, Defendants request that the Court grant a stay of all discovery except a limited period of narrow, reasonable jurisdictional discovery, and stay the scheduling of discovery deadlines, pending adjudication of their forthcoming Motion to Dismiss, and grant all such other and further relief as the Court deems just and proper.").

Defendants advanced this argument in conjunction with a request to delay adjudication of their then forthcoming Motion to Dismiss until jurisdictional discovery was complete. *See id.*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Thus, it would now be inconsistent for Defendants to argue against the very relief that they previously sought and conceded was appropriate.

<strong>CERTIFICATE OF CONFERRAL</strong>

Under S.D.F.L. Local Rule 7.1(a)(3), Plaintiff and Defendants conferred as to the relief sought in this Motion. Defendants object to the relief sought in this Motion.

**WHEREFORE**, Plaintiff President Donald J. Trump respectfully requests that the Court grant Plaintiff's Motion, extend Plaintiff's deadline to respond to the Motion to Dismiss until June 1, 2026, extend the deadline for Defendants to file their reply memorandum until June 15, 2026, and award any other relief the Court deems proper.

Dated: April 7, 2026                          Respectfully submitted,

| | |
|---|---|
| */s/ Alejandro Brito* | Edward Andrew Paltzik |
| Alejandro Brito | Taylor Dykema PLLC |
| Florida Bar No. 098442 | 914 E. 25th Street |
| Ian Michael Corp | Houston, TX 77009 |
| Florida Bar No. 1010943 | Tel: 516-526-0341 |
| BRITO, PLLC | edward@taylordykema.com |
| 2121 Ponce de Leon Boulevard | (*Admitted Pro Hac Vice*) |
| Suite 650 | |
| Coral Gables, FL 33134 | Daniel Zachary Epstein |
| Tel:  305-614-4071 | Epstein & Co. LLC |
| Fax:  305-440-4385 | 8903 Glades Rd |
| abrito@britopllc.com | Ste A8 #2090 |
| icorp@britopllc.com | Boca Raton, FL 33434 |
| apiriou@britopllc.com | Tel: 510-239-7430 |
| | dan@epsteinco.co |
| *Counsel to Plaintiff,* | (*Admitted Pro Hac Vice*) |
| *President Donald J. Trump* | |

*     *     *

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 7, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting
Corporation, BBC Studios Productions Limited
and BBC Studios Distribution Limited*

                                        */s/ Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071