**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED,<br><br>Defendants. | Case No. 25-CV-25894-RKA |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**<u>DEFENDANT BRITISH BROADCASTING CORPORATION</u>**

Plaintiff President Donald J. Trump ("President Trump" or "Plaintiff"), via undersigned counsel and under Federal Rule of Civil Procedure 34, propounds this Second Request for Production of Documents upon Defendant British Broadcasting Corporation ("BBC" or "Defendant") and asks that the following documents be produced.

**DEFINITIONS**

The following Definitions shall apply to this Request for Production of Documents:

1.      "President Trump" refers to Plaintiff President Donald J. Trump, and any person or entity who was or purported to be acting on his behalf, including but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

2.      "BBC" refers to Defendant British Broadcasting Corporation, and any person or

**Composite Exhibit A**

entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

3.     "BBC Distribution" refers to Defendant BBC Studios Distribution Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

4.     "BBC Productions" refers to Defendant BBC Studios Productions Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

5.     "BBC Commercial" refers to BBC Commercial Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

6.     "BBC Studios" refers to BBC Studios Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators,

researchers, freelancers, consultants, and any related or affiliated entity or person.

7. "BBC USA" refers to BBC News USA, Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

8. "BBC Studios America" refers to BBC Studios America, Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

9. "Cooper" refers to Richard Cooper, and any person or entity who was or purported to be acting on his behalf, including but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

10. "Fagan" refers to Storm Fagan, and any person or entity who was or purported to be acting on his behalf, including but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, staffers, chiefs of staff, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

11. "Postgate" means Matthew Postgate, and any person or entity who was or purported to be acting on his behalf, including but not limited to his employees, independent contractors,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, staffers, chiefs of staff, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

12.     "GeoComply" refers to GeoComply Holdings Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

13.     "Blue Ant" refers to Blue Ant Media Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

14.     "Little Dot" refers to Little Dot Studios Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

15.     "October Films" refers to October Films Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

16.     "Complaint" means the Complaint filed in the United States District Court for The Southern District of Florida, Miami Division, Case No. 1:25-CV-25894-RKA.

17.     "Documentary" means the BBC *Panorama* documentary titled "Trump: A Second Chance," which was first broadcast on October 28, 2024.

18.     "VPN" means a virtual private network which is a technology that creates a secure, encrypted connection between a user's device and a remote server by routing internet traffic through that server instead of directly through the user's internet service provider.

19.     "VPN Provider" means a company or service that maintains the servers and infrastructure necessary to offer VPN access to users.

20.     "GeoGuard" means the geolocation compliance and fraud-prevention technology provided by GeoComply and used by online services to verify a physical user's physical location and enforce geographic restrictions.

21.     "Speech" means President Trump's speech made on January 6, 2021, that is defined in the Complaint and referenced throughout.

22.     "Communication" or "communications" means any contact, oral or written, formal or informal, dialogue, colloquialism, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

23.     The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data processing, card, emails, computer files, back-up tapes, hard disks, litigation databases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

24.   "Person" means any person and includes natural persons or any legal entity including, but not limited to, public corporations, partnerships, associations, joint ventures, firms, association and any other kind of business or legal entity and/or any partner, officer, director, employee, agent or other person acting or purporting to act on his or its behalf and includes both the plural and the singular.

25.   The terms "relate to" and "relating to" mean to, directly or indirectly, refer to, discuss, describe, reflect, contain, comprise, identify, pertain to, in whole or in part, arise out of or in connection with, or in any way legally, logically, or factually be connected to the specified subject.

26.   The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

27.   "Relating to" means containing, constituting, comprising, showing, evidencing,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

28.     The term "any" means one or more. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

## INSTRUCTIONS

1.     In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

2.     Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3.     If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4.     If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

    a.   The type of document (i.e., letter, notes, memorandum, work paper);

    b.   The date;

    c.   The author;

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

d.   The subject matter of the document;

e.   The basis on which the privilege is claimed;

f.   All persons to whom the document or its contents have been disclosed;

g.   The names and addresses of all persons who received copies of the documents, as reflected on the documents;

h.   The number of pages; and

i.   The number of attachments or appendices.

5.      If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the redaction.

6.      If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7.      The source of each document shall be specifically identified.

8.      Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.

9.      These requests and all subsequent requests shall be deemed to be continuing until and

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10. Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11. In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12. Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

13. Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14. The use of any gender includes the other gender, except where circumstances make it inappropriate.

15. The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16. Unless otherwise stated, the timeframe for the below document requests is from January 2020 until present.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## REQUESTS

1.     Any documents exchanged between BBC and GeoComply relating to the BBC's employment of, retention of, or contract with GeoComply for geoblocking services including, but not limited to, GeoComply's service, GeoGuard.

2.     Any documents exchanged between BBC and GeoComply relating to the efficacy of GeoComply's GeoGuard service including, but not limited to, successful and unsuccessful access attempts from IP addresses located within the United States; viewership statistic reports; IP-based access logs; decisioning and risk scoring data; reports from GeoComply or any other geoblocking service that shows whether viewers accessed the Documentary using a VPN; and any other efficacy or performance metrics.

3.     Any documents exchanged between BBC and Fagan regarding GeoComply; GeoGuard; and any other geoblocking service employed by the BBC.

4.     Any documents exchanged between BBC and Postgate regarding GeoComply; GeoGuard; and any other geoblocking service employed by the BBC.

5.     Any documents regarding any changes in the BBC's geoblocking service provider and/or internal policies and procedures relating to the use of VPNs.

6.     Any documents relating to viewership statistics within the United States and/or the State of Florida.

7.     Any documents exchanged between BBC and Cooper regarding viewership statistics within the United States and/or the State of Florida.

8.     Any documents relating to revenue derived from subscribers, advertising, and/or licensing in the United States and/or the State of Florida.

9.     Any documents relating to expenses incurred advertising and/or licensing BBC content

10

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

in the United States and/or the State of Florida.

10. Any documents relating to the anticipated impact of the Documentary on United States citizens and/or the impending 2024 United States Presidential Election.

11. Any documents exchanged between BBC and Blue Ant relating to the Documentary, including, but not limited to, documents relating to the production of and/or distribution rights for the Documentary.

12. Any documents exchanged between BBC and Little Dot relating to the Documentary, including, but not limited to, documents relating to the production of and/or distribution rights for the Documentary.

13. Any documents exchanged between BBC and October Films relating to the Documentary, including, but not limited to, documents relating to the production of and/or distribution rights for the Documentary.

14. Any documents exchanged between BBC and BBC Commercial relating to the Documentary.

15. Any documents exchanged between BBC and BBC Studios relating to the Documentary.

16. Any documents exchanged between BBC and BBC Commercial relating to social media advertising campaigns about the Documentary.

17. Any documents regarding the viewership statistics of any social media campaigns relating to the Documentary.

18. Any documents exchanged between BBC and Cooper regarding international distribution of the Documentary.

19. Any documents exchanged between BBC and October Films, Blue Ant, Little Dot,

11
**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

and/or any other party relating to the production, editing, or planning of the Documentary.

20. Any documents exchanged between BBC and BBC USA relating to the Documentary.

21. Any documents exchanged between BBC and BBC Studios America relating to the Documentary.

22. Any documents and/or organization charts reflecting BBC's corporate structure, identifying its subsidiaries and affiliates, and/or intercompany agreements between BBC and its subsidiaries.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: March 30, 2026

Respectfully submitted,

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*/s/Edward Andrew Paltzik*
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice application forthcoming*)

*/s/Daniel Zachary Epstein*
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice application forthcoming*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 30, 2026 the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting
Corporation, BBC Studios Productions Limited
and BBC Studios Distribution Limited*

                                        */s/Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED,<br><br>          Defendants. | Case No. 25-CV-25894-RKA |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT BBC STUDIOS DISTRIBUTION LIMITED**

Plaintiff President Donald J. Trump ("President Trump" or "Plaintiff"), via undersigned counsel and under Federal Rule of Civil Procedure 34, propounds this Second Request for Production of Documents upon Defendant BBC Studios Distribution Limited ("BBC Distribution" or "Defendant") and asks that the following documents be produced.

**DEFINITIONS**

The following Definitions shall apply to this Request for Production of Documents:

1.      "President Trump" refers to Plaintiff President Donald J. Trump, and any person or entity who was or purported to be acting on his behalf, including but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

2.      "BBC" refers to Defendant British Broadcasting Corporation, and any person or

entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

3.      "BBC Distribution" refers to Defendant BBC Studios Distribution Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

4.      "BBC Productions" refers to Defendant BBC Studios Productions Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

5.      "BBC Commercial" refers to BBC Commercial Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

6.      "BBC Studios" refers to BBC Studios Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators,

researchers, freelancers, consultants, and any related or affiliated entity or person.

7.     "BBC USA" refers to BBC News USA, Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

8.     "BBC Studios America" refers to BBC Studios America, Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

9.     "GeoComply" refers to GeoComply Holdings Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

10.    "Blue Ant" refers to Blue Ant Media Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

11.    "Little Dot" refers to Little Dot Studios Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors,

successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

12. "October Films" refers to October Films Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

13. "BritBox" refers to BritBox LLC, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

14. "Complaint" means the Complaint filed in the United States District Court for The Southern District of Florida, Miami Division, Case No. 1:25-CV-25894-RKA.

15. "Documentary" means the BBC *Panorama* documentary titled "Trump: A Second Chance," which was first broadcast on October 28, 2024.

16. "VPN" means a virtual private network which is a technology that creates a secure, encrypted connection between a user's device and a remote server by routing internet traffic through that server instead of directly through the user's internet service provider.

17. "VPN Provider" means a company or service that maintains the servers and infrastructure necessary to offer VPN access to users.

18. "Speech" means President Trump's speech made on January 6, 2021, that is defined

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

in the Complaint and referenced throughout.

19.    "Communication" or "communications" means any contact, oral or written, formal or informal, dialogue, colloquialism, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

20.    The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data processing, card, emails, computer files, back-up tapes, hard disks, litigation databases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

21.    "Person" means any person and includes natural persons or any legal entity including, but not limited to, public corporations, partnerships, associations, joint ventures, firms, association and any other kind of business or legal entity and/or any partner, officer, director,

5

employee, agent or other person acting or purporting to act on his or its behalf and includes both the plural and the singular.

22. The terms "relate to" and "relating to" mean to, directly or indirectly, refer to, discuss, describe, reflect, contain, comprise, identify, pertain to, in whole or in part, arise out of or in connection with, or in any way legally, logically, or factually be connected to the specified subject.

23. The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

24. "Relating to" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

25. The term "any" means one or more. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

## INSTRUCTIONS

1. In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

2.      Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3.      If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4.      If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

    a.   The type of document (i.e., letter, notes, memorandum, work paper);

    b.   The date;

    c.   The author;

    d.   The subject matter of the document;

    e.   The basis on which the privilege is claimed;

    f.   All persons to whom the document or its contents have been disclosed;

    g.   The names and addresses of all persons who received copies of the documents, as reflected on the documents;

    h.   The number of pages; and

    i.   The number of attachments or appendices.

5.      If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the

7

redaction.

6.      If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7.      The source of each document shall be specifically identified.

8.      Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.

9.      These requests and all subsequent requests shall be deemed to be continuing until and during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10.     Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11.     In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12.     Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

and vice versa.

13. Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14. The use of any gender includes the other gender, except where circumstances make it inappropriate.

15. The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16. Unless otherwise stated, the timeframe for the below document requests is from January 2020 until present.

## REQUESTS

1. Any documents exchanged between BBC Distribution and BBC relating to the production and/or distribution of the Documentary.

2. Any documents exchanged between BBC Distribution and BBC relating to internal policies and procedures regarding BBC Distribution's ultimate authority to approve distribution and/or licensing agreements.

3. Any documents exchanged between BBC Distribution and BBC Commercial relating to the production and/or distribution of the Documentary.

4. Any documents exchanged between BBC Distribution and BBC Studios relating to the production and/or distribution of the Documentary.

5. Any documents exchanged between BBC Distribution and BBC USA relating to the production and/or distribution of the Documentary.

6. Any documents exchanged between BBC Distribution and BBC Studios America relating to the production and/or distribution of the Documentary.

7. Any documents exchanged between BBC Distribution and BBC Productions relating to the production and/or distribution of the Documentary.

8. Any documents exchanged between BBC Distribution and Blue Ant relating to the production and/or distribution of the Documentary.

9. Any documents exchanged between BBC Distribution and Little Dot relating to the production and/or distribution of the Documentary.

10. Any documents exchanged between BBC Distribution and October Films relating to the production and/or distribution of the Documentary.

11. Any documents exchanged between BBC Distribution and BritBox relating to the production and/or distribution of the Documentary.

12. Any documents exchanged between BBC Distribution and GeoComply or any other technology company offering geoblocking services.

13. Any documents regarding distribution agreements within the United States and/or the State of Florida.

14. Any documents regarding offices maintained by BBC Distribution in the United States and/or the State of Florida.

15. Any documents regarding viewership statistics in the United States and/or the State of Florida.

16. Any documents relating to expenses incurred advertising and/or licensing BBC content in the United States and/or the State of Florida.

17. Any documents relating to the anticipated impact of the Documentary on United States citizens and/or the impending 2024 United States Presidential Election.

18. Any documents regarding the viewership statistics of any social media campaigns

10

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

relating to the Documentary.

19.     Any documents regarding agreements between BBC Distribution and streaming services for distribution in the United States.

20.     Any documents exchanged between BBC Distribution and BBC relating to streaming the Documentary on BBC iPlayer.

21.     Any documents and/or organization charts reflecting BBC Distribution's corporate structure, identifying its subsidiaries and affiliates, and/or intercompany agreements between BBC Distribution and its subsidiaries.

Dated: March 30, 2026

Respectfully submitted,

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*/s/Edward Andrew Paltzik*
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice application forthcoming*)

*/s/Daniel Zachary Epstein*
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice application forthcoming*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 30, 2026 the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

*/s/Alejandro Brito*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

          Plaintiff,

    v.

BRITISH BROADCASTING CORPORATION
a/k/a BBC, BBC STUDIOS DISTRIBUTION
LIMITED, and BBC STUDIOS PRODUCTIONS
LIMITED,

          Defendants.

Case No. 25-CV-25894-RKA

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BBC STUDIOS PRODUCTION LIMITED

Plaintiff President Donald J. Trump ("President Trump" or "Plaintiff"), via undersigned counsel and under Federal Rule of Civil Procedure 34, propounds this Second Request for Production of Documents upon Defendant BBC Studios Productions Limited ("BBC Productions" or "Defendant") and asks that the following documents be produced.

### DEFINITIONS

The following Definitions shall apply to this Request for Production of Documents:

1.     "President Trump" refers to Plaintiff President Donald J. Trump, and any person or entity who was or purported to be acting on his behalf, including but not limited to his employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, and any related or affiliated entity or person.

2.     "BBC" refers to Defendant British Broadcasting Corporation, and any person or

entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

3. "BBC Distribution" refers to Defendant BBC Studios Distribution Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

4. "BBC Productions" refers to Defendant BBC Studios Productions Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

5. "BBC Commercial" refers to BBC Commercial Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

6. "BBC Studios" refers to BBC Studios Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

researchers, freelancers, consultants, and any related or affiliated entity or person.

7.     "BBC USA" refers to BBC News USA, Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

8.     "BBC Studios America" refers to BBC Studios America, Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

9.     "GeoComply" refers to GeoComply Holdings Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

10.     "Blue Ant" refers to Blue Ant Media Inc., and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

11.     "Little Dot" refers to Little Dot Studios Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors,

3

successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

12.     "October Films" refers to October Films Limited, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

13.     "BritBox" refers to BritBox LLC, and any person or entity who was or purported to be acting on its behalf, including but not limited to its affiliates, predecessors, successors, subsidiaries, employees, independent contractors, agents, attorneys, lobbyists, accountants, business analysts, private investigators, news anchors, reporters, investigators, researchers, freelancers, consultants, and any related or affiliated entity or person.

14.     "Complaint" means the Complaint filed in the United States District Court for The Southern District of Florida, Miami Division, Case No. 1:25-CV-25894-RKA.

15.     "Documentary" means the BBC *Panorama* documentary titled "Trump: A Second Chance," which was first broadcast on October 28, 2024.

16.     "VPN" means a virtual private network which is a technology that creates a secure, encrypted connection between a user's device and a remote server by routing internet traffic through that server instead of directly through the user's internet service provider.

17.     "VPN Provider" means a company or service that maintains the servers and infrastructure necessary to offer VPN access to users.

18.     "Speech" means President Trump's speech made on January 6, 2021, that is defined

4

in the Complaint and referenced throughout.

19.     "Communication" or "communications" means any contact, oral or written, formal or informal, dialogue, colloquialism, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

20.     The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data processing, card, emails, computer files, back-up tapes, hard disks, litigation databases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

21.     "Person" means any person and includes natural persons or any legal entity including, but not limited to, public corporations, partnerships, associations, joint ventures, firms, association and any other kind of business or legal entity and/or any partner, officer, director,

5

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

employee, agent or other person acting or purporting to act on his or its behalf and includes both the plural and the singular.

22.     The terms "relate to" and "relating to" mean to, directly or indirectly, refer to, discuss, describe, reflect, contain, comprise, identify, pertain to, in whole or in part, arise out of or in connection with, or in any way legally, logically, or factually be connected to the specified subject.

23.     The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

24.     "Relating to" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

25.     The term "any" means one or more. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

## INSTRUCTIONS

1.     In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

2.      Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3.      If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4.      If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

    a.   The type of document (i.e., letter, notes, memorandum, work paper);

    b.   The date;

    c.   The author;

    d.   The subject matter of the document;

    e.   The basis on which the privilege is claimed;

    f.   All persons to whom the document or its contents have been disclosed;

    g.   The names and addresses of all persons who received copies of the documents, as reflected on the documents;

    h.   The number of pages; and

    i.   The number of attachments or appendices.

5.      If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

redaction.

6.      If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7.      The source of each document shall be specifically identified.

8.      Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.

9.      These requests and all subsequent requests shall be deemed to be continuing until and during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10.      Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11.      In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12.      Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

and vice versa.

13.     Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14.     The use of any gender includes the other gender, except where circumstances make it inappropriate.

15.     The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16.     Unless otherwise stated, the timeframe for the below document requests is from January 2020 until present.

## REQUESTS

1.     Any documents exchanged between BBC Productions and BBC relating to the production and/or distribution of the Documentary.

2.     Any documents exchanged between BBC Productions and BBC relating to internal policies and procedures regarding BBC Productions' ultimate authority to approve or make any editorial and/or creative decisions.

3.     Any documents exchanged between BBC Productions and BBC Commercial relating to the production and/or distribution of the Documentary.

4.     Any documents exchanged between BBC Productions and BBC Studios relating to the production and/or distribution of the Documentary.

5.     Any documents exchanged between BBC Productions and BBC USA relating to the production and/or distribution of the Documentary.

6.     Any documents exchanged between BBC Productions and BBC Studios America relating to the production and/or distribution of the Documentary.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

7.      Any documents exchanged between BBC Productions and BBC Productions relating to the production and/or distribution of the Documentary.

8.      Any documents exchanged between BBC Productions and Blue Ant relating to the production and/or distribution of the Documentary.

9.      Any documents exchanged between BBC Productions and Little Dot relating to the production and/or distribution of the Documentary.

10.     Any documents exchanged between BBC Productions and October Films relating to the production and/or distribution of the Documentary.

11.     Any documents exchanged between BBC Productions and BritBox relating to the production and/or distribution of the Documentary.

12.     Any documents exchanged between BBC Productions and GeoComply or any other technology company offering geoblocking services.

13.     Any documents regarding distribution agreements within the United States and/or the State of Florida.

14.     Any documents regarding offices maintained by BBC Productions in the United States and/or the State of Florida.

15.     Any documents regarding viewership statistics in the United States and/or the State of Florida.

16.     Any documents relating to expenses incurred advertising, producing, and/or editing BBC content in the United States and/or the State of Florida.

17.     Any documents relating to the anticipated impact of the Documentary on United States citizens and/or the impending 2024 United States Presidential Election.

18.     Any documents regarding the viewership statistics of any social media campaigns

10

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

relating to the Documentary.

19. Any documents regarding agreements between BBC Productions and streaming services for distribution in the United States.

20. Any documents exchanged between BBC Productions and BBC relating to streaming the Documentary on BBC iPlayer.

21. Any documents and/or organization charts reflecting BBC Productions' corporate structure, identifying its subsidiaries and affiliates, and/or intercompany agreements between BBC Distribution and its subsidiaries.

Dated: March 30, 2026

Respectfully submitted,

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*/s/Edward Andrew Paltzik*
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice application forthcoming*)

*/s/Daniel Zachary Epstein*
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice application forthcoming*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 30, 2026 the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting
Corporation, BBC Studios Productions Limited
and BBC Studios Distribution Limited*

<u>/s/Alejandro Brito</u>

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071