UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |  |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:25-cv-25894-RKA |
| BRITISH BROADCASTING CORP., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**JOINT MOTION FOR DISCOVERY HEARING RELATED TO
DEFENDANTS' SUBPOENA TO PRODUCE FINANCIAL RECORDS
TO NON-PARTY THE DONALD J. TRUMP REVOCABLE TRUST**

Defendants and non-party The Donald J. Trump Revocable Trust (the "Trust"), through undersigned counsel and pursuant to the February 13, 2026 Order Setting Discovery Procedures (ECF 29) (the "Discovery Order"), hereby file this Joint Motion for Hearing Related to Defendants' Subpoena to Produce Financial Records (the "Subpoena") and the Trust's Response (the "Response").  In support of this Joint Motion, Defendants and the Trust state as follows.

**RELEVANT FACTUAL BACKGROUND**

Plaintiff Donald J. Trump is seeking $5 billion in damages against Defendants, based on his allegations that a documentary broadcast in the U.K. by Defendant the British Broadcasting Company (the "Documentary") caused him reputational and financial injury.  *See* Compl. (ECF No. 1) ¶ 100.  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, therefore, Defendants served the Subpoena on the Trust – of which Plaintiff is a beneficiary – and requested the production of, among many other categories of documents, financial documents that reflect the Trust's holdings and value, including Trust instrument copies, documents relating to the Trust's financial interests, the Trust's schedules of assets, inventories, and lists of properties held, and

documents reflecting real property held.  The Trust interposed multiple objections to all twelve of the Requests for Production and asserted in response to each request that, due to how the requests were phrased, the Trust would not respond.  On May 6, 2026, the Parties' counsel met and conferred by phone to discuss their respective positions, and were able to resolve some objections the Trust had raised, but were unable to resolve the disputes raised in this Joint Motion.

**THE DISCOVERY DISPUTE REQUIRING RESOLUTION**

Defendants and the Trust require resolution of their dispute over the Subpoena, which will otherwise require Defendants to file a motion to compel and/or the Trust to file a motion to quash or for a protective order.  Consistent with the Discovery Order, proposed orders are attached as Exhibit A and the source materials are attached as Exhibit B.

A.      **Defendants' Position**

The Trust should be compelled to amend its written responses and produce the requested records for the following reasons.  *First*, the Subpoena is not premature.  Plaintiff alleges that the Documentary caused "direct harm to his professional and occupational interests, including, without limitation, the value of his brand, properties, and businesses."  Compl. ¶ 101.  Plaintiff put his financial condition at issue the moment he filed this case.  Whether he has yet retained an expert has no bearing on whether the Trust's financial records are relevant and discoverable now.

*Second*, the Trust is incorrect in asserting that, as a non-party, it need not substantively respond to this Subpoena.  Defendants are entitled under Rule 45 to obtain documents that will allow them to test Plaintiff's claims of harm, which would include the Trust's financial documents from before and after the Documentary was published.  *See Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1306 (S.D. Fla. 2021) (granting motion to compel non-parties where evidence "may bear" on Plaintiffs' claims).

*Third*, the Trust errs in arguing that the Subpoena seeks information "unrelated to the issues framed by the parties' pleadings." The Subpoena directly addresses Plaintiff's allegations that the Documentary injured "the value of his brand, properties, and businesses." Compl. ¶ 101.

*Fourth*, the Trust mischaracterizes the Subpoena as a "fishing expedition" because it seeks information regarding nearly 400 entities owned by or associated with the Trust. Defendants have requested information from these entities only because *Plaintiff* alleges without limitation that his financial interests have been impacted by Defendants' actions and because *Plaintiff* is the sole beneficiary of a trust that owns or is associated with nearly 400 entities.

*Fifth*, the Trust miscasts the Subpoena as an effort to engage in "carte-blanche discovery into the financial information of hundreds of non-parties." Plaintiff has directly implicated those non-parties by pointing to them indiscriminately, *see* Compl. ¶ 101, and because Plaintiff must prove damages as an element of *both* claims, *see Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018); *Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345, 1350 (S.D. Fla. 2011).

*Sixth*, the Trust erroneously objects to the requests for tax returns. The Trust is incorrect that the requester must show relevance *and* a compelling need. *See Erenstein v. SEC*, 316 F. App'x 865, 869 (11th Cir. 2008) ("information need be only arguably relevant"). Regardless, Defendants have a compelling need because Plaintiff has stated that his finances were affected and the Trust ultimately owns these assets. *See Briggs v. City of Daytona Beach*, 2025 WL 305840, at *2 (M.D. Fla. Jan. 27, 2025) (tax returns discoverable where finances are at issue).

## B.   The Trust's Position

Defendants grossly mischaracterize the Trust's objections. Rather than repeat the Trust's objections, the Trust reincorporates its objections and the supporting legal authority cited therein. To the extent the Court believes that a hearing is necessary to adjudicate this Joint Motion, the

Trust intends to rely on the supporting legal authority cited in its objections, which are contained in the source materials attached hereto as Exhibit B.

Defendants' Subpoena is premature, improper, and especially burdensome because it seeks expansive damages discovery not from Plaintiff, but from the Trust and hundreds of non-parties, before Plaintiff himself has had an opportunity to quantify his damages. Indeed, as Plaintiff's Initial Disclosures confirm, Plaintiff indicated that he would rely on expert testimony to quantify his reputational and economic harm. To date, however, Plaintiff has not retained any such expert witness to do so. Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not give Defendants carte-blanche to obtain sweeping financial discovery from hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (internal citation omitted).

The Subpoena is independently disproportionate on its face. Among other things, it seeks copies of any trust instrument and all amendments; all documents relating to the value Trust as a whole, including the Trust's tax returns and documents that show all assets owned by the Trust; all documents relating to the Trust's sources of income; all documents showing the annual income of each entity owned; and all documents reflecting the Trust's ownership interests and contracts. These sweeping requests bear no reasonable relationship to the needs of this action, particularly

where Plaintiff has not yet identified or quantified the damages that Defendants claim justify such discovery. *See Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at \*4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case.").

The requests are also facially overbroad and unlimited in time. They seek wholesale production of the Trust's private financial, ownership, income, tax, contractual, and asset information without meaningful temporal, subject-matter, or entity-specific limitation. Courts routinely reject this type of boundless discovery. *See ZAGG Inc. v. TX Trading, Inc.,* 2024 WL 1833086, at \*6 (S.D. Fla. Apr. 26, 2024) ("Sometimes, if the discovery requests are only moderately overbroad, the task of limiting them might be relatively straightforward. In such circumstances, a magistrate judge may feel empowered to help the parties resolve their dispute by giving the requesting party only a part of what he's requested. But, when a party asks, seemingly without limitation, for *everything* from *everyone*, a magistrate judge might justifiably feel that it would be impossible—or, perhaps, impractical—to engage in the time-consuming work of narrowing that party's demands.") (emphasis in original).

In short, Defendants seek extraordinary third-party discovery untethered to any quantified damages theory, expert analysis, temporal limitation, or showing that the requested information is proportional to the needs of the case. Because Plaintiff has not yet quantified his damages—and because Defendants have not made the threshold showing required to justify discovery into the Trust and every entity it owns or controls—the Court should deny the relief sought by Defendants.

**CONCLUSION**

Based on the foregoing, Defendants and the Trust respectfully request that the Court schedule a discovery hearing to resolve this dispute and award any other relief deemed proper.

Dated: May 15, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Alejandro Brito* <br> Alejandro Brito <br> Florida Bar No. 098442 <br> Jalaine Garcia <br> Florida Bar No. 58632 <br> Ian Michael Corp <br> Florida Bar No. 1010943 <br> BRITO, PLLC <br> 2121 Ponce de Leon Boulevard <br> Suite 650 <br> Coral Gables, FL 33134 <br> Tel:  305-614-4071 <br> Fax:  305-440-4385 <br> abrito@britopllc.com <br> icorp@britopllc.com <br> apiriou@britopllc.com <br><br> *Counsel to Non-Party* <br> *The Donald J. Trump Revocable Trust* | */s/ Charles D. Tobin* <br> Charles D. Tobin <br> Maxwell S. Mishkin (*pro hac vice*) <br> Florida Bar No. 816345 <br> Ballard Spahr LLP <br> 1909 K Street NW, 12th Floor <br> Washington, DC 20006 <br> Tel: 202-661-2218 <br> Fax: 202-661-2299 <br> tobinc@ballardspahr.com <br> mishkinm@ballardspahr.com <br><br> Sasha Dudding (*pro hac vice*) <br> Ballard Spahr LLP <br> 1675 Broadway, 19th Floor <br> New York, NY 10019 <br> Tel:  646-346-8094 <br> duddings@ballardspahr.com <br><br> *Counsel to Defendants* |

## <u>LOCAL RULE 7.1(a) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a), Defendants and the Trust hereby certify that they conferred in good faith and have agreed to this Joint Motion.

*/s/ Charles D. Tobin*
Charles D. Tobin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on May 15, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin
