# Exhibit B

# Ballard Spahr
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

March 30, 2026

*Via FedEx and Personal Delivery*

Donald J. Trump, Jr. as Trustee of The Donald J. Trump Revocable Trust
c/o Trump Media & Technology Group Corporation
401 North Cattlemen Road
Suite 200
Sarasota, FL 34232

Re:     Subpoena in *Trump v. BBC*, No. 1:25-cv-25894-RKA (S.D. Fla.)

Dear Mr. Trump:

We represent Defendants the British Broadcasting Corporation, BBC Studios Production Limited, and BBC Studios Distribution Limited in the above-referenced litigation, filed by President Donald J. Trump.

Please find enclosed a Subpoena compelling that you, Donald J. Trump, Jr., as Trustee for The Donald J. Trump Revocable Trust, produce certain financial records.

The Subpoena requires that, on or before April 30, 2026, responsive documents be produced at the following address: Ballard Spahr, 1909 K Street NW, Floor 12, Washington, DC 20006. If more convenient, you may instead provide the records to us electronically, at the email address: relyear@ballardspahr.com on or before the due date. If you have any questions about the requested records, the Subpoena, or the requested production deadline, please feel free to contact us.

Thank you.

Sincerely,

Charles D. Tobin

Enclosures: Subpoena and Attachment A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| President Donald J. Trump | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-CV-25894-RKA |
| British Broadcasting Corporation, BBC Studios Distribution Limited, and BBC Studios Productions Limited | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     The Donald J. Trump Revocable Trust c/o Donald J. Trump Jr. as Trustee of the Donald J. Trump Revocable Trust; Trump Media & Technology Group Corp., 401 N. Cattlemen Road, Suite 200, Sarasota, FL 34232

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Ballard Spahr LLP<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006 | Date and Time:<br><br>04/30/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/30/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | *Charles D. Tobin* (signature) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* British Broadcasting Corp., BBC Studios Distribution Limited, and BBC Studios Productions Limited   , who issues or requests this subpoena, are:

Charles D. Tobin, Ballard Spahr LLP | tobinc@ballardspahr.com | 202-661-2200 | 1909 K Street NW, 12th Floor, Washington DC 20006

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-CV-25894-RKA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |  |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) | Case No. 1:25-cv-25894-RKA |
| BRITISH BROADCASTING CORP., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ATTACHMENT A TO SUBPOENA TO THE DONALD J. TRUMP REVOCABLE TRUST TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

**DEFINITIONS**

The undefined terms used in the below requests are to be construed in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of Florida. Otherwise, as used below:

1. Where appropriate, the use of the singular includes the plural, and the use of the plural includes the singular.

2. "And" and "or" shall be construed conjunctively or disjunctively to bring within the scope of this Subpoena information that might otherwise be considered to be beyond its scope.

3. "Any" and "all" shall be construed to mean "any" or "all" as required to bring within the scope of this Subpoena information that might otherwise be considered to be beyond its scope.

4.     "Business(es)" means any partnership, limited partnership, joint venture, unincorporated association, limited liability company, company, corporation, firm, estate, or trust.

5.     "Concerning" means relating to, referring to, describing, evidencing, or constituting, in whole or in part, directly or indirectly, the stated subject matter.

6.     "Document" shall be interpreted in the broadest possible sense and shall include, but not be limited to, all documents and electronically stored information described in Federal Rule of Civil Procedure 34(a) as well as all writings of any kind whether handwritten, typed, printed, in electronic format, or otherwise produced or reproduced.  The term "Document" includes, but is not limited to, letters, memoranda, correspondence, text messages, calendars, address books, date books, diaries, facsimiles, telexes, teletypes, charts, graphs, notes, spreadsheets, schedules, PowerPoint slides, photographs, books, audio transmissions, videos, presentations, compilations, indices, analyses, plans, e-mail, Internet material, discussion group or chat room postings, and all other electronic information or data wherever found, including information stored on network servers, local drives, diskettes, CD-ROM, back-up files, tapes, in your possession, custody or control, including each non-identical copy thereof (whether different because of handwritten notes, amendments, marginal notations, enclosures, attachments, underlining, highlighting, or otherwise). The term "Document" also applies to all Documents—including but not limited to records, e-mails, text messages, or photos—stored in the personal e-mail or social media accounts or personal devices of entities and individuals under Your control.

7.     "Donald J. Trump" refers to Donald J. Trump, the individual.

8.     "Financial Interest" means (i) direct or indirect, legal or beneficial ownership of an interest and/or (ii) interest in a share of revenue.

2

9. "Including" shall be construed as "including but not limited to."

10. "OGE Form 278e" refers to Donald J. Trump's OGE Form 278e submitted on June 13, 2025.

11. "Person(s)" includes without limitation any natural person, entity, individual or group of individuals, partnership, joint venture, unincorporated association, corporation, firm, or estate.

12. "Relating" means concerning, relating to, referring to, describing, showing, evidencing, reflecting, containing, identifying, involving, and constituting.

13. "Trump Affiliated Entities" means any Business owned, directly or indirectly, legally or beneficially, by The Donald J. Trump Revocable Trust, including but not limited to the Businesses identified in Schedule 1 for Part 2 of the OGE Form 278e and those listed in the attached Appendix, such as DJT Holdings LLC, DJT Holdings Managing Member LLC, DTTM Operations LLC, DTTM Operations Managing Member Corp., TTTT Venture LLC, Trump Media and Technology Group Corp..

14. "Trust" refers any trust or other instrument to which Donald J. Trump has been a beneficiary or potential beneficiary at any time since January 1, 2019, including but not limited to The Donald J. Trump Revocable Trust dated April 7, 2014.

15. "You" and "Your" shall refer to the recipient of these requests, and shall include all entities in which You have a Financial Interest; your direct and indirect parents, predecessors-in-interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees; the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above; and each Person acting or purporting to act on your behalf or on the behalf of any of the aforementioned entities.

3

## GENERAL INSTRUCTIONS

1.      In responding to these Requests, You are to furnish all available information, including information in the possession, custody, or control of Your agents and all Persons acting on Your behalf. This includes Documents presently in the possession, custody, or control of Your attorney(s) or their investigators and Documents presently in the possession, custody, or control of any third party or parties to whom You have surrendered possession, custody, or control; or who are acting on Your behalf; or who have otherwise obtained possession, custody, or control; or who, upon Your request, would surrender possession, custody, or control to You.

2.      If any responsive Document was, but no longer is, in Your possession, custody, or control, produce a description of each such Document. The description shall include the following:

   (a) the name of each author, sender, creator, and initiator of such Document;

   (b) the name of each recipient, addressee, or party for whom such Document was intended;

   (c) the date the Document was created;

   (d) the date(s) the Document was in use;

   (e) a detailed description of the content of the Document;

   (f) the reason it is no longer in Your possession, custody, or control;

   (g) the Document's current location; and

   (h) if the Document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the Document was destroyed or otherwise disposed of, and the date and manner of the disposal.

3.      If You claim the attorney-client privilege, or any other privilege or protection (including any deliberative process, work product, joint defense, or common interest protections)

4

for any Document, You shall provide the following information with respect to each such Document:

    (a)  the type of privilege claimed;

    (b)  the type of Document;

    (c)  the general subject matter of the Document;

    (d)  the date of the Document;

    (e)  such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

    (f)  the Request(s) to which the Document is responsive; and

    (g)  any other information required to be furnished by Fed. R. Civ. P. 26(b)(5).

Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4.    These Requests shall be deemed continuing in nature so as to require production of all additional or different Documents or information responsive to these Requests, which You discover, receive, or generate between the time of the original production and trial.

5.    All Documents and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such Documents or data must cease, even if it is Your normal or routine course of business to delete or destroy such Documents or data and even if You believe such Documents or data are privileged or otherwise need not be produced.

6.      Unless otherwise stated, the relevant time period for all requests is for Documents created or originating on or after January 1, 2019 to the present.

## REQUEST FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:  A copy of each Trust instrument in force or in effect at any time, including the original trust agreement, declaration of trust, or other operative document, and all amendments, restatements, modifications, or supplements thereto, including the date of each such document.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents Relating to the value of the Trust, including but not limited to trust accountings, federal and state tax returns, and statements reflecting all assets held in trust, including all attachments and amendments.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents Relating to the Trust's interest in any assets, streams of income (whether in the past, present, or future), expectancies, and interests in real property.

**REQUEST FOR PRODUCTION NO. 4:** All schedules of assets, inventories, or lists of property held by, in the name of, or for the benefit of the Trust.

**REQUEST FOR PRODUCTION NO. 5:** All deeds, title documents, title insurance policies, surveys, appraisals, and closing statements relating to any real property held by, in the name of, or for the benefit of the Trust.

6

**REQUEST FOR PRODUCTION NO. 6:**  All Documents Relating to the change of value of the Trust each year, including but not limited to trust accountings and federal and state tax returns, including all attachments and amendments.

**REQUEST FOR PRODUCTION NO. 7:**  All Documents showing or relating to the value of each Trump Affiliated Entity, including but not limited to each Trump Affiliated Entity's annual and quarterly income statements, balance sheets, profit and loss statements, cash flow statements, and federal and state tax returns, including all attachments and amendments.

**REQUEST FOR PRODUCTION NO. 8:** All documents reflecting the Trust's ownership interest, whether legal or beneficial, in the Trump Affiliated Entities, including stock certificates, membership interest certificates, partnership agreements, operating agreements, shareholder agreements, buy-sell agreements, corporate resolutions, security instruments, trust documents and any valuations or appraisals of such interests.

**REQUEST FOR PRODUCTION NO. 9:** All documents reflecting any intellectual property held by, in, in the name of, or for the benefit of the Trust, including patents, trademark registrations, copyright registrations, license agreements, and royalty agreements, and any records of income received therefrom.

**REQUEST FOR PRODUCTION NO. 10:** All appraisals, valuations, inventories, or insurance riders relating to tangible personal property held by, in, in the name of, or for the benefit of the Trust, including motor vehicles, jewelry, art, antiques, collectibles, and any other items of tangible personal property.

**REQUEST FOR PRODUCTION NO. 11:** All records, statements, and documents relating to any digital assets, cryptocurrency, virtual currency, non-fungible tokens, or other blockchain-based or digital property held by, in, in the name of, or for the benefit of the Trust, including exchange or wallet statements and transaction histories.

**REQUEST FOR PRODUCTION NO. 12:** All federal and state income tax returns, fiduciary tax returns (including IRS Forms 1041 and all Schedules K-1), and all related schedules, attachments, and work papers filed by or on behalf of the Trust.

## APPENDIX TO DOCUMENT REQUESTS

**List of Trump Affiliated Entities Identified in Schedule 1 for Part 2 of the OGE Form 278e, Whose Ownership Ultimately Flows to the Trust**

- 1125 South Ocean LLC
- 1290 Avenue of the Americas, a Tenancy-in Common
- 20245 WMP LLC (F/K/A TRUMP MARKS ASIA LLC)
- 20245 WMP Member Corp. (F/K/A Trump Marks Asia Corp)
- 40 Wall Development Associates LLC
- 40 Wall Street Commercial LLC
- 40 Wall Street LLC
- 40 Wall Street Member Corp.
- 401 Mezz Venture LLC
- 401 North Wabash Venture LLC
- 81 Pine Note Holder Inc
- 845 UN Limited Partnership
- Aviation Payroll Company
- Beach Haven Apartments #3 LLC
- Beach Haven Apartments No. 1 Inc.
- Beach Haven Shopping Center LLC
- Bedford Hills Corp
- Bedminster Endeavor I LLC
- Bedminster II LLC
- Briarcliff Properties, Inc.
- CIC Digital LLC (License fees for NFTs)
- CIC Ventures LLC
- Carbusiness Investments, S.R.L.
- Carbusiness MRE LLC
- Chelsea Hall LLC
- Chicago Unit Acquisition LLC
- Coronet Hall, Inc.
- DJT Aerospace LLC
- DJT Entrepreneur Managing Member LLC
- DJT Entrepreneur Member LLC
- DJT Holdings LLC
- DJT Holdings Managing Member LLC
- DJT Land Holdings Member Corp
- DJT Operations CX LLC
- DJT Operations II LLC
- DJT Operations II LLC
- DT Bali Golf Manager LLC
- DT Bali Golf Manager Member Corp
- DT Bali Hotel Manager LLC

9

- DT Bali Hotel Manager Member Corp
- DT Bali Technical Services Manager LLC
- DT Bali Technical Services Manager Member Corp
- DT Connect II LLC
- DT Connect II Member Corp
- DT Dubai Golf Manager LLC
- DT Dubai Golf Manager Member Corp
- DT Dubai II Golf Manager LLC
- DT Dubai II Golf Manager Member Corp
- DT Endeavor I LLC
- DT Endeavor I Member Corp
- DT Home Marks International LLC
- DT Home Marks International Member Corp
- DT Lido Golf Manager LLC
- DT Lido Golf Manager Member Corp
- DT Lido Hotel Manager LLC
- DT Lido Hotel Manager Member Corp
- DT Lido Technical Services Manager LLC
- DT Lido Technical Services Manager Member Corp
- DT Marks Bali LLC
- DT Marks Bali Member Corp
- DT Marks Budapest LLC
- DT Marks Budapest Member Corp
- DT Marks Dubai DG LLC
- DT Marks Dubai DG Member Corp
- DT Marks Dubai LLC
- DT Marks Dubai Member Corp
- DT Marks Games LLC
- DT Marks Games Member Corp
- DT Marks Gurgaon 111 LLC
- DT Marks Gurgaon 111 Member Corp
- DT Marks Gurgaon 69 LLC
- DT Marks Gurgaon 69 Member Corp
- DT Marks Gurgaon LLC
- DT Marks Gurgaon Managing Member Corp
- DT Marks Hyderabad LLC
- DT Marks Hyderabad Member Corp
- DT Marks Jupiter LLC
- DT Marks KSA LLC
- DT Marks KSA Member Corp
- DT Marks Lido LLC
- DT Marks Lido Member Corp
- DT Marks Noida 94 LLC
- DT Marks Noida 94 Member Corp

10

- DT Marks Oman LLC
- DT Marks Oman Member Corp
- DT Marks Philippines SV LLC
- DT Marks Philippines SV Member Corp
- DT Marks Pune LLC
- DT Marks Pune Managing Member Corp
- DT Marks Pune Mundhwa LLC
- DT Marks Pune Mundhwa Member Corp
- DT Marks Vancouver LP
- DT Marks Vancouver Member Corp
- DT Marks Vietnam LLC
- DT Marks Vietnam Member Corp
- DT Marks Worli LLC
- DT Marks Worli Member Corp
- DT Tower Gurgaon LLC
- DT Tower Gurgaon Managing Member Corp
- DT Tower II LLC
- DT Tower II Member Corp
- DT Marks Defi LLC (F/K/A DT Tower II LLC)
- DT Marks Defi Member Corp (F/K/A DT Tower II Member Corp)
- DT Tower Kolkata LLC
- DT Tower Kolkata Managing Member Corp
- DT Venture I LLC
- DT Venture I Member Corp
- DT Venture II Member Corp
- DTTM Operations LLC
- US Bank Account
- Cryptocurrency Wallet Virtual Ethereum Key
- DTTM Operations Managing Member Corp
- DTW Venture LLC
- DTW Venture Managing Member Corp
- Doonbeg Common Area Management Limited
- ENDEAVOR 22 LLC (F/K/A SCOTLAND ACQUISITIONS LLC)
- Excel Venture I Corporation
- Excel Venture I LLC
- Rent received from short term rentals
- Insurance proceeds
- F&B 40 Wall LLC
- F&B 40 Wall MM Corp
- Fifty-Seven Management Corp.
- Fifty-Seventh Street Associates LLC
- First Member Inc
- Florida Properties Management LC
- Fontainebleau Apartments LLC

11

- Golf Productions LLC
- Golf Productions Member Corp
- Golf Recreation Scotland Limited
- HWA 1290 III LLC
- HWA 1290 IV LLC
- HWA 1290 V LLC
- HWA 555 Owners LLC
- Hudson Waterfront Associates I, LP
- 555 California Service JV LLC
- Hudson Waterfront Associates III, LP
- Hudson Waterfront Associates IV, LP
- Hudson Waterfront Associates V LP
- Indian Hills Holdings LLC (F/K/A Indian Hills Development LLC)
- Jupiter Golf Club LLC
- Jupiter Golf Club Managing Member Corp
- LFB Acquisition LLC
- LFB Acquisition Member Corp
- Lamington Family Holdings LLC
- Lamington Farm Club, LLC
- Lawrence Towers Apartments LLC
- Links Cottages Area Management Company Limited
- MISS UNIVERSE L.P., LLP (A/K/A Trump Pageants, L.P.)
- Mar-A-Lago Club, Inc.
- Mar-A-Lago Club, L.L.C.
- Midland Associates, L.L.C.
- Mobile Payroll Construction LLC
- Mobile Payroll Construction Manager Corp
- OPO Hotel Manager LLC
- OPO Hotel Manager Member Corp
- Oakdale Investors, LLC
- Ocean Air Investors, LLC
- Ocean Development Member Inc
- Panama Ocean Club Management LLC
- Panama Ocean Club Management Member Corp
- Parc Consulting, Inc.
- Park Briar Associates, L.L.C.
- Pine Hill Development LLC
- Pine Hill Development Managing Member Corp
- Plaza Consulting Corp.
- Propco 2019 LLC
- Propco Holdings 2019 LLC
- RPV Development LLC
- SLC Turnberry Limited
- Seven Springs LLC

12

- Shore Haven Apartments No. 1 Inc.
- Shore Haven Shopping Center LLC
- Starrett City Associates, L.P.
- Sussex Hall, Inc.
- T International Realty LLC
- T Promotions LLC
- T Retail LLC
- T Retail Managing Member Corp
- T Tower Retail LLC
- T Tower Retail Member Corp
- THC Barra Hotelaria LTDA.
- THC Central Reservations LLC
- THC Central Reservations Member Corp
- THC DC Restaurant Hospitality LLC
- THC Hotel Development LLC
- THC Imea Development LLC
- THC Miami Restaurant Hospitality LLC
- THC Miami Restaurant Hospitality Member Corp
- THC Sales & Marketing LLC
- THC Sales & Marketing Member Corp
- THC Vancouver Payroll ULC
- THC Vancouver Management Corp
- THC Venture I LLC
- THC Venture I Managing Member Corp.
- THC Venture II LLC
- THC Venture II Managing Member Corp.
- TIGL Common Area Management Corp
- TIGL Ireland Enterprises Limited
- TIGL Ireland Management Limited
- TIHH Member Corp
- TIHH Member LLC
- TIHH Member Corp.
- TIHT Commercial LLC
- TIHT Holding Company LLC
- TIHT Member LLC
- TNGC Charlotte LLC
- TNGC Charlotte Manager Corp
- TNGC Dutchess County LLC
- TNGC Dutchess County Member Corp
- TNGC Jupiter Management LLC
- TNGC Jupiter Managing Member Corp
- TNGC Pine Hill LLC
- TNGC Pine Hill Member Corp
- TRUMP NATIONAL GOLF CLUB LLC

13

- TTTT Venture LLC
- TTTT Venture Member Corp
- TW Venture I LLC
- TW Venture I Managing Member Corp
- TW Venture II LLC
- TW Venture II Managing Member Corp
- Tag Air, Inc.
- The Caribusiness RE Corp
- The Donald J. Trump Company LLC
- The East 61st Street Company, LP
- The Trump Corporation
- The Trump Marks Real Estate Corp
- The Trump Organization LLC
- The Trump Organization, Inc.
- The Trump-Equitable Fifth Avenue Company
- Tipperary Realty Corp.
- Travel Enterprises Management Inc.
- Trump 845 LP LLC
- Trump 845 UN GP LLC
- Trump 845 UN MGR Corp.
- Trump AC Casino Marks LLC
- Trump AC Casino Marks Member Corp
- Trump Acquisition Corp.
- Trump Acquisition, LLC
- Trump Books LLC
- Trump Books Manager Corp
- Trump Briarcliff Manor Development LLC (F/K/A Briar Hall Development LLC)
- Trump CPS Corp.
- Trump CPS LLC
- Trump Canadian Services, Inc.
- Trump Carousel LLC
- Trump Carousel Member Corp
- Trump Central Park West Corp.
- Trump Chicago Commercial Manager LLC
- Trump Chicago Commercial Member Corp
- Trump Chicago Development LLC
- Trump Chicago Hotel Manager LLC
- Trump Chicago Hotel Member Corp
- Trump Chicago Managing Member LLC
- Trump Chicago Member LLC
- Trump Chicago Residential Manager LLC
- Trump Chicago Residential Member Corp
- Trump Chicago Retail LLC
- Trump Chicago Retail Manager LLC

14

- Trump Chicago Retail Member Corp
- Trump Commercial Chicago LLC
- Trump Delmonico LLC
- Trump Development Services LLC
- Trump Development Services Member Corp
- Trump Education ULC
- Trump Endeavor 12 LLC
- Trump Endeavor 12 Manager Corp
- Trump Ferry Point LLC
- Trump Ferry Point Member Corp
- Trump Golf Acquisitions LLC
- Trump Ice LLC
- Trump Ice, Inc.
- Trump International Development LLC
- Trump International Development Member Corp
- Trump International Golf Club Scotland Limited
- Trump International Golf Club, Inc.
- Trump International Golf Club, L.C.
- Trump International Hotel Hawaii LLC
- Trump International Hotels Management LLC
- Trump Korea LLC
- Trump Korean Projects LLC
- Trump Las Vegas Corp
- Trump Las Vegas Development LLC
- Trump Las Vegas Managing Member LLC
- Trump Las Vegas Member LLC
- Trump Las Vegas Sales & Marketing, Inc.
- Trump Management Inc.
- Trump Marks Chicago LLC
- Trump Marks Chicago Member Corp
- Trump Marks Fine Foods LLC
- Trump Marks Fine Foods Member Corp
- Trump Marks Holdings LP (F/K/A Trump Marks LP)
- Trump Marks Hollywood Corp
- Trump Marks Hollywood LLC
- Trump Marks Istanbul II Corp
- Trump Marks Istanbul II LLC
- Trump Marks Jersey City Corp
- Trump Marks Jersey City LLC
- Trump Marks Las Vegas Corp
- Trump Marks Las Vegas LLC
- Trump Marks Mattress LLC
- Trump Marks Mattress Member Corp
- Trump Marks New Rochelle Corp

15

- Trump Marks New Rochelle LLC
- Trump Marks Panama Corp
- Trump Marks Panama LLC
- Trump Marks Philippines Corp
- Trump Marks Philippines LLC
- Trump Marks Puerto Rico I LLC
- Trump Marks Puerto Rico I Member Corp
- Trump Marks Punta Del Este LLC
- Trump Marks Punta Del Este Manager Corp
- Trump Marks Real Estate LLC
- Trump Marks Soho License Corp
- Trump Marks Stamford Corp
- Trump Marks Stamford LLC
- Trump Marks Sunny Isles I LLC
- Trump Marks Sunny Isles I Member Corp
- Trump Marks Sunny Isles II LLC
- Trump Marks Sunny Isles II Member Corp
- Trump Marks Waikiki Corp
- Trump Marks Waikiki LLC
- Trump Marks Westchester Corp
- Trump Marks Westchester LLC
- Trump Marks White Plains Corp
- Trump Marks White Plains LLC
- TMTG Sub Inc. (F/K/A Trump Media & Technology Group Corp.)
- Trump Media & Technology Group Corp. (F/K/A Digital World Acquisition Corp.)
- Trump Media LLC
- Trump Miami Resort Management LLC
- Trump Miami Resort Management Member Corp
- Trump National Golf Club Colts Neck LLC
- Trump National Golf Club Colts Neck Member Corp
- Trump National Golf Club Member Corp
- Trump National Golf Club Washington DC LLC
- Trump National Golf Club Washington DC Member Corp
- Trump New World Property Management LLC
- Trump Old Post Office LLC
- Trump Old Post Office Member Corp
- Trump Organization LLC
- Trump Pageants, Inc.
- Trump Palace/Parc LLC
- Trump Panama Condominium Management LLC
- Trump Panama Condominium Member Corp
- Trump Panama Hotel Management LLC
- Trump Panama Hotel Management Member Corp
- Trump Park Avenue Acquisition LLC

- Trump Park Avenue LLC
- Trump Payroll Chicago LLC
- Trump Payroll Corp.
- Trump Plaza LLC
- Trump Plaza Member Inc.
- Trump Productions LLC
- Trump Productions Managing Member Inc.
- Trump Residential Management LLC
- Trump Restaurants LLC
- Trump Ruffin Commercial LLC
- Trump Ruffin LLC
- Trump Ruffin Tower I, LLC
- Trump Sales & Leasing Chicago LLC
- Trump Sales & Leasing Chicago Member Corp
- Trump Scotland Member Inc.
- Trump Scotsborough Square LLC
- Trump Scotsborough Square Member Corp
- Trump Toronto Development, Inc.
- Trump Tower Commercial LLC
- Trump Tower Managing Member Inc.
- Trump Village Construction Corp.
- Trump Vineyard Estates LLC
- Trump Vineyard Estates Lot 3 Owner LLC
- Trump Vineyard Estates Manager Corp.
- Trump Virginia Acquisitions LLC
- Trump Virginia Acquisitions Manager Corp.
- Trump Virginia Lot 5 LLC
- Trump Virginia Lot 5 Manager Corp
- Trump Wine Marks LLC
- Trump Wine Marks Member Corp
- Trump's Castle Management Corp.
- Internationally Left Blank
- Turnberry Scotland LLC
- Turnberry Scotland Managing Member Corp
- VH Property Corp.
- VHPS LLC
- West Palm Operations LLC
- Wilshire Hall LLC
- Wollman Rink Operations LLC
- WLF Holdco LLC
- World Liberty Financial, Inc.
- Yorktown Real Estate LLC (F/K/A Yorktown Development Associates LLC)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

            Plaintiff,

    v.

BRITISH BROADCASTING CORPORATION
a/k/a BBC, BBC STUDIOS DISTRIBUTION
LIMITED, and BBC STUDIOS PRODUCTIONS
LIMITED,

            Defendants.

Case No. 1:25-CV-25894-RKA

**NON-PARTY THE DONALD J. TRUMP REVOCABLE TRUST'S RESPONSE TO DEFENDANTS' SUBPOENA TO PRODUCE FINANCIAL RECORDS**

Non-party The Donald J. Trump Revocable Trust ("Trust"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, serves its response to Defendants' British Broadcasting Corporation, BBC Studios Distribution Ltd., and BBC Studios Productions Ltd.'s (together, "Defendants") Subpoena to Produce Financial Records ("Subpoena").

**OBJECTIONS TO DEFINITIONS**

1.      The Trust objects to the definition of the term "Business" because it is overly broad and encompasses individuals and entities that have no connection to the issues in dispute as framed by the pleadings between the parties, thereby making it disproportionate to the needs of this case. To the extent the Trust indicates that it will respond to any of the requests, it shall do so subject to this objection.

2.      The Trust objects to the definition of the term "Financial Interest" because it is overly broad and encompasses persons and entities that have no connection to the issues in dispute

as framed by the pleadings between the parties, thereby making it disproportionate to the needs of this case. The Trust also objects to this term because it is unduly vague as the term does not define what constitutes indirect legal or beneficial ownership. To the extent the Trust indicates that it will respond to any of the requests, it shall do so subject to these objections.

3. The Trust objects to the definition of the term "Person(s)" because it is overly broad and encompasses individuals and entities that have no connection to the issues in dispute as framed by the pleadings between the parties, thereby making it disproportionate to the needs of this case. To the extent the Trust indicates that it will respond to any of the requests, it shall do so subject to this objection.

4. The Trust objects to the definition of the term "Trump Affiliated Entities" because it is overly broad and encompasses individuals and entities that have no connection to the issues in dispute as framed by the pleadings between the parties, thereby making it disproportionate to the needs of this case. The term is also overly broad and disproportionate to the needs of the case because it is not limited to the entities listed in the June 13, 2025, OGE Form 278e. To the extent the Trust indicates that it will respond to any of the requests, it shall do so subject to this objection.

5. The Trust objects to the definition of the term "Trust" because it is overly broad and encompasses individuals and entities that have no connection to the issues in dispute as framed by the pleadings between the parties, thereby making it disproportionate to the needs of this case. To the extent the Trust indicates that it will respond to any of the requests, it shall do so subject to this objection.

6. The Trust objects to the definition of the terms "You" and "Your" because they incorporate by reference the term "Financial Interest." The Trust also objects to these terms because they are overly broad and encompass individuals and entities that have no connection to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

the issues in dispute as framed by the pleadings between the parties, thereby making it disproportionate to the needs of this case. To the extent the Trust indicates that it will respond to any of the requests, it shall do so subject to these objections.

## GENERAL OBJECTION TO THE REQUESTS

1.      ***The Trust has not been properly served with the Subpoena***. Defendants sent the Subpoena to five different addresses, none of which apply to the Trust, and an email appearing to belong to the purported trustee, Donald J. Trump, Jr. *See In re Matter Under Investigation by Grand Jury No. 1*, 2011 WL 761234, at *1 (S.D. Fla. Feb. 24, 2011) ("[T]his circuit suggests that a subpoena such as the one served in this case must be personally handed to the person named on the subpoena."). Moreover, Defendants never made any effort to serve the Trust's counsel. *See In re MTS Bank*, No. 17-21545-MC, 2018 WL 1718685, at *5 (S.D. Fla. Mar. 16, 2018) (implying that service on a non-party's attorney satisfies Rule 45). Simply put, Defendants have not demonstrated that their methods of attempting to serve the Subpoena were "reasonably calculated to insure receipt of the subpoena by the witness." *See Bozo v. Bozo*, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013) ("Rule 45 does not require personal service, but rather requires service reasonably calculated to insure receipt of the subpoena by the witness."); *see also BG Strategic Advisors, LLC v. FreightHub, Inc.*, 2023 WL 114864, at *4 (S.D. Fla. Jan. 6, 2023) (collecting cases and adopting the same standard as *Bozo*). Consequently, Defendants' shotgun approach to service does not comply with established procedures and well-settled case law.

## SPECIFIC OBJECTIONS TO ALL REQUESTS

**Request for Production No. 1**:      A copy of each Trust instrument in force or in effect at any time, including the original trust agreement, declaration of trust, or other operative

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

document, and all amendments, restatements, modifications, or supplements thereto, including the date of each such document.

**Response**:     The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates

Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, the Trust will not respond to this request as framed.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Request for Production No. 2:**      All Documents Relating to the value of the Trust, including but not limited to trust accountings, federal and state tax returns, and statements reflecting all assets held in trust, including all attachments and amendments.

**Response**:      The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds

of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). *Sixth*, Defendants have not established why they have a compelling need for the tax returns they seek. *See Pendlebury v. Starbucks Coffee Co.,* No. 04-80521-CIV, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) ("For this reason, the Court

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650⎸ Coral Gables, Florida 33134
Telephone: (305) 614-4071

agrees with those courts that have held that a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable."). For these reasons, the Trust will not respond to this request as framed.

**Request for Production No. 3:** All Documents Relating to the Trust's interest in any assets, streams of income (whether in the past, present, or future), expectancies, and interests in real property.

**Response:** The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010)

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

(explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, the Trust will not respond to this request as framed.

**Request for Production No. 4:**      All schedules of assets, inventories, or lists of property held by, in the name of, or for the benefit of the Trust.

**Response**:      The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501,

504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the

theory that they may conceivably become so."). For these reasons, the Trust will not be responding to this request.

**Request for Production No. 5:**      All deeds, title documents, title insurance policies, surveys, appraisals, and closing statements relating to any real property held by, in the name of, or for the benefit of the Trust.

**Response**:      The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden,

however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the

theory that they may conceivably become so."). For these reasons, the Trust will not be responding to this request.

**Request for Production No. 6:**     All Documents Relating to the change of value of the Trust each year, including but not limited to trust accountings and federal and state tax returns, including all attachments and amendments.

**Response**:     The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden,

however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). *Sixth*, Defendants have not established why they

have a compelling need for the tax returns they seek. *See Pendlebury v. Starbucks Coffee Co.,* No. 04-80521-CIV, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) ("For this reason, the Court agrees with those courts that have held that a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable."). For these reasons, the Trust will not respond to this request as framed.

**Request for Production No. 7:** All Documents showing or relating to the value of each Trump Affiliated Entity, including but not limited to each Trump Affiliated Entity's annual and quarterly income statements, balance sheets, profit and loss statements, cash flow statements, and federal and state tax returns, including all attachments and amendments.

**Response:** The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflects Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met

to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at \*3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). *Sixth*, Defendants have not established why they have a compelling need for the tax returns they seek. *See Pendlebury v. Starbucks Coffee Co.,* No. 04-80521-CIV, 2005 WL 2105024, at \*2 (S.D. Fla. Aug. 29, 2005) ("For this reason, the Court agrees with those courts that have held that a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable."). For these reasons, the Trust will not respond to this request as framed.

**Request for Production No. 8:**     All documents reflecting the Trust's ownership interest, whether legal or beneficial, in the Trump Affiliated Entities, including stock certificates, membership interest certificates, partnership agreements, operating agreements, shareholder agreements, buy-sell agreements, corporate resolutions, security instruments, trust documents and any valuations or appraisals of such interests.

**Response**:     The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that

is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants

to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, the Trust will not respond to this request as drafted.

**Request for Production No. 9:**      All documents reflecting any intellectual property held by, in, in the name of, or for the benefit of the Trust, including patents, trademark registrations, copyright registrations, license agreements, and royalty agreements, and any records of income received therefrom.

**Response**:      The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that

is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants

to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, the Trust will not respond to this request as framed.

**Request for Production No. 10:** All appraisals, valuations, inventories, or insurance riders relating to tangible personal property held by, in, in the name of, or for the benefit of the Trust, including motor vehicles, jewelry, art, antiques, collectibles, and any other items of tangible personal property.

**Response**: The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants

to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, the Trust will not respond to this request as drafted.

**Request for Production No. 11:**    All records, statements, and documents relating to any digital assets, cryptocurrency, virtual currency, non-fungible tokens, or other blockchain-based or digital property held by, in, in the name of, or for the benefit of the Trust, including exchange or wallet statements and transaction histories.

**Response**:    The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that

is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants

to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, the Trust will not respond to this request.

**Request for Production No. 12:**     All federal and state income tax returns, fiduciary tax returns (including IRS Forms 1041 and all Schedules K-1), and all related schedules, attachments, and work papers filed by or on behalf of the Trust.

**Response**:     The Trust objects to this request on multiple grounds. *First*, the Trust is a non-party to this action, which weighs against burdening it with the expense and inconvenience of responding to this Subpoena. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."). *Second*, the request seeks information that is entirely unrelated to the issues framed by the parties' pleadings. Indeed, the Defendants have

not articulated any factual or legal basis for why the request is relevant to this action. *See Lawrence Meadows v. Allied Pilots Association, et al.,* 2026 WL 778094, at *1 (S.D. Fla. Mar. 9, 2026) (granting motion to quash subpoena: "'a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.'") (quoting *Jordan*, 947 F.3d at 1329).

*Third*, the Subpoena is disproportional because it seeks information from nearly 400 different entities owned by or associated with the Trust. However, neither the Trust nor any of the entities owned by or affiliated with it are identified in the Complaint. Thus, this is a textbook fishing expedition. *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."); *see also Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 504 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "It is Life Auto's burden, however, to prove its requests are relevant."). *Fourth*, the time for compliance is manifestly unreasonable. The request is seeking production of tens of thousands of documents from hundreds of non-parties in thirty days. Defendants' unreasonable timeframe is improper and violates Defendants' obligations under Rule 45. *See Progressive Emu Inc. v. Nutrition & Fitness Inc.,* 785 Fed. Appx. 622, 629–30 (11th Cir. 2019) ("We further conclude that Anderson Weidner's actions were sufficiently egregious to warrant the attorney's fee sanction imposed by the district court. The breadth and timing of Plaintiff's subpoena reflect Deanna Weidner's complete disregard for her duty, as the issuer of the subpoena, to avoid subjecting UPM to undue burden and expense.").

*Fifth*, although Plaintiff President Donald J. Trump has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc.*

*v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). *Sixth*, Defendants have not established why they have a compelling need for the tax returns they seek. *See Pendlebury v. Starbucks Coffee Co.,* No. 04-80521-CIV, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) ("For this reason, the Court agrees with those courts that have held that a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) a compelling need for the tax returns exists because the information contained therein is not otherwise readily obtainable."). For these reasons, the Trust will not respond to this request as framed.

Dated: April 13, 2026

Respectfully submitted,

/s/ Alejandro Brito
Alejandro Brito
Florida Bar No. 098442
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385
abrito@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*Counsel for*
*The Donald J. Trump Revocable Trust*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 13, 2026, the foregoing was served via the Court's CM/ECF System upon:
Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

/s/ Alejandro Brito

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

# Ballard Spahr
### LLP

————————————————

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

April 28, 2026

*Via Email*

Alejandro Brito
Ian Michael Corp
BRITO PLLC
2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
abrito@britopllc.com
icorp@britopllc.com

> Re:     Subpoena Response in *Trump v. BBC*, Case No. 1:25-cv-25894 (S.D. Fla.)

Dear Mr. Brito and Mr. Corp:

We write in response to the objections you served, on behalf of The Donald J. Trump Revocable Trust (the "Trust"), to a subpoena to produce financial records (the "Subpoena") issued by Defendants British Broadcasting Corporation ("the BBC"), BBC Studios Distribution Limited, and BBC Studios Productions Limited in the above-captioned matter. The Subpoena requested the production of financial documents that reflect the Trust's holdings and value, including trust instrument copies, documents relating to the Trust's financial interests, the Trust's schedules of assets, inventories, and lists of properties held, and documents reflecting real property held. As detailed below, the Trust's responses to the Subpoena are deficient. We request that the Trust promptly cure those deficiencies.

## The Trust's General Objections

The Trust's objection that it was not properly served with the Subpoena is unavailing.

**First,** the Trust states that none of the five addresses to which Defendants sent the Subpoena apply to the Trust.[1] However, these addresses were drawn from representations that the Trust has made in the Trust's own official filings. For example, the Trust listed its address

---

[1] The Subpoena was sent to the following addresses: 725 5th Avenue, New York, NY 10022; 115 Eagle Tree Terrace, Jupiter, Florida 33477; 401 N. Cattlemen Road, Suite 200, Sarasota, FL 34232; Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 (registered agent for the Trump Organization); Corporation Service Company, 80 State Street, Albany, NY 12207 (registered agent for the Trump Organization).

Alejandro Brito and Ian Corp
April 28, 2026
Page 2

in filings with the Securities and Exchange Commission as 401 N. Cattlemen Road, Suite 200, Sarasota, FL 34232.[2]  Additionally, the Trust's address in the SEC's EDGAR database is listed as 725 5th Avenue, New York, NY 10022, the business address of the Trump Organization.[3] As a further courtesy, given the Trump family's frequent and extensive connections to Florida, Defendants also provided a copy to the Trump Organization's Florida address, which Trump businesses have also listed as the Trust's business address.[4]  Additionally, and as still further courtesy, Defendants provided a copy to the registered agents for the Trump Organization's addresses.[5]

**Second,** you cast doubt on the proposition that Donald J. Trump, Jr. is the trustee of the Trust.  *See* Response to Subpoena at 3 (calling Donald J. Trump, Jr. the "purported trustee").  However, this proposition is likewise reflected in official filings, such as Trump Media & Technology Group Corp.'s April 1, 2025 SEC filing:

> These shares were transferred to the Donald J. Trump Revocable Trust Dated April 7, 2014 (the 'Trust') by President Trump in a transfer not involving a purchase or sale from President Trump, who is the settlor and sole beneficiary of the Trust, on December 17, 2024. **Donald J. Trump, Jr., President Trump's son, is the trustee of the Trust** and has sole voting and investment power over all securities owned by the Trust. (emphasis supplied)

Because Donald J. Trump, Jr. is by all accounts the trustee of the Trust, service of the Subpoena on him effected service of the Subpoena on the Trust.  *See Clark v. Hercules Inc.*, 2021 WL 4318413, at *2 (M.D. Fla. Jan. 19, 2021) ("Thus, because the trustee was served, the Court finds the Trust duly served.").

**Third,** you assert that Defendants made no effort to serve the Trust's counsel, but we are not aware of any obligation to serve a third-party via counsel.  And as you know, the Trust

---

[2] *See* Donald J. Trump Revocable Trust dated April 7, 2014, Initial Statement of Beneficial Ownership of Securities (Form 3) (Dec. 27, 2024).

[3] *See* SEC, Donald J. Trump Revocable Trust dated April 7, 2014, EDGAR, https://www.sec.gov/edgar/browse/?CIK=0002050191 (last visited Apr. 24, 2026).

[4] *See* Trump Media & Technology Group Corp., Registration Statement Under the Securities Act of 1933 (Form S-3) ("The business address for the Trust is 115 Eagle Tree Terrace, Jupiter, Florida 33477.").

[5] *See* Fla. Dep't of State Div. of Corps., https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (search result for "The Trump Organization LLC").

Alejandro Brito and Ian Corp
April 28, 2026
Page 3

has been represented by multiple attorneys over the years.  To the extent that Brito PLLC is now serving as counsel for the Trust, Defendants would agree to re-serve the Subpoena on your firm if you would agree to accept service on the Trust's behalf.

## The Trust's Specific Objections

The Trust submits essentially verbatim responses to each of Defendants' requests.  We address each objection, which appears in each of the responses, below.

**First,** despite the Trust's contention otherwise, the Trust's status as a non-party to this action is not dispositive of whether it must substantively respond to this Subpoena.  Rather, it is merely one of many factors and interests that a court considers when evaluating the enforceability of a subpoena, including the relevance of the requested information, the requesting party's need for the documents, the breadth of the request, and the time period covered.  *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (quoting *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 n.2 (N.D. Fla. 2013)).

Here, the relevance and the Defendants' need for the documents described in the Subpoena is clear.  Your other client, the Plaintiff in this action, is seeking $10 billion in damages, based on his non-specific allegations that Defendants' documentary (the "Documentary") caused him financial injury.  *See* Compl. (ECF No. 1) ¶ 100 (claiming that "the injury to President Trump's business and personal reputation . . . [are] causing massive economic damage to his brand value and significant damage and injury to his future financial prospects"); *id.* ¶ 101 ("President Trump's damages take the form of direct harm to his professional and occupational interests, including, without limitation, the value of his brand, properties, and businesses.").  Plaintiff has therefore placed the financial status and history of his businesses, his properties, and his holdings *directly at issue* in this litigation.  And because Plaintiff is the sole beneficiary of the Trust,[6] the Trust's value over time—including the value of the businesses and properties the Trust owns—is directly implicated by Plaintiff's allegations.

Additionally, it is *Plaintiff* who has listed nearly 400 entities as the Trust's assets, and all entities listed in the Subpoena flow into the Trust.  *See* Donald J. Trump OGE Form 278e (June 13, 2025).  It is certainly proportionate to the needs of the case that Defendants are able to obtain documents that will allow them to test the validity of Plaintiff's claims of harm,

---

[6] *See* Donald J. Trump 2020 Statement of Financial Condition (Complaint Exhibit #12) at 7, *People v. Trump*, No. 452564/2022 (N.Y. Sup. Ct. Sept. 21, 2022) ("Donald J. Trump, who is the grantor of the Trust, was the sole trustee and beneficiary of the Trust, until January 19, 2017, when Donald J. Trump resigned as the trustee of the Trust but remained the sole beneficiary").

Alejandro Brito and Ian Corp
April 28, 2026
Page 4

which would include the Trust's financial documents from before the Documentary was published, when it was published, and after it was published. *See Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1306 (S.D. Fla. 2021) (granting motion to compel non-parties to comply with third-party subpoenas where requested documents were relevant to Plaintiffs' case where they sought evidence that "may bear" on Plaintiffs' claims). That need is heightened here because—as you know in your capacity as Plaintiff's counsel—Plaintiff has declined to respond to several of Defendant's requests for production for such documents, citing the fact that such financial information lies with non-parties (such as the Trust).

The breadth of the request is fully commensurate to the breadth of Plaintiff's damages claims, which do not specify or limit which brands, businesses, properties, or financial interests have been impacted by the Documentary's publication.  Because Plaintiff alleges that his "brands, properties, and businesses" as well as his "financial prospects" have been impacted by the publication of the Documentary, *see* Compl. ¶ 100-01, Defendants must be able to fully and fairly investigate these claims.  *See Mazur v. Lampert*, 2006 WL 8431627, at *2 (S.D. Fla. May 23, 2006) (rejecting argument that a non-party "subpoena requests information far beyond the scope of, and not relevant to, Plaintiff's claims as alleged in the complaint, both in terms of the subject of the documents sought and the time period from which such documents are derived" where "Plaintiff's claims are broader than Defendants admit," "the definition of 'relevant information' for purposes of discovery is broad," and where "[c]ourts construe discovery rules liberally to serve the purposes of discovery: providing parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement").

The time period covered by the request is likewise appropriately tailored to capture a stable picture of the value of Trump's assets before the Documentary, when the Documentary was published, and after the Documentary was published.  In sum, the burden on the Trust of responding to the Subpoena cannot and does not outweigh the other factors that a court would consider in evaluation a motion to compel compliance.

**Second,** the Trust errs in arguing that Defendants' request seeks information "entirely unrelated to the issues framed by the parties' pleadings."  As noted above, the request is in direct response to Plaintiff's allegations that his "damages take the form of direct harm to his professional and occupational interests," including, without limitation, "the value of his brand, properties, and businesses."  Compl. ¶ 101.  Financial records related to Plaintiff's financial interests—including "the value of his brand, properties, and businesses," *see id.*—are thus squarely at issue in this litigation.

**Third,** the Trust mischaracterizes Defendants' request as a "fishing expedition," arguing that the Subpoena is disproportionate because it seeks information from nearly 400 entities owned by or associated with the Trust.  Defendants have properly requested

Alejandro Brito and Ian Corp
April 28, 2026
Page 5

information from nearly 400 entities only because *Plaintiff* has alleged without limitation that his financial interests have been impacted by Defendants' actions and because *Plaintiff* is the sole beneficiary of a trust that owns or is associated with nearly 400 entities.  *See Companhia Energetica Potiguar v. Caterpillar Inc.*, 307 F.R.D. 620, 621 (S.D. Fla.  2015) ("But virtually *all* discovery involves at least *some* degree of fishing. That's the very nature of discovery.") (emphases in original).[7]

**Fourth,** the Trust cannot simply decline to respond to the Subpoena because it finds the deadline to respond is unreasonable.  If the Trust believes that it needs additional time for production, we are willing to discuss accommodating an extension that aligns with the deadlines the Court has established in this case.  Rejecting the Subpoena because of its proposed timeframe, however, is improper.

**Fifth,** the Trust contends that Plaintiff's allegations that his businesses have suffered damages because of the Documentary "does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties," but where Plaintiff's allegations directly implicate those non-parties because he points to them indiscriminately, *see* Compl. ¶ 101, Defendants are entitled to defend themselves on these claims.

Indeed, the case you cite to support your assertion, *Benz v. Crowley Logistics, Inc.*, 2016 WL 11587289 (M.D. Fla. June 17, 2016), actually underscores why the requested information is relevant and should be produced in this litigation.  There, the plaintiff sought defendants' financial information because she thought it "may" show pretext for her termination in her employment discrimination suit.  *Id.* at *3.  Here, Plaintiff alleged that his businesses, brands, properties, and financial interests have been harmed by the Documentary, pleading as part of his defamation and Florida Deceptive and Unfair Trade Practices claims that these amount to actionable damages.  Unlike in *Benz*, therefore, where the plaintiff *could not explain why* the requested annual budgets and business strategies were relevant to her discrimination claim, Plaintiff here has placed the value of his businesses, brands, properties, and financial interests—which are held by the Trust—at issue in this litigation.  Defendants thus properly seek to evaluate the merits of Plaintiff's own claims.  *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (actual damages are an element of a Florida defamation claim); *Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345, 1350 (S.D. Fla. 2011) ("In order to state a claim under FDUPTA a consumer must establish . . .  actual damages").

---

[7] Suppose the Trust were to claim that it lost $1 billion in value the year after the Documentary. Defendants would be entitled to know whether, for example, 399 of the associated entities actually *gained* $1 billion in collective value while just one entity lost $2 billion.  Defendants could then examine what factors caused that *particular* entity to lose that value.  If those factors are unrelated to the Documentary, then the loss in the Trust's *total* value cannot be attributed to the Documentary.

Alejandro Brito and Ian Corp
April 28, 2026
Page 6

**Sixth,** for Requests for Production Nos. 2, 6, 7, and 12, in which the Trust argues that a request for tax returns must demonstrate relevance and a compelling need, the requested tax returns are relevant because they demonstrate the profit and loss for Plaintiff's businesses, brands, properties, and other financial interests, which Plaintiff claims suffered loss as a result of the Documentary. The heightened standard that the Trust cites in *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024 (S.D. Fla. Aug. 29, 2005), is inconsistent with Eleventh Circuit precedent and other case law in this District. *See Erenstein v. SEC*, 316 F. App'x 865, 869 (11th Cir. 2008) ("Nevertheless, in civil cases, we have not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant."); *Jacobi v. Experian Info. Solutions, Inc.*, 2020 WL 13389310, at *3 (S.D. Fla. Dec. 23, 2020) (finding tax records discoverable because they were relevant, noting that "[t]o date, the Eleventh Circuit has not explicitly addressed the issue or recognized a special privilege for tax records"); *Nancy's Home of Stuffed Pizza, Inc. v. Freedman*, 2023 WL 4186417, at *2-*3 (S.D. Fla. June 26, 2023) ("The Eleventh Circuit, however, has not required any such heightened standard. In fact, in *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997), the Eleventh Circuit implied that tax returns and financial information are discoverable where they 'are arguably relevant to the case.' . . . I remain persuaded by *Maddow* and *Erenstein* and continue to find that the 'arguably relevant' inquiry is the proper standard.").

Even if the heightened standard applied, Defendants have a compelling need for the tax returns because the information contained therein is not otherwise readily obtainable— Plaintiff has stated that his businesses, brands, properties, and financial interests have been affected by the Documentary and identified in his OGE Form 278e that the Trust ultimately owns these assets, and it is hornbook law that trustees maintain control of trust assets. *See Briggs v. City of Daytona Beach*, 2025 WL 305840, at *2 (tax returns relevant and discoverable where party places financial condition at issue); *Beller v. Credit Alliance Corp.*, 106 F.R.D. 557, 559 (N.D. Ga. 1985) (finding tax returns relevant to action where Plaintiff put financial condition at issue in case); *see also* Order at 17, *Loomer v. Maher*, No. 5:24-cv-00625-JSM-PRL (M.D. Fla. Apr. 22, 2026) (noting that plaintiff's defamation claim failed where she was unable to identify any damage as result of publication, including by failing to "introduce[] income statements or tax records").

## The Trust's Objections to Definitions

The Trust's objections to the Subpoena's definitions largely repeat and refer to the same concepts as its specific objections—that the terms encompass individuals and entities that "have no connection to the issues in the dispute as framed by the pleadings between the parties." As discussed above, that is flatly wrong: Plaintiff has alleged broadly and generally that the Documentary negatively impacted "the value of his brand, properties, and businesses." Compl. ¶ 101. Because Plaintiff did not specify *which* brands, properties, and businesses, and

Alejandro Brito and Ian Corp
April 28, 2026
Page 7

the profits and losses of *all* his financial interests must be evaluated, regardless of whether they were identified by name in his Complaint.

*    *    *    *    *

If, after reviewing this letter, you continue to believe that the Trust's response to the Subpoena is well-founded, please let us know your availability on Monday May 4 and Tuesday May 5 for a telephone call or videoconference to further discuss your concern(s), including to discuss filing joint motion raising a discovery dispute pursuant to Local Rule 26.1(g)(2).

Sincerely,

BALLARD SPAHR LLP

Charles D. Tobin