**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED, <br><br> Defendants. | Case No. 25-CV-25894-RKA |

**PLAINTIFF'S MOTION TO WITHDRAW REFERRAL OF DISCOVERY MATTERS TO MAGISTRATE JUDGE ENJOLIQUÉ A. LETT, AND FOR REASSIGNMENT TO NEW MAGISTRATE JUDGE TO SUPERVISE DISCOVERY MATTERS <u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel, submits this Motion to Withdraw Referral of Discovery Matters to Magistrate Judge Enjoliqué A. Lett, and for Reassignment to a New Magistrate Judge to Supervise Discovery Matters, with Incorporated Memorandum of Law ("Motion"). In support, Plaintiff states as follows:

**INTRODUCTION AND SUMMARY OF MOTION**

Plaintiff respectfully moves the Court to withdraw the referral of discovery and non-dispositive pretrial matters from Magistrate Judge Lett, and to reassign those duties to another magistrate judge in this District as the Court deems appropriate.  Plaintiff also requests that the Court briefly stay discovery pending a determination on the instant motion.

This motion presents a narrow administrative question concerning the continued administration of a non-consensual referral under 28 U.S.C. § 636(b). Plaintiff does not seek recusal, does not challenge any substantive ruling, and does not ask the Court to make any finding concerning Magistrate Judge Lett personally. Rather, Plaintiff asks the Court to exercise its continuing supervisory authority over a discovery referral in light of two circumstances that together create an unusual procedural posture.

*First*, in separate litigation involving this same Plaintiff, this same Court, and this same magistrate judge supervising discovery under § 636(b), the Court conducted judicial review of a contested discovery ruling, granted Plaintiff relief on the record, and thereafter, *sua sponte* withdrew the referral and reassigned discovery supervision to another magistrate judge.

*Second*, Magistrate Judge Lett has served as counsel of record for a party directly adverse to President Trump in a federal litigation, in which she represented a defendant stated to have close ties to Hillary Clinton's campaign, and to defend them against a substantially similar tort that President Trump alleges in this action against Defendants. Magistrate Judge Lett's representation of her client adverse to President Trump concluded only days before she assumed judicial office.

Taken together, those circumstances present an unusual procedural context bearing directly on the continued administration of the present referral. Accordingly, President Trump respectfully requests limited relief in the form of reassigning a new Magistrate Judge to supervise discovery going forward.

## FACTUAL BACKGROUND

1.     On February 12, 2026, the Court entered an order referring discovery and other non-dispositive pretrial matters to Magistrate Judge Enjoliqué A. Lett pursuant to 28 U.S.C. § 636(b). *See* D.E. 27 in this action.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

2.      In a separate matter pending before this Court, Magistrate Judge Lett was similarly assigned, pursuant to a § 636(b) referral, to supervise discovery and related non-dispositive pretrial matters. *See Donald J. Trump Revocable Trust et al. v. Capital One, N.A.*, which is pending in this Court under case number 1:25-cv-21596-RKA (the "Capital One Case"). *See* 1:25-cv-21596-RKA, at D.E. 14.

3.      On July 22, 2025, in the Capital One Case, Magistrate Judge Lett entered an order granting Defendant's Motion to Stay Discovery until Defendant's pending Motion to Dismiss Plaintiffs' Amended Complaint was adjudicated ("Order"). *See* 1:25-cv-21596-RKA, at D.E. 40.

4.      On March 20, 2026, the Court conducted oral argument on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. During Plaintiffs' presentation, undersigned counsel referenced Magistrate Judge Lett's Order.

5.      Although Plaintiff had not formally appealed Magistrate Judge Lett's Order, the Court addressed it, making clear its disagreement with the decision before granting Plaintiff prospective relief by overruling Magistrate Judge Lett's Order and allowing Plaintiffs to engage in discovery. *See* 1:25-cv-21596-RKA, at D.E. 53 and 54.

6.      Thereafter, on April 20, 2026, the Court entered an order *sua sponte* withdrawing the referral to Magistrate Judge Lett, and reassigning discovery supervision to a different magistrate judge. *See* 1:25-cv-21596-RKA, at D.E. 57.

7.      Following the Court's reassignment of the referral in the Capital One Case, undersigned counsel, who also represents the Plaintiffs in the Capital One Case, further reviewed the relevant case history.

8.      In doing so, undersigned counsel gathered information, and learned that, immediately before assuming judicial office, Magistrate Judge Lett had appeared as counsel of

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

record on behalf of a party directly adverse to President Trump in active federal litigation: *Trump v. Clinton, et al.*, which was active in this District under case number 2:22-cv-14102 (the "Adverse Matter").

9.      In the Adverse Matter, Magistrate Judge Lett represented Defendant Orbis Business Intelligence, Ltd. ("Orbis"), against whom President Trump had asserted an affirmative injurious falsehood claim, among other causes of action. *See generally* 2:22-cv-14102, at D.E. 177.

10.     Defendant Orbis was stated and widely reported to have had intimate ties with Hillary Clinton's campaign and was sued by President Trump for its role in producing and disseminating the Steele Dossier, which formed the basis of President Trump's injurious falsehood and related tort claims in the Adverse Matter.

11.     Indeed, President Trump pursued additional claims against Orbis in the United Kingdom. *See Trump -v- Orbis Business Intelligence Limited* [2024] EWHC 173 (KB) (available at https://www.judiciary.uk/judgments/trump-v-orbis-business-intelligence-limited/) (last visited on May 18, 2026).

12.     On September 12, 2024, Magistrate Judge Lett moved to withdraw as counsel of record in the Adverse Matter. *See* 2:22-cv-14102, at D.E. 360.

13.     Five days later, she was sworn in as a Magistrate Judge for the Southern District of Florida.[1]

14.     On October 2, 2024—fifteen days after her swearing in—the motion to withdraw was granted. *See* 2:22-cv-14102, at D.E. 361.

---

[1] *See* Judge Enjoliqué A. Lett, Biography ("Enjoliqué Aytch Lett was sworn in as a United States Magistrate Judge for the Southern District of Florida on September 17, 2024.") (available at https://www.flsd.uscourts.gov/content/judge-enjoliqu%C3%A9-lett) (last visited on May 18, 2026).

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

15.     It was only seven months later that Magistrate Judge Lett was assigned to supervise Plaintiffs' discovery in the Capital One Case. *See* 1:25-cv-21596-RKA, at D.E. 14.

16.     Ten months later, on February 12, 2026, she was assigned to supervise discovery in the present action. *See* D.E. 27 in this action.

17.     Undersigned counsel was not Plaintiff's counsel in the Adverse Matter and was not immediately aware of Magistrate Judge Lett's participation in that litigation.

18.     Nor did undersigned counsel receive any disclosure regarding the prior adverse relationship upon Magistrate Judge Lett's referrals in this action or the Capital One Case.

19.     Plaintiff filed the present motion promptly after discovering the foregoing circumstances and completing the investigation necessary to confirm the relevant procedural history.

**ARGUMENT**

**A.  Legal standard**.

This motion is filed pursuant to 28 U.S.C. § 636(b) and the Court's inherent authority over the administration of its docket. Section 636(b)(1)(A) authorizes a district court to designate a magistrate judge to hear and determine pretrial matters. That authority is permissive and continuous. It belongs to the district court alone — no party consent is required to invoke it, and none is required to modify it. The referral here was made under § 636(b), just as in the Capital One Case, as a unilateral act of judicial administration, and it remains subject to the district court's ongoing supervisory authority over the proceedings before it. That authority endures throughout the referral.

A § 636(b) designation does not transfer jurisdiction from the district court to the magistrate judge.  The magistrate acts "subsidiary to and only in aid of the court, the entire process

5

thereafter taking place under the court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681–83 (1980). The district court retains the power to accept, reject, or modify any recommendation, and to recommit any matter with instructions. 28 U.S.C. § 636(b)(1)(C); *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Because the district court's authority over referred matters remains intact, so too does its authority over the referral itself. The Eleventh Circuit has consistently recognized that fact. *See Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990) (explaining that "section [636](b)(1) allows a magistrate to take over several functions that are otherwise reserved to Article III judges. 'Section (b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the magistrate.'") (quoting *Hall v. Sharpe,* 812 F.2d 644, 647 (11th Cir.1987)); *see also Rodriguez v. Powell*, 853 Fed. Appx. 613, 618 (11th Cir. 2021) (standing for the same proposition) (citing *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009)).

This stands in sharp contrast to § 636(c), which operates on an entirely different footing. Under that provision, a magistrate judge may conduct all proceedings and enter final judgment— but only upon the affirmative, written consent of all parties. 28 U.S.C. § 636(c)(1). That consent is constitutionally significant: it is the parties' waiver of their right to an Article III adjudicator and what makes the arrangement permissible. *Peretz v. United States*, 501 U.S. 923, 932–37 (1991). Congress correspondingly required that a § 636(c) referral may be vacated only upon "good cause" or "extraordinary circumstances." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3). That demanding standard reflects what the parties to whom this section applies, which is not the case here, surrender in consenting, and it has no application here. No party to this action has consented to plenary

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

magistrate jurisdiction. *See* D.E. 27 in this action.  This is a § 636(b) referral, and the § 636(c) withdrawal framework does not extend to it.

The Court's inherent authority over its own docket reinforces the same conclusion. Federal courts possess inherent power to manage their own proceedings—power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); accord *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (recognizing the same principle).  Federal Rule of Civil Procedure 72 and this District's Local Magistrate Judge Rules contemplate the reassignment of referred matters. *See generally* Fed. R. Civ. P. 72; *see also generally* S.D. Fla. Mag. J. R. 3(a), 4(a)(1).

The standard governing this motion is the Court's sound discretion in the administration of its own docket—the same discretion that authorized the original referral and that § 636(b) leaves continuously and fully operative. Nothing more is required, and nothing more is invoked.

## B. This Court has Previously *Sua Sponte* Reassigned a § 636(b) Referral Involving Plaintiff and Magistrate Judge Lett.

As explained above, pursuant to 28 U.S.C. § 636(b), Magistrate Judge Lett was assigned to supervise discovery in the Capital One Case. Although the Capital One Case involves different substantive claims, it involves The Donald J. Trump Revocable Trust, which has received third-party discovery requests from Defendants and of which President Trump is a beneficiary. The Capital One Case, vitally, also involves the same district court judge, and the same Magistrate Judge supervising discovery under the same non-consensual referral structure presently before the Court.

During the course of the proceedings in the Capital One Case, Magistrate Judge Lett entered her Order, which this Court disagreed with and overruled. Plaintiff does not characterize

7

the Court's reasoning beyond what the transcript reflects; it speaks for itself. However, the sequence of events that followed is telling. One month after the Court overruled Magistrate Judge Lett's Order, the Court entered a paperless order *sua sponte* withdrawing the referral to Magistrate Judge Lett in its entirety, and reassigning discovery supervision to another magistrate judge. *See* 1:25-cv-21596-RKA, D.E. 57. No party had requested reassignment. The order stated no reason. That procedural history is relevant to this motion for two reasons.

*First*, it confirms in concrete terms that this Court possesses—and exercises—continuing supervisory authority over § 636(b) referrals.  The reassignment in the Capital One Case was not prompted by motion practice invoking recusal standards or extraordinary circumstances.  It was an administrative act undertaken by the Court in the exercise of its supervisory authority over discovery proceedings pending before it. Plaintiff asks the Court to exercise that same authority here.

*Second*, the prior reassignment is part of the record before this Court, and is properly considered alongside the circumstances set out in Section C of this Motion. The Court *sua sponte* withdrew a § 636(b) referral involving President Trump and this same Magistrate Judge after finding on the record that a discovery ruling she had entered was in error. This Motion does not ask the Court to explain or revisit that decision. It asks the Court to recognize that the resulting procedural history is relevant context for evaluating whether continued referral under materially similar circumstances, and a related Plaintiff, represents the soundest course for the administration of discovery proceedings going forward, which it does not.

The present referral also remains at a materially earlier stage than the Capital One proceedings had reached at the time reassignment occurred there. Therefore, reassignment can now be accomplished here with minimal disruption to the proceedings and without prejudice to

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

any party. Because the relief requested concerns only the prospective administration of discovery supervision under § 636(b), addressing the issue at this stage is the more orderly and efficient course.

**C.  Magistrate Judge Lett Served as Counsel of Record in a Similar Matter Directly Adverse to President Trump, Days Before Her Investiture as a Magistrate Judge**.

Discovery supervision in this action will involve recurring discretionary judgments concerning key issues, including, without limitation,  privilege, proportionality, confidentiality, sanctions, scheduling, and the resolution of active disputes between the parties. Magistrate Judge Lett's representation of Orbis in the Adverse Matter, which ended just days before her investiture, is significant. Not only was Magistrate Judge Lett representing a defendant directly adverse to President Trump, but she was also defending against a substantially similar tort to the one that President Trump states against the Defendants in this action.

Given Plaintiff's concerns, his request for limited relief is appropriate and will not prejudice Defendants. Indeed, withdrawing a § 636(b) referral and reassigning it to a different magistrate judge is a modest administrative step. This action shall remain before this Court under the same case number and in the same procedural posture. Jurisdiction will not be affected. The merits are unaffected. The only change, same as in the Capital One Case, is the identity of the magistrate judge supervising pretrial matters under this Court's continuing authority.

Moreover, the action remains at an early stage. The parties have exchanged written discovery on merits and jurisdictional discovery, and only three depositions have occurred. Moreover, no substantive discovery rulings have issued, no extended course of supervision has developed, and no pretrial administration would need to be revisited by a successor magistrate judge. Therefore, reassignment now will have minimal administrative or procedural impact.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**D. Plaintiff Requests a Brief Stay of Discovery Until the District Judge Adjudicates this Motion**.

While this Motion is pending, Plaintiff respectfully requests a brief stay of discovery until the District Judge adjudicates this Motion. Plaintiff respectfully submits that his concerns constitute "good cause and reasonableness" to warrant a brief stay of discovery. *See Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) ("A stay of discovery is appropriate where the movant shows good cause and reasonableness."). Moreover, there are practical considerations that justify a stay. Indeed, there are several pending discovery disputes between the parties. Although the parties are working diligently together to try to resolve those disputes, the parties anticipate that multiple Joint Discovery Motions, and motions for leave to file discovery motions, will be filed. *See Gibson v. Lynn Univ., Inc.,* 2020 WL 6700448, at *1 (S.D. Fla. Oct. 29, 2020) (granting motion to stay discovery: "District courts enjoy broad discretion in deciding how to best manage the cases before them.") (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) and *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)). Accordingly, denying a stay creates uncertainty among the parties as to whether Magistrate Judge Lett will adjudicate any of the Joint Discovery Motions or motions for leave to file discovery motions. Conversely, granting a stay will preserve the status quo and judicial resources.

## CERTIFICATE OF CONFERRAL

Under Local Rule 7.1(a)(3), Plaintiff and Defendants spoke via telephone on May 18, 2026, to meet and confer regarding the relief sought in this Motion. Defendants represented that they do not agree to the relief sought herein.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**CONCLUSION**

**WHEREFORE**, Plaintiff President Donald J. Trump, respectfully requests that the Court grant Plaintiff's Motion, reassign a new Magistrate Judge to supervise discovery matters in this action, enter a brief stay of discovery until the District Judge adjudicates this Motion, and award any other relief the Court deems proper.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: May 18, 2026

Respectfully submitted,

/s/ Alejandro Brito
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

/s/ Edward A. Paltzik
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

/s/ Daniel Z. Epstein
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 18, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

*/s/ Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071