**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED,<br><br>        Defendants. | Case No. 25-CV-25894-RKA |

**PLAINTIFF'S MOTION FOR THE RECUSAL OF MAGISTRATE JUDGE ENJOLIQUÉ A. LETT, FOR REASSIGNMENT TO NEW MAGISTRATE JUDGE TO SUPERVISE DISCOVERY, AND FOR BRIEF STAY OF DISCOVERY WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel and pursuant to 28 U.S.C. § 455, submits this Motion for the Recusal of Magistrate Judge Enjoliqué A. Lett, for Reassignment to a New Magistrate Judge to Supervise Discovery, and for Brief Stay of Discovery with Incorporated Memorandum of Law ("Motion"). In support, Plaintiff states as follows:

**INTRODUCTION AND SUMMARY OF MOTION**

Plaintiff respectfully moves the Court for the recusal of Magistrate Judge Lett, for reassignment of her duties to another magistrate judge in this District as the Court deems appropriate, and that the Court briefly stay discovery pending adjudication of this Motion. For three reasons, the Court should grant Plaintiff's requested relief.

*First*, Magistrate Judge Lett previously served as counsel of record for a party directly adverse to President Trump in a federal litigation. In that litigation, which concerned a substantially similar tort to the one that President Trump alleges in this action, Magistrate Judge Lett defended an entity stated to have close ties to Hillary Clinton's campaign. Magistrate Judge Lett's representation of her client adverse to President Trump concluded only days before she assumed judicial office. Respectfully, Magistrate Judge Lett's prior representation adverse to President Trump raises questions of impartiality, and creates an appearance of impropriety.

*Second*, other Magistrate Judges in this District have routinely recused themselves when there was an appearance of impropriety which raised questions regarding whether they could preside over the matter before them with impartiality.

*Third*, given that there is substantial concern of Magistrate Judge Lett's impartiality as to the pending discovery disputes between the parties, many of which will be brought before Magistrate Judge Lett in the coming weeks, Plaintiff respectfully submits that a brief stay of discovery is warranted until this Motion is adjudicated.

## FACTUAL BACKGROUND

1.      On February 12, 2026, the Court entered an order referring discovery and other non-dispositive pretrial matters to Magistrate Judge Enjoliqué A. Lett pursuant to 28 U.S.C. § 636(b). *See* D.E. 27.

2.      Recently, undersigned counsel learned that, immediately before assuming judicial office, Magistrate Judge Lett had appeared as counsel of record on behalf of a party directly adverse to President Trump in active federal litigation: *Trump v. Clinton, et al.*, which was active in this District under case number 2:22-cv-14102 (the "Adverse Matter").

2

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

3.      In the Adverse Matter, Magistrate Judge Lett was the lead attorney representing Defendant Orbis Business Intelligence, Ltd. ("Orbis"), against whom President Trump had asserted an affirmative injurious falsehood claim, among other causes of action. *See generally* 2:22-cv-14102, at D.E. 177.

4.      Defendant Orbis had been widely reported to have had deep ties with Hillary Clinton's campaign, and was sued by President Trump, both in this District and other jurisdictions, for its role in producing and disseminating the Steele Dossier, which formed the basis of President Trump's injurious falsehood and related tort claims in the Adverse Matter.

5.      Indeed, President Trump pursued additional claims against Orbis in the United Kingdom. *See Trump -v- Orbis Business Intelligence Limited* [2024] EWHC 173 (KB) (available at [https://www.judiciary.uk/judgments/trump-v-orbis-business-intelligence-limited/](https://www.judiciary.uk/judgments/trump-v-orbis-business-intelligence-limited/)) (last visited on May 22, 2026).

6.      In the Adverse Matter, Magistrate Judge Lett personally signed her name for each filing that was submitted on Orbis' behalf in diametric opposition to each of the claims, positions, and arguments of President Trump. *See* 2:22-cv-14102, at D.E. 257, 260, 266, and 334.

7.      Further, Magistrate Judge Lett drafted and executed a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim on behalf of Orbis and against President Trump—making substantially similar arguments to those raised by Defendants in this action, and closely related to many of the forthcoming discovery disputes that Magistrate Judge Lett would need to adjudicate. *Compare* D.E. 36 in this action; *with* D.E. 260 in 2:22-cv-14102.[1]

---

[1]     Under 28 U.S.C. § 455(b)(1), any justice, judge or magistrate shall disqualify themself "where [s]he has a personal bias or prejudice concerning a party[.]"

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650│Coral Gables, Florida 33134
Telephone: (305) 614-4071

8.       On September 12, 2024, Magistrate Judge Lett moved to withdraw as counsel of record in the Adverse Matter. *See* 2:22-cv-14102, at D.E. 360.

9.       Five days later, she was sworn in as a Magistrate Judge for the Southern District of Florida.[2]

10.      On October 2, 2024—fifteen days after her swearing in—the motion to withdraw was granted. *See* 2:22-cv-14102, at D.E. 361.

11.      Undersigned counsel was not Plaintiff's counsel in the Adverse Matter, and was not immediately aware of Magistrate Judge Lett's participation in that litigation.

12.      Nor did undersigned counsel receive any disclosure regarding the prior adverse relationship upon Magistrate Judge Lett's referral in this action.

13.      Plaintiff filed the present motion promptly after discovering the foregoing circumstances and completing the investigation necessary to confirm the relevant procedural history.

## ARGUMENT

**A. Applicable Law to Evaluate if Recusal is Warranted**.

"Under the catch-all provision of the federal recusal statute … '[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *United States v. Routh*, 757 F. Supp. 3d 1272, 1275 (S.D. Fla. 2024) (cited only to explain the applicable standard) (quoting 28 U.S.C. § 455(a)).

---

[2]    *See* Judge Enjoliqué A. Lett, Biography ("Enjoliqué Aytch Lett was sworn in as a United States Magistrate Judge for the Southern District of Florida on September 17, 2024.") (available at https://www.flsd.uscourts.gov/content/judge-enjoliqu%C3%A9-lett) (last visited on May 25, 2026).

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

"Inherent in § 455(a)'s requirement that a judge disqualify himself if his impartiality might reasonably be questioned is the principle that our system of 'justice must satisfy the appearance of justice.'" *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1523 (11th Cir. 1988) (quoting *Offutt v. United States,* 348 U.S. 11, 14 (1954)). "[W]hat matters under § 455(a) 'is not the reality of bias or prejudice but its appearance.' … This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000). "This standard is sufficiently broad to require recusal both in those circumstances where partiality is in fact present and where only the appearance of partiality is present." *Smith v. Pepsico, Inc.,* 434 F. Supp. 524, 525 (S.D. Fla. 1977) (cited only to explain the applicable standard under 28 U.S.C. § 455).

"Because 28 U.S.C. s 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Const. Co.,* 609 F.2d 1101, 1111 (5th Cir. 1980) (binding under *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981)). Indeed, "the focus has consistently been on the question whether the relationship between the judge and an interested party was such as to present a risk that the judge's impartiality in the case at bar might reasonably be questioned by the public." *Preston v. United States*, 923 F.2d 731, 735 (9th Cir. 1991) (reversing district court's denial of motion for recusal).

**B. Magistrate Judge Lett's Prior Representation Directly Adverse to President Trump Creates an Appearance of Impropriety**.

In the Adverse Matter, Magistrate Judge Lett advanced arguments against President Trump that are substantially similar to those asserted by the Defendants in this action. *Compare* D.E. 36 in this action; *with* D.E. 260 in 2:22-cv-14102. Presently, the parties are working through several

5

discovery disputes among them. The substance of the parties' discovery disputes includes, but is not limited to, issues regarding whether each of the Defendants is subject to the Court's personal jurisdiction, the scope of Plaintiff's Rule 30(b)(6) topics (which include topics regarding personal jurisdiction), and the sufficiency of the parties' document production. Although Plaintiff anticipates being able to resolve some of these disputes, Plaintiff nevertheless believes that multiple Joint Discovery Motions, and motions for leave to file discovery motions, will be filed on these issues due to the disparity between the parties' respective positions.

Magistrate Judge Lett's prior adverse representation against President Trump was not garden-variety. The appearance of impropriety is heightened because this action involves the sitting President of the United States as the Plaintiff, in a politically charged litigation environment that necessarily informs how the public perceives judicial neutrality. Against that backdrop, the fact that the prior adverse representation was not merely on behalf of *any* opposing party, but on behalf of an entity alleged and widely reported to be affiliated with the Clinton campaign and the Steele Dossier, exacerbates the appearance of impropriety. A reasonable, objective observer, aware of those circumstances, would question whether Magistrate Judge Lett should preside over discovery disputes involving President Trump—particularly where those disputes are expected to implicate various issues substantially similar to those she previously litigated against him.

Given Magistrate Judge Lett's prior direct adverse representation against President Trump, there is an appearance of impropriety as to Magistrate Judge Lett's impartiality, which is sufficient to warrant recusal. *See Dixie Carriers, Inc. v. Channel Fueling Serv., Inc.,* 669 F. Supp. 150, 152 (E.D. Tex. 1987) (interpreting 28 U.S.C. § 455(a): "However, though not disqualified, and not being required to note my recusal, nevertheless this court, to avoid not only impropriety, but the appearance of impropriety, will grant the motion of recusal, and enter an order so noting its

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

recusal."). Notably, other Magistrate Judges in this District routinely disqualify themselves under 28 U.S.C. § 455(a) when the appearance of impropriety is significantly less than the circumstances presented here. True and correct copies of prior recusal orders under 28 U.S.C. § 455(a) authored by Magistrate Judge Goodman, Magistrate Judge Damian, Magistrate Judge Louis, and Magistrate Judge McAliley are attached as **Composite Exhibit A**.

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 865 (1988). To the extent there is any doubt regarding whether Magistrate Judge Lett should recuse herself, "the benefit of the doubt must be resolved in favor of recusal." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (interpreting 28 U.S.C. § 455).

### C.  Plaintiff Requests a Brief Stay of Discovery Until this Motion is Adjudicated.

Plaintiff respectfully requests a brief stay of discovery until this Motion is adjudicated. Plaintiff respectfully submits that his concerns constitute "good cause and reasonableness" to warrant a brief stay of discovery. *See Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) ("A stay of discovery is appropriate where the movant shows good cause and reasonableness."). Moreover, there are practical considerations that justify a stay, such as the parties' pending discovery disputes described above. *See Gibson v. Lynn Univ., Inc.,* 2020 WL 6700448, at *1 (S.D. Fla. Oct. 29, 2020) (granting motion to stay discovery: "District courts enjoy broad discretion in deciding how to best manage the cases before them.") (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) and *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)). Accordingly, denying a stay creates uncertainty among the parties as to whether Magistrate Judge Lett will adjudicate any of the Joint Discovery

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Motions or motions for leave to file discovery motions. Conversely, granting a stay will preserve the status quo and conserve judicial resources.

## CERTIFICATE OF CONFERRAL

Under Local Rule 7.1(a)(3), Plaintiff and Defendants conferred regarding the relief sought in this Motion. Defendants represented that they do not agree to the relief sought herein.

## CONCLUSION

**WHEREFORE**, Plaintiff President Donald J. Trump respectfully requests that the Court grant Plaintiff's Motion, that Magistrate Judge Lett recuse herself, that the Court reassign a new Magistrate Judge to supervise discovery matters in this action, enter a brief stay of discovery until the District Judge adjudicates this Motion, and award any other relief the Court deems proper.

Dated: May 25, 2026

Respectfully submitted,

/s/ Alejandro Brito
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

/s/ Edward A. Paltzik
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

/s/ Daniel Z. Epstein
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 25, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

/s/ Alejandro Brito

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071