UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |  |
|---|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>　　　Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP., et al.,<br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:25-cv-25894-RKA |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE
RECUSAL OF MAGISTRATE JUDGE ENJOLIQUÉ A. LETT, FOR REASSIGNMENT
TO NEW MAGISTRATE JUDGE TO SUPERVISE DISCOVERY,
<u>AND FOR BRIEF STAY OF DISCOVERY</u>**

Defendants the British Broadcasting Corporation ("the BBC"), BBC Studios Distribution

Ltd., and BBC Studios Productions Ltd., by and through undersigned counsel, hereby file this

opposition to Plaintiff's Motion for the Recusal of Magistrate Judge Enjoliqué A. Lett, for

Reassignment to New Magistrate Judge to Supervise Discovery, and for Brief Stay of Discovery

(Dkt. 55).

**INTRODUCTION**

Nearly four months after Magistrate Judge Lett was assigned with all parties' consent,

without any grounds but a bare assertion that she is biased against him, and in the thick of

discovery, Plaintiff asks Magistrate Judge Lett to recuse herself from this case.  This is the third

time Plaintiff has raised removing this Magistrate Judge from the case – first asking Defendants

to consent to asking Judge Altman to rescind the assignment and preside over all discovery

himself; then unsuccessfully seeking for Judge Altman to remove Magistrate Judge Lett and

reassign the case to another Magistrate Judge; and now, asking Judge Lett herself to recuse for

the unsupported position that her work in private practice renders her partial.  These speculative circumstances do not warrant Judge Lett's recusal from this matter.  As the Eleventh Circuit and sister circuits have made clear, a judge's prior representation, while in private practice, in a case involving a litigant who will later be a party to a separate action before the judge, does not require that judge's recusal.  Plaintiff's accusation of bias is especially puzzling as Judge Lett has also been assigned to two other cases brought by President Trump through the same counsel, and he has not sought her recusal in those proceedings.  Plaintiff's further request for a stay of discovery—which Plaintiff had previously, successfully opposed, *see* Dkt. 24—is likewise unwarranted, particularly with Rule 30(b)(6) depositions of Defendants scheduled for this week, ahead of the twice-extended, remaining Motion to Dismiss briefing deadlines in June 2026.

The impetus for Plaintiff's request appears to be the flat refusal by the Donald J. Trump Revocable Trust ("the Trust")—a third party that is represented by the same counsel as Plaintiff—to provide any financial information under subpoena, despite Plaintiff's claims that the Defendants injured "the value of his brand, properties, and businesses," *see* Compl. ¶ 101, and despite Plaintiff's own refusal, to date, to provide any financial information in discovery. Defendants' contested issue with the Trust is now pending on a Joint Motion (Dkt. 52) that the Trust agreed to submit under Magistrate Judge Lett's February 13, 2026 Order Setting Discovery Procedures (Dkt. 29) (the "Discovery Order").  Just as abruptly as Plaintiff filed this motion, however, an hour after green-lighting the filing of the Joint Motion, the Trust's counsel advised they had lacked client authorization to consent to the filing—even though discussions between the parties about that Joint Motion had been underway for the entire preceding week.

Plaintiff and the Trust now appear concerned at the prospect of Magistrate Judge Lett resolving this dispute and any others that may come before her—so much so that Plaintiff now

brings a second motion seeking her removal from the case and a discovery stay after Judge

Altman denied the first attempt.  *See* Dkt. 54.  But Plaintiff's unfounded concern that she will be

unable to fairly adjudicate the Trust's and Plaintiff's discovery objections—pursuant to the

parties' consented-to referral of discovery matters to Magistrate Judge Lett—do not warrant

removing her from this case at all, let alone almost four months after her referral.  Because

Plaintiff fails to present any basis under 28 U.S.C. § 455 to support his recusal motion, Plaintiff's

motion should be denied, and discovery should continue.

## RELEVANT FACTUAL BACKGROUND

On December 15, 2025, the same day that Plaintiff filed his Complaint, the Clerk of

Court issued a Notice of Judge Assignment stating that "U.S. Magistrate Judge Enjolique A. Lett

is available to handle any or all proceedings in this case."  *See* Dkt. 2.  One month later, in their

January 12, 2026 joint scheduling report, the parties consented to the jurisdiction of Magistrate

Judge Lett for discovery matters.  *See* Dkt. 17 at 3.  At the same time, the parties filed a Joint

Election to Jurisdiction by a United States Magistrate Judge for Discovery Purposes Only,

formalizing their consent to have the Magistrate Judge decide discovery motions "[p]ursuant to

28 U.S.C. § 636(c)."  Dkt. 17-2.  On February 12, 2026, the Court entered an order referring all

pretrial non-dispositive and discovery matters to Magistrate Judge Lett.  Dkt. 27 at 2.  The next

day, "following the referral of this action to the undersigned Magistrate Judge for all pretrial

non-dispositive and discovery matters," Magistrate Judge Lett entered the operative Discovery

Order.  Dkt. 29 at 1.  The Magistrate Judge has not yet entered any other discovery rulings.

On May 15, 2026, at 11:15 a.m. ET, following extensive meet-and-confer discussions

and a courtesy extension from Defendants, the Trust agreed to submit a Joint Motion to the

Magistrate Judge to resolve the Trust's refusal to provide any information pursuant to a

subpoena.  Defendants filed that Joint Motion at 3:11 p.m. ET that same day.  One hour later, at 4:13 p.m. ET, counsel for the Trust, who is also counsel for the Plaintiff, informed Defendants' counsel that due to an internal miscommunication in their office, they had prematurely consented to the motion.  Later informed by the Clerk of the Court that the Joint Motion could not be withdrawn without a Court order, Plaintiff on Saturday, May 16, emailed to ask consent from Defendants to withdraw consideration of all discovery matters from Magistrate Judge Lett and reassign them to Judge Altman, despite the Plaintiff's prior consent.[1]  When the parties conferred by phone on May 18, Plaintiff advised Defendants that he would seek the withdrawal of the referral to Magistrate Judge Lett.

Plaintiff filed a motion to withdraw the referral, and stay discovery pending the outcome of that motion, on May 18, 2026.  *See* Dkt. 53.  That motion cited Magistrate Judge Lett's prior reassignment from a case of this Court's, and her prior representation of a different defendant in a different case of Plaintiff's before taking the bench, as grounds for her removal from the case. *Id.*  The Court promptly denied the motion, explaining that Magistrate Judge Lett had been reassigned from a prior case due only to "case workload and the parties' compressed discovery period," and that the Court trusts her sound discretion on any recusal motion.  *See* Dkt. 54.

Plaintiff's Motion, which Defendants now oppose, followed.

## LEGAL STANDARD

Plaintiff seeks recusal under 28 U.S.C. § 455, a section of the Judicial Code that affords litigants the opportunity to challenge a judge who they believe is biased or appears to be so.  *See* Mot. at 1.  Under this statute, "judges are presumed to be impartial and the movant bears the

---

[1] The timing and frenetic pace of these communications strongly suggest that Plaintiff and the Trust were prepared to move forward with the Joint Motion until someone became concerned, after the filing, with Magistrate Judge Lett deciding the issue.

burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." *Domond v. People Network Aps*, 2017 WL 5640734, at *1 (S.D. Fla. Oct. 30, 2017) (citations omitted). Section 455 affords relief to litigants if a judge's "impartiality might reasonably be questioned," including "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 445(a), (b). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Domond*, 2017 WL 5640734, at *1 (quoting *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)).

**ARGUMENT**

Plaintiff has not come close to showing Magistrate Judge Lett is biased or prejudiced against him. The Eleventh Circuit has made clear that "[r]ecusal cannot be based on unsupported, irrational or highly tenuous speculation." *Imperato v. Navigators Ins. Co.*, 681 F. App'x 743, 746 (11th Cir. 2017) (citation omitted). It has also made clear that a judge's prior representation of a party in a different proceeding does not require recusal. *See Rice v. Chief Exam'r of Ala. Dep't of Examiners of Pub. Accts.*, 2025 WL 1743708, at *4 (11th Cir. June 24, 2025). Yet as the basis for his Motion, Plaintiff offers only belated speculation that this Magistrate Judge, who has been assigned to the case for months, cannot fairly adjudicate discovery disputes today given her prior representation of a different party being sued by Plaintiff when she was in private practice. Plaintiff provides no valid basis to infer that Judge Lett is biased against him.

Plaintiff's sole argument is that four years ago while still in private practice, Judge Lett represented a party being sued by Plaintiff in separate litigation. As an attorney, Judge Lett represented defendant Orbis Business Intelligence, Ltd. in the case *Trump v. Clinton*, 2:22-cv-

14102 (S.D. Fla.).  The case involved claims related to Hillary Clinton and the Steele Dossier—it had no connection to Plaintiff's January 6, 2021 speech or his 2024 reelection campaign.  *See* Mot. at 4.  It was primarily a RICO case.  Now-Magistrate Judge Lett filed a motion to withdraw as attorney on September 12, 2024, before taking the bench, in full compliance with applicable ethics rules.  *See id.*, Dkt. 360; Mot. at 4.  Plaintiff's argument that this prior representation renders her unable to fairly adjudicate his discovery motions amounts to an argument that she could not fairly adjudicate *any* case brought by President Trump, all in the District where he resides and has filed numerous claims.  *See* Compl. ¶ 15.

The Court should reject this unsupported speculation.  A judge's prior representation, while in private practice, in a case involving a party to future litigation before that judge, does not require recusal.  *See, e.g.*, *Rice*, 2025 WL 1743708, at *4 (affirming denial of recusal motion where "Judge Axon's former representation of [a defendant] had nothing to do with this action"); *see also United States v. Page*, 161 F.4th 875, 887 (5th Cir. 2025) (rejecting "argu[ment] that recusal was required because the district judge represented the victim bank in unrelated civil appellate litigation two years before he was indicted," and where, as here, the party seeking recusal "does not explain how this unrelated prior representation clearly or obviously required recusal"); *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621 (7th Cir. 2002) ("Nothing in the Code of Conduct for federal judges makes prior representation of a litigant a disqualifying event."); *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) ("A judge's prior representation of one of the parties in a proceeding, for example, does not automatically warrant disqualification."); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982) ("The fact that [the judge] once represented Texaco in unrelated matters does not forever prevent him from sitting in a case in which Texaco is a party.").

Rather, Section 455 requires a judge's recusal only "where in private practice he served as lawyer in the matter in controversy." 28 U.S.C. § 455(b)(2). Because "Section 455(b)(2) appears designed to deal with this kind of situation" and "does not require recusal here because the prior representation was unrelated . . . [t]hat, too, counsels against finding that the [] judge [is] clearly or obviously required to recuse himself under Section 455(a)," the general provision for circumstances "in which his impartiality might reasonably be questioned." *Page*, 161 F.4th at 887 (citing *Chitimacha Tribe*, 690 F.2d at 1166) (inapplicability of Section 455(b)(2) was relevant in finding that Section 455(a) did not require recusal). That Plaintiff has located a handful of orders in which other Magistrate Judges have chosen to recuse themselves pursuant to this discretionary statute is not to the contrary, and indeed most of his cited orders do not offer any reasoning. *See* Mot. at Ex. A.

Magistrate Judge Lett's prior representation of a company that is *not* a party to this case, in a case that was *not* related to this one, is *not* sufficient grounds for her recusal. The only discovery dispute presently before the Court concerns a third-party subpoena for financial records – to which Plaintiff, despite sharing the same counsel as the Trust, is not even a party. Indeed, Magistrate Judge Lett has been assigned to adjudicate discovery disputes in Plaintiff's other litigation in this District, brought by the same Plaintiff's counsel, without issue and without his seeking her recusal. *See, e.g.*, *Trump v. JPMorgan Chase Bank*, No. 26-cv-21106 (S.D. Fla.) (Lett, M.J.); *Trump v. IRS*, No. 26-cv-20609 (S.D. Fla.) (Lett, M.J.).

Finally, Plaintiff should not be permitted to further stall these proceedings by demanding a stay of discovery based on mere conjecture. This Motion is just the latest in Plaintiff's long line of attempts to delay discovery and the resolution of Defendants' pending, dispositive Motion to Dismiss. The Court has twice denied discovery stays. *See* Dkts. 26, 54. As the Court has

7

found, "[w]e have a set of well-established, discovery-dispute procedures, which will allow our magistrate judge to resolve any discovery issues expeditiously." Dkt. 26 at 4. Magistrate Judge Lett should remain on the case unless and until she is recused, and discovery should continue pursuant to those procedures. The sheer volume of discovery requests that *Plaintiff* has propounded to date – including *503* requests for production of documents – militates in favor of Magistrate Judge Lett continuing to oversee the case without delay, while Judge Altman adjudicates Defendants' pending Motion to Dismiss. Defendants' 30(b)(6) depositions are calendared and noticed for this week in London, Defendants have produced over 45,000 pages of documents (while Plaintiff has produced zero), and the Motion to Dismiss briefing will be completed within the month. While Plaintiff notes that the parties have discussed joint discovery motions, and filed one, that is hardly unexpected in a case involving hundreds of discovery requests between the parties and with third parties. The quick resolution of that dispute, and any others, will benefit the parties and the Court alike.

The Court should deny Plaintiff's Motion.

### CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion and award any other relief deemed proper.

Dated: May 26, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

By: */s/ Charles D. Tobin*
Charles D. Tobin
Maxwell S. Mishkin (*pro hac vice*)
Florida Bar No. 816345
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel:  646-346-8094
duddings@ballardspahr.com

*Attorneys for Defendants*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on May 26, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin