UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:25-cv-25894-RKA-EAL |
| BRITISH BROADCASTING CORP., et al., | ) ) |
| Defendants. | ) ) ) |

**MOTION FOR DISCOVERY HEARING RELATED TO
PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Defendants British Broadcasting Corporation a/k/a BBC (the "BBC"), BBC Studios Distribution Limited, and BBC Studios Production Limited (collectively, "Defendants"), by and through undersigned counsel and pursuant to the February 13, 2026 Order Setting Discovery Procedures (ECF 29) (the "Discovery Order"), hereby file this Motion for Hearing Related to Defendants' First Requests for Production and Interrogatories.[1]

**RELEVANT FACTUAL BACKGROUND**

On March 5, 2026, Defendants served their First Requests for Production and Interrogatories on Plaintiff.  On April 2, Plaintiff requested a two-week extension of his response deadline, from April 6 to April 20, which Defendants accepted.  On April 21, Plaintiff served his responses and objections, following an agreed one-day extension.  The interrogatories were, and remain, unverified.

---

[1] As set forth below, Defendants intended to submit this filing as a Joint Motion, but Plaintiff refused to provide a statement of his position on the two discovery disputes raised herein or a proposed order to include in Exhibit A hereto.

On May 1, 2026, Defendants raised the below deficiencies in a letter to Plaintiff.  On May 6, 2026, the Parties' counsel met and conferred by phone to discuss their respective positions, and counsel were unable to resolve the disputes raised herein.  On May 18, 2026, Plaintiff served unverified supplemental responses to all but Nos. 10 and 11 in the First Interrogatories, but did not amend his responses to Defendants' First Requests for Production.

On May 19, 2026, Defendants provided Plaintiff with a draft of this motion (styled at the time as a Joint Motion) and asked Plaintiff to provide his position on the issues in dispute. Defendants also offered to extend the deadline for this filing, pursuant to Local Rule 26.1(g)(3)(C), until May 26, 2026.  Plaintiff's counsel agreed to the extension and stated that they would "follow up separately to address . . . the draft motion."

By a week later – today, May 26, 2026 – Plaintiff's counsel did not do so.  Therefore, today, Defendants again provided Plaintiff with a draft of this motion (still styled as a Joint Motion) and asked for Plaintiff's position by 8:00 p.m. ET to make the filing deadline required under the Discovery Order.  Plaintiff's counsel responded that afternoon that they "need additional time to confer with our client to discuss our position in the Joint Motion" and requested that Defendants agree "to extend the deadline to file the motion until tomorrow," representing that Plaintiff "will not raise any argument that the motion is untimely."  Defendants' counsel declined the proposed additional extension, explaining that "[t]he language of LR 26.1(g) is mandatory, and the Discovery Order likewise states that Magistrate Judge Lett 'strictly enforces the Local Rules' and that 'the parties must seek relief within the period prescribed in Local Rule 26.1(g)(2).'"  Plaintiff's counsel replied that Defendants do not have Plaintiff's permission to submit this filing as a joint motion.  Defendants therefore now submit this motion solely on their own behalf.

Defendants' counsel has informed Plaintiff's counsel that they remain available to further confer on this dispute following this filing, again, as the Discovery Order provides.

### DISCOVERY DISPUTES REQUIRING RESOLUTION

Defendants seek resolution of their dispute with Plaintiff over his responses to Defendants' First Requests for Production and Interrogatories 10 and 11.  Consistent with the Discovery Order, a proposed order is attached as Exhibit A and the source materials are attached as Exhibit B.

**I.      DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**

Plaintiff's refusal to produce documents and attempts to limit the scope of production are deficient in at least seven ways.  Plaintiff should be required to amend his responses.

*First*, Plaintiff's repetition of boilerplate, unspecific objections to each Request is not permissible under the Discovery Order and should be remedied.  *See* Discovery Order at 7.

*Second*, Plaintiff's overbreadth and relevance objections ignore the sweeping nature of his Complaint and the fact that the Federal Rules permit "discovery regarding any nonprivileged matter that is relevant to any party's claim."  Fed. R. Civ. P. 26(b)(1); *see also Rosenbaum v. Becker & Poliakoff*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (discovery "should be allowed 'unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action'").

*Third*, Plaintiff objects to Requests 95 through 115 as speculative, but these Requests regarding his other lawsuits, including other defamation suits, are directly relevant to assessing whether the statements at issue in *this* case could have caused Plaintiff's claimed financial harm.

*Fourth*, Plaintiff has waived his vagueness objections, as he failed to "attempt to obtain clarification prior to objecting on this ground."  *See* Discovery Order at 7.

*Fifth*, Plaintiff cannot withhold documents based on claims that Defendants already have them.  *See Resterm, LLC v. Neuvian LLC*, 2025 WL 2193155, at *2 (S.D. Fla. Aug. 1, 2025).

*Sixth*, Plaintiff's objections to Defendants' Requests as "duplicative" are meritless when Plaintiff objects to most Requests to begin with. *See Carter v. BPCL Mgmt.*, 2021 WL 7502553, at *1 (S.D. Fla. Apr. 28, 2021) (finding duplicative objections improper where, as here, plaintiff had not yet produced documents or otherwise had boilerplate objections to the other requests).

*Seventh*, Plaintiff's executive privilege invocation is limited, as the privilege can be overcome. It is also potentially precluded by rulings in prior litigation over Plaintiff's communications. *See, e.g.*, *In re Cheney*, 2024 WL 1739096, at *2 (D.C. Cir. Apr. 23, 2024) (noting the "extensive pre-indictment litigation regarding executive privilege").

## II.    DEFENDANTS' FIRST INTERROGATORIES

Plaintiff's non-supplemented responses to Interrogatories 10 and 11 in Defendants' First Set of Interrogatories are equally lacking, for at least the following three reasons, and he should be ordered to amend them promptly.[2]

*First*, Plaintiff's objections to Interrogatories 10 and 11 as premature violate Rule 33(a)(2) and are particularly improper given his insistence on the Defendants completing discovery by May 18, 2026. *See Allen v. Primal Vantage Co.*, 2023 WL 8079457, at *1 (M.D. Fla. Nov. 21, 2023) (rejecting "premature" objection four months into discovery, with only six months left).

*Second*, Plaintiff's objections to Interrogatories 10 and 11 as disproportionate are wholly conclusory and ignore the breadth of the Complaint. Absent *specific* substantiation, these objections are improper. *See Henderson v. Holiday CVS*, 269 F.R.D. 682, 686 (S.D. Fla. 2010).

*Third*, Plaintiff's executive privilege objections to Interrogatories 10 and 11—which ask who he communicated with regarding the January 6, 2021 rally and challenges to the 2020

---

[2] Defendants reserve the right to address Plaintiff's May 18 supplemented responses within the time set by the Rules.

Presidential election results—are invalid.  The privilege "extends only to *communications*," and "should never serve as a means of shielding information regarding governmental operations that do not call ultimately for direct decisionmaking by the President."  *CREW v. U.S. Dep't of Homeland Sec.*, 592 F. Supp. 2d 111, 118-19 (D.D.C. 2009).

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court schedule a discovery hearing to resolve these disputes and award any other relief that the Court deems proper.

Dated: May 26, 2026                                    Respectfully submitted,

<u>*/s/ Charles D. Tobin*</u>
Charles D. Tobin
Maxwell S. Mishkin (*pro hac vice*)
Florida Bar No. 816345
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel:  646-346-8094
duddings@ballardspahr.com

*Counsel to Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on May 26, 2026, which served the same electronically upon all counsel of record.

/s/ Charles D. Tobin
Charles D. Tobin

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), I hereby certify that Defendants have attempted to confer in good faith with Plaintiff prior to filing this motion, as described above.  Plaintiff's counsel has requested that the following statement also be included in this certification:

> In the Parties' conferral efforts, Plaintiff's counsel expressly represented to Defendants' counsel that Defendants do not have Plaintiff's authority to file this motion as a Joint Motion for Discovery Hearing. Plaintiff's counsel further represented that Plaintiff seeks to preserve any and all arguments Plaintiff made in his Motion for the Recusal of Magistrate Judge Enjoliqué A. Lett, for Reassignment to a New Magistrate Judge to Supervise Discovery, and for Brief Stay of Discovery with Incorporated Memorandum of Law (ECF No. 55) ("Motion for Recusal"), including the request for a brief stay of discovery while the Motion for Recusal is pending. Plaintiff's counsel further represented to Defendants that Plaintiff reserves all rights and waives none.

/s/ Charles D. Tobin
Charles D. Tobin