# Exhibit B

# Ballard Spahr
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

May 1, 2026

*Via E-mail*

Alejandro Brito
Ian Corp
BRITO PLLC
2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
abrito@britopllc.com
icorp@britopllc.com

Re:     *Trump v. BBC*, Case No. 1:25-25894 (S.D. Fla.)

Dear Mr. Brito and Mr. Corp:

We write regarding Plaintiff's deficient responses, served on April 21, 2026, to Defendants British Broadcasting Corporation (the "BBC"), BBC Studios Distribution Limited, and BBC Studios Productions Limited's (collectively, "Defendants") First Set of Requests for the Production of Documents and First Set of Interrogatories.

For the reasons stated below, Plaintiff's responses are inadequate and violate both the rules and purpose of the discovery process.  Consistent with Magistrate Judge Lett's February 13, 2026 Order Setting Discovery Procedures (ECF 29) (the "Discovery Order"), and to avoid inconveniencing the Court with wasteful motion practice, we request that Plaintiff promptly cure his deficient responses.  As noted below, we are available for a live discussion about this early next week.

## I.     Plaintiff's Deficient Responses to Defendants' First Set of Requests for the Production of Documents

Plaintiff's refusal to produce documents and attempts to limit the scope of document production are indefensible.

### A.  Plaintiff provides boilerplate, unspecific objections to each Request.

Regurgitating the same template argument ninety-one times to different Requests is the textbook definition of disfavored boilerplate objections.  As Plaintiff is aware, such

Alejandro Brito
May 1, 2026
Page 2

generalized objections are not permissible under the Discovery Order and thus should be remedied. *See* Discovery Order at 7.

### B. Plaintiff's overbreadth and relevance objections ignore the broad, sweeping nature of his own Complaint.

As part of Plaintiff's repeated objections, Plaintiff argues that many of Defendants' Requests are not directly tied to the allegations of his Complaint. The Federal Rules, however, permit "discovery regarding any nonprivileged matter that is relevant to any party's claim." Fed. R. Civ. P. 26(b)(1). While every one of Defendants' Requests clearly relates to Plaintiffs' myriad allegations under any construction of relevancy, they certainly meet this Court's standard, where "ordinarily, discovery based on relevance should be allowed 'unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action.'" *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010); *see also id.* at 1307 ("Indeed, 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to define and clarify the issues . . . Nor is discovery limited to the merits of the case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.' In short, information can be relevant, and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence.").

Plaintiff's invocation of *Blasi v. Simonetti*, 2005 WL 8156013, at *2 (S.D. Fla. Nov. 10, 2005) is inapposite. In *Blasi*, the court limited the defendant's discovery requests, seeking information "reasonably calculated to lead to the discovery of admissible evidence relating to his truth defense," to information "directly relevant" to the truth defense. That decision conflicts with other in-district holdings. *See, e.g.*, *Rosenbaum*, 708 F. Supp. 2d at 1307. In any event, here, *each* of the Requests is *directly* relevant to various components of Plaintiff's claims.

For example, Defendants' Requests 40 through 47—which request documents related to different aspects of the events of January 6, 2021 and to which Plaintiff objected on relevancy grounds—are directly relevant to Plaintiff's defamation claim because they closely relate to how attendees, officials, and others understood the "Stop the Steal" rally. The Complaint directly raises this specific issue. *See* Compl. ¶ 44, 64-65, 105(c), 108.

Additionally, Defendants' Requests regarding Plaintiff's financial holdings, trademarks, financial interests, business ventures, and the like are directly relevant to Plaintiff's claim of damages. Plaintiff is requesting $5 billion in damages in each count of the Complaint, framing his purported damages as injury to his "finances," "reputation," "brand," "properties," and "businesses" allegedly caused by the Documentary. The financial information requested is thus directly relevant to assessing the impact of the Documentary, including whether there were other causes of any financial losses at the time or if there were

Alejandro Brito
May 1, 2026
Page 3

any financial losses suffered at all.  As an illustration: Request 121 asks Plaintiff to provide "[d]ocuments sufficient to show all compensation, gifts, or items of over $100,000 or more in value given to You from January 1, 2021 to present."  The request for these non-negligible receipts, from the time of the events depicted in the Documentary to the present, are *directly* relevant to evaluating whether Plaintiff experienced "injury to [his] business and personal reputation," Compl. ¶ 100, *as a result* of the Documentary's publication, whether there were interceding events, or whether Plaintiff's businesses and personal reputation actually improved since the Documentary aired.

Similarly, Defendants' Requests 93 through 115, regarding evidence in Plaintiff's many other defamation cases, are directly relevant to Plaintiff's damages claims.  Plaintiff alleges that Defendants' Documentary has caused specific financial harm.  It is therefore necessary to isolate the harms allegedly caused by *other* works and publications, and cases in which he has alleged the same.

To the extent that Plaintiff takes issue with the breadth of Defendants' Requests, the scope of Defendants' discovery requests matches the scope of Plaintiff's Complaint.  Plaintiff makes far-reaching an non-specific allegations, *see e.g.*, Compl. ¶ 100-01 (alleging generalized harm to the "value of [Plaintiff's] brand, properties, and businesses" with no limitation of which businesses or the reach of the alleged harm).  Defendants' discovery requests are no broader than Plaintiff's claims. *See Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 576, 578 (N.D. Ga. 1989) ("The complaint in this case sets forth very broad allegations of misconduct. And Duracell's discovery requests broadly touch upon almost all aspects of its competitor's business dealings.").[1]  Plaintiff cannot haul Defendants into a foreign court and seek billions of dollars in this litigation based on broad claims of harm to his businesses, finances, brand, and reputation without allowing Defendants to test whether Plaintiff's claims are supported by evidence.

Plaintiff's repeated protests that Defendants' requests reach into the financial information of "hundreds of non-parties" are likewise unavailing where *Plaintiff* put their financial status and development directly at issue in the Complaint. *See, e.g.*, Compl. ¶ 100 (claiming "[b]usiness ventures bearing [Plaintiff's] name generate hundreds of millions of dollars of annual revenue"); *id.* ¶ 101 (stating that "his brand, properties, and businesses," without specification, limitation, or differentiation suffered "direct harm").  Plaintiff's refusal

---

[1] *See also Nat'l Sourcing, Inc. v. Bracciale*, 2018 WL 11649341, at *2 (M.D. Fla. June 29, 2018) ("[D]efendants' primary objection raised in the pleadings and at the hearing is the breadth of the discovery requests. Plaintiffs acknowledged that many of the requests were broad, but argued that they are necessary based on the allegations and the complex facts of the case. After reviewing the [pleading] and the filings, and considering the argument presented at the hearing, the Court agrees with Plaintiffs that the requests are reasonably tied to the allegations in the operative complaint.").

Alejandro Brito
May 1, 2026
Page 4

to respond amounts to nothing less than evasion where you—in your capacity as counsel for Plaintiff's Revocable Trust—have also claimed that non-parties ought not face the burden of producing these records themselves.  *See* Ex. A (arguing in response to each Request that because the Trust is a non-party, it should not be burdened with the expense and inconvenience of responding to Defendants' subpoena and that Plaintiff's allegations do not entitle Defendants to non-parties' financial information).  Both Plaintiff and the Trust are required to provide this information.  Each cannot point to the other to avoid their independent obligations.

Defendants further object to Plaintiff's limitation that he will search only for documents that he deems "relate to his damages in this action."  Plaintiff is not permitted to cherry-pick which aspects of his business and financial profile Defendants are permitted to see and which will (subject to Defendants' Motion to Dismiss) be presented to a jury in this case.  Rather, Defendants and the jury are entitled to see whether, across all of his businesses, Plaintiff has suffered financial loss attributable to the Documentary.

### C.  Plaintiff's objections based on speculation miss the point.

Plaintiff erroneously objects to Defendants' Requests 95 through 115 on the grounds that they are speculative, asserting that "the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action."  But that is precisely the point—Plaintiff has alleged in *this* litigation that the Documentary and the allegedly false depictions therein caused him financial harm.  It is thus necessary to evaluate that claim by investigating whether the causes of action in Plaintiff's *other* lawsuits, including other "materially different" alleged defamatory statements not at issue in this litigation, were the actual causes of Plaintiff's claimed financial harm.

### D.  Plaintiff's vagueness objections are void.

Plaintiff's multiple vagueness objections are void because they violate the Discovery Order, which requires a party to "attempt to obtain clarification prior to objecting on this ground."  Discovery Order at 7.  Plaintiff has therefore waived this objection.

### E.  Plaintiff's objections based on his conjecture that Defendants may control the documents requested are meritless.

Courts in the Southern District of Florida have found objections based on Plaintiff's argument that several of Defendants' Requests "are in Defendants' possession, custody, or control" to be "meritless."  *Resterm, LLC v. Neuvian LLC*, 2025 WL 2193155, at *2 (S.D. Fla. Aug. 1, 2025) ("All objections that responsive material is publicly available or equally available to the requesting party are overruled as meritless.").  To the extent that Plaintiff has responsive documents, he must produce them.

Alejandro Brito
May 1, 2026
Page 5

### F.  Plaintiff's objections based on duplication are unavailing.

Plaintiff's objections to Defendants' Requests as "duplicative" are meritless when Plaintiff objects to most of Defendants' Requests to begin with.  *See Carter v. BPCL Management, LLC*, 2021 WL 7502553, at *1 (S.D. Fla. Apr. 28, 2021) (finding plaintiff's duplicative objections improper where plaintiff had not yet produced responsive documents or otherwise objected to the other requests with boilerplate objections).  Given Plaintiff's scant responses, Defendants must resort to Requests that may capture overlapping responsive documents—as Plaintiff's own discovery requests often do.  *Compare* Pl.'s First Requests for Production of Documents No. 2 (requesting "[a]ny documents exchanged between BBC & BBC Distribution [sic] regarding the Documentary"), *and id.* No. 3 (requesting "[a]ny documents exchanged between BBC & BBC Productions [sic] regarding the Documentary"), *with* Pl.'s Second Requests for Production of Documents No. 15 (requesting "[a]ny documents exchanged between BBC and BBC Studios relating to the Documentary").

### G.  Plaintiff's executive privilege invocation is limited and potentially precluded.

To the extent that Plaintiff will rely on his executive privilege to withhold responsive documents, he will need to account for those documents in a privilege log to conform with the Discovery Order.  *See* Discovery Order at 8.  Additionally, even where Plaintiff's invocation of executive privilege may be appropriate, that privilege is not absolute and can be overcome with a showing of sufficient compelling need.  Indeed, as Plaintiff is aware, the question of whether Plaintiff's communications are protected by executive privilege has already been the subject of "extensive" litigation in the U.S. District Court for the District of Columbia.  *See, e.g.*, *In re Cheney*, 2024 WL 1739096, at *2 (D.C. Cir. Apr. 23, 2024) (noting the government's official disclosure that "[t]he government and [Plaintiff] engaged in extensive pre-indictment litigation regarding executive privilege.  It took place in five sealed proceedings starting in August 2022 and lasting through March of 2023.  And it concerned the scope of grand jury testimony for 14 witnesses.").  Moreover, then-Chief Judge Beryl Howell reportedly "reject[ed] the former president's claims of executive privilege."  *See, e.g.*, Zachary Cohen et al., *Judge says several Trump aides, including former chief of staff, must testify to Jan. 6 grand jury*, CNN (Mar. 24, 2023), https://www.cnn.com/2023/03/24/politics/trump-aides-executive-privilege-meadows/index.html.  If that reporting is accurate—and Plaintiff would know if it is—then he is precluded from asserting executive privilege over those communications here as well.  *See, e.g.*, *Herrera v. Wyoming*, 587 U.S. 329, 342 (2019) ("Under the doctrine of issue preclusion, a prior judgment forecloses successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.") (cleaned up).

Alejandro Brito
May 1, 2026
Page 6

## II.     Plaintiff's Deficient Responses to Defendants' First Set of Interrogatories

Plaintiff's responses to Defendants' First Set of Interrogatories are equally lacking, for the reasons discussed below.

### A.   Plaintiff's response to Interrogatory Number 1 is inconceivable.

In response to Interrogatory Number 1, which asks Plaintiff to identify "all Persons who You believe to have information, Documents, or Communications Concerning this Action," Plaintiff has failed to identify any new individuals—only listing himself, Defendants, two third-party entities that Plaintiff identifies in the Complaint (Blue Ant Media Corporation and October Films Limited), one third-party entity arising from Defendants' discovery disclosures (Little Dot Studios), the BBC's responses to Plaintiff's First Set of Interrogatories, and individuals already identified in the parties' individual disclosures.  Additionally, though Interrogatory Number 1 requests that Plaintiff "state the substance of the Person's knowledge and/or the nature of the Documents or Communications in their possession," for those that Plaintiff provides this information *at all*, he instead perfunctorily lists that they "ha[ve] knowledge regarding the allegations in the Complaint."

To be clear, as currently framed, Plaintiff's response to Interrogatory Number 1 means that Plaintiff represents no other individual has relevant information to his claims of damages. He makes this claim despite the representation in his OGE Form 278e (June 13, 2025) listing hundreds of non-party entities as assets, all flowing into or associated with Plaintiff's revocable trust, and the Complaint's quotes from and references to other people, *see* Compl. ¶¶ 32, 68 (quoting FCC Chairman Brendan Carr and Mick Mulvaney).  The interrogatory response therefore can only be characterized as evasive.  *See Gonzalez v. Bus. Representation Int'l, Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008) ("Parties who offer evasive interrogatory answers and deposition testimony which omits relevant information invite sanctions.").

### B.   Plaintiff's objections to requests as premature are unavailing.

Plaintiff's objections to requests as premature—made in response to all Interrogatories except Interrogatory Number 1—violate Rule 33(a)(2) and are particularly improper in the face of Plaintiff's insistence on pushing through discovery throughout this litigation.  *See* Pl.s' Resps. & Objs. To Defs.' First Set of Interrogatories at 4-15.  In citing Rule 33(a)(2), Plaintiff ignores the Rule's clear instruction that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention." Fed. R. Civ. P. 33(a)(2).  Yet that objection is precisely what Plaintiff lodges in multiple responses.

Plaintiff's objections are particularly improper given that Plaintiff has opposed Defendants' motion to stay discovery, just asked Defendants to expedite their responses to Plaintiff's Third Requests for Production and production of all discovery responsive to all 385 of their Requests for Production thus far by May 18, 2026, has not sought a protective order

Alejandro Brito
May 1, 2026
Page 7

with regard to his obligation to timely respond to these questions, and commenced this litigation by filing a complaint *last year* in December of 2025, with discovery closing on October 20, 2026. *See Allen v. Primal Vantage Co., Inc.*, 2023 WL 8079457, at *1 (M.D. Fla. Nov. 21, 2023) (rejecting objection that "discovery requests are premature because discovery is in its infancy" as "unpersuasive" when discovery had been ongoing for four months with only six months left before the close of discovery).

### C. Plaintiff's disproportionality objections are unsubstantiated.

Plaintiff also errs in objecting to Interrogatories Numbers 8, 10, 11, 12, 13, and 14, on the grounds that they are disproportionate to the needs of the case. "[T]o even merit consideration, 'an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden.'" *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) (quoting *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998)). Yet Plaintiff's disproportionality objections are wholly conclusory, *see, e.g.*, Pl.s' Resps. & Objs. To Defs.' First Set of Interrogatories at 8 (claiming that Interrogatory Number 8, requesting Plaintiff identify the false statements in the Documentary he is suing Defendants over, is disproportionate to the needs of this case with no reasoning), claim overbreadth with no regard to the breadth of the Complaint itself, *see id.* at 8 (claiming that Interrogatory Number 10, requesting Plaintiff identify all persons who he communicated with regarding the January 6, 2021 "Stop the Steal" rally, is disproportionate to the needs of this case, despite the fact that the Complaint's allegations are about events from that very same rally), and do not amount to proportionality arguments at all, *see id.* at 14 (claiming Interrogatory Number 14 is disproportionate as premature because it seeks information on Plaintiff's FDUPTA theory before Defendants have completed discovery production). Without *specific* substantiation, Plaintiff's disproportionality claims are improper.

### D. Plaintiff's invocation of executive privilege extends the protection beyond its permissible reach.

Finally, Plaintiff's reliance on executive privilege in response to Interrogatories Number 10 and 11—which seek the identification of persons Plaintiff communicated with regarding the January 6, 2021 rally and information regarding any challenge or disagreement with the validity of the 2020 U.S. Presidential election results—falls flat. The executive privilege covers only "documents or other materials that reflect presidential decisionmaking and deliberations and that the President believes should remain confidential." *CREW v. U.S. Dep't of Homeland Sec.*, 592 F. Supp. 2d 111, 116 (D.D.C. 2009) (quoting *In re Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997)). That privilege "extends only to *communications*"—and therefore information such as the identities of individuals with whom Plaintiff communicated sheds no light on "whether the communications related to presidential deliberation or decisionmaking, or whether any substantive communications even occurred," *id.* at 118-19

Alejandro Brito
May 1, 2026
Page 8

(D.D.C. 2009)—and "should be construed as narrowly as is consistent with ensuring that the confidentiality of the President's decisionmaking process is adequately protected." *In re Sealed Case*, 121 F.3d at 752. It "should never serve as a means of shielding information regarding governmental operations that do not call ultimately for direct decisionmaking by the President." *CREW*, 592 F. Supp. 2d at 119 (citing *In re Sealed Case*, 121 F.3d at 752). Interrogatories Numbers 10 and 11, which request the identities of individuals with whom Plaintiff had communications, thus seek information outside the scope of the privilege.

Additionally, even if Plaintiff's invocation of executive privilege were appropriate here, the privilege is not absolute—it can be overcome with a showing of sufficient compelling need. *See In re Sealed Case*, 121 F.3d at 754 (noting that Supreme Court precedent clearly establish[es] that the presidential communications privilege can be overcome by a specific showing of need). Here, such a need is present because Plaintiff's claims that the Documentary falsely depicts his Speech are intimately tied up with facts and circumstances surrounding the Speech itself. Plaintiff's generalized interest in confidentiality cannot be abused to allow him to haul Defendants into court and then decline to produce responsive and highly relevant evidence in the discovery process.

*        *        *

Defendants request that, in light of foregoing, Plaintiff submit revised responses to Defendants' First Set of Requests for the Production of Documents and First Set of Interrogatories. Should you wish to discuss any of our positions stated herein and/or the filing of a joint motion raising a discovery dispute pursuant to Local Rule 26.1(g)(2), please provide your availability for a meet and confer, by videoconference or telephone, on Monday, May 4 or Tuesday, May 5, 2026.

Sincerely,

BALLARD SPAHR LLP

Charles D. Tobin

Attachment: Exhibit A (Donald J. Trump Revocable Trust – objections to subpoena)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, | Case No. 25-CV-25894-RKA |
| Plaintiff, | |
| v. | |
| BRITISH BROADCASTING CORPORATION a/k/a/ BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED, | |
| Defendants. | |

**PLAINTIFF PRESIDENT DONALD J. TRUMP'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION**

Plaintiff, President Donald J. Trump ("President Trump" or "Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, serves his response to Defendants' British Broadcasting Corporation, BBC Studios Distribution Ltd., and BBC Studios Productions Ltd. (collectively, "Defendants") First Request for Production, as follows:

1. All Documents identified in any disclosures You have made in this Action pursuant to Rule 26(a)(1).

**Response:** Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

2. All Documents and Communications Concerning the Documentary, from October 28, 2024 to the filing of this lawsuit on December 15, 2025. For the avoidance of doubt, this includes but is not limited to all Documents and Communications in which You stated or suggested the Documentary was defamatory, violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), or should be retracted.

**Response:** Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

3.      All Documents and Communications Concerning the BBC, from October 28, 2024 to the filing of this Action.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to the BBC, regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents in his possession, custody, or control relating to the Documentary.

4.      All Documents and Communications Concerning BBC Studios Distribution Ltd., from October 28, 2024 to the filing of this Action.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to BBC Studios Distribution Ltd., regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents in his possession, custody, or control relating to the Documentary.

5.      All Documents and Communications Concerning BBC Studios Productions Ltd., from October 28, 2024 to the filing of this Action.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to BBC Studios Productions Ltd., regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see*

*also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will produce non-privileged responsive documents in his possession, custody, or control relating to the Documentary.

6.      All Documents and Communications Concerning this Action, or any threatened lawsuit against any of the Defendants, from June 1, 2023 to the filing of this Action.

**Response:** Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

7.      All Documents and Communications Concerning Your claim in Paragraph 13 of the Complaint that BBC Studios Distribution Limited "co-produced and published the *Panorama* Documentary."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

8.      All Documents and Communications Concerning Your claim in Paragraph 14 of the Complaint that BBC Studios Productions Limited "co-produced and published the *Panorama* Documentary."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

9.      All Documents and Communications Concerning Your claim in Paragraph 16 of the Complaint that "individuals in Florida" "regularly access[]" BBC's "online news reports, editorials, and other media content at https://www.bbc.com."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Subject to and without waiving this objection, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 16 of the Complaint, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

10.     All Documents and Communications Concerning Your claim in Paragraph 17 of the Complaint that "BBC maintains an office, at 255 Alhambra Circle, Suite 1000, Coral Gables, FL 33134" and "BBC Studios Americas Inc., a BBC subsidiary, also operates out of this location."

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Subject to and without waiving this objection, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 16 of the Complaint, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

11.     All Documents and Communications Concerning Your claim in Paragraph 19 of the Complaint that "the BBC offers subscriptions to individuals in Florida and as a result, has thousands of subscribers in Florida."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

12.     All Documents and Communications Concerning Your claim in Paragraph 20 of the Complaint that BritBox "has thousands of subscribers in Florida."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

13.     All Documents and Communications Concerning Your claim in Paragraph 23 of the Complaint that "the *Panorama* Documentary was available to be viewed by citizens of Florida and was, in fact, viewed in Florida by citizens of Florida."

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

14.     All Documents and Communications Concerning Your claim in Paragraph 24 of the Complaint that "the *Panorama* Documentary was available to BritBox subscribers in Florida and was in fact viewed by these subscribers through BritBox and other means provided by the BBC."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

15.     All Documents and Communications Concerning Your claim in Paragraph 30 of the Complaint that it is "overwhelmingly certain that Floridians accessed the Documentary using a VPN during the time the Documentary was available."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Subject to and without waiving this objection, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 30 of the Complaint, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

16.     All Documents and Communications between You and Federal Communications Commission Chair Brendan Carr regarding Defendants and/or the Documentary.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to BBC Studios Productions Ltd., regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

17.     All Documents and Communications Concerning Your claim in Paragraph 34 of the Complaint that Blue Ant Media "distributed the *Panorama* Documentary in North America," "including in Florida."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Moreover, to the extent any documents responsive to this request exist, they are in the possession, custody, or control of Defendants and/or Blue Ant Media. Subject to and without waiving the foregoing, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 34 of the Complaint, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

18.     All Documents and Communications Concerning Your claim in Paragraph 34 of the Complaint that "Blue Ant pulled the Documentary from its catalogue on or about November 12, 2025."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Moreover, to the extent any documents responsive to this

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

request exist, they are in the possession, custody, or control of Defendants and/or Blue Ant Media. Subject to and without waiving the foregoing, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 34 of the Complaint, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

19.     All Documents and Communications Concerning Your claim in Paragraph 35 of the Complaint that "Blue Ant aggressively advertised its exclusive distribution of the *Panorama* Documentary outside of the United Kingdom."

**Response:** To the extent any documents responsive to this request exist, they are in the possession, custody, or control of Defendants and/or Blue Ant Media. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

20.     All Documents and Communications Concerning Your claim in Paragraph 36 of the Complaint that "BBC elected to publish the *Panorama* Documentary just one week before the 2024 United States Presidential Election with the express intent of interfering with it and trying to undermine President Trump's odds of winning reelection."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

21.     All Documents and Communications Concerning Your claim in Paragraphs 37 and 38 of the Complaint that "the BBC explicitly instructed and ordered its producers to travel to Florida" "to film significant portions of the Documentary at and around President Trump's home, Mar-a-Lago, in Palm Beach, Florida."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Moreover, to the extent any documents responsive to this request exist, they are in the possession, custody, or control of Defendants. Subject to and without waiving the foregoing, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 37 of the Complaint, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

22.     All Documents and Communications Concerning Your claim in Paragraph 41 of the Complaint that "October Films Ltd. . . . distributed the Documentary into Florida."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Moreover, to the extent any documents responsive to this request exist, they are in the possession, custody, or control of Defendants and/or October Films Ltd. Subject to and without waiving the foregoing, Plaintiff will search for documents that demonstrate the factual basis for the allegations in paragraph 41 of the Complaint, and if any non-

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

23.     All Documents and Communications Concerning Your claim in Paragraph 7 of the Complaint that "concerns about the Panorama Documentary were raised internally before its dissemination, but the BBC ignored those concerns and did not take corrective action."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

24.     All Documents and Communications Concerning Your claim in Paragraph 44 of the Complaint that "the BBC intentionally omitted President Trump saying, less than one minute after urging supporters to cheer on their senators and congressmen, '*I know that everyone here will soon be marching over to the Capitol building to peacefully and patriotically make your voices heard.*'"

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

25.     All Documents and Communications Concerning Your claim in Paragraph 51 of the Complaint that the Documentary's portrayal of Your speech on January 6, 2021 "was an intentional and malicious effort to falsely and deceptively portray President Trump as having called for violent action on January 6, 2021."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

26.     All Documents and Communications Concerning Your claim in Paragraph 53 of the Complaint that "before the publication of the *Panorama* Documentary, the BBC and its leadership bore President Trump ill will, wanted him to lose the 2024 Presidential Election, and were dishonest in their coverage of him."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

27.     All Documents and Communications Concerning Your claim in Paragraph 54 of the Complaint that "the BBC, its journalists, and its producers knew at and prior to the time they published the *Panorama* Documentary that the BBC's depiction of President Trump's Speech was false."

**Response:** To the extent any documents responsive to this request exist, they are in Defendants' possession, custody, or control. Nevertheless, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

28.     All Documents and Communications Concerning Michael Prescott in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

29.     All Documents and Communications Concerning *The Telegraph* in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

30.     All Documents and Communications Concerning Liz Cheney in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

31.     All Documents and Communications Concerning Rick Wilson in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

32.     All Documents and Communications Concerning Robert Reich in connection with the Documentary.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

33.     All Documents and Communications Concerning Steven Fish in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

34.     All Documents and Communications Concerning Jared Huffman in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

35.     All Documents and Communications Concerning Heather Cox Richardson in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

36.     All Documents and Communications Concerning Brendan Carr or the Federal Communications Commission in connection with the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

37.     All Documents and Communications Concerning October Films Ltd.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to October Films Ltd., regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

38.     All Documents and Communications Concerning Blue Ant Media.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to Blue Ant Media, regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

39.     All Documents and Communications Concerning Little Dot Studios.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to Little Dot Studios, regardless of whether those documents concern any information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

40.     All Documents and Communications Concerning Your claim that you did not explicitly or implicitly call for violent action on January 6, 2021.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to the events of January 6, 2021, regardless of whether those events were published or broadcast in the Documentary, or any of the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013

10

at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

41.     All Documents and Communications that You provided to the U.S. House Select Committee to Investigate the January 6th Attack on the U.S. Capitol.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to the events of January 6, 2021, regardless of whether those events were published or broadcast in the Documentary, or any of the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

42.     All Documents and Communications Concerning the events of January 6, 2021 that You provided to the U.S. Senate Committee on Homeland Security and Government Affairs.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to the events of January 6, 2021, regardless of whether those events were published or broadcast in the Documentary, or any of the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

43.     All Documents and Communications Concerning the events of January 6, 2021 that You provided to Special Counsel Jack Smith.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to the events of January 6, 2021, regardless of whether those events were published or broadcast in the Documentary, or any of the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

44.     All Documents and Communications Concerning the events of January 6, 2021 that You provided to any other federal, state, or local agency or official.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request seeks documents relating to the events of January 6, 2021, regardless of whether those events were published or broadcast in the Documentary, or any of the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

45.     All of Your telephone call logs from November 3, 2020 to January 20, 2021.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request is unlimited in scope and goes well beyond the scope of information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

46.  All of Your calendars, schedules, and daily diaries from November 3, 2020 to January 20, 2021.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request is unlimited in scope and goes well beyond the scope of information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

47.  All Documents and Communications Concerning the "Stop the Steal" rally on January 6, 2021 and the speeches given at that event, including Your speech.  For the avoidance of doubt, this includes planning the "Stop the Steal" rally and Your speech, and includes all

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Communications with any of the following persons: Stephen Bannon; Christina Bobb; Jeffrey Clark; John Eastman; Boris Epshteyn; Michael Flynn; Rudy Giuliani; Preston Haliburton; Bernard Kerik; William Ligon; Ed McBroom; Stephen Miller; Russell Ramsland; Roger Stone; Phil Waldron; and Kelli Ward, as well as all drafts of Your January 6, 2021 speech and all Communications about those drafts.

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. As phrased, the request is unlimited in scope and goes well beyond the scope of information that is relevant to the Documentary or the other disputed issues framed by the parties' pleadings. Thus, the request is also disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). The request also seeks information that is protected by Plaintiff's executive privilege. *See In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("Although executive privilege in general is no stranger to the courtroom, one form of the executive privilege is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."); *see also Trump v. Thompson*, 142 S. Ct. 680, 681 (2022) ("Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice."); *see also Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 371 (2004) (explaining the executive privilege "There are no checks in civil discovery analogous to the constraints imposed in the criminal justice system to filter out insubstantial legal claims."). Subject to and without waiving this objection, Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

48.     All Documents and Communications Concerning Your claim in Paragraph 99 of the Complaint that "specific, extensive economic harms resulted from these defamatory statements" in the Documentary.

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

49.     All Documents and Communications Concerning Your claim in Paragraph 100 of the Complaint that "the value of President Trump's personal brand alone is reasonably estimated to be worth tens of billions of dollars."

**Response:** Plaintiff will search for documents responsive to this request, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

50.     All Documents and Communications Concerning Your claim in Paragraph 100 of the Complaint that "business ventures bearing [Your] name generate hundreds of millions of dollars of annual revenue."

**Response:** Objection, this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

51.     All Documents and Communications Concerning Your claim in Paragraph 101 of the Complaint that "President Trump's damages take the form of direct harm to . . . the value of his brand."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to

Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

52.     All Documents and Communications Concerning Your claim in Paragraph 101 of the Complaint that "President Trump's damages take the form of direct harm to . . . the value of his . . . properties."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

53.     All Documents and Communications Concerning any valuation, offer for sale, or offer to purchase any of the "properties" referenced in Paragraph 101 of the Complaint between 2023 and the present.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

54.    All Documents and Communications Concerning Your claim in Paragraph 101 of the Complaint that "President Trump's damages take the form of direct harm to . . . the value of his . . . businesses."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Although Plaintiff has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.,* Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

55.     All Documents and Communications Concerning any valuation for any purpose relating to the "businesses" referred to in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Although Plaintiff has alleged that his businesses have suffered damages as a result of the *Panorama* Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

56.     All Documents and Communications Concerning Your claim in Paragraph 101 of the Complaint that "President Trump's damages take the form of . . . severe diminishment and tarnishing of his reputation as a politician."

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

57.     All Documents and Communications analyzing, assessing, evaluating, or attributing the cause of the "severe diminishment and tarnishing of his reputation as a politician" alleged in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

58.     All Documents and Communications Concerning the monetary value of Plaintiff's "reputation as a politician".

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages

in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

59.     All Documents and Communications quantifying or attempting to quantify the amount of the "severe diminishing and tarnishing of his reputation as a politician" alleged in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

60.     All Documents and Communications Concerning Your claim in Paragraph 101 of the Complaint that "President Trump's damages take the form of . . . severe diminishment and tarnishing of his reputation as a . . . leader."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

61.     All Documents and Communications analyzing, assessing, evaluating, or attributing the cause of the "severe diminishment and tarnishing of his reputation as a . . . leader" alleged in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

62.     All Documents and Communications Concerning the monetary value of Plaintiff's "reputation as a . . . leader."

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

63.     All Documents and Communications quantifying or attempting to quantify the amount of the "severe diminishing and tarnishing of his reputation as a . . . leader" alleged in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties'

pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

64.      All Documents and Communications Concerning Your claim in Paragraph 101 of the Complaint that "President Trump's damages take the form of . . . severe diminishment and tarnishing of his reputation as a . . . businessman in the eyes of the American public and around the world."

**Response:** Plaintiff objects to this request because it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

65.      All Documents and Communications analyzing, assessing, evaluating, or attributing the cause of the "severe diminishment and tarnishing of his reputation as a . . . businessman in the eyes of the American public and around the world" alleged in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

66.     All Documents and Communications Concerning the monetary value of Plaintiff's "reputation as a . . . businessman in the eyes of the American public and around the world."

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

67.     All Documents and Communications quantifying or attempting to quantify the amount of the "severe diminishing and tarnishing of his reputation as a . . . businessman in the eyes of the American public and around the world" alleged in Paragraph 101 of the Complaint.

**Response:** Plaintiff objects to this request because it is duplicative and it does not accurately reflect the allegations pled in Plaintiff's Complaint. Plaintiff further objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

68.     A copy of any license agreement wherein Plaintiff licensed the right to use his name to any third party between 2020 and the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. Finally, the request seeks financial information from non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

69.     All Documents and Communications Concerning any agreement wherein Plaintiff licensed the right, offered to license the right, or received an offer to license the right, to use Plaintiff's name to or from any third party.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. Finally, the request seeks financial information from non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery:

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

"Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

70.     A copy of any license agreement wherein Plaintiff licensed to any third party the right to use any Trademark owned by Plaintiff between 2020 and the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. Finally, the request seeks financial information from non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

71.     All Documents and Communications Concerning any license, offer to license the right, or receipt of an offer to license the right, to use any Trademark owned by Plaintiff to or from any third party.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. Finally, the request seeks financial information from non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

72.     Documents sufficient to demonstrate the amount of revenue Plaintiff received from licensing his name for each year between 2020 and the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. Finally, the request seeks financial information from non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

73.     Documents sufficient to demonstrate the amount of revenue Plaintiff received from licensing any Trademark he owns between 2020 and the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. Finally, the request seeks financial information from non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

74.     Documents sufficient to demonstrate the amount of revenue received by Plaintiff or Plaintiff's Affiliated Entities from licensing any Trademark owned by any Affiliated Entities between 2020 and the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. The request is also objectionable because it incorporates the term "Trump Affiliated Entities," which refers to several non-parties, and any entities that they own, that have no connection to this action. Finally, the request seeks financial information from those non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.:

29

8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

75.     All Documents and Communications Concerning the royalty or other monetary compensation requested or that should be requested in connection with the licensing of Plaintiff's name and/or Trademarks and/or Trademarks owned by Plaintiff's Affiliated Entities from 2020 to the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. The request is also objectionable because it incorporates the term "Trump Affiliated Entities," which refers to several non-parties, and any entities that they own, that have no connection to this action. Finally, the request seeks financial information from those non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

76.     All Documents and Communications Concerning the monetary compensation received or obtained by Plaintiff or one of Plaintiff's Affiliated Entities in connection with the licensing of Plaintiff's name and/or Trademarks and/or Trademarks owned by Plaintiff's Affiliated Entities from 2020 to the present.

**Response:** Plaintiff objects that this request is overbroad in scope because it is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. The request is also objectionable because it incorporates the term "Trump Affiliated Entities," which refers to several non-parties, and any entities that they own, that have no connection to this action. Finally, the request seeks financial information from those non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

77.     All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of Plaintiff's conviction on thirty-four felony counts for falsifying business records in the case captioned *The People of the State of New York vs. Donald J. Trump.*

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

78.     All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of the allegation that Plaintiff mishandled classified documents as

set forth in the indictment in the case captioned *United States of America v. Donald J. Trump, et al.* in the United States District Court for the Southern District of Florida.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

79.     All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of the allegation that Plaintiff conspired to defraud the United States under Title 18 of the United States Code, obstructed an official proceeding and conspired to obstruct an official proceeding under the Sarbanes–Oxley Act of 2002, and conspired against rights under the Enforcement Act of 1870 as alleged in the indictment in the case captioned *United States of America v. Donald J. Trump* in the United States District Court for the District of Columbia.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

80.     All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of Plaintiff being found liable for sexual abuse against Ms. E. Jean Carroll.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

81.    All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of Plaintiff being found liable for the defamation of Ms. E. Jean Carroll.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

82.    All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of Plaintiff's alleged connection to Mr. Jeffrey Epstein.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

83.     To the extent not otherwise requested, all Documents and Communications Concerning any analysis, evaluation, assessment, evaluation, or consideration of the impact that any act that Plaintiff took, could take, or refrained from taking as President of the United States had or could have on Plaintiff's personal financial interests and/or the value of Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request seeks financial information from those non-parties that are not before the Court. *Cf.,* *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

84.     All Documents and Communications Concerning the refusal of any third party to provide or offer provide monetary compensation to Plaintiff as a result of Defendants' alleged conduct.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, Accordingly, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

85.    To the extent not otherwise requested, all Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of Defendants' alleged conduct.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request seeks financial information from those non-parties that are not before the Court. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

86.    All Documents and Communications Concerning the impact to Plaintiff's "brand" and/or reputation as a politician and/or reputation as a leader and/or reputation as a businessman and/or Trademarks as a result of Plaintiff's conduct following his loss in the 2020 United States Presidential Election.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS,*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, Accordingly, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

87.　　All Documents relating to the prosecution and/or maintenance of any Trademark application or registration that Plaintiff alleges was harmed by Defendants' alleged conduct.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

88.　　All Documents relating to the validity of Plaintiff's Trademarks, including Documents sufficient to demonstrate that Plaintiff has continuously used each Trademark in connection with each good or service for which it is registered or for which Plaintiff claims to possess common law rights.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request seeks financial information from those non-parties that are not before the Court. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at \*3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at \*2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some

36
**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

89.     All Documents to the quality control measures Plaintiff has conducted with respect to each licensee of any of Plaintiff's Trademarks or the Trademarks owned by Plaintiff's Affiliated Entities from 2020 to the present.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. The request is also objectionable because it incorporates the term "Trump Affiliated Entities," which refers to several non-parties, and any entities that they own, that have no connection to this action. Finally, the request seeks financial information from those non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

90.     All Documents and Communications Concerning the quality of any good or service bearing any of Plaintiff's Trademarks or any Trademark owned by Plaintiff's Affiliated Entities.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting

*Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request seeks financial information from those non-parties that are not before the Court. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

91.     All Documents and Communications Concerning any quality control issues relating to any good or service bearing any of Plaintiff's Trademarks or any Trademark owned by Plaintiff's Affiliated Entities.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. The request is also objectionable because it incorporates the term "Trump Affiliated Entities," which refers to several non-parties, and any entities that they own, that have no connection to this action. Finally, the request seeks financial information from those non-parties that are not before the Court. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

92.     All Documents and Communications with any licensee of any Trademark owned by Plaintiff or Plaintiff's Affiliated Entities Concerning the BBC or Defendants' alleged conduct.

**Response:** Plaintiff objects to this request because it is duplicative, it is overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the request is vague because, as phrased, it is unclear what connection the information sought by the request has to the action. The request is also objectionable because it incorporates the term "Trump Affiliated Entities," which refers to several non-parties, and any entities that they own, that have no connection to this action. Finally, the request seeks financial information from those non-parties that are not before the Court. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

93.     All Documents and Communications, from January 1, 2000, to present, in which You have alleged that You were defamed, libeled, slandered, cast in a false light, or suffered reputational injury of any kind.

**Response:** Plaintiff objects to this request because the timeframe is unreasonably large and unduly burdensome, going back over 26 years. As phrased, this request would require Plaintiff, arguably the most newsworthy individual in the world, to employ multiple individuals to search for hundreds of thousands—if not millions—of articles, statements, and other media that have been published, disseminated, circulated, broadcast, or otherwise shared with the public over that timeframe. The cost and time that would be required to accomplish this is exorbitant. Plaintiff further objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

94.     Documents sufficient to identify every civil and criminal case, active at any point from January 1, 2000, to present, in which You have been named as a party in your individual capacity.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, all of this information is publicly available and accessible by Defendants through minimal effort. For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

95.     All Documents and Communications Concerning Your claims in Paragraph 30 of the complaint in the action styled *Donald J. Trump v. Timothy L. O'Brien, et al.*, Case No. L 545 06 (N.J. Super. Ct.), that the defendants' publications "undermined the public's association of Trump with the pinnacle of success in business and the luxury lifestyle, and the financial community's confidence in Trump's considerable financial resources and success" and that "Defendants' false and defamatory statements concerning Trump's net worth have thus inflicted severe injury to Trump's reputation and his ability to successfully carry out his business."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's

40

financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.,* Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

96.     All Documents and Communications Concerning Your claim in Paragraph 38 of the complaint in the action styled *Donald J. Trump v. Timothy L. O'Brien, et al.*, Case No. L 545 06 (N.J. Super. Ct.), that the defendants' publications "[i]nflicted severe damage on [Your] business and reputation."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.,* Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff

in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

97.     All Documents and Communications Concerning Your claim in Paragraph 42 of the complaint in the action styled *Donald J. Trump v. Timothy L. O'Brien, et al.*, Case No. L 545 06 (N.J. Super. Ct.), that "[a]s a proximate result of defendants' publication of the false and defamatory statements," You "suffered injury to [Your] personal and professional reputation in an amount . . . no less than $2.5 billion."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

98.      All Documents and Communications Concerning Your claim in Paragraph 12 of the Answer to Plaintiff's First Amended Complaint, Affirmative Defenses, and Counterclaim in the action styled *E. Jean Carroll v. Donald J. Trump*, Case No. 1:20-cv-7311 (S.D.N.Y.), that You have "been the subject of significant harm to [Your] reputation, which, in turn, has yielded an inordinate amount of damages sustained as a result."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

99.      All Documents and Communications Concerning Your claims in Paragraphs 36, 43, 45, 64 of the complaint in the action styled *Donald J. Trump v. Cable News Network, Inc.*, Case No. 0:22-cv-61842 (S.D. Fla.), that CNN caused harm to Your reputation and interfered with Your political career.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

100.   All Documents and Communications Concerning Your claim in Paragraph 43 of the complaint in the action styled *Donald J. Trump v. Cable News Network, Inc.*, Case No. 0:22cv-61842 (S.D. Fla.), that the "[i]njury to [Your] reputation is readily apparent."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

101.   All Documents and Communications Concerning Your claim in Paragraph 4 of the complaint in the action styled *President Donald J. Trump v. American Broadcasting Companies, Inc., et al.*, Case No. 1:24-cv-21050 (S.D. Fla.), that You have "suffered and will continue to suffer harm as a direct result of Defendants' conduct" in that matter.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

102.   All Documents and Communications Concerning Your claim in Paragraph 74 of the complaint in the action styled *President Donald J. Trump v. American Broadcasting*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Companies, Inc., et al.*, Case No. 1:24-cv-21050 (S.D. Fla.), that the "articles, posts, and statements" listed in the complaint "have resulted in damages to [You] due to the false and misleading statements made" by the defendants in that matter.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

103.     All Documents and Communications Concerning the calculation of Your claim for compensatory damages in the action styled *President Donald J. Trump v. American Broadcasting Companies, Inc., et al.*, Case No. 1:24-cv-21050 (S.D. Fla.).

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

104.     All Documents and Communications Concerning Your claim in Paragraph 16 of the complaint in the action styled *President Donald J. Trump v. CBS Broadcasting Inc.*, Case No.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

2:24-cv-00236 (N.D. Tex.), that "immense harm" was caused to You personally and "to [Your] campaign" by "CBS's deceptive broadcasting conduct."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

105.    All Documents and Communications Concerning Your claim in Paragraph 64 of the complaint in the action styled *President Donald J. Trump v. CBS Broadcasting Inc.*, Case No. 2:24-cv-00236 (N.D. Tex.), that You "sustained damages in an amount . . . reasonably believed to be at least $10,000,000,000," in part because "CBS's distortion of the *60 Minutes* Interview damaged [Your] fundraising and support values by several billions of dollars."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

106.    All Documents and Communications Concerning Your claim in the "Nature of the Action" section of the complaint in the action styled *President Donald J. Trump v. Dow Jones &*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Company, Inc., et al.*, Case No. 1:25-cv-23232-DPG (S.D. Fla.), that You suffered "overwhelming financial and reputational harm" because of the article at issue there.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

107.    All Documents and Communications Concerning Your claim in Paragraph 42 of the complaint in the action styled *President Donald J. Trump v. Dow Jones & Company, Inc., et al.*, Case No. 1:25-cv-23232-DPG (S.D. Fla.), that the "above-referenced articles, posts, and false statements have resulted in overwhelming financial and reputational damages to President Trump, expected to be in the billions of dollars."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

108.    All Documents and Communications Concerning Your claim in Paragraphs 55 and 65 of the complaint in the action styled *President Donald J. Trump v. Dow Jones & Company, Inc.,*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*et al.*, Case No. 1:25-cv-23232-DPG (S.D. Fla.), that You "ha[ve] been damaged" as "a proximate result of the" article at issue there.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

109.    All Documents and Communications Concerning the calculation of Your claim for compensatory damages in the action styled *President Donald J. Trump v. Dow Jones & Company, Inc., et al.*, Case No. 1:25-cv-23232-DPG (S.D. Fla.).

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

110.    All Documents and Communications Concerning Your claim in Paragraph 150 of the amended complaint in the action styled *President Donald J. Trump v. Elizabeth Alexander, et al.*, Case No. 22-CA-000246 (Fla. Cir. Ct.), that "Defendants have inflicted inordinate harm" on You by publishing the statements at issue in that action.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

111.    All Documents and Communications Concerning Your claim in Paragraph 175 of the amended complaint in the action styled *President Donald J. Trump v. Elizabeth Alexander, et al.*, Case No. 22-CA-000246 (Fla. Cir. Ct.), that "Plaintiff's reputation, profession, and business have been damaged by the Pulitzer Statement" at issue in that action.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff

in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

112.     All Documents and Communications Concerning Your claim in Paragraphs 73-74 of the amended complaint in the action styled *President Donald J. Trump v. N.Y. Times Co., et al.*, Case No. 8:25-cv-02487-SDM-NHA (M.D. Fla.), that "discrete economic harms resulted from these defamatory statements," including "massive economic damage to his brand value and significant damage and injury to his future financial prospects."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.,* *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

113.    All Documents and Communications Concerning Your request on page 139 of the amended complaint in the action styled *President Donald J. Trump v. N.Y. Times Co., et al.*, Case No. 8:25-cv-02487-SDM-NHA (M.D. Fla.), for $15 billion in compensatory damages.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

114.    All Documents and Communications Concerning Your claim in Paragraph 92 of the complaint in the action styled *President Donald J. Trump v. JPMorgan Chase Bank, N.A., et al.*, Case No. 2026-001356-CA-01 (Fla. Cir. Ct.), that You "have suffered and continue to suffer overwhelming financial and reputational harm."

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ")

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

(quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at \*3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at \*2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at \*3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

115.    All Documents and Communications Concerning Your request on pages 21, 23, and 26 of the complaint in the action styled *President Donald J. Trump v. JPMorgan Chase Bank, N.A., et al.*, Case No. 2026-001356-CA-01 (Fla. Cir. Ct.), for $5 billion in compensatory damages.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at \*2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at \*3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at \*2 (M.D. Fla. June 17, 2016)

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

(denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

116.   All Documents and Communications sufficient to show any favorability, approval, opinion, or popularity polls or ratings for or about You, from January 1, 2021, to present.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

117.   All of Your tax returns, from all jurisdictions, including all attachments, schedules, and worksheets, for tax years 2021 to the present.

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

118.    Documents sufficient to show all sources of Your income, including but not limited to the dollar figure attributable to each source, from January 1, 2021 to present.  For the avoidance of doubt, income includes earned and unearned income.

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

119.     Documents sufficient to show all of Your financial holdings, including but not limited to the financial value of each holding, from January 1, 2021 to present.

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

120.     Documents sufficient to show the value of Your personal brand, including but not limited to the financial value of Your personal brand, from January 1, 2021 to present.

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at

issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

121.    Documents sufficient to show all compensation, gifts, or items of $100,000 or more in value given to You from January 1, 2021 to present.

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

122.    Documents sufficient to show all assets, including but not limited to the financial value of each asset, held by You, from January 1, 2021 to present.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

123.     Documents sufficient to show all of Your financial liabilities, including but not limited to the financial value of each financial liability, from January 1, 2021 to present.

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

124.    All Documents and Communications Concerning any financial losses You or any of Your businesses have allegedly incurred as a result of the Documentary.

**Response:** Plaintiff objects to this request because it is overbroad in scope and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf., Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the false and defamatory statements alleged by Plaintiff in that action are materially different to those alleged in this action. Thus, it is speculative what probative value, if any, these documents will have in this action. Subject to and without waiving these objections, Plaintiff will search for documents responsive to this request that relate to his damages in this action, and if any non-privileged documents are in his possession, custody, or control, Plaintiff shall produce those documents.

125.    The "voluminous and comprehensive financial information made available" to the defendants in *Donald J. Trump v. Timothy L. O'Brien, et al.*, Case No. L 545 06 (N.J. Super. Ct.),

as referenced in Paragraph 2 of the complaint in that action.  *See also id*. ¶ 19 ("Trump directed that O'Brien be given complete access to comprehensive information … detailing his holdings, assets and ownership thereof.").

**Response:** Plaintiff objects to this request because it is duplicative, overbroad in scope, and is not tailored to the allegations framed by the parties' pleadings related to Plaintiff's damages. Thus, the request is disproportional to this action. *See generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' ' . . . a defendant should not be allowed to engage in a 'fishing expedition.' ") (quoting *Perrone v. CBS, Inc.,* 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, that alone does not entitle Defendants to carte-blanche discovery into the financial information of hundreds of non-parties. *Cf.*, *Exist, Inc. v. E.S.Y., Inc.,* No. 14-CV-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) ("Because these allegations necessarily put Plaintiff's financial status before, during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable."); *see also Benz v. Crowley Logistics, Inc.,* No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *2 (M.D. Fla. June 17, 2016) (denying motion to compel discovery: "Therefore, Rule 26 is not an 'unlimited license for fishing expeditions.' Some gatekeeping, or threshold showing of relevancy must be met to avoid arbitrary discovery that does not bear on the relevant issues.") (quoting *Belcher v. A & M Business Properties, Inc.*, Case No.: 8:10-cv-2898-T-23AEP, 2015 WL 4527575 at *3 (M.D. Fla. July 27, 2015)); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). Moreover, the production of documents in one action does not automatically render those same documents discoverable in another action. For these reasons, Plaintiff will not be responding to this request as phrased but will meet and confer with Defendants to discuss this request.

126.    All Documents and Communications You reviewed, referred, relied upon, or consulted to answer these Requests or any of Defendants' Interrogatories.

**Response:** None.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: April 21, 2026

Respectfully submitted,

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 21, 2026 the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

                                       */s/Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a/ BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED,<br><br>    Defendants. | Case No. 25-CV-25894-RKA |

**PLAINTIFF PRESIDENT DONALD J. TRUMP'S FIRST SUPPLEMENTAL**
**RESPONSES AND OBJECTIONS TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**

Plaintiff, President Donald J. Trump ("President Trump" or "Plaintiff"), by and through undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida, hereby serves his First Supplemental Responses and Objections to Defendant British Broadcasting Corporation's ("BBC") First Set of Interrogatories, as follows:

**PRELIMINARY STATEMENT AND OBJECTIONS**

1.     Discovery in this action is in its earliest stages. President Trump's investigation remains ongoing and will continue as the BBC produces documents, responds to discovery, and as the parties proceed with depositions and third-party discovery.

2.     All of the interrogatories, except for Interrogatory No. 1, consist of premature contention interrogatories asking President Trump, at the outset of discovery, to marshal all

evidence, identify every support fact, document, and witness, and disclose counsel's developing theories before President Trump has had a meaningful opportunity to complete party discovery, third party discovery, document review, and expert discovery. Federal Rule of Civil Procedure 33(a)(2) expressly provides that a "court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Compelling partial responses to such contention interrogatories at this early stage would be inefficient and unfair, effectively requiring President Trump to provide incomplete responses now and then respond again after substantial discovery is completed. Requiring multiple rounds of partial and evolving responses unnecessarily increases discovery disputes and compounds the time, effort, burden, and cost of the litigation.

3.      President Trump reserves the right, pursuant to Federal Rule of Civil Procedure 26(e), to supplement, amend, correct, or clarify these objections and responses as additional information is identified and as the case progresses.

4.      Further, President Trump is the President of the United States. The Interrogatories purport to seek information about communications, activities, and speech at the core of the Presidency, including communications concerning events of January 6, 2021, communications concerning the 2020 Presidential Election, and the residential and telephonic contact information of the President. President Trump objects to each Interrogatory to the extent it seeks information protected by the executive privilege, the attorney-client privilege, the work product doctrine, and any other applicable privilege or immunity recognized under federal or state law.

5.      Nothing in these responses shall be construed as: (a) a waiver of any objection as to relevance, materiality, competence, authenticity, or admissibility; (b) an admission of the existence or accuracy of any fact, document, or allegation; (c) an admission that any Interrogatory

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

is proper or that any information is discoverable; (d) a waiver of any privilege, immunity, or protection; (e) an agreement with any characterization of facts, law, or events contained in the Interrogatories; or (f) a concession that President Trump possesses any particular responsive information.

6.      President Trump expressly incorporates each of the foregoing objections into each specific response to the Interrogatories set forth below as if fully set forth therein.

## ANSWERS TO INTERROGATORIES

1.      Identify all Persons who You believe to have information, Documents, or Communications Concerning this Action, and for each, state the substance of the Person's knowledge and/or the nature of the Documents or Communications in their possession.

**Answer:**

President Donald J. Trump
c/o Brito, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Coral Gables, FL 33134

President Trump has knowledge regarding the allegations in the Complaint.

British Broadcasting Corporation, by and through its corporate representative
c/o Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006

BBC has knowledge regarding the allegations in the Complaint.

BBC Studios Distribution Limited, by and through its corporate representative
c/o Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006

BBC Studios Distribution Limited has knowledge regarding the allegations in the Complaint.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

BBC Studios Productions Limited, by and through its corporate representative
c/o Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006

BBC Studios Productions Limited has knowledge regarding the allegations in the Complaint.

October Films Ltd., by and through its corporate representative
Benwell Studios
11-13 Benwell Road
London N7 7BL
England

Blue Ant Media Corporation, by and through its corporate representative
99 Atlantic Avenue, Fourth Floor
Toronto, Ontario M6K 3J8
Canada

Little Dot Studios, by and through its corporate representative
Berkshire House
168-173 High Holborn
London WC1V 7AA
England

All persons identified in the BBC's responses to Interrogatories 1, 2, 4, and 5 of President Trump's First Set of Interrogatories
c/o Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006

All individuals identified in the parties' initial disclosures.

Discovery is ongoing. President Trump reserves the right to supplement this response as discovery evolves.

**First Supplemental Answer:** President Trump does not have any additional persons to identify at this time. Discovery is ongoing. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory

by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

2.      State the entire basis for Your contention in Paragraph 16 of the Complaint that the BBC "during the operative period alleged in this Complaint, engaged in substantial and not isolated business activities in Florida, and more specifically in this District."

**Answer:**   President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to state the "entire basis" for a central jurisdictional allegation before President Trump has completed jurisdictional discovery. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time. President Trump shall supplement this response upon completion of jurisdictional discovery that is presently ongoing and evolving.

**First Supplemental Answer:** President Trump states that the current basis for the contention in Paragraph 16 includes, without limitation, BBC's continuous publication, transmission, commercialization, and availability of BBC content and services in the United States and Florida; BBC's Florida- and Miami-facing webpages; the availability of BBC online content, digital services, subscription offerings, news content, weather content, and other BBC services to users in Florida; BBC-related operations and personnel in the United States and Florida; and BBC's broader U.S.-facing news, editorial, digital, and broadcast operations.

The Complaint alleges that BBC publishes online news reports, editorials, and other media content at BBC.com that are regularly accessed by individuals in Florida; maintains Florida- and Miami-specific webpages; offers subscriptions to individuals in Florida and the United States; offers BBC-related streaming content and services to users in Florida; and maintains or operates through BBC-related operations in Coral Gables, Florida.

Discovery to date further supports this contention. Richard Burgess testified that BBC News USA and BBC News fall under the BBC umbrella, that BBC News USA consists of employees based in the United States, and that BBC has U.S.-based personnel involved in news, digital, website, and editorial operations.

Burgess also testified that BBC's U.S.-based operations include employees, editors, and personnel involved in BBC news and website coverage; that BBC's news channel is accessible in the United States; and that BBC.com is the BBC's international website for news content.

With respect to Coral Gables, Burgess testified that the personnel located there are employed by BBC News USA, Inc., an entity within the BBC umbrella, and that they perform BBC-related work, including work for BBC Mundo and BBC Monitoring. President Trump does not contend that personal jurisdiction depends on proving that Coral Gables personnel personally edited or produced the Documentary. Rather, President Trump relies on BBC's Coral Gables presence as one component of BBC's continuous Florida and United States contacts.

President Trump further relies on Burgess's testimony that BBC has partnerships with NPR and PBS and that some BBC news content may be distributed by PBS and NPR in the United States. President Trump also relies on Defendants' corporate structure, BBC-related U.S. entities, U.S.-based personnel, Florida-facing operations, platform availability, subscriptions, digital services, and publication of content into Florida.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Discovery remains ongoing, including jurisdictional discovery, document discovery, third-party discovery, and further depositions. President Trump reserves the right to supplement this response as additional information is obtained. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

3.　　State the entire basis for Your contention in Paragraphs 37-39 of the Complaint that the BBC filmed or otherwise produced the Documentary in Florida.

**Answer:**　President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to state the "entire basis" for a central jurisdictional allegation before President Trump has completed jurisdictional discovery. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time. President Trump shall supplement this response upon completion of jurisdictional discovery that is presently ongoing and evolving.

**First Supplemental Answer:** President Trump states that the current basis for the contentions in Paragraphs 37–39 includes, without limitation, the Documentary's use, incorporation, publication, and reliance on Florida-based footage, images, locations, events, and subject matter, including footage and depictions of Mar-a-Lago, Palm Beach, President Trump,

President Trump's supporters, President Trump's motorcade, and events occurring in Florida. The Complaint identifies multiple portions of the Documentary depicting Florida-based locations, persons, and events.

Discovery to date further supports President Trump's contention that Florida-based materials were incorporated into the Documentary through the production process overseen and approved by BBC personnel and/or BBC's production partners. Leo Telling testified that he was the BBC executive producer for the Documentary, that he signed off on the BBC/October Films production agreement, and that his role included review of the production agreement for editorial and technical specifications.

President Trump also relies on testimony concerning the sourcing, clearing, selection, editing, approval, and incorporation of footage and materials used in the Documentary, including Florida-based footage. President Trump continues to investigate the persons and entities involved in capturing, sourcing, licensing, selecting, clearing, editing, approving, transmitting, publishing, and distributing those Florida-based materials. President Trump reserves the right to supplement this response as discovery evolves.

4.     State the entire basis for Your contentions in Paragraphs 22-25 and 33 of the Complaint that the BBC distributed the Documentary in Florida.

**Answer:**  President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to state the "entire basis" for a central jurisdictional allegation before President Trump has completed jurisdictional discovery. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time. President Trump shall supplement this response upon completion of jurisdictional discovery that is presently ongoing and evolving.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**First Supplemental Answer:** President Trump states that the current basis for the contentions in Paragraphs 22–25 and 33 includes, without limitation, Defendants' publication, transmission, placement, commercialization, distribution, availability, access, and/or attempted access of the Documentary through BBC-controlled platforms, BBC-related services, and third-party distribution channels. The Complaint alleges that the Documentary was available to be viewed by Florida citizens through various means, including BBC-related platforms and services, VPN access to BBC iPlayer, and third-party distribution channels.

President Trump further relies on the Complaint's allegations that Defendants placed the Documentary into streams of commerce and channels of distribution reaching the United States and Florida, including through international distribution arrangements and third-party distribution channels.

Discovery to date further supports inquiry into Defendants' distribution, availability, and access systems. Richard Cooper testified that BBC maintained rights metadata, distribution-system records, IP geolocation data, and VPN-detection information relevant to determining the Documentary's availability, access, and attempted access. Cooper also testified that BBC used GeoComply/GeoGuard technology to identify IP geolocation and VPN/circumvention technologies.

President Trump continues to seek discovery concerning BBC iPlayer, BBC platforms, BBC-related streaming or digital services, third-party distributors, platform analytics, CDN records, IP-geolocation records, VPN-detection records, and other data bearing on the Documentary's distribution, availability, access, and attempted access in Florida. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not

grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

5.      State the entire basis for Your contentions in Paragraphs 22-25 and 33 that individuals in Florida accessed the Documentary in Florida on or before December 15, 2025.

**Answer:** President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to state the "entire basis" for a central jurisdictional allegation before President Trump has completed jurisdictional discovery. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time. President Trump shall supplement this response upon completion of jurisdictional discovery that is presently ongoing and evolving.

**First Supplemental Answer:** President Trump states that the current basis for the contentions in Paragraphs 22–25 and 33 includes, without limitation, the Documentary's availability through BBC-controlled platforms and BBC-related distribution channels; public reporting and instructions concerning access to the Documentary from outside the United Kingdom; widespread use of VPNs and other circumvention technologies to access BBC iPlayer and geographically restricted content; and Defendants' own records concerning IP geolocation, VPN detection, access requests, distribution logs, platform analytics, and related data.

The Complaint alleges that Florida users could access BBC content through VPNs and other means; that VPN usage in Florida increased significantly; that VPN users commonly access BBC iPlayer and similar streaming platforms; and that public articles instructed users how to access the Documentary from the United States.

Discovery to date further supports President Trump's position that Defendants' systems and records are relevant to determining Florida access and attempted access. Cooper testified that BBC used IP-geolocation and VPN-detection systems associated with content requests and geographic-location data. Cooper also testified that GeoGuard is not guaranteed to be accurate 100 percent of the time and that VPN detection is a continuing "cat and mouse game."

President Trump continues to seek discovery concerning access logs, IP-geolocation records, VPN-detection records, CDN logs, platform analytics, third-party distributor records, and other evidence showing whether, when, and how Florida users accessed or attempted to access the Documentary. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

6.     Identify all Persons who, to your knowledge, viewed the Documentary in Florida on or before December 15, 2025, and for each such Person, identify the method(s) by which they viewed the Documentary in Florida.

**Answer:** President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to all evidence relating to a central jurisdictional allegation before President Trump has completed jurisdictional discovery. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time.  President Trump shall supplement this response upon completion of jurisdictional discovery that is presently ongoing and evolving.

**First Supplemental Answer:** Plaintiff states that Defendant BBC and its co-Defendants failed to employ sufficient measures to exclude residents from Florida from being able to view the Documentary or precluding the Documentary from being accessible in Florida. Under Fed. R. Civ. P. 33(d), Plaintiff refers Defendant BBC to the allegations in paragraphs 30 and 31 of the Complaint. President Trump reserves the right to supplement this response as discovery evolves.

7.     State the entire basis for Your contention that Blue Ant Media, Little Dot Studios, or any other non-party entity distributed the Documentary in Florida.

**Answer:** President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to state the "entire basis" for a central jurisdictional allegation before President Trump has completed jurisdictional discovery. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time. President Trump shall supplement this response upon completion of jurisdictional discovery that is presently ongoing and evolving.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**First Supplemental Answer:** Plaintiff is not making any contention in the Complaint that Little Dot Studios distributed the Documentary in Florida. Further, under Fed. R. Civ. P. 33(d), Plaintiff refers Defendant BBC to the allegations in paragraphs 34 and 35 of the Complaint. President Trump reserves the right to supplement this response as discovery evolves.

8.      Identify every statement in the Documentary that You contend is false or conveys a false implication, explain specifically what is false about each statement or alleged implication, what You contend the truth is, and identify all facts that support Your contention that the statement or implication is false, all Documents or Communications that support Your contention, and all Persons with knowledge regarding the truth or falsity of the statement or implication.

**Answer:** President Trump objects to this Interrogatory as a premature contention interrogatory because it effectively demands President Trump's entire defamation case, including every allegedly false statement or implication, all supporting facts, all supporting documents, and all knowledgeable persons, before fact discovery and expert discovery have even begun. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time. At this early stage, a complete response would require Plaintiff to marshal and synthesize information from *anticipated* document discovery, third-party discovery, depositions, and expert discovery, much of which has not even commenced, remains incomplete, or is outside of President Trump's possession, custody, or control. Compelling only a partial response now would be inefficient and unfair because President Trump would likely be required to revise and supplement the same response repeatedly as discovery proceeds. Such an approach lacks finality and unnecessarily compounds the time, effort, burden, and cost of the litigation. President Trump further objects because the Interrogatory is disproportionate to the needs of the case at this stage and seeks attorney work product and mental

impressions concerning case theory, evidentiary selection, and witness identification. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *see also Chase v. Nova Se. Univ., Inc.,* 2012 WL 204173, at *2 (S.D. Fla. Jan. 24, 2012) (interpreting and relying on *Sporck*); *see also Jackson v. Geometrica, Inc.,* 2006 WL 510059, at *1 (M.D. Fla. Mar. 2, 2006); *see also In re Seroquel Products Liab. Litig.,* 2008 WL 215707, at *4 (M.D. Fla. Jan. 24, 2008).

**First Supplemental Answer:** Under Fed. R. Civ. P. 33(d), Plaintiff refers Defendant BBC to paragraphs 42 through 44 and 105 in Plaintiff's Complaint. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

9.      State the entire basis for Your contention in Paragraph 54 of the Complaint that, at the time of publishing the Documentary, the BBC knew that the Documentary and its intended implications were false.

**Answer:**   President Trump objects to this Interrogatory as a premature contention interrogatory because it asks President Trump to state the "entire basis" for actual malice, a merits

issue turning heavily on Defendants' knowledge and state of mind, before President Trump has completed discovery into Defendants' internal communications, editorial decisions, and related evidence. Fed. R. Civ. P. 33(a)(2) expressly recognizes that a contention interrogatory need not be answered until designated discovery is complete or another appropriate time.

**First Supplemental Answer:** Defendant BBC knew or should have known that the defamatory statements in the Documentary were false because Defendant BBC made the decision to develop the Documentary with the assistance of October Films, Ltd., over two years *after* President Trump's speech on January 6, 2021, occurred. By then, Defendant had available at its disposal, along with its own prior reporting, hundreds, if not thousands, of examples reporting on President Trump's speech on January 6, 2021, including the speech in its entirety. Moreover, because Defendants' Documentary splices together separate statements made by President Trump at different times in his Speech, Defendants knew that when the Documentary was published that the defamatory statements were false. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

10.     Identify all Persons with whom You have communicated regarding any aspect of the January 6, 2021 "Stop the Steal" rally, including but not limited to planning the event, Your January 6, 2021 speech at the event, and discussions about the event after the fact.

**Answer:**   President Trump objects to this Interrogatory as facially overbroad and disproportionate to the needs of the case. The request seeks identification of all Persons with whom President Trump has communicated regarding any aspect of the January 6, 2021 "Stop the Steal" rally, including planning, President Trump's speech, and discussions after the fact. As drafted, the Interrogatory is not reasonably limited by subject matter, custodian, time, medium, or nexus to any particular claim or defense, and instead sweeps in an extraordinarily broad universe of communications, including political, governmental, legal, logistical, security-related, media-related, and personal communications over a highly sensitive subject. Responding would require an extensive, burdensome, and inherently imprecise review of voluminous materials across multiple sources and custodians, including materials that may not be within President Trump's present possession, custody, or control. Plaintiff further objects that the Interrogatory is disproportionate under Fed. R. Civ. P. 26(b)(1). Whatever marginal relevance Defendants may claim is substantially outweighed by the extraordinary burden, expense, and sensitivity of the review required, particularly given that the request is not tailored to any specific statement in the Documentary, any discrete defense, or any narrowly framed issue in this action. President Trump further objects because the Interrogatory necessarily seeks information protected from disclosure by multiple privileges and immunities, including but not limited to the attorney-client privilege, work-product doctrine, executive privilege, and presidential communications privilege. The subject matter of the request inherently encompasses communications that may involve counsel, advisors, executive-branch officials, governmental personnel, campaign personnel, and security

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

personnel, such that any attempt to provide a complete response would unavoidably risk invading protected matters. President Trump also objects that the Interrogatory is premature to the extent it seeks a definitive identification of all such persons before discovery has sufficiently progressed and before the scope of any truly relevant nonprivileged communications has been properly narrowed through party discovery, document discovery, and meet-and-confer regarding custodians and privilege issues.

11.   Identify all Persons with whom You have communicated regarding Your efforts to challenge, and/or Your disagreements with the validity of, the results of the 2020 U.S. Presidential Election, including but not limited to the U.S. Congress's certification of the election results on January 6, 2021.

**Answer:**   President Trump objects to this Interrogatory as facially overbroad and disproportionate to the needs of the case. The request seeks identification of all Persons with whom President Trump communicated regarding his efforts to challenge, and/or disagreements with, the validity of the results of the 2020 U.S. Presidential Election, including Congress's certification of those results on January 6, 2021. That request spans an enormous range of topics, events, communications, and participants over an extended period and is not reasonably limited by subject matter, time frame, custodian, medium, or connection to any specific statement or issue in dispute here. It would require burdensome collection, review, and categorization of voluminous communications across governmental, legal, political, campaign, personal, and media-related contexts. President Trump further objects that the Interrogatory is disproportionate under Fed. R. Civ. P. 26(b)(1). The burden, expense, sensitivity, and privilege review implicated by such a sweeping request far exceed any likely benefit, particularly where Defendants have not narrowly tailored the request to any particular allegation in the Complaint, any specific passage in the

Documentary, or any discrete defense requiring this extraordinary scope of disclosure. President Trump further objects because the Interrogatory necessarily seeks information protected from disclosure by multiple privileges and immunities, including but not limited to the attorney-client privilege, work-product doctrine, executive privilege, and presidential communications privilege. The subject matter of the request inherently encompasses communications that may involve counsel, advisors, executive-branch officials, governmental personnel, campaign personnel, and security personnel, such that any attempt to provide a complete response would unavoidably risk invading protected matters. President Trump also objects that the Interrogatory is premature to the extent it seeks a definitive identification of all such persons before discovery has sufficiently progressed and before the scope of any truly relevant nonprivileged communications has been properly narrowed through party discovery, document discovery, and meet-and-confer regarding custodians and privilege issues.

12.     Describe all damages You contend You sustained as a result of the Documentary, including by identifying all Persons with knowledge of facts relating to Your alleged damages and the substance of each person's knowledge, and by identifying the nature of each injury, the amount of damage You allegedly incurred, how You calculated that amount, and all facts Concerning the allegation of injury.

**Answer:**  President Trump objects to this Interrogatory to the extent it seeks a premature and exhaustive damages contention before fact discovery, third-party discovery, and expert discovery are sufficiently developed. The Interrogatory is overbroad and disproportionate because it requires President Trump, at an early stage of the case, to identify all persons with knowledge relating to damages, state the substance of each person's knowledge, identify the nature of each alleged injury, quantify each category of damages, explain all calculations, and identify all

supporting facts. In practical effect, the Interrogatory seeks President Trump's entire present and anticipated damages case, including matters that will depend on document discovery, third-party discovery, expert analysis, and additional factual development. President Trump further objects because the Interrogatory seeks information that may implicate attorney work product and mental impressions to the extent it calls for President Trump's present assessment of how particular facts, witnesses, and documents support particular damages theories. President Trump further objects to the extent the Interrogatory seeks information not presently known after reasonable inquiry, or information that will be the proper subject of expert discovery, supplementation, and proof at later stages of the case. Subject to and without waiving those objections, President Trump contends that he sustained, and continues to sustain, damages as a result of the Documentary, including but not limited to reputational harm, injury to standing and good name, injury arising from the widespread publication and republication of the challenged statements and implications, and related consequential harm. President Trump further contends that the Documentary caused and foreseeably contributed to harm by portraying Plaintiff in a false and defamatory manner to a broad audience, including viewers in the United States and Florida, and by causing repetition and amplification of the challenged accusations and implications.

**First Supplemental Answer:** Plaintiff has sustained damages approximated to be $10 billion. As stated in his initial disclosures, Plaintiff will rely on expert testimony to quantify his reputational and economic harm. To date, however, Plaintiff has not retained any such expert witness to do so. Moreover, although Plaintiff has alleged that his businesses have suffered damages as a result of the Documentary, he has not yet determined all of his businesses that have suffered economic harm in connection with the defamatory statements in the Complaint. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach*

*& Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

13.     Identify every instance, from January 1, 2015 to present, in which You have threatened to assert, or actually asserted, a claim for defamation, slander, libel, injury to reputation, false light, emotional distress, harm to Your financial condition or earning capacity, or harm to Your personal, business, or political relationships.

**Answer:** President Trump objects to this Interrogatory as facially overbroad and disproportionate to the needs of the case. The Interrogatory seeks identification of every instance, over a period of more than a decade, in which President Trump has threatened to assert, or actually asserted, any claim for defamation, slander, libel, injury to reputation, false light, emotional distress, harm to financial condition or earning capacity, or harm to personal, business, or political relationships. As drafted, the request is not reasonably tailored by subject matter, forum, claim type, relevance, or connection to any specific issue in this action, and instead sweeps in a vast range of public and non-public matters, legal disputes, threatened disputes, correspondence, and proceedings that may have little or no bearing on any claim or defense here. President Trump further objects that the Interrogatory is disproportionate because the timeframe imposed by the request spans a broad universe of matters spanning many years, including public litigation, pre-

suit demands, threatened claims, counsel communications, internal analyses, and other materials across multiple custodians and sources several years before the Documentary was ever contemplated. That disproportionality is magnified by the breadth of the categories listed and the absence of any meaningful limitation tied to the claims actually at issue in this case. Whatever limited probative value some subset of prior defamation-related matters might have, the sweeping request as drafted imposes burdens and expenses far out of proportion to any likely benefit, especially at this stage of discovery and especially where much of the responsive information, to the extent it concerns filed public actions, is equally or more readily available to Defendants from public records and public databases. President Trump further objects to the extent that the Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, or other applicable protections, including communications reflecting legal advice, litigation strategy, threatened claims never filed, or counsel's mental impressions regarding potential or actual claims. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *see also Chase v. Nova Se. Univ., Inc.,* 2012 WL 204173, at *2 (S.D. Fla. Jan. 24, 2012) (interpreting and relying on *Sporck*); *see also Jackson v. Geometrica, Inc.,* 2006 WL 510059, at *1 (M.D. Fla. Mar. 2, 2006); *see also In re Seroquel Products Liab. Litig.,* 2008 WL 215707, at *4 (M.D. Fla. Jan. 24, 2008).

**First Supplemental Answer:** Plaintiff identifies the following matters:

*Trump v. Cable News Network, Inc.*, 22-cv-61842-AHS (Southern District of Florida)

*Trump v. Orbis Business Intelligence, Ltd.,et. al.*, 22-cv-14102 (Southern District of Florida)

*Trump v. Cohen*, 23-cv-21377-DPG (Southern District of Florida)

*Trump v. ABC News, Inc., et. al.,* 24-cv-21050-CMA (Southern District of Florida)

*Trump v. New York Times Company, et. al.*, 25-cv-02487-SDM-NHA (Middle District of Florida)

*Trump v. Dow Jones Company, Inc., et. al.,* 25-cv-23232-DPG (Southern District of Florida)

*Trump, et. al. v. JPMorgan Chase, N.A., et. al.*, 26-cv-21106-KMW (Southern District of Florida)

However, by identifying these matters, Plaintiff does not agree that the factual allegations contained therein, the defamatory statements alleged in those actions, or the reputational harm suffered by those defamatory statements are relevant to this action. Indeed, the defamatory statements and the context in which they were published by Defendants are unique to this action, and the same applies to the defamatory statements in the other actions. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

14.    State the entire basis for Your contention in Paragraphs 116-117 of the Complaint that the Documentary constitutes "trade or commerce" under the Florida Deceptive and Unfair Trade Practices Act as codified in Fla. Stat. § 501.201 *et seq*.

**Answer:**   President Trump objects to this Interrogatory as a premature contention interrogatory because it seeks the "entire basis" for President Trump's contention in paragraphs

116 and 117 of the Complaint that the Documentary constitutes "trade or commerce" under FDUTPA. By asking for the "entire basis" at this stage, the Interrogatory seeks a complete marshaling of President Trump's factual and legal theories before discovery concerning Defendants' commercial conduct, distribution practices, monetization, business relationships, revenues, and related market activity is sufficiently developed. Rule 33(a)(2) expressly provides that a "court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Compelling a full response now would be inefficient and unfair because President Trump would likely be required to supplement and revise the same response repeatedly as party discovery, third-party discovery, document review, and expert discovery proceed. Requiring piecemeal contention responses at this stage lacks finality and unnecessarily compounds the time, effort, burden, and cost of the litigation. President Trump also objects that the Interrogatory is disproportionate because it seeks a full legal and factual exposition of Plaintiff's FDUTPA theory before Defendants have completed production of materials bearing on the commercial aspects of the Documentary, including its production, licensing, distribution, promotional activity, monetization, and related business conduct. Much of the information necessary to provide the "entire basis" requested is in Defendants' possession, custody, or control. President Trump further objects because the Interrogatory impermissibly seeks attorney work product and mental impressions by requiring President Trump to disclose counsel's present legal framing, evidentiary synthesis, and theory development concerning the commercial nature of the challenged conduct. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *see also Chase v. Nova Se. Univ., Inc.,* 2012 WL 204173, at *2 (S.D.

Fla. Jan. 24, 2012) (interpreting and relying on *Sporck*); *see also Jackson v. Geometrica, Inc.,* 2006 WL 510059, at *1 (M.D. Fla. Mar. 2, 2006); *see also In re Seroquel Products Liab. Litig.,* 2008 WL 215707, at *4 (M.D. Fla. Jan. 24, 2008).

**First Supplemental Answer:** As Plaintiff alleges throughout his Complaint, Defendant BBC engaged in "trade or commerce" when it contracted with October Films Ltd. to retain full editorial control over the Documentary, when Defendant BBC made the Documentary available for viewing on BBC iPlayer, BBC One, and BBC Two, when Defendant BBC failed to take sufficient measures to exclude Florida residents from viewing the Documentary, when Defendant BBC leveraged their sole editorial control over the Documentary to narrow its focus on a Florida resident, and when Defendant BBC exercised its editorial judgment to publish the Documentary about one week before the 2024 United States Presidential Election. President Trump reserves the right to supplement this response as discovery evolves. *See Titre v. S.W. Bach & Co.,* 2005 WL 1692508, at *3 (S.D. Fla. July 20, 2005) ("That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether. Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date."); *see also Hendricks v. Mirabilis Ventures, Inc.,* 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008) ("Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date.").

Dated: May 18, 2026

Respectfully submitted,

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 18, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

                                                  */s/Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071