**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

        Plaintiff,

    v.

BRITISH BROADCASTING CORPORATION
a/k/a BBC, BBC STUDIOS DISTRIBUTION
LIMITED, and BBC STUDIOS PRODUCTIONS
LIMITED,

        Defendants.

Case No. 1:25-cv-25894-RKA

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR THE RECUSAL OF MAGISTRATE JUDGE ENJOLIQUÉ A. LETT, FOR REASSIGNMENT TO NEW MAGISTRATE JUDGE TO SUPERVISE DISCOVERY, AND FOR BRIEF STAY OF DISCOVERY**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), by and through his undersigned counsel and pursuant to 28 U.S.C. § 455, submits his Reply Memorandum of Law in Further Support ("Reply") of Motion for the Recusal of Magistrate Judge Enjoliqué A. Lett, for Reassignment to a New Magistrate Judge to Supervise Discovery, and for Brief Stay of Discovery ("Motion for Recusal"). In support, Plaintiff states as follows:

**SUMMARY OF REPLY**

Defendants' Response (ECF No. 56) to Plaintiff's Motion for Recusal relies heavily on 28 U.S.C. § 455(b), which is a materially different standard than the standard under which Plaintiff seeks recusal. Indeed, Plaintiff's arguments arise primarily under 28 U.S.C. § 455(a), which requires only the appearance of impropriety, not any connection between Magistrate Judge Lett's prior representation and this action. Notably, Defendants' Response fails to address Plaintiff's

primary argument, which is that Magistrate Judge Lett's prior representation of a client that was directly adverse to President Trump creates an appearance of impropriety. Consequently, Defendants' Response is unavailing, should not serve as a basis to deny Plaintiff's Motion for Recusal, and such motion should be granted.

## ARGUMENT

### A. Defendants Fail to Address 28 U.S.C. § 455(a).

Defendants effectively concede Plaintiff's argument that Magistrate Judge Lett's prior representation directly adverse to President Trump creates an appearance of impropriety, and thus causes serious questions as to whether impartiality can be maintained in this action. Critically, Defendants' Response does not address at all any of Plaintiff's arguments under 28 U.S.C. § 455(a), or the appearance of impropriety standard thereunder. Not surprisingly, none of the cases relied on by Defendants focus their holding precisely on whether there was an appearance of impropriety under 28 U.S.C. § 455(a) such that it warranted recusal.

Defendants' reliance on *Imperato v. Navigators Ins. Co.,* 681 Fed. Appx. 743, 746 (11th Cir. 2017) is misplaced. *Imperato* affirmed the denial of a motion for recusal because it was insufficient under 28 U.S.C. § 144. That statute requires the filing of an affidavit to demonstrate the "facts that would convince a reasonable person that bias actually exists." *Id*. (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000)); *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.").

However, that standard applies only under 28 U.S.C. § 455(b)(1), not § 455(a). *Compare* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *with* 28 U.S.C. § 455(b)(1) ("He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"). Because Plaintiff's Motion arises primarily under 28 U.S.C. § 455(a), *Imperato* is inapposite.

For the same reasons, Defendants' reliance on *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621 (7th Cir. 2002) is misplaced. Moreover, *Sphere Drake* is also distinguishable because it concerned the Court's interpretation of § 10(a)(2) of the Federal Arbitration Act in order to determine whether an arbitrator that previously represented a party in the arbitration at issue had exhibited "evident partiality" in that party's favor. *See id.*, at 621-22. *Sphere Drake* is drastically different than this action because Magistrate Judge Lett did not previously represent a litigant in this action—she previously represented an entity directly adverse to President Trump in a hotly contested case over the Steele Dossier, which was a widespread discussion item for several years, wherein that party was stated to have **created, produced, and published** the Steele Dossier.

Likewise, *Rice v. Chief Exam'r of Alabama Dep't of Examiners of Pub. Accounts*, 2025 WL 1743708, at *4 (11th Cir. June 24, 2025) does not apply to this action either. In *Rice*, the Court affirmed the denial of the recusal motion because the movant "failed to allege facts that could 'reasonably [ ] question' Judge Axon's impartiality." *Id*. Here, however, Plaintiff respectfully submits that the following facts objectively demonstrate why Magistrate Judge Lett's prior

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650│Coral Gables, Florida 33134
Telephone: (305) 614-4071

representation directly adverse to President Trump creates an appearance of impropriety under 28 U.S.C. § 455(a):

- "Magistrate Judge Lett was the lead attorney representing Defendant Orbis Business Intelligence, Ltd. ("Orbis"), against whom President Trump had asserted an affirmative injurious falsehood claim, among other causes of action. *See generally* 2:22-cv-14102, at D.E. 177." ECF No. 55, ¶ 3.

- "Defendant Orbis had been widely reported to have had deep ties with Hillary Clinton's campaign, and was sued by President Trump, both in this District and other jurisdictions, for its role in producing and disseminating the Steele Dossier, which formed the basis of President Trump's injurious falsehood and related tort claims in the Adverse Matter." ECF No. 55, ¶ 4.

- "In the Adverse Matter, Magistrate Judge Lett personally signed her name for each filing that was submitted on Orbis' behalf in diametric opposition to each of the claims, positions, and arguments of President Trump. *See* 2:22-cv-14102, at D.E. 257, 260, 266, and 334." ECF No. 55, ¶ 6.

- "Further, Magistrate Judge Lett drafted and executed a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim on behalf of Orbis and against President Trump—making substantially similar arguments to those raised by Defendants in this action, and closely related to many of the forthcoming discovery disputes that Magistrate Judge Lett would need to adjudicate. *Compare* D.E. 36 in this action; *with* D.E. 260 in 2:22-cv-14102." ECF No. 55, ¶ 7.

*Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1166 (5th Cir. 1982) and *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) are also distinguishable

from the facts here. *Chitimacha* and *Lovaglia* are two examples of why a judge should not recuse themselves merely because they are alleged to have friendly ties with a party in a litigation they used to represent. *See Chitimacha,* 690 F.2d at 1166 ("The fact that he once represented Texaco in unrelated matters does not forever prevent him from sitting in a case in which Texaco is a party."); *see also e.g., Lovaglia*, 954 F.2d at 816 ("[A]ppellants point to Judge McAvoy's social relationship with the Cerretanis."). Here, President Trump argues the exact opposite—that Magistrate Judge Lett was the lead attorney in a prior representation directly adverse to President Trump. Neither *Chitimacha* nor *Lovaglia*, or any other case relied on by Defendants, squarely addresses that unique circumstance.

For similar reasons, *United States v. Page*, 161 F.4th 875, 886 (5th Cir. 2025) is also unpersuasive. The Court in *Page* affirmed the denial of a motion for recusal because the movant did "not explain how this unrelated prior representation clearly or obviously required recusal, nor does [the movant] cite any authority in his opening brief to substantiate this argument." *Page*, 161 F.4th at 887. However, Defendants' argument is directly belied by the facts in Plaintiff's Motion for Recusal and the case law supporting Plaintiff's arguments under 28 U.S.C. § 455(a). *See* ECF No. 55, ¶¶ 3, 4, 6, and 7; *see also Parker v. Connors Steel Co.,* 855 F.2d 1510, 1523 (11th Cir. 1988) (quoting *Offutt v. United States,* 348 U.S. 11, 14 (1954)); *see also Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000); *see also Potashnick v. Port City Const. Co.,* 609 F.2d 1101, 1111 (5th Cir. 1980); *see also Dixie Carriers, Inc. v. Channel Fueling Serv., Inc.,* 669 F. Supp. 150, 152 (E.D. Tex. 1987); *see also Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

**B. Plaintiff's Request for a Stay of Discovery is Brief**.

Contrary to Defendants' mischaracterizations, Plaintiff's request for a brief stay of discovery is only until the Motion for Recusal is adjudicated. Plaintiff is not requesting that the

Court alter any established discovery procedures nor alter the existing pre-trial deadlines. Accordingly, Plaintiff's request is narrow, practical, tailored to the circumstances in the Motion for Recusal, and should be granted. *See e.g., Varga v. Palm Beach Cap. Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) ("A stay of discovery is appropriate where the movant shows good cause and reasonableness.").

## CONCLUSION

**WHEREFORE**, Plaintiff President Donald J. Trump respectfully requests that the Court grant Plaintiff's Motion, that Magistrate Judge Lett recuse herself, that the Court reassign a new Magistrate Judge to supervise discovery matters in this action, enter a brief stay of discovery until the District Judge adjudicates this Motion, and award any other relief the Court deems proper.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: May 27, 2026

Respectfully submitted,

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*/s/ Edward A. Paltzik*
Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

*/s/ Daniel Z. Epstein*
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

<u>**CERTIFICATE OF SERVICE**</u>

      **I HEREBY CERTIFY** that on May 27, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

                         */s/ Alejandro Brito*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071