**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, | Case No. 1:25-cv-25894-RKA |
| Plaintiff, | |
| v. | |
| BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED, | |
| Defendants. | |

**JOINT MOTION FOR DISCOVERY HEARING ON DEFENDANTS' FORTY-SEVEN SUBPOENAS TO THIRD PARTIES REGARDING JANUARY 6, 2021**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and Defendants British Broadcasting Corporation a/k/a BBC ("BBC"), BBC Studios Distribution Limited ("BBCSD"), and BBC Studios Productions Limited ("BBCSP") (collectively, "Defendants" and, together with Plaintiff, the "Parties") file this Joint Motion for Discovery Hearing on Defendants' Forty-Seven Subpoenas to Third Parties Regarding January 6, 2021 ("Joint Motion").[1] In support thereof, the Parties state as follows:

---

[1] Plaintiff expressly preserves, and does not waive, any and all arguments made in his Motion for the Recusal of Magistrate Judge Enjoliqué A. Lett, for Reassignment to a New Magistrate Judge to Supervise Discovery, and for Brief Stay of Discovery with Incorporated Memorandum of Law (ECF No. 55) and his Reply Memorandum of Law in Further Support thereof (ECF No. 59). Plaintiff files this Joint Motion to ensure that his motion is timely under Rule 26(c) and, to the extent applicable, Rule 45. *See Pete v. Cooper*, 2025 WL 4693467, at *2 (S.D. Fla. Oct. 30, 2025) ("Though the Federal Rules do not specify what 'timely' is for a motion to quash or for protective order, it is 'typically understood to be prior to the date of compliance.'" (quoting *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 2023 WL 1965998, at *2 (S.D. Fla. Jan. 18, 2023)); *see also Mata v. Expedia Group Inc.,* 2026 WL 267797, at *2 (S.D. Fla. Jan. 6, 2026); *see also TIC Park Ctr. 9, LLC v. Cabot,* 2017 WL 9988745, at *4 (S.D. Fla. June 9, 2017). As argued in their Response to that motion (ECF No. 56), Defendants do not believe Plaintiff has stated a valid basis for recusal and oppose a stay of discovery on that basis.

## RELEVANT FACTUAL BACKGROUND

On December 15, 2025, Plaintiff filed this action against Defendants alleging that Defendants published false and defamatory statements about him in violation of Florida's Unfair and Deceptive Trade Practices Act. *See generally* ECF No. 1, ¶¶ 104-119. Plaintiff alleges that Defendants' false and defamatory statements consist of edits to a speech that he made on January 6, 2021, which Defendants then published in the Documentary that is defined in the Complaint.

This Joint Motion addresses the Parties' countervailing positions on the scope of discovery, in this instance relating to the fact that Defendants have propounded subpoenas on forty-seven third parties, including, but not limited to, President Trump's family members, members of his executive cabinet, and several federal agencies (e.g., Federal Bureau of Investigation, National Security Agency, Department of Defense, Department of Homeland Security, Department of Justice) (the "Subpoenas"). True and correct copies of the Subpoenas are attached to **Exhibit B**. The Subpoenas seek information including, but not limited to, documents provided to or exchanged with the Select Committee on January 6, 2021, President Trump's alleged efforts to challenge the results of the 2020 United States Presidential Election, and documents collected by various federal agencies related to the events that occurred on January 6, 2021. *See* Exhibit B.

## DISCOVERY DISPUTES REQUIRING RESOLUTION

### A. Plaintiff's Position.

Plaintiff's Complaint confirms that the instant dispute concerns Defendants' deceptive editing and publication of a few minutes of Plaintiff's ***own words*** out of the hour-long Documentary. *See* ECF No. 1, ¶¶ 42-44. Defendants' Motion to Dismiss states that:

> Around three minutes of the hour-long Documentary depicted the events of January 6, 2021, including a ***12-second cut*** of President Trump's speech, followed by the violent attacks on the Capitol. … President Trump now challenges a ***12-second segment*** that showed excerpts of his speech at the White House Ellipse on January 6, 2021. *See* Documentary at 33:53-34:05; Compl. ¶¶ 2, 42-44. President Trump spoke for over 70 minutes that day, *see* Compl. ¶ 2 n.2, and the attack on the Capitol lasted hours.

ECF No. 36, pp. 9 and 12 (emphasis added).

Unlike other defamation cases in which the Defendants are accused of statements that ***they made*** about the Plaintiff, this action concerns Defendants' splicing and distortion of Plaintiff's ***own words***.

Despite the fact that the Parties agree that the defamatory statements in the Complaint (*See*

2

ECF No. 1, ¶¶ 42-44) at issue concern only a fraction of the Documentary, Defendants have nevertheless propounded the Subpoenas on forty-seven third parties[2], several of which have objected to the Subpoenas as being, for example, "overly broad, not proportionate to the needs of this case, not reasonably calculated to lead to the discovery of admissible evidence, and [] an improper fishing expedition." *See* true and correct copies of Objections to the Subpoenas from Michael Flynn, Jason Miller, the Republican National Committee, William Barr, and Brad Raffensperger, which are part of **Exhibit B**.

The requests in the Subpoenas do not facially explain what relevance the documents would have to proving or disproving whether the Defamatory Statements were published by Defendants, were true or false, or whether they were published with actual malice, or establish Plaintiff's damages. Defendants are not entitled to carte-blanche discovery to try to substantiate their truth defense. *See Blasi v. Simonetti,* 2005 WL 8156013, at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a "truth defense" … a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted). Consequently, the Subpoenas are overbroad and irrelevant to this action under Rule 26(c). *See Continuum on S. Beach Condo. v. QBE Ins. Corp.,* 338 F.R.D. 668, 669 (S.D. Fla. 2021) ("Regardless of its Rule 45 standing, Plaintiff has standing to invoke Federal Rule of Civil Procedure 26. Therefore, the Undersigned is going to treat Plaintiff's motion as a motion for a protective order under Rule 26(c)."); *see also Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.,* 303 F.R.D. 673, 676 (S.D. Fla. 2014) ("The court may grant a party's request for a protective order if a subpoena served on a third party requests irrelevant information.").

Because the Subpoenas have no direct connection as to the falsity of the Defamatory Statements in the Complaint, the Defendants publishing them with actual malice, or Plaintiff's damages, the Subpoenas were not served for a proper purpose and were served in violation of Rule 26(g). *See Fernandez v. CMA CGM S.A.,* 2024 WL 6468420, at *3 (S.D. Fla. May 24, 2024) (cited only to explain the applicable standard: "Rule 26(g) is the correct avenue for an imposition of sanctions relating to the instant dispute. Rule 26(g) provides that, by signing a discovery request, an attorney certifies that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry, the discovery request is … (2) '***not interposed for any improper purpose,***

---

[2] A demonstrative to aid the Court's understanding of whom the subpoenas are directed to is part of the source materials in **Exhibit B**.

3

***such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation***[.]'")
(emphasis added); *see also Watkins v. Session*, 2021 WL 663759, at \*4 (S.D. Fla. Feb. 19, 2021)
(overruling objection that the discovery requests at issue were not "unnecessary, excessive and
potentially harassing" and citing Rule 26(g) as the basis to overrule).

>    **B.      Defendants' Position**.

Plaintiff's central claim in this lawsuit is that Defendants defamed him by including in the
Documentary a clip of the speech he delivered at the White House Ellipse on January 6, 2021.
According to Plaintiff, the way in which that clip was edited conveys the allegedly false
implication that he "fomented [the] violence" that ensued at the Capitol.  Compl. ¶ 44.  Because
Plaintiff is a public official and the speech relates to a matter of public concern, Plaintiff bears the
burden, among other elements, of proving that this implication is false.  *Phila. Newspapers v.
Hepps*, 475 U.S. 767, 776 (1986).  Likewise, because Plaintiff claims that Defendants defamed
him by altering his own statements, he must prove that this "alteration results in a material change
in the meaning" of the statements that he *actually* made on January 6.  *Masson v. New Yorker
Mag.*, 501 U.S. 496, 517 (1991).  In short, to prevail in this case, ***Plaintiff must prove that he did
not foment or incite the January 6 Capitol riot.***  Plaintiff has placed that question directly at issue
in bringing this libel lawsuit – he cannot now prevent Defendants from seeking records that would
shed light on his true knowledge, intent, and state of mind in delivering his speech at the Ellipse.

Plaintiff errs in calling these subpoenas a fishing expedition.[3]  Special Counsel Jack Smith
wrote in his final report on his investigation into Plaintiff's efforts to interfere with the 2020
election (the "Smith Report")[4] that this investigation "determined that there were reasonable
arguments to be made that Mr. Trump's Ellipse Speech incited the violence at the Capitol on
January 6 and could satisfy the Supreme Court's standard for 'incitement,'" *see* Smith Report at
66, and that "the evidence established that the violence was foreseeable to Mr. Trump, that he
caused it, that it was beneficial to his plan to interfere with the certification, and that when it
occurred, he made a conscious choice not to stop it and instead to leverage it for more delay." *Id.*

With these subpoenas, therefore, Defendants are making a proper effort to gather the same
records that the Special Counsel sought, from the same witnesses, based on the reasonable belief

---

[3] Plaintiff also erred by insisting on conferring about the subpoenas globally, rather than, as the Court's
Discovery Order requires, "specifically discuss[ing] each discovery request and objection at issue before seeking
Court intervention."  ECF 29 at 2.

[4] *Available at* https://www.justice.gov/archives/sco-smith.

that the evidence will support the same conclusion here that it did in the Special Counsel's investigation, which is that Plaintiff cannot prove it would be false to imply that he fomented the violence of January 6. That is exactly what discovery is for, and Plaintiff has not carried *his* burden to show that any of the records requested are irrelevant. *See, e.g.*, *Companhia Energetica Potiguar v. Caterpillar Inc.*, 307 F.R.D. 620, 627-28 (S.D. Fla. 2015) (noting that "the party resisting discovery usually has the initial burden to specifically explain why its objections, including those based on irrelevance, are proper," and permitting discovery into facts that "relate to [all the] causes of action asserted in the Complaint"). Indeed, Plaintiff's refusal to date to produce even a single document in response to Defendants' requests for production, and his refusal to identify any of the individuals with whom he communicated about the January 6 speech or his efforts to challenge the 2020 election, *see* ECF 57, only makes these third-party subpoenas even more necessary.

## CERTIFICATE OF CONFERRAL

On June 2, 2026, the Parties conferred over the phone to discuss the Subpoenas. Despite the Parties' conferral efforts, an agreement could not be reached on the scope of the Subpoenas. Accordingly, the Parties seek opposing forms of relief related to the Subpoenas. True and correct copies of the Parties' proposed orders regarding this Joint Motion are attached to **Exhibit A**.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court schedule a discovery hearing to resolve these disputes and award any other relief that the Court deems proper.

Dated: June 3, 2026                                   Respectfully submitted,

*/s/ Alejandro Brito*                                  */s/ Charles D. Tobin*
Alejandro Brito                                        Charles D. Tobin
Florida Bar No. 098442                                 Florida Bar No. 816345
Jalaine Garcia                                         Maxwell S. Mishkin (*pro hac vice*)
Florida Bar No. 58632                                  Ballard Spahr LLP
Ian Michael Corp                                       1909 K Street, NW
Florida Bar No. 1010943                                12th Floor
BRITO, PLLC                                            Washington, DC 20006
2121 Ponce de Leon Boulevard                           Tel: 202-661-2218
Suite 650                                              Fax: 202-661-2299
Coral Gables, FL 33134                                 tobinc@ballardspahr.com
Tel:  305-614-4071                                     mishkinm@ballardspahr.com
Fax:  305-440-4385
abrito@britopllc.com                                   Sasha Dudding (*pro hac vice*)
jgarcia@britopllc.com                                  Ballard Spahr LLP
icorp@britopllc.com                                    1675 Broadway
 apiriou@britopllc.com                                 19th Floor
                                                       New York, NY 10019
*/s/ Edward A. Paltzik*                                Tel:  646-346-8094
Edward Andrew Paltzik                                  duddings@ballardspahr.com
Taylor Dykema PLLC
914 E. 25th Street                                     *Counsel to Defendants*
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

*/s/ Daniel Z. Epstein*
Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2026, the foregoing was served via the Court's

CM/ECF System upon all counsel of record.

*/s/ Alejandro Brito*