**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

        Plaintiff,

   v.

BRITISH BROADCASTING CORPORATION
a/k/a BBC, BBC STUDIOS DISTRIBUTION
LIMITED, and BBC STUDIOS PRODUCTIONS
LIMITED,

        Defendants.

Case No. 1:25-cv-25894-RKA

**PLAINTIFF'S RESPONSE TO THE COURT'S**
**ORDER TO SHOW CAUSE (ECF NO. 69)**

Plaintiff President Donald J. Trump ("Plaintiff"), by and through undersigned counsel,

hereby files his Response to the Court's Order to Show Cause (ECF No. 69) (the "Order to Show

Cause"). In support, Plaintiff states as follows:

**RELEVANT FACTUAL BACKGROUND**

1.      On April 24, 2026, the Court entered the Protective Order proposed by Plaintiff and

Defendants British Broadcasting Corporation a/k/a BBC, BBC Studios Distribution Limited, and

BBC Studios Productions Limited (collectively, "Defendants"), governing the disclosure and use

of information produced in discovery and reasonably believed by the producing party or non-party

to require confidential treatment. *See* ECF No. 51.

2.      On June 2, 2026, the Court entered its Order Granting Plaintiff and Defendants'

Joint Motion to Extend Briefing Schedule (ECF No. 59), which allowed Plaintiff until June 5,

2026, to respond to Defendants' Motion to Dismiss (ECF No. 36) ("Motion to Dismiss"). *See* ECF

No. 60.

3.      Thereafter, Plaintiff continued drafting his opposition to Defendants' Motion to Dismiss, and narrowing the exhibits that Plaintiff intended to rely on to support his arguments in opposition to the Rule 12(b)(2) and (b)(6) arguments raised by Defendants.

4.      Due to the ongoing review of the three deposition transcripts from each of the Defendants' corporate representatives from the week prior and ongoing review of documents produced by Defendants, including documents that were used at the depositions of Defendants' corporate representatives, Plaintiff's counsel was unable to complete his identification of the exhibits that would support his opposition to Defendants' Motion to Dismiss until June 5, 2026.

5.      On June 3, 2026, as Plaintiff's counsel continued to refine the opposition, counsel promptly reached out to Defendants' counsel to determine whether they would agree to Plaintiff's request to include ten additional pages to his opposition to Defendants' Motion to Dismiss to address the Rule 12(b)(2) and Rule 12(b)(6) arguments raised therein. Defendants' counsel advised that they agreed to the request on the condition that the Court also grant a reciprocal request by Defendants to exceed the page limitations of Defendants' reply memorandum. The parties thereafter negotiated the precise language of the unopposed motion and the corresponding consent so that the motion would be filed with the correct terms.

6.      Thereafter, on June 5, 2026, Plaintiff filed his Unopposed Motion for Leave to Exceed Page Limits for Response in Opposition to Defendants' Rule 12(b)(2) and (b)(6) Motion to Dismiss (ECF No. 65) ("Motion for Leave to File Excess Pages").

7.      The Court granted Plaintiff's Motion for Leave to File Excess Pages on the same day. *See* ECF No. 66.

8.      Later that day, upon finalizing the exhibits and deposition testimony that Plaintiff

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

would use in support of his response to Defendants' Rule 12(b)(2) arguments, Plaintiff's counsel reached out to Defendants' counsel to notify Defendants' counsel that Plaintiff's response would include several exhibits and deposition testimony that Defendants had designated as "Confidential" under the terms of the Protective Order, and proposing that Plaintiff file a provisional motion to seal so that Defendants could file their own motion to seal seeking to redact any exhibits or information in accordance with the terms of the Protective Order.

9. Plaintiff's counsel again prepared the unopposed motion to seal, tracking the language of the Protective Order, and provided Defendants' counsel with a copy to obtain their consent, which they provided. Thereafter, on June 5, 2026, Plaintiff filed his Unopposed Expedited Motion to File Documents Under Seal (ECF No. 67) ("Motion for Leave to File Under Seal").

10. That evening, Plaintiff also timely served upon Defendants an unredacted copy of his Memorandum of Law In Opposition to Defendants' Motion to Dismiss and all nineteen exhibits attached to or referenced therein. As such, Defendants are in possession of the totality of Plaintiff's Response to the Motion to Dismiss.

11. On June 8, 2026, the Court granted Plaintiff's Motion for Leave to File Under Seal, allowing Plaintiff to file under seal the exhibits to his response to Defendants' Motion to Dismiss. *See* ECF No. 68.

12. Later that day, the Court entered the Order to Show Cause, ordering that Plaintiff's counsel address (1) whether the Court should consider Defendants' Motion to Dismiss (ECF No. 36) unopposed and (2) why the Court should not sanction Plaintiff's counsel. *See* ECF No. 69.

## ARGUMENT

### A. Defendants' Motion to Dismiss (ECF No. 36) Should Not be Considered Unopposed.

The Motion to Dismiss should not be considered unopposed. Plaintiff vigorously contests

Defendants' Motion to Dismiss and has prepared a comprehensive memorandum of law in opposition, supported by documentary evidence and deposition testimony. A full, unredacted copy of that opposition memorandum, together with all supporting exhibits, was timely served on counsel for Defendants on June 5, 2026, the date the response was due. Defendants are therefore in possession of Plaintiff's complete opposition memorandum and have been since before the deadline. As set forth below, the delay in filing the opposition memorandum on the docket was caused by Plaintiff's good-faith efforts to comply with the Protective Order entered in this case and the Court's procedures governing sealed filings, not by any intentional disregard for the Court's deadlines.

**B. The Court Should Not Sanction Plaintiff's Counsel**.

**i.     The Parties Have Been Operating Under a Compressed Jurisdictional Discovery Schedule**.

The parties have been working diligently under a compressed schedule to complete jurisdictional discovery to prepare their respective positions on the Motion to Dismiss. *See* ECF No. 45 (allowing Plaintiff until June 1, 2026, to complete jurisdictional discovery and respond to Defendants' Motion to Dismiss); *see* ECF No. 60 (extending the foregoing deadlines until June 5, 2026). Within that compressed timeframe, Plaintiff's counsel has been conducting depositions of Defendants' corporate representatives on May 26, 2026, and May 29, 2026, reviewing Defendants' document productions, consisting of over 42,000 pages, the greater majority of which were not produced by Defendants until May 20, 2026, and incorporating all of the applicable evidence obtained therefrom into Plaintiff's opposition memorandum. This work was necessarily completed in the days immediately preceding the June 5, 2026, deadline.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

### ii.   The Delay was Caused by Plaintiff's Good-Faith Efforts to Comply with the Protective Order.

Upon finalizing the opposition memorandum, Plaintiff's counsel advised Defendants' counsel that certain documents and materials produced by Defendants, as well as deposition testimony of the Defendants' witnesses, would be filed in support of the opposition memorandum, and that those materials had been designated by Defendants as "Confidential" pursuant to the Protective Order entered in this action. *See* ECF No. 51. Plaintiff's counsel was obligated to honor those designations and could not file the designated materials on the public docket without risking a violation of the Protective Order. *See id*. Moreover, because the confidentiality designations belong to Defendants as the producing party, Plaintiff's counsel could not unilaterally determine which exhibits, or portions thereof, Defendants would ultimately seek to seal. The opposition memorandum contains numerous references to, and incorporates the confidential exhibits and deposition testimony, and Plaintiff did not want to risk either obscuring substantive argument or disclosing protected material. *See* ECF No. 51, at § 10. Thus, Plaintiff's counsel filed the provisional motion to seal to afford Defendants the opportunity to file their own motion identifying the materials they seek to seal.

Given that Plaintiff's counsel was proceeding diligently to work through Defendants' production, analyzing the deposition testimony of Defendants' corporate representatives, identifying the exhibits that would support Plaintiff's opposition memorandum to Defendants' Motion to Dismiss, and finalizing his arguments therein, Plaintiff's meet-and-confer efforts with Defendants' counsel were contemporaneous with this process.

Plaintiff's counsel *acknowledges* that the Motion for Leave to File Under Seal should have included an express request that the Court extend the response deadline pending adjudication of the sealing motion, and that a more detailed explanation of the circumstances should have been

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

provided at that time. Counsel sincerely regrets the oversight. It was not, however, borne of any disregard for the Court's deadlines. To the contrary, it resulted from counsel's attempt to comply with competing obligations under the Protective Order while completing work product under a compressed schedule.

### iii.   Defendants Have Not Been Prejudiced.

Defendants have suffered no prejudice from the procedural delay. As noted above, a complete, unredacted copy of the opposition memorandum and all supporting exhibits was served on counsel for Defendants on June 5, 2026. Defendants have had the full opposition memorandum in hand since before the deadline and have been able to review and prepare their reply accordingly. As of this writing, Plaintiff has filed, under seal, an unredacted version of the opposition memorandum together with the exhibits cited therein.[1]

**WHEREFORE**, Plaintiff PRESIDENT DONALD J. TRUMP respectfully requests that the Court enter an Order: (a) accepting Plaintiff's opposition memorandum to Defendants' Motion to Dismiss and the exhibits filed in support thereof under seal, *nunc pro tunc* to June 5, 2026; (b) declining to treat Defendants' Motion to Dismiss as unopposed; (c) declining to impose sanctions on Plaintiff's counsel; and (d) granting such other and further relief as the Court deems just and proper.

---

[1]    Certain exhibits to the opposition memorandum contain information that Defendants have designated as "Confidential," and the opposition memorandum itself also makes reference to such information that Defendants have designated as "Confidential."

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: June 9, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd, Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 9, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting
Corporation, BBC Studios Productions Limited
and BBC Studios Distribution Limited*

                                             */s/Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071