UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |  |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-25894-RKA |
| BRITISH BROADCASTING CORP., et al., | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' UNOPPOSED PARTIAL MOTION TO SEAL CERTAIN EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Pursuant to Local Rule 5.4 and the Protective Order entered in this action, *see* Dkt. 51, Defendants the British Broadcasting Corporation ("the BBC"), BBC Studios Distribution Ltd., and BBC Studios Productions Ltd., by and through their undersigned counsel, respectfully request that the Court grant them leave to seal limited portions of certain exhibits to Plaintiff's opposition to Defendants' Motion to Dismiss, as the limited portions reference confidential and proprietary business information and sensitive personally identifying information.

**RELEVANT FACTUAL BACKGROUND**

On June 5, 2026, Plaintiff served unredacted copies of his opposition to Defendants' motion to dismiss, with Exhibits A to S, on Defendants. Plaintiff did not file the opposition or exhibits on the docket. Instead, Plaintiff filed an unopposed, expedited motion to file under seal. *See* Dkt. 67. Having reviewed Plaintiff's opposition and exhibits, consistent with the Protective Order and Local Rule 5.4, Defendants now move this Court to maintain certain of those exhibits under seal in whole or in part.

**LEGAL STANDARD**

In this Circuit, "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). That right of access, however, can be overcome "by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Parties seeking to file documents under seal in this Court must make this showing of good cause and also comply with the requirements of Local Rule 5.4. Defendants submit that good cause exists to seal limited portions of the exhibits to Plaintiff's opposition to their Motion to Dismiss to protect confidential business information and private, personally identifying information, and that the instant motion complies with Local Rule 5.4. Plaintiff does not oppose the relief requested in this motion.

**ARGUMENT**

**A.      Good Cause Exists to Seal the Confidential Information at Issue.**

Defendants seek to seal certain descriptions of commercially sensitive and personally identifying information that have been designated as Confidential or Attorneys' Eyes Only under the Protective Order in this case. Defendants have limited the information they move to seal, seeking only to apply narrow redactions to certain exhibits and to seal only two in full. *See Romero*, 480 F.3d at 1246 (considering whether a "less onerous alternative to sealing" exists). The sealing would extend only to the sorts of "confidential information, such as . . . technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information" that courts in this District permit parties to redact or seal from otherwise-public filings. *CRubin,*

2

*LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020).  Defendants respectfully submit that the proposed sealing is the least onerous means available to protect the confidentiality of the information at issue.

***First***, Defendants seek targeted redactions of pricing information for the Documentary. This information is proprietary, immaterial to the issues in this case, and would cause commercial harm to the BBC and its business partners if disclosed.  The public interest in disclosure of this information is limited and does not outweigh Defendants' interests in applying narrow redactions to this commercially sensitive information.  These proposed redactions are located in the transcript of Leo Telling's deposition (Ex. A), a Secondment Agreement between the BBC and October Films (Ex. C), the Programme Production Agreement for the Documentary (Ex. D), and an email chain regarding budgeting (Ex. R).

***Second***, Defendants seek targeted redactions to certain personally identifying information of BBC employees, which is likewise sensitive and not material to the issues in this case, found in Exhibits G, P, R (cell phone numbers contained in email chains), and J (employee information in Richard Cooper's 30(b)(6) deposition transcript).  *See Rav Bahamas, Ltd. v. Genting Americas, Inc.*, 2026 WL 194459, at *5 (S.D. Fla. Jan. 26, 2026) (permitting redactions of "names of non-party individuals . . . and other personal identifiers" given privacy interests).

***Third***, Defendants move to seal Exhibit N, a spreadsheet containing over half a million rows of raw, proprietary data on viewers of BBC's iPlayer streaming service, which the BBC maintains internally for purposes of audience analytics.  Defendants do not seek to seal or redact the general descriptions of this spreadsheet contained in Plaintiff's briefing, or any of the corresponding legal arguments, but posit that the commercial and privacy interests in non-disclosure of this raw consumer data outweigh the public's limited interest in access.

*Fourth*, and finally, Defendants also seek to seal Exhibit O, consisting of emails between BBC employees and the German soccer league Bundesliga regarding territorial restrictions on the U.K. broadcasts of its games.  This information is proprietary, was produced as Attorney's Eyes Only under the Protective Order without challenge, is not material to the exercise of personal jurisdiction in Florida, and would cause commercial harm to the BBC and its business partners if disclosed.  The public interest in disclosure of this information is limited and does not outweigh Defendants' interests in protecting this commercially sensitive information, particularly given that the BBC does not move to redact those portions of Plaintiff's opposition brief describing these emails.[1]

**B.      This Motion Complies with Local Rule 5.4**

Defendants respectfully submit that this motion complies with the requirements of Local Rule 5.4, as it "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material."  *See* L.R. 5.4(1).

To address the remaining requirements, Defendants propose that sealing should be permanent, as the confidentiality concerns outlined above will not abate, or at least last until 90 days after conclusion of the case, including exhaustion of any appeals.  *See id.*  If the Court grants this motion to file under seal, Defendants will file any exhibits that have been authorized to be filed under seal via CM/ECF using the appropriate filing events and will serve copies of the same on all counsel of record.  *Id.*

---

[1] If the Court denies the motion to seal Exhibit O, Defendants respectfully request that they be permitted to redact the personal phone numbers appearing throughout the document.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this unopposed motion, grant Defendants leave to file under seal, in part or in whole, certain exhibits to Plaintiff's opposition to their Motion to Dismiss, and provide such other and further relief as the Court sees fit.

Dated: June 9, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF

docket on June 9, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), the parties hereby certify that all parties conferred in good

faith and have agreed to the relief requested herein.

*/s/ Charles D. Tobin*
Charles D. Tobin