UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:25-cv-25894-ALTMAN/LETT

PRESIDENT DONALD J. TRUMP,

     Plaintiff,

v.

BRITISH BROADCASTING CORP., *et al.*,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

THIS CAUSE comes before the Court upon Plaintiff's Motion for the Recusal of Magistrate Judge Enjoliqué A. Lett (hereinafter, the "Undersigned"), for Reassignment to new Magistrate Judge to Supervise Discovery, and for Brief Stay of Discovery ("Motion" or "Mot.") [ECF No. 55]. Defendants filed their Response in Opposition [ECF No. 56], and Plaintiff submitted his Reply in Support of the Motion [ECF No. 58]. Having reviewed the Motion, the relevant authority, and otherwise being fully advised in the premises, there is no proper basis for recusal. The Motion – to the extent it seeks the Undersigned's recusal – is therefore denied.[1]

---

[1] As noted, the Motion also seeks reassignment to a new magistrate judge and a stay of discovery which would necessarily affect the district court's scheduling order. The Undersigned is without authority to address these requests. *See Watkins v. Finch*, No. 14-60564-CIV-ZLOCH, 2017 WL 11421092 at *3 (S.D. Fla. Jan 18, 2017) (Hunt, J.) (stating a magistrate judge "has no authority to alter the District Judge's scheduling order"); *see also Zamber v. Am. Airlines, Inc.*, No. 16-CV-23901-MARTINEZ/GOODMAN, 2017 WL 5202748 at *6 n.8 (S.D. Fla. Feb. 17, 2017).

## BRIEF BACKGROUND

The Court recites only those facts necessary to rule on this Motion. On December 15, 2025, Plaintiff initiated this action, and the Clerk of Court assigned the matter to Judge Roy K. Altman stating, "U.S. Magistrate Judge Enjolique A. Lett is available to handle any or all proceedings in this case." Clerk's Notice of Judge Assignment, ECF No. 2. Shortly thereafter, on January 12, 2026, the parties voluntarily elected to have the Undersigned preside over discovery matters in this action. Joint Scheduling Rpt. ¶ H, ECF No. 17; Joint Election to Juris., ECF No. 17-2.

On February 11, 2026, Judge Altman referred this case to the Undersigned for all pretrial non-dispositive and discovery matters. Order, ECF No. 27. Subsequently, the Undersigned entered her Order Setting Discovery Procedures on February 13, 2026 [ECF No. 29]. On April 24, 2026, the Undersigned entered a protective order as it related to the parties' production of confidential information [ECF No. 51].

Plaintiff now seeks—over 160 days after the Undersigned's involvement in this case—the Undersigned's recusal, on the eve of the Undersigned setting a discovery hearing. *See* Joint Mot Hr'g on Discovery, ECF No. 52. Specifically, Plaintiff asserts the Undersigned's prior representation of Orbis Business Intelligence, Ltd. in *Trump v. Hilary Clinton et al.*, No. 2:22-cv-14102-DMM (S.D. Fla. filed March 24, 2022), warrants recusal and a stay of discovery. For the reasons provided herein, the Court does not find Plaintiff's arguments persuasive.

---

(Goodman, J.) (stating if "the parties have not provided full magistrate judge consent, the [magistrate judge] does not control the trial scheduling or its deadlines…").

## LEGAL STANDARD

Under the catch-all provision of the federal recusal statute on which Plaintiff relies, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[W]hat matters under § 455(a) 'is not the reality of bias or prejudice but its appearance.'" *Microsoft Corp. v. U.S.*, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000) (quoting *Liteky v. U.S.*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); *see also Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 924, 124 S.Ct. 1391, 158 L.Ed.2d 225 (2004); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009). "This inquiry is an objective one, made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp.*, 530 U.S. at 1302, 121 S.Ct. 25. Further, "[t]he decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney*, 541 U.S. at 914, 124 S.Ct. 1391 (quoting *Microsoft Corp.*, 530 U.S. at 1302, 121 S.Ct. 25).

The Due Process Clause does not set forth a specific test governing recusal, but due process guarantees "an absence of actual bias on the part of the judge." *Williams v. Pennsylvania*, 579 U.S. 1, 8, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016) (internal quotation marks omitted). "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, 287, 137 S.Ct. 905, 197

3

L.Ed.2d 167 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)); *see also Williams*, 579 U.S. at 4, 136 S.Ct. 1899.

"Although a literal reading of § 455 places the duty to recognize the conflict on the judge, [the Eleventh Circuit] has held that a motion to disqualify must be timely." *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.,* 140 F.3d 898, 913 (11th Cir.1998) (affirming district court's denial of recusal motion because party did not raise recusal issue at "the first available opportunity"); *see also In re BellsSouth Corp.,* 334 F.3d 941, 961 (11th Cir. 2003); *U.S. v. Gallego*, 247 F.3d 1191, 1201 n.22 (11th Cir. 2001).

## ANALYSIS

As an initial matter, Plaintiff's failure to raise the issue of recusal at the first available opportunity constitutes a waiver. *See id*. Plaintiff failed to move for recusal from the outset of this action and has only done so when a disputed discovery issue arose.[2] Plaintiff's counsel suggests that this delay was because "[he] was not Plaintiff's counsel in the Adverse Matter, and was not immediately aware of Magistrate Judge Lett's participation in that litigation." Mot. at 4. However, Plaintiff's counsel did appear on behalf of President Trump, the plaintiff/appellant in the "Adverse Matter", during the appellate phase of the "Adverse Matter." *See* Appearance of Counsel Form filed by Brito, Alejandro; *Trump v. Clinton, et al.*, No.

---

[2] Also, to date, Plaintiff has not sought the Undersigned's recusal in the other Plaintiff-related actions on which the Undersigned is currently assigned. *See Trump, et al. v. IRS, et al.*, No.1:26-cv-20609-KMW (S.D. Fla. filed Jan 29, 2026); *Trump, et al., v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-21106-KMW (S.D. Fla. filed Feb 19, 2026).

22-13410, ECF No. 242 (11th Cir. Nov. 7, 2025). The Undersigned represented Orbis Business Intelligence Ltd. in those proceedings. *See* Appearance of Counsel Form filed by Orbis Business Intelligence Ltd.; *Trump v. Clinton, et al.*, No. 22-13410, ECF No. 33 (11th Cir. Nov. 1, 2022). In fact, every substantive filing in the district and appellate courts on behalf of Orbis Business Intelligence LTD. were filed by the Undersigned. Since, as appellate counsel, Plaintiff's counsel would have been familiar with the underlying proceeding and the appellate docket, counsel knew or should have known of the Undersigned's prior representation of Orbis Business Intelligence, Ltd.

Even assuming there was not a waiver, the Motion nonetheless fails. The Undersigned's past representation of an unrelated, non-party in this action does not, without more, constitute a circumstance where, objectively, the Undersigned's impartiality might reasonably be questioned. *See Rice v. Chief Exam'r of Ala. Dept. of Exam'rs of Pub. Accts.*, No. 24-13647,  2025 WL 1743708 at *4 (11th Cir. 2025) (affirming district court's denial of recusal motion because a judge's "former representation of [the defendant] had nothing to do with th[e] [current] action"); *see also U.S. v. Page*, 161 F.4th 875, 887 (11th Cir. 2025) (affirming district court's denial of recusal motion because the judge's prior representation of a party related to the current action was unrelated to the current case); *Chitimacha Tribe of Louisiana v. Harry L. Law Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982) (stating "the fact that [the judge] once represented [a defendant] in unrelated matters does not forever prevent him from sitting in a case in which [the former client] is a party").

Plaintiff argues that this authority is misplaced because it either does not address recusal solely pursuant to 28 U.S.C. § 455(a) or, where it does, those cases are inapposite because here, Plaintiff alleges facts that demonstrate an appearance of impropriety. *See* Reply at 2-5. Notably, Plaintiff fails to cite a single case where recusal was required pursuant to 28 U.S.C. § 455(a) where the jurist, while in private practice, represented an adverse party. As Plaintiff concedes, the cited cases analyze 28 U.S.C. § 455(a), and under that provision, appellate courts have found prior representation of a party now appearing before the jurist, let alone representation of a non-party, is an insufficient basis for recusal, either as an actual ethical issue or under the catch-all "appearance of impropriety." *See Chitimacha Tribe of Louisiana*, 690 F.2d at 1166 (analyzing recusal involving prior representation of a party before the court under 28 U.S.C. §§ 144 and 455(a)); *Rice*, 2025 WL 1743708 at *4 (11th Cir. 2025). In *Rice,* as here, the Eleventh Circuit held that the district court's impartiality could not be objectively questioned where neither of the defendants in the action before the district court were represented by her while in private practice and the prior representation had nothing to do with the action before her. *Id.*

*Trump v. Hilary*, *et al.* – an alleged RICO action – was dismissed at the pleadings stage, *see* Order Granting Mot. to Dismiss, *Trump v. Clinton, et al.*, No. 2:22-cv-14102-DMM, ECF No. 267, (S.D. Fla. Sep. 8, 2022), and the dismissal was upheld. [3] *See Trump v. Clinton*, 161 F.4th 671, 687–88 (11th Cir. 2025) ("Trump

---

[3] Albeit, the 11th Circuit noted the dismissal should have been without prejudice for lack of personal jurisdiction. *Trump v. Clinton*, 161 F.4th 671, 679 (11th Cir. 2025) ("We affirm the orders with a caveat. Because the district court lacked jurisdiction

concedes that Orbis was served abroad. So we agree with Orbis that the district court lacked personal jurisdiction over it. But this defect proves only that dismissal *with prejudice* was error. Because Trump did not prove that he served Orbis according to the requirements of the Racketeer Act, we vacate the dismissal with prejudice of the claims against Orbis and remand with instructions to dismiss them without prejudice.") (internal citation omitted). And since *Trump v. Clinton* never progressed to discovery, any discovery issues raised by the parties in this case – a defamation action – would not have been issues argued by the Undersigned in the "Adverse Matter".

In short, simply representing a party who was once adverse to a party currently before the court does not "objectively speaking, [make] 'the probability of actual bias on the part of the judge or decisionmaker [] too high to be constitutionally tolerable.'" *Rippo*, 580 U.S. at 287.

---

over one defendant, it erred in dismissing the claims against that defendant with prejudice. So we vacate the dismissal of those claims and remand with instructions to dismiss them without prejudice.).

7

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for the Recusal of the Undersigned is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 10th day of June, 2026.

_____
**ENJOLIQUE A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

8