UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |  |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-25894-RKA-EAL |
| BRITISH BROADCASTING CORP., et al., | ) ) | |
| Defendants. | ) ) ) | |

**JOINT MOTION FOR DISCOVERY HEARING RELATED TO
PLAINTIFF'S RESPONSES AND OBJECTIONS TO
<u>DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION</u>**

Plaintiff President Donald J. Trump ("Plaintiff") and Defendants British Broadcasting Corporation a/k/a BBC (the "BBC"), BBC Studios Distribution Limited, and BBC Studios Production Limited (collectively, "Defendants" and together with Plaintiff, the "Parties"), by and through undersigned counsel and pursuant to the February 13, 2026 Order Setting Discovery Procedures (ECF 29) (the "Discovery Order"), hereby file this Joint Motion for Hearing Related to Plaintiff's Responses to Defendants' First Set of Requests for Admission.

## RELEVANT FACTUAL BACKGROUND

On March 30, 2026, Defendants served their First Set of Requests for Admission on Plaintiff. On May 6, 2026, Plaintiff served his responses and objections after an agreed-upon one-week extension. On May 29, 2026, Defendants raised the below deficiencies in a letter to Plaintiff. On June 2, 2026, the Parties' counsel met and conferred by phone to discuss their respective positions, but counsel were unable to resolve the disputes raised herein, and counsel agreed, pursuant to Local Rule 26.1(g)(2)(C), to extend the deadline for this Joint Motion until June 10, 2026.

## DISCOVERY DISPUTES REQUIRING RESOLUTION

The Parties require resolution of their dispute over Plaintiff's responses to Defendants' First Set of Requests for Admission. Consistent with the Discovery Order, proposed orders are attached as Exhibit A and the source materials are attached as Exhibit B.

### A.     Defendants' Position

Plaintiff's responses and objections to Defendants' Requests for Admission are deficient in multiple ways. Plaintiff should be required to promptly amend his responses.

*First*, the Discovery Order states that parties "shall not make conclusory, boilerplate objections." ECF 29 at 7. Yet Plaintiff has responded to 114 of the 152 Requests with an identically worded objection. *See generally* Ex. B. Perseverating the same template argument more than 100 times to different Requests is the definition of disfavored boilerplate objections. *See Herssein, v. Aga Services Company*, No. 25-cv-60256, 2025 WL 4740613, at \*4 (S.D. Fla. Dec. 12, 2025) (Hunt, M.J.) (ordering plaintiff to "revise his responses in accordance with the Federal Rules" where, as here, "[p]laintiff's repeated boilerplate objections likely violate the letter of [Federal Rule] 36 and Local Rule 33.1 and certainly violate the spirit of those rules").

*Second*, in his repeated objections, Plaintiff disregards the Federal Rules, refuses to provide a substantive response, and argues that Defendants' Requests are largely not relevant

1

because they "do[] not *specifically* relate to the *precise* false and defamatory statements at issue" (emphasis added).  The Federal Rules, however, permit "discovery regarding any nonprivileged matter that is relevant to any party's claim."  Fed. R. Civ. P. 26(b)(1).  And here, *each* of the Requests is *directly* relevant to Plaintiff's claims.  Plaintiff's central claim in this lawsuit is that Defendants defamed him by including in the Documentary a clip of the speech he delivered at the White House Ellipse on January 6, 2021, and according to Plaintiff, the way in which that clip was edited conveys the allegedly false implication that he "fomented [the] violence" that ensued at the Capitol.  Compl. ¶ 44.  Plaintiff's knowledge, intent, and state of mind at the time he delivered his Speech are therefore *directly* relevant to Plaintiff's claims.  Those topics are the subject of Requests 18-104, 107-126, and 131, and 137.  Plaintiff therefore erred in objecting to all but a handful of those Requests as irrelevant.  *See, e.g., Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1307 (S.D. Fla. 2010) ("[I]nformation can be relevant, and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence.").

*Third*, Plaintiff's objections are especially improper because he obviously knows whether some event or occurrence with which he was personally involved did or did not take place.  For example, in response to Requests 77-80, Plaintiff refuses to admit or deny that he spoke with Rudy Giuliani, Steve Bannon, Roger Stone, and/or John Eastman in the 24 hours before Plaintiff delivered his Speech, even though Plaintiff surely knows – and has access to records that would show – whether he spoke with any or all of those individuals during that particular time period.

*Fourth*, Requests regarding how Plaintiff's supporters understood and responded to the Speech are relevant to Plaintiff's claims for the same reason.  Requests 105, 135, and 138-152 examine that topic, and Plaintiff's objections to those Requests as irrelevant are thus improper.

*Fifth*, Plaintiff errs in objecting to Requests 6-9 as premature.[1]  Those Requests seek information about Plaintiff's theory of personal jurisdiction, which is the subject of motion practice right now.   Indeed, Plaintiff cannot credibly characterize these requests as premature given that Plaintiff commenced this litigation by filing a complaint *last year* in December of 2025, with discovery closing on October 20, 2026.  *See Allen v. Primal Vantage Co., Inc.*, 2023

---

[1] This evening, Plaintiff's counsel notified Defendants' counsel that Plaintiff will supplement his responses to Requests 6-9 by June 19, 2026.  To preserve the issue through compliance with the Discovery Order, Defendants are including these responses as a presently disputed item, but as the order requires, Defendants will notify chambers if the dispute as to these responses is resolved.

WL 8079457, at *1 (M.D. Fla. Nov. 21, 2023) (rejecting objection that "discovery requests are premature because discovery is in its infancy" as "unpersuasive" when discovery had been ongoing for four months with only six months left before the close of discovery).

> **B.     Plaintiff's Position**

Plaintiff's responses and objections to Defendants' First Set of Requests for Admission are proper and comply with Federal Rule of Civil Procedure 36, and Defendants' request to compel amended responses should be denied.

*First*, Plaintiff's objections are not improper "boilerplate" merely because they invoke a consistent relevance framework across multiple Requests. The objections are substantively uniform because the Requests themselves are substantively uniform: Requests 17–137 consist almost entirely of a serial effort to relitigate the 2020 presidential election and the events of January 6, 2021, drawn overwhelmingly from the January 6 Select Committee Report and the Special Counsel's Report. The Discovery Order's prohibition on "conclusory, boilerplate objections" targets objections that fail to articulate any basis for their assertion. *See* ECF 29 at 7. Plaintiff's objections do not fall into that category.  Each objection identifies a specific, substantive ground—irrelevance to the claims and defenses at issue—and cites applicable authority from this District. *See* Plaintiff's Responses to Defendants' First Requests for Admission, which are part of Exhibit B. That the same legal analysis applies to more than one hundred Requests seeking the same category of irrelevant information does not render the objection "boilerplate"; it reflects the uniformly irrelevant character of Defendants' Requests themselves.

*Second*, Defendants' relevance argument fundamentally misconstrues the nature of Plaintiff's claims. Plaintiff's defamation action challenges specific false and defamatory statements in the Documentary—namely, the Documentary's fabricated or deceptively edited depiction of Plaintiff's January 6 Speech, which falsely attributes statements to Plaintiff that he did not make, or that materially alters the meaning of statements he did make. Those statements comprise less than a minute of the hour-long documentary. *See* ECF No. 36, p. 4 ("President Trump now challenges a 12-second segment that showed excerpts of his speech at the White House Ellipse on January 6, 2021. *See* Documentary at 33:53-34:05, Compl. ¶¶ 2, 42-44."). The relevant discovery inquiry is therefore whether the Documentary's specific depictions are true or false, and whether Defendants acted with the requisite degree of fault in publishing them. Defendants' Requests do not probe those questions. Instead, Requests 17–104 and 106–137 seek wide-ranging

admissions that do not have even a tangential connection to the defamatory statements at issue. For example, Defendants' Requests include:

> 17. Admit that You lost the 2020 Election to Joseph R. Biden, Jr. *See* Special Counsel Rep't at 10 (citing Federal Election Commission, *Election Results for 2020 Federal Elections*).

> 41. Admit that on the night of the 2020 Election, You and Rudy Giuliani agreed that You should declare victory that day. Jan. 6 Rep't at 207.

> 47. Admit that between Election Day 2020 and January 6, 2021, You and Your allies repeatedly made dozens of public statements about Dominion voting machines being faulty and/or fraudulent. Jan. 6 Rep't at 216.

> 64. Admit that at a dinner on December 27, 2020, You spoke with Roger Stone regarding Your plans for Your January 6 Speech. Jan. 6 Rep't at 519.

> 72. Admit that prior to and on the day of January 6, 2021, Vice President Pence repeatedly rejected your demands that he not certify the 2020 Election results for President Biden on January 6, 2021. Jan. 6 Rep't at 428.

> 83. Admit that Your January 6 Speech was drafted over the course of approximately 36 hours prior to the speech. Jan. 6 Rep't at 581.

> 90. Admit that when You gave Your January 6 Speech, You knew that supporters of You in attendance were carrying firearms. Jan. 6 Rep't at 540.

> 96. Admit that You continued to request to go to the Capitol to join your supporters even after returning to the White House on the afternoon of January 6, 2021. Jan. 6 Rep't at 588.

*See* Defendants' Requests for Admissions at ¶¶ 17, 41, 47, 64, 72, 83, 90, and 96 which are part of Exhibit B.

The vast majority of Defendants' Requests bear no relationship to whether the Documentary's specific depictions of the Speech are false. Defendants are transparently attempting to convert this defamation case into a sprawling inquiry into the 2020 election and January 6, precisely the kind of "fishing expedition" that courts in this District have repeatedly rejected. *See Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted). Defendants contend that Plaintiff's "knowledge, intent, and state of mind at the time he delivered his Speech" are "directly relevant" to his claims. But Plaintiff is suing for defamation based on what the

*Documentary depicted him as saying*—not based on his subjective state of mind when he delivered the Speech. Defendants cite no authority for the proposition that a defamation plaintiff's general state of mind or background political conduct opens the door to unlimited discovery on every tangentially related historical event.

*Third*, Defendants' argument that Plaintiff "obviously knows" the answers to certain Requests misses the point. Rule 36 does not require a party to respond on the merits to a request that seeks irrelevant information, regardless of whether the party possesses the requested knowledge. A relevance objection under Rule 26(b)(1) is independent of the responding party's ability to admit or deny. Defendants cannot convert an irrelevant Request into a proper one simply because the answering party allegedly knows the answer. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses.").

*Fourth*, Requests 105, 135, and 138–152, which concern how third parties understood and responded to the Speech, the criminal prosecutions of individuals who participated in the Capitol breach, and Plaintiff's subsequent pardons, are irrelevant for the same reasons. How third-party protesters understood Plaintiff's Speech, what criminal charges they faced, and whether they were later pardoned have nothing to do with whether the Documentary's specific depictions of the Speech are true or false.

*Finally*, Plaintiff notes that he provided substantive responses, including admissions, denials, and qualified responses, to every Request for which a substantive response was appropriate. *See, e.g.*, Plaintiff's Responses to Defendants' First Requests for Admission, which are part of Exhibit B, at ¶¶ 1–5, 10–16, 65, 74, 81–82, 97–102, 111–119, 122–124. Plaintiff's responses fully comply with the requirements of Rule 36, and Defendants' motion to compel amended responses should be denied.

## CONCLUSION

Based on the above, the Parties respectfully request that the Court schedule a discovery hearing to resolve these disputes and award any other relief that the Court deems proper.

Dated: June 10, 2026

Respectfully submitted,

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Michael Mena
Florida Bar No. 10664
Jalaine Garcia
Florida Bar No. 5862
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385
abrito@britopllc.com
mmena@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

*/s/ Edward Andrew Paltzik*
Edward Andrew Paltzik (*pro hac vice*)
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com


*/s/ Daniel Zachary Epstein*
Daniel Zachary Epstein (*pro hac vice*)
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co

*Counsel to Plaintiff,*
*President Donald J. Trump*

*/s/ Charles D. Tobin*
Charles D. Tobin
Florida Bar No. 816345
Maxwell S. Mishkin (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel:  646-346-8094
duddings@ballardspahr.com

Richard W. Miller (*pro hac vice*)
Ballard Spahr LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: 678-420-9300
millerrw@ballardspahr.com

*Counsel to Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on June 10, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), the parties hereby certify that all parties conferred in good faith and have agreed to file this motion but do not agree as to the relief requested herein.

*/s/ Charles D. Tobin*
Charles D. Tobin

7