# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, | Case No. 25-CV-25894-RKA |
| Plaintiff, | |
| v. | |
| BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED, | |
| Defendants. | |

## PLAINTIFF PRESIDENT DONALD J. TRUMP'S ANSWERS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS

Plaintiff, President Donald J. Trump ("President Trump" or "Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 36, serves his response to Defendants' British Broadcasting Corporation, BBC Studios Distribution Ltd., and BBC Studios Productions Ltd. (collectively, "Defendants") First Request for Admissions, as follows:

1. Admit that You, President Trump, specifically—as opposed to any of Your employees, agents, representatives, or anyone acting on Your behalf—did not watch the Documentary, in full, in the state of Florida before You filed this Action on December 15, 2025.

**Response:** Denied.

2. Admit that You, President Trump, specifically—as opposed to any of Your employees, agents, representatives, or anyone acting on Your behalf—did not watch the

Documentary, in full, in the state of Florida before *The Telegraph* published an article about the Documentary on November 3, 2025.

**Response:** Denied.

3.       Admit that You, President Trump, specifically—as opposed to any of Your employees, agents, representatives, or anyone acting on Your behalf—were not aware of the Documentary before *The Telegraph* published an article about the Documentary on November 3, 2025.

**Response:** Denied.

4.       Admit that You did not receive a copy of the Documentary directly from Defendants before You filed this Action on December 15, 2025.

**Response:** Admitted.

5.       Admit that, before You filed this Action on December 15, 2025, You were able to receive a copy of the Documentary, if at all, only from a non-party source.

**Response:** Denied.

6.       Admit that You possess no evidence to show that the Documentary was available for viewing in the U.S. on BritBox.

**Response:** Objection, this request is being served at the beginning of discovery, well before the parties have had the opportunity to complete jurisdictional discovery, which remains ongoing. Plaintiff is obtaining information relating to all of the means by which the Documentary was aired. Plaintiff, despite making reasonable inquiry, is presently without sufficient knowledge or information to respond to this request at this time.

7.       Admit that You possess no evidence to show that the Documentary was available for viewing in the U.S. on BBC.com.

**Response:** Objection, this request is being served at the beginning of discovery, well before the parties have had the opportunity to complete jurisdictional discovery, which remains ongoing. Plaintiff is obtaining information relating to all of the means by which the Documentary was aired.

Plaintiff, despite making reasonable inquiry, is presently without sufficient knowledge or information to respond to this request at this time.

8.      Admit that You possess no evidence to show that the Documentary was available for viewing in the U.S. on BBC Select.

**Response:** Objection, this request is being served at the beginning of discovery, well before the parties have had the opportunity to complete jurisdictional discovery, which remains ongoing. Plaintiff is obtaining information relating to all of the means by which the Documentary was aired. Plaintiff, despite making reasonable inquiry, is presently without sufficient knowledge or information to respond to this request at this time.

9.      Admit that You possess no evidence to show that the Documentary, in full, was available for viewing in the U.S. on PBS, NPR, or through any other U.S. broadcaster.

**Response:** Objection, this request is being served at the beginning of discovery, well before the parties have had the opportunity to complete jurisdictional discovery, which remains ongoing. Plaintiff is obtaining information relating to all of the means by which the Documentary was aired. Plaintiff, despite making reasonable inquiry, is presently without sufficient knowledge or information to respond to this request at this time.

10.     Admit that You have not watched the Documentary on iPlayer while in the U.S. and using a VPN.

**Response:** Admitted.

11.     Admit that You have not watched the Documentary on the BBC's television channels BBC One or BBC Two.

**Response:** Admitted.

12.     Admit that You have not seen the Documentary, in full, made publicly available for viewing in the U.S. through any means other than those set out in Requests 6-11.

**Response:**  Denied.

13.     Admit that You have stated publicly that the Documentary's depiction of Your January 6 Speech was generated by artificial intelligence. *See, e.g.*, *President Trump Participates in a Bilateral Meeting, Mar. 17, 2026* at 38:39-39:21, White House (Mar. 17, 2026),

https://www.youtube.com/watch?v=HbTMgtskUNo; *President Trump: "I'm suing the BBC for putting words in my mouth, literally."* at 0:09, CSPAN (Dec. 15, 2025), https://www.youtube.com/watch?v=NWzbpw_5eJ8.

**Response:** Admitted that Plaintiff stated that he was under the impression that the false and defamatory statements in the Documentary were generated by artificial intelligence, that he denied having ever made the false and defamatory statements in the Documentary, that BBC admitted that they made a mistake in publishing the Documentary, that BBC "put terrible words in my mouth having to do with January 6 that I didn't say," that "BBC got caught," and that BBC is "corrupt, fraudulent news."

14.     Admit that You are not aware of any facts to support your assertion that the Documentary's depiction of Your January 6 Speech was generated by artificial intelligence.

**Response:** Denied.   The Plaintiff's reference to artificial intelligence related to his understanding or supposition at the time as to how Defendants falsely and maliciously constructed the Documentary, including the possible utilization of artificial intelligence or other means of computer-generated editing tools.

15.     Admit that the Documentary's depiction of Your January 6 Speech was not generated by artificial intelligence.

**Response:** Plaintiff is obtaining information relating to how the Documentary's depiction of the Speech was constructed by Defendants through fabrication and malicious intent. Plaintiff, despite making reasonable inquiry, is presently without sufficient knowledge or information to respond to this request at this time.

16.     Admit that You are not aware of any facts to support your assertion that "concerns about the *Panorama* Documentary were raised internally before its dissemination, but the BBC ignored those concerns and did not take corrective action." Compl. ¶ 7.

**Response:** Denied.

17.     Admit that You lost the 2020 Election to Joseph R. President Biden, Jr. *See* Special Counsel Rep't at 10 (citing Federal Election Commission, *Election Results for 2020 Federal Elections*).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and  does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

18.     Admit that on November 4, 2020, Bill Stepien and Jason Miller told You that it was too early to declare that You had won the election because votes were still being counted. Jan. 6 Rep't at 196.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

19.     Admit that "the only advisor present" on the night of the 2020 Election "who supported [Your] inclination to declare victory was Rudy Giuliani, who, according to Miller, was 'definitely intoxicated' that evening." Jan. 6 Rep't at 196.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

20.     Admit that on October 31, 2020, Steve Bannon said to a group of his associates from China, "what Trump's going to do is just declare victory, right? He's gonna declare victory. But that doesn't mean he's the winner. . . No, because he's gonna sit right there and say 'They stole it. I'm directing the Attorney General to shut down all ballot places in all 50 states." Jan. 6 Rep't at 196.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

21.     Admit that Your advisor Roger Stone said, prior to Election Day 2020, that "what Trump's going to do is just declare victory, right? He's gonna declare victory. But that doesn't mean he's the winner. He's just gonna say he's a winner." Jan. 6 Rep't at 196.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

22.     Admit that within a week after Election Day 2020, Your campaign team told You that You had lost the Election and that there was no evidence of significant fraud. Jan. 6 Rep't at 197.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

23.     Admit that the Select Committee found dozens of instances in which You publicly claimed, prior to the 2020 Election, that mail-in voting would produce a "rigged" election. Jan. 6 Rep't at 201.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

24.     Admit that, prior to Election Day 2020, You consistently refused to publicly commit to accepting the outcome of the 2020 Election. Jan. 6 Rep't at 202.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

25.     Admit that within hours of polls closing on Election Day 2020, You began claiming that late-reported vote tallies, such as counts of absentee votes, were illegitimate. Jan. 6 Rep't at 202.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

26.     Admit that Your advisors had already informed you, prior to Election Day 2020, that while early-reported votes were expected to favor You, late-reported votes were expected to favor President Biden. Jan. 6 Rep't at 203.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

27.     Admit that Bill Barr said, referring to Your statements claiming that fraud had occurred in the 2020 Election, "I mean, this happened, as far as I could tell, before there was actually any potential of looking at evidence." Jan. 6 Rep't at 203.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

28.     Admit that less than two weeks after the 2020 Election, You replaced Your campaign leadership, including Bill Stepien and Justin Clark, with Rudy Giuliani and his associates. Jan. 6 Rep't at 203.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

29.     Admit that in November 2020, Your campaign advisers, including Bill Stepien, Jason Miller, and Matthew Morgan, told You that they had not found fraud or irregularities that would overturn the result of the 2020 Election. Jan. 6 Rep't at 204-05.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

30.     Admit that after the Associated Press declared that President Biden had won the 2020 Election on November 7th, 2020, some of Your campaign advisors, including Bill Stepien,

met with You and told You that Your path to victory was virtually non-existent. Jan. 6 Rep't at 206.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

31.     Admit that President Biden won the popular vote in the state of Arizona in the 2020 Election. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

32.     Admit that President Biden won the popular vote in the state of Georgia in the 2020 Election. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection*

*Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

33.     Admit that President Biden won the popular vote in the state of Michigan in the

2020 Election. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

34.     Admit that President Biden won the popular vote in the state of Nevada in the 2020

Election. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

35.     Admit that President Biden won the popular vote in the state of New Mexico in the 2020 Election. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

36.     Admit that President Biden won the popular vote in the state of Pennsylvania in the 2020 Election. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

37.     Admit that President Biden won the popular vote in the state of Wisconsin in the 2020 Election. Jan. 6 Rep't at 207.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

38.     Admit that in November 2020, members of Your campaign team, including Your data experts, determined that You had lost the states of Arizona, Georgia, Michigan, Pennsylvania, Nevada, and Wisconsin because President Biden had performed better than You in certain areas of those states, such as suburbs. Jan. 6 Rep't at 205-06.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

39.     Admit that in November 2020, Georgia performed a hand recount of all of the ballots cast in the 2020 Election in Georgia, and confirmed that President Biden had won the popular vote in Georgia. Jan. 6 Rep't at 207, 223.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1,

¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

40.     Admit that by January 6, 2021, Arizona and New Mexico had conducted post-election audits of voting machines and ballots that affirmed the accuracy of their election results. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

41.     Admit that on the night of the 2020 Election, You and Rudy Giuliani agreed that You should declare victory that day. Jan. 6 Rep't at 207.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the

information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

42.     Admit that within days of the 2020 Election, Rudy Giuliani began claiming the election results were due to election fraud, including during a press conference at Four Seasons Total Landscaping in Philadelphia and in meetings with You. Jan. 6 Rep't at 208-09.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

43.     Admit that, out of the 62 lawsuits Your campaign and associates filed between November 4, 2020 and January 6, 2021 challenging the results of the 2020 Election, You won only one case, which did not vindicate any claims of fraud and which would not have changed the outcome of the Election in Pennsylvania. Jan. 6 Rep't at 210; Special Counsel Rep't at 14.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

44.    Admit that in November and December 2020, You were aware that courts were consistently rejecting Your campaign team's claims of fraud in the 2020 Election. Jan. 6 Rep't at 212-13.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

45.    Admit that leaders in the U.S. Department of Justice—including Bill Barr, Jeffrey Rosen, and Richard Donoghue—told You in November and December 2020 that Your allegations of fraud in the 2020 Election had no merit and were not supported by evidence. Jan. 6 Rep't at 214-15.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

46.     Admit that state and local officials, such as the Secretaries of State in Georgia and Michigan, publicly stated between Election Day 2020 and January 6, 2021 that the 2020 Election results in their states were not fraudulent. Jan. 6 Rep't at 215-16.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

47.     Admit that between Election Day 2020 and January 6, 2021, You and Your allies repeatedly made dozens of public statements about Dominion voting machines being faulty and/or fraudulent. Jan. 6 Rep't at 216.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

48. Admit that between Election Day 2020 and January 6, 2021, members of Your campaign team and administration told You that they had reviewed Your allegations regarding Dominion and its voting machines and had concluded that these claims were false. Jan. 6 Rep't at 216-24.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

49. Admit that the U.S. Department of Homeland Security's Cybersecurity & Infrastructure Security Agency released a statement on November 12, 2020 saying, "There is no evidence that any voting system deleted or lost votes, changed votes, or was in any way compromised." Jan. 6 Rep't at 217.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

50.     Admit that Rudy Giuliani testified to the Select Committee that he did not believe that Dominion voting machines stole the election and that he had seen no evidence that foreign countries had interfered in the election or manipulated votes. Jan. 6 Rep't at 223.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

51.     Admit that You made multiple allegations that video footage from a ballot counting center in Fulton County, Georgia, was proof of major fraud in the 2020 Election, even after Georgia confirmed its 2020 Election results during a hand recount in November 2020 and after You were repeatedly informed that these allegations were false. Jan. 6 Rep't at 224.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

52.     Admit that a Georgia court dismissed the claim that there were tens of thousands of votes cast in the 2020 Election in Georgia by ineligible voters, such as dead or underage voters. Jan. 6 Rep't at 230.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

53.     Admit that a federal judge found that "emails show that President Trump knew that the specific numbers of voter fraud were wrong but continued to tout those numbers, both in court and to the public." Jan. 6 Rep't at 231 (quoting Order at 17, *Eastman v. Thompson*, No, 8:22-cv-00099 (C.D. Cal. Oct. 19, 2022), ECF No. 372).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

54.     Admit that on January 2, 2021, You told Georgia Secretary of State Brad Raffensperger during a phone call, "All I want to do is this. I just want to find 11,780 votes, which is one more than we have." Jan. 6 Rep't at 263, 292.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

55.     Admit that You and Your advisors developed a plan to attempt to convince Republican-led states that had voted for President Biden to replace their chosen Electoral College electors with electors who would vote for You. Jan. 6 Rep't at 265-71.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

56.     Admit that the Select Committee found that "between the November election and the January 6th insurrection, [You] or [Your] inner circle engaged in at least 200 apparent acts of

public or private outreach, pressure, or condemnation, targeting either State legislators or State or local election administrators, to overturn State election results." Jan. 6 Rep't at 271.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

57.     Admit that multiple state or local election officials You criticized publicly between Election Day 2020 and January 6, 2021, including on social media and in speeches, faced threats of violence as a result. Jan. 6 Rep't at 302-07.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

58.     Admit that Rudy Giuliani's license to practice law in New York was suspended for, among other reasons, the "false claims" he made regarding the 2020 Election. Jan. 6 Rep't at 280

& n.141 (citing *In the Matter of Rudolph W. Giuliani*, No. 2021-00506, slip op at \*2, 32 (N.Y. App. Div. May 3, 2021)).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

59.     Admit that on December 14, 2020, a sufficient majority of Electoral College electors cast their electoral votes for Joseph Biden to become the 46th President. Jan. 6 Rep't at 499.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

60.     Admit that on December 14, 2020—the date Electoral College electors met to cast their votes—other groups of people calling themselves electors also met in seven states that You

had lost in the 2020 Election (Arizona, Georgia, Michigan, Nevada, New Mexico, Pennsylvania, and Wisconsin), purporting to cast electoral votes for You. Jan. 6 Rep't at 341, 352-53.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

61.     Admit that the other groups of people calling themselves electors who met on December 14, 2020 in seven states that You had lost in the 2020 Election (Arizona, Georgia, Michigan, Nevada, New Mexico, Pennsylvania, and Wisconsin), purporting to cast electoral votes for You, were not the duly elected and qualified Electoral College electors. Jan. 6 Rep't at 341, 352-53.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

62.     Admit that when You published the Tweet at 1:42 am on December 19, 2020 saying, "Statistically impossible to have lost the 2020 Election. Big protest in Washington, D.C. Be there, will be wild!," Your intent was for protestors to convince Vice President Pence to decline to certify President Biden as the winner of the 2020 Election on January 6, 2021. Jan. 6 Rep't at 499-501.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

63.     Admit that after You published the Tweet at 1:42 am on December 19, 2020 saying, "Statistically impossible to have lost the 2020 Election. Big protest in Washington, D.C. Be there, will be wild!," members of armed groups such as the Proud Boys and Oath Keepers began planning to attack the Capitol on January 6, 2021. Jan. 6 Rep't at 499-501.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

64.     Admit that at a dinner on December 27, 2020, You spoke with Roger Stone regarding Your plans for Your January 6 Speech. Jan. 6 Rep't at 519.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

65.     Admit that as of December 29, 2020, You were planning to call on your supporters to march to the Capitol during Your January 6 Speech. Jan. 6 Rep't at 533.

**Response:** Denied.

66.     Admit that, when the Senate met to certify the results of the 2020 Election on January 6, 2021, Your aim was for Vice President Pence to count the votes of the groups of people calling themselves electors in the seven states that You lost in the 2020 Election who purported to vote for You (e.g., in Arizona, Georgia, Michigan, Nevada, New Mexico, Pennsylvania, and Wisconsin) instead of the electors who voted for President Biden. Jan. 6 Rep't at 341-42.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

67.     Admit that, in December 2020 and January 2021, You sought to install Jeffrey Clark as Acting Attorney General, and wanted Clark to send a letter to several states You had lost in the 2020 Election suggesting that they certify the alternate groups of people calling themselves electors who purported to vote for You, but You decided not to pursue this effort when U.S. Department of Justice leaders threatened to resign if Clark was installed. Jan. 6 Rep't at 427.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

68.     Admit that on January 4, 2021, You held a meeting in the Oval Office with Vice President Pence and John Eastman, during which You and Eastman encouraged Vice President Pence not to certify President Biden's victory in the 2020 Election when Congress met on January 6, 2021. Jan. 6 Rep't at 428.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

69.     Admit that during the January 4, 2021 Oval Office meeting You had with Vice President Pence and John Eastman, Eastman admitted in front of You that if Vice President Pence refused to certify the 2020 Election results for President Biden on January 6, 2021, Vice President Pence would be in violation of the Electoral Count Act of 1887. Jan. 6 Rep't at 428, 447.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

70.     Admit that You repeatedly made public statements, including during speeches and on social media, saying that Vice President Pence had the power to deliver You a victory in the 2020 Election on January 6, 2021. Jan. 6 Rep't at 428.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

71.     Admit that You met with Vice President Pence in the Oval Office on January 5, 2021 and again asked him to refuse to certify the 2020 Election results for President Biden on January 6, 2021. Jan. 6 Rep't at 452.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

72.     Admit that prior to and on the day of January 6, 2021, Vice President Pence repeatedly rejected your demands that he not certify the 2020 Election results for President Biden on January 6, 2021. Jan. 6 Rep't at 428.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

73.     Admit that when You published the Tweet at 11:06 am on January 5, 2021 stating, "The Vice President has the power to reject fraudulently chosen electors," Vice President Pence had already told You that he would not reject the lawfully chosen electors, and John Eastman had already told You this would violate the Electoral Count Act. Jan. 6 Rep't at 449.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

74.     Admit that when You met with members of Your staff in the Oval Office the evening of January 5, 2021, You said to Deputy Press Secretary Judd Deere that the crowd was going to be "fired up" and "angry" at the January 6 rally because they believed the election had been stolen and was rigged. Jan. 6 Rep't at 539.

**Response:** Denied.

75.     Admit that when You published the Tweet at 9:58 pm on January 5th, 2021, stating that You and Vice President Pence were "in total agreement that the Vice President has the power to act" to block the certification of the 2020 Election results on January 6, 2021, Vice President Pence had not in fact told You that he agreed he had the power to act, and instead told You he disagreed. Jan. 6 Rep't at 35, 454.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

76.     Admit that in the 24-hour period before Your January 6 Speech, Roger Stone, Rudy Giuliani, Bernard Kerik, Boris Epshteyn, John Eastman, Michael Flynn, and others gathered at the Willard Hotel in Washington, D.C. to discuss plans for the January 6 rally. *See* Jan. 6 Rep't at 518; Jacqueline Alemany et al., *Ahead of Jan. 6, Willard Hotel in Downtown D.C. Was a Trump Team 'Command Center' for Effort to Deny Biden the Presidency*, Wash. Post (Oct. 23, 2021), https://www.washingtonpost.com/investigations/willard-trump-eastman-giuliani-bannon/2021/10/23/c45bd2d4-3281-11ec-9241-aad8e48f01ff_story.html.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

77.     Admit that You spoke with Rudy Giuliani within the 24-hour period before Your January 6 Speech and discussed ways to prevent the 2020 Election certification, when Giuliani was at the Willard Hotel. *See id.*

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

78.     Admit that You spoke with Steve Bannon within the 24-hour period before Your January 6 Speech and discussed ways to prevent the 2020 Election certification, when Bannon was at the Willard Hotel. *See id.*

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

79.     Admit that You spoke with Roger Stone within the 24-hour period before Your January 6 Speech and discussed ways to prevent the 2020 Election certification, when Stone was

at the Willard Hotel. *See id.*

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

80.     Admit that You spoke with John Eastman within the 24-hour period before Your January 6 Speech and discussed ways to prevent the 2020 Election certification, when Eastman was at the Willard Hotel. *See id.*

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

81.     Admit that You spoke with Your advisors Hope Hicks and Eric Herschmann earlier in the week of January 6, 2021, and they both advised You to emphasize that January 6 would be a peaceful protest, but You refused to do so. Jan. 6 Rep't at 578.

**Response:** Denied.

82.     Admit that Stephen Miller was a lead speechwriter on Your January 6 Speech. Jan. 6 Rep't at 581.

**Response:** Denied.

83.     Admit that Your January 6 Speech was drafted over the course of approximately 36 hours prior to the speech. Jan. 6 Rep't at 581.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

84.     Admit that when You spoke with Stephen Miller about Your January 6 Speech at approximately 10:00 am on January 6, 2021, You directed him to add lines mentioning Vice President Pence and stating that Pence had the authority to block the certification of the 2020 Election results. Jan. 6 Rep't at 581-82.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

85.     Admit that the lines in the draft of Your January 6 Speech mentioning Vice President Pence that You directed Stephen Miller to insert were then deleted by a speechwriter at approximately 10:49 am, following a call from one of Your lawyers to Stephen Miller. Jan. 6 Rep't at 582.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

86.     Admit that when You spoke with Vice President Pence by phone at approximately 11:20 am on January 6, 2021, You again told Vice President Pence to block the certification of the 2020 Election results and Vice President Pence again refused to do so. Jan. 6 Rep't at 457-58, 583.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

87.     Admit that at approximately 11:30 am on January 6, 2021, after You spoke with Vice President Pence and he again refused to block the certification of the 2020 Election results, You directed Stephen Miller to reinsert lines mentioning Vice President Pence into Your January 6 Speech. Jan. 6 Rep't at 583-84.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

88.     Admit that You spoke with Rudy Giuliani on the morning of Your January 6 Speech, before his own speech at the Ellipse. Jan. 6 Rep't at 433.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

89.     Admit that when You gave Your January 6 Speech, You knew that supporters of You in attendance had refused to walk through the magnetometers and be screened for weapons.

Jan. 6 Rep't at 585.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

90.     Admit that when You gave Your January 6 Speech, You knew that supporters of

You in attendance were carrying firearms. Jan. 6 Rep't at 540.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

91.     Admit that when You arrived to the Ellipse to give Your January 6 Speech, You

shouted to your advance team to remove the magnetometers set up to screen attendees for weapons,

saying "I don't [fucking] care that they have weapons. They're not here to hurt me. Take the

[fucking] mags away. Let my people in. They can march to the Capitol from here. Take the

[fucking] mags away." Jan. 6 Rep't at 585.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

92.    Admit that You intended to go to the Capitol directly after You concluded Your January 6 Speech. Jan. 6 Rep't at 502, 533-34, 587.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

93.    Admit that when You were in Your vehicle departing from the Ellipse after You concluded Your January 6 Speech, at approximately 1:17 pm on January 6, 2021, the members of the U.S. Secret Service in the vehicle told You that You could not go to the Capitol because it was not safe. Jan. 6 Rep't at 587.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

94.     Admit that You became angry when You were told by Secret Service at approximately 1:17 pm on January 6, 2021 that that You could not go to the Capitol because it was not safe. Jan. 6 Rep't at 587.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

95.     Admit that after You were told by Secret Service at approximately 1:17 pm on January 6, 2021 that that You could not go to the Capitol because it was not safe, You tried to grab the wheel of the vehicle to steer it toward the Capitol. Jan. 6 Rep't at 588.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

96.     Admit that You continued to request to go to the Capitol to join your supporters even after returning to the White House on the afternoon of January 6, 2021. Jan. 6 Rep't at 588.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

97.     Admit that the drafts of Your January 6 Speech only included the word "fight" twice, but during Your January 6 Speech, You said "fight" twenty times. Jan. 6 Rep't at 540.

**Response:** Denied.

98.     Admit that in Your January 6 Speech, You said, "We're going to walk down to the Capitol." Jan. 6 Rep't at 585.

**Response:** Admitted that the statement was made, but denied that Plaintiff made that statement in the manner that it was portrayed in the Documentary. *See* D.E. 1, ¶ 43.

99.     Admit that in Your January 6 Speech, You said, "and I'll be there with you." Jan. 6 Rep't at 585.

**Response:** Admitted that the statement was made, but denied that Plaintiff made that statement in the manner that it was portrayed in the Documentary. *See* D.E. 1, ¶ 43.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

100.    Admit that in Your January 6 Speech, You said, "And we fight. We fight like hell. And if you don't fight like hell, you're not going to have a country anymore." Jan. 6 Rep't at 540.

**Response:** Admitted that the statement was made, but denied that Plaintiff made that statement in the manner that it was portrayed in the Documentary. *See* D.E. 1, ¶ 43.

101.    Admit that when You gave Your January 6 Speech, You knew Your supporters were angry. Jan. 6 Rep't at 502.

**Response:** Plaintiff is unable to admit or deny the truth of this request because it calls for him to speculate as to the state of mind of multiple individuals, none of whom are identified herein.

102.    Admit that when You gave Your January 6 Speech, and You called on your supporters to "fight like hell" and to march to the Capitol. Jan. 6 Rep't at 502.

**Response:** Denied.

103.    Admit that You repeated Your claims about election fraud in Fulton County, Georgia during Your January 6 Speech, after You had been informed that these claims were false. Jan. 6 Rep't at 226.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

104.    Admit that the Select Committee found that there were more than 100 times during Your January 6 Speech in which You falsely claimed that the 2020 Election had been stolen from

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

You, including by voter fraud. Jan. 6 Rep't at 232.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

105.    Admit that more than 100 of the individuals who participated in the attack on the Capitol on January 6, 2021 after listening to Your January 6 Speech told courts, reporters, or otherwise publicly stated that they attacked the Capitol because they believed You had asked them to do so during Your January 6 Speech. *E.g.*, Jan. 6 Rep't at 1-3 & n.17 (citing Select Committee Chart Compiling Defendant Statements, *available at* https://www.govinfo.gov/app/details/GPO-J6-DOC-DEFENDANT-STATEMENTS-CHART).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

106.    Admit that prior to January 6, 2021, the meetings of the U.S. Congress to certify the results of Presidential elections pursuant to the Electoral Count Act of 1887 had operated in a peaceful and orderly manner for more than 130 years. Special Counsel Rep't at 15.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

107.    Admit that during Your January 6 Speech, You repeatedly mentioned Vice President Pence, including by saying that "if Mike Pence does the right thing, we win the election" and "Mike Pence is going to have to come through for us, and if he doesn't, that will be a, a sad day for our country because you're sworn to uphold our Constitution." Jan. 6 Rep't at 429.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

108.    Admit that by 1:21 pm on January 6, 2021, You were aware that the Capitol was under attack. Jan. 6 Rep't at 577, 592.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

109.    Admit that, on January 6, 2021, after You learned the Capitol was being attacked, You did not call Vice President Pence to ask whether he was safe. Jan. 6 Rep't at 466.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

110.    Admit that on January 6, 2021, after You learned the Capitol was being attacked, You did not call law enforcement or military officials to direct them to stop the attack. Jan. 6 Rep't at 577.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1,

¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

111. Admit that the violence that occurred on January 6, 2021 was foreseeable to You. *See* Special Counsel Rep't at 74.

**Response:** Denied.

112. Admit that You caused the violence that occurred on January 6, 2021. *See* Special Counsel Rep't at 74.

**Response:** Denied.

113. Admit that the violence that occurred on January 6, 2021 was beneficial to Your plan to interfere with the certification of the 2020 Election results. *See* Special Counsel Rep't at 74.

**Response:** Denied.

114. Admit that when the attack on the Capitol began, You made a conscious choice not to stop it and instead to leverage it for more delay. *See* Special Counsel Rep't at 74.

**Response:** Denied.

115. Admit that on January 6, 2021, after You learned the Capitol was being attacked, You called Rudy Giuliani to seek his assistance in delaying the joint session of Congress. Jan. 6 Rep't at 577.

**Response:** Denied.

116.    Admit that when You published the Tweet at 2:24 pm on January 6, 2021 stating "Mike Pence didn't have the courage to do what should have been done to protect our Country and our Constitution, giving States a chance to certify a corrected set of facts, not the fraudulent or inaccurate ones which they were asked to previously certify. USA demands the truth!," You were aware that an attack on the Capitol was underway. Jan. 6 Rep't at 429, 465, 596, 660.

**Response:** Denied.

117.    Admit that when You were drafting the Tweet You published at 2:38 pm on January 6, 2021 stating "Please support our Capitol Police and Law Enforcement. They are truly on the side of our Country. Stay peaceful!," You initially resisted using the word "peaceful" and only added the words "stay peaceful" at Ivanka Trump's suggestion. Jan. 6 Rep't at 578, 599.

**Response:** Denied.

118.    Admit that on January 6, 2021, when you spoke with House Minority Leader Kevin McCarthy by phone between 2:26 pm and 3:06 pm, he asked You to tell Your supporters to leave the Capitol, but You declined to do so and told McCarthy, "I guess they're just more upset about the election theft than you are." Jan. 6 Rep't at 579, 598.

**Response:** Denied.

119.    Admit that You later described the calls to "Hang Mike Pence!" issued by individuals who stormed the Capitol on January 6 as "common sense." Jan. 6 Rep't at 430 & n.17 (quoting Mike Allen, *Exclusive Audio: Trump Defends Threats to 'Hang' Pence*, Axios (Nov. 12, 2021), https://www.axios.com/2021/11/12/trump-hang-mike-pencejanuary-6-audio).

**Response:** Denied.

120. Admit that on the afternoon of January 6, 2021, for hours after returning to the White House at approximately 1:21 pm, you watched Fox News's coverage of the attack on the Capitol from the Presidential Dining Room. Jan. 6 Rep't at 593.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

121. Admit that on the afternoon of January 6, 2021, after returning to the White House at approximately 1:21 pm and after learning an attack on the Capitol was underway, You made calls to Members of Congress asking them to object to the certification of the 2020 Election results. Jan. 6 Rep't at 593-94.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

122.    Admit that on January 6, 2021, You did not ask Your supporters to leave the Capitol until You published a Tweet with a video at 4:17 pm, approximately three hours after You learned that the Capitol was under attack. Jan. 6 Rep't at 577.

**Response:** Denied.

123.    Admit that throughout the afternoon of January 6, 2021, before You published Your Tweet at 4:17 pm, You refused multiple requests by Your advisors to order Your supporters to leave the Capitol. Jan. 6 Rep't at 579, 603.

**Response:** Denied.

124.    Admit that on January 6, 2021, after You published a Tweet at 4:17 pm, telling Your supporters "you're very special" and asking them to "go home," Your supporters listened to You and began leaving the Capitol within minutes. Jan. 6 Rep't at 579, 606.

**Response:** Plaintiff is unable to admit or deny the truth of this request because it calls for him to speculate as to which supporters are referenced in this request, what statements the unnamed supporters listened to, whether these unnamed supporters "listened" to Plaintiff, and why these unnamed supporters began leaving the Capitol.

125.    Admit that on January 6, 2021, when You published a Tweet at 6:01 pm, saying "These are the things and events that happen when a sacred landslide election victory is so unceremoniously & viciously stripped away from great patriots who have been badly & unfairly treated for so long. Go home with love & in peace. Remember this day forever!," You were aware of the violent attack that had occurred at the Capitol. Jan. 6 Rep't at 580, 607.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant

should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

126.    Admit that on January 6, 2021, when You were departing to the Executive Residence at the White House at around 6:27 pm, You said to a member of Your staff, "Mike Pence let me down." Jan. 6 Rep't at 580, 607.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

127.    Admit that an estimated 250 law enforcement officers were injured and five people died in connection with the events of January 6, 2021, within days of the attack. Jan. 6 Rep't at 711.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

128.     Admit that on January 6, 2021, the aim of law enforcement officers within the U.S. Capitol Police and other law enforcement agencies was to quell the violence and permit the certification process to continue—not to intentionally escalate the violence or harm civilians. Jan. 6 Rep't at 6.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

129.     Admit that, in the early morning hours of January 7, 2021, after a delay of several hours due to the attack on the Capitol, Vice President Pence lawfully certified President Biden as the winner of the 2020 Election. Jan. 6 Rep't at 469.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

130.    Admit that U.S. District Judge David Carter described the efforts of You and Eastman to prevent the certification of President Biden as the winner of the 2020 Election on January 6, 2021 as "a campaign to overturn a democratic election, an action unprecedented in American history," "a coup in search of a legal theory," and as an effort that "would have permanently ended the peaceful transition of power, undermining American democracy and the Constitution," and that likely violated at least two Federal laws. Jan. 6 Rep't at 430 (quoting Order Re Privilege of Documents Dated January 4-7, 2021 at 44, *Eastman v. Thompson*, 594 F. Supp. 3d 1156 (C.D. Cal. Mar. 28, 2022)).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

131.    Admit that on January 7, 2021, when Your staff asked You to give a speech denouncing the January 6 attack on the Capitol, You wanted to include in the speech that You would pardon individuals who faced charges related to their participation in the attack, but omitted that statement at Your lawyers' direction. Jan. 6 Rep't at 581.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses.");

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so."). In addition, the requests seeks information protected by the attorney-client privilege.

132.   Admit that on August 1, 2023, a federal grand jury in the District of Columbia charged You with four felony offenses arising from Your efforts to unlawfully retain power by using fraud and deceit to overturn the 2020 election results. *See* Special Counsel Rep't at 9; *United States v. Trump*, No. 23-cr-257 (D.D.C.).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at \*2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

133.   Admit that the Special Counsel found, following the investigation, that "the evidence established that the violence was foreseeable to Mr. Trump, that he caused it, that it was beneficial to his plan to interfere with the certification, and that when it occurred, he made a conscious choice not to stop it and instead to leverage it for more delay." *See* Special Counsel Rep't at 74.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at \*2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

134.    Admit that after the Supreme Court held in 2024 that You were immune from prosecution for certain misuse of official power alleged in the indictment against You, a second grand jury found probable cause to return a superseding indictment charging the same offenses based on Your non-immunized conduct. *See* Special Counsel Rep't at 9; Superseding Indictment, ECF 226, *United States v. Trump*, No. 23-cr-257 (D.D.C.).

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

135.    Admit that more than 1,500 individuals were charged with crimes related to their participation in events that occurred at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses.");

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

136.    Admit that more than 1,200 individuals were convicted of crimes related to their participation in events that occurred at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See D.E. 1,* ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

137.    Admit that on January 20, 2025, You commuted the sentences of 14 individuals and pardoned all of the remaining individuals who were convicted of criminal offenses related to events that occurred at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See D.E. 1,* ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to

explore matters which do not presently appear germane on the theory that they may conceivably become so.").

138.    Admit that on May 4, 2023, a jury found Dominic Pezzola guilty of six felonies related to his participation in events that occurred at or near the Capitol on January 6, 2021, including obstruction of an official proceeding, conspiracy to prevent members of Congress or federal officers from discharging their duties, and assaulting, resisting, or impeding officers.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

139.    Admit that on September 1, 2023, Dominic Pezzola was sentenced to 120 months' imprisonment and 36 months' probation after being convicted of six felonies related to his participation in events that occurred at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

140.    Admit that Dominic Pezzola, a member of the Proud Boys, was one of the first rioters to physically breach the Capitol on January 6—including by breaching barricades, tearing down fencing, and smashing a Capitol window with a stolen police riot shield—and led members of the crowd into the Capitol.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

141.    Admit that Dominic Pezzola stated in court filings that on January 6, 2021, he "acted out of the delusional belief that he was a 'patriot' protecting his country," and "was responding to the entreaties of the then commander in chief, President Trump," who "maintained that the election had been stolen and it was the duty of loyal citizens to 'stop the steal.'" Def.'s Mot. for Modification of Bond at 13, *United States v. Pezzola*, No. 1:21-cr-00052-TJK (D.D.C. Feb. 10, 2021), ECF No. 15.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

142.    Admit that Dominic Pezzola yelled "Trump won!" as he left court following his sentencing hearing.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

143.    Admit that on January 20, 2025, You commuted the sentence of Dominic Pezzola to time served.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

144.    Admit that on January 18, 2021, Emmanuel Jackson was charged with assault on a federal officer and four other criminal offenses related to his participation in events that occurred

at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

145.    Admit that Emmanuel Jackson was one of the first rioters to enter the Capitol on January 6, 2021 and repeatedly struck law enforcement officers, including with a metal baseball bat.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

146.    Admit that Emmanuel Jackson stated in court filings that "President Trump invited Americans to attend his January 6, 2021, 'Stop the Steal' rally and declared 'we fight, we fight like hell because if you don't fight like hell you're not going to have a country anymore. You'll never take back our country with weakness '[y]ou have to show strength,''" that Jackson's "behavior at

the Capitol is indicative of an individual incited by the President," and that "on January 6, 2021, the President made 'statements that encouraged—and foreseeably resulted in—imminent lawless action at the Capitol.'" Def.'s Mot. for Review and Revocation of Detention Order at 2-3, 6, *United States v. Jackson*, No. 1:21-cr-00395-TJK (D.D.C. Feb. 22, 2021), ECF No. 10.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

147.    Admit that on January 20, 2025, You pardoned Emmanuel Jackson.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

148.    Admit that on September 3, 2021, Jacob Anthony Chansley, also known as Jake Angeli, pleaded guilty to obstruction of an official proceeding, related to his participation in events that occurred at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

149.    Admit that on November 17, 2021, Jacob Chansley was sentenced to 41 months' imprisonment related to his participation in events that occurred at or near the Capitol on January 6, 2021.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

150.    Admit that Jacob Chansley, often called the "QAnon Shaman," was one of the first rioters to enter the Capitol on January 6, 2021, carried a six-foot spear into the Capitol, scaled the Senate dais, sat in Vice President Pence's seat, and called Vice President Pence a "fucking traitor."

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

151.    Admit that Jacob Chansley stated in court filings that "Defendant has been consistent in his assertion that but for the actions and words of the President, he would not have appeared in Washington, DC to support the President and, but for the specific words of the then-President during his January 6, 2021 speech, the Defendant would not have walked down Pennsylvania Avenue and would not have gone into the U.S. Capitol Building." Def.'s Mot. for Pretrial Release at 10, *United States v. Chansley*, No. 1:21-cr-00003-RCL (D.D.C. Feb. 23, 2021), ECF No. 12.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

152.    Admit that on January 20, 2025, You pardoned Jacob Chansley.

**Response:** Objection, this request is not relevant to claims and defenses raised in this action and does not specifically relate to the precise false and defamatory statements at issue. *See* D.E. 1, ¶¶ 42-44, 105(a)-(c). Because the request is irrelevant to the false and defamatory statements at issue, Plaintiff will not be responding to this request. *See Kaminsky v. Nat'l Bureau Collection*

*Corp.,* 2008 WL 11330717, at *2 (S.D. Fla. Oct. 15, 2008) ("Accordingly, whether Plaintiff should be compelled to respond to the Requests for Admission at issue rests with the determination of whether the requests concern matters that are relevant to either of the parties' claims or defenses."); *see also generally Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense' '. . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted); *see also Henderson v. Holiday CVS,* 269 F.R.D. 682, 687 (S.D. Fla. 2010) (explaining that discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so.").

Dated: May 6, 2026

Respectfully submitted,

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Michael O. Mena
Florida Bar No. 10664
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
mmena@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2026 the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting
Corporation, BBC Studios Productions Limited
and BBC Studios Distribution Limited*

*/s/Alejandro Brito*

65
**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071