**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, <br><br>        Plaintiff, <br><br>     v. <br><br> BRITISH BROADCASTING CORPORATION a/k/a BBC, BBC STUDIOS DISTRIBUTION LIMITED, and BBC STUDIOS PRODUCTIONS LIMITED, <br><br>        Defendants. | Case No. 1:25-CV-25894-RKA |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY**
**HEARING RELATED TO PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
<u>**DEFENDANTS' FIRST REQUEST FOR PRODUCTION AND INTERROGATORIES**</u>

Plaintiff President Donald J. Trump ("Plaintiff"), by and through undersigned counsel and pursuant to the Court's Order Requiring Response (ECF No. 78) and the Court's February 13, 2026 Order Setting Discovery Procedures (ECF No. 29), hereby files his Response to the Motion for Discovery Hearing Related to Plaintiff's Responses and Objections to Defendants' First Request for Production and Interrogatories (ECF No. 57) ("Motion for Discovery Hearing"). In support, Plaintiff states as follows:

## RELEVANT FACTUAL BACKGROUND

On December 15, 2025, Plaintiff filed this action against Defendants stating that Defendants published false and defamatory statements about him, and in doing so, violated Florida's Unfair and Deceptive Trade Practices Act. *See generally* D.E. 1, ¶¶ 104-119. Plaintiff states that Defendants' false, malicious, and defamatory statements consist of the deceptive splicing and distortion of a speech he made on January 6, 2021, that Defendants then published in the Documentary that is defined in the Complaint. Plaintiff has not placed an overwhelming amount of elements of the events that occurred on January 6, 2021, or post-election communications, at issue. The pleaded dispute concerns Defendants' deceptive, wrongful, and defamatory editing and publication of a few minutes of Plaintiff's ***own words*** out of an hour-long documentary. *See* D.E. 1, ¶¶ 42-44. Unlike other defamation cases in which the Defendants are accused of words that ***they made*** about the Plaintiff, this action concerns Defendants' distortion of Plaintiff's ***own words***.

On March 5, 2026, Defendants served their First Request for Production and Interrogatories on Plaintiff. On April 21, 2026, Plaintiff served his responses and objections, following an agreed upon one-day extension. The interrogatories were, and remain, unverified. On May 1, 2026, Defendants raised their concerns with Plaintiff's responses in a letter to Plaintiff's

counsel. On May 6, 2026, the Parties' counsel met and conferred by phone to discuss their respective positions, and counsel were unable to resolve the disputes raised herein. On May 18, 2026, Plaintiff served unverified supplemental responses to all but Nos. 10 and 11 in the First Interrogatories, but did not amend his responses to Defendants' First Request for Production. For the reasons stated herein, among others that Plaintiff will articulate in oral argument, Plaintiff and Defendants are at an impasse regarding the scope of discovery.

**ARGUMENT**

**A.  Defendants' First Request for Production**.

Defendants have engaged in excessive and impermissibly broad discovery efforts in such a manner that it distracts from the core issues in dispute in this case.  Indeed, as of the date of the Motion for Discovery Hearing, Defendants have served on Plaintiff 126 requests for production of documents, 152 requests for admission, and have served 47 subpoenas on third parties seeking an incredibly vast array of documents, the majority of which are unrelated to the claims and defenses in this case. As a result, Plaintiff has objected to several of the document requests directed at him, which seek the production of documents that are plainly unrelated to these proceedings. In their submission below, Defendants materially mischaracterize the nature of Plaintiff's objections to these document requests. Rather than repeat his objections here, Plaintiff incorporates them, and the legal authority supporting his objections, by reference herein and refers the Court to the source materials and legal authority supporting his objections, attached as **Exhibit B to ECF No. 57**.

In further support of his position, Plaintiff states that Defendants are attempting to distort the allegations in the Complaint in order to unnecessarily expand the scope of discovery into a sweeping inquiry into January 6th, post-election challenges, government investigations, congressional productions, call logs, calendars, and unrelated litigation, thereby needlessly

3
**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

increasing the cost of litigation. The great majority of the Defendants' discovery requests are drastically far afield from the issues in this action, which arise from the false and defamatory statements that Plaintiff has put at issue. *Compare* D.E. 1, ¶¶ 42-44; *with* Defendants' First Request for Production and First Set of Interrogatories, attached as Exhibit B to ECF No. 57.

Despite the limited nature of Plaintiff's claim, Defendants demand that Plaintiff produce:

- All Documents and Communications Concerning Your claim that you did not explicitly or implicitly call for violent action on January 6, 2021.

- All Documents and Communications that You provided to the U.S. House Select Committee to Investigate the January 6th Attack on the U.S. Capitol.

- All Documents and Communications Concerning the events of January 6, 2021 that You provided to the U.S. Senate Committee on Homeland Security and Government Affairs.

- All Documents and Communications Concerning the events of January 6, 2021 that You provided to Special Counsel Jack Smith.

- All Documents and Communications Concerning the events of January 6, 2021 that You provided to any other federal, state, or local agency or official.

- All of Your telephone call logs from November 3, 2020 to January 20, 2021.

- All of Your calendars, schedules, and daily diaries from November 3, 2020 to January 20, 2021.

- All Documents and Communications Concerning the "Stop the Steal" rally on January 6, 2021 and the speeches given at that event, including Your speech. For the avoidance of doubt, this includes planning the "Stop the Steal" rally and Your speech, and includes all Communications with any of the following persons: Stephen Bannon; Christina Bobb; Jeffrey Clark; John Eastman; Boris Epshteyn; Michael Flynn; Rudy Giuliani; Preston Haliburton; Bernard Kerik; William Ligon; Ed McBroom; Stephen Miller; Russell Ramsland; Roger Stone; Phil Waldron; and Kelli Ward, as well as all drafts of Your January 6, 2021 speech and all Communications about those drafts.

These categories of documents seek information not at all relevant to these proceedings, as framed by the pleadings, and are also facially disproportionate. Defendants have not—and cannot—articulate any meaningful basis for why the documents and communications sought

4

through these requests are relevant or proportional to the needs of this action. As reflected by Plaintiff's precise allegations in the Complaint, it is Defendants' actions in splicing and distorting President Trump's January 6, 2021, speech that is at issue in this case. Moreover, the Documentary itself did not purport to report on every person with whom Plaintiff spoke after the 2020 election, every document produced to governmental bodies, or every call log and calendar entry during a multi-month period. Consequently, Defendants' discovery requests are disproportionate to the needs of this action. *See, e.g., Cayago Americas, Inc. v. Heinen*, 2022 WL 304519, at *4 (S.D. Fla. Jan. 24, 2022) (finding that "a request for 'any and all documents regarding prior enforcement efforts' is disproportionate to the needs of the case.").

### B.  Defendants' First Set of Interrogatories.

Rather than repeat his objections, Plaintiff incorporates them, and the legal authority supporting his objections, by reference herein and refers the Court to the source materials and legal authority supporting his objections, attached as **Exhibit B to ECF No. 57**. In addition, Plaintiff states that Defendants' Interrogatories 10 and 11 suffer from the same defects as their requests for production. In Interrogatories 10 and 11, Defendants are demanding that Plaintiff:

- Identify all Persons with whom You have communicated regarding any aspect of the January 6, 2021 "Stop the Steal" rally, including but not limited to planning the event, Your January 6, 2021 speech at the event, and discussions about the event after the fact.

- Identify all Persons with whom You have communicated regarding Your efforts to challenge, and/or Your disagreements with the validity of, the results of the 2020 U.S. Presidential Election, including but not limited to the U.S. Congress's certification of the election results on January 6, 2021.

As explained above, this action is not about the facts of January 6th, or the alleged events that gave rise to it. Instead, this case is about Defendants' distortion of Plaintiff's own words that comprise a few minutes in an hour-long documentary. Despite those well-pleaded and precise allegations in the Complaint, Defendants are attempting to use this action as a vehicle to conduct

5

a trial as to the events that occurred on January 6th. Preventing such improper action is precisely the purpose for which Fed. R. Civ. P. 26(g) was created. *See Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, 2025 WL 2887300, at *6 (11th Cir. Oct. 10, 2025) (affirming trial court's finding of bad faith discovery conduct: "Federal Rule of Civil Procedure 26 imposes upon an attorney a duty to ensure that an objection to a discovery request is not 'interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'") (quoting Fed. R. Civ. P. 26(g)(1)(B)(ii)). Simply put, Defendants' attempts to defend themselves do not entitle them to carte-blanche discovery. *See Blasi v. Simonetti,* 2005 WL 8156013 at *2 (S.D. Fla. Nov. 10, 2005) ("the information sought should be 'directly relevant to establishing a 'truth defense'' . . . a defendant should not be allowed to engage in a 'fishing expedition.'") (internal citation omitted).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court schedule a discovery hearing to resolve these disputes, grant Plaintiff's requested relief as outlined in his proposed order attached hereto as **Exhibit A**, and award any other relief that the Court deems proper.

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: June 23, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd, Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 23, 2026, the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation, BBC Studios Productions Limited*
*and BBC Studios Distribution Limited*

/s/ Alejandro Brito

**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071