UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-25894-RKA-EAL |
| | ) |
| BRITISH BROADCASTING CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>DEFENDANT'S RESPONSE TO THE GOVERNMENT'S STATEMENT OF INTEREST</u>**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel, respectfully submits this brief response to the Statement of Interest by the United States of America (the "Statement") (ECF 96).  The Statement is improper in at least four respects. **<u>First</u>**, in violation of basic principles of standing, the government challenges all of Defendant's subpoenas, including those sent to private individuals and organizations.  **<u>Second</u>**, contrary to the Federal Rules of Civil Procedure, the government purports to challenge Defendant's subpoenas outside of the District where compliance with those subpoenas is required.  **<u>Third</u>**, repeating Plaintiff's flawed arguments, the government errs by minimizing the relevance of the records Defendant seeks and inflating the burden that the subpoenas impose.  **<u>Fourth</u>**, despite Defendant's caution on this very point, *see* ECF 93, the government's decision to file this Statement raises grave ethical concerns, just like the ones that the Honorable Kathleen M. Williams addressed earlier this week in *Trump v. IRS*, 2026 WL 2015525 (S.D. Fla. July 13, 2026).  For each and all of these reasons, the Court should give the Statement no weight in adjudicating the dispute between the parties over Defendant's third-party document subpoenas.

I.       THE GOVERNMENT LACKS STANDING FOR ITS BLANKET CHALLENGE.

Though the government repeatedly asserts that its Statement pertains to all of "the BBC's subpoenas" without distinguishing among them, *see* Statement at 1, 7, 9, the government lacks standing to challenge many of those subpoenas.  Some of Defendant's subpoenas were directed to purely private individuals – *i.e.*, persons who either never served in government or whose prior government service is unrelated to the requested records – such as Sidney Powell, Roger Stone, and Donald Trump, Jr.  *See, e.g.*, ECF 61-2 at 1.[1]  Others were directed to non-governmental organizations, namely the Republican National Committee and WinRed.  *See id.* "In the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a 'personal right or privilege with respect to the materials subpoenaed.'" *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at \*2 (S.D. Fla. Nov. 25, 2008) (Vitunac, M.J.).  The government, which is not even a party to this case, thus has no standing to challenge these subpoenas served on private third parties, and as a result it should simply not be heard as to those subpoenas.

II.      THE GOVERNMENT MAKES ITS ARGUMENTS IN THE WRONG COURT.

Even for the subpoenas as to which it arguably has standing, the government errs by effectively seeking to quash those subpoenas in this Court.  "[A] challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed . . . as a Rule 45 motion to compel (or an agency's Rule 45 motion to quash)." *Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007).  And it is black-letter law that "Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required." *Hoog v. PetroQuest,*

---

[1] Ironically, the government complains about the subpoena to Mr. Trump Jr. even though the government itself – specifically, the U.S. Secret Service – has to date *prevented* Defendant from serving that subpoena on Mr. Trump Jr.

*LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021). For the subpoenas that Defendant sent via *Touhy* request to government agencies or served on former officials, compliance is required in Washington, D.C. *See, e.g.*, ECF 61-2 at 50 (subpoena within *Touhy* request to National Security Agency). Any challenge that the government might wish to make to those subpoenas, at least in the first instance, must therefore be raised in the U.S. District Court for the District of Columbia, not here.[2] *See, e.g.*, *Cluck-U Chicken, Inc. v. Cluck-U, Corp.*, 2017 WL 10275958, at *1 n.1 (M.D. Fla. Jan. 3, 2017) (noting that if a motion to quash is filed "in the wrong court," then "[f]or this reason alone, the motion should be denied").

## III. THE GOVERNMENT ERRS IN ITS ASSESSMENT OF THE SUBPOENAS.

The government further compounds its errors by improperly minimizing the relevance of the records that Defendant seeks and improperly inflating the burden that compliance would impose. As to **relevance**, Plaintiff's central claim in this lawsuit is that Defendant defamed him by including in the Documentary a clip of the speech he delivered at the White House Ellipse on January 6, 2021. Specifically, according to Plaintiff, the way in which that clip was edited conveys the allegedly false implication that he "fomented [the] violence" that ensued at the Capitol. Compl. ¶ 44. Moreover, because Plaintiff claims that Defendant defamed him by altering his own statements, he must prove that this "alteration results in a material change in the meaning" of the statements that he actually made at the Ellipse. *Masson v. New Yorker Mag.*,

---

[2] Indeed, the government is *already* litigating in the U.S. District Court for the District of Columbia over discovery issues in this matter. Because Plaintiff asserted executive privilege in response to several of Defendant's discovery requests, Defendant moved in the D.C. federal court, under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, to further unseal opinions and orders rejecting assertions of executive privilege that Plaintiff made or directed others to make in connection with investigations into the 2020 presidential election, as those rulings could estop or preclude Plaintiff's assertions of the privilege here. For the Court's reference, a copy of Defendant's access motion is attached as Exhibit A and a copy of the government's opposition, filed earlier this week, is attached as Exhibit B.

501 U.S. 496, 517 (1991).  To prevail in this case, therefore, Plaintiff must prove that he did **not** foment or incite the January 6 Capitol riot.  The records in the possession, custody, or control of government agencies or former government officials that Defendant has requested are thus highly relevant to this lawsuit because they would shed light on Plaintiff's true knowledge, intent, and state of mind in delivering his speech at the Ellipse.

*Blasi v. Simonetti*, 2005 WL 8156013 (S.D. Fla. Nov. 10, 2005), which both Plaintiff and the government cite, makes this exact point.  There, plaintiff sued defendant for defamation over a statement that plaintiff and a third party were "partners-in-crime," and defendant sought to "discover every instance where [plaintiff and the third party] have 'partnered' during the operative time period as a means of establishing his defense of truth."  *Id.* at *2.  Plaintiff objected to the request, and the court **overruled** that objection, because "[a] defendant charged with defamation is 'entitled to reasonable discovery as to relevant matters to obtain evidence to support such a defense.'"  *Id.* (quoting *Perrone v. CBS, Inc.*, 1997 WL 863266, at *2 (D.N.J. Mar. 20, 1997), and noting that in *Perrone*, the court "allow[ed] defendant to obtain plaintiffs' bank records, where defendant allegedly defamed plaintiffs by accusing them of bouncing checks").  Defendant here is likewise entitled to discovery on the issue of material falsehood.

As to **burden**, the government first suggests that Defendant should have waited to seek these records until their motion to dismiss is resolved, *see* Statement at 9, but discovery is not stayed while that motion is pending, and only three months of discovery remain before the October 20, 2026 discovery cut-off.[3]  Especially given the possibility that agencies might challenge the *Touhy* requests, just as they have (improperly) done through the Statement,

---

[3] On this point the government can hardly blame Defendant: it was <u>Plaintiff</u> who succeeded in opposing Defendant's request to stay merits discovery and permit only jurisdictional discovery until the motion to dismiss was resolved.  *See* ECF 26 (order denying Defendant's stay motion).

Defendant could not have afforded such delay.  The government then argues that the burden of compliance is too great because some of the requested documents may be available from other sources, including public records, *see id.*, but once again *Blasi*, which the government cites, rejected that same argument.  *See Blasi*, 2005 WL 8156013, at *2 (deeming discovery request proper even though plaintiff objected "on the ground that it seeks information that is available from public sources").

Moreover, in the specific and unusual circumstances of this case, the government makes no sense in arguing that it would be less burdensome for Defendant to seek these records "from a party."  *See* Statement at 10.  Setting aside that Defendant *has* requested records on these issues from Plaintiff, and he has not yet produced them, Plaintiff is the President, and the records in his possession, custody, or control include all of the records of all of the agencies (except perhaps the Architect of the Capitol) that received Defendant's *Touhy* requests.[4]  The "burden" on the agencies would thus be ***exactly the same*** if Defendant sought these records directly from the agencies or indirectly from Plaintiff, the agencies' ultimate supervisory authority.

**IV.     THE GOVERNMENT'S STATEMENT CREATES A CONFLICT OF INTEREST.**

Finally, the government's decision to file this Statement raises grave ethical concerns, on par with those that Judge Williams addressed earlier this week in *Trump v. IRS*.  Defendant and this Court have to presume, in the absence of any representation by the Department of Justice to the contrary, and despite undersigned counsel having expressly asked government counsel for such a representation during a meet-and-confer call on June 30, 2026, that the Statement was *not*

---

[4] *See, e.g.*, *Trump v. IRS*, 2026 WL 2015525, at *9 (noting that Executive Order 14215, which was "issued on February 18, 2025, shortly after President Trump took office for his second term," and which "expands the President's oversight of federal agencies and employees," expressly "provides that 'it shall be the policy of the executive branch to ensure Presidential supervision and control of the entire executive branch'") (quoting Exec. Order 14215 at § 1).

made independent of the Plaintiff in this case – the President – rather than assuming the Statement represents the considered views of the federal agencies that received the *Touhy* requests, based on a proper application of the relevant agency guidelines and a sound interpretation of precedent.  After all, the President has forbidden federal agencies from "advanc[ing] any legal position or interpretation—however legitimate or well-reasoned— contrary to that held by . . . Plaintiff in this matter, President Trump."  *Id.* at *10.  The government cannot brush those concerns away merely by asserting that Plaintiff filed this lawsuit "in his personal capacity," *see* Statement at 1, 4, 7 n.5, because to do so is to insist that this Court "accept the credulous exercise of divorcing President Trump's current job title from an understanding of what happened here."  *Trump v. IRS*, 2026 WL 2015525, at *1.  Indeed, Plaintiff identifies himself in the caption of the Complaint and throughout as "President Trump."

In the face of this conflict of interest, where Plaintiff is arguing against Defendant's discovery both through his own personal lawyers and through government counsel, the only course that preserves fundamental fairness and due process would be to give the government's Statement no weight whatsoever in adjudicating this discovery dispute – a dispute in which, after all, the government need not have involved itself in the first place.

## **CONCLUSION**

For the foregoing reasons, the Court should disregard the Statement of Interest by the United States of America (ECF 96).

Dated: July 17, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: <u>*/s/ Charles D. Tobin*</u>
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF

docket on July 17, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin