UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:25-cv-25894-ALTMAN/LETT

PRESIDENT DONALD J. TRUMP,

     Plaintiff,

v.

BRITISH BROADCASTING CORP.,

     Defendant.

_____/

## ORDER FOLLOWING DISCOVERY HEARING ON JOINT MOTION FOR DISCOVERY HEARING RELATED TO DEFENDANTS' SUBPOENA TO PRODUCE FINANCIAL RECORDS TO NON-PARTY THE DONALD J. TRUMP REVOCABLE TRUST

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Discovery Hearing Related to Defendants' Subpoena to Produce Financial Records to Non-Party the Donald J. Trump Revocable Trust (the "Trust") [ECF No. 52], which the Court construes as Defendant's Motion to Compel Production to Non-Party ("Motion to Compel") [ECF No. 103]. The Parties appeared for hearing on July 21, 2026 [ECF No. 82]. The Court, having reviewed the Motion to Compel, the relevant authority, heard argument of counsel, and otherwise being fully advised in the premises, hereby **GRANTS** *in part* and **DENIES** *in part* the Motion to Compel.

### BRIEF BACKGROUND

Plaintiff, President Donald J. Trump ("Plaintiff" or "President Trump"), is

seeking "damages in an amount not less than $5,000,000,000"[1] (Compl. at 32) against Defendant, the British Broadcasting Corporation[2], based on his allegations that a documentary broadcast in the United Kingdom by Defendant (the "Documentary") caused him reputational and financial injury. *See generally* Compl. Specifically, President Trump alleges Defendant maliciously and brazenly depicted a "false, defamatory, deceptive, disparaging, inflammatory, and malicious" portrayal of his January 6, 2021, speech. Compl. ¶1. Plaintiff further alleges that he sustained "extensive economic harms," Compl. ¶99, and "injury to [his] business and personal reputation inflicted by [] Defendant[]…thereby causing massive economic damage to his brand value and significant damage and injury to his future financial prospects…." Compl. ¶100. Plaintiff pleads that this damage resulted in "direct harm to his professional and occupational interests, including, without limitation, the value of his brand, properties, and businesses, and severe diminishment and tarnishing of his reputation as a politician, leader, and businessman in the eyes of the American public and around the world." Compl. ¶101.

Pertinent to the discovery dispute before this Court, Defendants[3] served a Subpoena to Produce Financial Records on the Trust (the "Subpoena") requesting the

---

[1] President Trump now estimates that his damages are "approximated to be $10 billion." Pl.'s First. Supp. Resp. to Interrog. No. 12, ECF No. 57-2.

[2] Defendants BBC Studios Distribution Limited and BBC Studios Productions Limited have been dismissed from this action. *See* Stip. Dismissal, ECF No. 97.

[3] As noted above, on July 16, 2026, the parties filed a Stipulation of Dismissal dismissing BBC Studios Distribution Limited and BBC Studios Productions Limited from this action. *See* Stip. Dismissal, ECF No. 97. However, because the parties agree "[n]o issues raised in [the Motions] are moot," *see* Joint Notice, ECF No. 100, the undersigned considers the now dismissed parties' subpoena still at issue.

production of, among other categories of documents, financial documents that reflect the Trust's holdings and value, including documents such as Trust instrument copies, documents relating to the Trust's financial interests, the Trust's schedules of assets, inventories, and lists of properties held, along with documents reflecting real property held. *See* Subpoena, ECF No. 52-2. The Trust objected[4] to the Subpoena and refused to respond to the document requests, asserting that (1) the Trust is a non-party and therefore should not be burdened with the expense and inconvenience of responding, (2) the Subpoena seeks information unrelated to the issues in the parties' pleadings, (3) the Subpoena is disproportional because it seeks information from nearly 400 different entities, (4) the time for compliance is unreasonable, and (5) President Trump's assertion of damages to his businesses does not entitle Defendant to the financial information of the Trust. *See* Resp. to Subpoena, ECF No. 52-2 at 25-27 of 58.

### LEGAL STANDARD

Discovery is governed by the principles of relevance and proportionality, as Federal Rule of Civil Procedure 26(b)(1) explains:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

---

[4] The Trust initially objected on grounds of improper service, but did not advance this objection during the Hearing, and has therefore abandoned it. *See generally In re Norvell*, No. 25-14226, 2026 WL 1960513, at *2 (11th Cir. 2026) ("[a] party abandons an issue when it fails to develop an argument in support of its position on the issue") (citing to *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014)).

> resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery is broad, allowing each party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." *Id.*; *see also Onemata Corp. v. Rahman*, No. 20-62002-CIV, 2021 WL 5175657, at *2 (S.D. Fla. Oct. 26, 2021); *Rep. of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) ("the Federal Rules of Civil Procedure strongly favor full discovery whenever possible"). Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. "Motions to compel are committed to the sound discretion of the [trial] court." *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012) (citing to *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). "The burden of persuasion is on the party objecting to the discovery." *Felicia v. Celebrity Cruises, Inc.*, 286 F.R.D. 667, 670 (S.D. Fla. 2012) (citations omitted).

With this framework, a subpoena must only be modified or quashed if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3); *see also TIC Park Ctr. 9, LLC v. Cabot*, No.

4

16-24569-CIV, 2017 WL 9988745, at *2 (S.D. Fla. June 9, 2017); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004) ("Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.") (footnote omitted). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d 818 (quotation omitted).

## ANALYSIS

Plaintiff alleges damages in an amount up to $10 billion which include damage to "the value of [Plaintiff's] brand, properties, and businesses…." Compl. ¶101 and at 32. As represented by the parties, virtually all of these "properties and businesses" are owned by the Trust. *See generally* Disc. Mot., ECF No. 52. Despite the Complaint's damages allegations, the Trust contends that the Subpoena should be quashed because the discovery it seeks is premature[5], improper, and burdensome. *Id*. at 4. For the reasons below, this Court disagrees.

### A. The Subpoena Is Not Improper.

The Trust argues that the subpoena is improper because it seeks discovery from hundreds of non-parties prior to Plaintiff having an opportunity to quantify his

---

[5] Because counsel for the Trust withdrew this argument during the Hearing, the Court does not address this objection.

damages through expert testimony. *See* Mot. at 4. Nothing in the Federal Rules of

Civil Procedure or case law interpreting same requires that a defendant must wait

until the plaintiff tenders an expert report before preparing its defense to plaintiff's

claims; claims which include the essential element of damages. *See Turner v. Wells*,

879 F.3d 1254, 1262 (11th Cir. 2018) (actual damages are an element of a Florida

defamation[6] claim); *see also Wash. v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345,

1350 (S.D. Fla. 2011) ("In order to state a claim under FDUTPA a consumer must

establish . . . actual damages"); *Inglis v. Wells Fargo Bank N.A.*, No. 2:14-CV-677-

FTM-29CM, 2016 WL 4193858, at *2 (M.D. Fla. Aug. 9, 2016) ("there is nothing in

the rules that requires [a party] to postpone its discovery because [the other party]

---

[6] The Court notes that the Complaint alleges defamation *per se* which normally does not require an allegation of damages. *See Campbell v. Jacksonville Kennel Club, Inc.,* 66 So.2d 495, 497 (Fla.1953) (proof of general or special damages is unnecessary where the words are actionable *per se*); *see also Open Sea Distrib. Corp. v. Artemis Distrib., LLC,* 692 F.Supp.3d 1151, 1202 (S.D. Fla. Sept. 19, 2023) ("If a jury finds a party liable for defamation per se, the jury must be instructed that nominal damages are established as a matter of law"); *cf. Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (stating "the Florida Supreme Court's decision in <u>Mid-Fla. Television Corp.</u> makes clear that a plaintiff suing a media defendant must nevertheless plead malice and damages.") That is because normally in a defamation *per se* action, the damages are nominal and/or punitive only; not actual. *See Campbell*, 66 So.2d at 497; *see also Roque v. Swezy*, 429 So. 3d 107, 110 (Fla. Dist. Ct. App. 2026) (stating punitive damages may be awarded for defamation per se *"even though the amount of actual damages is neither found nor shown"*) (emphasis added); *cf. Corsi*, 519 F. Supp. 3d at 1119 ("a plaintiff suing a media defendant must nevertheless plead…damages.") However, the averments in the Complaint establish a claim of defamation generally; a cause of action that requires proof of actual damages. *Turner*, 879 F.3d 1262. "Courts do not look to the label attached to the pleadings to determine the nature of the cause of action, but rather to the facts pled." *Treminio v. Crowley Maritime Corp.*, 707 F.Supp.3d 1234, 1249 (M.D. Fla. Dec. 13, 2023) (Kelly, J.); *see also Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *7 (S.D. Fla. Sept. 24, 2008). Accordingly, as currently pled, Plaintiff's damages are at issue. Compl. ¶¶100-101.

seeks to delay discovery"); *Cf. Berlinger v. Wells Fargo, N.A.*, No. 2:11-CV-459-FTM-29CM, 2014 WL 5515783, at \*3 (M.D. Fla. Oct. 31, 2014) (stating plaintiffs were free to propound discovery regarding witnesses' knowledge of the allegations well before defendant provided its expert report).

In fact, the Federal Rules of Civil Procedure do not prescribe an order for discovery, and a subpoena pursuant to Rule 45 being one of the tools of discovery available to a party, can be served at any time within the discovery period. *See* Fed. R. Civ. P. 26(d)(3)(A)-(B) ("Unless the parties stipulate or the court orders otherwise. . . methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery.").

### B. The Subpoena Is Not Disproportionate or Unduly Burdensome As to This Litigation

The Trust is correct that a substantial amount of information is requested by the Subpoena. The Trust argues production of its private financial, ownership, income, tax, contractual, and asset information is overbroad, but the Court, again, harkens back to the Complaint which asserts Plaintiff incurred damages to his "brand, properties, and businesses", a broad array of damages. Compl. ¶101. That, coupled with the Trust's failure to proffer any evidence that the approximately 400 entities owned or associated with the Trust are not within or related to the "brand, properties, and businesses" alleged to have been harmed, it cannot be said that the Subpoena is outside the scope of discovery prescribed in Rule 26(b)(1). Considering the Trust's relationship to Plaintiff's alleged damages, the information the Trust possesses is relevant and material to any damages analysis Defendant may elect to

conduct. Defendant's damage analysis is especially important to Defendant where Plaintiff now alleges $10 billion in damages.

While counsel for Plaintiff and the Trust offered to amend the Complaint by interlineation, such a potential amendment has not occurred, and therefore, the operative Complaint's allegations control. And those averments open the door to the discovery at issue – a fact that even the Trust could not rebut during the hearing. *See Sanchez v. Victoria Secret Stores, LLC*, No. 22-60583-CV, 2022 WL 22863354, at *2 (S.D. Fla. Sept. 23, 2022) ("[t]he scope of discovery is determined by the allegations of the pleadings and issues in the case") (citing to Fed. R. Civ. P. 26(b)).

Discovery is much broader than admissibility. Accordingly, even if the sought-after documentation were to be inadmissible at trial, "discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Furthermore, the Confidentiality Order ensures that any and all confidential documentation will be protected once produced. *See* Protective Order, ECF No. 51.

The Court does, however, agree with the Trust that the Subpoena's requests are overbroad as to the temporal scope and need to be limited. Because the Documentary aired on October 28, 2024 (Compl. 2, n.1), documentation from the date of January 1, 2023, to the present should allow Defendant to determine Plaintiff's financial position immediately before and after the documentary's publication.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Compel [ECF No. 103] is **GRANTED *in part***;

8

2. The Subpoena's production requests shall be limited to documents from the date of January 1, 2023, to the present.

3. The Trust's first substantial production of documentation shall occur within ten (10) days of the date of this order and continue every week until complete.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 27th day of July, 2026.

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record