**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

---

PRESIDENT DONALD J. TRUMP,
an individual,

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION
a/k/a BBC,

Defendant.

---

Case No. 1:25-cv-25894-RKA

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED**
**COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, President Donald J. Trump ("President Trump" or "Plaintiff"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) and Local Rule 15.1, respectfully moves this Court for leave to file his First Amended Complaint, a copy of which is attached hereto as **Exhibit 1**. In support, President Trump states, as follows:

**INTRODUCTION**

This is President Trump's first request to amend his pleading. The operative Complaint [ECF No. 1] was filed on December 15, 2025.  Since that time, the parties have engaged in discovery, including conducting the depositions of four BBC corporate representatives and custodial witnesses, as well as the production of the BBC's own internal commissioning records, production communications, and audience-analytics data. The proposed First Amended Complaint (the "FAC") conforms the pleading to that developed record.

The proposed amendments further crystallize and focus this case. The FAC (1) adds specific, discovery-derived allegations establishing that the BBC purposefully directed the documentary at the United States, and at Florida, in particular; (2) updates the actual-malice

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

allegations, including with the BBC's own prior reporting that accurately quoted the very speech it later falsely, maliciously, and defamatorily doctored, spliced, and distorted; (3) alleges that the challenged depiction is provably false and not privileged; (4) conforms the FDUTPA claim and damages allegations to the developed record; and (5) conforms the caption to the current posture of the case, in which the BBC is the sole remaining defendant following the parties' stipulated dismissal of the Studios Defendants with prejudice [ECF No. 97]. Every substantive amendment rests on information developed after the March 31, 2026, deadline to amend as a matter of right.

Because this Motion is filed after the scheduling-order deadline to amend, President Trump is subject to the "good cause" standard of Rule 16(b)(4) before the Court reaches Rule 15(a)(2)'s liberal amendment standard. He satisfies both. Good cause exists because the new allegations rest on facts learned through diligent discovery that post-dated the amendment deadline, and the Rule 15 factors—no undue delay, no bad faith, no repeated failure to cure, no undue prejudice, and no futility—uniformly favor leave. Granting the Motion will also align the operative pleading with the discovery record that the parties are actively developing, and thereby help properly frame the scope of discovery going forward. The Motion should be granted.

## **RELEVANT BACKGROUND**

President Trump filed the operative Complaint on December 15, 2025. On February 12, 2026, the Court entered its Order Setting Trial and Pre-Trial Schedule [ECF No. 27] (the "Scheduling Order"), which set March 31, 2026 as the deadline to "file all motions to amend pleadings or to join parties." The Scheduling Order set the close of all discovery for October 20, 2026, and trial for the two-week calendar beginning February 15, 2027. On February 13, 2026, the day after the Court denied Defendant's Motion to Stay Discovery [ECF No. 26], President Trump served his first requests for production and first set of interrogatories on Defendant.

On March 16, 2026, Defendants moved to dismiss the Complaint under Rules 12(b)(2) and 12(b)(6) [ECF No. 36]. On April 7, 2026, Plaintiff filed his Motion to Complete Jurisdictional

Discovery to Respond to Defendants' Motion to Dismiss with Incorporated Memorandum of Law [ECF No. 44], which the Court granted two days later, and gave Plaintiff time to complete jurisdictional discovery to address the personal jurisdiction issues in Defendant's Motion to Dismiss. Thereafter, Plaintiff has continued to pursue discovery focused primarily on those issues. However, Defendant did not begin producing documents until April 24, 2026, and, as exemplified below, Defendant did not produce many of the key documents that form the basis of Plaintiff's FAC until at least May 27, 2026.

Defendant's Motion to Dismiss has been fully briefed, and Plaintiff's opposition expressly requested, in the alternative, leave to amend to plead the jurisdictional and merits facts developed in discovery. The Motion to Dismiss remains pending.

On July 16, 2026, the parties stipulated to the dismissal with prejudice of Defendants BBC Studios Distribution Limited and BBC Studios Productions Limited pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) [ECF No. 97], leaving the British Broadcasting Corporation as the sole remaining defendant.

The operative Complaint was filed before the BBC produced documents or sat for any depositions. After the March 31, 2026 amendment deadline, the parties conducted the discovery on which the FAC is based, including, without limitation: the depositions of the BBC's Rule 30(b)(6) and custodial witnesses—Richard Cooper (Director of Digital Distribution), Richard Burgess (Director of News Content), and Leo Telling (Executive Producer), among others; the production of the BBC's internal Programme Production Agreement and Commissioning Specification, pitch materials, and internal and production e-mails; and the production of the BBC's audience-analytics data, which the BBC itself pooled only as of May 21, 2026, over three months after Plaintiff's discovery requests were served, several months into this litigation, and well after the as of right pleading amendment deadline had passed. This discovery is the foundation of the pleaded amendments.

The role of the operative complaint in defining the scope of discovery was a central theme of the July 21, 2026, discovery hearing before Magistrate Judge Lett. The Court repeatedly confirmed that, under Federal Rule of Civil Procedure 26, the operative Complaint, not any contemplated amendment, defines the permissible scope of discovery, and that the Court could not consider "a new complaint that is not before" it. The Court further clarified that "[a]ny motion to amend the complaint . . . would be before Judge Altman." President Trump files this Motion to present that amendment and to align the operative pleading with the discovery record the parties are now developing.

The FAC makes the following principal changes, each grounded in the post-deadline record:

**Jurisdictional allegations from discovery (FAC ¶¶ 30–49).** The FAC pleads the specific, forum-directed conduct that the BBC's own records and witnesses have now confirmed: the Programme Production Agreement acknowledging that the BBC's reporting "could be seen in territories where the vote could be affected" and its need to broadcast "ahead of the US Election"; pitch materials expressly referencing the 2024 U.S. election as well as battleground states including Florida; internal e-mails selecting the premiere date to "increase[] the window for international broadcast ahead of the US election" and describing a target "global audience of tens of millions"; production e-mails in which BBC personnel supplied U.S. and Florida contacts, including Florida resident Rick Wilson, with links and VPN instructions to view the documentary; and the testimony of the BBC's corporate representative that its geo-blocking was not guaranteed to work "every single time," that the BBC's own data reflect at least 34 successful play-starts attributed to Florida, and that the BBC received contemporaneous notice that its geo-blocking was failing.

**Actual-malice allegations (FAC ¶¶ 108–119).** The FAC adds allegations that further support actual malice, most notably that the BBC itself accurately reported the very words of

President Trump's speech in a February 13, 2021 article before later doctoring, splicing, and distorting those same words in the documentary at issue here, thus confirming the BBC's knowledge of falsity (which is essential to the President's claims that the BBC acted with actual malice).

**Non-privilege allegations (FAC ¶¶ 120–123).** The FAC alleges that the challenged depiction is readily capable of being proven false, and is neither protected opinion nor a fair or official report.

**FDUTPA and damages allegations (FAC ¶¶ 124–128, 146–152, 154-158).** The FAC pleads the FDUTPA count in the alternative to the defamation count, adds allegations tracking FDUTPA's statutory definitions of "interested party," "consumer," and "trade or commerce," and conforms the damages allegations to the developed record.

**Conforming the caption.** Consistent with the parties' July 16, 2026, stipulation dismissing the Studios Defendants with prejudice [ECF No. 97], the FAC names the British Broadcasting Corporation as the sole defendant and removes allegations directed at the dismissed entities.

## LEGAL STANDARD

Because this Motion is filed after the Scheduling Order's deadline to amend as a matter of right, a two-step analysis applies. When a party moves to amend after the deadline set in a scheduling order has expired, the party must first show good cause under Rule 16(b), before the Court will consider whether the amendment is proper under Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998) (per curiam); *accord Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

extension." *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). The inquiry thus centers on the diligence of the party seeking leave, and is ordinarily satisfied where the proposed amendment rests on information the movant obtained through discovery after the deadline had passed.

Consistent with that principle, courts in this District and Circuit routinely find good cause and grant leave to amend on materially similar facts. *See, e.g., Hayes Healthcare Servs., LLC v. Meacham*, 331 F.R.D. 441, 443 (S.D. Fla. 2019) (finding good cause and granting leave where the amendment rested on materials the opposing party "did not disclose until well after the deadline for amended pleadings"); *Iqris Techs. LLC v. Point Blank Enters., Inc.*, No. 21-cv-61976, 2022 WL 3154165, at *2 (S.D. Fla. Aug. 5, 2022) (finding good cause and granting leave where "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed"); *Friedman v. Coffman*, No. 10-60989-Civ, 2012 WL 668021, at *2 (S.D. Fla. Feb. 29, 2012) (granting amendment for good cause post deadline where the movant did not discover the need for it until a deposition after the deadline, and holding that the opponent's post-deadline disclosures "cannot be used to show lack of diligence" by the movant) (citing *Barnette v. FedEx Corp.*, 2011 WL 2413437, at *2 (M.D. Fla. June 14, 2011)); *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004) (good cause established where the movants "diligently pursued the discovery efforts that led to their attempted amendment"). The decisions denying leave are not to the contrary; they rest on a lack of diligence, where the movant already possessed the operative facts before the deadline yet failed to act. *See Sosa*, 133 F.3d at 1418.

Once good cause is shown, Rule 15(a)(2) governs, and directs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

6

of allowance of the amendment, [or] futility of amendment…" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is "futile" only where the amended pleading would still be subject to dismissal, and the burden lies with the party opposing amendment. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

## **ARGUMENT**

**I.      Good Cause Exists Under Rule 16(b)(4) Because the Amendments Rest on Facts Developed in Discovery After the Amendment Deadline, and Plaintiff Was Diligent.**

Good cause is evident. The operative Complaint was filed on December 15, 2025, before the BBC had produced any documents, and before any BBC witness had been deposed. The deadline to amend as a matter of right expired on March 31, 2026. Each of the core new allegations in the FAC depends on discovery that did not exist in the record, or had not been produced or taken, until after that deadline.

The BBC's internal commissioning and production records, including *inter alia*, the Programme Production Agreement, the pitch materials referencing Florida and the 2024 election, and the Wightman, Towey, and Hill e-mails, were produced in discovery after March 31, 2026. The depositions of Messrs. Cooper, Burgess, and Telling, among others, were taken after that date; the opposition to the motion to dismiss, filed in June 2026, quotes that testimony at length. Further, the BBC's audience-analytics data confirming at least 34 Florida play-starts were, by the BBC's own account, pooled as of May 21, 2026. Plaintiff could not have alleged these facts by the March 31, 2026, deadline, because they had not yet been produced or elicited. That is the paradigmatic basis for good cause. *See Sosa*, 133 F.3d at 1418.

This case is materially the same as those in which courts in this District have granted leave. In *Iqris Technologies*, the court granted leave where the plaintiff did not discover the basis for its new claims until the defendant produced a physical sample after the amendment deadline, and the plaintiff "promptly took steps to move to amend" thereafter. 2022 WL 3154165, at *2. So too here:

7

Plaintiff could not have alleged the BBC's forum-directed conduct until the BBC produced its internal commissioning records as well as its audience-analytics data, and until its witnesses testified, all after March 31, 2026. Plaintiff moved promptly once that discovery developed and matured. Additionally, in *Hayes*, the court likewise found good cause and granted leave where the movant's new allegations were based on materials the opposing party "did not disclose until well after the deadline for amended pleadings," such that the "late amendment was not caused by a lack of due diligence." 331 F.R.D. at 443. The same is true here. The BBC's document productions and depositions post-dated the amendment deadline, so they cannot be used to fault Plaintiff's diligence. *See Friedman*, 2012 WL 668021, at *2 (an opponent's post-deadline disclosures "cannot be used to show lack of diligence"). Courts elsewhere in the Circuit apply the same standard. *See, e.g., American General Life Insurance Co. v. Schoenthal Family, LLC*, No. 1:06-cv-00695, 2007 WL 1752471, at *2 (N.D. Ga. June 15, 2007) (good cause where the movant did not discover facts supporting the proposed counterclaim until deposition testimony taken after the deadline); *Collins v. GKD Management, LP*, No. 3:19-cv-121, 2022 WL 17420791, at *2–*3 (N.D. Ga. Aug. 31, 2022) (good cause where the amendment "mirror[ed] evidence timely received during the discovery process").

Plaintiff has been diligent throughout. He propounded and pursued discovery, took the BBC's corporate and custodial depositions, and once that discovery matured and the July 21, 2026 hearing confirmed that a formal motion to amend was the appropriate vehicle, promptly sought leave. This is the opposite of *Sosa*, where leave was denied because the movant possessed the operative facts before the deadline, yet "waited approximately six months" to act. *Id.* at 1418. Here, the facts did not exist in the record until after the deadline, and Plaintiff moved to amend once discovery crystallized.

In addition, this is not a situation of a movant sitting on a known claim. The FAC does not inject a new theory conceived from whole cloth; it conforms the pleading to the BBC's own

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

documents and sworn testimony. That the amendments track the developed record, rather than reach beyond it, reinforces that good cause exists and that modification of the schedule is warranted.

## II.    The Rule 15(a)(2) Factors Uniformly Favor Leave.

**This is Plaintiff's first amendment.** President Trump has not previously amended, so there is no "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. The liberal policy of Rule 15(a)(2) applies with full force to a first request of this kind.

**There is no undue delay or bad faith.** Plaintiff moved promptly after the discovery on which the FAC depends was produced and taken, and after the July 21 hearing clarified that a motion to this Court was proper. Delay alone does not justify denial. The delay must be undue and, ordinarily, prejudicial. There was neither present here. The timing reflects the orderly progress of discovery, not a dilatory motive.

**The BBC will suffer no undue prejudice.** Discovery does not close until October 20, 2026, and trial is not until February 15, 2027. The amendments are built entirely on the BBC's own documents and the testimony of the BBC's own witnesses. These are materials that the BBC produced, prepared, and defended. The BBC can claim no unfair surprise from allegations drawn from its own records and depositions, and it has already litigated these very facts in its reply in support of the motion to dismiss. To the extent any modest, targeted discovery is warranted by the amendments, it can be readily accommodated within the existing schedule. Inconvenience that can be cured within the case schedule is not "undue."

The BBC's own litigation conduct confirms the absence of prejudice. The amendments do not expand the scope of the case. They are drawn entirely from the BBC's own documents and the sworn testimony of its own witnesses, they conform the pleading to the jurisdictional record the parties are already developing, and they follow the dismissal of the Studios Defendants, and the adjustment of Plaintiff's damages theories, therefore reducing, not increasing, the scope and cost

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

of discovery. Where an amendment adds no new discovery burden, there is no cognizable prejudice at all. And even where an amendment *does* increase a defendant's discovery costs, that burden does not constitute *undue* prejudice where it is outweighed by the interest in resolving claims on the merits. *See Hayes*, 331 F.R.D. at 443 (rejecting a prejudice objection premised on "increasing his discovery costs," because such concerns "do not outweigh the interests of justice served by allowing" a party "an opportunity to test [their] claim on the merits"). Accordingly, no prejudice exists here, where the opposing party has already conducted (or is already conducting) discovery on the operative facts, and the amendment will not disrupt, let alone expand, the case schedule. *See Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 700–01 (S.D. Fla. 2012) (permitting a post-deadline amendment and finding no undue prejudice where the opposing party had conducted discovery on the pertinent parties). Discovery does not close until October 20, 2026, and courts grant leave in these circumstances even after the amendment deadline has passed, particularly where the amendment requires no additional discovery. *See Morgan v. Bill Vann Co.*, No. 11-0535-WS-B, 2013 WL 12155795, at *1 (S.D. Ala. Feb. 21, 2013) (finding no prejudice in a post-deadline amendment that added a claim arising after the deadline, occasioned no additional discovery, and removed references to dismissed defendants).

**The amendment is not futile.** Futility is a high bar: leave should be denied on that ground only where the amended pleading could not survive a motion to dismiss. *Hall*, 367 F.3d at 1262–63. The FAC easily clears that bar. Its new jurisdictional allegations—purposeful, forum-directed conduct, Florida-targeted commissioning and promotion, BBC personnel supplying a Florida resident with access, and the BBC's own data showing Florida play-starts—substantially reinforce specific personal jurisdiction under Florida's long-arm statute and the *Calder* effects test. Its actual-malice allegations, including the BBC's own prior accurate reporting of the speech, and its allegations that the depiction is provably false and unprivileged, state a plainly viable defamation claim, and the alternative FDUTPA count is pleaded with its statutory elements. At a minimum,

10

the FAC is not so clearly deficient that amendment would be futile, and the Court need not resolve the merits of the pending motion to dismiss in order to grant leave.

**III.     Granting Leave Will Properly Frame the Scope of Discovery.**

Both this Court and Magistrate Judge Lett have recognized that the operative complaint defines the permissible scope of discovery under Rule 26. The FAC sharpens this case in a way that bears directly on that scope. Consistent with the position that President Trump articulated at the July 21, 2026, hearing, the FAC focuses on President Trump's damages allegations on the reputational harm that he has suffered, which is at the core of this defamation action. That focus matters because third-party discovery here has expanded well beyond the issues actually in dispute. Bringing the operative pleading into alignment with Plaintiff's damages theory will allow the Court to keep discovery "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and to resolve — rather than perpetuate — the disputes over the breadth of that discovery now pending before it.

The FAC also adds the very jurisdictional facts that are already the subject of the parties' ongoing discovery, i.e., the BBC's forum-directed commissioning, promotion, and distribution of the documentary, so that the operative pleading squarely reflects the record the parties are developing. Aligning the pleading with that record will help the Court and the parties resolve, rather than multiply, the scope disputes now before the Court, and advances the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Denying leave, by contrast, would leave the operative pleading incongruent] with the discovery record and perpetuate avoidable disputes over the proper scope of discovery.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint attached as Exhibit 1, deem the First Amended Complaint filed as of the date of the Court's order, and grant such other and further relief as the Court deems just and

11

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

proper. Pursuant to Local Rule 15.1, the proposed First Amended Complaint is attached as Exhibit 1 and is complete in itself, without reference to the superseded pleading.

Dated: August 4, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant conferred with counsel for Defendant via email on August 3, 2026, in a good-faith effort to resolve the issues raised in this Motion, and that Defendant opposes the relief requested.

/s/ Alejandro Brito
Alejandro Brito

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record, including counsel for Defendant, Charles D. Tobin, Esq., Ballard Spahr LLP, 1909 K Street, NW, 12th Floor, Washington, DC 20006, tobinc@ballardspahr.com.

/s/ Alejandro Brito
Alejandro Brito

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071