**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC,<br><br>        Defendant. | Case No. 1:25-cv-25894-RKA |

**NON-PARTY THE DONALD J. TRUMP REVOCABLE TRUST'S *EMERGENCY* MOTION TO STAY ENFORCEMENT OF THE JULY 27, 2026 ORDER PENDING REVIEW OF THE TRUST'S RULE 72(a) OBJECTIONS**

Non-party, The Donald J. Trump Revocable Trust (the "Trust"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 72(a) and 45 and Local Rule 7.1(d)(1), respectfully moves on an emergency basis to stay enforcement of the Order Following Discovery Hearing on Joint Motion for Discovery Hearing Related to Defendants' Subpoena to Produce Financial Records to Non-Party The Donald J. Trump Revocable Trust entered July 27, 2026 (the "Order") (ECF No. 104), pending resolution of the Trust's contemporaneously filed Objections to and Appeal of the Order under Rule 72(a), and Plaintiff's pending motion for leave to file a First Amended Complaint [ECF No. 108], and states:

**BASIS FOR EMERGENCY TREATMENT**

This Motion presents a true emergency under Local Rule 7.1(d)(1). The Order requires the Trust's "first substantial production of documentation" to occur "within ten (10) days of the date

of this order"—by August 6, 2026, now one day away—and "every week" thereafter until complete. (ECF No. 104 at 9.)

**Nature of the emergency:** The BBC's improperly broad subpoena demands the Trust's confidential tax, ownership, and financial records for approximately 400 entities. Once the Trust were to begin handing those records over to the BBC, that disclosure could not be undone, and the Trust's pending objections could not restore what the BBC will already have seen.

**Date by which a ruling is needed:** On or before August 6, 2026, the date the Trust's first production is due.

**Why the ruling is needed by that date:** If the BBC were to receive the records, a later ruling cannot restore their confidentiality, or make the Trust's Rule 72(a) review effective. Without immediate relief, the Trust must either produce while its Objections remain pending or risk sanctions for noncompliance. The Trust moved promptly after entry of the Order, and the matter cannot await the ordinary briefing schedule under Local Rule 7.1(c).

## INTRODUCTION

The Order requires a non-party to begin surrendering its most sensitive financial records in one day, before the Court can decide whether those records are discoverable at all. That is the narrow question this Motion presents—not the merits of the underlying dispute, but whether the status quo should be preserved for the short time needed to resolve the Trust's Rule 72(a) Objections. Such status quo should be preserved.

The equities are one-sided. If the Trust produces now, the harm is immediate and irreversible: the BBC, after demanding a shockingly broad amount of information based on clearly political motivations, will have seen the confidential tax, ownership, and financial records of the Trust and roughly 400 entities, and no order sustaining the Objections can un-disclose them or

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

undo the expense of compiling them. If the Court grants a stay, the BBC loses nothing—fact discovery runs for several more months, the BBC already holds the Trust's public financial disclosures, and it has parallel financial discovery pending against President Trump. A stay merely postpones access to records the BBC can still obtain if the Order survives review, which should not occur. Denying the requested stay destroys the Trust's ability to prevent a disclosure that the Court may ultimately hold was never warranted, which is the definition of irreparable harm.

The case for a stay is stronger still because the ground is shifting under the Order. Plaintiff has moved for leave to file a First Amended Complaint that updates the damages allegations made by Plaintiff, which the BBC used to justify this improperly broad subpoena. The First Amended Complaint focuses on personal reputational harm as the compensatory injury, and renders the Order obsolete. If that amendment is granted, as it should be, the stated basis for the Trust-wide financial production will be moot. Forcing the Trust to produce all of its records now—before the Court resolves either the Objections or the motion for leave—would compel an irreversible, expensive production to satisfy nonexistent portions of the updated case.

## ARGUMENT

### I.      Legal Standard

A court has inherent authority to stay enforcement of its own order to preserve the status quo, and prevent a party from being irreparably harmed before review can occur. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing the "power inherent in every court to control the disposition of the causes on its docket"). Four factors guide the analysis: the movant's likelihood of success, irreparable injury absent a stay, harm to the opposing party, and the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019) (applying the *Nken* factors).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

The Trust need not show that success is certain. "Where the balance of the equities weighs heavily in favor of granting the stay, the movant need only show a substantial case on the merits." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). That principle has particular force in the discovery context, where a court has "broad discretion" to stay discovery, *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (recognizing a district court's broad discretion to grant a stay of discovery), and "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (directing courts to "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery"). Here, the balance of harms weighs heavily toward the Trust, and the pending Objections and motion to amend may eliminate the need for the ordered production altogether. On these facts, a stay is warranted.

## II.     Immediate Production Would Irreversibly Disclose the Records and Defeat Rule 72(a) Review.

Irreparable harm is the core of this Motion. After demanding a shockingly broad amount of information based on clearly political motivations, the BBC has obtained an order under which, as of August 6, 2026, the Trust is technically required to begin turning over the tax returns, ownership and governance instruments, deeds, appraisals, financial statements, licensing records, and digital asset histories of the Trust and hundreds of affiliated entities. The BBC's motive could not be more transparent—to wrongly exploit this litigation for its own political benefit, as well as the benefit of President Trump's other political opponents. The moment those records reach the BBC, the injury is complete and irreversible. The BBC will have seen information it was likely never entitled to demand, and no later ruling sustaining the Objections can restore the confidentiality that disclosure destroys. Compliance with an order compelling disclosure may

4

cause irreparable injury because appellate courts "cannot always 'unring the bell' once the information has been released," and "[s]ubsequent appellate vindication does not necessarily have its ordinary consequence of totally repairing the error." *Maness v. Meyers*, 419 U.S. 449, 460 (1975) (recognizing that compelled disclosure may inflict harm that later appellate relief cannot remedy). And where disclosure would moot the issue presented for appellate review, that loss of review itself constitutes irreparable injury. *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (granting a stay because disclosure would moot review of the disclosure ruling and explaining that protecting the Supreme Court's power to consider a petition for certiorari may be "[p]erhaps the most compelling justification" for a stay) (quoting *New York v. Kleppe*, 429 U.S. 1307, 1310 (1976) (Marshall, J., in chambers)). Compelling production now would defeat the Trust's Objections by accomplishing the precise disclosure that such Objections seek to prevent.

The burden of compliance compounds the harm and may prove entirely unnecessary. To meet the Order, the Trust must immediately identify custodians, gather records held by hundreds of separate entities, review them for responsiveness and privilege, shield unrelated third-party information, and repeat the exercise in weekly rolling productions—expense that cannot be recovered from the BBC if the Objections are sustained, and that is incurred before any document receives protection. Because the Trust's Objections and Plaintiff's motion for leave to amend may narrow or eliminate the ordered production, that is precisely the kind of burden courts avoid by staying discovery until such threshold issues are resolved. *See Feldman*, 176 F.R.D. at 652 ("In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650│ Coral Gables, Florida 33134
Telephone: (305) 614-4071

be granted and entirely eliminate the need for such discovery."); Fed. R. Civ. P. 45(d)(2)(B)(ii) (requiring protection of a non-party from significant expense).

The Protective Order (ECF 51) does not answer this. It controls how documents may be used after they change hands. It does nothing to prevent the disclosure itself, to keep unrelated third-party information from being swept up, to restore confidentiality once lost, or to spare the Trust the cost of production. The question is whether the BBC may compel these records at all— not how they will be labeled once produced.

### III.  The Trust Has, at a Minimum, a Substantial Case That the BBC's Subpoena Is Improper.

Because the equities weigh so heavily toward a stay, the Trust need only present a substantial case on the merits. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). The Trust's Objections do far more than that, identifying multiple independent grounds on which the Order should be set aside or narrowed.

*First*, the subpoena is untethered and disproportionate. The BBC leapt from the operative Complaint's general references to President Trump's "brand, properties, and businesses" to demanding every financial and ownership record of 400 entities, never even attempting to tie trust amendments, surveys, title policies, corporate resolutions, jewelry appraisals, or digital wallet histories to any entity, transaction, or loss caused by the Documentary. It served overlapping financial requests on President Trump and subpoenaed the Trust twenty-five days later, before his responses were even due. Again, the motivations behind these improperly broad demands for information by the Defendant, including from non-parties, are transparent – to wrongly use this litigation for political benefit. The Order shortened the date range of the requested documents, but it did not conduct the request-by-request relevance and proportionality analysis that Rules 26 and 45 require. Courts routinely refuse to enforce non-party subpoenas framed this way. *See*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

*Progressive EMU Inc. v. Nutrition & Fitness, Inc.*, 785 F. App'x 622, 629–30 (11th Cir. 2019) (affirming an order quashing a subpoena and sanctions where a subpoena sought "any and all" documents across many categories over a ten-year span, in breach of Rule 45's duty to avoid undue burden); *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 2008 WL 11338612, at *2–4 (M.D. Fla. July 29, 2008) (denying broad non-party financial demands not confined to the transactions at issue and obtainable from the parties).

*Second*, the demand for complete tax files is separately and completely improper. Courts in this District require a party seeking tax returns to show both relevance and a compelling need because the information is unavailable elsewhere—a showing that the BBC never made, given the public OGE and SEC disclosures that the BBC already holds, and the tax discovery it served on President Trump directly. *See Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *1–2 (S.D. Fla. Aug. 29, 2005) (tax returns are discoverable only on a showing of relevance and compelling need for information not readily obtainable elsewhere). Even under the less demanding "arguably relevant" standard, this Court has confined tax discovery to the portions of returns concerning the specific business in dispute. *See Nancy's Home of Stuffed Pizza, Inc. v. Freedman*, 2023 WL 4186417, at *2–3 (S.D. Fla. June 26, 2023) (limiting production to portions of returns concerning the specific business and marks at issue and excluding unrelated ventures).

*Third*, the Order improperly compelled sweeping non-party production without the balancing that *Jordan* requires or the expense protection that Rule 45 guarantees. Relevance alone does not make a non-party subpoena enforceable. The issuing party's need must be weighed against the subpoena's breadth, the expense of compliance, and the recipient's non-party status. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1334–38 (11th Cir. 2020) (relevance alone does not justify a non-party subpoena; the court must weigh need against the burden of

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

compliance and the recipient's non-party status). The Order performed no such balancing and afforded no protection to Plaintiffs against the significant expense that Rule 45(d)(2)(B)(ii) addresses. Further, because Plaintiff's proposed amendment removes the portions that the BBC relied on, these scope-defining questions should be resolved before a non-party is put to the expense of sweeping production. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) (scope-defining issues should be resolved before parties are subjected to broad, costly discovery). These are substantial questions—more than enough to support a stay.

## IV.    The BBC Will Suffer No Material Prejudice From A Short Stay.

Against the Trust's irreversible injury, the BBC cannot point to any injury, only to brief delay, which does not constitute harm. Fact discovery remains open for months, and the BBC has never explained why it needed a non-party's complete financial records within ten days or how a short stay would impair its defense. A party that can obtain the same information through pending party discovery, and that faces only postponement rather than loss, has no cognizable interest in forcing immediate production over a non-party's objection. *Cf. John Doe Agency*, 488 U.S. at 1309 (opposing party's desire to receive information "immediately" does not outweigh the movant's irreparable harm from disclosure); *State Farm*, 2008 WL 11338612, at *3–4 (non-party discovery disfavored where the same information is available from the parties). The balance is not close.

## IV.    The Public Interest Decides Legality Before Disclosure.

The public interest reinforces a stay. Rule 45 exists to shield non-parties from precisely the kind of sweeping, burdensome demand that the BBC's subpoena imposed, clearly for political purposes. Further, Rule 72(a) exists to give litigants meaningful review of a magistrate judge's discovery ruling. Both protections would be worthless if a non-party could be forced to complete the challenged production before its objections are heard. The orderly administration of justice

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

completely favors deciding whether the BBC may compel these records before, not after, the Trust surrenders them. *Cf. Maness*, 419 U.S. at 460 (recognizing the systemic interest in preserving the ability to review before compelled disclosure moots the question). No public interest is served by requiring the immediate, irreversible disclosure of a non-party's confidential financial records while their discoverability remains genuinely disputed.

## CONCLUSION

For these reasons, the Trust respectfully requests that the Court stay enforcement of the Order (ECF No. 104)—including the ten-day initial-production requirement and the continuing weekly-production requirement—until fourteen days after the District Court resolves the Trust's Rule 72(a) Objections and Plaintiff's motion for leave to file a First Amended Complaint, and after any and all appeals are exhausted. Given that the first production is due August 6, 2026, the Trust further requests that, if the Court cannot resolve this Motion before that date, it enter an immediate administrative stay of the production deadlines to preserve the status quo, together with any further relief the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on August 3, 2026, counsel conferred, or attempted in good faith to confer, with counsel for the BBC regarding the relief requested herein, and that the BBC opposes the requested stay.

## CERTIFICATION OF EMERGENCY

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment), and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

that an unwarranted certification may lead to sanctions.

Dated: August 5, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel:  305-614-4071
Fax:  305-440-4385

*/s/Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump, and*
*Non-Party, The Donald J. Trump*
*Revocable Trust*

10

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on August 5, 2026 the foregoing was served via the Court's

CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendants British Broadcasting*
*Corporation*

/s/Alejandro Brito

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071