UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25894-ALTMAN

PRESIDENT DONALD J. TRUMP,

   *Plaintiff*,

*v.*

BRITISH BROADCASTING CORP.,

   *Defendant.*

_____/

## ORDER GRANTING EMERGENCY MOTION

Non-party, the Donald J. Trump Revocable Trust (the "Trust"), has filed an Emergency Motion to Stay the Enforcement of Magistrate Judge Lett's July 27, 2026 Discovery Order (the "Motion") [ECF No. 112]. Our Defendant, the British Broadcasting Corporation (the "BBC"), opposes the Motion. *See* Response in Opposition to the Motion (the "Response") [ECF No. 113]. After careful review, we **GRANT** the Motion.

### BACKGROUND

On July 27, 2026, Magistrate Judge Lett issued a Discovery Order (the "Order") [ECF No. 104], granting in part the BBC's request to compel the production of certain financial documents from the Trust. *See* Order at 2 (granting request to compel the Trust's production of "financial documents that reflect the Trust's holdings and value, including documents such as Trust instrument copies, documents relating to the Trust's financial interests, the Trust's schedules of assets, inventories, and lists of properties held, along with documents reflecting real property held").[1] In her Order, Magistrate Judge Lett found that these documents were relevant to the Plaintiff's alleged "$10 billion in damages."

---

[1] The BBC's motion to compel was granted orally on July 21, 2026. *See* Transcript of Discovery Hearing (the "Transcript") [ECF No. 102] at 130:1–7 ("[T]he motion to compel as to the subpoena to [the Trust] is granted.").

*Id.* at 8; *see also* Transcript at 130:1–6 ("[H]ere where there is a liberal scope under the Federal Rules of Civil Procedure of discovery and all of President Trump's brand, properties, and businesses are impugned or said to have been impugned and result in both economic and reputational damage, all of that is now at issue in the case."). The Order required the Trust to make its first "substantial production" of these documents by August 6, 2026. *Id.* at 9.

## THE LAW

A district judge's power to stay a magistrate judge's order "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. "A district court therefore has broad discretionary authority in determining whether a stay is appropriate." *Matrix Brand Dynamics LLC v. DG Brands, Inc.*, 2025 WL 3091067, at *1 (S.D. Fla. July 1, 2025) (Leibowitz, J.) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)).

## ANALYSIS

The Trust urges us to stay enforcement of the Order for two reasons. *First*, the Trust asks us to resolve its objections to the Order before allowing the Order to go into effect. *See* Objections to the Order (the "Objections") [ECF No. 111]. According to the Trust, it would suffer "irreparable harm" absent a stay because "no later ruling sustaining the Objections can restore the confidentiality that disclosure destroys." Motion at 4. But it's well-settled that "[f]iling an objection to a discovery order does not operate as a stay of the Order." *Rance v. Jenn*, 2007 WL 9701591, at *2 (S.D. Fla. July 19, 2007) (Marra, J.).

*Second*, the Trust requests that we stay enforcement of the Order because the Plaintiff has sought leave to file an amended complaint, *see* Motion for Leave to File First Amended Complaint

2

[ECF No. 108], which, the Trust says, would "update[ ] the damages allegations made by [the] Plaintiff" and render the "stated basis for the Trust-wide financial production . . . moot," Emergency Motion at 3. This is a compelling argument. If the Plaintiff's amendment obviates the need to compel a non-party to disclose confidential financial information, we think it's prudent to enter a brief stay of the Order until the amendment request is resolved.

Counsel for the Plaintiff—who also represents the Trust—testified at the July 27, 2026, discovery hearing that the Plaintiff no longer intends to pursue a damages theory premised on injury to the Plaintiff's brands and businesses. *See* Transcript at 27:5–12 ("[E]ven if there has been a harm to the brand, we are not pursuing that as part of our damages. So I don't want to acknowledge that the brand has or has not suffered any injury, but I am telling the court that I am not going to leverage any such injury, to the extent it exists, as part of my damage claim. It is simply the reputational injury to the President, full stop."). Magistrate Judge Lett based her Order compelling discovery on precisely that potentially-moot damages theory. *See id.* at 133:22–134:3 ("All of my rulings today and all of the forthcoming rulings, unless somehow there is an amended complaint on the docket before I issue this written order, which I doubt that there would be, considering that any motion to amend would have to be filed and opposed, I am going based on the complaint, the operative complaint, that is currently on the docket."); *see also id.* at 102:14–17 ("[T]he complaint shapes the breadth of discovery and under Federal Rule of Civil Procedure 26, discovery is permitted on any nonprivileged matter that relates to the claims and defenses in the case. . . . So the claims and defenses of the case specifically in this section Damages talks about the diminishment of President Trump's brand and how that diminishment of his brand has caused extensive economic harms[.]"). In these circumstances, we'll exercise our discretion and stay the Order.[2]

---

[2] The BBC says that the Trust's "citation to *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), to advocate for a stay in discovery while threshold questions could moot such discovery is jarring when the Trump Trust's counsel opposed the BBC on this very point, as Plaintiff's counsel,

## CONCLUSION

We therefore **ORDER and ADJUDGE** as follows:

1.  The Motion [ECF No. 112] is **GRANTED**.

2.  Enforcement of the Order [ECF No. 104]—including the ten-day initial-production requirement and the continuing weekly-production requirement—is **STAYED** until we resolve the Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 108].

**DONE AND ORDERED** in the Southern District of Florida on August 5, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

after the BBC moved to stay, or alternatively sequence, discovery pending the resolution of the motion to dismiss." Response at 11 n.6. But these are very different circumstances. Earlier in the case, the BBC (prematurely) sought the stay of *all* discovery while a substantive motion to dismiss was forthcoming. *See generally* BBC's Motion to Stay Discovery [ECF No. 18]. Here, by contrast, the Trust—a non-party—has moved for a limited stay of its financial disclosures pending the resolution of an administrative motion. *See generally* Motion.

4