UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-RKA |

**DEFENDANT'S UNOPPOSED PARTIAL MOTION TO SEAL CERTAIN EXHIBITS TO PLAINTIFF'S PROPOSED AMENDED COMPLAINT, AND MEMORANDUM IN SUPPORT**

Pursuant to Local Rule 5.4 and the Protective Order entered in this action, *see* Dkt. 51, Defendant the British Broadcasting Corporation ("the BBC"), by and through its undersigned counsel, respectfully requests that the Court grant its motion to seal limited portions of Plaintiff's proposed amended complaint and exhibits thereto, as the limited portions reference confidential and proprietary business information and sensitive personally identifying information. Plaintiff does not oppose the relief requested in this Motion.

**RELEVANT FACTUAL BACKGROUND**

On August 4, 2026, Plaintiff brought an expedited motion to file a proposed amended complaint and accompanying exhibits under provisional seal, following which the BBC has had four days to respond with its own motion to seal. *See* ECF 106. The Court granted Plaintiff's motion. *See* ECF 107. Plaintiff then filed the proposed amended complaint and eleven exhibits under seal. *See* ECF 108-1. The BBC has opposed Plaintiff's motion for leave to file the proposed amended Complaint on the basis of untimeliness and futility. *See* ECF 115. Now,

consistent with the Protective Order and Local Rule 5.4, the BBC moves this Court to maintain Plaintiff's proposed amended complaint and certain exhibits under seal in whole or in part.

## LEGAL STANDARD

In this Circuit, "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001). That right of access, however, can be overcome "by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Trib.*, 263 F.3d at 1309).

Parties seeking to file documents under seal in this Court must make this showing of good cause and also comply with the requirements of Local Rule 5.4. The BBC submits that good cause exists to seal limited portions of Plaintiff's proposed amended complaint ("PAC") and exhibits thereto, in order to protect confidential business information and private, personally identifying information, and that the instant motion complies with Local Rule 5.4. Plaintiff does not oppose the relief requested in this motion.

## ARGUMENT

### A. Good Cause Exists to Seal the Confidential Information at Issue.

The BBC seeks to seal certain commercially sensitive and personally identifying information that has been designated as Confidential or Attorneys' Eyes Only under the Protective Order in this case. The BBC has limited the information it moves to seal, seeking only to apply narrow redactions to the PAC and certain exhibits thereto, and to seal one of those exhibits in full. *See Romero*, 480 F.3d at 1246 (considering whether a "less onerous alternative to sealing" exists). The sealing would extend only to the sorts of "confidential information, such

as . . . technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information" that courts in this District permit parties to redact or seal from otherwise-public filings. *CRubin, LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020). The BBC respectfully submits that the proposed sealing is the least onerous means available to protect the confidentiality of the information at issue.

***First***, the BBC seeks targeted redactions of pricing information for the Documentary. This information is proprietary, immaterial to the issues in this case, and would cause commercial harm to the BBC and its business partners if disclosed. The public interest in disclosure of this information is limited and does not outweigh the BBC's interests in applying narrow redactions to this commercially sensitive information. These proposed redactions are located in the Programme Production Agreement for the Documentary (Ex. A). The BBC seeks to redact this document to the same extent it has already been redacted, without opposition, in the exhibits to Plaintiff's opposition to the motion to dismiss. *See* ECF 94-4.

***Second***, the BBC seeks targeted redactions to certain personally identifying information of BBC employees, which is likewise sensitive and not material to the issues in this case, found in Exhibits C (cell phone numbers in email chain) and H (employee information in Richard Cooper's 30(b)(6) deposition transcript), again to the same extent already applied. *See* ECF 94-7, 94-10; *Rav Bahamas, Ltd. v. Genting Ams., Inc.*, 2026 WL 194459, at *6 (S.D. Fla. Jan. 26, 2026) (permitting redactions of "names of non-party individuals . . . and other personal identifiers" given privacy interests).

***Third***, the BBC seeks to seal Exhibit I, consisting of emails between BBC employees and a European soccer league regarding territorial restrictions on the U.K. broadcasts of its games,

and to redact corresponding lines of the proposed amended Complaint, at paragraphs 47 to 48. This information is proprietary, was produced as Attorneys' Eyes Only under the Protective Order without challenge, has been sealed in the exhibits to Plaintiff's opposition to the motion to dismiss, is not material to the exercise of personal jurisdiction in Florida, and would cause commercial harm to the BBC and its business partners if disclosed. The public interest in disclosure of this information is limited and does not outweigh the BBC's interests in protecting this commercially sensitive information.[1]

***Fourth***, the BBC seeks to redact the discussion of provisions in confidential contracts with certain BBC business partners regarding the BBC's geoblocking measures, contained in Exhibit H (Richard Cooper's 30(b)(6) deposition transcript). This information is commercially sensitive, subject to confidentiality restrictions in the BBC's contracts with those business partners, is designated Attorneys' Eyes Only under the Protective Order, and has been redacted in the corresponding filings to date. *See* ECF 94-10.

The BBC does not move to seal the remaining exhibits, which have already been made public in the course of this litigation. *See, e.g.*, ECF 1-1, 1-2, 94-5, 94-8, 94-12, 94-13, 94-14.

**B. This Motion Complies with Local Rule 5.4**

The BBC respectfully submits that this motion complies with the requirements of Local Rule 5.4, as it "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *See* L.R. 5.4(b)(1).

[1] If the Court denies the motion to seal Exhibit I, the BBC respectfully requests leave to redact the personal phone numbers appearing throughout the document.

To address the remaining requirements, the BBC proposes that sealing should be permanent, as the confidentiality concerns outlined above will not abate, or at least last until 90 days after conclusion of the case, including exhaustion of any appeals. *See id.*

If the Court grants this motion, the BBC respectfully requests that its Order provide a prompt date certain by which Plaintiff must file public versions of the proposed amended Complaint and exhibits, with redactions made in accordance with the Order. *Cf.* ECF 84 (filing public versions of Plaintiff's opposition to motion to dismiss and exhibits over one month after filing of sealed copies).

## CONCLUSION

For the foregoing reasons, the BBC respectfully requests that the Court grant this unopposed motion and permit the sealing, in part or in whole, of Plaintiff's proposed amended complaint and certain exhibits thereto, and provide such other and further relief as the Court sees fit.

Dated: August 7, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)

tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on August 7, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin

**LOCAL RULE 7.1(a) CERTIFICATION**

Pursuant to Local Rule 7.1(a), the parties hereby certify that all parties conferred in good faith and have agreed to the relief requested herein.

*/s/ Charles D. Tobin*
Charles D. Tobin