**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-25894-ALTMAN**

**PRESIDENT DONALD J. TRUMP**,

    *Plaintiff*,

*v.*

**BRITISH BROADCASTING CORP.**,

    *Defendant.*

_____/

## <u>ORDER</u>

Our Plaintiff, President Donald J. Trump, has filed a Motion for Leave to File First Amended Complaint (the "Motion") [ECF No. 108]. Our Defendant, the British Broadcasting Corporation (the "BBC"), opposes the amendment. *See* Response in Opposition to the Motion [ECF No. 115]. After careful review, we **GRANT** the Motion.

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint after a responsive motion has been filed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave to amend should be "freely give[n] when justice so requires." *Ibid.* But "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (first citing Fed. R. Civ. P. 16(b); and then citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998)). Because the BBC has filed a motion to dismiss, *see* Motion to Dismiss [ECF No. 36], and since the deadline to amend pleadings was March 31, 2026, *see* Scheduling Order [ECF No. 27] at 2, the Plaintiff must show good cause for his proposed amendment under Rule 16(b).

## I.      Rule 16(b)

Good cause exists under Rule16(b) when the movant can demonstrate that, despite his diligence, he lacked the information he needed for his proposed amendment until after the deadline to amend had passed. *See Virciglio v. Work Train Staffing LLC,* 674 F. App'x 879, 885 (11th Cir. 2016) (finding good cause under Rule 16(b) where "[t]he record show[ed] that in spite of his diligence, the [p]laintiff did not have the information necessary to assert a viable [ ] claim until after the amendment deadline expired"); *see also Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (Marra, J.) ("[G]ood cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed."). And courts generally agree that "newly discovered evidence can supply the necessary good cause under Rule 16(b)(4) to enlarge an expired deadline for amending pleadings." *Allstate Ins. Co. v. Regions Bank*, 2014 WL 4162264, at *3 (S.D. Ala. Aug. 19, 2014) (Steele, C. J.); *see also Howard v. Kimley-Horn & Assocs., Inc.*, 2022 WL 22868608, at *2 (N.D. Ga. May 31, 2022) (Pannell, Jr., J.) (same).

The Plaintiff contends that he satisfies Rule 16(b)'s good-cause requirement because he didn't have the information he needed for his proposed amendment until *after* the deadline had expired. *See* Motion at 2 ("Good cause exists because the new allegations rest on facts learned through diligent discovery that post-dated the amendment deadline"); *see also id.* at 4 (explaining that the proposed amendment is based on information revealed during jurisdictional discovery, including the facts "that the BBC's own data reflect at least 34 successful play starts attributed to Florida, and that the BBC received contemporaneous notice that its geo-blocking was failing"). The record confirms this.

On March 16, 2026, the BBC filed a motion to dismiss, which included four affidavits—all of which challenged the Plaintiff's jurisdictional allegations. *See generally* Motion to Dismiss. Given the potentially dispositive impact of these jurisdictional affidavits, we gave the Plaintiff until June 1, 2026, to conduct jurisdictional discovery. *See* Paperless Order Dated Apr. 9, 2026 [ECF No. 45] ("[W]e think

2

it reasonable to allow the Plaintiff to engage in jurisdictional discovery before he files his response to the Defendants' Motion to Dismiss[.] . . . We therefore ORDER that the Plaintiff shall have until June 1, 2026, to respond[.]"). The parties proceeded to jurisdictional discovery, and the Plaintiff received the information he's now relying on between April and June—well after the deadline to amend had passed. *See* Motion at 7 ("[T]he BBC's audience-analytics data confirming at least 34 Florida play-starts were, by the BBC's own account, pooled as of May 21, 2026."); *see also* Response at (identifying May 29, 2026, as the date on which the BBC's corporate representatives testified "about the very documents and topics Plaintiff proposes including in the amended pleading"). Based on this record, the Plaintiff received the information supporting his proposed amendment *after* the deadline to amend had passed.

Resisting this conclusion, the BBC insists that the Plaintiff's own dilatory conduct accounts for his lack of information before the amendment deadline. *See* Response at 3 (claiming that the Plaintiff "ignore[ed]" a "draft protective order" that the BBC sent on February 27, 2026). But we ordered jurisdictional discovery to run from April to June 1, 2026. And, as we've said, the Plaintiff obtained the information he's now relying on as late as May 29, 2026. *See* Response at 3.

The BBC also chides the Plaintiff for failing to seek leave to amend until now—rather than while the parties were briefing the BBC's Motion to Dismiss. *See id.* at 4 ("[The] Plaintiff did not move to amend when opposing Defendants' motion to dismiss on June 8, 2026, or after receiving Defendants' reply brief on June 19, 2026, which further outlined the deficiencies in the Complaint."). But, assuming for the sake of this Order that the Plaintiff possessed all the information supporting his proposed amendments by June 1, 2026, we don't think a two-month delay in seeking leave to amend amounts to *undue* delay. *See C.D. v. Red Roof Inns, Inc.*, 2024 WL 5339454, at *5 (N.D. Ga. Oct. 2, 2024) (Cohen, J.) ("The delay of, at most, two months in filing the motion after receiving the documents does not amount to undue delay.").

Finally, throughout its Response, the BBC accuses the Plaintiff of "gamesmanship." Response at 4; *see also id.* at 7 ("[The] Plaintiff is transparently seeking amendment to recast his damages allegations in hopes of avoiding his discovery obligations. The Court should not reward this gamesmanship by granting the delayed motion to amend." (cleaned up)). But this is hardly a fair characterization—especially since the Court suggested that an amended complaint might change the scope of discovery. *See* Transcript of Discovery Hearing (the "Transcript") [ECF No. 102] at 133:22–("All of my rulings today and all of the forthcoming rulings, unless somehow there is an amended complaint on the docket before I issue this written order . . . I am going based on the complaint, the operative complaint, that is currently on the docket."). The Plaintiff's proposed amendment, therefore, cannot fairly be cast as "gamesmanship. Whether the amended complaint *actually* alters the Plaintiff's discovery obligations is a question we'll leave for Magistrate Judge Lett.

## II.      Rule 15(a)(2)

Having determined that the Plaintiff satisfied Rule 16(b)'s good-cause requirement, we turn now to the more lenient requirements of Rule 15(a)(2). "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (cleaned up).

The BBC argues that these factors weigh against the Plaintiff—but we disagree. *First*, the BBC says that the proposed amendment is futile. *See* Response at 7–12 (explaining the alleged futility of amendment). But the BBC's futility arguments—*viz.*, that the amended complaint fails to establish personal jurisdiction and doesn't state a claim—are merits arguments the BBC advanced in its Motion

to Dismiss. *See* Motion to Dismiss at 9 ("[The BBC] hereby move[s] to dismiss [the] Plaintiff's Complaint with prejudice for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6)."). And despite the BBC's insistence that its arguments will prove meritorious, we haven't resolved them yet. The BBC will be free to re-raise these arguments in response to the amended complaint—and, in fact, will be able to commit *more* resources to its strongest arguments, since its new motion to dismiss needn't address the role of the now-dismissed studio defendants. *See* Response at 10 ("[The] Plaintiff's proposed jurisdictional amendments are also notable not only for what they propose to add, but also for what they propose to subtract: all claims that the BBC actually entered Florida in connection with the Documentary or distributed it in Florida.").[1]

*Second*, the BBC argues that "[p]ermitting amendment at this stage of the litigation would also prejudice the BBC." Response at 12. It tells us that allowing the proposed amendment, with the Motion to Dismiss pending, would "expand the length of the case and expense involved." *Ibid.* But additional time and expense—especially when discovery has yet to close and trial is several months away—doesn't constitute the kind of undue prejudice that would justify the denial of a motion to amend under Rule 15(a)(2). *See Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998) ("Any amendment to an original pleading necessarily involves some additional expense to the opposing party.").

In any event, we think the Plaintiff's proposed amendment will, in some respects, *help* the BBC. Under the amended complaint—and given the Plaintiff's counsel's testimony before Magistrate

---

[1] The BBC also writes: "[The] Plaintiff's proposed amended Complaint is futile because it cannot even secure him the goal he seeks: avoidance of financial discovery." Response at 11. We agree in part and disagree in part with this assertion. We agree that an amended complaint won't necessarily obviate the need for certain financial disclosures—especially since the amended complaint retains the Plaintiff's original $10-billion damages demand. But we disagree that the Motion's potential futility as it pertains to this *discovery* issue is the kind of *merits*-based futility Rule 15 is primarily concerned with.

Judge Lett—the Plaintiff won't be able to pursue reputational damages that are premised on any alleged harm to his brands and businesses. *See* Transcript at 27:5–12 ("[E]ven if there has been a harm to the brand, we are not pursuing that as part of our damages. So I don't want to acknowledge that the brand has or has not suffered any injury, but I am telling the court that I am not going to leverage any such injury, to the extent it exists, as part of my damage claim. It is simply the reputational injury to the President, full stop."). This represents a substantial diminution in the scope of the available damages. Plus, as we've said, the proposed amended complaint removes several contested allegations, not to mention two defendants, allowing the BBC's re-filed motion to dismiss to focus more squarely on its most important arguments.[2]

After careful review, therefore, we hereby **ORDER and ADJUDGE** as follows:

1. The Motion for Leave to File First Amended Complaint [ECF No. 108] is **GRANTED**. The Plaintiff must file his amended complaint as a separate entry on the docket by **August 10, 2026**.

2. The BBC's Motion to Dismiss [ECF No. 36] is **DENIED as moot**.

3. The Plaintiff's Objections to Magistrate Judge Lett's July 27, 2026 Discovery Order [ECF No. 111] are **OVERRULED as moot**.

4. The stay issued by our Order Granting Emergency Motion [ECF No. 116] shall remain in effect until the parties hold a new discovery hearing before Magistrate Judge Lett.

5. The BBC's Unopposed Motion to Seal [ECF No. 122] is **GRANTED**. The information and exhibits identified in the Unopposed Motion to Seal shall remain **SEALED**.

---

[2] The BBC also argues that the proposed amendment is "[u]nduly [d]elayed," Response at 6, but we've already explained why this isn't the case, *see supra* § II p. 3 ("[W]e don't think a two-month delay in seeking leave to amend amounts to *undue* delay.").

**DONE AND ORDERED** in the Southern District of Florida on August 8, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record