UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

|  |  |  |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:25-cv-25894-RKA-EAL |
| BRITISH BROADCASTING CORP., | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S OPPOSED MOTION FOR AN ORDER AUTHORIZING
ALTERNATIVE SERVICE OF RULE 45 SUBPOENAS ON THIRD PARTIES
DONALD TRUMP, JR., IVANKA TRUMP, AND JARED KUSHNER**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel, respectfully moves this Court for authorization to serve third parties Donald Trump, Jr., Ivanka Trump, and Jared Kushner (together, the "Third Parties") with Rule 45 subpoenas via alternative methods. The Third Parties have personal knowledge and likely have possession, custody, or control of records relevant to multiple elements of Plaintiff's claims against the BBC, yet the BBC has been unable to serve them with Rule 45 subpoenas because the Third Parties – Plaintiff's eldest son, eldest daughter, and eldest son-in-law – are protected by the United States Secret Service as members of the sitting President's immediate family.

The BBC has endeavored to resolve this issue without seeking the Court's assistance. The BBC asked Plaintiff to accept service on the Third Parties' behalf – Plaintiff refused. The BBC asked Plaintiff to direct the Secret Service to permit service on the Third Parties – Plaintiff refused. The BBC even asked Plaintiff merely to consent to this motion for alternative service – Plaintiff refused. The BBC therefore asks this Court for the modest relief of authorization to serve Rule 45 subpoenas on the Third Parties via any alternative method(s) this Court prefers.

## BACKGROUND

Plaintiff's central claim in this lawsuit is that the BBC defamed him by including in a 2024 documentary a clip of the speech that he delivered at the White House Ellipse on January 6, 2021.  According to Plaintiff, the way in which that clip was edited conveys the allegedly false implication that he "incited" or "fomented" the riot and assault on the U.S. Capitol that followed his speech.  Am. Compl. ¶¶ 54, 107, 125, 135(c) (ECF 124).  Because Plaintiff is a public official and the speech at issue relates to a matter of public concern, Plaintiff bears the burden of proving that this implication is false.  *Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986).  Moreover, because Plaintiff claims that Defendants defamed him by altering his own statements, he must prove that this "alteration results in a material change in the meaning" of the statements that he delivered on January 6, 2021.  *Masson v. New Yorker Mag.*, 501 U.S. 496, 517 (1991).

Because proving falsity is a central element of Plaintiff's claim, the BBC "is entitled to discover Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," including "whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm."  *See* Omnibus Order Following Discovery Hearing on J. Mots. for Discovery Hr'g (the "Omnibus Order) at 9-11 (ECF 120).  The Third Parties without question have personal knowledge and likely also have possession, custody, or control of records relevant to these exact issues.  For example:

- Donald Trump, Jr. and Ivanka Trump were both present in the Oval Office on January 6, 2021 as Plaintiff was still revising his speech.  That included the period during and after Plaintiff spoke on the phone with Vice President Mike Pence in an unsuccessful eleventh-hour effort to convince Vice President Pence to refuse to certify the results of the 2020 election, which preceded last-minute additions to the speech sharply directed at the Vice President.  *See* May 3, 2022 Interview of Donald J. Trump, Jr., H. Select Comm. to Investigate

the Jan. 6th Attack on the U.S. Capitol ("D. Trump, Jr. Tr.")[1] at 83:3-85:18; Apr. 5, 2022 Interview of Ivanka Trump, H. Select Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol 2022 ("I. Trump Tr.")[2] at 37:25-43:17.

- Donald Trump Jr. and Ivanka Trump both travelled from the White House to the Ellipse and personally witnessed Plaintiff delivering and the crowd responding to the speech on January 6. *See* D. Trump, Jr. Tr. at 88:4-88:25; I. Trump Tr. at 52:20-60:2.

- Ivanka Trump returned to the White House after the speech, where she personally observed how Plaintiff reacted to news that violence had broken out at the Capitol and communicated directly with him, including about posting a public message in response. *See* I. Trump Tr. at 75:13-79:14, 84:19-88:9.

- Donald Trump Jr. communicated with Plaintiff's Chief of Staff, Mark Meadows, while violence had broken out at the Capitol after the speech, urging Plaintiff to "condemn this shit. Asap." *See* D. Trump, Jr. Tr. at 90:18-11.

- Donald Trump Jr. also spoke directly with Plaintiff after violence had broken out at the Capitol. *See* D. Trump, Jr. Tr. at 94:10-95:17.

- Jared Kushner spoke on the afternoon of January 6 with Speaker of the House of Representatives Kevin McCarthy, who told Kushner that "it was getting really ugly over at the Capitol" and asked Kushner for "anything [he] could do to help." Mar. 31, 2022 Interview of Jared Kushner, H. Select Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol ("Kushner Tr.")[3] at 144:15-145:8.

- Jared Kushner drafted a proposed statement for Plaintiff to issue on the afternoon of January 6, which would have condemned the use of violence, and collaborated with other senior officials to draft the statement to be issued on Plaintiff's behalf as the vote certification resumed early on January 7. Kushner Tr. at 151:16-162:16.

---

[1] *Available at* https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000082306/pdf/GPO-J6-TRANSCRIPT-CTRL0000082306.pdf.

[2] *Available at* https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000061474/pdf/GPO-J6-TRANSCRIPT-CTRL0000061474.pdf.

[3] *Available at* https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000060760/pdf/GPO-J6-TRANSCRIPT-CTRL0000060760.pdf.

In addition to their personal knowledge on these issues, which bear on Plaintiff's burden to prove that it would be materially false to imply that he incited violence on January 6, the Third Parties also have personal knowledge of Plaintiff's reputation before and after the Documentary, which bears on Plaintiff's additional burden to prove that the challenged edit in the documentary actually and proximately caused him the reputational harm he alleges. *See, e.g.*, *Zimmerman v. Allen*, 2014 WL 3731999, at \*9 (Fla. 18th Jud. Cir. June 30, 2014) (rejecting defamation claim because, "[i]n Florida, a defamation plaintiff not only must plead and prove actual injury, he must also demonstrate that the allegedly defamatory statements proximately caused that injury"), *aff'd*, 212 So. 3d 376 (Fla. 5th DCA 2015); Robert D. Sack, *Sack on Defamation* § 10:5.1 & n.210 (5th ed. 2017) (observing that "something beyond the plaintiff's own expressions of hurt or grief is—or should be—required" to prove reputational injury, and noting that such evidence can be found in "[t]estimony corroborating the injury" from "family members").

Given the Third Parties' knowledge on these topics, the BBC has attempted to serve document subpoenas on them pursuant to Rule 45, but the BBC is unable to do so. Specifically, law enforcement officers prevented the BBC's process server from effecting service on Mr. Kushner and Ms. Trump at their home in Florida and directed the BBC to coordinate service through the U.S. Secret Service. *See* Decl. of Maxwell S. Mishkin ("Mishkin Decl.") ¶ 2 & Ex. A. The BBC attempted to do so and was informed by the U.S. Secret Service's Office of the Chief Counsel that the "United States Secret Service, as an agency of the United States Government, is not authorized to accept service of these subpoenas for these individuals, nor can we opine on how you all may best facilitate or effectuate service of these subpoenas." *See id.* ¶ 3 & Ex. B. Security for the Trump Organization similarly prevented the BBC's process server

from effecting service on Mr. Trump Jr. at his office in Trump Tower in New York, *see id.* ¶ 4 & Ex. C, and the Secret Service would likewise prevent service on Mr. Trump Jr. at his home.

In light of the Omnibus Order, the BBC has narrowed its document subpoenas to the Third Parties. The BBC is amenable to serving these subpoenas, as well as deposition subpoenas, on the Third Parties via any method(s) preferred by the Court, such as by certified mail to their home and work addresses, by way of Plaintiff's counsel in this action, or otherwise.

## ARGUMENT

Rule 45 provides that service of a third-party subpoena "requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "As to what is meant by 'delivering a copy' of the subpoena, the Eleventh Circuit has not ruled on whether Rule 45 requires personal service." *BG Strategic Advisors, LLC v. FreightHub, Inc.*, 2023 WL 114864, at *4 (S.D. Fla. Jan. 6, 2023) (internal marks omitted). Thus, "some courts have found that service of a subpoena implicates personal service," but "substantial recent authority" within the Eleventh Circuit supports "that Rule 45 does not require personal service; rather it requires service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (collecting cases).

Given this uncertainty, the BBC has endeavored to personally serve Rule 45 subpoenas on the Third Parties, but it has not succeeded in doing so because of the understandable and legally required security cordons surrounding the family of the sitting President. Those security personnel will likewise prevent any future attempts to serve Rule 45 subpoenas on the Third Parties absent direction otherwise from the President/Plaintiff to allow service, and the President/Plaintiff has, through counsel, refused to provide such direction. *See supra* at 1; *see also* Mishkin Decl. ¶ 5.

5

Though the problem that the BBC faces in attempting to serve subpoenas on the Third Parties is unusual, perhaps even novel, the solution is straightforward: this Court can and should authorize the BBC to serve the subpoenas via methods, other than personal service, that are "reasonably calculated to ensure receipt of the subpoena by the witness[es]." *TracFone Wireless*, 330 F.R.D. at 616.  The Court has various options in that regard, including authorizing service by email, mail, and notice to the witness's attorney.  *See, e.g.*, *BG Strategic Advisors*, 2023 WL 114864, at *6 (authorizing service of Rule 45 subpoena by certified mail, email, and notice to the witness's counsel); *Spanel v. AHL Assets LLC*, 2023 WL 12206751, at *2 (S.D. Fla. Apr. 12, 2023) (same, by email to the witnesses' counsel and by certified mail); *TracFone Wireless*, 330 F.R.D. at 617 (same, by FedEx and UPS); *TIC Park Ctr. 9, LLC v. Cabot*, 2017 WL 11712069, at *4 (S.D. Fla. June 9, 2017) (same, by email and U.S. Mail).

The BBC respectfully submits that authorizing service by certified mail to the Third Parties' home and business addresses and by email to Plaintiff's counsel would be reasonably calculated to ensure receipt by the Third Parties.[4]  As noted above, however, the BBC is ready and willing to employ whatever alternative method(s) of service that this Court may prefer.

### CONCLUSION

For the foregoing reasons, the Court should grant this motion and authorize the BBC to serve Rule 45 document and deposition subpoenas by alternative means on Donald Trump, Jr., Ivanka Trump, and Jared Kushner.

---

[4] Indeed, Plaintiff's counsel is also counsel to Mr. Trump, Jr. in another matter pending in this District.  *See* Compl., *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla. Jan. 29, 2026) (ECF 1).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for the BBC certify that they conferred with Plaintiff's counsel by teleconference on July 29, 2026 in a good-faith effort to resolve by agreement the issues raised in this motion. They were unable to do so, and Plaintiff opposes the relief requested herein.

Dated: August 14, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF

docket on August 14, 2026, which served the same electronically upon all counsel of record.

<u>*/s/ Charles D. Tobin*</u>
Charles D. Tobin