**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC,<br><br>Defendant. | Case No. 1:25-CV-25894-JTK |
|---|---|

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF RULE 45 SUBPOENAS ON THIRD PARTIES DONALD TRUMP, JR., IVANKA TRUMP, AND JARED KUSHNER**

Plaintiff, President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel, hereby files his Memorandum of Law in Opposition to the Motion For An Order Authorizing Alternative Service of Rule 45 Subpoenas on Third Parties Donald Trump, Jr., Ivanka Trump, and Jared Kushner (the "Motion") (ECF No. 127) filed by Defendant, British Broadcasting Corporation a/k/a BBC ("Defendant" or the "BBC"). In support thereof, Plaintiff states as follows:

## INTRODUCTION

BBC's Motion is the latest, cynical move in the BBC's sweeping, politically-charged discovery campaign that has already been rejected by this Court – its effort to improperly convert a narrow defamation case about a doctored documentary edit that the BBC has already publicly taken responsibility for into a boundless re-investigation of the events that occurred on January 6, 2021, and harassment of the President's family, associates, staff, officials, and others. The BBC seeks a sweeping order authorizing service of document *and* deposition subpoenas on three members of President Trump's immediate family. Yet, the BBC has not

placed any of those subpoenas before the Court. Nor has it shown that its proposed methods of alternative service are reasonably calculated to reach the intended recipients. Further, the BBC bypassed the meaningful conferral and tailoring this Court ordered on August 6, 2026. Although Rule 45 may permit alternative service in an appropriate case, the BBC must seek that relief for specific subpoenas placed before the Court, and support its proposed methods with evidence – not simply ask the Court to bless service for whatever documents and depositions that the BBC later decides it wants. The Motion should be denied.

**BACKGROUND**

The relief that the BBC's Motion seeks cannot be segregated from the politically-charged discovery campaign that it is based on, and which has already been ruled as improperly overbroad by this Court. This case concerns a narrow wrong—the BBC's deliberate splicing together of two passages of President Trump's January 6, 2021, speech spoken nearly fifty-five minutes apart, and the BBC's omission of his express direction that the crowd march "peacefully and patriotically," in order to broadcast the false impression that the President called for violence. The BBC's own Chairman admitted that the edit created a "mistaken impression" that "should not have happened," the program was withdrawn in that form, and the BBC's Director General and Head of News resigned.

Rather than litigate that narrow claim, the BBC has attempted to pursue a sweeping investigation disguised as discovery: 126 document requests and roughly 150 requests for admission on the President; subpoenas to forty-seven family members, former officials, political associates, and federal agencies for largely identical January 6 materials; demands for everything produced to congressional committees, as well as to Special Counsel Jack Smith, and a seven-year financial dragnet across some 400 entities directed at the President's Revocable Trust. This Motion is a piece of that same wrongful campaign—aimed at the President's eldest son, eldest daughter, and son-in-law (the "Non-Parties").


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

The particulars confirm the pattern. The BBC first issued broad document-only subpoenas to the three Non-Parties in May 2026. The BBC's process server made a single May 9, 2026, attempt to serve the subpoenas on both Ivanka Trump and Jared Kushner at the checkpoint located outside their place of residence. The Secret Service stated only that it was not authorized to accept the subpoenas, and could not advise the BBC's process server how to effect service—it did not say that it would obstruct proper service. ECF No. 127-1, Exs. A–B. For Donald Trump Jr., the process server visited Trump Tower in New York on May 20 and 22, told building personnel he had "legal documents for the *Trump organization*," and never reported that he even asked to deliver a subpoena to Donald Trump Jr. himself. ECF No. 127-1, Ex. C (emphasis added).

The BBC then reissued document-only subpoenas on July 8, 2026. Each subpoena commanded production of the requested documents by July 24, 2026, at BBC counsel's Washington, D.C., office—although each recipient's listed address was in Florida. In addition, each subpoena repeated the same eight sweeping requests, including all materials exchanged with four categories of government investigators, all documents concerning challenges to the 2020 election, all rally and speech planning, all documents concerning the events at the Capitol on January 6, 2021, and more. The definition set forth in the subpoenas for the term "You" swept in every entity in which each witness holds a financial interest, along with affiliates, personnel, attorneys, and agents.

The Court then entered its Omnibus Order on August 6, 2026 (the "August 6 Order"), squarely rejecting the BBC's boundless discovery approach. The Court held that the Complaint does not entitle the BBC to "relitigate and discover every aspect" of January 6, 2021, or to seek discovery from "any and all individuals" with knowledge of the events of January 6, 2021. ECF No. 120 at 11. It found that the parties "did not 'cooperate and act in good faith in attempting to resolve the dispute,'" denied the BBC's motions to compel without prejudice,


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

and directed the parties to "participate in a meaningful meet and confer," reasoning that once the Court supplied the governing scope, "any obstacle preventing a meaningful conferral is now resolved." *Id.* at 14–15. Eight days later, the BBC filed this Motion—without taking any of the steps the Court directed and in contravention of the August 6 Order—while attempting to represent that it had narrowed its document subpoenas "in light of" the August 6 Order, yet attaching neither a revised document subpoena nor any deposition subpoena at all. ECF No. 127 at 5. In short, the BBC asks the Court to authorize service of subpoenas it refuses to show to the Court, and through its Motion that ignores the process that the Court just ordered.

## ARGUMENT

### I. The BBC Improperly Asks The Court to Pre-Authorize Service of Subpoenas That Do Not Exist.

The threshold problem with this Motion is that there is nothing to serve. A Rule 45 subpoena is a specific command. It must state what the person must do, and the time and place for compliance. A deposition subpoena must state the recording method. The service of an attendance subpoena requires contemporaneous tender of one day's attendance fee and mileage. Lastly, the place of compliance must satisfy Rule 45(c). *See* Fed. R. Civ. P. 45(a)(1), (b)(1), (c). However, the BBC has placed no subpoena before the Court. The Court is being asked to authorize service of an instrument it cannot see—and whose commands, compliance date, place of compliance, and recording method are all unknown. That is not a defect that the Court can overlook. It is the absence of the very thing that the Motion asks the Court to improperly bless. A litigant confident that its instruments comply with Rule 45 provides them to the Court for consideration. A litigant seeking advance cover for instruments that it has not written, or does not want tested, undertakes the exact surreptitious maneuvers that the BBC is attempting.


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

The BBC's own authorities are inapposite, and decide a narrow question: what *method* of delivering an *existing* Rule 45 subpoena is "reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019); *see also BG Strategic Advisors, LLC v. FreightHub, Inc.*, 2023 WL 114864, at *4–6 (S.D. Fla. Jan. 6, 2023). In each case, a subpoena had issued, its terms were fixed, and the only dispute was how to deliver it. None of these authorities authorizes what the BBC seeks here – advance approval to serve deposition subpoenas that have not been drafted, issued, or noticed, and document subpoenas that the BBC says it has revised after the previous versions were rejected by the Court, but has not produced. The BBC does not ask the Court to bless a delivery method for a known command. It asks the Court to pre-clear whatever commands it may later choose to impose. That is a different and improper request.

This is not a matter of elevating form over substance, and the answer is not that the witnesses can object later. Alternative service is an equitable substitute for the personal delivery that Rule 45(b)(1) contemplates, available only when the movant shows that its proposed method is "reasonably calculated to ensure *actual receipt* of the subpoena by the named person." *TracFone*, 330 F.R.D. at 616. That is a fact-specific finding. It requires a defined method aimed at a defined recipient, so the Court can weigh whether that method would, in fact, reach that person. The BBC offers neither. While the BBC suggests certified mail to the Non-Parties' home and business addresses, and email to Plaintiff's counsel, it offers those methods only in the alternative, expressly inviting service by "any method(s) preferred by the Court," for subpoenas that it has not produced, and that are directed at three Non-Parties whose circumstances differ. Nor do the BBC's affidavits change the analysis. The affidavits recount a single attempt at the residence of Ivanka Trump and Jared Kushner, and two attempts directed at the "Trump organization," not Donald Trump Jr.; none resulted in service. The


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Court is left with nothing concrete – no method paired to any recipient – against which to measure the applicable standard.

What the BBC does propose is revealing. Certified mail requires a signature from whoever receives the item at the address, not from the addressee, so a signed return card establishes only that the mail was delivered to the location, not that it reached the named witness. The BBC's alternative proposal – service "by email to Plaintiff's counsel," because Plaintiff's counsel happens to represent one of the witnesses in another, unrelated matter – fares no better. Plaintiff's counsel has not been authorized to accept a subpoena for any witness, and an attorney's representation of a person does not make the attorney that person's agent for service. *See Don't Look Media LLC v. Fly Victor Ltd.,* 999 F.3d 1284, 1296 (11th Cir. 2021) (counsel's agreement not to contest a service method is not an "affirmative agreement to accept service" for the client). The point is even plainer as to Ivanka Trump and Jared Kushner, whom Plaintiff's counsel does not represent in any litigation.

The previous July subpoenas cannot fill the gap. Those subpoenas demanded compliance on July 24, 2026—three weeks before the BBC moved—and commanded production at a Washington, D.C., address more than 100 miles from the Florida addresses printed on their own faces. *See* Fed. R. Civ. P. 45(c)(2)(A), (d)(3)(A)(i)–(ii). Those July subpoenas are document-only subpoenas, not the deposition subpoenas that the BBC now asks the Court to authorize. Importantly, because they predate the August 6 Order, and merely repeat the May language, they cannot be the "narrowed" subpoenas that the BBC claims to have prepared. There is, in short, no operative instrument before the Court at all – and no advance approval can excuse the BBC from serving each party with the notice and copy that Rules 45(a)(4) and 30(b)(1) require before any subpoena or deposition, or the deposition notice that Local Rule 26.1(h) requires.


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## II. The Motion Bypasses the Meaningful Conferral and Tailoring That This Court Ordered on August 6, 2026.

The August 6 Order did more than narrow the BBC's discovery—it prescribed the process that the parties were to follow before returning to the Court on any remaining discovery dispute. The Court denied the BBC's motions to compel without prejudice, found that the parties had "not 'cooperate[d] and act[ed] in good faith in attempting to resolve the dispute,'" and directed them to "participate in a meaningful meet and confer, working towards a resolution of the discovery requests that remain in dispute." ECF No. 120 at 14–15. The Court framed that conferral as substantive, not clerical: having supplied "a framework of the scope of discovery," it explained that "any obstacle preventing a meaningful conferral is now resolved," and that only "any issues not resolved during the Parties' meet and conferral(s)" could then "be set forth in a subsequent joint motion to be heard by the Court at a later date." *Id.* at 15. The sequence that the Court imposed is unmistakable: confer meaningfully on the newly defined scope, tailor the disputed requests, and bring only the genuine remainder back to the Court in a joint motion.

The BBC violated the August 6 Order, as its Motion skips the prescribed process altogether. The BBC does not represent that the parties met and conferred on the scope that the Court laid out, tailored the subpoenas to that scope, or reached the impasse that the Order made the precondition to further motion practice. It could not so represent: the only conference it identifies is a July 29, 2026, teleconference with Plaintiff's counsel—more than a week *before* the Order that created the obligation. ECF No. 127 at 7. A conversation held before the Court defined the governing scope cannot be the "meaningful meet and confer" that the Court ordered on that scope. Nor could that conversation have addressed the subpoenas that the BBC now says it revised "in light of" the Order, the deposition subpoenas it seeks to authorize for the first time, or any witness-specific method of delivery. Rather than do the tailoring work that


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

the Court required, the BBC moved straight to a request for service authority—violating the very order that it invokes. This Court has already shown how it treats such a record: when the parties previously failed to confer in good faith, it did not reward that lack of conferral, and, instead, directed the parties to confer before proceeding. ECF No. 120 at 14–15. The BBC's disregard of that directive is more serious still, because it came after the Court's instruction, not before it. On this record, the Motion should be denied, and the BBC should be held to the meaningful conferral and tailoring that the August 6 Order already required.

**III. The Court Should Not Facilitate Harassing, Politically-Driven Discovery That Evades the August 6 Order.**

This Court has already drawn the line that the BBC now seeks to cross. In the August 6 Order, the Court held that this is not a case about relitigating all of the events of January 6: the Complaint does not entitle the BBC to "relitigate and discover every aspect" of that day, nor to seek discovery from "any and all individuals" with knowledge of it. ECF No. 120 at 11. The Court identified as overbroad, among other things, the demand for all materials that witnesses provided to the Select Committee, as well as the sweep into the 2020 election challenge, and it directed that such requests be tailored before any return to the Court. *Id.* at 11–13. The three depositions that the BBC now seeks to set in motion would reopen precisely the January 6 terrain that the Court precluded—and the governing rules independently forbid it. "On motion or on its own," the Court must limit discovery that is unreasonably cumulative or duplicative, or obtainable from a more convenient, less burdensome, or less expensive source. Fed. R. Civ. P. 26(b)(2)(C)(i). Rule 45 imposes an affirmative duty to avoid undue burden on a nonparty. Fed. R. Civ. P. 45(d)(1). The Eleventh Circuit confirms that Rule 45 discovery remains subject to Rule 26's relevance limits, and must be quashed when the burden outweighs the benefit. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329–35 (11th


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Cir. 2020). The BBC's agenda-driven demand for three plenary nonparty examinations violates each of these principles.

The BBC's own Motion proves the duplication. Its factual proffer is drawn entirely from the Select Committee's transcribed interviews of Donald Trump Jr., Ivanka Trump, and Jared Kushner—585 pages, taken with counsel present, and subject to 18 U.S.C. § 1001—which already cover the Oval Office, the Pence call, the Ellipse, the response to violence, and the statement-drafting subjects that the BBC now lists as its supposed justification for the Motion. *See* ECF No. 127 at 2-3, and fn. 1, 2, and 3. The BBC does not identify a single question that those interviews left unanswered. It, instead, misstates the record. It tells the Court that Donald Trump Jr. "spoke directly" with the President after the violence began, citing pages 94–95, ECF No. 127 at 3, but those pages concern calls with Andy Surabian and an unidentified number, and when asked whether he spoke with his father later that day, Donald Trump Jr. answered, "Not to my recollection." May 3, 2022, House Select Committee Interview of Donald J. Trump, Jr.[1] at 94:10–95:17, 98:22–24. A movant willing to mischaracterize the very testimony that it relies on has not made the precise, witness-specific showing that would justify reopening this inquiry.

Jared Kushner makes the point starkest of all. He was not even there. By his own account, and as a matter of public record, he was abroad during the Ellipse speech, and absent during the critical response period—he did not see the speech, knew nothing of the internal debates over the President's response, and learned only on arrival that the President had already recorded his message. *See* March 31, 2022, House Select Committee Interview of Jared Kushner[2] at 138:15-148:9. A plenary deposition of a witness who was on another continent for

---

[1] Available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000082306/pdf/GPO-J6-TRANSCRIPT-CTRL0000082306.pdf.

[2] Available at https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000060760/pdf/GPO-J6-TRANSCRIPT-CTRL0000060760.pdf



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

the events at the center of this case is not a search for evidence; it is an attempted compelled appearance of a third member of the President's family for its own sake, and it confirms the political, rather than evidentiary, object of the BBC's subpoenas.

The politically-charged character of this wrongful, already rejected by the Court discovery campaign by BBC is confirmed by what the discovery would invade. The August 6 Order not only found the BBC's January 6 requests to be overbroad. The August 6 Order also recognized that the BBC's requested discovery implicates the President's executive privilege, and declined to resolve that issue "at this juncture," deferring it "in due order." ECF No. 120 at 13–14. The subpoenas that the BBC now seeks to serve reach the same ground: the advisory communications of the President's own former advisors. Two of the three Non-Parties served in his administration – Ivanka Trump told the Select Committee that her title was "Advisor to the President," and Jared Kushner served as a Senior Advisor – and their communications with the President are subject to the executive privilege. That the BBC seeks open-ended authority to serve undefined subpoenas on the President's family and advisors, rather than tailor its requests, and address the privilege that the Court identified, is one more indication that the Motion wrongfully seeks politically-driven leverage over the President's family, not tailored discovery.

## **<u>CONCLUSION</u>**

For the reasons set forth herein, the Motion should be denied. The BBC has placed no subpoena before the Court, has not shown that any proposed method of service is reasonably calculated to reach the intended recipients, and bypassed the conferral and tailoring that the Court ordered on August 6, 2026. Plaintiff respectfully requests that the Court deny the Motion, and grant such other relief as the Court deems just and proper.


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: August 21, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 10664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel for Plaintiff,*
*President Donald J. Trump*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 21, 2026, the foregoing was served via the Court's CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendant British Broadcasting Corporation*

*/s/ Alejandro Brito*


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071