UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S MOTION FOR DISCOVERY HEARING RELATED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION, AND INTERROGATORIES**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel and pursuant to the February 13, 2026 Order Setting Discovery Procedures (ECF 29) (the "Discovery Order"), hereby files this Motion for Hearing Related to Plaintiff's Responses to Defendant's First Requests for Production, Requests for Admissions, and Interrogatories.

The BBC had intended to submit this filing as a joint motion, but Plaintiff refused to provide a statement of his position on the disputes raised herein or a proposed order to include in Exhibit A hereto. Instead, Plaintiff requested that the BBC append email correspondence regarding the motion, which the BBC has done at Exhibit C hereto. This is the second time Plaintiff has refused to participate in a joint motion. *See* ECF Nos. 57, 78 ("Plaintiff failed to submit his position to Defendants and, therefore, failed to submit a **joint** motion . . . . While counsel are free to disagree with the relief and basis on which the opposing party may seek said relief, they are not permitted to disregard the Court's orders and procedures.").

**RELEVANT FACTUAL BACKGROUND**

The BBC's Interrogatories and First Set of Requests for the Production of Documents ("RFPs"), served on March 5, and its First Set of Requests for Admissions ("RFAs"), served on March 30, remain as largely unanswered today as they were at the July 21 omnibus discovery hearing. As of now, Plaintiff still has not agreed to respond at all to the lion's share of the requests, with his counsel continuing to tell the BBC's counsel that they need to "consult with our client."

The BBC heeded the Court's directive following the guidance at the hearing that the parties "[w]ith that guidance, immediately, not waiting for the actual written order, the parties should begin to meet and confer on which discovery requests will be responded to and which they believe still have issues." July 21, 2026 Hr'g Tr. at 131:20-23. BBC counsel reached out within 48 hours of this Court's instruction, offering many near-term appointments. Counsel for Plaintiff did not respond for four days, and only after the BBC sent a proposed joint discovery motion. Then, on their July 29 call, Plaintiff's counsel would not discuss modifications orally, insisted on receiving the BBC's proposal in writing, and shouted over BBC counsel as he attempted to reach compromise. The BBC nonetheless complied with Plaintiff's request the next day, on July 30, sending proposed modifications in writing. Plaintiff did not respond before this Court issued its August 6 written omnibus discovery order, which noted that "[b]ecause the Court has informed the Parties of the scope of discovery, any obstacle preventing a meaningful conferral is now resolved," and directing that "conferral will occur now." Omnibus Order (ECF 120) at 14. The next day, August 7, the BBC's counsel provided Plaintiff's counsel with further-narrowed discovery requests in writing and requested to confer on August 10, 11, or 12. In response, and after further prodding, Plaintiff's counsel offered a single time: 5:00 p.m. on Friday, August 21.

When that call finally took place this past Friday, the BBC withdrew a number of its requests in light of this Court's order. For those that remain in contention, Plaintiff's counsel still said either that they objected, or that they would "consult with [their] client" and respond by letter, but when asked, would not provide an estimated date for that letter's delivery. Counsel also would not provide a date by which Plaintiff would verify his still-unverified interrogatory responses. And Plaintiff has made no further document disclosures since, on July 14, he served 735 pages downloaded in the preceding weeks from the internet – his only document disclosure to date.

The BBC now seeks resolution of these disputes. Consistent with the Discovery Order, a proposed order is attached as Exhibit A; the source materials are attached as Exhibit B. Additionally, and at the request of Plaintiff's counsel, correspondence between the parties' counsel regarding this motion is attached at Exhibit C.

**DISCOVERY DISPUTES REQUIRING RESOLUTION**

"[I]t is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process," especially as Plaintiff "was the party which filed this lawsuit." *U & I Corp.*, 251 F.R.D. at 676. Yet even after oral and written orders from this Court

(ECF 102 & 120), the same requests from the parties' original motion in May (ECF 57) remain in dispute. During the parties' most recent August 21 call, Plaintiff continued his refusal to meaningfully cooperate in the discovery process, despite receiving the BBC's proposed modifications weeks in advance. Plaintiff's blanket objections (Interrogatory 10; RFAs 15, 62-64, 68-80, 86-88, 93-96, 104, 106, 109, 110, 120-21, 124-52; RFPs 3, 16, 22, 37-40, 45-47, 68-78) are now ripe for adjudication. Plaintiff's refusal during the August 21 conferral to provide any meaningful response—or even a date for a response—to the other outstanding discovery requests renders those ripe for adjudication as well.

Plaintiff has effectively delayed the discovery hearing and the production of documents by stymying the prerequisite conferral process.[1] Such delays in production can prejudice the opposing party "by limiting the time available to review the belatedly produced documents and to depose witnesses regarding these documents."[2] Here, Plaintiff's failure to produce meaningful discovery precludes the BBC from reviewing documents, preparing for depositions, serving additional requests, or fully preparing expert witnesses.

Additionally, Plaintiff still refuses to provide a date by which the BBC can expect his *second* document production—over a month after his first and only production of 735 pages all taken from the internet shortly before the production was made—even as the BBC has produced

---

[1] *See Westchester Surplus Lines INS. Co. v. Portofino Masters Homeowners Ass'n., Inc.*, 2023 WL 10407053 (N.D. Fla. Oct. 30, 2023) (where counsel "simply advis[ed] that he planned to object to the subpoenas and needed additional time to do so," counsel did not "meet the intent, tenor, or objective of the meet and confer requirement"). Plaintiff's continued delay, coupled with his refusal to engage in the Court's collaborative conferral process, therefore requires this Court's intervention. *Butterworth v. Lab'y Corp. of Am. Holdings*, 2012 WL 12864185 (M.D. Fla. Apr. 23, 2012) (awarding attorneys' fees against party who "did not meaningfully produce" documents for ten months after requests and "did not even try to convert its ESI into a usable format" for first four months); *Cypress Ests. of Palm Springs Homeowners' Ass'n, Inc. v. Sec'y of HUD*, 2011 WL 13228143, at *2 (S.D. Fla. Sept. 29, 2011) (compelling production of documents where plaintiff "failed to indicate a date certain by which it would do so, and--three months after [defendant] served its original request and one-month-and-a-half after it promised the documents—still has not produced a single document").

[2] *See U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 675 (M.D. Fla. 2008) (granting motions to compel and for sanctions); *Archer v. Air Jamaica*, 268 F.R.D. 401, 403 (S.D. Fla. 2010) (dismissing case as sanction where "Defendant [was] severely prejudiced by Plaintiffs' willful disobedience as it has been forced to spend almost four months of the discovery period trying to get Plaintiffs to provide the most basic disclosures and discovery responses").

98,257 pages of documents since April, over *eleven* rolling productions. Plaintiff also continues to maintain that he need not verify his interrogatory responses, which have been unverified since they were initially served on April 21 and supplemented on May 18. *See* Hr'g Tr. (ECF 102) at 66:10-67-2 (this Court noting that the "rules require" verification of interrogatory responses and Plaintiff's counsel stating he would not have Plaintiff sign a new version of his responses until he received "clarity on the Court's determination with regard to the interrogatories").

It is clear at this point that, absent an order from this Court, Plaintiff will not make timely, or any, progress with respect to his document discovery. The BBC asks the Court to order the Plaintiff to produce substantial and substantive documents on a rolling, regular basis beginning on a date certain, to respond to the remaining interrogatory and requests for admission by a date certain, and to verify his original interrogatory responses by a date certain. The BBC respectfully suggests that the dates all be set for compliance within one week of the Court's order.

## CERTIFICATE OF CONFERRAL

On August 21, 2026, the Parties conferred by phone, but were unable to agree on whether Plaintiff would produce responses and documents for the majority of Defendant's request, Plaintiff's next discovery production date, or when Plaintiff would verify his interrogatory responses. Plaintiff also refused to provide statements of his position in order to file a joint motion, and instead insisted that the BBC file the correspondence attached as Exhibit C. A true and correct copy of the BBC's proposed order regarding this motion is attached as Exhibit A.

## CONCLUSION

Based on the above, the BBC respectfully requests that the Court schedule a discovery hearing to resolve these disputes and award any other relief that the Court deems proper.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Charles D. Tobin*

Charles D. Tobin
Florida Bar No. 816345
Maxwell S. Mishkin (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218

Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

Richard W. Miller (*pro hac vice*)
Ballard Spahr LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: 678-420-9300
millerrw@ballardspahr.com

*Counsel to Defendant British Broadcasting Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on August 25, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin

**LOCAL RULE 7.1(a) CERTIFICATION**

Pursuant to Local Rule 7.1(a), I hereby certify that Defendant has attempted to confer in good faith with Plaintiff prior to filing this motion, as described above.

*/s/ Charles D. Tobin*
Charles D. Tobin