**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP, an individual,

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION a/k/a BBC,

Defendant.

Case No. 1:25-cv-25894-JTK

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR DISCOVERY HEARING**

Plaintiff President Donald J. Trump ("Plaintiff") responds in opposition to Defendant British Broadcasting Corporation's ("BBC" or "Defendant") Motion for Discovery Hearing [ECF No. 138], and states as follows:

## INTRODUCTION

The Court's August 6 Omnibus Order did not resolve the parties' discovery disputes. It denied BBC's motions to compel without prejudice, and directed the parties to "participate in a meaningful meet and confer, working towards a resolution of the discovery requests that remain in dispute," as well as to tailor the discovery requests the Court identified as overbroad. ECF No. 120, at 14. That conferral is underway and nearly complete. It is incomplete only because BBC would not let it become complete.

The parties conferred by telephone on August 21, 2026, at 5:00 p.m. and worked through BBC's multitude of interrogatories, requests for admission, and requests for production. The parties reached agreement or an impasse on a number of the disputed requests during that call. As to the *balance*, Plaintiff advised BBC that it would prepare and send a comprehensive written letter *this week* setting out Plaintiff's final position, informed by the conferral and by Plaintiff's counsel's ensuing consultation with Plaintiff. Plaintiff's counsel has conferred with its client following Friday's meet and confer, are preparing that letter now, which will be provided to BBC's


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

counsel today. Plaintiff also asked Defendant, in good faith and during the conferral, to refrain from filing a discovery motion until Plaintiff could complete and deliver that letter, and to refrain from imposing unilateral, arbitrary deadlines as BBC's counsel has routinely attempted to do in relation to addressing discovery matters.

Rather than complete the conferral process, BBC instead sent its portion of a proposed joint motion the next business day, on August 24, demanded Plaintiff's portion by 1:00 p.m. the next day, and filed its motion unilaterally before Plaintiff's counsel had an opportunity to confer with Plaintiff, and properly prepare a detailed letter, as discussed. The motion asks the Court to convene a hearing on disputes that the parties have not finished narrowing. That is precisely the premature, un-conferred posture that the Omnibus Order was designed to prevent. The motion should be denied without prejudice, and the parties directed to complete the conferral within a reasonable amount of time.

## ARGUMENT

### I. The Motion Is Premature Because the Court-Ordered Conferral Is Not Complete.

The Omnibus Order's operative command was to confer. The Court denied BBC's motions to compel without prejudice, directed the parties to "confer, in good faith and in accordance with Local Rule 7.1(a)(2) regarding all remaining discovery disputes at issue," and instructed that the parties "file the appropriate motion" only "[i]f the Parties are unable to resolve any issues related to discovery." ECF No. 120, at 14–15. Defendant's motion asks the Court to resolve disputes over which the parties have not finished conferring.

The conferral has already produced concrete progress, and Plaintiff's forthcoming letter will further memorialize it. Consistent with the discussions at the parties' recent meet and confer, the parties have agreed to Defendant's withdrawal of Interrogatory No. 11, withdrawal of Requests for Admission Nos. 17 through 61 and 67, and withdrawal of Requests for Production 4, 5, 7, 8, 12, 14, and 48 through 55. Moreover, Plaintiff has agreed to withdraw its objections and answer Requests for Admission Nos. 15, 83 through 85, 89 through 92, 101, 103, 105, 107, and 108. Plaintiff reiterates that he will answer, as he initially indicated, Requests for Production Nos. 1, 2, 6, 9, 11, 13, 20, and 23 through 36. In addition, Plaintiff will answer Requests for Production Nos. 10 (as modified by Defendant), 14, 15, 17, 18, 19, and 21. While disputes will undoubtedly remain, they can be confined, defined, and presented to the Court in a single joint motion once the parties complete the process that the Order set in motion. Plaintiff did not stall. Plaintiff's counsel only



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

asked for the time needed to finalize its position in consultation with its client, and it is doing so now.

**II. The First Amended Complaint Narrowed the Scope of Discovery, and BBC's Refusal To Account for It Is What Kept Disputes Open.**

Rule 26(b)(1) ties the scope of discovery to the parties' claims and defenses, and therefore to the operative pleading. Fed. R. Civ. P. 26(b)(1). The operative pleading is now the First Amended Complaint, filed just two weeks ago on August 10, 2026. Several of BBC's requests are keyed to allegations that are not in the amended pleading. A number of Requests for Production quote language drawn from the original Complaint that does not appear in the amended pleading, and no longer corresponds to a live allegation. Moreover, dozens of Requests for Production seek documents concerning the value of President Trump's brand, businesses, properties, trademarks, and related licensing. The First Amended Complaint alleges injury to President Trump's personal reputation, not business or brand damages. Discovery directed at a damages theory not alleged in the operative pleading is neither proportional to the needs of the case nor relevant to any claim or defense.

**III. Plaintiff Has Conferred in Good Faith, and the Relief that the BBC Seeks Would Reward a Manufactured Deadline.**

The record does not show a plaintiff dragging his feet. It shows that Plaintiff answered Defendant's questions on the August 21 call, and is now finalizing his written positions as he is conferring with his counsel on the litany of remaining requests, all while remaining available to confer further with Defendant. Against that record, and one business day after the meet and confer, Defendant sent a draft proposed joint motion, set an arbitrary 1:00 p.m. deadline, just over 24 hours later, and demanded that Plaintiff include his portion by then. When Plaintiff asked for a few days to continue conferring and attempting to resolve the disputes through the letter that counsel represented to Defendant would be sent, Defendant proceeded to unilaterally file the motion anyway. The Court's Discovery Order cautions that "sending an email demanding a response or position on the same day is insufficient to satisfy the conferral obligations under this Local Rule." ECF No. 29, at 2.

Plaintiff's insistence on memorializing his positions in writing is prudence, not obstruction. Plaintiff asked Defendant to convey its proposed modifications in writing after the original July 29 call that pre-dated the amended complaint, and advised on August 21, at the first and *only* meet

and confer following amendment, that it would set out its final positions in writing, for the same reason: the written record is the reliable record. Defendant's motion proves the point. It mischaracterizes the July 29 call in terms that do not reflect what occurred, an account Plaintiff disputes (for example, no one shouted). A written exchange of positions forecloses that kind of dispute about what was said, and is the surest route to a joint submission that accurately reflects the parties' actual agreements and disagreements.

Granting a hearing on this record would reward the improper compression of a Court-ordered, good-faith conferral into a unilateral filing that casts Plaintiff as uncooperative when the opposite is true. Plaintiff will deliver its written positions today, and is prepared to complete the conferral promptly as well as to join in a *single* joint motion on any dispute that genuinely remains.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Discovery Hearing [ECF No. 138] without prejudice, direct the parties to complete their conferral under the Omnibus Order and Local Rule 7.1(a)(2), to present any remaining disputes, if necessary, in a single joint motion, and other further relief the Court deems just and proper.


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: August 26, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 10664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel for Plaintiff, President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 26, 2026, the foregoing was served via the Court's CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendant British Broadcasting Corporation*

*/s/ Alejandro Brito*


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071