**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK |

**JOINT MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES**
**AND CONTINUE TRIAL**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and Defendant British Broadcasting Corporation a/k/a BBC ("Defendant" or "the BBC") (together with Plaintiff, the "Parties"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 16 and Local Rule 7.6, file this Joint Motion to Extend Certain Pretrial Deadlines and Continue Trial ("Joint Motion"). In support thereof, the Parties state as follows:

**RELEVANT FACTUAL BACKGROUND**

1. On December 15, 2025, President Trump filed his original Complaint against Defendant, BBC Studios Productions Limited ("BBCSP"), and BBC Studios Distribution Limited ("BBCSD").[1] *See* ECF No. 1.

2. On January 12, 2026, Defendant, BBCSP, and BBCSD filed their Motion to Stay Discovery [ECF No. 18], which the Court later denied the following month. *See* ECF No. 26.

[1] BBCSP and BBCSD were voluntarily dismissed from this action on July 16, 2026. *See* ECF No. 97.

3. On February 12, 2026, the Court entered an order denying the Motion to Stay Discovery [ECF No. 26] and entered its Order Setting Trial and Pre-Trial Schedule [ECF No. 27] (the "Scheduling Order"), which set the action for trial on February 15, 2027. *See id*.

4. The Scheduling Order set the following pretrial deadlines:

a. **September 2, 2026**. The parties shall exchange expert witness summaries or reports.

b. **October 6, 2026**. The parties shall exchange rebuttal expert witness summaries or reports.

c. **October 20, 2026**. All discovery, including expert discovery, shall be completed.

d. **November 3, 2026**. The parties must have completed mediation and filed a mediation report.

e. **November 11, 2026**. The parties shall file any motions for summary judgment.

f. **December 28, 2026**. The parties shall file all pre-trial motions, including motions *in limine*, *Daubert* motions for trial and damages, and motions for a bench trial.

g. **February 1, 2027**. The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable.

*Id*. (emphasis in original).

5. The next day, President Trump served his first requests for production and first set of interrogatories on Defendant, BBCSP, and BBCSD.

6. On March 16, 2026, Defendants filed their Motion to Dismiss with Incorporated Memorandum of Law under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (the "Motion to Dismiss"). *See* ECF No. 36.

7. On April 7, 2026, President Trump filed his Motion to Complete Jurisdictional Discovery to Respond to Defendants' Motion to Dismiss with Incorporated Memorandum of Law [ECF No. 44], which the Court granted two days later [ECF No. 45], and gave Plaintiff time to complete jurisdictional discovery to address the personal jurisdiction issues in Defendant's Motion to Dismiss.

8. Since then, the Parties have engaged in discovery:

a. The Parties have exchanged hundreds of written discovery requests amongst each other.

b. Defendant has sought discovery from about fifty different third parties.

c. Plaintiff has taken seven depositions of Defendant's witnesses.

d. Defendant has deposed Plaintiff's expert witness to address the personal jurisdiction issues in Defendant's Motion to Dismiss and a fact witness who was present at the Capitol on January 6, 2021.

e. Defendant produced and Plaintiff has reviewed tens of thousands of pages of documents.

f. Plaintiff has produced documents in response to Defendant's requests.

9. Throughout this action, several discovery disputes have arisen between the Parties. To try to resolve these disputes, the Parties exchanged various emails and letters and participated in multiple meet-and-confer calls. Although some disputes were resolved, many disputes remain.

10. Consequently, the Parties filed multiple Joint Motions for Discovery Hearing, which the Court defined as the "Motions to Compel or Overrule." *See* ECF No. 57 & 86 (construed as Defendant's Motion to Compel Responses to Defendants' First Request for Production and Interrogatories (ECF No. 117)); ECF No. 61 (construed as Defendant's Motion to Overrule

Plaintiff's Objections to the Third Party Subpoenas (ECF No. 118)); and ECF No. 79 (construed as Defendant's Motion to Compel Responses to Defendants' First Requests for Admissions (ECF No. 119)); *see also* ECF No. 120.

11. On July 21, 2026, the Court conducted a hearing on the Motions to Compel or Overrule. During that hearing, Plaintiff argued that he would modify his damages claim.

12. Although the Court indicated that a written order would be forthcoming, the Court declared orally that:

> What I understand from argument is that the scope isn't necessarily broad if we accept the claims that are currently in this complaint. The scope is only broad with this amendment of the complaint and the new damages theory. However, that is not the complaint that is currently before me and, as has been stated several times today, the scope of discovery under federal Rule 26 is anything that is nonprivileged that is related to the claims and damages at issue.

*See* **Exhibit A**, a true and correct copy of the July 21, 2026, hearing transcript, at 129:16-24.

13. On August 4, 2026, Plaintiff filed his Motion for Leave to File First Amended Complaint and Incorporated Memorandum of Law [ECF No. 108].

14. On August 10, 2026, the Court granted Plaintiff's Motion for Leave, finding that President Trump did not unduly delay in seeking leave to amend his complaint. ECF No. 123 at p. 3 and footnote 2.

15. Later that same day, Plaintiff filed his First Amended Complaint [ECF No. 124].

16. As to the Motions to Compel or Overrule, the Court entered its Omnibus Order Following Discovery Hearing on Joint Motions for Discovery Hearing ("Discovery Order"), which denied the Motions to Compel or Overrule without prejudice, directed the Parties to confer on the remaining discovery disputes between them pursuant to the directives and scope set forth therein, and instructed the Parties to file the appropriate motion for resolution by the Court if they are unable to resolve any issues related to discovery. ECF No. 120.

17. The Parties met and conferred pursuant to the Discovery Order on August 21, 2026.

18. Notwithstanding the results of that meet-and-confer conference, it is probable that the Parties will have further discovery disputes to raise with the Court and that the Parties will seek to engage in additional discovery.

19. In the meantime, the Parties are continuing to work through fact and expert discovery. The pending discovery that remains includes, but is not limited to:

a. The deposition of the Editor of BBC Panorama.

b. The deposition of a producer of the Documentary at issue in this action.

c. The deposition of a White House aide who was present at the events of January 6, 2021. She has filed a motion to quash the subpoena for her testimony.

d. The deposition of Plaintiff.

e. The exchange of affirmative and rebuttal expert reports.

f. The depositions of any expert witnesses on the merits of the action.

20. In addition, President Trump states that his First Amended Complaint injects new issues that the Parties have not completed discovery on, and that the First Amended Complaint:

a. added several new allegations as to why Defendant is subject to personal jurisdiction in Florida. *See* ECF No. 124, ¶¶ 30-49.

b. added several new allegations as to why Defendant published the challenged statements with actual malice. *See* ECF No. 124, ¶¶ 107-122.

c. added several new allegations as to why the challenged statements were not privileged. *See* ECF No. 124, ¶¶ 123-127.

d. updated his damages theory, replacing any harms allegedly suffered by his brand or his businesses with reputational damages. *See* ECF No. 124, ¶¶ 128-132.

21. Moreover, President Trump states that his expert witness requires additional time to quantify President Trump's damages and complete the accompanying expert report.

22. As a result, the Parties respectfully submit that they require additional time to complete discovery related to these new issues, and that despite their diligence, the current pretrial deadlines in the Scheduling Order will not allow them to adequately prepare their case for trial.

23. Accordingly, the Parties conferred pursuant to Local Rule 7.1(a)(2) to prepare a revised schedule of pre-trial deadlines that would allow sufficient time.

24. On August 17, 2026, the Parties agreed to the following proposal, subject to the Court's approval:

| Event | Existing Deadline | New Proposed Deadline |
|---|---|---|
| Expert Witness Disclosure and Report Exchange | September 2, 2026 | October 28, 2026 |
| Rebuttal Witness Disclosure and Report Exchange | October 6, 2026 | December 1, 2026 |
| Discovery Cutoff (Including Expert Discovery) | October 20, 2026 | December 18, 2026 |
| Mediation Deadline | November 3, 2026 | January 8, 2027 |
| Summary Judgment Deadline | November 11, 2026 | January 11, 2027 |
| Pre-trial Motions | December 28, 2026 | February 15, 2027 |
| Trial Ready Date | February 15, 2027 | April 6, 2027 |

25. That same day, the Court entered an Order reassigning this action from the Honorable Roy K. Altman to the Honorable Jeffrey T. Kuntz. *See* ECF No. 129.

26. Through this Joint Motion, the Parties respectfully request that the Court adopt the Parties' proposed revised schedule.

27. This is the first request to alter the pretrial deadlines in the Scheduling Order.

28. This is the first request to continue the trial date in this action.

29. Pursuant to Local Rule 7.6, undersigned counsel for the Parties have submitted their respective affidavits providing the full showing of good cause why the Joint Motion should be granted. A true and correct copy of Alejandro Brito, Esq.'s declaration pursuant to Local Rule 7.6 is **Exhibit B**. A true and correct copy of Charles D. Tobin, Esq.'s declaration pursuant to Local Rule 7.6 is **Exhibit C**.

## ARGUMENT

### A. Applicable standard.

A scheduling order can be modified upon a showing of good cause when the parties cannot meet the schedule despite the parties' diligence. *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (interpreting Fed. R. Civ. P. 16(b)). "Good cause" is "difficult to define in absolute terms, [but] it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). To evaluate whether a continuance should be awarded, the Court considers (1) the parties' diligence in preparing for the event for which a continuance is sought, (2) how likely it is that the need for a continuance would be remedied if the continuance is granted, (3) whether the Court or the opposing party or its witnesses would be inconvenienced, and (4) whether the moving party might suffer any harm as a result of the denial. *See Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987) (setting forth the standard to evaluate whether a continuance should be granted under Fed. R. Civ. P. 16).

### B. The Four Factors Weigh in Favor of Granting the Parties' Joint Motion.

***The Parties have been diligent in preparing this action for trial***. As articulated above, the Parties have engaged in discovery to prepare their respective cases for trial, and to try to complete the action items set forth in the Scheduling Order, to comply with the deadlines therein. In

connection with the discovery they have conducted, the Parties also filed the Motions to Compel or Overrule to address any disputes that they were not able to resolve by agreement. The Parties' diligence in trying to complete discovery to prepare their cases for trial, and comply with the deadlines in the Scheduling Order weighs in favor of granting the Joint Motion and adopting the Parties' proposed revised schedule. *See DeJesus v. Lewis,* 14 F.4th 1182, 1203 (11th Cir. 2021) (finding that the movant established that he was diligent in preparing his case for trial to comply with the operative scheduling order but affirming denial of continuance on other grounds); *see also Cooper-Levy v. City of Miami*, 2023 WL 4105531, at *4 (S.D. Fla. June 21, 2023) (finding that the movant litigated the action with diligence and granting a continuance of trial).

***The requested continuance will allow the Parties to complete discovery and prepare their respective cases for trial***. If the Court grants the requested continuance, the Parties will have the additional time necessary to complete the pending discovery that remains, and conduct any discovery related to the new issues presented by President Trump's First Amended Complaint. As explained above, the Parties are working diligently to complete the pending discovery. If the Court grants the requested continuance, the Parties will have the necessary time to complete that pending discovery and engage in the discovery on the new issues presented by the First Amended Complaint. *See supra* at ¶¶ 19-24. Accordingly, the Parties respectfully submit that their joint need to complete discovery weighs in favor of granting the Joint Motion and adopting the Parties' proposed revised schedule. *See id.*; *see also Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (finding that the movant established that the requested continuance would have remedied the need for the continuance).

***There is no inconvenience to the Parties and minimal, if any, inconvenience to the Court***. Because the Parties are collectively seeking relief from the Court through this Joint Motion, there

is no prejudice articulated by Plaintiff or Defendant that they would suffer if the requested continuance were granted. *See DeJesus,* 14 F.4th at 1203; *see, e.g., United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995) (indicating that the lack of opposition to a requested continuance weighs in favor of granting the requested continuance); *see also DeCurtis LLC v. Carnival Corp.,* 2021 WL 3666330, at *2 (S.D. Fla. Aug. 18, 2021) (granting the parties' requested continuance due to their agreement and showing of good cause to continue the deadlines because they "go hand in hand with the work that needs to be performed.").

The Parties respectfully submit that the requested continuance, which would move the current trial date by only two months, would not inconvenience the Court. This is the first request by any Party to alter any deadline in the Scheduling Order, and this is the first request by any Party to continue the trial date set forth in the Scheduling Order. Moreover, the Scheduling Order set this action for the Court's two-week trial calendar. As a result, the Parties respectfully submit that continuing this trial would not impose a significant burden or inconvenience the Court, unlike other cases that require several weeks or months to try, and that this factor weighs in favor of granting the Joint Motion.

***The Parties would be severely prejudiced if the Joint Motion is not granted***. If the Court does not grant this Joint Motion, the Parties will be severely prejudiced because they will be deprived of the necessary time to complete pending discovery and conduct discovery on the new allegations raised in President Trump's First Amended Complaint. *FDIC v. Bristol Home Mortg. Lending, LLC,* 2009 WL 2488302, at *7 (S.D. Fla. Aug. 13, 2009) (finding that each party's need for additional time to conduct discovery constitutes good cause to continue the trial date). Moreover, the pleadings are not yet closed, and Defendant has not yet articulated any affirmative defense that it intends to present against President Trump. *See Menendez v. Perishable*

*Distributors, Inc.,* 763 F.2d 1374, 1379 (11th Cir. 1985) (reversing denial of requested continuance because the movant established that he was prejudiced by not being afforded the necessary time to gather evidence that would rebut the defendant's affirmative defenses). Thus, the Parties respectfully submit that this factor weighs in favor of granting the Joint Motion.

**CONCLUSION**

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion, adopt the Parties' proposed revised schedule of pretrial deadlines, continue the currently scheduled trial, and grant any other relief the Court deems proper.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Michael Mena
Florida Bar No. 10664
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
mmena@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

*/s/ Charles D. Tobin*
Charles D. Tobin
Florida Bar No. 816345
Maxwell S. Mishkin (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
cheny@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

Richard W. Miller (*pro hac vice*)
Ballard Spahr LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: 678-420-9300
millerrw@ballardspahr.com

*Counsel to Defendant, British Broadcasting Corporation*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 26, 2026, the foregoing was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Alejandro Brito*