UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF RULE 45 SUBPOENAS ON THIRD PARTIES DONALD TRUMP, JR., IVANKA TRUMP, AND JARED KUSHNER**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel, respectfully submits this reply in further support of its motion ("Mot.") (ECF 127) for alternative service of Rule 45 subpoenas on Donald Trump, Jr., Ivanka Trump, and Jared Kushner (the "Third Parties"). Plaintiff President Donald J. Trump's opposition ("Opp.") (ECF 131) fails to rebut any of the key points in the BBC's motion. Plaintiff does not dispute that the Third Parties have personal knowledge and likely have possession, custody, or control of records relevant to Plaintiff's claims. Plaintiff does not dispute that the BBC cannot personally serve the Third Parties with subpoenas because they are protected by the U.S. Secret Service and private security. And Plaintiff does not dispute that sending the subpoenas to his counsel is reasonably calculated to ensure that those subpoenas will reach his own family members, the Third Parties.

Instead of addressing these points, Plaintiff accuses the BBC of "harassment" and calls its discovery "politically charged." To the contrary, the BBC is treating the President like any other defamation plaintiff who must *prove* – not just allege – that the statements he challenges are false, that the alleged damages he claims are real, and that those alleged damages were caused by

those statements. Moreover, there is nothing political about putting a defamation plaintiff to his proof. This Plaintiff in particular knows that given his experiences in discovery in the many other defamation lawsuits he has brought, some long before he entered politics. *See, e.g.*, Order, *Trump v. O'Brien*, 2006 WL 4660103 (N.J. Super. Ct. Nov. 03, 2006) (granting motion to compel Plaintiff to produce documents "that bear on his net worth or financial condition" where Plaintiff claimed that journalist and author Tim O'Brien defamed him by estimating Plaintiff's net worth as in the hundreds of millions, not billions).

Plaintiff's arguments all fail as well. He chides the BBC for not doing more to meet-and-confer before filing the motion even though *his* counsel, not BBC's counsel, declared an impasse on the issue. And he floats objections to the BBC's proposed subpoenas that are premature and meritless. The Court should grant the modest relief that the BBC seeks and authorize service of subpoenas on the Third Parties by alternative means.

## I. Plaintiff's "Threshold Problem" With The BBC's Motion Is Entirely Invented.

Plaintiff argues the "threshold problem" with this request for alternative service is that the BBC did not file copies of the subpoenas that it proposes to serve on the Third Parties as exhibits to its motion. *See* Opp. at 4. But Plaintiff does not identify *any* authority – not a provision of the Federal Rules, nothing in the District's Local Rules, and no controlling or even persuasive case law – to support the idea that a party seeking leave for alternative service must submit a copy of the proposed subpoena with its motion. To the contrary, a motion for alternative service may be granted where, as here, the movant does *not* also file a copy of the proposed subpoena in question. *See, e.g.*, *Spanel v. AHL Assets LLC*, 2023 WL 12206751 (S.D.

Fla. Apr. 12, 2023) (Singhal, J.) (granting motion and authorizing service of deposition subpoenas by email to counsel and certified mail).[1]

The law thus does not support Plaintiff's objection, and neither does logic. There is no reason why a Court must assess the *substance* of a proposed subpoena before deciding whether a movant has justified authorizing *service* of that subpoena by alternative means. Plaintiff even concedes that the operative question on a motion for alternative service is "whether [the proposed] method would, in fact, reach that person," Opp. at 5, which has nothing to do with what the subpoena requests once it arrives. Indeed, *after* the subpoena is served, the recipient and the opposing party can challenge those requests by motion to quash or for a protective order, just as Plaintiff has done in objecting to third-party subpoenas and as Plaintiff's counsel has done on behalf of the Trump Trust. *See* ECF 52 (Trump Trust's objection to the BBC's third-party subpoena); ECF 61 (Plaintiff's objection to the BBC's third-party subpoenas). The Court should therefore reject Plaintiff's "threshold problem" with the BBC's motion.

## II. Plaintiff, Not The BBC, Failed To Meaningfully Meet-And-Confer.

Plaintiff next accuses the BBC of inadequately conferring before filing its motion, *see* Opp. at 7-8, but Plaintiff points his finger in the wrong direction. Plaintiff correctly notes that the parties' counsel discussed the issue of alternative service on their July 29 meet-and-confer call, *see id.* at 7, but he fails to mention that the BBC's counsel raised the topic of alternative service again by email on July 31, only for *Plaintiff's* counsel to declare by email on August 3 that "we are at an impasse on this issue." Nor does Plaintiff mention that even *after* his counsel declared an impasse, the BBC's counsel continued to urge Plaintiff's counsel not to "[f]orc[e] us

[1] The motion for alternative service and its exhibits in *Spanel*, which do not include proposed subpoenas, are docketed at ECF 12 to 12-4 at Case No. 23-cv-60247-AHS (S.D. Fla.).

to file a motion for alternative service on these individuals, and forc[e] the court to spend the time to adjudicate it." In sum, the BBC did not cut off the conferral process, Plaintiff did, and yet even now the BBC would still welcome any method reasonably calculated to ensure the subpoenas reach the Third Parties that Plaintiff might suggest.[2]

Again, once the subpoenas are served on the Third Parties, Plaintiff will be free to raise whatever objections he wishes to their substance, including any objections purportedly tied to the August 6 Omnibus Order (ECF 120). *See* Opp. at 7-8. Moreover, under the Local Rules and this Court's Discovery Order (ECF 29), the parties will be *required* to confer about those objections. But Plaintiff offers no basis for further conferral about the discrete issue of alternative service, let alone justification for denying the BBC's motion because of how the parties have so conferred.

## III. Plaintiff's Objections To The Proposed Subpoenas Are Premature And Baseless.

Plaintiff does not dispute, and therefore concedes, that the BBC may properly seek records and testimony from the Third Parties on the important issue of Plaintiff's reputation before and after the Documentary. *See* Mot. at 4 (noting that such evidence "bears on Plaintiff's additional burden to prove that the challenged edit in the documentary actually and proximately caused him the reputational harm he alleges"). That alone is sufficient grounds to grant the BBC's motion and authorize service of Rule 45 subpoenas on the Third Parties by alternative means, and further illustration why the Court need not consider Plaintiff's objections until the subpoenas are actually served and Plaintiff raises those objections properly.

---

[2] During the July 29 meet-and-confer call—after Plaintiff's counsel replied with a curt "no" to the BBC's counsel's requests that Plaintiff agree to accept service of the subpoenas, direct the Secret Service to allow service, or consent to the BBC's motion for alternative service—the BBC's counsel put this question to Plaintiff's counsel directly and asked, "How would you have us proceed?" Plaintiff's counsel answered only, "Under the Federal Rules."

Yet even if the Court were to consider Plaintiff's premature objections to the subpoenas, it should reject those objections as baseless. As Plaintiff acknowledges, his claim in this case is that by editing a clip of the speech that Plaintiff delivered at the White House Ellipse on January 6, the BBC conveyed "the false impression that [he] called for violence." Opp. at 2. Moreover, Plaintiff again does not dispute, and thus concedes, that he bears the burden of proving this "impression" is false. *See* Mot. at 1 (citing *Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986)). The BBC is therefore "entitled to discover Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech." *See* Omnibus Order at 11. The Rule 45 subpoenas that the BBC seeks to serve on the Third Parties would do precisely that. *See* Mot. at 2-3 (describing why each of the Third Parties has personal knowledge and likely also has possession, custody, or control of records relevant to issues the Court has specifically identified as permissible topics for discovery).

Plaintiff nevertheless objects to the subpoenas on two grounds, neither of which stands up to scrutiny. **First**, Plaintiff asserts that depositions of the Third Parties would cover the same topics as their interviews before the House Select Committee, *see* Opp. at 9, but he ignores the substantial differences between a deposition conducted under the Federal Rules and an interview conducted by a congressional committee, and he overlooks the fact that these depositions cannot be considered duplicative when Plaintiff has not offered to stipulate to the admissibility of those congressional interviews for purposes of this litigation.[3] **Second**, citing no authority, Plaintiff

[3] Plaintiff also claims that the BBC "misstates" the testimony of Donald Trump, Jr., *see* Opp. at 9, but Mr. Trump Jr. does not deny speaking with Plaintiff on the afternoon of January 6, *see id.*, the interviewer refers to Mr. Trump Jr. as "having a call with your father around this time," *see* D. Trump, Jr. Tr. at 94:10, and Mr. Trump Jr.'s personal phone logs reflect that he "placed an outgoing call" to an unknown number at "2:26 p.m. on January 6th," just two minutes after Plaintiff's "tweet about Vice President Pence," *see id.* at 95:5-7. And although Mr. Trump Jr. invites the Select Committee to "check the White House call logs," *see id.* at 98:22-24, "the

argues that because Ms. Trump and Mr. Kushner were presidential advisors during his first term, "their communications with [Plaintiff] are subject to the executive privilege." Opp. at 10. But for one, executive privilege "can be claimed only after actual personal consideration by [the] officer that controls the privilege," *United States v. Navarro*, 651 F. Supp. 3d 212, 225 (D.D.C. 2023), *aff'd*, 182 F.4th 1005 (D.C. Cir. 2026), and Plaintiff's opposition brief does not even hint at such consideration. For another, executive privilege "may give way in the face of other strong constitutional values," including "the fundamental demands of due process of law." *See Trump v. Thompson*, 20 F.4th 10, 26 (D.C. Cir. 2021) (cleaned up). Due process surely prevents the sitting President from filing a defamation lawsuit against a news organization and then asserting executive privilege to block that defendant from obtaining evidence to contest his claims.

Once the Rule 45 subpoenas are served on the Third Parties, Plaintiff will have another opportunity to assert his objections, so the Court need not even address them at this stage. But to the extent that the Court is inclined to consider these premature objections now, they should pose no obstacle to entry of an order authorizing service on the Third Parties by alternative means.

## **CONCLUSION**

For the foregoing reasons and those set forth in the BBC's motion, the Court should authorize the BBC to serve Rule 45 document and deposition subpoenas by alternative means on Donald Trump, Jr., Ivanka Trump, and Jared Kushner.

---

Presidential Daily Diary—the schedule that tracks every meeting and phone call in which the President partakes—is inexplicably blank between 1:21 p.m. and 4:03 p.m.," *see* Final Rep. at 593, H. Select Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol (Dec. 22, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-REPORT/pdf/GPO-J6-REPORT.pdf.

Dated: August 28, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: *<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on August 28, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin