# Exhibit A

BRITO
PLLC

**Alejandro Brito**
Email: abrito@britopllc.com
Phone: (305) 614.4071
Address: 2121 Ponce de Leon. Suite 650
Coral Gables, FL 33134
www.britopllc.com

August 26, 2026

**Via Email**

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street NW
12th Floor
Washington, DC 20006
Email: tobinc@ballardspahr.com

**Re:** ***Trump v. British Broadcasting Corporation***
**Case No. 1:25-cv-25894 (S.D. Fla.)**

Mr. Tobin:

We write in connection with the conferral required by the Court's August 6, 2026, Omnibus Order [ECF No. 120] ("Discovery Order") and Local Rule 7.1(a)(2). During the August 21, 2026 conferral, we reviewed each and every disputed request that Defendant conveyed in its annotated post-order copies of its First Requests for Production, First Requests for Admission, and First Set of Interrogatories. As we communicated during that call, a letter would be forthcoming to provide our comprehensive position on each disputed request. This correspondence fulfills that representation.

Two points frame our positions. *First*, the Discovery Order confirms that the scope of discovery "is limited to the framing of the pleadings," that Defendant is entitled to discover "Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," and that the Complaint "does not extend so far as to entitle Defendant to relitigate and discover every aspect of the events of January 6, 2021 and seek discovery from any and all individuals who may have knowledge regarding the day's events." ECF No. 120, at 9, 11. *Second*, the operative pleading is now the First Amended Complaint, filed August 10, 2026. Because Rule 26(b)(1) ties scope to the pleadings, several of Defendant's requests are keyed to allegations that are no longer at issue.

**A. Defendant's First Set of Interrogatories.**

- **Interrogatory No. 11.** Plaintiff accepts Defendant's offer to withdraw this interrogatory and, to that end, it need not be responded to by Plaintiff.

- **Interrogatory No. 10.** Plaintiff cannot accept the BBC's proposed modification. Defendant's proposed edit deletes "any aspect of" and "but not limited to," but leaves intact each enumerated category—planning the rally, the speech, and the discussions about the event after the fact. The interrogatory (as modified), therefore, still calls for the identification of every person with whom Plaintiff communicated about the January 6 rally

from any angle, which is the discovery "from any and all individuals who may have knowledge regarding the day's events" that the Discovery Order forecloses. ECF No. 120, at 11. President Trump is open to considering an alternative proposal that complies with the contours of the Court's Discovery Order, and we have expressed that if the interrogatory is revised in a manner that is consistent with the Discovery Order, we are happy to consider it. As we have also articulated previously, it is not our burden to divine what you seek through discovery and revise your requests for you. If the BBC refuses to provide any further modification, then President Trump requests that this interrogatory be withdrawn.

**B. Defendant's First Requests for Admission.**

- **Withdrawals accepted.** Plaintiff accepts Defendant's withdrawal of Requests Nos. 17 through 61 and 67. As a result, Plaintiff need not respond to these requests.

- **Objections withdrawn.** Plaintiff will provide answers to Requests Nos. 15, 83 through 85, 89 through 92, 101, 103, 105, 107, and 108.

- **Withdrawal requested.** Plaintiff asks that Defendant withdraw Requests Nos. 62 through 64, 66, 68 through 73, 75 through 80, 86 through 88, 93 through 96, 104, 106, 109, 110, 120, 121, and 124 through 152. These requests concern communications and events preceding the speech, the certification of the 2020 election, conduct after the speech was delivered, and the prosecutions, sentences, and pardons of individual participants in the events at the Capitol. None goes to the contours of the message or impression, to Plaintiff's intention behind the speech, or to the impression his audience could reasonably have obtained, and none is relevant to any defense available to Defendant. ECF No. 120, at 9, 11. If the BBC refuses to withdraw, President Trump will consider the BBC's proposed modifications on each of these disputed requests.

We note that Defendant has withdrawn Request No. 67 while maintaining No. 66, and has withdrawn Nos. 17, 53, and 59 while maintaining Nos. 129 and 130. We do not see a principled distinction and ask that the latter requests be treated consistently with the former.

**C. Defendant's First Requests for Production.**

Plaintiff agrees to the following:

- **Withdrawals accepted.** Plaintiff accepts Defendant's withdrawal of Requests Nos. 4, 5, 7, 8, 12, 14, and 48 through 55. As a result, Plaintiff need not respond to these requests.

- **Modification accepted.** Plaintiff accepts Defendant's modification to Request No. 10 and will produce documents demonstrating the factual basis for the corresponding allegation, which is maintained at paragraph 15 of the First Amended Complaint.

BRITO PLLC



- **Requests maintained.** Plaintiff will answer Requests Nos. 1, 2, 6, 20, and 23 through 36, to which he previously responded without objection. Plaintiff will also answer Requests Nos. 9, 11, and 13, which correspond to allegations maintained at paragraphs 14, 17, and 20 of the First Amended Complaint, respectively.

- **Request No. 126.** Plaintiff has already answered this request. There are no responsive documents, and his response stands.

Plaintiff's positions on the remaining requests are as follows:

- **Requests Nos. 3, 16, 22, 37 through 40, and 47.** Plaintiff maintains his objections to these requests and will answer them subject to those objections and consistent with the Discovery Order.

- **Requests Nos. 15, 17, 18, 19, and 21.** Although each of these requests is keyed to specific language quoted from the original Complaint that does not appear in the First Amended Complaint, Plaintiff will answer them subject to his objections and consistent with the Discovery Order.

- **Requests Nos. 41 through 46.** Plaintiff maintains his objections and will answer 42 through 46 subject to those objections and consistent with the Discovery Order. Defendant's proposed modification — the insertion of "Concerning your Speech and/or the subsequent unrest at the Capitol" — does not cure the overbreadth. Material concerning "the subsequent unrest at the Capitol" reaches well beyond the contours of the message and impression conveyed by the speech. ECF No. 120, at 9. As to Request No. 41 in particular, the Court identified that request by number as "overboard and outside the scope of permissible discovery." ECF No. 120, at 11–12. As a result, that request should be withdrawn.

- **Requests Nos. 56 through 83 and 85 through 92.** These requests are directed to a damages theory that the First Amended Complaint does not plead. The damages alleged at paragraphs 128 through 132 are for injury to President Trump's personal reputation. The amended pleading does not allege diminution in the value of Plaintiff's brand, properties, businesses, or trademarks, and does not seek licensing or trademark-related damages. As a compromise, and having now conferred with our client, Plaintiff will produce documents relating to the damages allegations at paragraphs 128 through 132 of the First Amended Complaint. Please advise whether Defendant accepts that proposal.

- **Requests Nos. 84 and 116.** These requests are not relevant to any defense available to Defendant. ECF No. 120, at 11. Plaintiff asks that they be withdrawn. If the BBC refuses to withdraw, President Trump will consider the BBC's proposed modifications on each of these disputed requests.

BRITO
PLLC



- **Requests Nos. 93 through 115.** These requests are overbroad and are not limited to the damages alleged in the First Amended Complaint or to any defense available to Defendant, and the information sought is not limited to the personal reputational harm Plaintiff alleges. ECF No. 120, at 11. As we have previously communicated in our prior meet-and-confer calls, the impact that other statements might have had on President Trump's reputation have no connection to the impact he suffered due to BBC's false and defamatory statements about him. Accordingly, Plaintiff asks that these requests be withdrawn. In the alternative, Plaintiff will consider these requests if they are modified to reach only instances in which Plaintiff has claimed personal reputational harm. If the BBC is open to such a modification, please present those and we will consider them.

- **Requests Nos. 117 through 125.** These requests likewise fall outside the damages theory pleaded in the First Amended Complaint and are therefore not relevant to any claim or defense. ECF No. 120, at 11. Plaintiff asks that they be withdrawn. If the BBC refuses to withdraw, President Trump will consider the BBC's proposed modifications on each of these disputed requests.

**D. Conclusion.**

Plaintiff provides these positions notwithstanding Defendant's unilateral filing of its Motion for Discovery Hearing [ECF No. 138] before this letter could be delivered. Plaintiff is available to confer further as to the foregoing, and to memorialize whatever the parties resolve so that any remaining disputes can be presented to the Court in a single joint motion. Nothing in this letter waives, and Plaintiff expressly reserves, all objections, privileges, and immunities, including the executive and presidential communications privileges as to which the Court declined to rule at this juncture. ECF No. 120, at 13.

Very truly yours,

*/s/ Alejandro Brito*

ALEJANDRO BRITO