# Exhibit B

Ballard Spahr LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

August 28, 2026

*Via E-mail*

Alejandro Brito
BRITO PLLC
2121 Ponce de Leon Boulevard, #650
Coral Gables, FL 33134
abrito@britopllc.com

Re: *Trump v. BBC*, Case No. 1:25-cv-25894-JTK-EAL (S.D. Fla.)

Dear Mr. Brito:

We write in response to your August 26, 2026 letter (the "Letter") regarding Plaintiff's responses to the BBC's written discovery requests. At the outset, we note that during our August 21, 2026 meet-and-confer call, we asked repeatedly when we could expect the Letter, and Plaintiff's counsel would not provide a projected timeframe or proposed date. It was only after we sent you a proposed joint motion on Monday, August 24, asking for Plaintiff's portion by the *next* day—more than 24 hours in advance, in compliance with the Discovery Order (ECF 29)—that Plaintiff's counsel finally made a representation as to when we could expect to receive the Letter.

The Letter further underscores and fully confirms the need for a discovery hearing in this case, as requested in the BBC's motion, *see* ECF 138. Indeed, Plaintiff's positions, outlined in the Letter, confirm the BBC's representations to the Court that the parties have reached an impasse on the BBC's remaining discovery requests.

**A. Defendant's First Set of Interrogatories.**

- **Interrogatory No. 10:** The parties are at impasse on this request. Based on Plaintiff's allegations that the BBC falsely created an impression that Plaintiff incited violence with his January 6, 2021 speech ("the Speech"), the BBC is entitled to discover the individuals who had involvement in planning the Speech, who had knowledge of the Speech, and who had knowledge about the subsequent discussions in the aftermath of the Speech. That is consistent with the Omnibus Order, which provides that the BBC is entitled to discover "Plaintiff's intention behind the speech and anything that bears on the

impression his audience could have reasonably obtained in listening to the speech." ECF 120 ("Omnibus Order") at 11.

**B. Defendant's First Requests for Admission.**

- **Requests for Admission Nos. 62-64, 66, 68-73, 75-80, 86-88, 93-96, 104, 106, 109, 110, 120, 121, and 124-152:** The parties are at impasse with these requests, which are all within the scope of the Omnibus Order. For example, Request No. 62 asks Plaintiff to admit whether he published a social media post that it was "Statistically impossible to have lost the 2020 Election. Big protest in Washington, D.C. Be there, will be wild!" with the intent to convince Vice President Pence to decline to certify the 2020 Election. This request is relevant to whether individuals who saw the post understood what would ultimately take place on January 6, 2021, in line with the Court's instruction that the BBC is entitled to discovery about the "impression . . . given or received" and "the breadth of the audience of the message and impression." Omnibus Order at 9. And with respect to Plaintiff's argument that there is no "principled distinction" between the BBC's withdrawals of Requests Nos. 66 and 67, and the maintenance of Requests Nos. 129 and 130, the latter requests are expressly tied to January 6, 2021, unlike the earlier requests about the 2020 election. The unwithdrawn requests are thus directly tied to Plaintiff's allegations and fall within the scope of permissible discovery under the Omnibus Order.

**C. Defendant's First Requests for Production.**

- **Requests for Production Nos. 3, 16, 22, 37-40, and 47:** The parties are at an impasse with respect to Plaintiff's objections. As stated in its initial deficiency letter responding to Plaintiff's responses to the BBC's Requests for Production, ECF 57-2 at 3-5, Plaintiff's overbreadth and relevance objections ignore the sweeping nature of his own allegations, as well as the fact that "discovery based on relevance should be allowed 'unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action.'" *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010). Additionally, with respect to Requests Nos. 40 and 47, which ask for documents related to different aspects of the events of January 6, 2021, those requests are directly relevant to Plaintiff's claims because they relate to how Plaintiff, attendees, officials, and others understood the Speech and the "Stop the Steal" rally.

- **Requests for Production Nos. 15, 17, 18, 19, and 21:** As stated on the August 21, 2026 call, the BBC amended the requests to conform to the new paragraphs in Plaintiff's First Amended Complaint.

- **Requests for Production Nos. 41-46:** The parties are at an impasse with these requests, which ask for documents provided to other governmental entities, telephone call logs, and calendars, schedules, and daily diaries, newly narrowed by date to fall closer to January 6, 2021. Additionally, the BBC modified its requests for documents and communications to other governmental entities to be limited to those "Concerning your Speech and/or the subsequent unrest at the Capitol." As to Request No. 41, the BBC noted that it had also inserted "Concerning your Speech and/or the subsequent unrest at the Capitol" in response to the Omnibus Order. These requests are directly related to "Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech." Omnibus Order at 11. In particular, material concerning "the subsequent unrest at the Capitol" is directly related to the Plaintiff's allegations, because he alleges that the BBC created the "false impression that he incited violence." *See* FAC ¶ 107. The "subsequent unrest at the Capitol" *is* the violence to which Plaintiff refers.

- **Requests for Production Nos. 56-83 and 85-92:** The parties are at an impasse with these requests, which ask for documents related to Plaintiff's claims of damages and harms. For example, Request No. 56, requesting documents and communications concerning Plaintiff's claim that his damages take the form of harm to his reputation as a politician, is directly relevant to Plaintiff's allegation that the BBC's alleged conduct caused him damages "in his occupation . . . [and] professional reputation." FAC ¶ 139. While Plaintiff has amended his pleadings to remove explicit references to his "brand, "financial prospects," and "properties and businesses," he still pleads that he was injured "in his profession, occupation, and trade," *id.* ¶ 135, such that financial information remains highly relevant to Plaintiff's allegations. Because of Plaintiff's broad allegations, the BBC rejects Plaintiff's proposed reconstruction of the requests, which would improperly limit the BBC's discovery.

- **Requests for Production Nos. 84 and 116:** The parties are at an impasse with these requests. Request No. 84 asks for "All Documents and Communications Concerning the refusal of any third party to provide or offer provide monetary compensation to Plaintiff as a result of Defendants' alleged conduct." Request No. 116 asks for "All Documents and Communications sufficient to show any favorability, approval, opinion, or popularity polls or ratings for or about You, from January 1, 2021, to present." Both are directly relevant to Plaintiff's allegation that he has suffered reputational harm, FAC ¶¶ 131, 135, 139, 161, as the refusal of individuals or businesses to engage with Plaintiff following the publication of the Documentary and data reflecting Plaintiff's favorability,

opinion polling, or popularity are highly and directly probative of Plaintiff's reputation.

- **Requests for Production Nos. 93-115:** The parties are at impasse with these requests, which ask for documents related to Plaintiff's damages claims in other litigation that he has brought, including in cases where he has claimed—as here—reputational, professional, and business damages. The information requested is directly relevant to Plaintiff's damages claims at issue in this litigation, where these competing claims, including those involving financial damages, are related to whether Plaintiff suffered harm "in his profession, occupation, and trade" during the relevant time period. FAC ¶ 135.

- **Requests for Production Nos. 117-125:** The parties are at impasse with these requests, which ask for various financial information from Plaintiff. While Plaintiff has amended his pleadings to remove certain references to his "brand, "financial prospects," and "properties and businesses," he still pleads that he was injured "in his profession, occupation, and trade," FAC ¶ 135, such that the requested financial information remains highly relevant to Plaintiff's claims. Particularly where Plaintiff's businesses are part of his "profession, occupation, and trade" and where his personal reputation is "wrapped up in his success or failure in his businesses," July 21, 2021 Hr'g Tr. at 36:1-7, the requested information falls squarely within Plaintiff's amended allegations.

In addition to confirming impasse on the points above, the Letter still does not provide a date by which the BBC can expect Plaintiff's next document production, or what cadence Plaintiff's productions will be made moving forward. The Letter also does not cure Plaintiff's continued failure to verify his responses to the BBC's interrogatories. These issues, in addition to the disputes outlined above, are therefore ripe to be addressed at discovery hearing requested in the BBC's motion. *See* ECF 138.

That said, we remain amenable to conferring further as to any pending discovery disputes, as the Discovery Order contemplates, *see* ECF 29 at 5.

Sincerely,

Charles D. Tobin

cc: (via email) Ian Corp, Jalaine Garcia, Michael Mena