# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE BRITISH BROADCASTING CORPORATION, Et Al., FOR ACCESS TO OPINIONS AND ORDERS ADJUDICATING CERTAIN ASSERTIONS OF EXECUTIVE PRIVILEGE

Case No. 26-mc-81 JEB

-----------------------------------

STATUS CONFERENCE HELD VIA ZOOM
BEFORE THE HONORABLE JAMES E. BOASBERG
UNITED STATES DISTRICT COURT CHIEF JUDGE

APPEARANCES:

FOR THE BBC:
Maxwell S. Mishkin, Esquire
Charles D. Tobin, Esquire
Ballard Spahr, LLP
1909 K Street Northwest
12th Floor
Washington, D.C. 20006

FOR THE UNITED STATES:
Jeremy Newman,Esquire
Elizabeth Shapiro, Esquire
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street Northwest
Washington, D.C. 20005

REPORTED BY:
Tammy Nestor, RMR, CRR
Official Court Reporter
333 Constitution Avenue Northwest
Washington, D.C. 20001
tammy_nestor@dcd.uscourts.gov

The following proceedings began at 3:00 p.m.:

THE COURTROOM DEPUTY: Your Honor, I hope you can hear me.

THE COURT: Yes.

THE COURTROOM DEPUTY: We are having trouble with getting the camera working in the courtroom. IT is here diligently working.

THE COURT: Okay.

THE COURTROOM DEPUTY: We're here today for Civil Action 26-mc-81, In Re of Application for the British Broadcasting Corporation, et al. Petitioner, British Broadcasting Corporation; BBC Studios Distribution, Ltd; BBC Studios Production, Ltd. versus the United States of America.

Beginning with counsel for the petitioner, please state your name for the record. Once again, please, all participants should have their cameras turned on.

MR. MISHKIN: Good afternoon, Your Honor. Maxwell Mishkin from Ballard Spahr on behalf of the British Broadcasting Corporation. I'm joined today by my colleague Charles Tobin. And Nick Wilcox, the BBC's director of litigation and information rights, is joining us as well from London.

THE COURT: Okay. Thank you.

MR. NEWMAN: And for the government, Jeremy Newman,

U.S. Department of Justice, Civil Division, Federal Programs Branch. And with me is Elizabeth Shapiro, also from the Federal Programs Branch.

THE COURT: All right. Good afternoon to you folks as well.

Okay. So I appreciate everybody's briefing on this. I'm trying to get a better sense of exactly where things stand here and in Florida which can better inform my decision on this.

So I guess, Mr. Mishkin, let me start by asking you, is it possible for you to tell me what specific documents you want? In other words, I understand they relate to executive privilege, but are there -- do you have rulings in regard to specific listed witnesses that you want? Because I have seen, for example, interrogatory 47, you ask for communications with a bunch of people between, I guess, President Trump and a number of folks.

So to the extent, decisions regarding those people, there may be other people you want to depose? For example, I saw Mr. Cipollone you mention in the supplemental notices you just filed. Is there a way to be more specific about what you actually want?

MR. MISHKIN: Sure, Your Honor. And I can tell you what we know and what we don't know, which is to say part of the problem is that President Trump has asserted, among

other things, executive privilege in response to the request of merely to identify the people that he talked to in the lead-up to January 6. And in our most recent meet and confer call with plaintiff's counsel, even if we were to have limited it to just the day of January 6 itself, he refuses to identify the people he spoke with.

I think, as we pointed out in our papers, that the President has never disclosed who he spoke with on January 6. It's, you know, a matter that remains secret.

And so with apologies for starting with -- I don't have a complete answer to your question because of the wall of secrecy that the President has thrown up in response to the BBC's reasonable and targeted discovery requests in this case. I can tell you --

THE COURT: So --

MR. MISHKIN: Oh, please go ahead.

THE COURT: Yeah, so is that something that you have raised with the judge in Florida to say, look, they can raise objections to our interrogatories or to depositions, but they at least have to tell us the names? In other words, is that a teed up issue yet?

MR. MISHKIN: We have raised it. The magistrate judge's procedure in Florida requires sort of an extensive prehearing process both of a meet and confer and then a joint motion for a discovery hearing. We have gone through

6

that one time already which led to, among other things, the President amending his complaint to an attempt to scuttle his own damages claim to avoid having to disclose financial discovery to us to back up his damages claim. But now we have once again filed a motion to tee this up in the magistrate judge in Florida.

But I do want to go back to Your Honor's first question, which is -- which I only got part of the answer out, which is, there are people who we know, in part based on the special counsel's investigation and what has been publicly released from the opinions of this court, that we definitely do want to talk to and that we are being unable to talk to, Mr. Cipollone being currently the most teed up in the sense that we have -- he is under subpoena for deposition. And we have received a letter from the Department of Justice instructing us that he is not going to appear and that his testimony would be privileged.

THE COURT: So I'm wondering whether it makes sense to, in this hearing, focus on people you can identify and that maybe, depending on what happens in the subsequent hearing in Florida, to then come back and say here are others. Because I need to know what exactly we are unsealing or that you are moving to unseal before I can consider whether that's appropriate. So is that -- but I also don't want to unfairly prejudice you.

So I guess my first question is, is there a discovery cutoff in that case?

MR. MISHKIN: There is, Your Honor, and it has recently been extended. Our discovery -- our new fact discovery deadline is now December 18. It had been October 20. So we are slightly less --

THE COURT: And you expect to get in front of the mj on this identification of witnesses issue, I hope, before then?

MR. MISHKIN: Yes. We are endeavoring to get -- I mean, we have filed a motion for a discovery hearing, which the President refused to join, but we have filed a unilateral motion for discovery hearing. It is not scheduled yet. We anticipate it being scheduled at any time, and you know, we hope to have it set as quickly as possible.

THE COURT: I guess what I would say is, can we focus -- back to my original question. Can we focus on the list of folks you can identify now, and then you could file some supplemental notice or pleading as soon as you have had the discovery hearing saying and here are the other ones who we want to depose or get information about and they are claiming executive privilege on?

MR. MISHKIN: Yes, Your Honor. And the ones that I would focus on for now: Mr. Cipollone, who is under

deposition subpoena; Mr. Hershman, who we have attempted to serve with written discovery subpoenas and we expect to serve with a deposition subpoena as well; Cassidy Hutchinson, who we have served with a deposition subpoena and she has moved to quash; President Trump's oldest son, Donald Trump, Jr., and his oldest daughter, Ivanka Trump, again, who we are trying to serve. We have been unable to serve them.

And in the course of opposing our motion for alternative service, the President has sort of glancingly asserted executive privilege as to their testimony as well, and Jared Kushner as well, Your Honor.

And then Greg Jacob, counsel to Vice President Pence, who we know, based on his discovery responses to us in response to our discovery subpoena, he has told us that the White House instructed him not to provide records responsive to our request on the grounds that they are protected by executive privilege.

So those are the ones that are --

THE COURT: But it sounds like of that list of six, not all are clearly asserting executive privilege yet. Is that fair? In other words, if you haven't even served Trump's children, then we don't know if they are going to be asserting that, right?

MR. MISHKIN: Well, I mean, the President has

asserted it as to their testimony. Whether they will assert it as well, that's true, Your Honor, that remains to be seen. But we have no reason to think that they are not going to march in lockstep with the President's arguments to us.

And what I would say is that I think if what we were asking for today, Your Honor, were actual transcripts, grand jury testimony transcripts, then I would certainly -- I think Your Honor's hesitation about biting off too much right now would be more --

(Noise in the courtroom.)

MR. MISHKIN: I'll pause for the sake of the court reporter.

THE COURT: I think this is a public line issue maybe.

MR. MISHKIN: All right.

THE COURT: All right. So what you are asking for is just the opinions ruling on --

(Noise in the courtroom.)

THE COURT: -- for those six witnesses?

(There was an interruption by the court reporter.)

THE COURT: Sorry. Hold on. Tammy, we can go of the record.

(Discussion off the record.)

THE COURT: All right. Let's go back, Tammy, okay,

back on the record.

So the question then narrowly, Mr. Mishkin, is, are you seeking then from me just the opinions and orders relating to a ruling on executive privilege in relation to those six witnesses?

MR. MISHKIN: That's correct, Your Honor. We are seeking to unseal the opinions and orders that were sort of previously before Your Honor that we understand there is 18 of them in total that the government cites to the docket where they're -- you know, they have been filed in redacted version on the miscellaneous docket before Your Honor.

And the reason that we're asking for opinions and orders at this point is --

THE COURT: But hold on. I'm sorry. Forgive me for interrupting. You said 18, but aren't we just talking about these witnesses for now?

MR. MISHKIN: Well, yes and no, Your Honor. So what we understand from Jack Smith's report, the special counsel's report, is that there were discrete assertions of executive privilege as to particular witnesses, and then once the special counsel's office was stimied by the President's repeated assertions of executive privilege, more of an omnibus proceeding as to multiple witnesses that again was adjudicated and has been unsealed in part.

So I can't cleanly untangle, like, oh, this is -- and

I can't tell you sight unseen, oh, this is the opinion that just deals with Mr. Cipollone. In fact, based on press reporting, there is no opinion that just deals with him. There's an opinion that --

THE COURT: Sure. But I'm saying just opinions that deal with these folks. And the opinions may deal with more than just these, but if the opinions deal with none of these people, then it wouldn't be appropriate to unseal at this point.

MR. MISHKIN: I don't want to say it wouldn't be appropriate to unseal. I agree that those would be the most appropriate to unseal, Your Honor, in the sense that -- because what we are hoping to do is to be able to explain both to the magistrate judge to the extent there is a discovery dispute there and then potentially to Your Honor. We may find ourselves back before Your Honor. I think the procedural posture for challenging the letter that we received form the Department of Justice, for example, is a motion to compel as if it were a two-way denial that would presumably be related to this action. We'd be --

(There was an interruption by the court reporter.)

MR. MISHKIN: Oh, sure. Sorry about that.

We may well find ourselves right back here in front of Your Honor adjudicating whether that particular assertion of privilege from the Department of Justice is proper. You

11

know, Your Honor, of course, has seen these opinions, so you know what they say. The magistrate judge in Florida doesn't. And so to the extent that Your Honor and then-Chief Judge Howell have adjudicated the exact questions that are teed up, which is to say were the discussions that the President had with these particular advisors and the advisors we don't know in the runup to January 6 and on January 6, were those protected by executive privilege, were those protected by attorney-client privilege.

We understand -- we can see from the redacted opinions that those questions have been asked and answered. What we don't know is specifically as to which witnesses and the specific -- the fact-specific rationale why it was rejected.

THE COURT: Okay.

MR. MISHKIN: And that's what we are seeking to unseal so that we can say, look, this is -- whether it's res judicata or issue preclusion or some other doctrine that would say President Trump had a full and fair opportunity to litigate the question of privilege in this court, they reached a final decision. He is estopped from relitigating that as to the same witnesses as to the same conversations.

THE COURT: Right. It's an interesting question. And I am not going to decide the question as to the issue of preclusion now. I mean, there's -- I think arguably, from

your perspective, that, again, the standard requires a need to avoid a possible injustice in another judicial proceeding. So it would seem to me that if it's arguably issue precluded, then maybe you get it and you can argue with the judge in Florida whether it is or isn't, but --

MR. MISHKIN: I take your point, Your Honor, that we would say, you know, issue preclusion is sort of at the high end of the spectrum. At a minimum, this is persuasive authority for the judge ruling on this, on this privilege dispute.

And so, yes, even if they're not estopped as a matter of law from rearguing it, they're certainly not painting on a blank canvas.

THE COURT: Right.

MR. MISHKIN: And so I don't think it's a -- I mean, the possible injustice is, you know, privilege being asserted against us, especially if, you know, the President knows -- this is the other thing. Your Honor knows what these opinions say. The President also knows what these opinion say. He won't tell us. We have asked. In response to getting asserted executive privilege at us, we have said, look, we understand that you have asserted these privileges before and that you have lost.

THE COURT: Right. No, I got --

MR. MISHKIN: And he --

THE COURT: -- got all that. Okay. All right. But there are a couple of other issues. And one is, the question is whether there's -- whether you can truly be said to have exhausted the normal discovery process to no avail, and that's actually from the In Re: Smith case from March 2025.

And so tell me why you think that's true in regard to these folks. And obviously, for the other people, you've got the hearing in front of the magistrate judge whenever that happens, but why do you think you are at the exhaustion stage with these?

MR. MISHKIN: Well, let me address the premise first, which is, we talk about this in our reply belief, I don't believe that Your Honor in In Re: Smith actually articulated an exhaustion requirement as the government has claimed. I think at best what In Re: Smith and the case law it cites including the John Doe case hold is that exhaustion is a sufficient but not necessary condition. And, in fact, as the case law suggests, it's a flexible standard that does not -- you know, the line is that there is not a per se rule against disclosure even when all the relevant materials could be obtained through civil discovery tools.

So I don't believe that the -- the Supreme Court has not articulated an exhaustion requirement. I don't think Your Honor's opinion in In Re: Smith is best read to impose

an exhaustion requirement. It is one way that a party could demonstrate the need for it. It is not the only way.

And so I would start there, which is to say, I think we have done more than enough to show that we have been diligent in pursuing these records and these witnesses. And the government's position is that the dispute is not yet crystallized. And I think that that has gone out the window, Your Honor. Especially as to Mr. Cipollone, Mr. Jacob, the Trump children, anyone for whom the President has squarely asserted executive privilege, I don't think it could be more crystallized.

And in that case, I don't read either Your Honor's opinion or the authority on which you relied to say we would have to get to a decision in Florida with the judge not knowing what the -- you know, the judge having one hand tied behind her back and trying to rule on these issues not knowing that they have already been litigated before we can come to you and say, Your Honor, you -- this is exactly the use case that Douglas Oil thinks about.

It's these are records that are related to a judicial proceeding, not prospective, but a pending judicial proceeding. It would be an injustice for the President of the United States of America to be able to sue the BBC for defamation, claim that he's been -- that the BBC falsely implied that he incited violence on January 6, and then

prevent the BBC from taking discovery into the question of truth or falsity the sine qua non of a defamation case according to the Supreme Court. It is --

THE COURT: All right. I got you.

MR. MISHKIN: Sure.

THE COURT: Let me move to Mr. Newman.

Let me ask. So obviously, Mr. Newman, under Rule 6(e)(3)(E)(i), you will agree this is in connection with a judicial proceeding, correct?

MR. NEWMAN: Yes.

THE COURT: So then why haven't the petitioners made out a sufficient case here for unsealing?

MR. NEWMAN: So for several reasons, Your Honor. And I think it's important to start by, you know, noting that it's not enough to show it's in connection with a judicial proceeding. The Supreme Court held in Sells Engineering that a party must make a strong showing of particularized need. And Your Honor in the hack of DNC matter described that as a very demanding standard such that relief is exceedingly rare.

And as you pointed out, Your Honor, in the Conrad Smith matter, you pointed to the necessity of showing that material is central to litigating a case when a party has exhausted the normal discovery process to no avail.

And I think all, you know, sort of all that language

in all those cases establishes that it's not enough just to show that, you know, grand jury information would be relevant or useful because that would be met whenever there's been a grand jury investigation that deals with the same subject as a subsequent civil suit.

And if that were true, then, you know, then getting into the grand jury would be the norm rather than the sort of exceedingly rare exception.

And then kind of moving to this case in particular, so there is not a crystallized dispute about executive privilege before the court in Florida. And there are numerous ways that this case could go without the judge, the magistrate judge or the district judge, in Florida ever needing to decide any executive privilege issue.

I mean, you know, Mr. Mishkin acknowledged that in terms of, you know, service and whether these individuals have even asserted privilege, it varies across different witnesses, but also, you know, the BBC has a pending motion to dismiss based on personal jurisdiction and failure to state a claim. If the Court grants that, the case goes away and there is no further discovery.

For all of these discovery --

THE COURT: But let me ask you. On that, I mean, I typically rule on motions to dismiss before discovery begins. How do we know that the judge will even rule on

that before discovery closes? And if you say, well, why don't we just wait to see what happens and then we're mid-December and it never happened, then aren't plaintiffs out of luck?

MR. NEWMAN: So I think you're anticipating an argument I'm going to get to, which is wait to see what happens. But I think the truth is we don't know. You know, maybe the case will get dismissed for lack of personal jurisdiction.

Another salient fact is that with all these discovery requests, it's not just about executive privilege. There are numerous other objections such as relevance. So I would object to Mr. Mishkin's characterization of the discovery they are seeking as narrow and targeted.

They've, you know, issued incredibly broad discovery essentially seeking, you know, all documents, communications related to January 6. And the magistrate judge kind of clipped their wings on that and held in the last discovery order that, you know, they can get discovery about the President's mind-set when he made that speech, but the Court isn't going to relitigate everything that happened on January 6.

And so now that that's sort of been reset by that opinion, the parties are now going through, you know, figuring out what the scope of discovery is going to be. So

it may be that, you know, that the judge, that the magistrate judge, believes that the discovery they are seeking is just overbroad and irrelevant and denies it on that ground without reaching executive privilege.

They already presented executive privilege to the Court the last time around. And in the magistrate judge's first ruling on that motion, which Mr. Mishkin mentioned, the court basically said it's premature, I don't need to rule on executive privilege now.

So maybe the magistrate judge will rule on executive privilege in the future or maybe not. And so I think that --

THE COURT: I understand. And I think this crystallization issue is an important one that you are talking about, Mr. Newman, but I am a little bit concerned about timetable here. And since we don't know when the district judge is going to rule, when the magistrate judge is going to rule, doesn't this hamstring the plaintiff? Because at the end of the day, I think their overarching point is a pretty good one, which is, they get sued, and then when they try to get discovery into the motivation behind the President's actions which they argue shows that their reporting was true, they get stymied. So that's sort of a pretty unfair result.

And so the question is, it seems to me, they get some

discovery to avoid that. Obviously I'm not ruling on that. It's not in front of me. But to the extent that I can aid them and it's appropriate to do so, then I am sympathetic to that position.

MR. NEWMAN: I understand, Your Honor. And I think -- so one thing I would emphasize is that if this does get to a point where they're briefing executive privilege issues in front of the magistrate judge in Florida, they can point the court to all of the redacted opinions and orders which contain the court's rulings and much of the court's legal reasonings. They can say, you know, look, there have been, you know, many circumstances in which the judges presiding over the grand jury, you know, rejected executive privilege in the grand jury context.

Now, I think it's also important to emphasize that in the portions of then-Chief Judge Howell's opinions that are not redacted, she makes clear that she's applying a standard of need test which is highly context specific, and she points to the context of an underlying criminal investigation.

And so the context there is -- of a wide-ranging criminal investigation is different from the context of a civil defamation suit focusing on a particular documentary where the --

THE COURT: And I agree with you that maybe this is

not issue preclusion. I just don't know. But it seems to me that that's a decision for a Florida judge to make. But the plaintiff at least has to be able to make the argument there, it would seem, armed with these -- with the opinions and orders.

MR. NEWMAN: So, Your Honor, I think, you know, we would urge you to deny the petition, but I think if Your Honor is concerned about the possibility of unfairness down the line, I think that it's important not to invade the secrecy of the grand jury before it's necessary to do so.

And so the most appropriate way to handle it if Your Honor is concerned about that would be to deny the petition without prejudice but note that if the magistrate judge or the district judge in Florida indicates that they need to see what's under the redactions of those opinions to resolve a pending motion before them, that you would entertain a further request. And Your Honor could certainly do so quickly.

And I think that would appropriately capture the posture that we're in, which is, you know, maybe the judges in Florida will decide this executive privilege issue and maybe they won't based on the sort of posture of that case that could go in any number of different directions.

THE COURT: Okay. No, I mean, there's certainly some appeal to that proposal or something akin to it, Mr. Newman.

So, Mr. Mishkin, you know, one thing I could do here, it seems, is I could say to the government send me in camera all opinions and orders that relate to the six witnesses you have mentioned now and also be ready, be on standby to send me any others that then come to a head. And then when you wish, a variation of what Mr. Newman said. Mr. Newman said if the judge needs it, then you could come back to me. But maybe a more favorable way for you is when you think you need it to argue executive privilege, you could then seek it.

In other words, do you agree, Mr. Mishkin, that these would only be necessary to you when you want to argue in Florida that there is no executive privilege?

MR. MISHKIN: Well, by way of answering Your Honor's question is, you know, the magistrate judge -- we are getting ready right now for a motion hearing on that issue. It is -- we have filed a motion, you know, to resolve the -- you know, to deal with the President's objections to our discovery requests including his objections to discovery requests in which he has asserted executive privilege.

We don't have a hearing date on that yet, but that does not mean --

THE COURT: But I guess one thing Mr. Newman says is that maybe the magistrate judge deals with the discovery issue on nonexecutive privilege grounds. In other words,

maybe you don't get to it, and then it wouldn't be necessary for you -- you wouldn't have shown a particularized need to get them.

MR. MISHKIN: Well, I guess what -- I have a couple responses to that.

One, Your Honor, is I think that the government is setting a goalpost that they can move anytime they want if it's the -- first it's the magistrate judge rules, but if, oh, now the President has lodged an objection to the district judge, and, oh, maybe you could take an appeal from the district judge's ruling.

There's -- you know, it wouldn't surprise me if the government -- I mean, this is the same playbook that the special counsel's office and former Chief Judge Howell called out in response to how the President responded to the special counsel's investigative demands in the course of that investigation. It was delay after delay. It's what we are seeing now.

And so to be told again from the Department of Justice which is duty-bound to not contradict the President in his litigation position, to be told you can wait, maybe this won't come up -- I'll tell you, there's one way that this won't come up, which is if the President wants to dismiss his lawsuit, then there's no related proceeding. So the executive branch has itself a --

THE COURT: Again --

MR. MISHKIN: May I -- may I -- may I respond, Your Honor?

THE COURT: Hold on. Right, the point I assume you're going to make, Mr. Newman, is that you're not the plaintiff in the case, right?

MR. NEWMAN: Your Honor, look, Mr. Mishkin and I have been, you know, litigating these grand jury access matters for years including during the Biden administration. And I think that Your Honor knows that the types of arguments that I am making here on behalf of the Department of Justice are the same kind of arguments that we routinely make. And so I take serious objection to this notion that there's something inappropriate about how we are handling this. I mean, you know, my job as a representative of the United --

THE COURT: I got it. I understand.

But also I think, Mr. Mishkin, you are conflating the Department of Justice and the President who is suing in his individual capacity in this case.

MR. MISHKIN: Fair, Your Honor, but I would say that, for instance, the Department of Justice's characterization right now that the magistrate judge has, quote, clipped our wings, that is a characterization that I would have expected to hear from the plaintiff and not from a dispassionate reviewer of the magistrate judge's opinion.

THE COURT: I think we are now heading into the ad hominem mischaracterization --

MR. MISHKIN: I don't --

THE COURT: -- and we're going there.

MR. MISHKIN: I apologize if there's any --

THE COURT: So I don't want to hear that.

MR. MISHKIN: I don't mean to be attacking anyone personally. What I mean to say is that --

THE COURT: I understand what you mean to say. Okay? I understand what you mean to say, and I don't think that's a helpful point. I think that's a perfectly legitimate statement that Mr. Newman made there.

All right. So, Mr. Newman, let me ask you this. What's your -- I trust you have no objection to producing for me in camera any opinions or orders related to the six witnesses that Mr. Mishkin mentioned earlier in the form that they currently stand, meaning in their -- clean opinions and orders and ones in the form they have been released in, in other words, showing what is still redacted and what is not?

MR. NEWMAN: Yes, Your Honor, with, you know, two caveats. One is that I'm not representing in open court whether there are or are not any other --

THE COURT: I understand.

MR. NEWMAN: -- witnesses that --

THE COURT: I understand.

MR. NEWMAN: And also, you know, we have, you know, provided those to Your Honor in past matters. But certainly for convenience, I can -- if those exist, I can provide them again.

THE COURT: All right. So I'll ask you to provide those by Tuesday, which is the 8th.

MR. NEWMAN: Okay.

THE COURT: Okay. I mean, then, you know, I'm still struggling a little bit with, I think, the crystallization question. I mean, I think, as I said, I think, Mr. Mishkin, you have made good arguments about why there's possible injustice and why the need for disclosure is greater than the need for continued secrecy and that your request is reasonably narrowly tailored, but the question is whether there has been an exhaustion of the discovery process. And it would be helpful to me if I had some more insight into how the magistrate judge is handling this matter.

But maybe the way to address it is that if -- that you can inform the magistrate judge that if -- I'm sorry, is it a he or a she?

MR. MISHKIN: She, Your Honor.

THE COURT: Right. If she is going to address executive privilege, that you would like to set a time and date for that, and then you'll let me know and then I can

decide whether this should be released.

And I think there is a -- I think you have made a solid case for such release if they are necessary. But I think that -- I'm not sure you have shown that yet, in part because, as you just said, some of these folks haven't even been served yet. And so I think it's sort of hard to say that a magistrate judge is going to entertain a motion to compel relating to a subpoena that hasn't been served.

So do you see my point?

MR. MISHKIN: If I may, Your Honor, I would agree other than to say that the President has asserted executive privilege as a reason not to grant our motion for alternative service on his children. That is to say, he said you shouldn't even allow them alternative service because their testimony would be privileged. So I can't say that the dispute is hypothetical. It is teed up. And we have, you know --

THE COURT: How about, is Hutchinson's objection an executive privilege objection?

MR. MISHKIN: Her objection is -- she has multiple objections including, you know, the fact that she has testified before and the fact that she fears the threat of prosecution for additional things she might say. So it's not -- I'm not going to tell you that she has asserted just executive privilege and only executive privilege.

THE COURT: But Cipollone has just asserted executive privilege?

MR. MISHKIN: Well, Mr. Cipollone through counsel has told us that if the Department of Justice instructs him not to answer on the basis of privilege, he's not going to sit for a deposition until that privilege is adjudicated.

It is certainly true to Mr. Newman's point that the Department of Justice's letter that we filed to Your Honor also asserts other objections, but I don't think that means that the executive privilege has not been crystalized and is not -- again, when we are right back before Your Honor in what I imagine is a fairly brief time line on a motion to compel over Mr. Cipollone, you know, I don't want to treat this as academic. You know, whether it's today or a week from today, this is going to be --

THE COURT: Again, these are not easy questions, but I think what I'm going to do is that I'm going to require you to inform -- to work with the magistrate judge to at some point tee up the hearing on executive privilege if and when that is necessary.

And when that has occurred, you will let me know, and I will then be able to rule because I will have the appropriate, relevant opinions and orders in hand.

And you can continue to tell Mr. Newman, when other people beyond these six, do you expect to have hearings

related to any of them, you can let him know.

And, Mr. Newman, you can then also produce those opinions and orders relating to those people to me in camera. And then when it's teed up, if it's teed up, I assume it will be, but it may not be, then -- and it may not -- it's unclear for whom it will be teed up, then I can give -- then I will rule, Mr. Mishkin, on whether you get these. And I think there's a decent chance you do because I think you've made convincing arguments, but it's got to be teed up properly.

MR. MISHKIN: I appreciate -- and we absolutely will bring this to the magistrate judge's attention and sort of walk her through the process that Your Honor has outlined.

There is one -- again, I just want to be clear about what we know and what we don't know.

For instance, the fact that the President has asserted executive privilege in response to the question who did you talk to on January 6 means that right -- I can't point to a -- you know, if and when that is teed up, we'll say this is part of the dispute over executive privilege. One of the things that the Court might want to understand is that the people that the President talked to, if I understand sort of between the redactions correctly and Chief Judge Howell's opinion, is that whether the privilege applies to the types of conversations that were happening is

a subject that is addressed in these opinions.

And so whether the President can assert executive privilege as to names of people without us knowing those names, I can't come back to Your Honor and say, well, here are five more names for you. We sort of -- the opinions on the principles are going to inform the magistrate judge's decision making.

So we will a hundred percent follow Your Honor's procedure. I just want you to understand it might not be quite as clean down the line.

THE COURT: I understand, and I appreciate that. This is a little bit difficult because we are dealing with different courts, different judges.

But let's -- my next point is we'll all stay in touch. And if things are changing on the ground, you can file a notice informing me. And I'll get a hearing up quickly about that, and we'll continue to talk about these things. But this, to me --

MR. MISHKIN: May I ask, Your Honor, assuming we do proceed by motion to compel in this district on Mr. Cipollone, I assume it would be Your Honor's preference to have that be marked as related to this so that you're already reviewing the opinions and you're already --

THE COURT: I think that if it has to do with anything -- I guess that's -- yes. It would certainly be

related to this, yes.

MR. MISHKIN: All right. I just want to, again, if you're already going to be rolling up your sleeves on these opinions, then we might as well keep the dispute in front of you, Your Honor.

THE COURT: I agree.

Okay. Mr. Newman, any last points you want to raise?

MR. NEWMAN: You know, I think that I've covered most of it. You know, I think, you know, our position is still that, you know, even if this does come to a, you know, undisputedly crystallized dispute about executive privilege, that we don't think that, you know, information that might be helpful in litigating a discovery dispute in another matter, you know, meets the sort of strong showing requirement.

THE COURT: Sure. And I'm not -- and you certainly have not waived that argument. I'm not saying your only argument is a lack of crystallization. You also believe that the government -- I'm sorry, that BBC loses on the merits. And I think your arguments have some force there. I've looked at this some. I'll look at it some more. And I'm not saying that I'm necessarily going to grant this even when crystallized.

MR. NEWMAN: Yeah. And then I think that -- I think that I have -- that basically covers it from my end. I, you

know, appreciate the thought that Your Honor has given to this matter.

THE COURT: All right. Thank you all very much. I appreciate it. I'll issue an -- the only order I'm going to issue -- well, I'll try to memorialize what we've said in an order, but I'll certainly require the government to provide me these transcripts -- I'm sorry, the orders and opinions by the 8th. Okay?

All right. Thank you, everyone. Appreciate it.

(The hearing concluded at 3:43 p.m.)

- - -

C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

9/5/26

s/ Tammy Nestor
Tammy Nestor, RMR, CRR
Official Court Reporter
333 Constitution Avenue NW
Washington, D.C. 20001
tammy_nestor@dcd.uscourts.gov

MR. MISHKIN: [34] 2/18 3/23 4/16 4/22 6/3 6/10 6/24 7/25 8/12 8/16 9/6 9/17 10/10 10/22 11/16 12/6 12/15 12/25 13/12 15/5 21/14 22/4 23/2 23/20 24/3 24/5 24/7 25/22 26/10 26/20 27/3 28/11 29/19 30/2
MR. NEWMAN: [13] 2/25 15/10 15/13 17/5 19/5 20/6 23/7 24/21 24/25 25/2 25/8 30/8 30/24
THE COURT: [50] 2/4 2/8 2/24 3/4 4/15 4/17 5/18 6/7 6/17 7/20 8/14 8/17 8/20 8/22 8/25 9/14 10/5 11/15 11/23 12/14 12/24 13/1 15/4 15/6 15/11 16/23 18/13 19/25 20/24 21/23 23/1 23/4 23/16 24/1 24/4 24/6 24/9 24/24 25/1 25/6 25/9 25/23 26/18 27/1 27/16 29/11 29/24 30/6 30/16 31/3
THE COURTROOM DEPUTY: [3] 2/2 2/5 2/9

**1**

1100 [1] 1/16
12th [1] 1/12
18 [3] 6/5 9/8 9/15
1909 [1] 1/11

**2**

20 [1] 6/6
20001 [2] 1/21 31/21
20005 [1] 1/17
20006 [1] 1/12
2025 [1] 13/6
26 [1] 31/19
26-mc-81 [2] 1/4 2/10

**3**

333 [2] 1/20 31/20
3:00 [1] 2/1
3:43 [1] 31/10

**4**

47 [1] 3/15

**8**

81 [2] 1/4 2/10
8th [2] 25/7 31/8

**9**

9/5/26 [1] 31/19

**A**

able [4] 10/13 14/23 20/3 27/22
about [21] 3/21 6/22 8/9 9/15 10/22 13/13 14/19 16/10 17/11 17/19 18/15 18/16 20/8 20/12 23/14 25/12 26/18 28/14 29/17 29/17 30/11
above [1] 31/15
above-entitled [1] 31/15
absolutely [1] 28/11
academic [1] 27/14
access [2] 1/4 23/8
according [1] 15/3
accurate [1] 31/14
acknowledged [1] 16/15
across [1] 16/17
action [2] 2/10 10/20
actions [1] 18/22
actual [1] 8/7
actually [3] 3/22 13/5 13/14
ad [1] 24/2
ad hominem [1] 24/2
additional [1] 26/23
address [3] 13/12 25/19 25/23
addressed [1] 29/1
adjudicated [3] 9/24 11/4 27/6
adjudicating [2] 1/4 10/24
administration [1] 23/9
advisors [2] 11/6 11/7
after [1] 22/17
afternoon [2] 2/18 3/4
again [12] 2/16 5/5 7/7 9/23 12/1 22/19 23/1 25/5 27/11 27/16 28/14 30/2
against [2] 12/17 13/21
agree [6] 10/11 15/8 19/25 21/11 26/10 30/6
ahead [1] 4/16
aid [1] 19/2
akin [1] 20/25
al [2] 1/3 2/11
all [25] 2/16 3/4 7/21 8/16 8/17 8/25 13/1 13/1 13/21 15/4 15/25 15/25 16/1 16/22 17/10 17/16 19/9 21/3 24/13 25/6 29/14 30/2 31/3 31/3 31/9
allow [1] 26/14
already [6] 5/1 14/17 18/5 29/23 29/23 30/3
also [11] 3/2 5/25 12/19 16/18 19/15 21/4 23/17 25/2 27/9 28/2 30/18
alternative [3] 7/10 26/13 26/14
am [4] 11/24 18/15 19/3 23/11
amending [1] 5/2
America [2] 2/14 14/23
among [2] 3/25 5/1
another [3] 12/21 17/10 30/13
answer [3] 4/11 5/8 27/5
answered [1] 11/11
answering [1] 21/14
anticipate [1] 6/14
anticipating [1] 17/5
any [9] 6/14 16/14 20/23 21/5 24/5 24/15 24/23 28/1 30/7
anyone [2] 14/9 24/7
anything [1] 29/25
anytime [1] 22/7
apologies [1] 4/10
apologize [1] 24/5
appeal [2] 20/25 22/10
appear [1] 5/17
APPEARANCES [1] 1/9
APPLICATION [2] 1/3 2/10
applies [1] 28/25
applying [1] 19/17
appreciate [6] 3/6 28/11 29/11 31/1 31/4 31/9
appropriate [7] 5/24 10/8 10/11 10/12 19/3 20/11 27/23
appropriately [1] 20/19
are [50] 2/5 3/13 5/9 5/12 5/21 5/22 5/23 6/6 6/10 6/21 6/22 7/7 7/17 7/19 7/19 7/21 7/23 8/3 8/17 9/2 9/6 10/13 11/5 11/16 13/2 13/10 14/20 14/20 16/11 17/12 17/14 17/24 18/2 18/14 19/16 21/15 22/18 23/11 23/14 23/17 24/1 24/23 24/23 26/3 27/11 27/16 29/5 29/6 29/12 29/15
aren't [2] 9/15 17/3
arguably [2] 11/25 12/3
argue [4] 12/4 18/22 21/9 21/12
argument [4] 17/6 20/3 30/17 30/18
arguments [6] 8/4 23/10 23/12 25/12 28/9 30/20
armed [1] 20/4
around [1] 18/6
articulated [2] 13/14 13/24
as [38] 2/22 3/5 4/7 6/15 6/15 6/20 6/20 7/3 7/11 7/11 7/12 8/1 8/2 9/20 9/23 10/19 11/12 11/22 11/22 11/24 12/11 13/15 13/18 14/8 15/19 15/21 16/5 17/12 17/14 23/15 25/11 26/5 26/12 27/14 29/3 29/10 29/22 30/4
ask [6] 3/15 15/7 16/23 24/13 25/6 29/19
asked [2] 11/11 12/20
asking [4] 3/10 8/7 8/17 9/12
assert [2] 8/1 29/2
asserted [13] 3/25 7/11 8/1 12/17 12/21 12/22 14/10 16/17 21/20 26/11 26/24 27/1 28/17
asserting [2] 7/21 7/24
assertion [1] 10/24
assertions [3] 1/4 9/19 9/22
asserts [1] 27/9
assume [3] 23/4 28/5 29/21
assuming [1] 29/19
attacking [1] 24/7
attempt [1] 5/2
attempted [1] 7/1
attention [1] 28/12
attorney [1] 11/9
attorney-client [1] 11/9
authority [2] 12/9 14/13
avail [2] 13/4 15/24
Avenue [2] 1/20 31/20
avoid [3] 5/3 12/2 19/1
away [1] 16/20

**B**

back [12] 5/4 5/7 5/21 6/18 8/25 9/1 10/16 10/23 14/16 21/7 27/11 29/4
Ballard [2] 1/11 2/19
based [5] 5/9 7/14 10/2 16/19 20/22
basically [2] 18/8 30/25
basis [1] 27/5
BBC [8] 1/10 2/12 2/12 14/23 14/24 15/1 16/18 30/19
BBC's [2] 2/21 4/13
be [47] 3/19 3/21 5/17 7/23 8/2 8/10 10/8 10/10 10/11 10/13 10/20 10/20 13/3 13/22 14/11 14/22 14/23 16/2 16/3 16/7 17/25 18/1 20/3 20/12 21/4 21/4 21/12 22/1 22/19 22/21 24/7 25/17 26/1 26/15 27/15 27/22 28/5 28/5 28/6 28/9 28/14 29/9 29/21 29/22 29/25 30/3 30/13
because [11] 3/14 4/11 5/22 10/13 16/3 18/19 26/5 26/15 27/22 28/8 29/12
been [19] 5/10 6/4 6/5 7/7 9/10 9/24 11/11 14/4 14/17 14/24 16/4 17/23 19/12 23/8 24/18 25/16 26/6 26/8 27/10
before [15] 1/7 5/23 6/3 9/8 9/11 10/16 12/23 14/17 16/11 16/24 17/1 20/10 20/16 26/22 27/11
began [1] 2/1
Beginning [1] 2/15
begins [1] 16/25
behalf [2] 2/19 23/11
behind [2] 14/16 18/22
being [4] 5/12 5/13 6/14 12/16
belief [1] 13/13
believe [3] 13/14 13/23 30/18
believes [1] 18/2
best [2] 13/16 13/25
better [2] 3/7 3/8
between [2] 3/16 28/23
beyond [1] 27/25
Biden [1] 23/9
bit [3] 18/15 25/10 29/12
biting [1] 8/9
blank [1] 12/13
BOASBERG [1] 1/7
both [2] 4/24 10/14
bound [1] 22/20
branch [4] 1/16 3/2 3/3 22/25
brief [1] 27/12
briefing [2] 3/6 19/7
bring [1] 28/12
BRITISH [4] 1/3 2/10 2/11 2/19
broad [1] 17/15
BROADCASTING [4] 1/3 2/11 2/12 2/20
bunch [1] 3/16

**C**

call [1] 4/4
called [1] 22/15
camera [4] 2/6 21/2 24/15 28/4
cameras [1] 2/17
can [32] 2/2 3/8 3/23 4/14 4/18 5/19 5/23 6/17 6/18 6/19 8/22 11/10 11/17 12/4 13/3 14/17 17/19 19/2 19/8 19/11 22/7 22/21 25/4 25/4 25/20 25/25 27/24 28/1 28/2 28/6 29/2 29/15
can't [5] 9/25 10/1 26/15 28/18 29/4
canvas [1] 12/13
capacity [1] 23/19
capture [1] 20/19
case [20] 1/4 4/14 6/2 13/5 13/16 13/17 13/19 14/12 14/19 15/2 15/12 15/23 16/9 16/12 16/20 17/8 20/22 23/6 23/19 26/3
cases [1] 16/1
Cassidy [1] 7/3
caveats [1] 24/22
central [1] 15/23
CERTAIN [1] 1/4

C
certainly [9] 8/8 12/12 20/17 20/24 25/3 27/7 29/25 30/16 31/6
certify [1] 31/14
challenging [1] 10/17
chance [1] 28/8
changing [1] 29/15
characterization [3] 17/13 23/21 23/23
Charles [2] 1/10 2/21
CHIEF [5] 1/7 11/4 19/16 22/14 28/24
children [3] 7/23 14/9 26/13
Cipollone [9] 3/20 5/13 6/25 10/2 14/8 27/1 27/3 27/13 29/21
circumstances [1] 19/12
cites [2] 9/9 13/16
civil [6] 1/15 2/9 3/1 13/22 16/5 19/23
claim [4] 5/3 5/4 14/24 16/20
claimed [1] 13/15
claiming [1] 6/23
clean [2] 24/17 29/10
cleanly [1] 9/25
clear [2] 19/17 28/14
clearly [1] 7/21
client [1] 11/9
clipped [2] 17/18 23/22
closes [1] 17/1
colleague [1] 2/20
COLUMBIA [1] 1/1
come [8] 5/21 14/18 21/5 21/7 22/22 22/23 29/4 30/10
communications [2] 3/16 17/16
compel [4] 10/19 26/8 27/13 29/20
complaint [1] 5/2
complete [1] 4/11
concerned [3] 18/15 20/8 20/12
concluded [1] 31/10
condition [1] 13/18
confer [2] 4/4 4/24
CONFERENCE [1] 1/6
conflating [1] 23/17
connection [2] 15/8 15/15
Conrad [1] 15/21
consider [1] 5/24
Constitution [2] 1/20 31/20
contain [1] 19/10
context [5] 19/14 19/18 19/19 19/21 19/22
continue [2] 27/24 29/17
continued [1] 25/14
contradict [1] 22/20
convenience [1] 25/4
conversations [2] 11/22 28/25
convincing [1] 28/9
CORPORATION [4] 1/3 2/11 2/12 2/20
correct [2] 9/6 15/9
correctly [1] 28/23
could [12] 6/19 13/22 14/1 14/11 16/12 20/17 20/23 21/1 21/2 21/7 21/9 22/10
counsel [4] 2/15 4/4 7/13 27/3
counsel's [5] 5/10 9/19 9/21 22/14 22/16
couple [2] 13/2 22/4
course [3] 7/9 11/1 22/16
court [20] 1/1 1/7 1/20 5/11 8/12 8/21 10/21 11/20 13/23 15/3 15/16 16/11 16/20 17/20 18/6 18/8 19/9 24/22 28/21 31/20
court's [2] 19/10 19/10
courtroom [3] 2/6 8/11 8/19
courts [1] 29/13
covered [1] 30/8
covers [1] 30/25
criminal [2] 19/19 19/22
CRR [2] 1/19 31/19
crystalized [1] 27/10
crystallization [3] 18/14 25/10 30/18
crystallized [5] 14/7 14/11 16/10 30/11 30/23
currently [2] 5/13 24/17
cutoff [1] 6/2

D
D.C [4] 1/12 1/17 1/21 31/21
damages [2] 5/3 5/4
date [2] 21/21 25/25
daughter [1] 7/6
day [2] 4/5 18/19
dcd.uscourts.gov [2] 1/21 31/21
deadline [1] 6/5
deal [4] 10/6 10/6 10/7 21/18
dealing [1] 29/12
deals [4] 10/2 10/3 16/4 21/24
December [2] 6/5 17/3
decent [1] 28/8
decide [4] 11/24 16/14 20/21 26/1
decision [5] 3/9 11/21 14/14 20/2 29/7
decisions [1] 3/18
defamation [3] 14/24 15/2 19/23
definitely [1] 5/12
delay [2] 22/17 22/17
demanding [1] 15/19
demands [1] 22/16
demonstrate [1] 14/2
denial [1] 10/19
denies [1] 18/3
deny [2] 20/7 20/12
Department [11] 1/15 3/1 5/16 10/18 10/25 22/19 23/11 23/18 23/21 27/4 27/8
depending [1] 5/20
depose [2] 3/19 6/22
deposition [5] 5/15 7/1 7/3 7/4 27/6
depositions [1] 4/19
described [1] 15/18
did [1] 28/18
different [5] 16/17 19/22 20/23 29/13 29/13
difficult [1] 29/12
diligent [1] 14/5
diligently [1] 2/7
directions [1] 20/23
director [1] 2/21
disclose [1] 5/3
disclosed [1] 4/8
disclosure [2] 13/21 25/13
discovery [35] 4/13 4/25 5/4 6/1 6/4 6/5 6/11 6/13 6/21 7/2 7/14 7/15 10/15 13/4 13/22 15/1 15/24 16/21 16/22 16/24 17/1 17/10 17/13 17/15 17/18 17/19 17/25 18/2 18/21 19/1 21/19 21/19 21/24 25/16 30/13
discrete [1] 9/19
Discussion [1] 8/24
discussions [1] 11/5
dismiss [3] 16/19 16/24 22/24
dismissed [1] 17/8
dispassionate [1] 23/24
dispute [9] 10/15 12/10 14/6 16/10 26/16 28/20 30/4 30/11 30/13
Distribution [1] 2/12
district [9] 1/1 1/1 1/7 16/13 18/17 20/14 22/10 22/11 29/20
Division [2] 1/15 3/1
DNC [1] 15/18
do [17] 3/13 5/7 5/12 10/13 13/10 16/25 19/3 20/10 20/17 21/1 21/11 26/9 27/17 27/25 28/8 29/19 29/24
docket [2] 9/9 9/11
doctrine [1] 11/18
documentary [1] 19/23
documents [2] 3/11 17/16
Doe [1] 13/17
does [4] 13/19 19/6 21/22 30/10
doesn't [2] 11/3 18/18
don't [28] 3/24 4/10 5/25 7/23 10/9 11/7 11/12 12/15 13/13 13/23 13/24 14/10 14/12 17/2 17/7 18/8 18/16 20/1 21/21 22/1 24/3 24/6 24/7 24/10 27/9 27/13 28/15 30/12
Donald [1] 7/6
done [1] 14/4
Douglas [1] 14/19
down [2] 20/8 29/10
during [1] 23/9
duty [1] 22/20
duty-bound [1] 22/20

E
earlier [1] 24/16
easy [1] 27/16
either [1] 14/12
Elizabeth [2] 1/14 3/2
emphasize [2] 19/6 19/15
end [3] 12/8 18/19 30/25
endeavoring [1] 6/10
Engineering [1] 15/16
enough [3] 14/4 15/15 16/1
entertain [2] 20/16 26/7
entitled [1] 31/15
especially [2] 12/17 14/8
Esquire [3] 1/10 1/10 1/14
essentially [1] 17/16
establishes [1] 16/1
estopped [2] 11/21 12/11
et [2] 1/3 2/11
et al [1] 2/11
even [10] 4/4 7/22 12/11 13/21 16/17 16/25 26/5 26/14 30/10 30/22
ever [1] 16/13
everybody's [1] 3/6
everyone [1] 31/9
everything [1] 17/21
exact [1] 11/4
exactly [3] 3/7 5/22 14/18
example [3] 3/15 3/19 10/18
exceedingly [2] 15/20 16/8
exception [1] 16/8
executive [39] 1/5 3/13 4/1 6/23 7/11 7/18 7/21 9/4 9/20 9/22 11/8 12/21 14/10 16/10 16/14 17/11 18/4 18/5 18/9 18/10 19/7 19/13 20/21 21/9 21/13 21/20 22/25 25/24 26/11 26/19 26/25 26/25 27/1 27/10 27/19 28/17 28/20 29/2 30/11
exhausted [2] 13/4 15/24
exhaustion [6] 13/10 13/15 13/17 13/24 14/1 25/16
exist [1] 25/4
expect [3] 6/7 7/2 27/25
expected [1] 23/23
explain [1] 10/13
extended [1] 6/4
extensive [1] 4/23
extent [4] 3/18 10/14 11/3 19/2

F
fact [8] 6/4 10/2 11/13 13/18 17/10 26/21 26/22 28/16
fact-specific [1] 11/13
failure [1] 16/19
fair [3] 7/22 11/19 23/20
fairly [1] 27/12
falsely [1] 14/24
falsity [1] 15/2
favorable [1] 21/8
fears [1] 26/22
Federal [3] 1/16 3/1 3/3
figuring [1] 17/25
file [2] 6/19 29/16
filed [7] 3/21 5/5 6/11 6/12 9/10 21/17 27/8
final [1] 11/21
financial [1] 5/3
find [2] 10/16 10/23
first [5] 5/7 6/1 13/12 18/7 22/8
five [1] 29/5
flexible [1] 13/19
Floor [1] 1/12
Florida [15] 3/8 4/18 4/23 5/6 5/21 11/2 12/5 14/14 16/11 16/13 19/8 20/2 20/14 20/21 21/13
focus [4] 5/19 6/18 6/18 6/25
focusing [1] 19/23
folks [6] 3/4 3/17 6/19 10/6 13/8 26/5
follow [1] 29/8
following [1] 2/1
force [1] 30/20
foregoing [1] 31/14
Forgive [1] 9/14
form [3] 10/18 24/16 24/18
former [1] 22/14
front [6] 6/7 10/23 13/9 19/2 19/8 30/4
full [1] 11/19
further [2] 16/21 20/17
future [1] 18/11

G
get [18] 3/7 6/7 6/10 6/22 12/4 14/14 17/6 17/8 17/19 18/20

Case 1:25-cv-25894-JTK Document 155-1 Entered on FLSD Docket 09/08/2026 Page 35 of 39


G

get... [8] 18/21 18/23 18/25 19/7 22/1 22/3 28/7 29/16
getting [4] 2/6 12/21 16/6 21/16
give [1] 28/7
given [1] 31/1
glancingly [1] 7/10
go [6] 4/16 5/7 8/22 8/25 16/12 20/23
goalpost [1] 22/7
goes [1] 16/20
going [23] 5/16 7/23 8/4 11/24 17/6 17/21 17/24 17/25 18/17 18/18 23/5 24/4 25/23 26/7 26/24 27/5 27/15 27/17 27/17 29/6 30/3 30/22 31/4
gone [2] 4/25 14/7
good [4] 2/18 3/4 18/20 25/12
got [7] 5/8 12/24 13/1 13/9 15/4 23/16 28/9
government [8] 2/25 9/9 13/15 21/2 22/6 22/13 30/19 31/6
government's [1] 14/6
grand [8] 8/7 16/2 16/4 16/7 19/13 19/14 20/10 23/8
grant [2] 26/12 30/22
grants [1] 16/20
greater [1] 25/13
Greg [1] 7/13
ground [2] 18/4 29/15
grounds [2] 7/17 21/25
guess [7] 3/10 3/16 6/1 6/17 21/23 22/4 29/25

H

hack [1] 15/18
had [5] 6/5 6/20 11/6 11/19 25/17
hamstring [1] 18/18
hand [2] 14/15 27/23
handle [1] 20/11
handling [2] 23/14 25/18
happened [2] 17/3 17/21
happening [1] 28/25
happens [4] 5/20 13/10 17/2 17/7
hard [1] 26/6
has [35] 3/25 4/8 4/12 5/10 6/3 7/5 7/10 7/15 7/25 9/24 11/1 13/15 13/23 14/7 14/10 15/23 16/18 20/3 21/20 22/9 22/25 23/22 25/16 26/11 26/20 26/21 26/24 27/1 27/3 27/10 27/21 28/13 28/16 29/24 31/1
hasn't [1] 26/8
have [54] 2/17 3/13 3/15 4/5 4/11 4/17 4/20 4/22 4/25 5/5 5/14 5/15 6/11 6/12 6/15 6/20 7/1 7/4 7/7 8/3 9/10 11/4 11/11 12/20 12/21 12/22 12/23 13/4 14/4 14/4 14/14 14/17 16/17 19/11 21/4 21/17 21/21 22/2 22/4 23/7 23/23 24/14 24/18 25/2 25/12 26/2 26/4 26/17 27/22 27/25 29/22 30/17 30/20 30/25
haven't [3] 7/22 15/11 26/5
having [3] 2/5 5/3 14/15
he [15] 4/2 4/5 4/6 4/8 5/14 5/16 7/15 11/21 12/20 12/25 14/25 17/20 21/20 25/21 26/13
he's [2] 14/24 27/5
head [1] 21/5
heading [1] 24/1
hear [3] 2/3 23/24 24/6
hearing [12] 4/25 5/19 5/21 6/11 6/13 6/21 13/9 21/16 21/21 27/19 29/16 31/10
hearings [1] 27/25
held [3] 1/6 15/16 17/18
helpful [3] 24/11 25/17 30/13
her [3] 14/16 26/20 28/13
here [11] 2/6 2/9 3/8 5/21 6/21 10/23 15/12 18/16 21/1 23/11 29/4
hereby [1] 31/14
Hershman [1] 7/1
hesitation [1] 8/9
high [1] 12/7
highly [1] 19/18
him [4] 7/16 10/3 27/4 28/1
his [11] 5/2 5/3 5/4 5/17 7/6 7/14 21/19 22/21 22/24 23/18 26/13
hold [4] 8/22 9/14 13/17 23/4
hominem [1] 24/2
Honor [47] 2/2 2/18 3/23 6/3 6/24 7/12 8/2 8/7 9/6 9/8 9/11 9/17 10/12 10/15 10/16 10/24 11/1 11/3 12/6 12/18 13/14 14/8 14/18 15/13 15/18 15/21 19/5 20/6 20/8 20/12 20/17 22/6 23/3 23/7 23/10 23/20 24/21 25/3 25/22 26/10 27/8 27/11 28/13 29/4 29/19 30/5 31/1
Honor's [7] 5/7 8/9 13/25 14/12 21/14 29/8 29/21
HONORABLE [1] 1/7
hope [3] 2/2 6/8 6/15
hoping [1] 10/13
House [1] 7/16
how [5] 16/25 22/15 23/14 25/18 26/18
Howell [2] 11/4 22/14
Howell's [2] 19/16 28/24
hundred [1] 29/8
Hutchinson [1] 7/4
Hutchinson's [1] 26/18
hypothetical [1] 26/16

I

I'll [8] 8/12 22/22 25/6 29/16 30/21 31/4 31/5 31/6
I'm [21] 2/20 3/7 5/18 9/14 10/5 17/6 19/1 24/22 25/9 25/20 26/4 26/24 27/17 27/17 30/16 30/17 30/19 30/22 30/22 31/4 31/7
I've [2] 30/8 30/21
identification [1] 6/8
identify [4] 4/2 4/6 5/19 6/19
imagine [1] 27/12
implied [1] 14/25
important [4] 15/14 18/14 19/15 20/9
impose [1] 13/25
inappropriate [1] 23/14
incited [1] 14/25
including [4] 13/17 21/19 23/9 26/21
incredibly [1] 17/15
indicates [1] 20/14
individual [1] 23/19
individuals [1] 16/16
inform [4] 3/8 25/20 27/18 29/6
information [4] 2/22 6/22 16/2 30/12
informing [1] 29/16
injustice [4] 12/2 12/16 14/22 25/13
insight [1] 25/17
instance [2] 23/21 28/16
instructed [1] 7/16
instructing [1] 5/16
instructs [1] 27/4
interesting [1] 11/23
interrogatories [1] 4/19
interrogatory [1] 3/15
interrupting [1] 9/15
interruption [2] 8/21 10/21
invade [1] 20/9
investigation [5] 5/10 16/4 19/20 19/22 22/17
investigative [1] 22/16
irrelevant [1] 18/3
is [136] 2/6 2/22 3/3 3/11 3/21 3/24 3/25 4/17 4/21 5/8 5/9 5/14 5/16 5/24 6/1 6/1 6/3 6/5 6/13 6/17 6/25 7/21 8/6 8/14 8/17 9/2 9/8 9/13 9/19 9/25 10/1 10/3 10/13 10/14 10/18 10/25 11/5 11/12 11/17 11/21 12/5 12/7 12/8 12/16 12/18 13/2 13/3 13/13 13/17 13/17 13/20 13/20 13/25 14/1 14/2 14/3 14/6 14/6 14/18 15/3 15/8 15/19 15/23 16/10 16/21 17/6 17/7 17/10 17/25 18/3 18/14 18/17 18/18 18/20 18/20 18/25 19/6 19/18 19/21 19/22 19/25 20/8 20/12 20/20 21/2 21/8 21/13 21/15 21/17 21/23 22/6 22/6 22/13 22/20 22/23 23/5 23/18 23/23 24/8 24/19 24/20 24/22 25/7 25/13 25/14 25/15 25/18 25/19 25/20 25/23 26/2 26/7 26/13 26/16 26/16 26/18 26/20 27/6 27/7 27/10 27/12 27/15 27/17 27/20 28/14 28/19 28/20 28/21 28/24 28/25 29/1 29/12 29/14 30/9 30/18 31/14
isn't [2] 12/5 17/21
issue [15] 4/21 6/8 8/14 11/18 11/24 12/4 12/7 16/14 18/14 20/1 20/21 21/16 21/25 31/4 31/5
issued [1] 17/15
issues [3] 13/2 14/16 19/8
it [65] 2/6 3/11 4/5 4/22 5/18 6/3 6/5 6/13 6/14 6/15 7/20 8/1 8/2 10/8 10/10 10/19 11/13 12/3 12/4 12/5 12/12 13/16 14/1 14/2 14/2 14/10 14/22 15/3 16/17 17/3 18/1 18/3 18/25 20/1 20/4 20/11 20/25 21/2 21/7 21/9 21/10 21/17 22/1 22/1 22/12 22/17 23/16 25/17 25/19 25/21 26/16 27/7 28/5 28/5 28/5 28/6 29/9 29/21 29/24 29/25 30/9 30/21 30/25 31/4 31/9
it's [28] 4/9 11/17 11/23 12/3 12/15 13/19 14/20 15/14 15/15 15/15 16/1 16/11 18/3 19/3 19/15 20/9 20/10 22/8 22/8 22/17 26/6 26/23 27/14 28/4 28/4 28/6 28/9
itself [2] 4/5 22/25
Ivanka [1] 7/6

J

Jack [1] 9/18
Jacob [2] 7/13 14/9
JAMES [1] 1/7
January [9] 4/3 4/5 4/9 11/7 11/8 14/25 17/17 17/22 28/18
January 6 [8] 4/3 4/5 4/9 11/7 11/8 17/17 17/22 28/18
Jared [1] 7/12
JEB [1] 1/4
Jeremy [2] 1/14 2/25
job [1] 23/15
John [1] 13/17
join [1] 6/12
joined [1] 2/20
joining [1] 2/22
joint [1] 4/25
Jr [1] 7/6
judge [38] 1/7 4/18 5/6 10/14 11/2 11/4 12/5 12/9 13/9 14/14 14/15 16/12 16/13 16/13 16/25 17/17 18/1 18/2 18/10 18/17 18/17 19/8 19/16 20/2 20/13 20/14 21/7 21/15 21/24 22/8 22/10 22/14 23/22 25/18 25/20 26/7 27/18 28/24
judge's [6] 4/23 18/6 22/11 23/25 28/12 29/6
judges [3] 19/12 20/20 29/13
judicata [1] 11/18
judicial [5] 12/2 14/20 14/21 15/9 15/15
jurisdiction [2] 16/19 17/9
jury [8] 8/8 16/2 16/4 16/7 19/13 19/14 20/10 23/8
just [20] 3/21 4/5 8/18 9/3 9/15 10/2 10/3 10/5 10/7 16/1 17/2 17/11 18/3 20/1 26/5 26/24 27/1 28/14 29/9 30/2
Justice [9] 1/15 3/1 5/16 10/18 10/25 22/20 23/11 23/18 27/4
Justice's [2] 23/21 27/8

K

keep [1] 30/4
kind [3] 16/9 17/17 23/12
know [69] 3/24 3/24

K

know... [67] 4/9 5/9 5/22 6/15 7/14 7/23 9/10 11/1 11/2 11/7 11/12 12/7 12/16 12/17 13/20 14/15 15/14 15/25 16/2 16/6 16/15 16/16 16/18 16/25 17/7 17/7 17/15 17/16 17/19 17/24 18/1 18/16 19/11 19/12 19/13 20/1 20/6 20/20 21/1 21/15 21/17 21/18 22/12 23/8 23/15 24/21 25/2 25/2 25/9 25/25 26/17 26/21 27/13 27/14 27/21 28/1 28/15 28/15 28/19 30/8 30/9 30/9 30/10 30/10 30/12 30/14 31/1
knowing [3] 14/15 14/17 29/3
knows [4] 12/18 12/18 12/19 23/10
Kushner [1] 7/12

L

lack [2] 17/8 30/18
language [1] 15/25
last [3] 17/18 18/6 30/7
law [3] 12/12 13/16 13/19
lawsuit [1] 22/24
lead [1] 4/3
lead-up [1] 4/3
least [2] 4/20 20/3
led [1] 5/1
legal [1] 19/11
legitimate [1] 24/11
less [1] 6/6
let [9] 3/10 13/12 15/6 15/7 16/23 24/13 25/25 27/21 28/1
let's [2] 8/25 29/14
letter [3] 5/15 10/17 27/8
like [3] 7/20 9/25 25/24
limited [1] 4/5
line [5] 8/14 13/20 20/9 27/12 29/10
list [2] 6/19 7/20
listed [1] 3/14
litigate [1] 11/20
litigated [1] 14/17
litigating [3] 15/23 23/8 30/13
litigation [2] 2/22 22/21
little [3] 18/15 25/10 29/12
LLP [1] 1/11
lockstep [1] 8/4
lodged [1] 22/9
London [1] 2/23
look [6] 4/18 11/17 12/22 19/11 23/7 30/21
looked [1] 30/21
loses [1] 30/19
lost [1] 12/23
Ltd [2] 2/12 2/13
luck [1] 17/4

M

made [6] 15/11 17/20 24/12 25/12 26/2 28/9
magistrate [24] 4/22 5/6 10/14 11/2 13/9 16/13 17/17 18/2 18/6 18/10 18/17 19/8 20/13 21/15 21/24 22/8 23/22 23/25 25/18 25/20 26/7 27/18 28/12 29/6
make [5] 15/17 20/2 20/3 23/5 23/12
makes [2] 5/18 19/17
making [2] 23/11 29/7
many [1] 19/12
march [2] 8/4 13/6
March 2025 [1] 13/6
marked [1] 29/22
material [1] 15/23
materials [1] 13/21
matter [8] 4/9 12/11 15/18 15/22 25/18 30/14 31/2 31/16
matters [2] 23/8 25/3
Maxwell [2] 1/10 2/18
may [12] 3/19 10/6 10/16 10/23 18/1 23/2 23/2 23/2 26/10 28/5 28/5 29/19
maybe [15] 5/20 8/15 12/4 17/8 18/10 18/11 19/25 20/20 20/22 21/8 21/24 22/1 22/10 22/21 25/19
mc [2] 1/4 2/10
me [28] 2/3 3/2 3/10 3/11 9/3 9/14 12/3 13/7 13/12 15/6 15/7 16/23 18/25 19/2 20/2 21/2 21/5 21/7 22/12 24/13 24/15 25/17 25/25 27/21 28/3 29/16 29/18 31/7
mean [16] 6/11 7/25 11/25 12/15 16/15 16/23 20/24 21/22 22/13 23/14 24/7 24/8 24/9 24/10 25/9 25/11
meaning [1] 24/17
means [2] 27/9 28/18
meet [2] 4/3 4/24
meets [1] 30/14
memorialize [1] 31/5
mention [1] 3/20
mentioned [3] 18/7 21/4 24/16
merely [1] 4/2
merits [1] 30/20
met [1] 16/3
mid [1] 17/3
mid-December [1] 17/3
might [5] 26/23 28/21 29/9 30/4 30/12
mind [1] 17/20
mind-set [1] 17/20
minimum [1] 2/8
miscellaneous [1] 9/11
mischaracterization [1] 24/2
Mishkin [13] 1/10 2/19 3/10 9/2 16/15 18/7 21/1 21/11 23/7 23/17 24/16 25/11 28/7
Mishkin's [1] 17/13
mj [1] 6/7
more [10] 3/21 8/10 9/22 10/6 14/4 14/11 21/8 25/17 29/5 30/21
most [5] 4/3 5/13 10/11 20/11 30/8
motion [15] 4/25 5/5 6/11 6/13 7/9 10/19 16/18 18/7 20/16 21/16 21/17 26/7 26/12 27/12 29/20
motions [1] 16/24
motivation [1] 18/21
move [2] 15/6 22/7
moved [1] 7/5
moving [2] 5/23 16/9
Mr. [36] 3/10 3/20 5/13 6/25 7/1 9/2 10/2 14/8 14/9 15/6 15/7 16/15 17/13 18/7 18/15 20/25 21/1 21/6 21/6 21/11 21/23 23/5 23/7 23/17 24/12 24/13 24/16 25/11 27/3 27/7 27/13 27/24 28/2 28/7 29/21 30/7
Mr. Cipollone [8] 3/20 5/13 6/25 10/2 14/8 27/3 27/13 29/21
Mr. Hershman [1] 7/1
Mr. Jacob [1] 14/9
Mr. Mishkin [11] 3/10 9/2 16/15 18/7 21/1 21/11 23/7 23/17 24/16 25/11 28/7
Mr. Mishkin's [1] 17/13
Mr. Newman [13] 15/6 15/7 18/15 20/25 21/6 21/6 21/23 23/5 24/12 24/13 27/24 28/2 30/7
Mr. Newman's [1] 27/7
much [3] 8/9 19/10 31/3
multiple [2] 9/23 26/20
must [1] 15/17
my [8] 2/20 3/8 6/1 6/18 23/15 26/9 29/14 30/25

N

name [1] 2/16
names [4] 4/20 29/3 29/4 29/5
narrow [1] 17/14
narrowly [2] 9/2 25/15
necessarily [1] 30/22
necessary [6] 13/18 20/10 21/12 22/1 26/3 27/20
necessity [1] 15/22
need [11] 5/22 12/1 14/2 15/6 18/8 18/12 20/14 21/9 22/2 25/13 25/14
needing [1] 16/14
needs [1] 21/7
nestor [5] 1/19 1/21 31/19 31/19 31/21
never [2] 4/8 17/3
new [1] 6/4
Newman [14] 2/25 15/6 15/7 18/15 20/25 21/6 21/6 21/23 23/5 24/12 24/13 27/24 28/2 30/7
Newman's [1] 27/7
Newman,Esquire [1] 1/14
next [1] 29/14
Nick [1] 2/21
no [12] 1/4 8/3 9/17 10/3 12/24 13/4 15/24 16/21 20/24 21/13 22/24 24/14
Noise [2] 8/11 8/19
non [1] 15/2
none [1] 10/7
nonexecutive [1] 21/25
norm [1] 16/7
normal [2] 13/4 15/24
Northwest [3] 1/11 1/16 1/20
not [50] 5/16 6/13 7/16 7/21 8/3 11/24 12/11 12/12 13/18 13/20 13/20 13/24 14/2 14/6 14/14 14/16 14/21 15/15 16/1 16/10 17/11 18/11 19/1 19/2 19/17 20/1 20/9 21/22 22/20 23/5 23/24 24/20 24/22 24/23 26/4 26/12 26/24 26/24 27/4 27/5 27/10 27/11 27/16 28/5 28/6 29/9 30/16 30/17 30/17 30/22
note [1] 20/13
notice [2] 6/20 29/16
notices [1] 3/20
noting [1] 15/14
notion [1] 23/13
now [17] 5/4 6/5 6/19 6/25 8/10 9/16 11/25 17/23 17/24 18/9 19/15 21/4 21/16 22/9 22/18 23/22 24/1
number [2] 3/17 20/23
numerous [2] 16/12 17/12
NW [1] 31/20

O

object [1] 17/13
objection [6] 22/9 23/13 24/14 26/18 26/19 26/20
objections [6] 4/19 17/12 21/18 21/19 26/21 27/9
obtained [1] 13/22
obviously [3] 13/8 15/7 19/1
occurred [1] 27/21
October [1] 6/6
October 20 [1] 6/6
off [2] 8/9 8/24
office [2] 9/21 22/14
Official [2] 1/20 31/20
oh [6] 4/16 9/25 10/1 10/22 22/9 22/10
Oil [1] 14/19
okay [12] 2/8 2/24 3/6 8/25 11/15 13/1 20/24 24/9 25/8 25/9 30/7 31/8
oldest [2] 7/5 7/6
omnibus [1] 9/23
once [3] 2/16 5/5 9/21
one [14] 5/1 13/2 14/1 14/15 18/14 18/20 19/6 21/1 21/23 22/6 22/22 24/22 28/14 28/21
ones [4] 6/21 6/24 7/19 24/18
only [6] 5/8 14/2 21/12 26/25 30/17 31/4
open [1] 24/22
opinion [9] 10/1 10/3 10/4 12/20 13/25 14/13 17/24 23/25 28/24
opinions [26] 1/4 5/11 8/18 9/3 9/7 9/12 10/5 10/6 10/7 11/1 11/11 12/19 19/9 19/16 20/4 20/15 21/3 24/15 24/18 27/23 28/3 29/1 29/5 29/23 30/4 31/7
opportunity [1] 11/19
opposing [1] 7/9
order [3] 17/19 31/4 31/6
orders [12] 1/4 9/3 9/7 9/13 19/9 20/5 21/3 24/15 24/18 27/23 28/3 31/7
original [1] 6/18
other [19] 3/12 3/19 4/1 4/20 5/1 6/21 7/22 11/18 12/18 13/2 13/8 17/12 21/11 21/25 24/19 24/23 26/11 27/9 27/24
others [2] 5/22 21/5
our [13] 4/3 4/7 4/19 6/4 6/4 7/9 7/15 7/17 13/13 21/19 23/22 26/12 30/9
ourselves [2] 10/16 10/23
out [8] 4/7 5/9 14/7 15/12 15/21 17/4 17/25 22/15
outlined [1] 28/13
over [3] 19/13 27/13 28/20
overarching [1] 18/19
overbroad [1] 18/3

O
own [1] 5/3

P
p.m [2] 2/1 31/10
painting [1] 12/12
papers [1] 4/7
part [6] 3/24 5/8 5/9 9/24 26/4 28/20
participants [1] 2/17
particular [5] 9/20 10/24 11/6 16/9 19/23
particularized [2] 15/17 22/2
parties [1] 17/24
party [3] 14/1 15/17 15/23
past [1] 25/3
pause [1] 8/12
Pence [1] 7/13
pending [3] 14/21 16/18 20/16
people [13] 3/16 3/18 3/19 4/2 4/6 5/9 5/19 10/8 13/8 27/25 28/3 28/22 29/3
per [1] 13/20
per se [1] 13/20
percent [1] 29/8
perfectly [1] 24/11
personal [2] 16/19 17/8
personally [1] 24/8
perspective [1] 12/1
persuasive [1] 12/8
petition [2] 20/7 20/12
petitioner [2] 2/11 2/15
petitioners [1] 15/11
plaintiff [4] 18/18 20/3 23/6 23/24
plaintiff's [1] 4/4
plaintiffs [1] 17/3
playbook [1] 22/13
pleading [1] 6/20
please [3] 2/15 2/16 4/16
point [13] 9/13 10/9 12/6 18/20 19/7 19/9 23/4 24/11 26/9 27/7 27/19 28/19 29/14
pointed [3] 4/7 15/21 15/22
points [2] 19/19 30/7
portions [1] 19/16
position [4] 14/6 19/4 22/21 30/9
possibility [1] 20/8
possible [5] 3/11 6/16 12/2 12/16 25/12
posture [3] 10/17 20/20 20/22
potentially [1] 10/15
precluded [1] 12/4
preclusion [4] 11/18 11/25 12/7 20/1
preference [1] 29/21
prehearing [1] 4/24
prejudice [2] 5/25 20/13
premature [1] 18/8
premise [1] 13/12
presented [1] 18/5
President [25] 3/17 3/25 4/8 4/12 5/2 6/12 7/5 7/10 7/13 7/25 11/6 11/19 12/17 12/19 14/9 14/22 22/9 22/15 22/20 22/23 23/18 26/11 28/16 28/22 29/2
President's [5] 8/4 9/22 17/20 18/22 21/18
presiding [1] 19/13
press [1] 10/2
presumably [1] 10/20
pretty [2] 18/20 18/24
prevent [1] 15/1
previously [1] 9/8
principles [1] 29/6
privilege [48] 1/5 3/13 4/1 6/23 7/11 7/18 7/21 9/4 9/20 9/22 10/25 11/8 11/9 11/20 12/9 12/16 12/21 14/10 16/11 16/14 16/17 17/11 18/4 18/5 18/9 18/11 19/7 19/14 20/21 21/9 21/13 21/20 21/25 25/24 26/12 26/19 26/25 26/25 27/2 27/5 27/6 27/10 27/19 28/17 28/20 28/24 29/3 30/11
privileged [2] 5/17 26/15
privileges [1] 12/22
problem [1] 3/25
procedural [1] 10/17
procedure [2] 4/23 29/9
proceed [1] 29/20
proceeding [7] 9/23 12/3 14/21 14/22 15/9 15/16 22/24
proceedings [2] 2/1 31/15
process [5] 4/24 13/4 15/24 25/16 28/13
produce [1] 28/2
producing [1] 24/14
Production [1] 2/13
Programs [3] 1/16 3/1 3/3
proper [1] 10/25
properly [1] 28/10
proposal [1] 20/25
prosecution [1] 26/23
prospective [1] 14/21
protected [3] 7/17 11/8 11/9
provide [4] 7/16 25/4 25/6 31/6
provided [1] 25/3
public [1] 8/14
publicly [1] 5/11
pursuing [1] 14/5

Q
qua [1] 15/2
quash [1] 7/5
question [15] 4/11 5/8 6/1 6/18 9/2 11/20 11/23 11/24 13/3 15/1 18/25 21/15 25/11 25/15 28/17
questions [3] 11/4 11/11 27/16
quickly [3] 6/15 20/18 29/17
quite [1] 29/10
quote [1] 23/22

R
raise [2] 4/19 30/7
raised [2] 4/18 4/22
ranging [1] 19/21
rare [2] 15/20 16/8
rather [1] 16/7
rationale [1] 11/13
RE [6] 1/3 2/10 13/5 13/14 13/16 13/25
reached [1] 11/21
reaching [1] 18/4
read [2] 13/25 14/12
ready [2] 21/4 21/16
rearguing [1] 12/12
reason [3] 8/3 9/12 26/12
reasonable [1] 4/13
reasonably [1] 25/15
reasonings [1] 19/11
reasons [1] 15/13
received [2] 5/15 10/18
recent [1] 4/3
recently [1] 6/4
record [4] 2/16 8/23 8/24 9/1
records [3] 7/16 14/5 14/20
redacted [5] 9/10 11/10 19/9 19/17 24/19
redactions [2] 20/15 28/23
refused [1] 6/12
refuses [1] 4/6
regard [2] 3/14 13/7
regarding [1] 3/18
rejected [2] 11/14 19/13
relate [2] 3/12 21/3
related [8] 10/20 14/20 17/17 22/24 24/15 28/1 29/22 30/1
relating [3] 9/4 26/8 28/3
relation [1] 9/4
release [1] 26/3
released [3] 5/11 24/19 26/1
relevance [1] 17/12
relevant [3] 13/21 16/3 27/23
relied [1] 14/13
relief [1] 15/19
relitigate [1] 17/21
relitigating [1] 11/21
remains [2] 4/9 8/2
repeated [1] 9/22
reply [1] 18/13
report [2] 9/18 9/19
REPORTED [1] 1/19
reporter [5] 1/20 8/13 8/21 10/21 31/20
reporting [2] 10/3 18/23
representative [1] 23/15
representing [1] 24/22
request [4] 4/1 7/17 20/17 25/14
requests [4] 4/13 17/11 21/19 21/20
require [2] 27/17 31/6
requirement [4] 13/15 13/24 14/1 30/15
requires [2] 4/23 12/1
res [1] 11/18
res judicata [1] 11/18
reset [1] 17/23
resolve [2] 20/15 21/17
respond [1] 23/2
responded [1] 22/15
response [6] 4/1 4/12 7/15 12/20 22/15 28/17
responses [2] 7/14 22/5
responsive [1] 7/16
result [1] 18/24
reviewer [1] 23/25
reviewing [1] 29/23
right [24] 3/4 7/24 8/10 8/16 8/17 8/25 10/23 11/23 12/14 12/24 13/1 15/4 21/16 23/4 23/6 23/22 24/13 25/6 25/23 27/11 28/18 30/2 31/3 31/9
rights [1] 2/22
RMR [2] 1/19 31/19
rolling [1] 30/3
routinely [1] 23/12
rule [11] 13/20 14/16 15/8 16/24 16/25 18/9 18/10 18/17 18/18 27/22 28/7
Rule 6 [1] 15/8
rules [1] 22/8
ruling [6] 8/18 9/4 12/9 18/7 19/1 22/11
rulings [2] 3/13 19/10
runup [1] 11/7

S
said [10] 9/15 12/21 13/3 18/8 21/6 21/6 25/11 26/5 26/14 31/5
sake [1] 8/12
salient [1] 17/10
same [5] 11/22 11/22 16/5 22/13 23/12
saw [1] 3/20
say [30] 3/24 4/18 5/21 6/17 8/6 10/10 11/2 11/5 11/17 11/19 12/7 12/19 12/20 14/3 14/13 14/18 17/1 19/11 21/2 23/20 24/8 24/9 24/10 26/6 26/11 26/13 26/15 26/23 28/20 29/4
saying [4] 6/21 10/5 30/17 30/22
says [1] 21/23
scheduled [2] 6/14 6/14
scope [1] 17/25
scuttle [1] 5/2
se [1] 13/20
secrecy [3] 4/12 20/10 25/14
secret [1] 4/9
see [5] 11/10 17/2 17/6 20/15 26/9
seeing [1] 22/18
seek [1] 21/9
seeking [6] 9/3 9/7 11/16 17/14 17/16 18/3
seem [2] 12/3 20/4
seems [3] 18/25 20/1 21/2
seen [3] 3/15 8/3 11/1
Sells [1] 15/16
send [2] 21/2 21/4
sense [4] 3/7 5/14 5/18 10/12
serious [1] 23/13
serve [4] 7/2 7/3 7/7 7/8
served [4] 7/4 7/22 26/6 26/8
service [4] 7/10 16/16 26/13 26/14
set [3] 6/15 17/20 25/24
setting [1] 22/7
several [1] 15/13
Shapiro [2] 1/14 3/2
she [11] 7/5 19/17 19/18 25/21 25/22 25/23 26/20 26/21 26/22 26/23 26/24
she's [1] 19/17
should [2] 2/17 26/1
shouldn't [1] 26/14
show [3] 14/4 15/15 16/2
showing [4] 15/17 15/22 24/19 30/14
shown [2] 22/2 26/4
shows [1] 18/22
sight [1] 10/1
since [1] 18/16
sine [1] 15/2
sine qua non [1] 15/2
sit [1] 27/5
six [6] 7/20 8/20 9/5 21/3 24/15 27/25
sleeves [1] 30/3
slightly [1] 6/6
Smith [5] 13/5 13/14 13/16 13/25 15/22
Smith's [1] 9/18
so [57] 3/6 3/10 3/18 4/10 4/15 4/17 5/18 5/24 6/1 6/6 7/19 8/17

Case 1:25-cv-25894-JTK Document 155-1 Entered on FLSD Docket 09/08/2026 Page 38 of 39


S

so... [45] 9/2 9/17 9/25 11/1 11/3 11/17 12/3 12/11 12/15 13/7 13/23 14/3 15/7 15/11 15/13 16/10 17/5 17/12 17/23 17/25 18/10 18/11 18/23 18/25 19/3 19/6 19/21 20/6 20/10 20/11 20/17 21/1 22/19 22/24 23/12 24/6 24/13 25/6 26/6 26/9 26/15 26/23 29/2 29/8 29/22
solid [1] 26/3
some [10] 6/20 11/18 18/25 20/24 25/17 26/5 27/19 30/20 30/21 30/21
something [3] 4/17 20/25 23/13
son [1] 7/5
soon [1] 6/20
sorry [6] 8/22 9/14 10/22 25/20 30/19 31/7
sort [14] 4/23 7/10 9/7 12/7 15/25 16/7 17/23 18/23 20/22 26/6 28/12 28/23 29/5 30/14
sounds [1] 7/20
Spahr [2] 1/11 2/19
special [5] 5/10 9/18 9/21 22/14 22/16
specific [6] 3/11 3/14 3/21 11/13 11/13 19/18
specifically [1] 11/12
spectrum [1] 12/8
speech [1] 17/20
spoke [2] 4/6 4/8
squarely [1] 14/10
stage [1] 13/11
stand [2] 3/8 24/17
standard [4] 12/1 13/19 15/19 19/17
standby [1] 21/4
start [3] 3/10 14/3 15/14
starting [1] 4/10
state [2] 2/16 16/20
statement [1] 24/12
STATES [5] 1/1 1/7 1/14 2/13 14/23
STATUS [1] 1/6
stay [1] 29/14
still [3] 24/19 25/9 30/9
stimied [1] 9/21
Street [2] 1/11 1/16
strong [2] 15/17 30/14
struggling [1] 25/10
Studios [2] 2/12 2/13
stymied [1] 18/23
subject [2] 16/5 29/1
subpoena [6] 5/14 7/1 7/3 7/4 7/15 26/8
subpoenas [1] 7/2
subsequent [2] 6/20 16/5
such [3] 15/19 17/12 26/3
sue [1] 14/23
sued [1] 18/20
sufficient [2] 13/18 15/12
suggests [1] 13/19
suing [1] 23/18
suit [2] 16/5 19/23
supplemental [2] 3/20 6/20
Supreme [3] 13/23 15/3 15/16
sure [6] 3/23 10/5 10/22 15/5 26/4 30/16
surprise [1] 22/12
sympathetic [1] 19/3

T

tailored [1] 25/15
take [3] 12/6 22/10 23/13
taking [1] 15/1
talk [5] 5/12 5/13 13/13 28/18 29/17
talked [2] 4/2 28/22
talking [2] 9/15 18/15
tammy [7] 1/19 1/21 8/22 8/25 31/19 31/19 31/21
targeted [2] 4/13 17/14
tee [2] 5/5 27/19
teed [9] 4/21 5/13 11/5 26/16 28/4 28/4 28/6 28/10 28/19
tell [10] 3/11 3/23 4/14 4/20 10/1 12/20 13/7 22/22 26/24 27/24
terms [1] 16/16
test [1] 19/18
testified [1] 26/22
testimony [5] 5/17 7/11 8/1 8/8 26/15
than [5] 10/7 14/4 16/7 25/13 26/11
Thank [3] 2/24 31/3 31/9
that [214] 3/14 3/25 4/2 4/7 4/9 4/12 4/17 4/17 4/21 5/1 5/11 5/12 5/14 5/16 5/17 5/20 5/23 5/24 6/2 6/24 7/15 7/17 7/19 7/20 7/22 7/24 8/2 8/3 8/6 9/7 9/8 9/9 9/12 9/19 9/23 10/1 10/3 10/4 10/5 10/11 10/12 10/17 10/19 10/22 10/24 11/3 11/5 11/5 11/11 11/17 11/18 11/22 12/1 12/3 12/6 12/22 12/23 13/1 13/10 13/14 13/17 13/19 13/20 13/23 14/1 14/4 14/6 14/7 14/7 14/12 14/17 14/19 14/20 14/24 14/24 14/25 15/14 15/17 15/19 15/19 15/22 15/25 16/1 16/2 16/3 16/4 16/6 16/12 16/15 16/20 16/23 16/25 17/1 17/10 17/18 17/19 17/20 17/21 17/23 17/23 18/1 18/1 18/1 18/2 18/4 18/7 18/12 18/14 18/22 19/1 19/1 19/2 19/4 19/6 19/15 19/16 19/17 19/25 20/2 20/9 20/12 20/13 20/14 20/16 20/19 20/20 20/22 20/23 20/25 21/3 21/5 21/11 21/13 21/16 21/21 21/21 21/24 22/5 22/6 22/7 22/13 22/17 22/22 23/5 23/10 23/10 23/10 23/12 23/13 23/20 23/22 23/23 23/23 24/6 24/8 24/12 24/16 24/17 24/22 24/25 25/14 25/19 25/19 25/20 25/24 25/25 26/4 26/4 26/7 26/8 26/11 26/13 26/16 26/21 26/22 26/24 27/4 27/6 27/7 27/8 27/9 27/10 27/17 27/20 27/21 28/13 28/16 28/18 28/19 28/21 28/22 28/22 28/24 28/25 29/1 29/11 29/17 29/22 29/22 29/24 30/8 30/10 30/12 30/12 30/12 30/17 30/19 30/19 30/22 30/24 30/25 30/25 31/1 31/14
that's [12] 5/24 8/2 9/6 11/16 13/5 13/7 17/23 18/23 20/2 24/10 24/11 29/25
their [8] 2/17 7/11 8/1 17/18 18/19 18/23 24/17 26/15
them [8] 7/8 9/9 19/3 20/16 22/3 25/4 26/14 28/1
then [41] 4/24 5/21 6/9 6/19 7/13 7/23 8/8 9/2 9/3 9/20 10/8 10/15 11/4 12/4 14/25 15/11 16/6 16/6 16/9 17/2 17/3 18/21 19/3 19/16 21/5 21/5 21/7 21/9 22/1 22/24 25/9 25/25 25/25 27/22 28/2 28/4 28/5 28/6 28/7 30/4 30/24
then-Chief [2] 11/4 19/16
there [31] 3/13 3/19 3/21 5/9 6/1 6/3 8/21 9/8 9/19 10/3 10/14 10/15 10/21 13/2 13/20 14/1 16/10 16/11 16/21 17/11 19/11 19/21 20/4 21/13 24/4 24/12 24/23 25/16 26/2 28/14 30/20
there's [12] 10/4 11/25 13/3 16/4 20/24 22/12 22/22 22/24 23/13 24/5 25/12 28/8
these [29] 9/16 10/6 10/7 10/7 11/1 11/6 12/19 12/19 12/22 13/8 13/11 14/5 14/5 14/16 14/20 16/16 16/22 17/10 20/4 21/11 23/8 26/5 27/16 27/25 28/8 29/1 29/17 30/3 31/7
they [30] 3/12 4/18 4/20 6/22 7/17 7/23 8/1 8/3 9/10 11/2 11/20 14/17 17/14 17/19 18/2 18/5 18/20 18/21 18/22 18/23 18/25 19/8 19/11 20/14 20/22 22/7 22/7 24/17 24/18 26/3
they're [4] 9/10 12/11 12/12 19/7
They've [1] 17/15
thing [4] 12/18 19/6 21/1 21/23
things [7] 3/7 4/1 5/1 26/23 28/21 29/15 29/18
think [53] 4/7 8/3 8/6 8/9 8/14 10/16 11/25 12/15 13/7 13/10 13/16 13/24 14/3 14/7 14/10 15/14 15/25 17/5 17/7 18/11 18/13 18/19 19/6 19/15 20/6 20/7 20/9 20/19 21/8 22/6 23/10 23/17 24/1 24/10 24/11 25/10 25/11 25/11 26/2 26/2 26/4 26/6 27/9 27/17 28/8 28/9 29/24 30/8 30/9 30/12 30/20 30/24 30/24
thinks [1] 14/19
this [51] 3/6 3/9 4/13 5/5 5/11 5/19 6/8 8/14 9/13 9/25 10/1 10/8 10/20 11/17 11/20 12/8 12/9 12/9 12/18 13/13 14/18 15/8 16/9 16/12 18/13 18/18 19/6 19/25 20/21 22/13 22/22 22/23 23/13 23/14 23/19 24/13 25/18 26/1 27/14 27/15 28/12 28/20 29/12 29/18 29/20 29/22 30/1 30/10 30/21 30/22 31/2
those [16] 3/18 7/19 8/20 9/5 10/13 11/8 11/9 11/11 16/1 20/15 25/3 25/4 25/7 28/2 28/3 29/3
thought [1] 31/1
threat [1] 26/22
through [5] 4/25 13/22 17/24 27/3 28/13
thrown [1] 4/12
tied [1] 14/15
time [5] 5/1 6/15 18/6 25/24 27/12
timetable [1] 18/16
Tobin [2] 1/10 2/21
today [5] 2/9 2/20 8/7 27/14 27/15
told [4] 7/15 22/19 22/21 27/4
too [1] 8/9
tools [1] 13/22
total [1] 9/9
touch [1] 29/15
transcription [1] 31/15
transcripts [3] 8/7 8/8 31/7
treat [1] 27/13
trouble [1] 2/5
true [5] 8/2 13/7 16/6 18/23 27/7
truly [1] 13/3
Trump [6] 3/17 3/25 7/6 7/6 11/19 14/9
Trump's [2] 7/5 7/23
trust [1] 24/14
truth [2] 15/2 17/7
try [2] 18/21 31/5
trying [3] 3/7 7/7 14/16
Tuesday [1] 25/7
turned [1] 2/17
two [2] 10/19 24/21
two-way [1] 10/19
types [2] 23/10 28/25
typically [1] 16/24

U

U.S [2] 1/15 3/1
unable [2] 5/12 7/7
unclear [1] 28/6
under [4] 5/14 6/25 15/7 20/15
underlying [1] 19/19
understand [16] 3/12 9/8 9/18 11/10 12/22 18/13 19/5 23/16 24/9 24/10 24/24 25/1 28/21 28/23 29/9 29/11
undisputedly [1] 30/11
unfair [1] 18/24
unfairly [1] 5/25
unfairness [1] 20/8
unilateral [1] 6/13
UNITED [6] 1/1 1/7 1/14 2/13 14/23 23/15
unseal [6] 5/23 9/7 10/8 10/11 10/12 11/17
unsealed [1] 9/24
unsealing [2] 5/23 15/12

U

unseen [1] 10/1
untangle [1] 9/25
until [1] 27/6
up [18] 4/3 4/12 4/21 5/4 5/5 5/13 11/5 22/22 22/23 26/16 27/19 28/4 28/4 28/6 28/10 28/19 29/16 30/3
urge [1] 20/7
us [12] 2/22 4/20 5/4 5/16 7/14 7/15 8/5 12/17 12/20 12/21 27/4 29/3
use [1] 14/19
useful [1] 16/3

V

variation [1] 21/6
varies [1] 16/17
version [1] 9/11
versus [1] 2/13
very [2] 15/19 31/3
VIA [1] 1/6
Vice [1] 7/13
violence [1] 14/25

W

wait [3] 17/2 17/6 22/21
waived [1] 30/17
walk [1] 28/13
wall [1] 4/11
want [18] 3/12 3/14 3/19 3/22 5/7 5/12 5/25 6/22 10/10 21/12 22/7 24/6 27/13 28/14 28/21 29/9 30/2 30/7
wants [1] 22/23
was [7] 8/21 9/21 9/24 10/21 11/13 18/23 22/17
Washington [4] 1/12 1/17 1/21 31/21
way [9] 3/21 10/19 14/1 14/2 20/11 21/8 21/14 22/22 25/19
ways [1] 16/12
we [81] 2/5 3/24 3/24 4/4 4/7 4/22 4/25 5/4 5/9 5/11 5/12 5/14 5/15 5/22 6/6 6/10 6/11 6/12 6/14 6/15 6/17 6/18 6/22 7/1 7/2 7/4 7/7 7/7 7/14 7/23 8/3 8/6 8/22 9/6 9/8 9/15 9/18 10/13 10/16 10/17 10/23 11/7 11/10 11/10 11/12 11/16 11/17 12/6 12/20 12/21 12/22 13/13 14/4 14/4 14/13 14/17 16/25 17/2 17/7 18/16 20/6 21/15 21/17 21/21 22/17 23/12 23/14 24/1 25/2 26/16 27/8 27/11 28/11 28/15 28/15 29/5 29/8 29/12 29/19 30/4 30/12
We'd [1] 10/20
we'll [3] 28/19 29/14 29/17
we're [5] 2/9 9/12 17/2 20/20 24/4
we've [1] 31/5
week [1] 27/14
well [17] 2/22 3/5 7/3 7/11 7/12 7/25 8/2 9/17 10/23 13/12 17/1 21/14 22/4 27/3 29/4 30/4 31/5
were [11] 4/4 8/6 8/7 9/7 9/19 10/19 11/5 11/8 11/8 16/6 28/25
what [36] 3/11 3/22 3/24 3/24 5/10 5/20 5/22 6/17 8/6 8/6 8/17 9/17 10/13 11/2 11/12 11/16 12/18 12/19 13/16 14/15 17/2 17/6 17/25 21/6 22/4 22/17 24/8 24/9 24/10 24/19 24/20 27/12 27/17 28/15 28/15 31/5
what's [2] 20/15 24/14
when [16] 13/21 15/23 17/20 18/16 18/17 18/21 21/5 21/8 21/12 27/11 27/20 27/21 27/24 28/4 28/19 30/23
whenever [2] 13/9 16/3
where [4] 3/7 9/10 19/7 19/24
whether [16] 5/18 5/24 8/1 10/24 11/17 12/5 13/3 13/3 16/16 24/23 25/15 26/1 27/14 28/7 28/24 29/2
which [24] 3/8 3/24 5/1 5/8 5/8 5/9 6/11 11/5 11/12 13/13 14/3 14/13 17/6 18/7 18/20 18/22 19/10 19/12 19/18 20/20 21/20 22/20 22/23 25/7
White [1] 7/16
who [10] 4/8 5/9 6/21 6/25 7/1 7/4 7/7 7/14 23/18 28/17
whom [2] 14/9 28/6
why [7] 11/13 13/7 13/10 15/11 17/1 25/12 25/13
wide [1] 19/21
wide-ranging [1] 19/21
Wilcox [1] 2/21
will [14] 8/1 15/8 16/25 17/8 18/10 20/21 27/21 27/22 27/22 28/5 28/6 28/7 28/11 29/8
window [1] 14/8
wings [2] 17/18 23/23
wish [1] 21/6
without [4] 16/12 18/4 20/13 20/3
witnesses [14] 3/14 6/8 8/20 9/5 9/16 9/20 9/23 11/12 11/22 14/5 16/18 21/3 24/16 24/25
won't [4] 12/20 20/22 22/22 22/23
wondering [1] 5/18
words [6] 3/12 4/21 7/22 21/11 21/25 24/19
work [1] 27/18
working [2] 2/6 2/7
would [33] 5/17 6/17 6/25 8/6 8/8 8/10 10/11 10/19 11/19 12/3 12/7 14/3 14/13 14/22 16/2 16/3 16/7 17/12 19/6 20/4 20/7 20/12 20/16 20/19 21/12 23/20 23/23 25/17 25/24 26/10 26/15 29/21 29/25
wouldn't [5] 10/8 10/10 22/1 22/2 22/12
written [1] 7/2

Y

Yeah [2] 4/17 30/24
years [1] 23/9
yes [9] 2/4 6/10 6/24 9/17 12/11 15/10 24/21 29/25 30/1
yet [7] 4/21 6/14 7/21 14/6 21/21 26/4 26/6
you [150] 2/2 2/24 3/4 3/10 3/11 3/12 3/13 3/14 3/15 3/19 3/20 3/21 3/22 3/23 4/9 4/14 4/17 5/19 5/23 5/25 6/7 6/15 6/19 6/19 6/20 7/22 8/17 9/3 9/10 9/15 10/1 10/25 11/1 12/4 12/4 12/7 12/16 12/17 12/22 12/23 13/3 13/7 13/10 13/10 13/20 14/13 14/15 14/18 14/18 15/4 15/8 15/14 15/21 15/22 15/25 16/2 16/6 16/15 16/16 16/18 16/23 17/1 17/7 17/15 17/16 17/19 17/24 18/1 18/14 19/11 19/12 19/13 19/25 20/6 20/7 20/16 20/20 21/1 21/3 21/5 21/7 21/8 21/8 21/8 21/9 21/11 21/12 21/12 21/15 21/17 21/18 22/1 22/2 22/2 22/10 22/12 22/21 22/22 23/8 23/14 23/17 24/9 24/10 24/13 24/14 24/21 25/2 25/2 25/6 25/9 25/12 25/20 25/24 26/2 26/4 26/5 26/9 26/14 26/17 26/21 26/24 27/13 27/14 27/18 27/21 27/24 27/25 28/1 28/2 28/7 28/8 28/18 28/19 29/5 29/9 29/15 30/5 30/7 30/8 30/9 30/9 30/10 30/10 30/12 30/14 30/16 30/18 30/25 31/3 31/9
you'll [1] 25/25
you're [6] 17/5 23/5 23/5 29/22 29/23 30/3
you've [2] 13/8 28/9
your [63] 2/2 2/16 2/18 3/23 4/11 5/7 6/3 6/24 7/12 8/2 8/7 8/9 9/6 9/8 9/11 9/17 10/12 10/15 10/16 10/24 11/1 11/3 12/1 12/6 12/6 12/18 13/14 13/25 14/8 14/12 14/18 15/13 15/18 15/21 19/5 20/6 20/7 20/11 20/17 21/14 22/6 23/2 23/7 23/10 23/20 24/14 24/21 25/3 25/14 25/22 26/10 27/8 27/11 28/13 29/4 29/8 29/19 29/21 30/3 30/5 30/17 30/20 31/1

Z

ZOOM [1] 1/6