UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | |
|---|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | ) | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S UNOPPOSED PARTIAL MOTION TO SEAL CERTAIN EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S FORTHCOMING REPLY MEMORANDUM IN SUPPORT ITS MOTION TO DISMISS**

Pursuant to Local Rule 5.4 and the Protective Order entered in this action, *see* Dkt. 51, Defendant the British Broadcasting Corporation ("the BBC"), by and through its undersigned counsel, respectfully requests that the Court grant leave for the continued sealing of limited portions of certain exhibits to Plaintiff's opposition to Defendant's Motion to Dismiss, as well as certain limited portions of Defendant's forthcoming reply in support of its Motion to Dismiss, as the limited portions reference the already-sealed material.

**RELEVANT FACTUAL BACKGROUND**

On September 4, 2026, Plaintiff filed an Expedited Motion to File Documents Under Seal in connection with his upcoming opposition to Defendant's motion to dismiss, requesting that Plaintiff be able to file his opposition and supporting exhibits under seal because the contents therein have been designated "Confidential" or "Attorneys' Eyes-Only" by Defendant. *See* ECF 151. This Court granted the motion on the same day. *See* ECF 152.

On September 8, 2026, Plaintiff served unredacted copies of his opposition to Defendant's motion to dismiss, and on September 9, served Exhibits A to S on Defendant. The Exhibits are the same Exhibits that accompanied Plaintiff's original opposition to Defendant's Motion to Dismiss the original Complaint, and the Honorable Judge Altman granted Defendant's Motion to Seal the same material that is sought to be sealed here. *See* ECF 83; ECF 87.

Defendant's reply in further support of their motion to dismiss is due to be filed on September 15, 2026. Having reviewed Plaintiff's opposition and exhibits and Defendants' forthcoming reply brief and exhibits, consistent with the Protective Order and Local Rule 5.4, Defendant now moves this Court to maintain certain of those filings under seal in whole or in part, consistent with the sealing granted in the prior round of briefing. *See* ECF 87.

**LEGAL STANDARD**

In this Circuit, "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). That right of access, however, can be overcome "by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Parties seeking to file documents under seal in this Court must make this showing of good cause and also comply with the requirements of Local Rule 5.4. Defendant submits that good cause exists to continue to seal limited portions of the exhibits to Plaintiff's opposition to their Motion to Dismiss and Defendant's reply in further support of its motion, in order to protect confidential business information and private, personally identifying information, and that the instant motion complies with Local Rule 5.4. Plaintiff does not oppose the relief requested in this

motion.

**ARGUMENT**

**A. Good Cause Exists to Seal the Confidential Information at Issue.**

Defendant seeks to seal certain descriptions of commercially sensitive and personally identifying information that have been designated as Confidential or Attorneys' Eyes Only under the Protective Order in this case. Defendant has limited the information it moves to seal, seeking only to apply narrow redactions to certain exhibits and to its reply brief, and to seal only two exhibits in full. *See Romero*, 480 F.3d at 1246 (considering whether a "less onerous alternative to sealing" exists). The sealing would extend only to the sorts of "confidential information, such as . . . technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information" that courts in this District permit parties to redact or seal from otherwise-public filings. *CRubin, LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020). Defendant respectfully submits that the proposed sealing is the least onerous means available to protect the confidentiality of the information at issue.

***First***, Defendant seeks targeted redactions of pricing information for the Documentary. This information is proprietary, immaterial to the issues in this case, and would cause commercial harm to the BBC and its business partners if disclosed. The public interest in disclosure of this information is limited and does not outweigh Defendant's interests in applying narrow redactions to this commercially sensitive information. These proposed redactions are located in the transcript of Leo Telling's deposition (Ex. A),[1] a Secondment Agreement between the BBC and October Films (Ex. C), the Programme Production Agreement for the Documentary (Ex. D), and an email

[1] Exhibit letters referenced herein correspond to the exhibits to Plaintiff's response to Defendants' Motion to Dismiss.

chain regarding budgeting (Ex. R).

***Second***, Defendant seeks targeted redactions to certain personally identifying information of BBC employees, which is likewise sensitive and not material to the issues in this case, found in Exhibits G, P, R (cell phone numbers contained in email chains), and J (employee information in Richard Cooper's 30(b)(6) deposition transcript). *See Rav Bahamas, Ltd. v. Genting Am., Inc.*, 2026 WL 194459, at *5 (S.D. Fla. Jan. 26, 2026) (permitting redactions of "names of non-party individuals . . . and other personal identifiers" given privacy interests).

***Third***, Defendant moves to seal Exhibit N, a spreadsheet containing over half a million rows of raw, proprietary data on viewers of BBC's iPlayer streaming service, which the BBC maintains internally for purposes of audience analytics. Defendant does not seek to seal or redact the general descriptions of this spreadsheet contained in the Parties' briefing, or any of the corresponding legal arguments, but posits that the commercial and privacy interests in non-disclosure of this raw consumer data outweigh the public's limited interest in access.

***Fourth***, Defendant also seeks to seal Exhibit O, consisting of emails between BBC employees and the German soccer league Bundesliga regarding territorial restrictions on the U.K. broadcasts of its games, and to redact corresponding lines of Exhibit J. This information is proprietary, was produced as Attorneys' Eyes Only under the Protective Order without challenge, is not material to the exercise of personal jurisdiction in Florida, and would cause commercial harm to the BBC and its business partners if disclosed. The public interest in disclosure of this information is limited and does not outweigh Defendant's interests in protecting this commercially sensitive information, particularly given that the BBC does not move to redact those portions of

the Parties' briefs describing these emails.[2]

***Fifth***, Defendant seeks to redact the discussion of provisions in confidential contracts with certain BBC business partners regarding the BBC's geoblocking measures, contained in Exhibit J (Richard Cooper's 30(b)(6) deposition transcript) and in one line of Plaintiff's opposition brief. This information is commercially sensitive, subject to confidentiality restrictions in the BBC's contracts with those business partners, and is designated Attorneys' Eyes Only under the Protective Order.

***Sixth,*** and finally, consistent with Plaintiff's original request the Court provisionally seal the entire transcript of Dr. Lavian's June 15, 2026 deposition in a former round of briefing, *see* ECF 83 at 5, and this Court's grant of Defendant's Motion to Seal the transcript again in connection with its Motion to Dismiss filing, *see* ECF 136, Defendant seeks to redact discussions of that testimony in Defendant's reply brief.

Absent an order by this Court directing otherwise, by September 15, 2026, the BBC will file a public, redacted version of its Reply Memorandum in Further Support of its Motion to Dismiss pursuant to S.D. Fla. Local Rule 5.4. If the Court grants this Motion, Defendant will file sealed, unredacted copies of its reply brief, consistent with the Court's Rules and any corresponding order. *See* S.D. Fla. L.R. 5.4(b)(1) ("The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. . . . If the Court grants the motion to file under seal, then the moving party shall file any . . . document that has been authorized to be filed under seal via CM/ECF . . . as an attachment to a 'Notice of Sealed Filing' . . . .").

**B. This Motion Complies with Local Rule 5.4**

[2] If the Court denies the motion to seal Exhibit O, Defendant respectfully requests that it be permitted to redact the personal phone numbers appearing throughout the document.

Defendant respectfully submits that this motion complies with the requirements of Local Rule 5.4, as it "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *See* L.R. 5.4(1).

To address the remaining requirements, Defendant proposes that sealing should be permanent, as the confidentiality concerns outlined above will not abate, or at least last until 90 days after conclusion of the case, including exhaustion of any appeals. *See id.* If the Court grants this motion to file under seal, Plaintiff has agreed to file any exhibits that have been authorized to be filed under seal via CM/ECF using the appropriate filing events and will serve copies of the same on all counsel of record. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this unopposed motion, grant Defendants leave for the continued sealing of certain exhibits to Plaintiff's opposition to its Motion to Dismiss, which Plaintiff has agreed to file, and Defendant's forthcoming reply in further support of its Motion to Dismiss, and provide such other and further relief as the Court sees fit.

Dated: September 11, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on September 11, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin

**LOCAL RULE 7.1(a) CERTIFICATION**

Pursuant to Local Rule 7.1(a), the parties hereby certify that all parties conferred in good faith and have agreed to the relief requested herein.

*/s/ Charles D. Tobin*
Charles D. Tobin