UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S OPPOSED MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF RULE 45 SUBPOENAS ON THIRD PARTY ERIC HERSCHMANN**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel, respectfully moves this Court for authorization to serve third party Eric Herschmann with Rule 45 subpoenas via alternative methods. Mr. Herschmann has personal knowledge and likely has possession, custody, or control of records relevant to multiple elements of Plaintiff's claims against the BBC, yet the BBC has been unable to serve him with a Rule 45 subpoena.

The BBC has endeavored to resolve this issue without seeking the Court's assistance. The BBC attempted service on Mr. Herschmann four times at his residential and work addresses. The BBC then attempted to contact Mr. Herschmann directly—sending the subpoena to his professional email and following up. Additionally, the BBC sent courtesy copies of the subpoena to each of the four office locations of Mr. Herschmann's law firm, Herschmann Benson Bowen LLP. Despite these efforts, the BBC has been unable to receive a response from Mr. Herschmann. The BBC therefore asks this Court for the modest relief of authorization to serve Rule 45 subpoenas on Mr. Herschmann via any alternative method(s) this Court prefers.

## BACKGROUND

Plaintiff's central claim in this lawsuit is that the BBC defamed him by including in a 2024 documentary a clip of the speech that he delivered at the White House Ellipse on January 6, 2021. According to Plaintiff, the way in which that clip was edited conveys the allegedly false implication that he "incited" or "fomented" the riot and assault on the U.S. Capitol that followed his speech. Am. Compl. ¶¶ 54, 107, 125, 135(c) (ECF 124). Because Plaintiff is a public official and the speech at issue relates to a matter of public concern, Plaintiff bears the burden of proving that this implication is false. *Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986). Moreover, because Plaintiff claims that Defendants defamed him by altering his own statements, he must prove that this "alteration results in a material change in the meaning" of the statements that he delivered on January 6, 2021. *Masson v. New Yorker Mag.*, 501 U.S. 496, 517 (1991).

Because proving falsity is a central element of Plaintiff's claim, the BBC "is entitled to discover Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," including "whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm." *See* Omnibus Order Following Discovery Hearing on J. Mots. for Discovery Hr'g (the "Omnibus Order) at 9-11 (ECF 120). Mr. Herschmann without question has personal knowledge and likely also has possession, custody, or control of records relevant to these exact issues. For example:

- Mr. Herschmann was involved in preparing Plaintiff's speech, giving feedback regarding factual statements made in the draft remarks and flagging material he believed came from discredited sources. *See* Apr. 6, 2022 Interview of Eric Herschmann, Select

Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol ("Herschmann Tr.")[1] at 20:25-21:21.

- Mr. Herschmann went to the Ellipse before Plaintiff's speech "to temper some of the emotions that were running high" and spoke with Plaintiff shortly before Plaintiff delivered the speech. *Id.* at 45:1-8, 53:11-54:2. In that conversation with Plaintiff, Mr. Herschmann urged Plaintiff to "look forward" and "talk[] about the positive things that had happened" in his presidency. *Id.* at 53:11-54:2. Mr. Herschmann stayed for part of the President's remarks, before returning back to the White House. *Id.* at 56:21-57:3.

- When Mr. Herschmann became aware of the violence at the Capitol, he went to the Plaintiff and his Chief of Staff Mark Meadows in the President's dining room, and personally observed Plaintiff while Plaintiff learned of news that violence had broken out at the Capitol. *Id.* at 65:4-66:14.

- After violence had broken out at the Capitol, Mr. Herschmann had discussions with Plaintiff directly and through Mark Meadows about putting out a statement in response to the violence at the Capitol, that "Anyone who entered the Capitol without proper authority should leave immediately." *Id.* 66:16-67:18, 69:22-24. Plaintiff did not put out the statement. *Id.*

- Mr. Herschmann, along with Mark Meadows, and potentially another individual from White House counsel, put together remarks for Plaintiff's videotaped statement on January 6, telling rioters to go home. *Id.* at 95:6-97:6. Plaintiff did not read from the prepared remarks. *Id.* at 97:1.

- Mr. Herschmann reviewed the draft of Plaintiff's January 7 remarks, titled "Remarks on National Healing," and spoke with key stakeholders about "what was going to be said." *Id.* at 211:18-212:4.

In addition to his personal knowledge on these issues, which bear on Plaintiff's burden to prove that it would be materially false to imply that he incited violence on January 6, Mr. Herschmann also would have personal knowledge of Plaintiff's reputation before and after the Documentary, which bears on Plaintiff's additional burden to prove that the challenged edit in

---

[1] *Available at* https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000062567/pdf/GPO-J6-TRANSCRIPT-CTRL0000062567.pdf.

the documentary actually and proximately caused him the reputational harm he alleges. *See, e.g.*, *Zimmerman v. Allen*, 2014 WL 3731999, at *9 (Fla. 18th Jud. Cir. June 30, 2014) (rejecting defamation claim because, "[i]n Florida, a defamation plaintiff not only must plead and prove actual injury, he must also demonstrate that the allegedly defamatory statements proximately caused that injury"), *aff'd*, 212 So. 3d 376 (Fla. 5th DCA 2015); Robert D. Sack, *Sack on Defamation* § 10:5.1 & n.210 (5th ed. 2017) (observing that "something beyond the plaintiff's own expressions of hurt or grief is—or should be—required" to prove reputational injury, and noting that such evidence can be found in "[t]estimony corroborating the injury" from "family members").

Given Mr. Herschmann's knowledge on these topics, the BBC has attempted to serve document subpoenas on him pursuant to Rule 45, but the BBC has been unable to do so. The BBC has attempted multiple times to serve Mr. Herschmann's subpoena via personal service to his residential and business address, however, each time, the BBC's server was not permitted to go to Mr. Herschmann's unit. Tobin Decl., Ex. A. The BBC also sent courtesy copies of the subpoena to Mr. Herschmann's professional email address, which is advertised on his law firm website, and to each of the law firm's four addresses. *Id.*, Exs. B-M. The BBC has not received a single response from Mr. Herschmann from any of these approaches.

In light of the Omnibus Order, the BBC has narrowed its document subpoenas to Mr. Herschmann. The BBC is amenable to serving this subpoena, as well a deposition subpoena, on Mr. Herschmann via any method(s) preferred by the Court, such as by certified mail to his home and work addresses, or otherwise.

## ARGUMENT

Rule 45 provides that service of a third-party subpoena "requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "As to what is meant by 'delivering a copy' of the subpoena, the Eleventh Circuit has not ruled on whether Rule 45 requires personal service." *BG Strategic Advisors, LLC v. FreightHub, Inc.*, 2023 WL 114864, at *4 (S.D. Fla. Jan. 6, 2023) (internal marks omitted). Thus, "some courts have found that service of a subpoena implicates personal service," but "substantial recent authority" within the Eleventh Circuit supports "that Rule 45 does not require personal service; rather it requires service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (collecting cases); *see also TIC Park Centre 9, LLC v. Cabot*, 2017 WL 11712069, at *4 (S.D. Fla. June 9, 2017) ("[T]here is nothing in the plain language of Rule 45 that requires in-hand service or prohibits alternative means of service. Furthermore, the Court will not read requirements into Rule 45 that were omitted by the drafters, especially when other sections of the Federal Rules expressly require personal service, while Rule 45 does not.").

Given this uncertainty, the BBC has endeavored to personally serve Mr. Herschmann's Rule 45 subpoena multiple times and also has sent Mr. Herschmann the subpoena via methods that are reasonably calculated to ensure its receipt, to no avail.

The BBC's attempts to serve Mr. Herschmann are detailed below:

1. <u>May 6, 2026:</u> Based on publicly available information, the BBC sought to serve Mr. Herschmann at 210 Lavaca Street, Unit 3009, Austin, Texas 78701—an address for a high-rise condominium building, that appears to serve as both his business address for his law firm, Herschmann Benson Bowen LLP, and his personal residence. *See* Tobin Decl., Ex. A. On May

6 at 12:20 p.m., the BBC attempted to serve Mr. Herschmann at this address—the BBC's process server confirmed that the building's concierge called Mr. Herschmann and left a voice message for him. *Id*. The BBC's process server left his card with the concierge and requested that it would be given to Herschmann. *Id.*

2. May 8, 2026: Two days later at 11:30 a.m., the BBC's process server returned to the same address and spoke to the same concierge. *Id.* The concierge told the BBC's process server that he had not heard back from Mr. Herschmann, but that he would let Mr. Herschmann know that the BBC's process server came back to reattempt service. *Id.*

3. May 12, 2026: The BBC's server again attempted service at 3:50 p.m., and spoke to the same concierge, with "no change," and reported that the concierge would not allow access to the units. *Id.*

4. May 13, 2026: The next day, the BBC's server returned to reattempt service at 7:00 p.m. The concierge again called Mr. Herschmann's unit, but received no answer. *Id.*

5. July 8, 2026: The BBC's counsel emailed Mr. Herschmann directly, attaching its subpoena, at his business email address, EHerschmann@hbb-firm.com, publicly available on Mr. Herschmann's law firm website biography. *Id.*, Exs. B & L. The BBC's counsel received no response. Tobin Decl. ¶ 4.

6. July 14, 2026: The BBC's counsel then followed up about one week later, using the same email address, asking Mr. Herschmann for a response to the subpoena and additionally notifying him that the BBC planned to depose him. *Id.*, Ex. C. The BBC's counsel received no response. Tobin Decl. ¶ 6.

7. July 27, 2026: The BBC's counsel sent courtesy copies of the subpoena via FedEx to each of the four office addresses for Mr. Herschmann's law firm, Herschmann Benson Bowen

LLP, available on the firm's website. *See id.*, Ex. D-K, L. Mr. Herschmann did not respond to any of the letters. Tobin Decl. ¶ 15.

Even if this Court did not find that the BBC's multiple attempts of delivery of its subpoena to Mr. Herschmann via personal service, email, and FedEx were already sufficient to effectuate personal service under Rule 45, courts in the Eleventh Circuit have permitted substitute service under Rule 45 "when it is reasonably calculated to insure receipt of the subpoenas by the witnesses." *TIC Park Centre 9*, 2017 WL 11712069, at *3. On this record, it is reasonable to infer that Mr. Herschmann is aware of the BBC's attempts to serve him with a subpoena with respect to this case. The BBC has attempted personal service at his residential and business address four times, at various times of day over the course of a week, and the concierge's ability to call Mr. Herschmann and leave voice messages for him all but confirms that the BBC possesses the correct address. Additionally, the BBC has reached out by email and FedEx to Mr. Herschmann's law firm email and business addresses, which *he* presents as his contact information. *See* Tobin Decl. ¶ 17. It is unlikely, that as a practicing attorney, Mr. Herschmann is unable to access messages sent to his law firm email, or that letters sent to his firm, of which he is a name partner, would not be directed to him. *Cf. id.*, Ex. N (Motion to Appear *Pro Hac Vice* at 1, 2 ¶ 4, *Lindemann v. United States*, No. 1:26-cv-21836 (S.D. Fla. March 31, 2026) (ECF 10) (representing before this Court that Mr. Herschmann's business address is 210 Lavaca Street, Unit 3009, Austin, Texas 78701 and that the Court may notify him at EHerschmann@hbb-firm.com)); *id.*, Ex. O (Plaintiffs' Reply Memorandum, *Lindemann v. United States*, No. 1:26-cv-21836 (S.D. Fla. Aug. 21, 2026) (ECF 31) (filing as recently as August 21, 2026)).

Under these circumstances, this Court can and should authorize the BBC to serve the subpoenas via methods, other than personal service, that are "reasonably calculated to ensure receipt of the subpoena by the witness[es]." *TracFone Wireless*, 330 F.R.D. at 616. The Court has various options in that regard, including authorizing service by email, mail, and notice to the witness's attorney. *See, e.g.*, *BG Strategic Advisors*, 2023 WL 114864, at *6 (authorizing service of Rule 45 subpoena by certified mail, email, and notice to the witness's counsel); *Spanel v. AHL Assets LLC*, 2023 WL 12206751, at *2 (S.D. Fla. Apr. 12, 2023) (same, by email to the witnesses' counsel and by certified mail); *TracFone Wireless*, 330 F.R.D. at 617 (same, by FedEx and UPS); *TIC Park Ctr. 9*, 2017 WL 11712069 (same, by email and U.S. Mail).

The BBC respectfully submits that authorizing service by certified mail to Mr. Herschmann's home and business addresses and by email would be reasonably calculated to ensure receipt by Mr. Herschmann. As noted above, however, the BBC is ready and willing to employ whatever alternative method(s) of service that this Court may prefer.

## **CONCLUSION**

For the foregoing reasons, the BBC respectfully requests that this Court grant this motion and authorize the BBC to serve Rule 45 document and deposition subpoenas by alternative means on Eric Herschmann.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Counsel for the BBC certify that they attempted to confer with Plaintiff's counsel via email on September 17 and September 22, 2026, in a good-faith effort to resolve by agreement the issues raised in this motion. They were unable to do so because Plaintiff's counsel did not respond.

Dated: September 23, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on September 23, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin