**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-25894-KUNTZ and 1:26-mc-26171-KUNTZ**

**PRESIDENT DONALD J. TRUMP**,
an individual,

Plaintiff,

v.

**BRITISH BROADCASTING CORPORATION**
**a/k/a BBC**,

Defendant.
_______________________________________________/

**ORDER CONSOLIDATING CASES AND QUASHING SUBPOENA**

THIS MATTER came before the Court on Non-Party Cassidy Hutchinson's Motion to Quash Subpoena. The motion was filed in the United States District Court for the District of Columbia, case number 1:26−mc−00120. That court, without opposition, transferred the motion to quash to this Court, and it was assigned a new case number 1:26-mc-26171. The Court sua sponte consolidates the motion to quash, case number 1:26-mc-26171, with the main case, case number 1:25-cv-25894.[1]

In the motion, Cassidy Hutchinson argues the subpoena is unduly burdensome and requires her to testify to matters irrelevant to this lawsuit after she already gave thirty hours of testimony under oath. If that were not enough, Ms. Hutchinson points out that she is presently the subject of a criminal investigation

[1] This order will be filed in both cases.

by the Department of Justice, a federal agency under the supervision of the Plaintiff in this lawsuit. After carefully considering the briefing on the motion to quash, the docket, and applicable law, the Court quashes the subpoena.

***Background***

On July 27, 2026, Defendant, the British Broadcasting Corporation, issued a subpoena for deposition to Ms. Hutchinson. It was apparently one of forty-seven non-party subpoenas issued at the time by the BBC. [26–mc–00120 ECF No. 1, pg. 6].[2] Ms. Hutchinson moved to quash the subpoena under Rules 26 and 45 [26–mc–00120 ECF No. 1]. She argued the subpoena seeks testimony that is irrelevant to any party's claim or defense, subjects her to undue burden, and would subject her to oppression and harassment. She also notes that she already gave more than thirty hours of sworn testimony to Congress.

In response[3], the BBC argues the central claim in this lawsuit is that the BBC defamed the Plaintiff in this case, President Donald J. Trump, in a documentary clip of a speech delivered on January 6, 2021. [26–mc–00120 ECF No. 13]. The BBC argues President Trump has the burden of proving the way in which that clip was edited conveyed the allegedly false implication that he "incit[ed]" or "fomented" the riot and assault on the U.S. Capitol that followed the Speech. *Id.*

[2] The 174 filings on the docket in the case include additional requests for subpoenas that are pending before Magistrate Judge Lett. [25-cv-25894 ECF Nos. 127 and 174].

[3] The Court allowed both President Trump and the BBC to file a memorandum in response to Ms. Hutchinson's motion to quash if they chose to do so. Only the BBC filed an opposition. As a result, the Court assumes President Trump takes no position on the BBC's subpoena.

According to the BBC, President Trump "must affirmatively prove that he did not foment or incite the January 6 Capitol riot. *Id*. at pg. 2. And, according to the BBC, Ms. Hutchinson's testimony is "highly relevant" to the issues in this case. *Id*. at pg. 4. They rely on Ms. Hutchinson's nearly thirty-hours of testimony before Congress and argue her testimony about the day in question touched on the mindset of President Trump and his closest advisors. *Id*. at 6.

In reply, Ms. Hutchinson notes that the United States Department of Justice is allegedly investigating her conduct and President Trump oversees the agency investigating her. [26–mc–00120 ECF No. 15]. She also argues the BBC fails to identify any non-duplicative testimony a deposition would product. Finally, Ms. Hutchinson points out that if she is compelled to testify she will invoke her Fifth Amendment privilege and decline to answer any questions.

***Analysis***

Turning to the merits of the dispute, "Federal Rule of Civil Procedure 45 protects the subpoena recipient by requiring the issuer to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and by setting out several mandatory and discretionary grounds for quashing a subpoena. See Fed. R. Civ. P. 45(d)(1), (3)." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). One generally accepted basis to quash a subpoena is irrelevance. *Id*. Another, written directly into the rule, is undue burden.

By its very nature discovery is somewhat of a burden. "But [d]iscovery involves the use of compulsory process to facilitate orderly preparation for trial, not

to educate or titillate the public." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). As the Supreme Court has reminded us, "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Rule 26(c)). This is such a situation, and such a case.

As Magistrate Judge Lett concluded in an earlier order in this case, "the scope of discovery is not unlimited in nature." [25-cv-25894 ECF No. 120, at 9]. Further, Judge Lett explained that "the Complaint does not extend so far as to entitle Defendant to relitigate and discover every aspect of the events of January 6, 2021 and seek discovery from any and all individuals who may have knowledge regarding the day's events." *Id.* at pg. 11. That is what the BBC attempts to do with Ms. Hutchinson.

Ms. Hutchinson testified for over thirty hours under oath before Congress. Her sworn testimony is available to both parties in this lawsuit. And, her testimony seems largely irrelevant to the narrow issue in this lawsuit. Now, facing a potential criminal investigation, Ms. Hutchinson has other reasons to avoid the deposition. And, the changes in circumstances mean she would invoke her rights under the Fifth Amendment if she was compelled to testify.

As Ms. Hutchison notes, the subpoena in this case is directed to the events of January 6, 2021. But this case is about a documentary aired by the BBC and, specifically, an allegation that the BBC "spliced" two statements together that were actually made more than 55 minutes apart. The parties should not turn the discovery

in this lawsuit into a fishing expedition. Nor one that unnecessarily burdens a non-party such as Ms. Hutchinson. And that it definitively does.

For those reasons, the Court quashes the subpoena served on Ms. Hutchinson. However, the Court notes that the parties are at a preliminary stage of this proceeding. In fact, a motion to dismiss remains pending. Should circumstances change, the BBC is permitted to file a motion seeking leave to issue a new subpoena. If they do so, the motion must be served on counsel for Ms. Hutchinson and must explain in great detail the specific circumstances that changed since the issuance of this order.

It is **ORDERED AND ADJUDGED** as follows:

1. The Non-Party Subpoena served on Cassidy Hutchinson is QUASHED.

2. Case number 1:26-mc-26171 is **CONSOLIDATED** into the main case, case number 25-cv-25894, and the Clerk of Court is directed to **CLOSE** case 1:26-mc-26171.

3. All pending motions in case number 1:26-mc-26171 are denied as moot.

4. As a result of the consolidation, no attorney that sought to appear pro hac vice in case number 1:26-mc-26171 shall be required to count that case for purposes of limits on pro hac vice appearances.

**DONE AND ORDERED** in Fort Lauderdale, this 24th day of September 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record.