UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

PRESIDENT DONALD J. TRUMP,

Plaintiff,

v.

BRITISH BROADCASTING CORP.,

Defendant.

Case No. 1:25-cv-25894-JTK-EAL

**MOTION FOR DISCOVERY HEARING RELATED TO COMPELLING PLAINTIFF'S DEPOSITION**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel and pursuant to the February 13, 2026 Order Setting Discovery Procedures (ECF 29), hereby files this Motion for Discovery Hearing Related to Compelling Plaintiff's Deposition.[1]

**RELEVANT FACTUAL BACKGROUND**

On December 15, 2025, Plaintiff filed this action against the BBC, alleging that the BBC defamed him and violated Florida's Unfair and Deceptive Trade Practices Act. *See generally* Am. Compl. (ECF 124). Discovery began on February 11, 2026, *see* ECF 26 (order on motion to stay discovery), and is set to close on December 18, 2026, *see* ECF 141 (amended scheduling order).

On July 10, 2026, the BBC first requested dates for Plaintiff's deposition. On July 20, 2026, Plaintiff served his First Supplemental Rule 26 Disclosures, which identified Plaintiff as the only individual outside of the BBC, its independent contractors, and October Films "likely to have any discoverable information that is relevant to the disputed facts in this action."

BBC's counsel subsequently followed up with Plaintiff's counsel to schedule his deposition on four separate occasions: July 14, July 17, July 27, and July 29. On July 27, 2026, BBC's counsel sent to Plaintiff's counsel a draft Joint Motion to Compel the Scheduling of President Trump's Deposition. On July 30, Plaintiff's counsel finally provided to the BBC's

[1] As set forth below, the BBC intended to submit this filing as a Joint Motion, but Plaintiff refused to provide a statement of his position on the dispute raised herein.

counsel a proposed date for Plaintiff's deposition, on the condition that the BBC would not file that joint motion. The parties agreed to set the deposition for October 16, 2026. In their July 30 email, Plaintiff's counsel represented that they would "begin the process of advising those who are responsible for handling the President's schedule and security detail" and "begin coordinating the location where [the deposition] will take place," which would be "subject to the discretion of the President and anyone else involved in the scheduling and security of this event." Plaintiff's attorneys further represented that they would provide BBC's counsel with a location and directed that "[t]o ensure the President's safety and avoid any national security issues," defense counsel should "not [] file any notice of deposition for the President publicly[.]" BBC's counsel agreed, without protest, to all of these requests.

After nearly six weeks of silence, BBC's counsel reached out again on September 16, 2026, seeking to confirm a location, agreeing not to disclose that location publicly, and inquiring whether the BBC would need to provide the names of those attending the deposition. Plaintiff's counsel indicated that he was "inquiring" and would "get back" to the BBC with a response. He did not.

On September 24, 2026, the BBC again asked for the location of Plaintiff's deposition and what information Plaintiff's security detail would require. Plaintiff's counsel responded on September 28, 2026, indicating that "the President is no longer available for his deposition on October 16 due to other matters of national importance" and that counsel would "endeavor to provide you with a replacement date by the end of this week." He did not.

On October 7, 2026, the BBC again asked Plaintiff to identify a new date, time, and location for his deposition. Plaintiff once more did not do so. Thus, on October 8, 2026, the BBC sent Plaintiff a draft of this motion (styled at the time as a Joint Motion); informed Plaintiff that if he was not "prepared to provide [the BBC] with new proposed dates, time, and location for his deposition by the close of business this week, the BBC intends to move to compel"; and asked Plaintiff to "[p]lease either provide the information to reschedule the deposition, or the Plaintiff's portion of this joint motion," by Friday, October 9 at 5:00 p.m. ET.

Instead of providing either the requested information or Plaintiff's portion of a joint motion, on the afternoon of Friday, October 9, Plaintiff's counsel informed the BBC's counsel that Plaintiff has no availability whatsoever for a deposition before discovery is set to close on December 18, 2026. Plaintiff's counsel proposed seeking to extend the discovery period and

insisted that if the BBC agreed, Plaintiff would make himself available for a deposition in the second or third week of January 2027. He did not provide any specific date.

**DISCOVERY DISPUTE REQUIRING RESOLUTION**

The BBC requires resolution of its dispute with Plaintiff over setting a date, time, and location certain for Plaintiff's deposition before discovery closes. A proposed order is attached as **Exhibit A** and the source materials are attached as **Exhibit B**.

Nearly eight months into discovery, after seven depositions of BBC witnesses, and with only two months of discovery remaining, the BBC still has not been able to depose, and does not even have a schedule to depose, the most central figure in this case: Plaintiff himself. Plaintiff's attorneys have delayed providing the BBC with the information required to notice that deposition under the Federal Rules of Civil Procedure and the Local Rules of this District. Those delays have flouted the cooperative spirit of discovery and precluded the BBC from obtaining the evidence necessary to robustly litigate its defense.

There is hardly a more crucial and relevant piece of discovery in a defamation lawsuit than the deposition of the Plaintiff. For that reason, a plaintiff's unwillingness to sit for a deposition can be perilous to his claim. *See Samadi v. Bank of Am., N.A.*, 476 F. App'x 819, 821-22 (11th Cir. 2012) (sanctions appropriate where plaintiff "refused to make himself available for a deposition within the time for discovery" and sought to condition his appearance on defendant's document productions); *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (plaintiff's failure to appear for deposition, after his continued failure to respond to defense motions, warranted dismissal). That is especially the case here, where "the contours of [Plaintiff's] message" in his speech on January 6, including "whether [he] gave it intentionally or otherwise," are key issues, *see* Omnibus Order (ECF 120) at 9, and where Plaintiff identified himself as the only non-BBC affiliated individual "likely to have any discoverable information that is relevant to the disputed facts in this action," *see supra* at 1.

This is not the first time a litigant has been forced to seek a court's help to secure Plaintiff's deposition. Just last year, in a lawsuit Plaintiff brought against his niece, defendant requested relief when she was "unable to secure President Trump's agreement—despite at least five requests in the past 10 weeks—to appear for a deposition on any specific date or dates before the close of discovery." *See* Jt. Ltr. at 1, *Trump v. Trump*, No. 453299/2021 (N.Y. Sup. Ct. July 31, 2025) (ECF 189).

Plaintiff's inability to confirm a deposition date is compounded by his refusal to provide a location or any of the other security details that are indispensable when deposing the President. Under Federal Rule of Civil Procedure 30(b)(1), "[t]he notice [of deposition] must state the time and place of the deposition and, if known, the deponent's name and address." The inability to issue a notice of Plaintiff's deposition also precludes defense counsel from holding him accountable in this Court, because under Federal Rule of Civil Procedure 37(d)(1)(A)(i), "[t]he court where the action is pending may, on motion, order sanctions" if a party "fails, *after being served with proper notice*, to appear for that person's deposition." (emphasis added).

There is no doubt that Plaintiff's deposition requires additional planning. The BBC has been willing to work with Plaintiff's counsel at every step to account for that. Ultimately, however, when a plaintiff chooses to "initiate [a] lawsuit in this forum within the procedures that govern this Court, including the Federal Rules of Civil Procedure," that plaintiff "must comply with the Rules governing discovery." *Arias v. Warner Bros., Ent. Inc.*, 2025 WL 3954843, at *1 (S.D. Fla. Dec. 16, 2025) (Lett, M.J.). One such rule is that a plaintiff "must make [himself] available" for deposition. *Watson v. Lemongrass RPP LLC*, 345 F.R.D. 247, 248 (S.D. Fla. 2023) (Reid, M.J.).

"[I]t is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process," especially because Plaintiff "was the party which filed this lawsuit." *U & I Corp. v. Adv. Med. Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008). Here, however, the Court has been required to intervene at every juncture to cajole even the most basic participation in the discovery process out of Plaintiff. Such intervention is now warranted again.

Plaintiff chose to file this lawsuit and, in doing so, he accepted the obligations of civil litigation. The BBC therefore asks the Court to compel Plaintiff to confirm a date for his deposition, notify the BBC of a secure location where such deposition is possible and any other logistics required to ensure Plaintiff's safety, and sit for the deposition, as the core rules of discovery require.

## CONCLUSION

Based on the above, the BBC respectfully requests that the Court take notice of and adjudicate this issue at the discovery hearing set for Thursday, October 22, 2026. *See* ECF 180.

Dated: October 13, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: *<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), I hereby certify that the BBC attempted to confer in good faith with Plaintiff prior to filing this motion, as described above.

*<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on October 13, 2026, which served the same electronically upon all counsel of record.

*<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin