UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S NOTICE REGARDING MOTION FOR DISCOVERY HEARING RELATED TO PLAINTIFF'S SECOND DOCUMENT PRODUCTION IN RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION, AND INTERROGATORIES [ECF 138]**

Defendant British Broadcasting Corporation (the "BBC"), by and through undersigned counsel and pursuant to the February 13, 2026 Order Setting Discovery Procedures (ECF 29) (the "Discovery Order"), hereby files this Notice to update the Court regarding the Plaintiff's second, inadequate document production, and to further inform the Court's consideration of the pending issues raised in Defendant's Motion for Hearing on Discovery Related to Plaintiff's Response to Defendant's First Set of Requests for Production, Requests for Admission, and Interrogatories. *See* ECF 138.

Nearly eight months into the discovery process, and almost three months after his first and only previous document production,[1] Plaintiff finally made a second document production to the

[1] As the BBC previously has informed the Court, Plaintiff's first production, served on July 14, 2026, also was clearly inadequate, as it consisted of 755 pages of documents Plaintiff's counsel downloaded off of the internet shortly before that disclosure and documents provided by the BBC to Plaintiff in response to its discovery requests. Across both the first and second productions, President Trump has failed to provide a single email, text, or other written communication that originated with him or anyone acting on his behalf, or communicated to him directly or indirectly.

BBC on October 2, 2026. This production consists of just twenty documents (of just 253 pages)—and as with his first deficient production, all of the latest produced documents either were provided *to Plaintiff by the BBC* in the BBC's document productions or were publicly available documents that had been retrieved from the internet in the days leading up to the production date. By contrast, over the course of the past eight months, the BBC has responded to Plaintiff's written discovery requests, serving to date thirteen productions comprising of 9,371 documents and totaling 114,266 pages.

The BBC raised the issue of Plaintiff's deficient production during a telephonic meet-and-confer on October 9, 2026, and then sent Plaintiff a deficiency notice later that day. *See* Ex. A. Plaintiff did not meaningfully respond with any commitment to cure the deficient production. Indeed, his counsel said they were uncertain whether there would even be another production at all.

With just two months of discovery remaining, Plaintiff has not even tried to comply with his discovery obligations. Neither production included documents that were even plausibly in Plaintiff's possession. Instead, Plaintiff has repeatedly sent back documents that the BBC already produced to him during discovery, and his counsel trawled the internet in the days before production to find publicly available webpages. This repeated pattern does not meet the standards of discovery, which require parties to conduct a "fulsome search of all relevant information and documents," consistent with the "duty to search custodians who may reasonably possess relevant information and documents." *See 777 Partners LLC v. Leadenhall Cap. Partners LLP*, 2025 WL 679429, at *4 (S.D. Fla. Mar. 4, 2025); *see also* Fed. R. Civ. P. 37(a)(4) (noting that evasive or incomplete disclosures must be treated as a failure to disclose). Plaintiff's refusal to "cooperate and act in good faith in attempting to resolve" the discovery disputes at issue, despite the BBC's

repeated efforts to do so, flatly violates this Court's Omnibus Order and conferral requirement. *See* ECF 120 at 14.

Plaintiff's second production re-emphasizes the need for an order from this Court compelling Plaintiff to rapidly begin meaningful searches and productions in this discovery process. It is clear that without a direct and firm mandate from this Court, he will not do so.

Furthermore, where parties "fail to conduct a thorough search and production, appropriate sanctions will follow." *777 Partners*, 2025 WL 679429, at *4. Plaintiff's second production provides clear grounds for sanctions. In this case, he has yet to produce a single document from his own possession, indicating that no "thorough search" has taken place. Indeed, Plaintiff's two deficient productions, arriving months after the BBC's written discovery requests, demonstrate that meaningful, substantive document productions will only follow if this Court intervenes. *See Rabello v. Bell Helicopter Textron, Inc.*, 200 F.R.D. 484, 488 (S.D. Fla. 2001) (imposing sanctions on party for a year-long delay on producing documents requested by the other party).

Plaintiff's conduct plainly prejudices the BBC. Courts in this Circuit have recognized that such a delay in the production of documents may benefit the producing party "by limiting the time available to review the belatedly produced documents and to depose witnesses regarding these documents." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 675 (M.D. Fla. 2008) (granting motion to compel and motion for sanctions). Without meaningful productions from Plaintiff, the BBC will not have sufficient time to review those future productions, effectively prepare for depositions, question witnesses about documents, serve follow-up discovery, identify, locate, and schedule new witnesses to depose, investigate possible arguments, and incorporate those arguments and any relevant documents into motions and briefing.

Plaintiff's lack of any serious effort further evinces bad faith. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (a court may exercise its inherent power to "sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013))). Plaintiff chose to file this lawsuit but refuses to accept the consequences of doing so by failing to engage in the discovery process. Indeed, while Plaintiff is willing to accept the BBC's document productions—which at this point amount to over one hundred thousand pages—and take the depositions of the BBC's witnesses, he evades his obligation to sit for a deposition himself, *see* ECF 181, regurgitates the BBC's own document productions back to it, and pulls sources off the internet the week before production instead of searching for responsive documents in his possession, custody, and control. This pattern of conduct flouts the proper discovery process.

For all these reasons and those set forth in its previous filings, the BBC respectfully reemphasizes its request from its Motion for a Hearing, ECF 138, and asks that the Court compel Plaintiff to begin meaningful document productions in response to the BBC's written discovery requests and provide a schedule for when he will do so,[2] consider imposing sanctions against Plaintiff in the form of an award of attorneys' fees and costs expended in having to demand the basic premise of a reciprocal discovery process, and provide any further remedies that this court deems just and proper, up to and including dismissal of the case in its entirety.

[2] For the Court's convenience, a compilation of the Parties' still-disputed written discovery requests listed in full is appended as Exhibit B.

Dated: October 16, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: *<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on October 16, 2026, which served the same electronically upon all counsel of record.

*/s/ Charles D. Tobin*
Charles D. Tobin