# Exhibit A

Ballard Spahr LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

October 9, 2026

***Via E-mail***

Alejandro Brito
BRITO PLLC
2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
abrito@britopllc.com

**Re: *Trump v. BBC*, Case No. 1:25-cv-25894 (S.D. Fla.)**

Dear Mr. Brito:

We write regarding Plaintiff's utterly deficient second document production, sent to the BBC on October 2, 2026. Plaintiff must begin producing responsive records immediately, as the deficiencies must be remedied without delay.

Although discovery in this case began on February 13, 2026 upon the entry of the Order Setting Discovery Procedures, ECF 29, and is set to close in approximately two months on December 18, 2026, Plaintiff has made *no* substantive or meaningful document productions to date. Instead, on July 14, 2026, Plaintiff sent the BBC 135 documents, consisting of 755 pages, of material that was already accessible to the BBC or available to the general public. Moreover, the publicly available documents that Plaintiff produced were all pulled from the internet in the two weeks preceding his production date.

Most recently, on October 2, 2026, Plaintiff made his second production—this time of only *twenty* documents. This production is especially threadbare compared to the BBC's document productions, which currently total to thirteen productions, 9,371 documents, and 114,266 pages. Even beyond the paltry page count, Plaintiff's latest "production" is facially improper and woefully insufficient. Out of the twenty documents produced:

- Fourteen of the produced documents are documents that *the BBC* produced to *Plaintiff*;

- One document is a published BBC article from 2021 about January 6, which Plaintiff cited in his Complaint; and

- The remaining five documents are PDFs of publicly accessible BBC.com and BBC Studios web content, all downloaded by Plaintiff's counsel on September 25, 2026, a week before the second production.

Eight months into a ten-month discovery period, therefore, Plaintiff has yet to produce a single document that was not given *to him* through this lopsided discovery process or that his counsel did not hastily pull from the internet.

Plaintiff's productions are so deficient and valueless that his conduct plainly prejudices the BBC. The record shows that the BBC has repeatedly made meaningful productions of documents in response to Plaintiff's written discovery requests, with no reciprocity. And with zero meaningful documents produced by Plaintiff to support his own allegations to date, the BBC has just over two months to review further productions (if any), analyze the records produced (if any), effectively prepare for depositions, question witnesses about documents, serve follow-up discovery, identify, locate, and schedule new witnesses to depose, obtain experts, investigate possible arguments, and incorporate those arguments and any relevant documents into motions and briefing. *See, e.g.*, *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 675 (M.D. Fla. 2008) (noting that when one party delays production of documents, that delay prejudices opposing party "by limiting the time available to review the belatedly produced documents and to depose witnesses regarding these documents").

This second production, and Plaintiff's conduct throughout this discovery process, warrants sanctions, for which the BBC will move should Plaintiff's deficient production not be cured. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (a court may exercise its inherent power to "sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013))).

On top of the latest deficient production, Plaintiff continues—for months now—to flout the BBC's requests for any commitment for a timeframe for further productions and the verification of Plaintiff's interrogatory responses. Plaintiff's continued refusal to engage on these issues flouts the Federal Rules of Civil Procedure, the Local Rules, and Magistrate Judge Lett's oral order following the July 21, 2026 Discovery Hearing. ECF 102 at 131:8-14.

* * *

In light of foregoing, and particularly given the significant discrepancy in the discovery efforts of the parties to date, please confirm by 5:00 pm EST on October 14, 2026 that: (1) Plaintiff will cure the deficiencies in his production as identified in this letter beginning with a substantial production that reflects a genuine search of Plaintiff's records by no later than the following Friday, October 23, 2026; (2) Plaintiff will provide weekly rolling substantial

productions until these deficiencies are cured; and (3) Plaintiff will verify his interrogatory responses.

Sincerely,

BALLARD SPAHR LLP

Charles D. Tobin