**From:** Ian Corp
**To:** Mishkin, Maxwell S.; Alejandro Brito; Jalaine Garcia; Michael O. Mena; edward@taylordykema.com; dan@epsteinco.co; Cassandra Sottile; Aude Piriou
**Cc:** Tobin, Charles D.; Dudding, Sasha; Chen, Yanni
**Subject:** RE: Service of Court Documents 1:25-CV-25894-JTK
**Date:** Thursday, October 8, 2026 4:50:00 PM

Max:

Defendant still fails to recognize that there is a material distinction between the President and Mar-a-Lago Club, LLC ("MAL"). Any alleged decrease in membership at MAL relates to and affects MAL—not the President. Defendant's additional contentions still fail to demonstrate any connection to the disputed issues in this action, even President Trump's damages. Further, the additional sources you provided do not demonstrate why the burden on MAL would be any less than what is imposed by the subpoena. And there's no basis to claim that a motion to quash the irrelevant subpoena would authorize the Court to sanction us. Conversely, as indicated by the cases we've cited to you and invoked in prior joint motions, established law in this District and this Circuit authorizes sanctions against Defendant and your firm for needless discovery like this subpoena. Finally, we truly have no understanding why Defendant believes this subpoena serves any legitimate purpose to prove or disprove any disputed issue in this action. So, we're not in a position to propose any amendment to the subpoena.

We'll speak tomorrow, awaiting whether Defendant will reconsider its position.

Best regards,

**Ian Michael Corp**

2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
O: 305-614-4071
C: 954-292-3739
Email: icorp@britopllc.com
www.britopllc.com

This message contains information that may be confidential and/or privileged. Unless you are the intended addressee (or authorized to receive this message for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email (send to icorp@britopllc.com) and delete the message. Thank you very much.

**From:** Mishkin, Maxwell S. <MishkinM@ballardspahr.com>
**Sent:** Thursday, October 8, 2026 1:26 PM
**To:** Ian Corp <icorp@britopllc.com>; Alejandro Brito <abrito@britopllc.com>; Jalaine Garcia <JGarcia@britopllc.com>; Michael O. Mena <mmena@britopllc.com>; edward@taylordykema.com; dan@epsteinco.co; Cassandra Sottile <csottile@britopllc.com>; Aude Piriou <apiriou@britopllc.com>
**Cc:** Tobin, Charles D. <TobinC@ballardspahr.com>; Dudding, Sasha <duddings@ballardspahr.com>; Chen, Yanni <cheny@ballardspahr.com>
**Subject:** RE: Service of Court Documents 1:25-CV-25894-JTK

**External Sender** - From: ("Mishkin, Maxwell S." <MishkinM@ballardspahr.com>) Learn More
This message came from outside your organization.

Ian,

Plaintiff claims that the BBC documentary, which aired to the BBC's UK audience in 2024, caused him "extensive" and "overwhelming" reputational harm. Am. Compl. ¶¶ 10, 131. If that were true, then we would expect to see some *evidence* of that

EXHIBIT
B

harm – i.e., evidence of people being deterred from associating with Plaintiff – following that broadcast. Plaintiff cannot deny that one way people have actively sought to associate with him over the years is by joining his club at Mar-a-Lago. The volume of applications to Mar-a-Lago, and the amount that applicants are willing to pay to become members, are therefore squarely relevant here because they would tend to prove or disprove Plaintiff's allegations of *reputational* harm in this case.

The brief cited in my prior email is just one example of Mar-a-Lago previously disclosing such information. Indeed, just two years ago, in the middle of an on-the-record interview with *Bloomberg Businessweek*, Plaintiff himself directed Mar-a-Lago manager Bernd Lembcke to disclose the amount of membership fees and the fact that they were soon set to increase:

Hello, Mr. Lembcke. [*Trump turns to his club manager, Bernd Lembcke, who is walking through the room*]

> Mr. Lembcke, these people from *Bloomberg Businessweek*. He's been with me for over 20 years.
>
> LEMBCKE: Very successful, he says about, about the revenue and then most importantly the profits.
>
> TRUMP: It's been a great club. You have two things. You have the best house and the best location, and we have the best managers, right?
>
> LEMBCKE: Yeah, we have been together for 28-plus years.
>
> TRUMP: He's been the manager for 28 years, hard to believe, I opened it…
>
> LEMBCKE: In two years it is our 30th anniversary of the club and the 100th anniversary of Mar-a-Lago. We have to celebrate about next year.
>
> **TRUMP: When I started, memberships were $25,000. And now what are they to join?**
>
> **LEMBCKE: $700,000.**
>
> **TRUMP: And what does it go to on October 1st? Or whatever.**
>
> **LEMBCKE: In October we are going up to $1 million [per membership] because we have four memberships to sell**, so we are not desperate.
>
> TRUMP: But we have to talk big things. It's still good, but we gotta go macro. Thanks, Bernd. Thank you.

*See The Donald Trump Interview Transcript*, Bloomberg Businessweek (July 16, 2024), https://www.bloomberg.com/features/2024-trump-interview-transcript/?accessToken=eyJhbGciOiJIUzI1NiIsInR5cCI6IkpXVCJ9.eyJzb3VyY2UiOiJTdWJzY3JpYmVyR2lmdGVkQXJ0aWNsZSIsImlhdCI6MTc5MTQwMDQxNCwiZXhwIjoxNzkyMDA1MjE0LCJhcnRpY2xlSWQiOiJTR1FJRDVEV0xVNjgwMCIsImJjb25uZWN0SWQiOiI0MDBBMUVEN0FEQzY0NTY3QTJFOEY0QTI4NjgxMTc1NyJ9.BEHTS0pdFQY8omVAW8-g5rMGpXwsyajPR3jMkSkepl4 (emphasis added); *see also, e.g.*, Jill Disis, *Trump's Mar-a-Lago is getting more exclusive*, CNN (Jan. 26, 2017), https://www.cnn.com/2017/01/26/news/trump-mar-a-lago-hotels (also quoting Mr. Lembcke and reporting that "[t]he Trump-owned Mar-a-Lago resort raised its initiation fee to $200,000 this month, double the cost from a year ago").

Given the minimal burden that the subpoena imposes on Mar-a-Lago, the substantial relevance of the requested records, and the BBC's clearly proper purpose for seeking them, a motion to quash or for a protective order would be meritless and a request for sanctions would itself be sanctionable. That said, if there are particular ways that you would like to propose for the BBC to further reduce the already-modest burden that the subpoena imposes on Mar-a-Lago while ensuring the BBC obtains the evidence it needs for this litigation, we are of course open to hearing them, and so we look forward to conferring Friday.

Thanks,
Max

**Maxwell S. Mishkin**

logo

He/Him/His

**O** 202.508.1140 | **M** 610.952.6842 | VCARD
mishkinm@ballardspahr.com
Washington, DC

**www.ballardspahr.com | LinkedIn**

---

**From:** Ian Corp <icorp@britopllc.com>
**Sent:** Wednesday, October 7, 2026 12:51 PM
**To:** Mishkin, Maxwell S. <MishkinM@ballardspahr.com>; Alejandro Brito <abrito@britopllc.com>; Jalaine Garcia <JGarcia@britopllc.com>; Michael O. Mena <mmena@britopllc.com>; edward@taylordykema.com; dan@epsteinco.co; Cassandra Sottile <csottile@britopllc.com>; Aude Piriou <apiriou@britopllc.com>
**Cc:** Tobin, Charles D. <TobinC@ballardspahr.com>; Dudding, Sasha <duddings@ballardspahr.com>; Chen, Yanni <cheny@ballardspahr.com>
**Subject:** RE: Service of Court Documents 1:25-CV-25894-JTK

⚠ **EXTERNAL**

Max,

We disagree with your position.

As we have made clear on several occasions, the President is seeking to recover damages for reputational harm that *he* has suffered. There should not be any genuine dispute that the President and Mar-a-Lago Club, LLC ("MAL") are distinct. Indeed, the First Amended Complaint has not pled any allegation that remotely relates to MAL. Plus, the answers to your "straightforward questions" would not tend to prove or disprove anything. Assuming arguendo that the information was produced, there would be no connection between that information and the false and defamatory statements at issue.

The subpoena would also impose a substantial burden on MAL. The case you cite is from 2011—over five years before President Trump's first term began. Obviously, the circumstances relating to membership at MAL have changed considerably since then.

Finally, Judge Lett's Order (ECF No. 104) was stayed by Judge Altman when he granted (ECF No. 116) our Emergency Motion to Stay Enforcement (ECF No. 112). That stay was extended when the Court granted our motion for leave to amend and file the First Amended Complaint (ECF No. 123), which removed reference to any economic harm that President Trump or his entities might have suffered (ECF No. 124).

We're available Friday at 3:00 p.m. ET to discuss further, awaiting whether the BBC will reconsider its position. We will send you a calendar invite with a dial-in number.

Best regards,

**Ian Michael Corp**

2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
O: 305-614-4071
C: 954-292-3739
Email: icorp@britopllc.com
www.britopllc.com

This message contains information that may be confidential and/or privileged. Unless you are the intended addressee (or authorized to receive this message for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email (send to icorp@britopllc.com) and delete the

message. Thank you very much.

---

**From:** Mishkin, Maxwell S. <MishkinM@ballardspahr.com>
**Sent:** Wednesday, October 7, 2026 10:10 AM
**To:** Ian Corp <icorp@britopllc.com>; Alejandro Brito <abrito@britopllc.com>; Jalaine Garcia <JGarcia@britopllc.com>; Michael O. Mena <mmena@britopllc.com>; edward@taylordykema.com; dan@epsteinco.co; Cassandra Sottile <csottile@britopllc.com>; Aude Piriou <apiriou@britopllc.com>
**Cc:** Tobin, Charles D. <TobinC@ballardspahr.com>; Dudding, Sasha <duddings@ballardspahr.com>; Chen, Yanni <cheny@ballardspahr.com>
**Subject:** RE: Service of Court Documents 1:25-CV-25894-JTK

Ian,

The BBC's subpoena to Mar-a-Lago seeks only two narrow categories of information, which are highly relevant to assessing Plaintiff's alleged damages, and it imposes only a de minimis burden. There is no basis for Plaintiff or Mar-a-Lago (to the extent they are not one and the same) to challenge the subpoena.

**Relevance**: Plaintiff claims the BBC's documentary caused him $10 billion in reputational injury. *See* Am. Compl. ¶¶ 131, 145 and p. 34. It is black-letter law that reputational injury means the challenged statement "deter[red] third persons from associating or dealing with" plaintiff. *Mile Marker, Inc. v. Petersen Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002). For many plaintiffs, that might be an abstract concept, but this Plaintiff owns and operates a membership club, Mar-a-Lago, that is inextricably linked to Plaintiff's public persona. Therefore, to inform its assessment of whether, why, and to what extent third parties may have been deterred from associating with Plaintiff, the BBC is entitled to discover how many people have applied to become members at Mar-a-Lago and how much they have been willing to pay for the privilege of membership.

**Burden**: The BBC's subpoena asks Mar-a-Lago for answers to two straightforward questions: (1) how many people applied to become a member at Mar-a-Lago each year from 2020 through 2026, and (2) how much money did those applicants who were approved pay to become members? The BBC is not asking Mar-a-Lago to produce the names of any applicants or members, the reasons any applications were granted or denied, or any other personally identifiable information of any kind. Moreover, Mar-a-Lago has publicly disclosed similar information before. *See, e.g.*, Br. of Appellee, *Dadurian v. Mar-a-Lago Club LLC*, No. 4D10-4747, 2011 WL 2256604 (Fla. 4th DCA Apr. 25, 2011) (noting that "[m]embers who join the Club pay an initial membership deposit ([appellant] paid $100,000)," as well as "annual dues that are currently approximately $12,000 per year," and that that the club had "sold 657 memberships" since 1994). On its face, therefore, the burden on Mar-a-Lago to satisfy this subpoena is extremely light.

**Proportionality**: Given the high relevance of the records it seeks and minimal burden it imposes – and especially since Plaintiff now relies entirely on reputational injury for his alleged $10 billion in damages, yet has produced no records to substantiate those alleged injuries – the BBC's subpoena is proportional to the needs of the case. That conclusion clearly follows from Judge Lett's order largely granting the BBC's motion to compel production from the Trump Trust, which expressly held that Plaintiff's alleged "damages are at issue" in the case, *see* ECF 104 at 6 n.6, and that the BBC's "damage analysis is especially important to [the BBC] where Plaintiff now alleges $10 billion in damages," *see id.* at 8.

We are available to confer tomorrow (Thursday 10/8) 1-2:30pm or Friday (10/9) 12-5pm. Please let us know your availability.

Thanks,
Max

logo

**Maxwell S. Mishkin**
He/Him/His

**O** 202.508.1140 | **M** 610.952.6842 | VCARD
mishkinm@ballardspahr.com
Washington, DC

**www.ballardspahr.com | LinkedIn**

---

**From:** Ian Corp <icorp@britopllc.com>
**Sent:** Sunday, October 4, 2026 5:46 PM
**To:** Chen, Yanni <cheny@ballardspahr.com>; Alejandro Brito <abrito@britopllc.com>; Jalaine Garcia <JGarcia@britopllc.com>; Michael O.

Mena <mmena@britopllc.com>; edward@taylordykema.com; dan@epsteinco.co
**Cc:** Tobin, Charles D. <TobinC@ballardspahr.com>; Mishkin, Maxwell S. <MishkinM@ballardspahr.com>; Dudding, Sasha <duddings@ballardspahr.com>; Cassandra Sottile <csottile@britopllc.com>; Aude Piriou <apiriou@britopllc.com>
**Subject:** Re: Service of Court Documents 1:25-CV-25894-JTK

⚠ **EXTERNAL**

Counsel,

We are writing to inquire whether the BBC will voluntarily withdraw its subpoena directed to Mar-a-Lago Club, LLC.

Each request contained therein concerns applications for membership at Mar-a-Lago or the cost of initiation and membership fees for applicants from January 6, 2020, through January 6, 2026. In denying Defendant's multiple motions to compel, Judge Lett held that the "Court agrees with Plaintiff that the scope of discovery is not unlimited in nature." ECF No. 120, p. 9. There's no legitimate basis, in the subpoena or elsewhere, that Defendant has articulated to demonstrate why these requests are "relevant to any party's claim or defense and [are] proportional to the needs of the case[.]" *Id*. at 11. Indeed, Judge Kuntz recognized that the "parties should not turn the discovery in this lawsuit into a fishing expedition. Nor one that unnecessarily burdens a non-party" like Mar-a-Lago Club, LLC. ECF No. 175, p. 4-5. It appears that the subpoena seeks to do precisely what the Court has prohibited.

If Defendant will not agree to withdraw the subpoena voluntarily, we can make ourselves available to confer over the phone if Defendant believes it would be productive to do so. Otherwise, we will move for a protective order against the subpoena and seek sanctions under Rule 26(g). *See Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.,* 303 F.R.D. 673, 676 (S.D. Fla. 2014) ("The court may grant a party's request for a protective order if a subpoena served on a third party requests irrelevant information."); *Fernandez v. CMA CGM S.A.,* 2024 WL 6468420, at *3 (S.D. Fla. May 24, 2024) (interpreting Rule 26(g)(2), which prohibits discovery being served for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]").

Let us know your position by Wednesday at 12 p.m. ET. Thank you.

Best regards,

Ian Michael Corp

Brito, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
O: 305-614-4071
C: 954-292-3739

---

**From:** Chen, Yanni <cheny@ballardspahr.com>
**Sent:** Friday, 25 September 2026 11:29:01
**To:** Alejandro Brito <abrito@britopllc.com>; Ian Corp <icorp@britopllc.com>; Jalaine Garcia <JGarcia@britopllc.com>; Michael O. Mena <mmena@britopllc.com>; edward@taylordykema.com <edward@taylordykema.com>; dan@epsteinco.co <dan@epsteinco.co>
**Cc:** Tobin, Charles D. <TobinC@ballardspahr.com>; Mishkin, Maxwell S. <MishkinM@ballardspahr.com>; Dudding, Sasha <duddings@ballardspahr.com>
**Subject:** Service of Court Documents 1:25-CV-25894-JTK

Counsel,

Please find a notice of subpoena for Mar-a-Lago Club, LLC attached.

Best,
Yanni

| | |
|---|---|
| | **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF FLORIDA** |
| | |

| | |
|---|---|
| **Case No.:** | 1:25-CV-25894-JTK |
| **Plaintiff:** | President Donald J. Trump |
| **Defendants:** | British Broadcasting Corporation a/k/a BBC |
| **Documents being served:** | • **Notice of Subpoena of Mar-a-Lago Club, LLC** |
| **Sender's name:** | **BALLARD SPAHR LLP**<br>1909 K Street, NW<br>Washington, DC 20006-1157<br>Tel: (202) 661-2218<br>Fax: (202) 661-2299<br><br>Charles D. Tobin<br>Fla. Bar No.: 816345<br>tobinc@ballardspahr.com<br>Max Mishkin (*pro hac vice*)<br>mishkinm@ballardspahr.com<br>Sasha Dudding (*pro hac vice*)<br>duddings@ballardspahr.com<br>Yanni Chen (*pro hac vice*)<br>cheny@ballardspahr.com<br>Richard Miller (*pro hac vice*)<br>millerrw@ballardspahr.com |
| **Sender's phone number:** | 202.661.7621 |


logo

**Yanni Chen**
She/Her/Hers

**O** 202.661.7621 | **F** 202.661.2299 | VCARD
cheny@ballardspahr.com
Washington, DC

**www.ballardspahr.com | LinkedIn**