**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION,

Defendant.

Case No. 1:25-cv-25894-JTK

**JOINT MOTION FOR DISCOVERY HEARING ON**
**DEFENDANT'S SUBPOENA TO NON-PARTY JACK SMITH**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and Defendant British Broadcasting Corporation (the "BBC" or "Defendant" and, together with Plaintiff, the "Parties") file this Joint Motion for Discovery Hearing on Defendant's Subpoena to Non-Party Jack Smith ("Joint Motion"). In support thereof, the Parties state as follows:

## RELEVANT FACTUAL BACKGROUND

Plaintiff filed this action alleging that the BBC published false and defamatory statements about him in violation of Florida's Unfair and Deceptive Trade Practices Act. *See generally* ECF No. 124, ¶¶ 128-132, 145-146, 161. Plaintiff states that after the challenged statements were published, BBC Chair Samir Shah made the following public statement to President Trump:

> The way the speech was edited in the documentary gave a misleading impression of what you said. The editing unintentionally created the impression of a single, continuous section of your speech, rather than excerpts from different points in the speech. ***This gave the mistaken impression that you had made a direct call for violent action. That was an editorial error and it should not have happened. I have stated clearly and publicly that the BBC apologises for that error of judgement***.

*Id*. ¶ 58 (emphasis in original).

On October 1, 2026, Defendant served its Notice of Subpoena *Ad Testificandum* (the "Subpoena") to non-party Jack Smith ("Smith")[1]. A true and correct copy of the Subpoena is attached to **Exhibit B**. This Joint Motion addresses the Parties' positions on the Subpoena.

## DISCOVERY DISPUTES REQUIRING RESOLUTION

### A. Plaintiff's Position.

Smith lacks any personal knowledge regarding the issues in this matter. He was not present when President Trump's January 6, 2021, speech (the "Speech") was made, nor did he participate in its preparation. Smith does not have any personal knowledge regarding President Trump's state of mind at the time the Speech was given. Any evidence that Smith gathered during his investigation consists of secondhand knowledge based on materials that he and other third parties collected from various sources.

Additionally, there is no genuine dispute that Defendant has admitted that the challenged statements alleged in the Complaint are false and, thus, Smith's testimony is entirely irrelevant.

[1] As the Court is aware, Smith was previously appointed to serve as Special Counsel for the United States Department of Justice to conduct an investigation into certain events following the 2020 presidential election and the certification of the Electoral College vote held on or about January 6, 2021.

Indeed, Defendant's chairman, Samir Shah, admitted that the Documentary gave viewers the "misleading" and "mistaken" impression that President Trump "made a direct call for violent action." ECF No. 124 ¶¶ 58. Nearly a year later, neither Mr. Shah nor Defendant has retracted or revised this apology. Moreover, the discovery that the Parties have conducted since this action began has not revealed any information that would demonstrate that the challenged statements are true or substantially true. Consequently, falsity is undisputed.

Although the Court's prior orders state that "Defendant is entitled to discover the contours of the message and impression" behind President Trump's Speech, Defendant is not entitled "to relitigate and discover every aspect of the events of January 6, 2021 and seek discovery from any and all individuals who may have knowledge regarding the day's events." *Trump v. British Broad. Corp.,* 2026 WL 2267438, at *4-5 (S.D. Fla. Aug. 6, 2026). Because Smith lacks any personal knowledge regarding President Trump's Speech or his state of mind, the only evidence that Smith would be able to offer through his testimony would likely be inadmissible. *See Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1329 (11th Cir. 2020) (quashing subpoena under Rule 45 and relying on FRE 401).

In addition, Smith's testimony would be duplicative. On January 7, 2025, Smith published his 174-page Final Report of the Special Counsel regarding his conclusions on January 6, 2021.[2] On December 17, 2025, Smith testified before Congress on December 17, 2025, for nearly eight hours. That transcript is publicly available.[3] On January 22, 2026, Smith testified before the House Judiciary Committee for over five hours. The entirety of his testimony is publicly available.[4] Less than two weeks ago, on September 29, 2026, Smith testified again before the Senate Judiciary Committee for about four additional fours. The entirety of that testimony is publicly available as well.[5] Taken together, Smith has provided multiple examples—in written format and live testimony—of the evidence related to January 6, 2021, that he could offer. None, however, relate

---

[2] "Final Report of the Special Counsel Under 28 C.F.R. § 600.8" JACK SMITH, SPECIAL COUNSEL (January 7, 2025) (https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf).
[3] "Deposition Transcript of Jack Smith, COMMITTEE ON THE JUDICIARY" U.S. HOUSE OF REPRESENTATIVES (December 17, 2025) (https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/2025-12/Smith-Depo-Transcript_Redacted-w-Errata.pdf).
[4] "Oversight of the Office of Special Counsel Jack Smith" COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES (January 22, 2026) (https://judiciary.house.gov/committee-activity/hearings/oversight-office-special-counsel-jack-smith).
[5] "Oversight of Jack Smith's Abuse of Authority and the Targeting of Republicans and Related Matters" THE SENATE COMMITTEE ON THE JUDICIARY (September 29, 2026) (https://www.judiciary.senate.gov/committee-activity/hearings/oversight-of-jack-smiths-abuse-of-authority-and-the-targeting-of-republicans-and-related-matters).

to the specific disputed issues here. It is clear that his deposition in this action would be disproportionate to the needs of the case.

Moreover, the Subpoena is yet another example of Defendant's overreaching discovery tactics that the Court has previously rejected. *Trump v. British Broad. Corp.,* 2026 WL 2267438, at *4 (S.D. Fla. Aug. 6, 2026) ("The Court agrees with Plaintiff that the scope of discovery is not unlimited in nature. As has been said, the scope is limited to the framing of the pleadings."); *see also Trump v. British Broad. Corp.,* 2026 WL 2873874, at *2 (S.D. Fla. Sept. 24, 2026) (quashing Defendant's subpoena to non-party Cassidy Hutchinson: "The parties should not turn the discovery in this lawsuit into a fishing expedition. Nor one that unnecessarily burdens a non-party such as Ms. Hutchinson. And that it definitively does.").

In addition, the evidence supporting Smith's conclusions in his report are protected: "Grand jury secrecy has traditionally been protected. Rule 6(e) continues that protection while permitting disclosure of grand jury materials in certain specific circumstances." *In re J. Ray McDermott & Co., Inc.,* 622 F.2d 166, 172 (5th Cir. 1980). Before Smith is authorized to answer these questions, the Court must "balance[] the need for disclosure with the need for grand jury secrecy." *Coronado v. Bank Atl. Bancorp, Inc.,* 222 F.3d 1315, 1322 (11th Cir. 2000). Here, Defendant has not articulated any legitimate injustice it would suffer and that it outweighs the need of maintaining the secrecy of grand jury proceedings. *See Gilbane Bldg. Co. v. Sch. Bd. of Broward Cnty.,* 2025 WL 1591228, at *4 (S.D. Fla. June 5, 2025) ("But even if the Court were to assume that all of the requested testimony would otherwise be within the scope of discovery, Plaintiff has not established a compelling or particularized need – at least at this stage – to lift 'the veil of secrecy from the grand jury.'") (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979)); *Doe v. United States*, 2015 WL 4077440, at *5 (S.D. Fla. July 6, 2015).

Accordingly, the Subpoena was served in violation of Rule 26(g). *See Fernandez v. CMA CGM S.A.,* 2024 WL 6468420, at *3 (S.D. Fla. May 24, 2024); *Watkins v. Session*, 2021 WL 663759, at *4 (S.D. Fla. Feb. 19, 2021). As a result, the Subpoena should be quashed.

**B. Defendant's Position**.

None of Plaintiff's arguments for blocking the deposition of Mr. Smith can withstand scrutiny, especially given precedent that "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Aguilera v. Decora Event Rentals, LLC*, 2025 WL 3734021, at *6 (S.D. Fla. May 7, 2025)

(Torres, M.J.) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

**First**, Plaintiff's efforts to equate this subpoena with the subpoena to Cassidy Hutchinson are unavailing. For one, *Mr. Smith is not objecting to the subpoena*, and Plaintiff's opposition does not carry the same weight. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Talentscale, Inc. v. Aery Aviation, LLC*, 802 F. Supp. 3d 1370, 1380 (N.D. Fla. 2025) (quoting 9A Wright & Miller, Fed. Prac. and Proc. § 2459 at 435 (3d ed. 2008)). Plaintiff's objections on relevance and cumulativeness are thus not only incorrect, but also far outside what Plaintiff even has standing to assert. For another, the Court's decision on Ms. Hutchinson's subpoena relied on (1) the fact that the Department of Justice "is allegedly investigating her conduct and [Plaintiff] oversees the agency investigating her" and (2) Ms. Hutchinson's representation that "if she is compelled to testify she will invoke her Fifth Amendment privilege and decline to answer any questions." ECF 175 at 3. Neither applies here.

**Second**, Plaintiff fails to cast off his burden of proving the falsity of the speech he challenges. Plaintiff is a public official and alleges that the Documentary falsely implied that his January 6 speech "incit[ed]" or "fomented" the subsequent riot on the U.S. Capitol. Am. Compl. ¶¶ 54, 107, 125; *see also* Omnibus Order (ECF 120) at 10 (recognizing that Plaintiff's claim is for defamation by implication). Plaintiff must therefore prove that he ***did not*** foment or incite the January 6 Capitol riot. *See Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986).

BBC Chair Samir Shah's letter does not change that conclusion. Mr. Shah wrote that the way in which the Ellipse speech was edited "gave the mistaken impression that [Plaintiff] had made a *direct* call for violent action." Am. Compl. Ex. K at 6 (ECF 124-11) (emphasis added). But if the speech as delivered gave the crowd the impression that Plaintiff wanted them to riot, then the editing does not amount to an actionable falsehood. *See Masson v. New Yorker Mag.*, 501 U.S. 496, 518 (1991). That is why this Court set the parameters of discovery to include "Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech." *See* Omnibus Order at 11. The issue of falsity thus remains live and the meaning conveyed by the speech is a proper subject of discovery.

**Third**, Mr. Smith's testimony is highly probative of that issue. Even if Mr. Smith's prior testimony would be admissible under Federal Rule of Evidence 804(b)(1), his deposition remains both necessary and non-cumulative. The conclusions of Mr. Smith's report are public—but the

evidence that informed those conclusions is not, including the "strong evidence that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his co-conspirators leveraged it to carry out their conspiracies."[6] Nevertheless, in his public testimony, Mr. Smith specifically declined to discuss the sources of his evidence (including declining to name specific witnesses) out of concern for violating Federal Rule of Criminal Procedure 6(e). In a deposition in this case, however, Mr. Smith could answer such questions under Rule 6(e)(3)(E)(i), which allows for an exception "preliminarily to or in connection with a judicial proceeding."

Plaintiff further errs in disputing Rule 6(e)(3)(E)(i)'s application here. The BBC has moved in the U.S. District Court for the District of Columbia to unseal certain records relevant to this case under that rule, and Chief Judge Boasberg has already observed that the BBC's "overarching point is a pretty good one, which is, they get sued, and then when they try to get discovery into the motivation behind the President's actions which they argue shows that their reporting is true, they get stymied. So that's sort of a pretty unfair result." *See* Sept. 5, 2026 Hr'g Tr. at 18:19-24, *In re BBC*, No. 26-mc-81-JEB (D.D.C.) (filed in this action at ECF 155-1).[7]

Plaintiff cannot seriously dispute the injustice of blocking Mr. Smith's testimony. This Court has made clear that "Defendant is entitled to discover the contours of [Plaintiff's] message" in his Ellipse speech and the "impression that [Plaintiff] fomented violence," including "whether that impression was given or received; if that impression was given or received, whether [Plaintiff] gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm." Omnibus Order at 9. It is difficult to imagine a more authoritative source on these issues than Mr. Smith, who spent years gathering evidence on those topics with the force of the Justice Department and the power of the grand jury behind him.

No one forced Plaintiff to file this lawsuit and to dispute that his speech on January 6 incited the violence that followed at the Capitol. But as long as he chooses to maintain the case, he cannot commit the fundamental injustice of preventing the BBC from obtaining the evidence it needs to robustly defend itself on *every* element of his claim, including Plaintiff's burden to prove falsity.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court schedule a discovery hearing to resolve these disputes and award any other relief that the Court deems proper.

---

[6] *See Final Report of the Special Counsel: Vol. I*, *supra* note 2, at 67 n.193.

[7] The BBC further incorporates by reference its briefing in *In re BBC*, at Dkt. Nos. 1-1 (application) and 8 (reply).

**CERTIFICATE OF CONFERRAL**

On October 9, 2026, the Parties conferred via phone to discuss the Subpoena, but could not reach an agreement. Accordingly, the Parties seek a discovery hearing. True and correct copies of the Parties' proposed orders regarding this Joint Motion are attached to **Exhibit A**.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

*/s/ Charles D. Tobin*
Charles D. Tobin
Florida Bar No. 816345
Maxwell S. Mishkin (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
cheny@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

*Counsel to Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 19, 2026, the foregoing was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Alejandro Brito*