UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | |
|---|---|---|
| PRESIDENT DONALD J. TRUMP, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-25894-JTK |
| BRITISH BROADCASTING CORP., | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF SUBPOENA *DUCES TECUM***

Defendant, by and through its counsel of record, hereby gives notice that a Subpoena *Duces Tecum* to produce documents, electronically stored information, or tangible things has been issued to Mar-a-Lago Club, LLC and is attached as Exhibit 1.

Dated: September 25, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Richard W. Miller (*pro hac vice*)
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
millerrw@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I caused a true and correct copy of the foregoing to be served on counsel of record for all parties via email.

Alejandro Brito
Jalaine Garcia
Ian Michael Corp
Michael Mena
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
mmena@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com

Daniel Zachary Epstein
Epstein & Co. LLC
8903 Glades Rd
Ste A8 #2090
Boca Raton, FL 33434
Tel: 510-239-7430
dan@epsteinco.co

*/s/ Charles D. Tobin*
Charles D. Tobin

# EXHIBIT 1

Ballard Spahr LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

September 24, 2026

*Via FedEx and Personal Delivery*

Mar-a-Lago Club, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

Re: Subpoena in *Trump v. BBC*, No. 1:25-cv-25894-JTK (S.D. Fla.)

To Whom It May Concern:

We represent the British Broadcasting Corporation, Defendant in the above-referenced litigation filed by President Donald J. Trump in the U.S. District Court for the Southern District of Florida.

Please find enclosed a subpoena compelling Mar-a-Lago Club, LLC to produce certain documents pursuant to Rule 45 of the Federal Rules of Civil Procedure. The Subpoena requires that, on or before October 26, 2026, responsive documents be produced at the following address: Ballard Spahr, 1909 K Street NW, Floor 12, Washington, DC 20006. If more convenient, you may instead provide the records to us electronically, at the email address: relyear@ballardspahr.com, on or before the due date.

If you have any questions about the requested records, the subpoena, or the requested production deadline, please feel free to contact us. Thank you.

Sincerely,

Charles D. Tobin

Enclosures: Subpoena and Attachment A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

President Donald J. Trump
*Plaintiff*

v.

British Broadcasting Corp., BBC Studios Distribution Ltd., and BBC Studios Productions Ltd.
*Defendant*

Civil Action No. 1:25-cv-25894-JTK (S.D. Fla.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mar-a-Lago Club, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place: Ballard Spahr, 1909 K Street NW, Floor 12, Washington, DC 20006 | Date and Time: 10/26/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/24/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/Charles D. Tobin
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* British Broadcasting Corporation, who issues or requests this subpoena, are:

Charles D. Tobin, Ballard Spahr LLP | tobinc@ballardspahr.com | 202-661-2200 | 1909 K Street NW, 12th Floor, Washington DC 20006

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-25894-JTK (S.D. Fla.)

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK |

**ATTACHMENT A TO SUBPOENA TO MAR-A-LAGO CLUB, LLC**
**TO PRODUCE DOCUMENTS IN A CIVIL ACTION**

## DEFINITIONS

The undefined terms used in the below requests are to be construed in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of Florida. Otherwise, as used below:

1. Where appropriate, the use of the singular includes the plural, and the use of the plural includes the singular.

2. "And" and "or" shall be construed conjunctively or disjunctively to bring within the scope of this Subpoena information that might otherwise be considered to be beyond its scope.

3. "Any" and "all" shall be construed to mean "any" or "all" as required to bring within the scope of this Subpoena information that might otherwise be considered to be beyond its scope.

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting, in whole or in part, directly or indirectly, the stated subject matter.

5. “Document” shall be interpreted in the broadest possible sense and shall include, but not be limited to, all documents and electronically stored information described in Federal Rule of Civil Procedure 34(a) as well as all writings of any kind whether handwritten, typed, printed, in electronic format, or otherwise produced or reproduced. The term “Document” includes, but is not limited to, letters, memoranda, correspondence, text messages, calendars, address books, date books, diaries, facsimiles, telexes, teletypes, charts, graphs, notes, spreadsheets, schedules, PowerPoint slides, photographs, books, audio transmissions, videos, presentations, compilations, indices, analyses, plans, e-mail, Internet material, discussion group or chat room postings, and all other electronic information or data wherever found, including information stored on network servers, local drives, diskettes, CD-ROM, back-up files, tapes, in your possession, custody or control, including each non-identical copy thereof (whether different because of handwritten notes, amendments, marginal notations, enclosures, attachments, underlining, highlighting, or otherwise). The term “Document” also applies to all Documents—including but not limited to records, e-mails, text messages, or photos—stored in the personal e-mail or social media accounts or personal devices of entities and individuals under Your control.

6. “Including” shall be construed as “including but not limited to.”

7. “Person(s)” includes without limitation any natural person, entity, individual or group of individuals, partnership, joint venture, unincorporated association, corporation, firm, or estate.

8. “Relating” means concerning, relating to, referring to, describing, showing, evidencing, reflecting, containing, identifying, involving, and constituting.

9. “You” and “Your” shall refer to the recipient of these requests, and shall include all entities in which You have a Financial Interest; your direct and indirect parents, predecessors-

in-interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees; the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above; and each Person acting or purporting to act on your behalf or on the behalf of any of the aforementioned entities.

10. "Action" means the action styled *President Donald J. Trump v. British Broadcasting Corporation, et al.*, Case No. 1:25-cv-25894-JTK (S.D. Fla.).

11. Defendant and "The BBC" mean the British Broadcasting Corporation.

12. "Donald J. Trump" refers to Donald J. Trump, the individual, and any employees, agents, representatives, or anyone acting on his behalf.

## GENERAL INSTRUCTIONS

1. In responding to these Requests, You are to furnish all available information, including information in the possession, custody, or control of Your agents and all Persons acting on Your behalf. This includes Documents presently in the possession, custody, or control of Your attorney(s) or their investigators and Documents presently in the possession, custody, or control of any third party or parties to whom You have surrendered possession, custody, or control; or who are acting on Your behalf; or who have otherwise obtained possession, custody, or control; or who, upon Your request, would surrender possession, custody, or control to You.

2. If any responsive Document was, but no longer is, in Your possession, custody, or control, produce a description of each such Document. The description shall include the following:

(a) the name of each author, sender, creator, and initiator of such Document;

(b) the name of each recipient, addressee, or party for whom such Document was intended;

(c) the date the Document was created;

(d) the date(s) the Document was in use;

(e) a detailed description of the content of the Document;

(f) the reason it is no longer in Your possession, custody, or control; and

(g) the Document's current location.

(h) If the Document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the Document was destroyed or otherwise disposed of, and the date and manner of the disposal.

3. If You claim the attorney-client privilege, or any other privilege or protection (including any deliberative process, work product, joint defense, or common interest protections) for any Document, You shall provide the following information with respect to each such Document:

(a) the type of privilege claimed;

(b) the type of Document;

(c) the general subject matter of the Document;

(d) the date of the Document;

(e) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the name and title of the author of the document, the name and title of any recipient, and identification of anyone providing legal counsel;

(f) the Request(s) to which the Document is responsive; and

(g) any other information required to be furnished by Fed. R. Civ. P. 26(b)(5).

Provide the information requested in this instruction in a searchable and sortable electronic format and with sufficient specificity to enable the undersigned counsel and the Court to assess the applicability of the claimed privilege or protection.

4. These Requests shall be deemed continuing in nature so as to require production of all additional or different Documents or information responsive to these Requests, which You discover, receive, or generate between the time of the original production and trial.

5. All Documents and/or other data which relate to the subject matter of this case or these requests must be preserved. Any destruction involving such Documents or data must cease, even if it is Your normal or routine course of business to delete or destroy such Documents or data and even if You believe such Documents or data are privileged or otherwise need not be produced.

6. Unless otherwise stated, the relevant time period for all requests are for Documents created or originating on or after November 1, 2020.

## REQUESTS FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Documents sufficient to identify the total number of applications for Mar-a-Lago Club membership received between January 6, 2020 and January 6, 2021.

**REQUEST FOR PRODUCTION NO. 2**: Documents sufficient to identify the total number of applications for Mar-a-Lago Club membership received between January 6, 2021 and January 6, 2022.

**REQUEST FOR PRODUCTION NO. 3**: Documents sufficient to identify the total number of applications for Mar-a-Lago Club membership received between January 6, 2022 and January 6, 2023.

**REQUEST FOR PRODUCTION NO. 4**: Documents sufficient to identify the total number of applications for Mar-a-Lago Club membership received between January 6, 2023 and January 6, 2024.

**REQUEST FOR PRODUCTION NO. 5**: Documents sufficient to identify the total number of applications for Mar-a-Lago Club membership received between January 6, 2024 and January 6, 2025.

**REQUEST FOR PRODUCTION NO. 6**: Documents sufficient to identify the total number of applications for Mar-a-Lago Club membership received between January 6, 2025 and January 6, 2026.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2020.

**REQUEST FOR PRODUCTION NO. 8:** Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2021.

**REQUEST FOR PRODUCTION NO. 9:** Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2022.

**REQUEST FOR PRODUCTION NO. 10:** Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2023.

**REQUEST FOR PRODUCTION NO. 11**: Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2024.

**REQUEST FOR PRODUCTION NO. 12**: Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2025.

**REQUEST FOR PRODUCTION NO. 13:** Documents sufficient to identify the total cost of initiation and membership fees for a new Mar-a-Lago Club applicant on January 6, 2026.