**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY HEARING RELATED TO COMPELLING PLAINTIFF'S DEPOSITION**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"), pursuant to the Court's October 16, 2026, Order (ECF No. 183), responds in opposition to Defendant British Broadcasting Corporation's ("the BBC" or "Defendant" and together with Plaintiff, the "Parties") Motion for Discovery Hearing Related to Compelling Plaintiff's Deposition (ECF No. 181) ("Motion") and Defendant's Notice Regarding Defendant's Motion for Discovery Hearing Related to Compelling Plaintiff's Deposition (ECF No. 188), and states as follows:

**RELEVANT FACTUAL BACKGROUND**

Defendant's Motion is yet another example of Defendant's pattern of improperly, prematurely, and unilaterally filing Motions for Discovery Hearing without completing its conferral efforts with Plaintiff. On August 25, 2026, Defendant filed its Motion for Discovery Hearing Related to Plaintiff's Responses to Defendant's First Requests for Production, Requests for Admission, and Interrogatories (ECF No. 138). Defendant did so, however, *before* the conferral process regarding those issues was completed. *See* ECF No. 138, p. 3 (Plaintiff's position: "[O]ne business day after the meet and confer, Defendant sent a draft proposed joint motion, set an arbitrary 1:00 p.m. deadline, just over 24 hours later, and demanded that Plaintiff include his portion by then. When Plaintiff asked for a few days to continue conferring and attempting to resolve the disputes through the letter that counsel represented to Defendant would be sent, Defendant proceeded to unilaterally file the motion anyway. The Court's Discovery Order cautions

that 'sending an email demanding a response or position on the same day is insufficient to satisfy the conferral obligations under this Local Rule.' ECF No. 29, at 2.").

Here, Defendant engaged in the same arbitrary, improper practice. Indeed, Defendant's Motion confirms that the Parties did *not* complete their conferral process: "Plaintiff's counsel proposed seeking to extend the discovery period and insisted that if the BBC agreed, Plaintiff would make himself available for a deposition in the second or third week of January 2027. He did not provide any specific date." ECF No. 181, pp. 2-3. Defendant's Motion does not contain any response to Plaintiff's proposal (because Defendant never did respond), nor does the Motion articulate Defendant's position on the proposal. *See generally id*. Instead, Defendant unilaterally terminated the Parties' conferral efforts when it filed the Motion. Defendant did so without notifying Plaintiff, and without providing Plaintiff an opportunity to provide his position in the Motion so that it could be filed within a reasonable time—and not pursuant to Defendant's arbitrary deadlines.

Further, Defendant's Notice is another example of Defendant misconstruing and abusing the Court's Order Setting Discovery Procedures (ECF No. 29) ("Discovery Order"). The Court's Discovery Order encourages the Parties to continue conferring over any disputed issues which are laid out in a joint motion even after a hearing has been set. *See* ECF No. 29, ¶ 4, p. 5. The Discovery Order also authorizes the Parties to notify the Court—via ***email*** to Chambers—if any disputes in a joint motion have been resolved. *Id*. However, the Discovery Order does not allow the Parties to tack on, supplement, or otherwise add to their arguments in further support of issues that are included in a joint motion via a public filing. Yet, that is exactly what Defendant's Notice wrongly does. This is not the first time that Defendant has violated the Court's Discovery Order—Defendant has publicly filed multiple notices in an attempt to unlawfully gain a tactical advantage against President Trump. *See* ECF Nos. 92, 144, 176, and 186. The Court should direct Defendant to cease this tactic and issue sanctions to Defendant as it sees appropriate.

**ARGUMENT**

Defendant is wrong to claim that President Trump is avoiding his deposition in this action. In July 2026, Plaintiff agreed to appear for his deposition on October 16, 2026. When matters of national importance required the President to vacate that date, his counsel told the BBC so, and confirmed that the Parties would confer to arrive at a replacement date. Those matters include, but are not limited to, the conflict in Iran, unrest in other parts of the Middle East, the war between


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Russia and Ukraine, the White House Accord on Super Intelligence, and other matters that have significantly impacted the United States' national security and economy. Indeed, before Defendant unilaterally terminated the Parties' conferral communications, the Parties were actively engaged in discussions to set a date for deposition.

President Trump's deposition is not an ordinary scheduling exercise, and the law does not treat it as one. The Supreme Court has emphasized that "[t]he high respect that is owed to the office of the Chief Executive, though not justifying a rule of categorical immunity, is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The Court did not reach "whether a court may compel the attendance of the President at any specific time or place," and instead assumed that the President's testimony "may be taken at the White House at a time that will accommodate his busy schedule." *Id.* at 691–92. It saw "no reason to assume that the district courts will be either unable to accommodate the President's needs or unfaithful to the tradition . . . of giving 'the utmost deference to Presidential responsibilities.'" *Id.* at 709 (citation omitted). The Eleventh Circuit has likewise recognized that "[h]igh ranking government officials have greater duties and time constraints than other witnesses." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993).

Since the Supreme Court's decision in *Clinton*, the Supreme Court has instructed that civil discovery aimed at the President deserves special deference. In *Cheney v. U.S. District Court*, 542 U.S. 367 (2004), the Court held that "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated," and reiterated that the Executive's "constitutional responsibilities and status [are] factors counseling judicial deference and restraint in the conduct of litigation against it." *Id.* at 385 (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982)).

The *Cheney* Court's holding is particularly relevant here as "the need for information for use in civil cases, while far from negligible, does not share the urgency or significance of the criminal subpoena requests in *Nixon*." *Id.* at 384. Further, the Supreme Court faulted the lower courts for treating the matter as routine discovery, rather than first exploring "other avenues, short of forcing the Executive" to bear the burden. *Id.* at 390. If those principles govern civil discovery directed at the Vice President and his staff, they govern with greater force the potential of compelled, in-person testimony of the President himself. President Trump's status as the plaintiff is of no moment. The deference *Clinton* and *Cheney* describe runs to "the office of the Chief



**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Executive," not to the litigant's posture in the caption. The Nation's interest in an unimpaired Presidency is the same whichever side of the 'v.' the President occupies.

Accommodating the President's schedule and security is not a novelty either; it is the norm established in *Clinton*, 520 U.S. at 704–05 (cataloguing examples including Presidents Ford and Clinton). In each instance of a President providing testimony, the testimony was taken at the White House or at a location arranged around the President's protective detail, on a date set to accommodate his duties rather than the convenience of the party seeking it. That is all President Trump seeks here: a date within a defined window and a setting that the Secret Service can secure. Defendant, by contrast, asks the Court to wrongly treat the President as any other deponent and to disregard the considerations the Supreme Court has twice said must "inform the conduct of the entire proceeding." *Id.* at 707.

If the Court were to compel President Trump to appear for deposition on a date certain, without taking into account the singular nature of his role in our system of government, the complexity of his schedule, and the national security implications involved, this Court would invert the principles set forth by *Clinton*. Indeed, courts should exercise discretion and care when a legal proceeding threatens to interfere with the President's constitutionally protected powers and functions. *See, e.g., Nixon*, 457 U.S. at 743 (addressing Presidential immunity).

Defendant's authorities do not warrant a deviation from *Clinton* either. In *Samadi v. Bank of Am., N.A.*, 476 F. App'x 819, 821-22 (11th Cir. 2012), a pro se plaintiff, after receiving notice of his deposition date, refused to appear unless the defendant first produced documents he had requested, and the sanction imposed was an award of the defendant's expenses. In *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988), the court affirmed dismissal of the case (an extreme remedy reserved only for extraordinary circumstances) for the plaintiff's failure to appear at a scheduled deposition only after years of neglect, a monetary fine, and an order making him personally accountable for prosecuting his case had all failed.

Unlike the plaintiffs in Samadi and Navarro, President Trump is a sitting President whose constitutional responsibilities warrant special scheduling accommodations. *See In re United States*, 985 F.2d at 512. Moreover, unlike those plaintiffs, President Trump previously agreed to a deposition date, proposed a subsequent defined deposition window, his counsel has remained in communication with Defendant throughout, and the President has committed to sitting for his deposition. Rule 37(d), on which Defendant's claimed authorities rest, addresses a party who


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

"fails, after being served with proper notice, to appear" for a deposition. A defaulting witness is not on the same plane as one whose counsel gave advance notice of a conflict and proposed replacement dates—and even then, no expenses may be awarded where "the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). The constitutional duties of the President are paradigmatic for such a justification. Due to his schedule, President Trump has no further availability for deposition during the remainder of this year. He is, however, able to make himself available for deposition between January 11, 2027, and January 22, 2027. As that range of dates approaches, President Trump shall confer with Defendant and confirm a specific date within that range so that his deposition may be noticed according to the Federal Rules of Civil Procedure, in a manner that is secure and preserves matters of national security. To that end, President Trump has no objection to a brief extension of the relevant pre-trial deadlines and, if necessary, a continuance of the trial date to ensure that his deposition occurs during this window.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Discovery Hearing Related to Compelling Plaintiff's Deposition (ECF No. 181) without prejudice, direct the Parties to complete their conferral regarding Plaintiff's deposition, order Defendant to cease unilaterally filing Motions for Discovery Hearing without completing the Parties' conferral efforts, order Defendant to cease filing public notices regarding Joint Motions for Discovery Hearing, or, in the alternative, (i) set the President's deposition for a date within the period of January 11 through January 22, 2027, to be fixed by the Parties no later than December 28, 2026; (ii) direct that the deposition be conducted at a location designated in consultation with the United States Secret Service, with attendance limited to President Trump, counsel of record, the court reporter, and such United States Secret Service personnel as are necessary to ensure the President's security, and without any video recording; (iii) recommend that the District Judge extend the discovery deadline and any dependent pretrial deadlines accordingly; and (iv) grant any such other and further relief the Court deems just and proper.


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: October 21, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 10664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel for Plaintiff*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 21, 2026, the foregoing was served via the Court's CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendant British Broadcasting Corporation*

*/s/ Alejandro Brito*


**Brito, PLLC**
2121 Ponce de Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071