D

Ballard Spahr
LLP

1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Maxwell S. Mishkin
Tel: 202.508.1140
Fax: 202.661.2299
mishkinm@ballardspahr.com

October 28, 2026

*Via Email*

Pardis Gheibi
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11526
Washington, DC 20005
pardis.gheibi@usdoj.gov

**Re: Subpoena to Jack Smith in *Trump v. BBC*, No. 1:25-cv-25894 (S.D. Fla.)**

Dear Ms. Gheibi:

This firm represents the British Broadcasting Corporation (the "BBC") in the above-captioned matter ("*Trump v. BBC*"). We write in response to your October 26, 2026 letter regarding the deposition subpoena that the BBC has issued to former Special Counsel Jack Smith. Your letter requested a summary of the information that the BBC is seeking from Mr. Smith and an explanation of its relevance to *Trump v. BBC*, even though your office is presumably aware – having entered an appearance (ECF 95) and filed a statement of interest (ECF 96) in *Trump v. BBC* more than three months ago – that the BBC and President Trump recently filed a joint motion (ECF 189) providing precisely that information.[1]

Moreover, as your colleague Matthew Feeley surely informed you after he attended the hearing on that joint motion last week, Magistrate Judge Enjoliqué A. Lett ruled that the letter Mr. Smith sent to the Department of Justice ("DOJ") after receiving the BBC's subpoena, seeking authorization to testify, already "satisfies" the "*Touhy* obligation," and as a result DOJ has been ordered, "on or before November 2nd," to "respond to the letter indicating whether or not . . . Jack Smith has approval to testify." *See* Oct. 22, 206 Hr'g Tr. at 109:2-14 (ECF 197). Judge Lett's written order (ECF 204), issued yesterday with notice to several DOJ attorneys, memorialized that November 2nd deadline for DOJ's response.

In the interest of expediting your response to Mr. Smith's letter, however, we are amenable to explaining again what information the BBC seeks from Mr. Smith and why that

[1] Unless otherwise noted, all ECF entries cited herein are docketed in *Trump v. BBC*.

information is directly relevant to *Trump v. BBC*. Plaintiff President Donald J. Trump's central claim in *Trump v. BBC* is that the BBC defamed him by including in a 2024 documentary a clip of the speech that he delivered at the White House Ellipse on January 6, 2021 (the "Speech"). According to Plaintiff, the way in which that clip was edited conveyed the allegedly false implication that he "incit[ed]" or "fomented" the riot and assault on the U.S. Capitol that followed the Speech. Am. Compl. ¶¶ 54, 107, 125, 135(c) (ECF 124). Because Plaintiff is a public official and the speech at issue relates to a matter of public concern, Plaintiff bears the burden of proving that this implication is false. *Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986). Plaintiff must therefore prove that he ***did not*** foment the January 6 Capitol riot.

Plaintiff's burden to prove falsity has important implications for the scope of discovery, as the Court has recognized. It "entitle[s] [the BBC] to discover the contours of the message" in the Speech and whether it created the "impression" that Plaintiff "fomented violence." *See* Omnibus Order Following Discovery Hearing on J. Mots. for Discovery Hr'g at 9 (ECF 120). The scope of relevant discovery thus includes "Plaintiff's intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," specifically "whether that impression was given or received; if that impression was given or received, whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm." *Id.* at 9-11.

It is difficult to imagine a more authoritative source on these issues than Mr. Smith, who spent years gathering evidence on those topics with the force of DOJ and the power of the grand jury behind him. That is why the BBC issued a subpoena for Mr. Smith's deposition, at which the BBC will seek testimony regarding the evidence that Mr. Smith obtained over the course of his investigation, which according to him "established that the violence [on January 6] was foreseeable to Mr. Trump, that he caused it, that it was beneficial to his plan to interfere with the certification, and that when it occurred, he made a conscious choice not to stop it and instead to leverage it for more delay." *See* Office of the Special Counsel, *Final Report on the Special Counsel's Investigations and Prosecutions: Volume One: The Election Case* at 67 (Jan. 7, 2025).

As Judge Lett reiterated just yesterday, the BBC "is entitled to discovery that concerns the claims and defenses at issue in this case, which include President Trump's intention behind his January 6th speech and the effect of said speech," and "Mr. Smith has information surrounding the contours of President Trump's message and impression." *See* ECF 204 (cleaned up). Indeed, Mr. Smith's deposition testimony would be highly probative of that issue, and his report and prior testimony before Congress is no substitute given the substantial differences between a deposition conducted under the Federal Rules and an interview conducted by a congressional committee. *See United States v. North*, 910 F.2d 843, 907-08 (D.C. Cir. 1990) (observing that "[c]ongressional examination was shaped in

part by the demands of television and electoral politics, rather than by the rules of evidence and the norms of a fair adversary proceeding”).

Moreover, in his public testimony, Mr. Smith specifically declined to discuss the sources of his evidence (including declining to name specific witnesses) out of concern for violating Federal Rule of Criminal Procedure 6(e). Assuming Mr. Smith confirms that, absent authorization, he would decline to provide such information at a deposition in this case, too, the BBC could move for relief under Rule 6(e)(3)(E)(i), which allows for such information to be disclosed “preliminarily to or in connection with a judicial proceeding.” *See, e.g.*, *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211 (1979). As your office is aware, the BBC has moved in the U.S. District Court for the District of Columbia to unseal certain records relevant to *Trump v. BBC* under Rule 6(e)(3)(E)(i), and Chief Judge Boasberg has already observed that the BBC’s “overarching point is a pretty good one, which is, they get sued, and then when they try to get discovery into the motivation behind the President’s actions which they argue shows that their reporting is true, they get stymied. So that’s sort of a pretty unfair result.” *See* Sept. 5, 2026 Hr’g Tr. at 18:19-24, *In re BBC*, No. 26-mc-81-JEB (D.D.C.). The BBC thus reserves the right to seek relief under Rule 6(e)(3)(E)(i) pertaining to Mr. Smith’s testimony as well.

We trust that we have addressed your questions about the information that the BBC is seeking from Mr. Smith and its relevance to *Trump v. BBC* and that, per Judge Lett’s order, you will respond to Mr. Smith’s letter by November 2, 2026. We further trust that, in light of the foregoing – and especially considering that DOJ authorized Mr. Smith to testify before the Senate Judiciary Committee concerning his work as Special Counsel just last month – you will authorize Mr. Smith to testify in *Trump v. BBC* as well.

Sincerely,

**BALLARD SPAHR LLP**

Maxwell S. Mishkin