UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S NOTICE REGARDING PLAINTIFF'S**
**PRIVILEGE LOG PURSUANT TO DISCOVERY ORDER (ECF 198)**

Defendant the British Broadcasting Corporation (the "BBC"), by and through the undersigned counsel, respectfully submits this Notice to apprise the Court of Plaintiff's privilege log served in response to the Court's Order, ECF 198. As the Court ordered at the October 22, 2026 discovery hearing (and reiterated in a written order):

> Plaintiff shall produce his privilege log on or before **November 5, 2026** and any remaining responsive documents to the RFPs about which there remains no dispute, *see* ECF No. 176-1, no later than **November 23, 2026**. Failure to comply with this order may result in sanctions, including but not limited to, dismissal of this action for failure to prosecute this case.

ECF 198; *see also* Oct. 22 H'rg Tr. at 19:11-20:17, ECF 197.

On November 5, Plaintiff served the privilege log attached hereto as **Exhibit A**. Plaintiff was required to list on this privilege log all of the documents responsive to the BBC's 26 undisputed requests for production – Nos. 1-2, 6, 9-11, 13, 15, 17, 20-21, 23-36, and 126 – that Plaintiff has withheld on the basis of privilege. *See* ECF 176-1, 185-1. Yet the log contained only

34 entries: 26 emails plus 8 attachments.[1] Every entry logged was a communication within Plaintiff's counsel's law firms in this matter, withheld as attorney work-product. The log, like Plaintiff's two document productions to date, does not contain a single communication with Plaintiff or his advisors. Nor does it list any documents that Plaintiff claims are protected under the attorney-client privilege or executive privilege—the only protection claimed is for attorney work-product.

In this regard, the log does not appear to comport with the Court's Order, including, for example, its directive that Plaintiff needs to list attorney-client privileged communications "prefiling of the lawsuit." Oct. 22 H'rg Tr. at 19:19-20. For example, Request No. 2 seeks "All Documents and Communications Concerning the Documentary, from October 28, 2024 to the filing of this lawsuit on December 15, 2025." Although Plaintiff's counsel logged some of his own firm's pre-suit communications, he did not log *any* communications with Plaintiff or his team. Yet someone must have hired Plaintiff's counsel, reviewed drafts of the demand letter and Complaint, and approved those documents on Plaintiff's behalf. Given Plaintiff's counsel's representation that he is in touch with "the President's internal legal team" as part of his search for responsive documents, it strains credulity that he did not also communicate with the President's legal team before sending the demand letter or bringing this case. Oct. 22 H'rg Tr. at 13:4-5. The log also does not list any communications over which Plaintiff claims executive privilege—a privilege Plaintiff's counsel has stated he intends to invoke in this case, *see id.* at 132:14—such

[1] In contrast, the BBC's current privilege log runs to 425 pages, with 2,712 entries. The Parties' document productions are equally one-sided. The BBC has made thirteen productions, totaling 9,371 documents and 114,266 pages. Plaintiff, meanwhile, has made only two productions, totaling 155 documents and 1,012 pages, all of which are either documents pulled from the internet shortly before production or pulled from the BBC's own productions to Plaintiff.

as, potentially, communications between Plaintiff and FCC Chair Brendan Carr about his letter to the BBC, responsive to Request No. 36.

This log, therefore, underscores the Court's concern that "[g]iven the nature of the requests, the paucity of the production, and the steps counsel undertook to ensure that all responsive documents were collected, the Court has concerns about whether an adequate search for all responsive documentation occurred." ECF 198; *see also* Oct. 22 H'rg Tr. at 18:17-20 (Court stating, "it just kind of strains credulity that a thorough search has been done in order to determine that all of these requests have been responded to"). This is far from the "strict compliance" required by this Court. ECF 183.

The production of a privilege log is an essential part of the discovery process. *See Alto Tromen, S.A. v. Nodus Int'l Bank, Inc.*, 2024 WL 5166028, at *2 (S.D. Fla. Dec. 19, 2024) (noting, in granting motion to compel, that privilege logs "enable the requesting party to assess the claim of privilege"); *In re Fundamental Long Term Care, Inc.*, 508 B.R. 224, 227 (Bankr. M.D. Fla. 2014) ("Without a privilege log, how would the [requesting party] know what documents the [producing parties] are not producing? And without knowing which documents are not being produced, there is no way of knowing whether a privilege is properly being asserted."). With the discovery cutoff approaching, the BBC will continue to be prejudiced if Plaintiff continues to disregard his discovery obligations.

Accordingly, the BBC respectfully renews its request that the Court order Plaintiff to, within 7 days, submit a declaration detailing the steps he has taken to search for, review, and log documents responsive to the BBC's document requests, including whose documents he has searched, what type of documents, and how he has performed those searches. *See* Oct. 22 H'rg Tr. at 16:1-7 (making request). The BBC reserves the right to seek further relief from this Court

regarding the Plaintiff's compliance with the Court's discovery rulings, including as to his privilege log.

Dated: November 9, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: *<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Maya D. Gandhi
Florida Bar No. 1075387
tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

*Attorneys for Defendant*