**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**PLAINTIFF'S *EXPEDITED* MOTION TO STAY ENFORCEMENT OF THE MAGISTRATE JUDGE'S ORDER AT ECF NO. 200 AND THE DEPOSITION DEADLINE SET BY ECF NO. 202 PENDING RESOLUTION OF PLAINTIFF'S RULE 72(a) OBJECTIONS AND MOTION TO EXTEND AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 7.1(d)(2), respectfully moves for an expedited order staying: (1) enforcement of the Paperless Order Denying Plaintiff's Ore Tenus Motion for Protective Order Regarding Subpoena to Non-Party Mar-a-Lago Club, LLC (the "MAL Order") (ECF No. 200), including the issuance, service, and enforcement of the BBC's subpoena to non-party Mar-a-Lago Club, LLC ("MAL"); and (2) the December 11, 2026 deposition deadline imposed by the Paperless Order Granting Defendant's Ore Tenus Motion to Compel Plaintiff's Deposition (the "Deposition Order") (ECF No. 202). Plaintiff seeks this limited stay pending resolution of his contemporaneously filed Omnibus Objections to and Appeal of the Magistrate Judge's Orders (ECF No. 210) (the "Objections") and his soon-to-be filed Motion to Extend the Discovery Deadline, Pretrial Deadlines, and Trial Date

(the "Motion to Extend").[1] Alternatively, Plaintiff requests that production under the MAL subpoena be stayed at least until the financial discovery question now being briefed under ECF No. 205 is resolved. In support, Plaintiff states as follows:

**BASIS FOR EXPEDITED TREATMENT**

Plaintiff requests expedited consideration under Local Rule 7.1(d)(2). On October 27, 2026, the Magistrate Judge ordered that the BBC's subpoena to MAL "shall issue." ECF No. 200. The subpoena's original October 26, 2026, compliance date had already passed, and the MAL Order did not set a new one. ECF No. 187, Ex. B; ECF No. 200. Therefore, nothing prevents the BBC from serving the subpoena with a new return date, and wrongly obtaining a non-party's confidential commercial records before the Court reviews the MAL Order – and while the Magistrate Judge is still deciding whether the First Amended Complaint permits the non-party financial discovery that the BBC seeks. That would be an unjust and improper result.

That threshold question regarding non-party financial discovery is squarely pending. On October 28, 2026, the Magistrate Judge ordered briefing on whether the First Amended Complaint obviates the BBC's financial subpoena to the Donald J. Trump Revocable Trust (the "Trust"), with the parties' respective briefs due November 10, 2026, and November 17, 2026, followed by a ruling or further hearing. ECF No. 205. Production by MAL before that question is answered would hand the BBC the very category of non-party financial information, the discoverability of which the Court is still deciding. Separately, the Deposition Order requires the President of the United States to sit for deposition by December 11, 2026, even though the forthcoming Motion to Extend will ask this Court to set the schedule that will govern that deposition.

[1] The Parties are conferring over the contents of the motion to extend, and may present it as a joint motion. However, if the Parties are unable to reach an agreement to do so, President Trump shall file his own motion seeking similar relief.



**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Plaintiff requests a ruling by November 20, 2026, and, in any event, sufficiently before December 11, 2026, in order to permit orderly security and logistical arrangements for the deposition. If the BBC serves the MAL subpoena with a compliance date that precedes the Court's ruling, Plaintiff requests that the Court direct that no production occur until it rules on this Motion.

Plaintiff seeks targeted sequencing relief. The requested stay does not disrupt discovery. Rather, it ensures that disputed non-party financial discovery is not mandated before the Court decides whether it is permitted.

## INTRODUCTION

This Court has already answered the question this Motion presents: whether a non-party should be compelled to disclose confidential financial information while the legal basis for that discovery remains unresolved. It should not. Judge Altman stayed the order compelling financial records from the Trust because the amended pleading might "obviate[] the need" for that disclosure, ECF No. 116 at 3, and kept the stay in place through a further discovery hearing, ECF No. 123 at 6. Following that hearing, the Magistrate Judge ordered briefing on precisely that question: whether the First Amended Complaint eliminates the basis for the Trust subpoena. ECF No. 205. Yet, despite ordering that briefing, the Magistrate Judge erroneously authorized issuance of a subpoena to MAL for six years of membership-application and initiation-fee data. ECF No. 200. The BBC should not obtain financial records from one non-party while the Court is still deciding whether the amended pleading permits financial discovery from another, the ruling regarding which would apply to all non-parties.

The BBC itself has tied the two subpoenas together. In defending the Trust subpoena, BBC counsel relied on the same paragraphs of the First Amended Complaint invoked for MAL, and told the Magistrate Judge that the argument was "pretty much the same." Oct. 22, 2026 Hr'g Tr. ("Tr.")

153:4–23. The Magistrate Judge framed the question that argument and theory present: whether the financial information of more than 400 Trust-affiliated entities bears on the President's claimed injury to his profession, occupation, trade, or reputation. *Id.* 153:24–154:4. The answer is no. Both subpoenas rest on a single false premise – that a claim for injury to the President's personal reputation opens the finances of separate entities whose losses he does not claim. That premise should be decided once, on a complete record, not tested through serial non-party disclosures that cannot be undone and cause undue burden.

The deposition issue calls for an equally practical solution. The President has agreed to testify, and has committed to a specific window for his deposition: January 11–22, 2027. The Magistrate Judge acknowledged that only this Court can change the case schedule and her order expressly contemplates a mutually convenient date if it does. ECF No. 202; Tr. 32:3–15. The BBC conceded that an extension would lift the urgency. *Id.* 35:13–16. Until this Court rules on the forthcoming Motion to Extend, however, a December 11, 2026, deadline backed by a warning of sanctions, including dismissal, threatens to force scheduling decisions that may be unnecessary. A temporary stay would preserve the deposition obligation, not defeat it, while giving effect to the Supreme Court's instruction that the high respect owed to the office of the Chief Executive should inform "the timing and scope of discovery." *Clinton v. Jones,* 520 U.S. 681, 707 (1997).

## <u>BACKGROUND</u>

### I. The MAL Order

On September 25, 2026, the BBC served notice of a subpoena to MAL improperly seeking, across thirteen requests, documents sufficient to identify: (1) the total number of applications for MAL membership, and (2) the cost of membership and initiation fees for new applicants, each from January 6, 2020, through January 6, 2026. ECF No. 187 at 1. The subpoena listed October


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

26, 2026, as its compliance date. ECF No. 187, Ex. B. Plaintiff sought a protective order under Rule 26(c), because a non-party club's membership and fee data do not bear on whether the BBC's doctored, malicious, and defamatory edit injured the President's personal reputation, the only compensatory injury pursued in the First Amended Complaint. ECF No. 187 at 1–3; ECF No. 124 ¶¶ 128–132, 145, 161. On October 27, the Magistrate Judge erroneously denied the protective order, and directed that the subpoena "shall issue," without setting a new compliance date. ECF No. 200.

## II. The Deposition Order

In July 2026, Plaintiff agreed to sit for his deposition on October 16, 2026. On September 28, 2026, Plaintiff's counsel advised the BBC that the President was no longer available on that date due to obligations of national importance, and that counsel would provide a replacement date. ECF No. 181-2 at 3. Plaintiff's counsel then proposed that the parties jointly seek a limited extension of the discovery period so that the President could sit for deposition in January 2027. The BBC did not respond, and instead filed its motion. Tr. 26:20–27:9. Plaintiff has committed to sit for deposition between January 11 and January 22, 2027, at a location designated in consultation with the United States Secret Service. ECF No. 192 at 3-5. The Magistrate Judge recognized that she did "not have jurisdiction to alter Judge Kuntz's scheduling order," Tr. 32:3–7, but ordered the President to sit for deposition on or before December 11, 2026, warning that "[f]ailure to do so may result in sanctions, including dismissal of the lawsuit." ECF No. 202. The Deposition Order provides that if this Court extends discovery, "the parties may agree to a mutually convenient date to conduct President Trump's deposition within the extended discovery period." *Id.* At the hearing, the Magistrate Judge tied the December 11 date to the existing schedule, "unless Judge Kuntz determines otherwise." Tr. 32:14–15; *see also id.* 36:15–17.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## III. The Unresolved Financial Discovery Issue

On July 27, 2026, the Magistrate Judge erroneously compelled compliance with every request in the Trust subpoena, limiting only the time period to January 1, 2023 forward. ECF No. 104 at 8-9. According to the Magistrate Judge, she did so because the original Complaint alleged damage to "the value of [Plaintiff's] brand, properties, and businesses," and "virtually all of these 'properties and businesses' are owned by the Trust." *Id.* at 5 (quoting Compl. ¶ 101).

Judge Altman stayed the compelled production of the Trust's financial records, because the proposed amendment could eliminate the damages theory on which that subpoena depended. ECF No. 116 at 3–4. When he granted Plaintiff leave to amend, Judge Altman kept the stay in effect until the parties held a new discovery hearing before Magistrate Judge Lett. ECF No. 123 at 6. Plaintiff filed the First Amended Complaint on August 10, 2026 (ECF No. 124), which updated the damages theory, and thereby mooted any basis for discovery into the Trust's financial records or those of any entities related in any way to the Trust. Following the October 22, 2026, hearing, Magistrate Judge Lett entered ECF No. 205, which states that the parties' dispute is over whether the Trust financial discovery is "relevant and/or rendered moot by the Amended Complaint," sets Plaintiff's brief for November 10, 2026, and the BBC's response for November 17, 2026, and provides for a ruling or further hearing. ECF No. 205. Plaintiff's Objections are being filed concurrently with this Motion, and the Motion to Extend will be filed promptly thereafter.

## <u>ARGUMENT</u>

## I. Legal Standard

The Court has ample authority to stay enforcement of the challenged discovery orders pending review. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). It has already exercised that authority in this case, staying an order compelling non-party financial records, because the First


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Amended Complaint could eliminate the basis for that discovery (which it did). ECF No. 116 at 2–4. The same rationale applies here.

The traditional stay factors are likelihood of success on the merits, irreparable injury absent a stay, prejudice to the opposing party, and the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019). Where the balance of equities weighs heavily in favor of a stay, the movant need only show a substantial likelihood of success on the merits. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

Because Rule 72(a) objections do not automatically stay a magistrate judge's discovery order, ECF No. 116 at 2, Plaintiff seeks an express stay through the instant motion. The Court should follow the course it adopted in ECF No. 116, which is to resolve the disputed basis for compelling non-party financial records before permitting their disclosure.

## II. The BBC Should Not Obtain MAL's Records While the Court Decides the Same Financial Discovery Question for the Trust.

Judge Altman recognized that the First Amended Complaint could eliminate the basis for compelling the Trust's financial records, and stayed enforcement of that subpoena. ECF No. 116 at 3. The First Amended Complaint is now operative, and the Magistrate Judge has ordered briefing on whether it renders the Trust subpoena irrelevant or moot, which Plaintiff asserts that it does, with a ruling or further hearing to follow the BBC's November 17, 2026 response. ECF No. 205. The BBC should not obtain MAL's financial records before that overlapping dispute is decided.

The overlap is not speculative. In fact, the BBC conceded it. The BBC's counsel described the justification for the records requested by the Trust subpoena as "pretty much the same" as the justification for the records sought by the MAL subpoena. Tr. 153:4-23. Both rest on the First Amended Complaint's assertions of injury to the President's profession and professional reputation, and both wrongly seek records of entities whose economic losses Plaintiff does not


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

claim – the Trust subpoena across approximately 400 entities, and the MAL subpoena across six years of membership applications and fees. The MAL Order relied on exactly those assertions, together with the fact that the President carries out official duties at MAL. ECF No. 200 (citing Am. Compl. ¶¶ 135, 139). If the Magistrate Judge, or this Court on a subsequent motion, concludes that those allegations do not support the Trust subpoena, which should be the result, the foundation of the MAL Order falls with it. Permitting production by MAL now would let the BBC collect the fruits of that flawed theory before the Court decides whether the theory is sound. The Court should stay enforcement of the MAL Order pending its Rule 72(a) review or, at a minimum, until the Trust dispute presented in ECF No. 205 is resolved.

The overlap is not merely conceptual. It is literal. The Trust subpoena reaches every "Business owned, directly or indirectly, legally or beneficially, by The Donald J. Trump Revocable Trust," ECF No. 52-2 at 8, ¶ 13, and its Appendix expressly lists Mar-A-Lago Club, L.L.C. among the entities "[w]hose [o]wnership [u]ltimately [f]lows to the Trust," *id.* at 14, 17. Request No. 7 demands "[a]ll Documents showing or relating to the value of each Trump Affiliated Entity, including . . . annual and quarterly income statements, balance sheets, profit and loss statements, cash flow statements, and federal and state tax returns." *Id.* at 12. Those are the records that reflect MAL's membership and initiation-fee revenue. The Magistrate Judge compelled that request in error, without limiting its substance, narrowing only the time period, ECF No. 104 at 8–9, and Judge Altman stayed that order in full, ECF No. 116 at 4; ECF No. 123 at 6. While that stay was in effect, on September 25, 2026, the BBC served a notice of subpoena on MAL, improperly seeking a slice of the same entity's financial information. ECF No. 187 at 1. Enforcing the MAL Order now would wrongly let the BBC obtain through a second subpoena what it cannot obtain under the stayed one. That would be unlawful and unjust.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

ECF No. 104 also confirms why the two subpoenas must be decided together. The Magistrate Judge found the Trust subpoena within the scope of Rule 26(b)(1) because the original Complaint pleaded harm to Plaintiff's "brand, properties, and businesses," the Trust had not shown that its entities were "not within or related to" them, and "the operative Complaint's allegations control." ECF No. 104 at 7–8. MAL is one of those Trust-owned businesses. Whether its financial information remains discoverable now that those allegations are gone under the First Amended Complaint is precisely the question ECF No. 205 directs the parties to brief. The MAL Order cannot answer that question first, by a different route, for one of the very entities at issue.

### A. Defamation Per Se Does Not Convert Personal Reputational Injury Into Entity-Level Financial Damages.

The BBC's misguided reliance on defamation *per se* does not change the analysis. Allegations that a publication injured the President in his profession, occupation, or office describe the character of the BBC's false, malicious, and defamatory statements and the injury Plaintiff suffered personally. They do not assert economic losses by MAL, the Trust, or any affiliated entity. Reputational injury is not measured by a balance sheet. Its "more customary types" include "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974). Pleading the trade or profession category of defamation *per se* does not convert that personal injury into a claim concerning the financial performance of legally distinct businesses.

The Magistrate Judge has already drawn this line. In ECF No. 104, she noted that defamation *per se* "normally does not require an allegation of damages," improperly looked past that label to "the facts pled," and tied the damages at issue to paragraphs 100 and 101 of the original Complaint, which alleged economic harm to Plaintiff's brand, properties, and businesses. ECF No. 104 at 6 n.6 ("[A]s currently pled, Plaintiff's damages are at issue. Compl. ¶¶100-101."). Those


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

paragraphs are gone. The original Complaint pleaded defamation *per se* also, and that label did not open the Trust's books. The economic harm allegations did. The same label cannot now wrongly open MAL's books. MAL's application counts and initiation fees say nothing about whether the BBC's doctored, defamatory edit lowered the President's standing in anyone's eyes, which it did.

Nor does the $10 billion damages demand make those business records relevant. Plaintiff will prove reputational harm through expert testimony, surveys, and audience exposure analyses. Tr. 51:25-52:18. The BBC may test that evidence. But a right to challenge the amount of damages does not make a private club's applications and fee schedules—or the records of hundreds of Trust-affiliated entities—relevant and proportional to the injury alleged. Rule 26(b)(1) requires a connection between the specific records sought and a claim or defense, and a subpoena recipient's non-party status is a factor that weighs against disclosure. *See Jordan v. Comm'r, Miss. Dep't of Corr.,* 947 F.3d 1322, 1329, 1337 (11th Cir. 2020). Thus, the MAL Order requires production of irrelevant information that will not prove or disprove any disputed fact.

**B. Production by MAL Cannot Be Undone.**

Compliance with an order compelling disclosure may inflict an injury that later review cannot repair, because courts "cannot always 'unring the bell' once the information has been released," and "[s]ubsequent appellate vindication does not necessarily have its ordinary consequence of totally repairing the error." *Maness v. Meyers*, 419 U.S. 449, 460 (1975). Where disclosure would moot the issue presented for review, that loss of review itself constitutes irreparable injury. *See John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (granting stay because disclosure would moot review of the disclosure ruling).

The risk is concrete. MAL is a separate, private non-party, and its membership figures and pricing history concern its own commercial operations, not any claimed injury to those operations.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Once disclosed, the information cannot be unlearned, and later limits on dissemination do not answer the anterior question of whether the discovery was permissible. The BBC has announced how it intends to use the figures: to inaptly argue that President Trump was "enriched by magnitudes" after the Documentary, which is defined in the First Amended Complaint. Tr. 40:14–16; ECF No. 124 at ¶ 2. In other words, the BBC plans to improperly try and *substitute* a non-party's commercial trajectory for proof regarding the President's personal reputational injury. The Protective Order (ECF No. 51) may restrict later use, but it cannot undo disclosure or restore meaningful pre-production review. This Court recognized that precise distinction when it stayed non-party financial production in ECF No. 116.

## III. The Objections Present Substantial Grounds for Review, and the Equities Favor a Stay.

### A. The MAL Order Fails to Establish the Relevance of the Records Sought.

The MAL Order rests on a single, illogical inference: because the President "often carries out his presidential duties" at Mar-a-Lago, any injury to his profession "would be reflected in how he conducts business at Mar-A-Lago." ECF No. 200; Tr. 61:22–62:3. But the subpoena seeks nothing about how the President conducts business at Mar-a-Lago. It seeks how many people applied to join a private club, and what the private club charged them. Those figures measure the club's commercial operations, not the President's standing in the eyes of others. A viewer who thought less of the President after watching the BBC's edit would not register that judgment in a club's application ledger or fee schedule.

Nor can the data accomplish what the Magistrate Judge said it was meant for. She wrongly allowed six years of records because "the purpose is to measure any differences" before and after the broadcast. Tr. 62:7–12. The BBC's own exhibit shows that the one difference the data would capture was decided before the Documentary aired. In a July 16, 2024, interview, Mar-a-Lago's


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Bernd Lembcke explained that the initiation fee would rise to $1 million "[i]n October" because the club had only "four memberships to sell." ECF No. 187-2 at 2. That increase was planned more than three months before the BBC's October 28, 2024, broadcast, and it was driven by scarcity. A club with four memberships left to sell cannot reveal, through its application counts or its pricing, whether the BBC's edit lowered anyone's opinion of the President. What the data can reveal is how a Trust-affiliated business performed financially. That is why the BBC wants it: to "contest Plaintiff's allegation of damages," ECF No. 200, by arguing that the President was "enriched by magnitudes," Tr. 40:14–16. That is the economic-harm theory that the First Amended Complaint does not contain. The MAL Order identifies an association between the President and Mar-a-Lago. It identifies no connection between Mar-a-Lago's records and the injury that he claims.

The BBC's answer is a claim that changes in Mar-a-Lago's demand or pricing correlate with the President's reputation. That answer rebuts an injury that Plaintiff does not assert. The First Amended Complaint does not allege that the Documentary reduced demand for anything the President or the Trust offers. It alleges that the BBC falsely, maliciously, and defamatorily portrayed the President "as a violent insurrectionist," and thereby injured his "personal reputation." Am. Compl. ¶¶ 131, 139. The measure of that injury is what the audience came to believe, and Plaintiff will prove it through, among other information, survey and audience evidence. Tr. 51:25–52:18. A membership ledger cannot show what anyone believes. Whether a person accepted the BBC's false portrayal has nothing to do with whether that person applied to a private club in Palm Beach, Florida. The MAL Order's own faulty premise confirms the point. Mar-a-Lago is connected to the President's profession, the MAL Order wrongly reasoned, because he conducts presidential business there. ECF No. 200. That says nothing about reputational damages to President Trump from BBC's wrongdoing. Add a club with four memberships left to sell, and an


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

increase in price fixed months before the broadcast, ECF No. 187-2 at 2, and the data measures nothing but the private club's own capacity and pricing decisions. Correlation with a quantity that the claim does not put at issue is not relevance.

The Magistrate Judge also mistreated Plaintiff's objection as an admissibility argument, incorrectly describing it as one that "may be well taken as it relates to the admissibility of the sought-after evidence." ECF No. 200. However, it is actually a relevance argument. Discovery may be broader than admissible evidence, but it must still bear on a claim or defense and be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Order never explains how six years of MAL's aggregate membership demand and pricing would tend to show whether the BBC's October 2024 documentary injured the President's reputation. That is a defect in the scope of discovery, not a trial evidence objection that can be deferred.

### B. The December 11 Deposition Deadline Should Be Stayed Pending Resolution of the Forthcoming Requested Scheduling Extension.

The Deposition Order requires the President to testify by December 11, 2026, even though the forthcoming Motion to Extend will ask this Court to set the schedule that will govern that deposition. ECF No. 202. The Magistrate Judge recognized that only this Court can extend the deadline, and contemplated a mutually convenient date if it does. *Id.*; Tr. 32:3-15. Enforcing the December 11, 2026, deadline now would dictate the President's deposition schedule before the Court charged with setting that schedule has ruled.

The consequences are not abstract. The Order warns that failure to appear may result in sanctions, including dismissal. ECF No. 202. Absent a stay, the President must set aside a day for testimony outside the January window to which he has committed – requiring the Secret Service to finalize location and security arrangements for a date the forthcoming Motion to Extend may render unnecessary – or risk the loss of his claims. The Supreme Court has directed courts to give


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

"the utmost deference to Presidential responsibilities," *Clinton,* 520 U.S. at 709 (citation omitted), and the Eleventh Circuit has recognized that "[h]igh ranking government officials have greater duties and time constraints than other witnesses," *In re United States,* 985 F.2d 510, 512 (11th Cir. 1993). The Deposition Order addresses neither. A stay of the Deposition Order should issue pending resolution of the forthcoming Motion to Extend.

**C. The BBC Will Suffer No Prejudice From a Brief Stay.**

A brief stay costs the BBC nothing that it is entitled to keep. The BBC describes the MAL subpoena as "very narrow," seeking data MAL "can easily produce," Tr. 41:2–5, and represents that the membership fees have already been publicly disclosed, ECF No. 187 at 5. Data that is easy to produce can be produced just as easily after the Court rules. As to the deposition, the BBC acknowledged that extending the schedule would lift any urgency. Tr. 35:13–16. Against that, Plaintiff faces wrongful disclosure that cannot be undone, and a deadline backed by the threat of dismissal. The requested relief is limited to enforcement of the two challenged orders, preserves the BBC's ability to obtain whatever discovery the courts ultimately authorize, and is tied to rulings the Court will make promptly.

**IV. The Public Interest Favors Deciding Discoverability Before Disclosure.**

The public interest favors consistent application of Rule 26 to non-party discovery, meaningful Rule 72(a) review, and efficient judicial administration. Deciding the common financial-discovery question once, before successive compelled disclosures, avoids inconsistent results, unnecessary proceedings, and undue burden on non-parties. Setting the President's deposition on the schedule this Court adopts on the forthcoming Motion to Extend respects the deference owed to Presidential responsibilities. *See Clinton,* 520 U.S. at 707-09.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court: (1) expedite consideration of this Motion under Local Rule 7.1(d)(2), and rule by November 20, 2026; (2) stay enforcement of ECF No. 200, including service of and production under the MAL subpoena, pending disposition of Plaintiff's Rule 72(a) Objections; (3) alternatively, stay production under the MAL subpoena at least until the Magistrate Judge, and this Court if necessary, resolves the financial-discovery question being briefed under ECF No. 205; (4) stay the December 11, 2026 deposition deadline and the attendant sanctions warning in ECF No. 202 pending disposition of the forthcoming Motion to Extend, without relieving Plaintiff of his obligation to sit for deposition; (5) direct that no production occur under the MAL subpoena before the Court rules on this Motion; and (6) grant such further relief as is just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on November 5, 2026, counsel conferred, or attempted in good faith to confer, with counsel for the BBC regarding the relief requested herein, and that the BBC opposes the requested stay.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated: November 10, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 10, 2026 the foregoing was served via the Court's CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendant British Broadcasting Corporation*

*/s/ Alejandro Brito*


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071