**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORPORATION a/k/a BBC,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**PLAINTIFF'S AND NON-PARTY THE DONALD J. TRUMP REVOCABLE TRUST'S JOINT BRIEF PURSUANT TO ECF NO. 205 ESTABLISHING THAT THE FIRST AMENDED COMPLAINT OBVIATES DEFENDANT'S SUBPOENA TO NON-PARTY THE DONALD J. TRUMP REVOCABLE TRUST**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and non-party The Donald J. Trump Revocable Trust (the "Trust"), pursuant to ECF No. 205, submit this Brief establishing that the First Amended Complaint (ECF No. 124) ("FAC") obviates Defendant British Broadcasting Corporation's ("BBC") subpoena to the Trust ("Subpoena") and that the July 27, 2026 Order (ECF No. 104) ("July 27 Order") should not be reinstated. The Trust joins this brief, particularly Parts III and IV, and preserves its objections under Rules 26 and 45. *See* ECF No. 52-2 at 25–27; ECF No. 111. In support, President Trump and the Trust state as follows:

**INTRODUCTION**

This Court previously compelled the Trust's records "because the then-operative complaint alleged that President Trump sustained 'extensive economic harms,'" and "massive economic damage to his brand value." ECF No. 205 (quoting ECF No. 1 at 2). The FAC removed those allegations. In granting leave to amend, Judge Altman held that under the amended pleading Plaintiff "won't be able to pursue reputational damages that are premised on any alleged harm to his brands and businesses." ECF No. 123 at 5–6.

The FAC seeks recovery for harm to President Trump's personal reputation, not losses sustained by the Trust or its entities. ECF No. 124, ¶¶ 131, 145, 161. The BBC acknowledged that

Plaintiff has "foresworn business and brand type of damages" (Oct. 22, 2026 Hr'g Tr. ("Tr.") 38:24–39:2), yet asks the Court to wrongly reinstate the July 27 Order in full. Tr. 156:24–157:9.

The BBC's arguments do not justify such action. Allegations of injury to the President's profession identify a category of defamation *per* se; they do not, despite BBC's contentions to the contrary, revive the withdrawn business-loss allegations. Plaintiff's business background does not magically transform every record of the Trust into evidence of personal reputational harm. The BBC's net-worth defense rests on public disclosures that it already has. The BBC completely fails to justify the unrebutted burden of requiring the Trust to collect records across nearly 400 entities, and continues to blatantly disregard the Court's discovery orders, which have found that "the scope of discovery [in this action] is not unlimited in nature" (ECF No. 120 at 9), and that the parties "should not turn discovery in this lawsuit into a fishing expedition." ECF No. 175 at 4–5.

For these and the reasons that follow, the Subpoena has been obviated by the FAC.

## RELEVANT FACTUAL BACKGROUND

The Subpoena reaches approximately 400 "Trump Affiliated Entities," and wrongly demands twelve categories of records, including trust instruments; real estate, ownership, and financial records; personal-property appraisals and insurance riders; digital wallet records; and every tax return, schedule, K-1, and workpaper. ECF No. 114-1 ¶¶ 4, 7. The BBC incorrectly justified that improper breadth as "fully commensurate to the breadth of Plaintiff's damages claims," because Plaintiff had "placed the financial status and history of his businesses, his properties, and his holdings directly at issue." ECF No. 52-2 at 54–55. The BBC's assertions are wrong.

The Court originally compelled production of every category, limited only to January 1, 2023, forward, so that the BBC could "determine Plaintiff's financial position immediately before and after the documentary's publication." ECF No. 104 at 8–9. Judge Altman stayed the July 27 Order, finding it "prudent" to do so because the amendment might "obviate[] the need to compel a non-party to disclose confidential financial information." ECF No. 116 at 3. In granting leave to amend, he left to this Court "[w]hether the amended complaint actually alters the Plaintiff's discovery obligations" (ECF No. 123 at 4), and kept the stay in effect until a new discovery hearing (*id.* at 6). This Court kept the stay in place pending its decision on this briefing. Tr. 158:4–15.

The FAC deleted former paragraphs 99–101, including the allegation of injury to "the value of his brand, properties, and businesses." *See* ECF No. 52 at 3 (quoting ECF No. 1 ¶ 101). The


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

FAC instead alleges harm to "President Trump's personal reputation," FAC ¶ 131, and both counts seek recovery for reputational harm, id. ¶¶ 145, 161.

## ARGUMENT

### I. The July 27 Order Rested Entirely on Allegations that the Amendment Removed.

Discovery reaches only matters "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance "depends on the claims" asserted, and a Rule 45 subpoena seeking irrelevant information must be quashed. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). This Court likewise has already limited discovery "to the framing of the pleadings." ECF No. 120 at 9; *see also Sanchez v. Victoria Secret Stores, LLC*, 2022 WL 22863354, at *2 (S.D. Fla. Sept. 23, 2022). An amended pleading supersedes the original, which "is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted).

Each premise of the July 27 Order relied on the removed allegations that are absent from the FAC. The Court found damages at issue "as currently pled" by citing paragraphs 100 and 101. ECF No. 104 at 6 n.6. It rejected the Trust's overbreadth objection by "harken[ing] back to the Complaint which asserts Plaintiff incurred damages to his 'brand, properties, and businesses'" *id.* at 7, and it faulted the Trust for failing to show that its entities "are not within or related to the 'brand, properties, and businesses' alleged to have been harmed." *Id.* Now, however, the FAC omits any reference to President Trump's brand, properties, or businesses. Thus, the rule that the Court applied, which is that the operative complaint controls, now closes the door that the original Complaint opened.

The BBC justified the Subpoena "only because Plaintiff alleges without limitation that his financial interests have been impacted." ECF No. 52 at 3. Defendant's hypothetical need assumes a loss that President Trump no longer claims, ECF No. 52-2 at 56 n.7, nor one that his expert is advancing. By the BBC's own explanation, the entity-level Subpoena is no longer "relevant to any party's claim or defense[.]" ECF No. 120 at 11.

Withdrawing a category of damages likewise narrows the corresponding third-party discovery. In *Goldman v. As You Like It Silver Shop, Inc.*, 2019 WL 718739, at *2 (E.D. La. Feb. 20, 2019), the plaintiff sought to amend her complaint to withdraw medical-expense damages. The court barred recovery of those expenses, and modified the subpoenas to omit the corresponding cost records, while permitting treatment records relevant to the injuries still claimed. *Id.* The same



**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

distinction applies here: the amendment forecloses recovery for losses to the Trust's brands and businesses, and the BBC must establish a connection between the records it seeks and an injury or defense that remains in the case. The removed allegations cannot supply that connection.

Judge Altman observed that the amendment "won't *necessarily* obviate the need for *certain* financial disclosures—especially since the amended complaint retains the Plaintiff's original $10-billion damages demand," ECF No. 123 at 5 n.1 (emphasis added). However, he left that question to this Court, and barred damages premised on harm to Plaintiff's brands and businesses. *Id.* at 4–6. "Certain" financial disclosures do not encompass every financial, ownership, and tax record of a non-party trust, and some 400 entities. Moreover, the size of President Trump's damages claim does not automatically make such records relevant when they materially differ from the categories of damages sought. Thus, the FAC obviates the Subpoena.

## II. The Defamatory Sting is the Edited Depiction of the Speech, Not Any Business Injury.

### A. The FAC Pleads a Category of Defamation Per Se, Not Business Losses.

The BBC relies on allegations that the Documentary injured President Trump in his "profession, occupation, and trade" and "damaged his professional reputation." FAC ¶¶ 135, 139; Tr. 153:4–9. Under Florida law, words are actionable *per se* when they impute, among other things, "conduct, characteristics or a condition incompatible with the proper exercise of his lawful business, trade, profession or office." *Campbell v. Jacksonville Kennel Club*, 66 So. 2d 495, 497 (Fla. 1953). Paragraph 135 invokes that category, and the BBC agreed, explaining that Plaintiff pleaded this language because "he is treating this as a defamation, per se, case." Tr. 39:25–40:6. The FAC does not state any claim for economic harm to President Trump's brand, properties, or businesses, and instead simply recites the applicable pleading standard for a defamation per se claim.

The July 27 Order recognized that defamation *per se* "normally does not require an allegation of damages," and instead relied on the economic-harm allegations in paragraphs 100 and 101. ECF No. 104 at 6 n.6. The original Complaint also pleaded defamation *per* se. The label that remains cannot replace the business-loss allegations that the Court found necessary.

The decision in *de Laire v. Voris*, 2021 WL 6883389, at *8 (D.N.H. Nov. 22, 2021), is instructive, as it too rejected a similar attempt to convert professional-reputation allegations into an entitlement to financial discovery. In *Voris*, the defendants argued that a defamation plaintiff's allegation of injury to his professional reputation entitled them to tax returns showing whether he


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

had lost work. The plaintiff disclaimed lost-income damages, and the court declined to compel the returns because their relevance had not been shown. *Id.* Here, too, the BBC must connect its requests to the damages actually pursued; the *per se* allegation does not restore the deleted claim for losses to the Trust's businesses.

**B. The Professional Injury Pleaded is Defined by the Deceptive Edit Itself.**

Paragraph 139 identifies the professional injury to the wrongful and deceptive edit: the BBC's "distortion, doctoring, and splicing damaged President Trump in his occupation, damaged his professional reputation, and portrayed him as engaging in supposed calls for rioting and violence that he never actually made." FAC ¶ 139. However, President Trump's only pleaded injury occurred as a result of the wrongful and deceptive edit in the Documentary that attributed to him words that he did not speak and took out words calling for peace that he did state. That is the issue that Judge Kuntz has described as the heart of this case: "a documentary aired by the BBC and, specifically, an allegation that the BBC 'spliced' two statements together that were actually made more than 55 minutes apart." ECF No. 175 at 4. However, that stated injury does not depend on the value of the Trust's hotels, golf courses, or licensing agreements.

*de Laire* also rejected a demand to identify the plaintiff's professional matters so that an expert could review his work for competence. 2021 WL 6883389, at *6. Here, the falsehood concerns the BBC's intentionally and wrongly edited depiction of the January 6 speech. An examination of the Trust's businesses cannot be justified merely by invoking the President's professional reputation.

**C. The President's Business Background Does Not Justify the Subpoena.**

The BBC argues that the President's reputation is inseparable from his business career: "the Art of the Deal," his "business acumen," and the way he "has built his reputation over his lifetime." Tr. 56:22–57:2; 154:11–13. Even accepting that description (which the Court should not), it still does not support this Subpoena. A reputation is what others think of a person, and injury to it is shown by evidence of how people perceive him, not by the deeds, title policies, and insurance riders of entities that he owns. The BBC's account of the President's persona tells the Court what kind of reputation he has. It does not make a non-party trust's records relevant to determine whether that personal reputation was harmed. The BBC's theory would wrongly open every financial record of every entity in which any defamation plaintiff holds an interest, whether or not he or she claims that any of them lost a dollar. Rule 26(b)(1) does not permit that result.



**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

*See Herbert v. Lando*, 441 U.S. 153, 177 (1979) (relevance requirement "should be firmly applied").

The Magistrate Judge's ruling on the Mar-a-Lago subpoena, ECF No. 200 (to which Plaintiff has filed an objection), does not support a different result. The BBC itself has tied the two subpoenas together, telling the Court that its justification for the Trust subpoena is "pretty much the same" as for the Mar-a-Lago subpoena. Tr. 153:20–23. However, the Mar-a-Lago subpoena would not lead to the production of any documents that will tend to prove or disprove whether President Trump suffered any personal reputational harm (which he did). *See* ECF No. 210 at pp. 10–11. Thus, the BBC's rationale, which is equally applicable to this Subpoena, is fatally flawed. Both rely on professional-reputation allegations to improperly seek records of entities whose losses Plaintiff does not claim. That premise does not establish the relevance or proportionality of this Subpoena, which do not exist.

**III. The BBC's Net Worth Defense Does Not Justify the Subpoena.**

Having lost the economic damages allegations on which it based the subpoena, the BBC now invokes a purported defense: President Trump could not have been harmed because "his personal net worth has been increased by $1.5 billion." Tr. 154:24–155:2; *see* Tr. 56:17–21. That flawed argument does not justify burdening a non-party trust and approximately 400 legally distinct entities to produce the virtual entirety of their financial records—especially when President Trump seeks recovery for injury to his own reputation. *See* ECF No. 52 at 3 (citing *Briggs v. City of Daytona Beach*, 2025 WL 305840, at *2 (M.D. Fla. Jan. 27, 2025)).

Defamatory harm includes "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974). The value of a non-party trust's holdings between 2023 and today, driven by real-estate markets, interest rates, licensing cycles, and business decisions across hundreds of separate entities, cannot be used to prove or disprove the harm that President Trump's personal reputation has suffered. The BBC acknowledged that isolating the cause would require examining each entity to determine "what factors caused" any change in value. ECF No. 52-2 at 56 n.7. Such a forensic audit would not prove or disprove whether President Trump suffered any personal harm to his reputation.

Indeed, the Court "must limit" discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

expensive," or that the requesting party "has had ample opportunity to obtain." Fed. R. Civ. P. 26(b)(2)(C)(i)–(ii). The Court applied that rule in quashing the BBC's subpoena to Cassidy Hutchinson, because her prior testimony was already "available to both parties." ECF No. 175 at 4. The same is true here regarding the President's net worth.

*Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 525 (W.D. Tenn. 1999), applies that principle to financial discovery from a non-party. In *Allen*, the court considered both the production burden and comparable financial and technical information available publicly, including an annual report. It held that, absent a showing that the public information was inadequate, requiring non-party production would be unreasonable. *Id.* The BBC already relies on the President's public disclosures to support its net-worth defense. Tr. 56:18–21; 144:15–18; 154:24–155:2. Vitally, it has not explained, nor is it able to justify, why that additional information warrants the burden of collecting countless records across approximately 400 entities.

Moreover, the BBC has served President Trump with requests for his tax returns, sources of income, financial holdings, assets, and liabilities (RFPs 117–123), and for licensing revenues of his "affiliated entities" (RFPs 68–76). The parties' dispute over those requests is under advisement. Tr. 118:16–25; 120:22–121:10; 150:14–24. Whatever the Court decides about those requests will define what personal financial information, if any, is discoverable in this case. A non-party should not be compelled to answer a broader, parallel demand before that question is resolved.

Nevertheless, the BBC mistakenly argues that tax information need only be "arguably relevant." ECF No. 52-2 at 57 (citing *Erenstein v. SEC*, 316 F. App'x 865, 869 (11th Cir. 2008)). However, the BBC has not established that it has a compelling need for such information. *See* ECF No. 111; *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 2105024, at *2 (S.D. Fla. Aug. 29, 2005) (requires both relevance and a compelling need because the information is not otherwise readily obtainable). The BBC's stated basis was that this information demonstrates the harm that President Trump's "businesses, brands, properties, and other financial interests" suffered due to the Documentary. ECF No. 111. Plaintiff no longer claims such loss, which forecloses any showing of need.

In *de Laire*, that court rejected tax returns sought to investigate wealth where they were unrelated to damages or the identified source of funds; any appropriate inquiry required focused requests. 2021 WL 6883389, at *8 & n.8. An interest in net worth does not establish the relevance


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

or necessity of every tax return and workpaper sought here from the Trust and its entities.

Worse, the BBC has offered no contrary evidence rebutting the Trust's sworn showing of the burdens of compliance. ECF No. 114-1 ¶¶ 4–5, 8–12. The BBC, as the party serving the subpoena, was required to "take reasonable steps to avoid imposing undue burden or expense" on the Trust, Fed. R. Civ. P. 45(d)(1), and instead seeks to reinstate every category without modification. Tr. 156:24–157:9. The failure to do so is fatal to the BBC. *See Fadalla v. Life Auto. Products, Inc.,* 258 F.R.D. 501, 507 (M.D. Fla. 2007) (granting in part motion to quash subpoena: "This is a burden that should not be thrust upon a non-party absent proof that it is necessary.").

The Trust's evidence must be weighed against the BBC's purported need for the breadth of its requests. In *Allen*, an unrebutted affidavit established that compliance required reviewing nearly 70,000 documents, maintained in different locations and departments, and nearly a month of staff time. 190 F.R.D. at 525. The requester's unsworn efforts to minimize the work did not rebut that evidence; the court required a showing of need for the scope of discovery after the non-party's prima facie burden showing. *Id.* Here, the BBC has neither rebutted the Trust's sworn showing, nor established why its remaining theory requires production of every category originally justified by the removed business-loss allegations.

This District has also quashed a demand for an entire non-party file where the requesting party failed to explain its need beyond a bare assertion of relevance. *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310–11 (S.D. Fla. 2015). The court in *Veteran's Support* found that reviewing voluminous records for privilege and compiling a privilege log would impose an undue burden, and it resolved that category on overbreadth and burden grounds without deciding the asserted work-product protection. *Id.* Here, the BBC's demand for the Trust's records requires the same scrutiny of the actual need for the requested breadth, in addition to the confidentiality protections that might govern any production.

As this Court has already warned, discovery here must not become "a fishing expedition" that "unnecessarily burdens a non-party." ECF No. 175 at 4–5. As explained above, the Subpoena does exactly that, in violation of the contours of discovery, which have been clearly set forth by the Court. *See* ECF No. 120 at 9 ("The Court agrees with Plaintiff that the scope of discovery is not unlimited in nature. As has been said, the scope is limited to the framing in the pleadings."). Because the BBC continues to defy the Court's directives, and continues to serve discovery to unnecessarily burden and harass non-parties such as the Trust, the Court should sanction the BBC.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

*See Fernandez v. CMA CGM S.A.*, 2024 WL 6468420, at *3 (S.D. Fla. May 24, 2024) ("Rule 26(g) is the correct avenue for an imposition of sanctions relating to the instant dispute. Rule 26(g) provides that, by signing a discovery request, an attorney certifies that to the best of his or her knowledge, information, and belief formed after a reasonable inquiry, the discovery request is … (2) '***not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation***[.]'") (emphasis added)*; Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, 2025 WL 2887300, at *6 (11th Cir. Oct. 10, 2025) (affirming trial court's finding of bad faith discovery conduct: "Federal Rule of Civil Procedure 26 imposes upon an attorney a duty to ensure that an objection to a discovery request is not 'interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'").

## IV. At a Minimum, the July 27 Order Cannot Be Reinstated As Written.

The BBC improperly asks the Court to wrongly reinstate the July 27 Order in full, as if the amendment had never been filed. Tr. 156:24–157:9. Based on the allegations of the FAC, that request cannot be granted. The only financial question that the BBC claims survives the amendment is whether the President's net worth rose after the broadcast. Tr. 154:24–155:2. Trust instruments; deeds, title policies, surveys, and closing statements; operating, shareholder, and buy-sell agreements; personal-property appraisals and insurance riders; digital-asset records; and tax returns and workpapers do not answer that question, and the BBC has never claimed that they do. The public disclosures on which the BBC itself relies already address it.

As a result, if the Court is inclined to reinstate the July 27 Order, which should not happen, it should, at a minimum, eliminate the foregoing categories of documents from those that the Trust must produce, should order any such production after adjudicating whether RFPs 117–123 are relevant to this action, revise the July 27 Order accordingly, and provide to the Trust protections consistent with Rule 45: designation as Attorneys' Eyes Only under the Protective Order, ECF No. 51, and protection from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

## CONCLUSION

WHEREFORE, Plaintiff President Donald J. Trump and The Donald J. Trump Revocable Trust respectfully request that the Court find that the Subpoena is obviated by the First Amended Complaint, and grant any other relief the Court deems proper, or, alternatively, revise the July 27 Order consistent with the limitations set forth in section IV of this Brief, and grant any other relief



**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

the Court deems proper.

Dated: November 10, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385

*<u>/s/ Alejandro Brito</u>*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel for Plaintiff,*
*President Donald J. Trump, and*
*Non-Party, The Donald J. Trump*
*Revocable Trust*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 10, 2026 the foregoing was served via the Court's CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendant British Broadcasting Corporation*

*/s/ Alejandro Brito*


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071