UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S EXPERT REPORT IN CONNECTION WITH PENDING DISCOVERY MOTIONS**

Pursuant to Local Rule 5.4 and the Protective Order entered in this action, *see* Dkt. 51, Defendant the British Broadcasting Corporation ("the BBC"), by and through its undersigned counsel, respectfully requests that the Court grant leave to file under seal Plaintiff's expert report pertaining to his alleged damages and the exhibits thereto, as well as a short notice filed by the BBC explaining the relevance of this report to its pending discovery motions regarding requests for damages-related documents from Plaintiff and The Donald J. Trump Revocable Trust.

**RELEVANT FACTUAL BACKGROUND**

On October 30, 2026, Plaintiff served an expert report pertaining to his alleged damages, which he has designated as Confidential pursuant to the Protective Order. The BBC seeks leave to attach a sealed copy of the report and its exhibits to a brief notice. In the notice, the BBC will explain that the Plaintiff's own expert's report provides further support for the BBC's pending motions to compel 1) Plaintiff's responses to its disputed Requests for Production pertaining to Plaintiff's damages [ECF No. 138]; and 2) discovery from The Donald J. Trump Revocable Trust [ECF No. 52].

## LEGAL STANDARD

In this Circuit, "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). That right of access, however, can be overcome "by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Parties seeking to file documents under seal in this Court must make this showing of good cause and also comply with the requirements of Local Rule 5.4. Defendant submits that good cause exists to seal Plaintiff's expert report and accompanying materials given Plaintiff's Confidential designation, and that the instant motion complies with Local Rule 5.4.

## ARGUMENT

### A. Good Cause Exists to Seal the Confidential Information at Issue.

Defendant seeks leave to file under seal Plaintiff's expert report and accompanying exhibits that Plaintiff has designated as Confidential under the Protective Order in this case. To the extent Defendant's notice discusses the contents of the report, Defendant will also redact that information from its public filing and file an unredacted notice under seal as well. The sealing would extend only to documents that Plaintiff has designated as Confidential.

The Protective Order permits the use of the Confidential designation for "any business, proprietary, or personal information." *See* Dkt. 51 at 2. This provision aligns with this Court's precedent, permitting the sealing of "confidential information, such as . . . technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information." *CRubin, LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020). While Defendant may

challenge the Confidential designation later in these proceedings, at this time, Defendant respectfully submits that the proposed sealing is the least onerous means available to bring the expert report to the Court's attention, given Plaintiff's confidentiality designation as to the information at issue.

If the Court grants this Motion, Defendant will promptly file sealed, unredacted copies of its notice and Plaintiff's expert report, as well as a public redacted copy of its notice, consistent with the Court's Rules and any corresponding order. *See* S.D. Fla. L.R. 5.4(b)(1) ("The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. . . . If the Court grants the motion to file under seal, then the moving party shall file any . . . document that has been authorized to be filed under seal via CM/ECF . . . as an attachment to a 'Notice of Sealed Filing' . . . .").

**B. This Motion Complies with Local Rule 5.4**

Defendant respectfully submits that this motion complies with the requirements of Local Rule 5.4, as it "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *See* L.R. 5.4(1).

To address the remaining requirements, Defendant proposes that sealing should be until Plaintiff removes the Confidential designation, or if he does not do so, until further order of this Court. *See id.* If the Court grants this motion to file under seal, Defendant will file the notice, expert report, and exhibits thereto that have been authorized to be filed under seal via CM/ECF using the appropriate filing events and will serve copies of the same on all counsel of record. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion, grant Defendant leave to file sealed copies of Plaintiff's expert report and the exhibits thereto, as well as a brief notice explaining their relevance to pending discovery motions, and provide such other and further relief as the Court sees fit.

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), Defendant hereby certifies that on November 11, 2026, the Parties conferred via email regarding this Motion. President Trump, through counsel, stated that he objects to, and does not agree with, the statements and characterizations by the BBC regarding the relevance of his expert report related to his responses to the disputed Requests for Production at ECF No. 138 and the Subpoena directed to The Donald J. Trump Revocable Trust. Notwithstanding those objections, President Trump does not object to the limited relief sought in the Motion.

Dated: November 11, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Maya D. Gandhi
Florida Bar No. 1075387

tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on November 11, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin