UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-RKA-EAL |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO STAY ENFORCEMENT OF THE MAGISTRATE JUDGE'S ORDERS [ECF 200, 202] PENDING REVIEW**

Defendant the British Broadcasting Corporation ("the BBC"), by and through counsel, respectfully submits this Memorandum of Law in opposition to Plaintiff's expedited motion ("Mot.") (ECF No. 211) to stay enforcement of this Court's Orders Following Discovery Hearing (ECF Nos. 200, 202) pending resolution of the Plaintiff's objections (ECF No. 210).[1]

## INTRODUCTION

Plaintiff's expedited motion is a transparent effort to again evade clear and direct orders of this Court requiring him to satisfy the basic discovery obligations that he took on when he chose to file this lawsuit. This time, he seeks to stay an order requiring him to sit for a deposition under the operative case schedule in the lawsuit he chose to bring (ECF No. 202, the "Deposition Order"), and an order requiring basic information about application numbers and fees at Mar-a-Lago—Plaintiff's signature membership club and base of social power—which are relevant to proving or disproving his thus-far unsubstantiated allegation of ***$10 billion*** in supposed reputational harm (ECF No. 200,

[1] The BBC also intends to file a response to Plaintiff's objections.

the "Mar-a-Lago Order"). This is just the latest in Plaintiff's months-long refusal to provide any meaningful information in discovery to support his $10 billion lawsuit over a documentary the BBC never aired in the United States.

On October 27, 2026, following a lengthy October 22 hearing at which the Court announced its ruling, the Court entered written orders granting the BBC's motion to compel Plaintiff's deposition and permitting the BBC to subpoena Mar-a-Lago for information regarding application numbers and fees. *See* Oct. 22, 2026 Hr'g Tr. at 32:3-25, 61:6-62:14; Orders, ECF Nos. 200, 202.[2] The Deposition Order correctly noted that "[d]espite scheduling the deposition for October 16, 2026, President Trump unilaterally cancelled the deposition and did not offer alternative dates within the discovery period notwithstanding the quickly approaching December 18, 2026, discovery deadline." ECF No. 202. It stated that "all parties, even some non-parties, must participate in the discovery process. This is especially true of a plaintiff who initiates the lawsuit and seeks affirmative relief." *Id.* (citing *Turner v. TransUnion, LLC*, 2019 WL 3484465, at *3 (S.D. Fla. July 26, 2019), *amended in part*, 2019 WL 5102451 (Oct. 11, 2019)). The Order further stated that Plaintiff's "[f]ailure to [comply] may result in sanctions, including dismissal of the lawsuit." *Id.*

As to the Mar-a-Lago Order, the Court held that because "[t]he Amended Complaint alleges Defendant's defamatory actions 'injured President Trump in his profession, occupation, and trade,' 'damaged President Trump in his occupation,' and 'damaged his professional reputation,'. . . given MAL's relationship with the profession and professional persona of President Trump, Defendant's

[2] The Court also entered an order requiring Plaintiff to produce a privilege log by November 5, 2026 and all documents responsive to the BBC's undisputed requests for production by November 23, 2026. ECF No. 198. Plaintiff does not move to stay that order. The Court's order on the BBC's motion to compel documents responsive to the *disputed* discovery requests is forthcoming.

subpoena is a permissible basis of inquiry." ECF No. 200. Plaintiff took no action on these orders until, on November 10, he filed the instant "expedited" stay motion. ECF No. 211.

The Court should reject Plaintiff's eleventh-hour effort—filed almost three weeks after the Court's oral orders, two weeks after the written orders, and on the day of the Court-ordered deadline for serving objections—and deny the expedited motion. Indeed, Plaintiff's motion only calls for "expedited" consideration insofar as he waited to seek relief until the day his objections were due—despite the weeks that have passed since the Court's oral and written orders. Moreover, a stay of Plaintiff's and his club's discovery obligations is not warranted here under the governing standards. Plaintiff and Mar-a-Lago face no irreparable harm and are unlikely to succeed on the merits of their objections. Conversely, granting the stay would prejudice the BBC and would not serve the public interest, which necessitates an efficient, meaningful discovery process and wards against such strategic stalling tactics.

For these reasons, and those discussed below, Plaintiff's motion should be denied.

## ARGUMENT

### I. PLAINTIFF'S STAY REQUEST DOES NOT WARRANT EXPEDITED RELIEF.

Plaintiff's motion for a stay does not warrant the expedited relief he seeks. Although this time Plaintiff styles his stay motion as "expedited" rather than "emergency," *cf.* ECF No. 112, the Local Rules only contemplate "expedited" motions on matters that are "time-sensitive" and "require[] an expedited ruling by a date certain," and provides that they "must set forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date." S.D. Fla. L.R. 7.1(d)(2). Bases for seeking faster relief can "involve the health and safety of individuals, the impending departure of a witness with no plans to return to the jurisdiction, the imminent destruction of a building or other property, the imminent deportation of an individual to another country, the need to give critical medical treatment to a patient in a hospital,

the threatened loss of civil rights, the immediate, threatened loss of an entire business, or when someone is at risk of being denied an essential service." *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016) (denying emergency motion to stay enforcement of Magistrate Judge's discovery order).

Plaintiff has not shown a basis for expedited relief. As Plaintiff frames the issue, his motion to stay the Deposition Order should be expedited because it "requires the President of the United States to sit for deposition by December 11, 2026, even though the forthcoming Motion to Extend will ask this Court to set the schedule that will govern that deposition." Mot. at 13. Yet a deadline to sit for deposition sometime within the next month does not justify the rare invocation of the Court's expedited procedures—especially given that, as Plaintiff recognizes, "[t]he Deposition Order provides that if this Court extends discovery, 'the parties may agree to a mutually convenient date to conduct President Trump's deposition within the extended discovery period.'" *Id.* at 5 (quoting ECF No. 202).

As to the Mar-a-Lago Order, Plaintiff's basis for seeking expedited relief is that "nothing prevents the BBC from serving the subpoena with a new return date, and wrongly obtaining a non-party's confidential commercial records before the Court reviews the MAL Order." *Id*. at 2. Yet, here too, his own motion wholly undermines his claim for expedited relief; as he notes, "the MAL Order did not set a new" compliance date. *Id.* An order permitting a subpoena for non-privileged documents relevant to Plaintiff's $10 billion damages claim—which may be designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order—simply does not pose immediate, or any, harm. Plaintiff faces an obligation he does not agree with, ordered by the Court three weeks ago, and which gives him another month in which to sit for deposition even under the current case schedule, and which simply permits a subpoena to Mar-a-Lago to

issue. That does not warrant expediting his request.

Moreover, Plaintiff did not comply with his meet-and-confer obligations. *See* S.D. Fla. L.R. 7.1(a), (d); Order, *Ofer v. Isicoff*, No. 1:23-cv-20849-RNS (S.D. Fla. Mar. 15, 2023), ECF 13. Although Plaintiff's counsel stated via email on November 4, 2026 that he would "be filing an objection to and appeal from Magistrate Judge Lett's Orders" and "anticipate[d] that Defendant will object," he did not advise the BBC that he would be filing an expedited motion to stay this Order. This is hardly the "strict compliance" required by this Court. ECF 183.

Obviously, Plaintiff is free to dismiss this lawsuit if the Court's enforcement of the discovery process is unpalatable to him. But Plaintiff's characterization of his motion as "expedited," under circumstances of his own creation, can and should be ignored.

**II. PLAINTIFF CANNOT CARRY HIS BURDEN TO JUSTIFY A STAY.**

To obtain a stay of a Magistrate Judge's discovery order while filing objections to the District Court, Plaintiff must show: "(1) likelihood of success on the merits of the appeal/objection, (2) irreparable injury to [the Trump Trust] absent a stay, (3) lack of substantial prejudice to [the BBC], and (4) the stay would serve the public interest." *Companhia Energetica Potiguar*, 2016 WL 7469993, at *4 (quoting *Ameritox, Ltd. v. Millennium Labs, Inc.*, 2015 WL 1169403, at *2 (M.D. Fla. Mar. 13, 2015) (denying motion to stay Magistrate Judge's order awarding costs pending resolution of the appeal)). Decisions in this District have made clear that these requirements "are difficult hurdles to clear, and federal courts often deny motions to stay a magistrate judge's discovery orders." *Id.* (citing *United States v. Certain Real Prop.*, 444 F. Supp. 2d 1265, 1266 (S.D. Fla. 2006) (rejecting appeal and a stay request concerning Magistrate Judge's order compelling claimant to provide tax records for the previous six years)); *see also* *Manno v. Healthcare Revenue Recovery Grp.*, 2012 WL 4192987, at *1 n.1 (S.D. Fla. Sept. 18, 2012); *In re MTS Bank*, 2018 WL 3145806, at *2 (S.D. Fla. June 27, 2018). Plaintiff has not

made, and cannot make, *any* of these required showings.

### A. Plaintiff Faces No Irreparable Injury.

Plaintiff not only fails to present a valid basis for expedited relief, but also fails to articulate any irreparable harm that would occur absent a stay. "Simply showing some possibility of irreparable injury . . . fails to satisfy" this factor. *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1177 (11th Cir. 2020). Rather, the movant must show that the harm "'must be neither remote nor speculative, but actual and imminent,' and it must be genuinely irreparable." *Vasallo TV Grp., LLC v. America-CV Station Grp., Inc.*, 2025 WL 856954, at *2 (S.D. Fla. Mar. 19, 2025).

Plaintiff cannot meet this standard. As to the Discovery Order, Plaintiff claims harms in the form of sitting for a deposition by a date within the court's current discovery schedule, when an extension may be granted. Mot. at 13. As to the Mar-a-Lago Order, his claimed harm is of potentially being required to produce documents before a related decision on discovery from the Donald J. Trump Revocable Trust (the "Trust") is issued, as production "cannot be undone." *Id.* at 8, 10. Yet there is no irreparable harm caused by complying with the Court's scheduling order, or the BBC receiving documents that this Court has ruled it is entitled to, merely because Plaintiff disagrees with the Order. If that were the case, Magistrate Judges' discovery orders would be automatically stayed upon the filing of objections. That is decidedly *not* the standard in this District, and such stay requests are often denied. As this Court noted the last time Plaintiff used this maneuver, "it's well-settled that '[f]iling an objection to a discovery order does not operate as a stay of the Order.'" ECF at 116 at 2 (quoting *Rance v. Jenn*, 2007 WL 9701591,

at *2 (S.D. Fla. July 19, 2007));[3] *see also Companhia Energetica Potiguar*, 2016 WL 7469993, at *4. And courts in the Eleventh Circuit have rejected the notion that the "time and cost associated with compliance" of producing documents alone constitutes irreparable injury. *Delta Air Lines, Inc. v. Marriott Int'l, Inc.*, 2021 WL 5033481, at *3-4 (N.D. Ga. July 20, 2021) (also noting that claims of irreparable injury are "undercut" where the movant waited two weeks to request a stay of the order).

Contrary to Plaintiff's claims, no irreparable harm would flow from requiring the timely deposition of the Plaintiff—either within the month available under the current schedule or within a contemplated January extension—or the disclosure of non-privileged documents subject to the Protective Order in this case. *See* Protective Order at 1-2 (ECF 51) ("This Protective Order shall be applicable to and govern all . . . discovery taken pursuant to the Federal Rules of Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action."). No likely, actual, and imminent risk of irreparable injury exists in such circumstances. *See Chamber of Com. v. Legal Aid Soc'y of Alameda Cnty.*, 423 U.S. 1309, 1312 (1975) ("Applicant will not suffer irreparable injury from disclosure of the documents because the District Court has entered a protective order permitting only attorneys for the Legal Aid Society to examine the assertedly privileged documents."); *Trump v. United States*, 2022 WL 4366684, at *8 (11th Cir. Sept. 21, 2022) (declining to find

[3] There, the Court ultimately found that it was "prudent to enter a brief stay of the Order" granting the BBC's motion to compel discovery from the Trust because Plaintiff was about to amend his Complaint, and the Court stated that it would assess the discovery requests' relevance under the Amended Complaint. *Id.* at 3. Briefing on that topic closes on November 17, in which the BBC will reassert its arguments that the Trust's documents are centrally relevant to Plaintiff's $10 billion damages claim. *See* ECF No. 205. As the Mar-a-Lago Order correctly notes, the Amended Complaint continues to allege that the BBC "'injured President Trump in his profession, occupation, and trade,' 'damaged President Trump in his occupation,' and 'damaged his professional reputation.'" ECF No. 200.

irreparable injury to same plaintiff from government's retention of documents, where plaintiff argued that he could be harmed by the disclosure of sensitive information, finding that the retention of documents did not mean the documents would be released, and expressing doubt of any irreparable injury from the disclosure of privileged information where plaintiff had not asserted any privilege of the documents).

Plaintiff offers no reason to doubt that the BBC would adhere to its obligations under the Protective Order, and there is no basis for any such doubt. Additionally, both parties have relied on the Protective Order's parameters in filing confidential information under seal. *See, e.g.*, ECF 67, ECF 75, ECF 83, ECF 106.

**B. Plaintiff Is Unlikely to Succeed on the Merits.**

Plaintiff claims that he need not demonstrate likelihood of success on the merits, one of the "traditional stay factors," instead arguing that it only need to present a "substantial" case on the merits. Mot. at 7. But the case that Plaintiff cites, evaluating a stay motion outside of the Rule 72 context, makes clear that this lesser showing may be sufficient only when the other three factors weigh heavily in favor of granting the stay. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). For the reasons above and below, that condition is not met in this case.

Regardless, Plaintiff fails to meet either bar. In his motion, Plaintiff argues that he is likely to succeed in receiving an extended case schedule that would permit a January 2027 deposition, and in receiving an order holding that financial discovery from Mar-a-Lago and the Trust is irrelevant under the Amended Complaint. Mot. at 7-14. Plaintiff cannot demonstrate a substantial case, or any likelihood of success, on either front.

**1. Plaintiff's Objections to the Orders Neither Present a Substantial Case on the Merits Nor Are Likely to Succeed.**

Under the deference that District Judges afford to Magistrate Judges' discovery orders,

Plaintiff cannot establish that he has a substantial case or that he is likely to succeed on his objections to the Orders. "[B]y statute and rule," the District Court will reverse a Magistrate Judge's non-dispositive order "only if it is 'clearly erroneous or contrary to law." *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Under this standard, District Judges give "broad discretion" to Magistrate Judges on discovery issues. *Companhia Energetica Potiguar*, 2016 WL 7469993, at *4; *see also Manno v. Healthcare Revenue Recovery Grp.*, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012) (noting that a District Court's "highly deferential standard of review" for a Magistrate Judge's non-dispositive order has been described as "a very difficult one to meet" (cleaned up)).

An order is "clearly erroneous" only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)), and is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law or rules of procedure," *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d. 1255, 1259-60 (M.D. Fla. 2013) (quoting *SEC v. Kramer,* 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011)). Furthermore, when a District Court reviews a Magistrate Judge's decision on a motion to compel, it "applies an abuse of discretion standard." *Palmer v. Johnson*, 2011 WL 161805, at *1-2 (M.D. Fla. Jan. 19, 2011) (citing *Holloman v. Mail-Well Corp.,* 443 F.3d 832, 837 (11th Cir. 2006)). Under that standard, an abuse of discretion is present only if the Magistrate Judge "applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous, misconstrues his proper role, ignores or misunderstands the relevant evidence, bases his decisions upon considerations having little factual support, or makes a clear error of

judgment." *Id.* (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1260 (11th Cir. 2008)). Absent those situations, the Magistrate Judge "should not be second-guessed." *Id.*

Courts in this District have upheld Magistrate Judges' discovery orders where, as here, the Magistrate Judge's decisions are supported by the record and relevant precedent. *See, e.g.*, *Certain Real Prop.*, 444 F. Supp. 2d at 1266; *Rance*, 2007 WL 9701591, at *1. Here, on the Deposition Order, the Court correctly notes that there is—and can be—no dispute that Plaintiff "must sit for a deposition; the only point of contention is the timing of said deposition." ECF No. 202. The Magistrate Judge simply required Plaintiff to sit for his deposition within the current case schedule, which she cannot alter, and noted that if the schedule is extended the Parties can select a new date. *Id.* There is no basis to dispute that decision, nor does Plaintiff cite a single case providing relief from a similar one. *Cf.* Mot. at 13-14. Rather, courts have required this Plaintiff to sit for deposition. *See, e.g.*, Order, *Trump v. ABC*, No. 24-cv-21050 (S.D. Fla. Dec. 13, 2024), ECF No. 57; Order, *Trump v. Cohen*, No. 23-cv-21377 (S.D. Fla. Sept. 29, 2023), ECF No. 75. Again, "[i]t is not the court's role, nor that of opposing counsel, to drag a party kicking and screaming through the discovery process," especially as Plaintiff "was the party which filed this lawsuit." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008).

On the Mar-a-Lago Order, the Magistrate Judge correctly found that because "the Amended Complaint alleges Defendant's defamatory actions 'injured President Trump in his profession, occupation, and trade,' 'damaged President Trump in his occupation,' and 'damaged his professional reputation,'" and because Plaintiff conducts official business there, "given MAL's relationship with the profession and professional persona of President Trump, Defendant's subpoena is a permissible basis of inquiry." ECF No. 200. Moreover, "non-party MAL has neither moved to quash the subpoena nor raised any burdensome objections." *Id.* In making these

findings, the Magistrate Judge carefully considered the Parties' arguments during the October 22 Discovery Hearing, and the finding that the requested Mar-a-Lago records were not improper was rooted in, and accords with, the Federal Rules of Civil Procedure. *See id.* (citing Fed. R. Civ. P. 26 and Plaintiff's Complaint as grounds for the decision). This finding fully supports, under decisions from this District and elsewhere, the order permitting the BBC to subpoena Mar-a-Lago. *See Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1306 (S.D. Fla. 2021) (granting motion to compel non-parties where evidence "may bear" on Plaintiffs' claims); *Mazur v. Lampert*, 2006 WL 8431627, at *2-3 (S.D. Fla. May 23, 2006) (rejecting argument that a non-party "subpoena requests information far beyond the scope of, and not relevant to, Plaintiff's claims as alleged in the complaint, both in terms of the subject of the documents sought and the time period from which such documents are derived" where "Plaintiff's claims are broader than Defendants admit," "the definition of 'relevant information' for purposes of discovery is broad," and where "[c]ourts construe discovery rules liberally to serve the purposes of discovery: providing parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement").

Plaintiff, in objecting to the Orders, makes the same unsuccessful arguments he did in his oppositions to Defendant's discovery motions and at the hearing. *See* Mot. at 7-14; ECF Nos. 187, 192; Oct. 22, 2026 Hr'g Tr. at 26:20-31:11, 42:13-54:21. But this is woefully insufficient to overcome the high review standard here, as mere disagreement cannot suffice as grounds to overrule Magistrate Judge Lett's Order. *See Rance*, 2007 WL 9701591, at *1 ("Plaintiff fails to assert any new arguments of fact or law which would justify overruling the Magistrate's Order to Compel. Rather, Plaintiff simply reasserts the same arguments he made to the Magistrate Judge.").

**C. Permitting the Stay Would Substantially Prejudice the BBC.**

Plaintiff's delay in filing his motion does not render his request an expedited one, but it does prejudice the BBC. The BBC began requesting dates for Plaintiff's deposition in July 2026 and issued the Mar-a-Lago subpoena on September 25, 2026, requesting a deposition and responsive documents months in advance of the operative discovery cutoff. *See* ECF No. 141. By filing this stay motion five weeks before the current discovery cut-off, Plaintiff seeks to further stall the BBC's ability to receive any meaningful discovery in this case. Further delay in setting Plaintiff's deposition and obtaining relevant documents, where the BBC has received *no* non-public responsive documents from Plaintiff to date, greatly prejudices the BBC's ability to defend itself in this litigation. *See Alto Tromen, S.A. v. Nodus Int'l Bank, Inc.*, 2024 WL 5166028, at *2 (S.D. Fla. Dec. 19, 2024) (noting, in granting motion to compel, that privilege logs "enable the requesting party to assess the claim of privilege"); *In re Fundamental Long Term Care*, 508 B.R. 224, 227 (Bankr. M.D. Fla. 2014) ("Without a privilege log, how would the [requesting party] know what documents the [producing parties] are not producing? And without knowing which documents are not being produced, there is no way of knowing whether a privilege is properly being asserted."); *U & I Corp.*, 251 F.R.D. at 675-76 (noting that delays in production can prejudice the opposing party "by limiting the time available to review the belatedly produced documents and to depose witnesses regarding these documents"). This motion should therefore also be denied because of the significant prejudice that BBC would suffer as a result of a stay.

**D. Any Stay Would Be Contrary to the Public Interest.**

Courts in the Eleventh Circuit have recognized the important reasons why objections to a Magistrate Judge's discovery order do not automatically stay those orders. Those reasons are even more heightened in this particular case. Plaintiff and his counsel have obstructed any

meaningful discovery against the interests of judicial economy and efficient and cooperative proceedings—including by objecting to the instant Orders, which concern the deposition of the Plaintiff himself and non-privileged documents responsive to centrally relevant damages-related topics.

In explaining why filing objections to a Magistrate Judge's discovery order does not automatically stay the order, courts in the Eleventh Circuit have noted that "allowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt." *Rance*, 2007 WL 9701591, at *2 (quoting *Litton Indus., Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989)); *TemPay*, 929 F. Supp. 2d at 1260 ("all orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal." (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). This concern against strategic objections miring an efficient discovery process is shared nationwide. *See, e.g.*, *Nat'l Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 404 (D.N.M. 1991) ("Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pre-trial disputes . . . . Ill-considered 'strategic' objections to a magistrate judge's orders threatens to undermine these goal."); *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Colo. 2001) ("Otherwise . . . parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden district judges and, in this time of congested dockets, enormously delay bringing cases to trial.").

From the protracted seven-week delay in obtaining any feedback on a draft protective order last spring, to today's effort to resist basic discovery obligations in a case he chose to bring, Plaintiff's conduct is exactly what the courts will not and should not tolerate. The BBC most recently made its thirteenth document production on September 30, 2026, bringing its productions to 114,266 pages and its privilege log to 425 pages. Conversely, as the Court noted in issuing its Order, "Plaintiff's second production consisted of a mere twenty documents, all of which were previously produced by Defendant and/or retrieved from the internet in the days leading to the production date" and "no privilege log identifying any documents that were withheld based on any asserted privilege has been produced." ECF 198 (citing ECF 186). It is abundantly clear that this motion is the latest of Plaintiff's enduring efforts to resist producing anything of substance despite his discovery obligations.

Plaintiff's discovery conduct to date starkly contrasts with the BBC's diligent and steadfast efforts to meet its discovery obligations. This latest effort to resist even the most basic requirements of setting a timely deposition of the Plaintiff in his own case, and producing documents to support Plaintiff's damages claim, implicates the doctrine of unclean hands, which under general equity principles should further weigh against granting a stay. *Cf. De Gracas v. Running Billboard Corp.*, 2006 WL 8432507, at *4 (S.D. Fla. Apr. 12, 2006) ("The unclean hands doctrine 'closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" (quoting *ABF Freight Sys. Inc. v. NLRB*, 510 U.S. 317, 329-30 (1994))).

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's expedited motion to stay enforcement of the October 27 Orders at ECF Nos. 200 and 202.

Dated: November 11, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: *<u>/s/ Charles D. Tobin</u>*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Maya D. Gandhi
Florida Bar No. 1075387
tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on November 11, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin