# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE SUBPOENA TO JACK SMITH**

BRITISH BROADCASTING CORP.,

Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE – CIVIL DIVISION, FEDERAL PROGRAMS BRANCH,

Respondent.

Case: 1:26-mc-00188
Assigned To : Boasberg, James E.
Assign. Date : 11/9/2026
Description: Misc.

**PETITIONER'S MOTION TO COMPEL THE DEPOSITION OF JACK SMITH AND TO AUTHORIZE DISCLOSURE OF CERTAIN GRAND JURY INFORMATION**

Petitioner the British Broadcasting Corporation ("the BBC"), by and through undersigned counsel, hereby moves this Court, pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, to compel Respondent the United States Department of Justice, Civil Division, Federal Programs Branch, to permit Jack Smith to comply with a subpoena *ad testificandum* that the BBC served on him in connection with the civil action *President Donald J. Trump v. BBC*, No. 1:25-cv-25894-JTK-EAL, pending in the U.S. District Court for the Southern District of Florida.

The BBC further moves this Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), to authorize Mr. Smith to disclose during that deposition certain grand jury information that he uncovered through his work as Special Counsel – specifically, the information that Mr. Smith has characterized as "strong evidence that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his coconspirators leveraged it to carry out their conspiracies." *See* Dep't of Justice, *Final Report on the Special Counsel's*

RECEIVED
NOV 09 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*Investigations and Prosecutions, Volume One: The Election Case* at 67 n.193 (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf.

The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities, which is incorporated by reference. Pursuant to Local Civil Rule 7(f), the BBC respectfully requests a hearing on this motion.

Dated: November 9, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

By: *[signature]*

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Maya Gandhi (#NY0584)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
gandhim@ballardspahr.com

Sasha Dudding (#1735532)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

*Attorneys for Petitioner*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE SUBPOENA TO JACK SMITH**<br><br>BRITISH BROADCASTING CORP.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE – CIVIL DIVISION, FEDERAL PROGRAMS BRANCH,<br><br>Respondent. | Case No. |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO COMPEL THE DEPOSITION OF JACK SMITH AND TO AUTHORIZE DISCLOSURE OF CERTAIN GRAND JURY INFORMATION**

BALLARD SPAHR LLP

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Maya Gandhi (#NY0584)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
gandhim@ballardspahr.com

Sasha Dudding (#1735532)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

*Attorneys for Petitioner*

## TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..... 3

ARGUMENT ..... 6

I. All of DOJ's Assertions of Privilege Are Overcome ..... 6

A. The Court can and should address DOJ's concerns about grand jury secrecy by authorizing Mr. Smith to testify about the evidence his investigation obtained of President Trump's incitement under Rule 6(e)(3)(E)(i) ..... 7

B. The need for Mr. Smith's highly relevant testimony overcomes DOJ's assertion of executive, law enforcement, and classified information privileges ..... 10

1. DOJ Errs in its Assertion of Executive Privilege ..... 10

2. DOJ Errs in its Assertion of the Law Enforcement Privilege. ..... 11

3. DOJ Errs in its Assertion of the Classified Information Privilege ..... 13

II. The Court Should Compel DOJ To Permit Mr. Smith's Testimony Even If That Testimony Does Not Include Rule 6(e) Or Other Purportedly Privileged Material ..... 14

III. DOJ's Claim of Undue Burden Fails Given Mr. Smith's Lack of Objection ..... 15

CONCLUSION ..... 16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACLU Foundation v. Department of Homeland Security*,
243 F. Supp. 3d 393 (S.D.N.Y. 2017) ..... 12

*BBC v. DOJ*,
No. 1:26-mc-135 (D.D.C.) ..... 5

*In re BBC*,
No. 26-mc-81-JEB (D.D.C.) ..... 4

*BuzzFeed, Inc. v. DOJ*,
318 F. Supp. 3d 347 (D.D.C. 2018) ..... 6, 11, 12

*In re Capitol Breach Grand Jury Investigations Within D.C.*,
339 F.R.D. 1 (D.D.C. 2021) ..... 8, 9

*Doe v. Cabrera*,
126 F. Supp. 3d 160 (D.D.C. 2015) ..... 9

*Doe v. Roe*,
2021 WL 9909349 (D.D.C. Feb. 3, 2021) ..... 7

*Douglas Oil Co. of California v. Petrol Stops Northwest*,
441 U.S. 211 (1979) ..... 7, 9

*Millennium TGA, Inc. v. Comcast Cable Communications LLC*,
286 F.R.D. 8 (D.D.C. 2012) ..... 6

*President Donald J. Trump v. BBC*,
No. 1:25-cv-25894-JTK-EAL (S.D. Fla.) ..... *passim*

*Reyes-Greenstein v. Broward County Public Schools*,
2025 WL 5339565 (S.D. Fla. Apr. 8, 2025) ..... 15

*In re Smith*,
2025 WL 843279 (D.D.C. Mar. 18, 2025) ..... 8

*In re Subpoena to Pasquale Anthony Cipollone*,
No. 1:26-mc-142 (D.D.C.) ..... 5, 7

*Watts v. SEC*,
482 F.3d 501 (D.C. Cir. 2007) ..... 6

*Zimmerman v. Al Jazeera America, LLC*,
329 F.R.D. 1 (D.D.C. 2018) ..... 15

**Other Authorities**

First Amendment ........................................................ *passim*

Dep't of Justice, *Final Report on the Special Counsel's Investigations and Prosecutions, Volume One: The Election Case* (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf ........................................................ 2, 8, 13

Federal Rule of Criminal Procedure 6 ........................................................ 7, 16

Federal Rule of Evidence 803 ........................................................ 14

## PRELIMINARY STATEMENT

President Donald J. Trump's lawsuit against the British Broadcasting Corporation ("the BBC") has given rise to a profoundly important question: can the President of the United States sue a news organization for defamation, claim that its reporting is false, and then allow his Executive Branch to prevent the news organization from obtaining evidence establishing that its reporting is true? The answer must be: absolutely not. The Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, United States Constitution, and fundamental fairness all work together to prevent such an unjust result.

As this Court is aware from the other related matters pending before it, President Trump claims that a BBC documentary falsely implied that his speech on the White House Ellipse on January 6, 2021, fomented the violence that followed at the U.S. Capitol. *See President Donald J. Trump v. BBC* ("*Trump v. BBC*"), No. 1:25-cv-25894-JTK-EAL (S.D. Fla.). To succeed in this claim, President Trump must *prove* – not just allege – that this challenged implication is false, i.e., that he did *not* foment the Capitol riot on January 6. The BBC has therefore sought records and testimony from President Trump and third parties within the scope of the discovery as the court in Florida has instructed. That scope includes President Trump's "intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," such as "whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm." Omnibus Order ("Omnibus Order") at 9-11, *Trump v. BBC*, ECF 120 (expressly permitting discovery on these topics).

President Trump has responded by delaying his deposition, refusing to provide any relevant records, moving to quash the BBC's third-party subpoenas, and instructing witnesses not to

provide all the information that the BBC has requested. The Department of Justice ("DOJ") has likewise challenged a BBC subpoena as seeking information protected by executive and/or attorney-client privilege. The BBC has pushed back against each of these efforts to stymie its discovery, including in several related actions pending before this Court. *See* Case No. 26-mc-81-JEB, Case No. 26-mc-135-JEB, and Case No. 26-mc-142-JEB.

This motion arises from the latest hurdle that President Trump and DOJ have attempted to place before the BBC. On October 1, 2026, the BBC issued a deposition subpoena to Jack Smith, the Special Counsel who led the investigation into the events of January 6 and thereby obtained "strong evidence that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his coconspirators leveraged it to carry out their conspiracies." *See* Dep't of Justice, *Final Report on the Special Counsel's Investigations and Prosecutions, Volume One: The Election Case* (the "*Smith Report*") at 67 n.193 (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf. DOJ responded by refusing to authorize Mr. Smith to testify, claiming that his testimony would reveal privileged information, breach grand jury secrecy, and impose an undue burden.

DOJ's arguments fail. The privileges that DOJ asserts either do not apply to Mr. Smith's testimony at all or are qualified privileges that are overcome in these circumstances. Moreover, the non-privileged portions of Mr. Smith's testimony would be probative and useful to the BBC, and cannot be substituted by Mr. Smith's prior testimony. Likewise, DOJ's undue burden claim ignores that Mr. Smith himself has *not* objected to testifying. Finally, as to grand jury secrecy, this Court can and should address those concerns by authorizing Mr. Smith, under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, to disclose the evidence the BBC seeks.

For these reasons, and as set forth below, the Court should grant the BBC's motion, compel DOJ to permit Mr. Smith to testify pursuant to the BBC's subpoena, and authorize Mr. Smith to disclose the evidence from his investigation that President Trump incited violence on January 6.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The BBC is the U.K.'s main public service provider of news and entertainment media, and its program *Panorama* is the world's longest-running current affairs program and focuses on wide-ranging topics of interest to British audiences. On October 28, 2024, the BBC aired the *Panorama* documentary, "Trump: A Second Chance?" ("the Documentary"), to its United Kingdom-based audience. The Documentary aimed to explain the bases for President Trump's support, and it followed several supporters in the run-up to the 2024 presidential election. The Documentary also featured interviews with commentators, including academics and political figures.

Over a year after the Documentary aired, and after his re-election, President Trump took issue with a 12-second segment of the Documentary that showed excerpts of his speech at the White House Ellipse on January 6, 2021 ("the Speech"). President Trump does not contest that he spoke the words that the BBC aired; rather, he alleges that by editing together different parts of his speech, the Documentary defamed him by creating the "false . . . message that [he] fomented violence." First Am. Compl. ("FAC") ¶ 135(c), *Trump v. BBC*, ECF 124.

On December 15, 2025, President Trump filed his initial Complaint against the BBC, alleging that the edit of his January 6 speech defamed him and violated Florida's Deceptive and Unfair Trade Practices Act. *See generally* Compl., *Trump v. BBC*, ECF 1. The BBC promptly moved to stay merits-based discovery and permit only jurisdictional discovery until the BBC's then-forthcoming motion to dismiss was resolved, including because merits-based discovery would likely require the resolution of disputes over, *inter alia*, executive privilege and attorney-client privilege. *See* BBC's Mot. to Stay Discovery in Part at 19, *Trump v. BBC*, ECF 18. President

Trump opposed the motion, calling the BBC's concerns "a parade of hypothetical and unconvincing privilege" arguments, Pl.'s Opp. to Mot. to Stay at 15, *Trump v. BBC*, ECF 24. The Court denied a stay, *see* Order, *Trump v. BBC*, ECF 26, and the parties began to take both merits and jurisdictional discovery.

The BBC has participated fully and fairly in discovery since then, producing more than 100,000 pages of documents across thirteen rolling productions and making witnesses available for Plaintiff to take seven depositions. President Trump, by contrast, has failed to participate meaningfully, delaying his own deposition and providing only two productions, totaling roughly 1,000 pages that did not evidence a legitimate search of his records, and largely objecting to the BBC's discovery requests. President Trump has thus stymied the BBC's efforts to obtain information about the very topics that the Florida court has concluded are proper subjects for discovery, including President Trump's "intention behind the speech and anything that bears on the impression his audience could have reasonably obtained in listening to the speech," such as "whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm." Omnibus Order at 9-11.

The efforts to impede the BBC have extended to third-party discovery as well. For one, DOJ has directed Greg Jacob, former counsel to Vice President Mike Pence, not to produce records to the BBC in response to a document subpoena on the grounds that those records might be covered by executive privilege. *See* Notice, *In re BBC*, No. 26-mc-81-JEB (D.D.C.), ECF 6. President Trump has also threatened to seek sanctions against the BBC over the deposition subpoena that the BBC issued to former White House Counsel Pat Cipollone, claiming that his testimony is privileged. *See* 2d Suppl. Notice, *In re BBC*, ECF 9. The dispute over Mr. Cipollone is now

pending before this Court. *See BBC v. DOJ*, No. 1:26-mc-135 (D.D.C.); *In re Subpoena to Pasquale Anthony Cipollone*, No. 1:26-mc-142 (D.D.C.).

The latest target of the efforts to block the BBC from conducting full and fair discovery is Jack Smith, the Special Counsel appointed to investigate the attempt to interfere with the lawful transfer of power following the 2020 presidential election and the certification of the Electoral College vote on January 6, 2021, including the violence at the U.S. Capitol that day. The BBC issued a subpoena *ad testificandum* to Mr. Smith on October 1, 2026 (attached hereto as Ex. A), after which Mr. Smith's counsel contacted the DOJ requesting permission to testify. *See* Ex. B. Even though it had permitted Mr. Smith to testify just weeks earlier before the Senate Judiciary Committee, the DOJ denied Mr. Smith's request for permission to testify pursuant to the BBC's subpoena, citing Federal Rule of Criminal Procedure 6(e); the classified information privilege; the law enforcement privilege; executive privilege; and the purported burden that the deposition would impose upon him. *See* Notice Regarding Dep. Subpoena to Jack Smith at Ex. A ("Notice Ex. A"), *Trump v. BBC*, ECF 206-1 (Nov. 2, 2026 Ltr. From DOJ to Counsel for Mr. Smith); *id.* at Ex. B (attached hereto as Ex. B), ECF 206-2 (Nov. 2, 2026 Ltr. From DOJ to Counsel for BBC).

In tandem with DOJ's efforts, President Trump, in the Florida court, has moved to block Mr. Smith from testifying. Joint Mot. for Discovery Hr'g on Def.'s Subpoena to Non-Party Jack Smith, *Trump v. BBC*, ECF 189. The Florida court did not substantively rule on that motion, however, because as of the last discovery hearing, DOJ had not yet responded to Mr. Smith's request for permission to testify. *See* Minute Order of Oct. 27, 2026, *Trump v. BBC*, ECF 204. The Florida court also noted that the BBC had not yet "sought leave from the U.S. District Court for the District of Columbia to allow Mr. Smith to testify as to any confidential grand jury matters." *Id.*

This motion to compel Mr. Smith's deposition follows.

## ARGUMENT

DOJ's effort to block Mr. Smith's deposition amounts to the denial of a *Touhy* request issued in connection with federal litigation and is therefore evaluated under the ordinary Rule 45 standard. *See Watts v. SEC*, 482 F.3d 501, 508-09 (D.C. Cir. 2007) ("[A] challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and be treated not as an APA action but as a Rule 45 motion to compel."). When evaluating a motion to compel under Rule 45, "the district court first must consider whether the discovery sought is relevant to a party's claim or defense in the underlying litigation, as defined in Rule 26(b)(1)" and then "must assess any objections to the subpoena under the standards supplied by Rule 45, which 'requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden.'" *BuzzFeed, Inc. v. DOJ*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018) (quoting *Watts*, 482 F.3d at 508). The DOJ, as the party resisting discovery, has the burden of demonstrating that the request is unduly burdensome or privileged. *See id.* (quoting *In re Micron Tech., Inc. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C. 2010)); *see also Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 11 (D.D.C. 2012) ("The person objecting to production has a heavy burden to show that the subpoena should not be enforced."). DOJ has failed to carry that burden as to Mr. Smith.

### I. All of DOJ's Assertions of Privilege Are Overcome.

DOJ errs in claiming that various privileges preclude Mr. Smith's testimony. For one, this Court can and should resolve DOJ's purported concern over grand jury secrecy by authorizing the testimony that the BBC seeks. For another, the need for Mr. Smith's testimony overcomes any assertion of executive privilege or law enforcement privilege. Finally, DOJ has no basis to claim that Mr. Smith's testimony would implicate the so-called "classified information" privilege.

### A. The Court can and should address DOJ's concerns about grand jury secrecy by authorizing Mr. Smith to testify about the evidence his investigation obtained of President Trump's incitement under Rule 6(e)(3)(E)(i).

DOJ's first error is in arguing that Mr. Smith's deposition is precluded under Federal Rule of Criminal Procedure 6(e), which governs grand jury secrecy. To the contrary, Rule 6(e) *allows* for testimony in situations like this one, in which the continued secrecy of grand jury matters would lead to unjust results in another judicial proceeding. Specifically, "[t]he court may authorize disclosure . . . of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Such disclosure is thus allowed when (1) "the material [sought] is needed to avoid a possible injustice in another judicial proceeding"; (2) "the need for disclosure is greater than the need for continued secrecy"; and (3) the "request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). That is precisely the case here: the President has sued the BBC for defamation, claimed that its reporting is false and that he is entitled to $10 billion in damages, and then refused to participate in discovery in his own lawsuit and, with the DOJ, has sought to bar multiple third parties from providing relevant testimony. *See, e.g.*, *In re Subpoena to Pasquale Anthony Cipollone*, No. 1:26-mc-142 (D.D.C.). The Court should therefore authorize Mr. Smith to testify to matters otherwise sealed under Rule 6(e) to the degree they are relevant to the BBC's defense.

**First**, permitting Mr. Smith to testify about grand jury materials pursuant to Rule 6(e)(3)(E)(i) would avoid possible injustice in the *Trump v. BBC* case by allowing the BBC to obtain the most relevant evidence to rebut President Trump's assertion of falsity. *See Doe v. Roe*, 2021 WL 9909349, at *1 (D.D.C. Feb. 3, 2021) (permitting disclosure of grand jury materials where "grand jury testimony cover[ed] the same set of events that are the subject of this case"). The requirement for a public figure – or any defamation plaintiff – to establish the falsity of the challenged statement is ultimately rooted in the protections of the First Amendment. Thus, to

succeed in his defamation claim, President Trump must affirmatively *prove* (not merely allege) that he did not incite or foment violence on January 6.

Mr. Smith's report identified "strong evidence that the violence that occurred on January 6 was foreseeable to Mr. Trump, that he caused it, and that he and his coconspirators leveraged it to carry out their conspiracies." *See Smith Report, Vol. 1*, *supra* at 67 n.193. His deposition testimony would likely reflect information not fully discussed in his Report, including evidence currently subject to Rule 6(e) sealing. Precluding the deposition of Mr. Smith would thus unjustly deprive the BBC of the opportunity to obtain that evidence and robustly develop its defense under the First Amendment. *See In re Smith*, 2025 WL 843279 (D.D.C. Mar. 18, 2025) (Boasberg, C.J.) (where U.S. Capitol Police Officers sought testimony and materials given to "the grand jury that returned an indictment against then-former President Trump in the now-dismissed criminal case against him," this Court held that "[t]hey may try their luck again if, as fact discovery in the civil case winds down, the non-defendants have remained unresponsive to discovery requests," and noted that "other courts have permitted disclosure when the discovery process cannot or will not yield material that might determine the outcome of a civil case") (collecting cases).

**Second**, the need for disclosure is greater than the need for secrecy in this instance. The "vital interests" upheld by grand jury secrecy lie in "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *In re Capitol Breach Grand Jury Investigations Within D.C.*, 339 F.R.D. 1, 10 (D.D.C. 2021) (quoting *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019)). Continued secrecy does not serve those interests here. The work of the grand jury is done. The charges against President Trump have been brought and dismissed. And President Trump himself has

issued mass pardons for those rank-and-file rioters who were still facing criminal liability from their actions on January 6. *Cf. id.* (barring disclosure of grand jury materials during investigation and prosecution of January 6 rioters because interests in grand jury secrecy are "strongest when a grand jury investigation, and grand jury proceedings, are ongoing"). Allowing Mr. Smith to disclose grand jury material would thus do nothing to discourage the candor of witnesses, alert any potential indictee, or sully the name of any suspect. *See also Doe v. Cabrera*, 126 F. Supp. 3d 160 (D.D.C. 2015) (disclosure favored where substance of grand jury already public).

**Third,** because the BBC seeks authorization for Mr. Smith to disclose grand jury materials in his deposition testimony, the information to be disclosed is narrowly tied to the scope of discovery in *Trump v. BBC*, where Southern District of Florida Magistrate Judge Lett has ruled that the BBC "is entitled to discover the contours of the message and impression [as to President Trump's January 6 speech]. For example, whether that impression was given or received; if that impression was given or received, whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm, among some examples." Omnibus Order at 9-11. Because the BBC seeks authorization for Mr. Smith to testify only within the bounds of this permissible discovery, the request is "structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222.

DOJ's claim that Rule 6(e) precludes Mr. Smith's deposition fails to account for Rule 6(e)(3)(E)(i). Indeed, DOJ admits as much, stating that its decision to block Mr. Smith's deposition "does not turn on any future decision by [the BBC] to 'move for relief' from the secrecy requirement[.]" Ex. B. The Court should therefore compel Mr. Smith to testify and authorize his deposition testimony to include disclosure of information sealed under Rule 6(e).

**B. The need for Mr. Smith's highly relevant testimony overcomes DOJ's assertion of executive, law enforcement, and classified information privileges.**

DOJ further errs in invoking the classified information privilege, the law enforcement privilege, and executive privilege. The classified information privilege is simply inapplicable here because the BBC does not seek testimony from Mr. Smith regarding any classified information. DOJ's invocation of the law enforcement privilege and executive privilege likewise fails because both are qualified privileges capable of being overcome by sufficient public interest. As outlined above, the BBC's interests are two-fold: first, the transparency and accountability function served by more fully understanding Mr. Smith's conclusions as to the efforts to prevent the lawful transfer of power following the 2020 election, including the January 6 riot; second, the BBC's own interest in defending against the sitting President's defamation lawsuit. The BBC's ability to thoroughly defend against such a claim implicates the protections of the First Amendment in civil defamation litigation and overcomes DOJ's conclusory assertions of law enforcement and executive privilege.

**1. <u>DOJ Errs in its Assertion of Executive Privilege.</u>**

DOJ appears to assert two forms of executive privilege in its denial of Mr. Smith's request: the deliberative process privilege and the presidential communications privilege. *See* Ex. B at 4. Both give way to the BBC's constitutional interests in defending against the President's defamation lawsuit. For one, DOJ cannot even identify what, within Mr. Smith's anticipated testimony, would fall under the purview of executive privilege, other than a vague reference to "internal memoranda and other deliberative materials." *Id.* In this way, DOJ's assertions that disclosure would "jeopardize" free debate within the Department are both generic and conclusory. The BBC's concrete constitutional interest in defeating a defamation lawsuit over non-actionable speech on a matter of public concern clearly prevails. For another, DOJ makes the dubious assertion that the BBC has not established "that Mr. Smith has any personal insight into, or first-

hand knowledge of, the events of January 6, 2021" and that "any purported 'need' for such second-hand knowledge cannot outweigh DOJ's significant interest in preserving the confidentiality of materials subject to law enforcement privilege and executive privilege." *Id.* As DOJ knows, Mr. Smith's authoritative expertise and personal knowledge about January 6 were developed over more than two years as the lead DOJ-appointed investigator, backed by the power of the subpoena and the grand jury. Given that considerable knowledge, and given that the evidence the BBC seeks from Mr. Smith is potentially dispositive of President Trump's defamation claim, the need for Mr. Smith's testimony outweighs any purported interest in confidentiality.

**2. DOJ Errs in its Assertion of the Law Enforcement Privilege.**

The DOJ's invocation of the law enforcement privilege is similarly unavailing. To invoke the federal law enforcement privilege, the government must satisfy three procedural requirements:

> (1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.

*BuzzFeed*, 318 F. Supp. 3d at 361 (quoting *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988)). DOJ's denial does not appear to meet *any* of these requirements, rather simply denying Mr. Smith permission to testify about "the evidence [he] obtained over the course of his investigation" on the basis that "[d]isclosure of this information is likely to reveal investigative and dissemination techniques whose 'effectiveness . . . would be thereby impaired'" and, according to DOJ, "may also reveal a confidential source or informant, or may otherwise threaten the lives or safety of any individual." Ex. B at 3 (quoting 28 C.F.R. §§ 16.26(b)(4)-(5)).

In weighing "[t]he public interest in nondisclosure . . . against the need of [the BBC] for access" to Mr. Smith's deposition testimony, the BBC's above-described interest in its First

Amendment-rooted defense outweighs the conclusory "effectiveness" and "informant" interests that the DOJ asserts. *BuzzFeed*, 318 F. Supp. 3d at 361-62. This calculus asks the Court to consider factors including "the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information," "whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question," "whether the police investigation has been completed," and "the importance of the information sought to the plaintiff's case." *Id.* at 362 (quoting *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996)). In this case, where the investigation is long since closed, the likelihood of any chilling effect is minimal, and the information is key to the BBC's First Amendment defense, all factors point to disclosure.

Even if that were not the case, it is improbable that the federal law enforcement privilege would preclude Mr. Smith from giving *any* deposition testimony. Given the court-defined scope of relevant discovery – "the message and impression [of President Trump's January 6 speech]," "whether that impression was given or received; if that impression was given or received, whether President Trump gave it intentionally or otherwise; the breadth of the audience of the message and impression; and the extent of any resulting injury or harm, among some examples," Omnibus Order at 9-11 – DOJ cannot credibly claim that *all* relevant testimony would constitute investigatory records or confidential sources. Moreover, disclosure cannot "jeopardize future government investigations" where, as here, the crimes of January 6 have been charged, and those charges dismissed. DOJ cannot simply cast basic information-gathering tools as "investigatory records" in a dubious effort to invoke the law enforcement privilege. *See ACLU Found. v. Dep't of Homeland Sec.*, 243 F. Supp. 3d 393 (S.D.N.Y. 2017) (holding, in the FOIA context, that asking interview questions is not a specialized law enforcement technique). The interest in barring Mr.

Smith's deposition under the law enforcement privilege is thus marginal, while the interest in compelling his testimony is, as discussed above, significant for the BBC's ability to mount a robust defense of speech that is squarely protected by the First Amendment.

**3. DOJ Errs in its Assertion of the Classified Information Privilege.**

DOJ's invocation of the classified information privilege is likewise flawed. In the first instance, the DOJ's assertion of the classified information privilege is premised, to some degree, on the erroneous belief that the BBC seeks testimony regarding *Volume 2* of Mr. Smith's report, a still-sealed report regarding President Trump's handling of classified documents. Given the issues at hand and the scope of discovery in the underlying litigation, the BBC clearly seeks Mr. Smith's testimony relevant to Volume 1, the public report that focused on the efforts to overturn the 2020 election, including the January 6 riot.

Regardless, DOJ points out that "[t]he 'evidence that Mr. Smith obtained over the course of his investigation,' . . . includes classified information." Ex. B at 3 (quoting Ltr. from the BBC to DOJ, *Trump v. BBC*, ECF 206-4). That evidence, of course, also includes *unclassified* information, as made clear by the fact that Mr. Smith was able to produce a 137-page report on his conclusions regarding interference with the 2020 election, including January 6, without ever risking the disclosure of classified information. *See Smith Report, Vol. 1*, *supra*. The classified information privilege is, thus, a strawman argument, untethered to the actual issues relevant to the BBC's defense – President Trump's speech on January 6, the response it intended to elicit, and the effect it had on its audience.

## II. The Court Should Compel DOJ To Permit Mr. Smith's Testimony Even If That Testimony Does Not Include Rule 6(e) Or Other Purportedly Privileged Material.

Even if portions of Mr. Smith's testimony were precluded by Rule 6(e) or any of the asserted privileges, Mr. Smith's deposition would still be vital as an evidentiary precursor for the BBC to establish the admissibility of Mr. Smith's Report and other public testimony.

Both President Trump and the DOJ have emphasized that Mr. Smith's testimony would be duplicative, given his Final Report (Volume 1) and public testimony on the same. *See* Joint Mot. for Discovery Hr'g on Def.'s Subpoena to Non-Party Jack Smith at 3-4, *Trump v. BBC*, ECF 189; Ex. B at 5. Yet President Trump has never stipulated to the admissibility of Mr. Smith's Report or other public testimony. Thus, even assuming *arguendo* that DOJ's objections to Mr. Smith's deposition on the basis of privilege or Rule 6(e) should limit his testimony, that testimony would still be necessary to establish the admissibility of his Final Report and/or public testimony. Under Federal Rule of Evidence 803(8), certain public records are admissible as long as "the opponent does not show that the source of information . . . indicate[s] a lack of trustworthiness." Fed. R. Evid. 803(8)(B). As the author of the Final Report and the executive-appointed supervisor of the investigation behind it, Mr. Smith is a primary deponent able to testify to the trustworthiness of the Report sufficient to establish its admissibility in the wake of challenges. DOJ's and President Trump's claim that Mr. Smith's deposition would be duplicative of his existing Report and testimony simply ignores these threshold requirements of admissibility. Precluding Mr. Smith's deposition entirely could thus deprive the BBC of Mr. Smith's prior testimony and Report as to the events of January 6, despite his authoritative expertise on the riot, the speech preceding it, and the impressions and reactions it was intended to solicit.

### III. DOJ's Claim of Undue Burden Fails Given Mr. Smith's Lack of Objection.

Finally, DOJ asserts that Mr. Smith's deposition "would impose an undue burden on the Department" and is barred by the apex doctrine. Ex. B at 5. This position is untenable. For one, DOJ cannot credibly assert that a deposition would unduly burden Mr. Smith when *Mr. Smith himself does not oppose the deposition*. To the degree anyone is burdened by sitting for this deposition (a routine requirement of civil litigation, including for third parties), it would be Mr. Smith and his counsel – not DOJ.

DOJ's invocation of the apex doctrine is similarly inapt. "[T]he apex doctrine serves to protect high-ranking officials from 'numerous, repetitive, harassing, and abusive depositions.'" *Reyes-Greenstein v. Broward Cnty. Pub. Schs.*, 2025 WL 5339565, at *2 (S.D. Fla. Apr. 8, 2025). But the Court should not "bar [Mr. Smith's] deposition under the apex doctrine when [he] does not oppose the deposition and is willing to testify." *Id.* Moreover, Mr. Smith's deposition would be permissible notwithstanding the apex doctrine because the doctrine does not apply when the official has "personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere." *Zimmerman v. Al Jazeera Am., LLC*, 329 F.R.D. 1, 6-7 (D.D.C. 2018) (permitting deposition of witness "notwithstanding his status as a high ranking corporate officer"). Here, the BBC seeks Mr. Smith's testimony about the events of January 6, 2021 – an issue on which he is likely the best-informed witness available, having served for more than two years as the Special Counsel specifically investigating the efforts to impede the lawful transfer of power in the wake of the 2020 election. January 6 was the violent apogee of those efforts, and Mr. Smith had both the mandate and the ability to gather information about it with considerable resources and subpoena power. This is precisely the sort of

"extraordinary circumstance" the apex doctrine exempts: where one witness holds knowledge of the issue at hand that cannot be obtained elsewhere.[1]

## CONCLUSION

For the foregoing reasons, the BBC respectfully requests that this Court grant its motion to compel; require DOJ to permit Mr. Smith to comply with the BBC's deposition subpoena; and authorize, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), Mr. Smith's testimony concerning grand jury matters to the extent relevant to the claims and defenses in *Trump v. BBC*.

Dated: November 9, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

By: ______________________

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Maya Gandhi (#NY0584)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
gandhim@ballardspahr.com

Sasha Dudding (#1735532)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

*Attorneys for Petitioner*

[1] During a meet-and-confer on this issue, the BBC inquired whether there were any officials within the Special Counsel's office to whom DOJ would not object on the basis of the apex doctrine. DOJ declined to provide any alternate source of equivalent testimony, while also contending that it was not making a blanket assertion of the apex doctrine.

Case 1:25-mc-00180-JEB Document 1-1 Entered on FLSD Docket 11/13/2026 Page 24 of 24

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November 2026, I caused true and correct copies of the foregoing to be served by email and U.S. Mail on the following:

Pardis Gheibi
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
pardis.gheibi@usdoj.gov

/s/ *Charles D. Tobin*
Charles D. Tobin