**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION,

Defendant.

Case No. 1:25-cv-25894-JTK-EAL

**SECOND JOINT MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES AND CONTINUE TRIAL**

Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and Defendant British Broadcasting Corporation ("Defendant" or "the BBC") (together with Plaintiff, the "Parties"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 16 and Local Rule 7.6, file this Second Joint Motion to Extend Certain Pretrial Deadlines and Continue Trial ("Joint Motion"). In support thereof, the Parties state as follows:

**RELEVANT FACTUAL BACKGROUND**

**A. The original Complaint and the Parties' discovery efforts.**

1. On December 15, 2025, President Trump filed his original Complaint against the BBC, BBC Studios Productions Limited ("BBCSP"), and BBC Studios Distribution Limited ("BBCSD").[1] *See* ECF No. 1.

2. On January 12, 2026, Defendants filed their Motion to Stay Discovery [ECF No. 18], which the Plaintiff opposed [ECF No. 24].

[1] BBCSP and BBCSD were voluntarily dismissed from this action on July 16, 2026. *See* ECF No. 97.

3. On February 12, 2026, the Court entered an order denying the Motion to Stay Discovery [ECF No. 26], and entered its Order Setting Trial and Pre-Trial Schedule [ECF No. 27] (the "Scheduling Order"), which set the action for trial on February 15, 2027, and derivative pretrial deadlines. *See id*.

4. The next day, President Trump served his first requests for production and first set of interrogatories.

5. On March 16, 2026, Defendants filed their Motion to Dismiss with Incorporated Memorandum of Law under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (the "Motion to Dismiss"). *See* ECF No. 36.

6. On April 7, 2026, President Trump filed his Motion to Complete Jurisdictional Discovery to Respond to Defendants' Motion to Dismiss with Incorporated Memorandum of Law [ECF No. 44], which the Court granted two days later [ECF No. 45], and gave Plaintiff time to complete jurisdictional discovery to address the personal jurisdiction issues in Defendant's Motion to Dismiss.

7. Since then, the Parties have engaged in the following discovery:

a. The Parties have exchanged hundreds of written discovery requests amongst each other.

b. Defendant has sought discovery from about fifty different third parties.

c. Plaintiff has taken seven depositions of Defendant's witnesses.

d. Defendant has deposed Plaintiff's expert witness to address the personal jurisdiction issues in Defendant's Motion to Dismiss, and a fact witness.

e. Defendant produced and Plaintiff has reviewed tens of thousands of pages of documents.

f. Plaintiff has produced documents in response to Defendant's requests.

**B. Discovery disputes arise between the Parties**.

8. Throughout this action, several discovery disputes have arisen between the Parties. To try to resolve these disputes, the Parties exchanged various emails and letters and participated in multiple meet-and-confer calls. Although several disputes were resolved, the Parties could not reach agreement on some disputes.

9. Consequently, the Parties filed multiple Joint Motions for Discovery Hearing, which the Court defined as the "Motions to Compel or Overrule." *See* ECF No. 57 & 86 (construed as Defendant's Motion to Compel Responses to Defendants' First Request for Production and Interrogatories (ECF No. 117)); ECF No. 61 (construed as Defendant's Motion to Overrule Plaintiff's Objections to the Third Party Subpoenas (ECF No. 118)); and ECF No. 79 (construed as Defendant's Motion to Compel Responses to Defendants' First Requests for Admissions (ECF No. 119)); *see also* ECF No. 120.

10. On July 21, 2026, Magistrate Judge Lett conducted a hearing on various pending Motions to Compel or To Overrule. During that hearing, Plaintiff argued that he would modify his damages claim. The Court stated that its ruling would be based on the operative Complaint.

11. On July 30, 2026, President Trump offered to appear for deposition on October 16, 2026, and the BBC agreed, pending coordination of the President's security detail required by the United States Secret Service and the location of the deposition.

12. On August 4, 2026, Plaintiff filed his Motion for Leave to File First Amended Complaint and Incorporated Memorandum of Law [ECF No. 108].

13. On August 10, 2026, the Court granted Plaintiff's Motion for Leave, finding that President Trump did not unduly delay in seeking leave to amend his complaint. ECF No. 123 at p. 3 and footnote 2.

14. Later that same day, Plaintiff filed his First Amended Complaint [ECF No. 124].

15. As to the Motions to Compel or To Overrule, on July 29, 2026, Magistrate Judge Lett entered an Omnibus Order Following Discovery Hearing on Joint Motions for Discovery Hearing ("Discovery Order"), which denied the Motions to Compel or Overrule without prejudice, directed the Parties to confer on the remaining discovery disputes between them pursuant to the directives and scope set forth therein, and instructed the Parties to file the appropriate motion for resolution by the Court if they were unable to resolve any issues related to discovery. ECF No. 120.

16. On August 21, 2026, the Parties met and conferred pursuant to the Discovery Order.

17. The Parties' meet-and-confer conference resolved certain disputes and confirmed the other disputes that the Parties were at an impasse on.

18. Thereafter, on August 25, 2026, Defendant filed a Motion for Discovery Hearing on those remaining issues [ECF No. 138], and President Trump responded the next day [ECF No. 139].

19. On September 28, 2026, President Trump notified Defendant, through counsel, that he was unavailable for his deposition on October 16, 2026, citing "other matters of national importance."

20. On September 30, 2026, the BBC made its thirteenth document production.

21. On October 2, 2026, Plaintiff made his second document production.

22. On October 13, 2026, Defendant filed its Motion for Discovery Hearing Related to Compelling Plaintiff's Deposition [ECF No. 181], and following the Court's order [ECF No. 183], President Trump filed his response eight days later [ECF No. 192].

23. On October 17, 2026, the Parties filed their Joint Motion for Discovery Hearing on Defendant's Subpoena to Non-Party Mar-a-Lago Club, LLC [ECF No. 187].

24. Two days later, the Parties filed their Joint Motion for Discovery Hearing on Defendant's Subpoena to Non-Party Jack Smith [ECF No. 189].

25. The Court ordered a discovery hearing on Defendant's two Motions for Discovery Hearing [ECF 138 and 181], and the two Joint Motions for Discovery Hearing [ECF No. 187 and 189] to occur on October 22, 2026.

26. On October 9, 2026, the Court ordered Plaintiff to, by October 21, 2026, serve verified interrogatory responses and produce documents responsive to Defendants' first requests for production about which there remained no dispute [ECF No. 180].

27. On October 21, 2026, Plaintiff served the verified interrogatory responses, and stated that he had no additional documents to produce.

28. At the October 22, 2026, hearing, the Court issued certain rulings on the pending discovery motions and took other issues under advisement, which would be addressed by a subsequent ruling. Written orders followed on October 27 and 28, 2026.

29. First, the Court ordered Plaintiff to produce a privilege log by November 5, 2026, and any remaining responsive documents to the RFPs about which there remains no dispute, by November 23, 2026 [ECF No. 198]. The Court stated that "[f]ailure to comply with this order may result in sanctions, including but not limited to, dismissal of this action for failure to prosecute this case." *Id.*

30. Second, the Court denied Plaintiff's motion for a protective order regarding Defendant's document subpoena to Mar-A-Lago Club, LLC [ECF No. 200].

31. Third, the Court granted Defendant's motion to compel Plaintiff's deposition, stating that "[d]espite scheduling the deposition for October 16, 2026, President Trump unilaterally cancelled the deposition and did not offer alternative dates within the discovery period notwithstanding the quickly approaching December 18, 2026, discovery deadline" [ECF No. 202]. The Court ordered the deposition to occur by December 11, 2026, stating that "[f]ailure to do so may result in sanctions, including dismissal of the lawsuit." *Id.* If the deadlines are extended, however, "the parties may agree to a mutually convenient date to conduct President Trump's deposition within the extended discovery period." *Id.*

32. Fourth, as to Defendant's deposition subpoena to non-party Special Counsel Jack Smith, the Court ordered the Department of Justice to respond to Mr. Smith's letter regarding permission to provide testimony by November 2, 2026 [ECF No. 204]. On November 2, 2026, the Department of Justice responded and denied the BBC's *Touhy* request to depose Mr. Smith [ECF No. 206].

33. Fifth, and finally, the Court set a briefing schedule regarding Defendant's motion to compel the production of documents by The Donald J. Trump Revocable Trust, with briefing to close on November 17, 2026 [ECF No. 205].

34. The Court has not yet entered its ruling on Defendant's motion to compel Plaintiff's production of documents in response to the disputed discovery requests.

**C. The remaining discovery and need for a brief continuance**.

35. On August 26, 2026, the Parties filed their Joint Motion to Extend Certain Pretrial Deadlines and Continue Trial [ECF No. 140], which the Court granted that same day [ECF No. 141].

36. Relevant here, the new deadlines (the "Extended Pretrial Deadlines") set forth in the Court's Order Granting Joint Motion to Extend Certain Pretrial Deadlines and Continue Trial [ECF No. 141] stipulated that fact and expert discovery must be completed by December 18, 2026.

37. The Parties are continuing to work through fact and expert discovery. The pending discovery that remains may include, but is not limited to:

a. The deposition of Plaintiff.

b. The deposition of the Chairman of the BBC.

c. The deposition of the former Director-General of the BBC.

d. The possible depositions of Ivanka Trump, Donald J. Trump, Jr., and Jared Kushner. Defendant is currently conferring with President Trump and these non-parties regarding the subpoenas directed to them, given that these non-parties may be objecting to, or moving to quash, those subpoenas.

e. The possible depositions of Pat Cipollone, Eric Herschmann, and Special Counsel Jack Smith.

f. The exchange of rebuttal expert reports.

g. The depositions of expert witnesses.

38. Due to his schedule and the nature of his profession, President Trump is unavailable to sit for a full-day deposition during the remainder of the year.

39. President Trump has offered Defendant a two-week window between January 11-22, 2027, during which he will make himself available for his deposition, and represented that as that date range approaches, President Trump will confer with Defendant to select a date, and identify a secure location, for the deposition. This information on the date, location, and security protocols will be provided to Defendant consistent with S.D. Fla. Local Rule 26.1(h). Defendant has accepted this offer, and the Parties will continue conferring to coordinate the deposition. President Trump agrees that he will comply with this arrangement.

40. President Trump agrees that in no event will any further depositions be taken of current or former BBC personnel unless and until his deposition has concluded.

41. Accordingly, the Parties respectfully submit that they require additional time to complete discovery related to the remaining issues, and the President notes that in particular, due to his schedule, the Extended Pretrial Deadlines will not allow them to adequately prepare their case for trial.

42. The Parties conferred pursuant to Local Rule 7.1(a)(2) to prepare a revised schedule of certain pre-trial deadlines that would allow sufficient time.

43. On November 16, 2026, the Parties agreed to the following proposal, subject to the Court's approval:

| **Event** | **Existing Deadline** | **New Proposed Deadline** |
|---|---|---|
| Rebuttal Witness Disclosure and Report Exchange | December 1, 2026 | December 3, 2026 |
| Discovery Cutoff (Including Expert Discovery) | December 18, 2026 | January 29, 2027 |
| Mediation Deadline | January 8, 2027 | Unchanged |
| Summary Judgment Deadline | January 11, 2027 | February 24, 2027 |

| | | |
|---|---|---|
| Pre-trial Motions | February 15, 2027 | March 26, 2027 |
| Trial Ready Date | April 6, 2027 | May 10, 2027 |

44. Through this Joint Motion, the Parties respectfully request that the Court adopt the Parties' proposed revised schedule.

45. Pursuant to Local Rule 7.6, undersigned counsel for the Parties have submitted their respective affidavits providing the full showing of good cause why the Joint Motion should be granted. A true and correct copy of Alejandro Brito, Esq.'s declaration pursuant to Local Rule 7.6 is **Exhibit A**. A true and correct copy of Charles D. Tobin, Esq.'s declaration pursuant to Local Rule 7.6 is **Exhibit B**.

## ARGUMENT

### A. Applicable standard.

A scheduling order can be modified upon a showing of good cause when the parties cannot meet the schedule despite the parties' diligence. *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (interpreting Fed. R. Civ. P. 16(b)). "Good cause" is "difficult to define in absolute terms, [but] it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). To evaluate whether a continuance should be granted, the Court considers (1) the parties' diligence in preparing for the event for which a continuance is sought, (2) how likely it is that the need for a continuance would be remedied if the continuance is granted, (3) whether the Court or the opposing party or its witnesses would be inconvenienced, and (4) whether the moving party might suffer any harm as a result of the denial. *See Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987) (setting forth the standard to evaluate whether a continuance should be granted under Fed. R. Civ. P. 16).

### B. The Four Factors Weigh in Favor of Granting the Parties' Joint Motion.

***The Parties each represent on their own behalf that they have been diligent in preparing this action for trial***. As articulated above, the Parties have engaged in discovery to prepare their respective cases for trial, and to try to complete the action items set forth in the Scheduling Order and the Extended Pretrial Deadlines, and to comply with the deadlines therein. In connection with the discovery they have conducted, the Parties also filed the Motions to Compel or Overrule to address any disputes that they were not able to resolve by agreement. President Trump for himself, and the BBC for itself, each represents, as set forth in their affidavits accompanying this Joint Motion, that they have been diligent in trying to complete discovery to prepare their cases for trial, and complying with the deadlines in the Scheduling Order. These representations weigh in favor of granting the Joint Motion and adopting the Parties' proposed revised schedule. In particular, a continuance is warranted in order to provide time for Plaintiff's deposition and the resolution of any disputes arising therefrom, and to resolve the pending disputes over the Plaintiff's discovery responses and the third-party subpoenas served by Defendant. *See DeJesus v. Lewis,* 14 F.4th 1182, 1203 (11th Cir. 2021) (finding that the movant established that he was diligent in preparing his case for trial to comply with the operative scheduling order, but affirming denial of continuance on other grounds); *see also Cooper-Levy v. City of Miami*, 2023 WL 4105531, at *4 (S.D. Fla. June 21, 2023) (finding that the movant litigated the action with diligence and granting a continuance of trial).

***The requested continuance will allow the Parties to complete discovery and prepare their respective cases for trial***. If the Court grants the requested continuance, the Parties will have the necessary time to complete that pending discovery and take Plaintiff's deposition on his provided date. Accordingly, the Parties respectfully submit that their joint need to complete discovery weighs in favor of granting the Joint Motion, and in adopting the Parties' proposed revised

schedule. *See id.*; *see also Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (finding that the movant established that the requested continuance would have remedied the need for the continuance).

***There is no inconvenience to the Parties or to the Court***. Because the Parties are collectively seeking relief from the Court through this Joint Motion, there is no prejudice articulated by Plaintiff or Defendant that they would suffer if the requested continuance were to be granted. *See DeJesus,* 14 F.4th at 1203; *see, e.g., United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995) (indicating that the lack of opposition to a requested continuance weighs in favor of granting the requested continuance); *see also DeCurtis LLC v. Carnival Corp.,* 2021 WL 3666330, at *2 (S.D. Fla. Aug. 18, 2021) (granting the parties' requested continuance due to their agreement and showing of good cause to continue the deadlines because they "go hand in hand with the work that needs to be performed.").

The Parties respectfully submit that the requested continuance, which would move the current trial date by only one month and extend the other remaining pre-trial deadlines by a few weeks, would not inconvenience the Court. This request for a continuance is primarily made to conduct and complete the deposition of President Trump. As a result, the Parties respectfully submit that continuing this trial would not impose a significant burden or inconvenience on the Court, and that this factor weighs in favor of granting the Joint Motion.

***The Parties would be severely prejudiced if the Joint Motion is not granted***. If the Court does not grant this Joint Motion, the Parties will be severely prejudiced because they will be deprived of the necessary time to complete pending discovery. *FDIC v. Bristol Home Mortg. Lending, LLC,* 2009 WL 2488302, at *7 (S.D. Fla. Aug. 13, 2009) (finding that each party's need for additional time to conduct discovery constitutes good cause to continue the trial date).

Moreover, the pleadings are not yet closed, because Defendant's Motion to Dismiss remains outstanding, and Defendant has not yet articulated any affirmative defense that it intends to allege. *See Menendez v. Perishable Distributors, Inc.,* 763 F.2d 1374, 1379 (11th Cir. 1985) (reversing denial of requested continuance because the movant established that he was prejudiced by not being afforded the necessary time to gather evidence that would rebut the defendant's affirmative defenses). Thus, the Parties respectfully submit that this factor weighs in favor of granting the Joint Motion.

**CONCLUSION**

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion, adopt the Parties' proposed revised schedule of pretrial deadlines, continue the currently scheduled trial, and grant any other relief the Court deems proper.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Michael Mena
Florida Bar No. 10664
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
mmena@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

*/s/ Charles D. Tobin*
Charles D. Tobin
Florida Bar No. 816345
Maxwell S. Mishkin (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Maya D. Gandhi
Florida Bar No. 1075387
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

Richard W. Miller (*pro hac vice*)
Ballard Spahr LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: 678-420-9300
millerrw@ballardspahr.com

*Counsel to Defendant, British Broadcasting Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 16, 2026, the foregoing was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Alejandro Brito*