UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

PRESIDENT DONALD J. TRUMP,

Plaintiff,

v.

BRITISH BROADCASTING CORP.,

Defendant.

Case No. 1:25-cv-25894-JTK-EAL

**DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER PARTIAL SEAL ITS MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS SUBPOENA TO THE DONALD J. TRUMP REVOCABLE TRUST**

Pursuant to Local Rule 5.4 and the Protective Order entered in this action, *see* ECF 51, Defendant the British Broadcasting Corporation ("the BBC"), by and through its undersigned counsel, respectfully requests that the Court grant leave to file under partial seal its memorandum of law in support of its subpoena to the Donald J. Trump Revocable Trust ("the Trump Trust"), and in opposition to the brief (ECF 212) filed by Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump") and the Trump Trust.

**RELEVANT FACTUAL BACKGROUND**

On October 30, 2026, Plaintiff served an expert report pertaining to his alleged damages, which he has designated as Confidential pursuant to the Protective Order. The BBC sought, and received, leave to file a sealed copy of the report and its exhibits and a brief notice explaining the report's relevance to pending discovery briefing. *See* ECF 213, 217. As previewed in that motion, the BBC now seeks leave to file under partial seal its brief in support of its pending motion to compel discovery from the Trump Trust, which is due to be filed by November 17, 2026 pursuant to this Court's Order. *See* ECF 205.

## LEGAL STANDARD

In this Circuit, "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). That right of access, however, can be overcome "by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Parties seeking to file documents under seal in this Court must make this showing of good cause and also comply with the requirements of Local Rule 5.4. Defendant submits that good cause exists to partially seal its memorandum of law in support of its subpoena to the Trump Trust, as it quotes from and describes Plaintiff's expert report which Plaintiff designated as Confidential, and that the instant motion complies with Local Rule 5.4.

## ARGUMENT

### A. Good Cause Exists to Seal the Confidential Information at Issue.

Defendant seeks leave to file under partial seal its memorandum of law in support of its motion to compel a response to its subpoena to the Trump Trust, and in opposition to the brief on that motion filed by Plaintiff and the Trump Trust (ECF 212). Defendant's brief will quote from and describe Plaintiff's expert report, which Plaintiff has designated as Confidential under the Protective Order in this case. To the extent Defendant's brief discusses the contents of the report, Defendant will redact that information from its public filing and file an unredacted brief under seal.

The Protective Order permits the use of the Confidential designation for "any business, proprietary, or personal information." *See* ECF 51 at 2. This provision aligns with this Court's precedent, permitting the sealing of "confidential information, such as . . . technical infrastructure,

business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information." *CRubin, LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020). While Defendant may challenge the Confidential designation later in these proceedings, at this time, Defendant respectfully submits that the proposed partial sealing is the least onerous means available to bring the implications of the expert report to the Court's attention, given Plaintiff's confidentiality designation as to the information at issue.

If the Court grants this Motion, Defendant will promptly file a sealed, unredacted copy of its brief on the Trump Trust, as well as a public redacted copy of its brief, consistent with the Court's Rules and any corresponding order. *See* S.D. Fla. L.R. 5.4(b)(1) ("The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. . . . If the Court grants the motion to file under seal, then the moving party shall file any . . . document that has been authorized to be filed under seal via CM/ECF . . . as an attachment to a 'Notice of Sealed Filing' . . . .").

**B. This Motion Complies with Local Rule 5.4**

Defendant respectfully submits that this motion complies with the requirements of Local Rule 5.4, as it "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *See* L.R. 5.4(1).

To address the remaining requirements, Defendant proposes that sealing should be until Plaintiff removes the Confidential designation, or if he does not do so, until further order of this Court. *See id.* If the Court grants this motion to file under seal, Defendant will file an unredacted

copy of its brief under seal via CM/ECF using the appropriate filing events and will serve copies of the same on all counsel of record. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion, grant Defendant leave to file a sealed copy of its memorandum of law in support of its subpoena to the Trump Trust, and in opposition to Plaintiff's and the Trump Trust's brief on that topic (ECF 212), and provide such other and further relief as the Court sees fit.

## LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), Defendant hereby certifies that on November 17, 2026, Defendant conferred with Plaintiff and the Trump Trust via email regarding this Motion. Plaintiff and the Trump Trust, through their shared counsel, stated that they object to, and do not agree with, the statements and characterizations by the BBC regarding the relevance of Plaintiff's expert report to the Subpoena directed to The Donald J. Trump Revocable Trust. Notwithstanding those objections, President Trump does not object to the limited relief sought in the Motion.

Dated: November 17, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Maya D. Gandhi
Florida Bar No. 1075387

tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on November 17, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin