UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH BROADCASTING CORP.,<br><br>Defendant. | Case No. 1:25-cv-25894-JTK-EAL |

**DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS SUBPOENA TO THE DONALD J. TRUMP REVOCABLE TRUST**

Pursuant to this Court's order (ECF 205), Defendant the British Broadcasting Corporation ("the BBC"), by and through counsel, respectfully submits this memorandum of law in support of its subpoena to the Donald J. Trump Revocable Trust ("the Trump Trust"), and in opposition to the brief (ECF 212) filed by Plaintiff President Donald J. Trump ("Plaintiff" or "President Trump"). For the reasons below, the Court should reinstate its Order Following Discovery Hearing on Joint Motion for Discovery Hearing Related to Defendants' Subpoena to Produce Financial Records to Non-Party The Donald J. Trump Revocable Trust (ECF 104) (the "July 27 Order") and order production on an accelerated timeframe.

## INTRODUCTION

Plaintiff seeks $10 billion in damages against the BBC over a documentary broadcast in the U.K. by the BBC (the "Documentary") that he claims "injured [him] in his profession, occupation, and trade" and "damaged his professional reputation." Am. Compl. ¶¶ 135, 139. And now, his own expert has submitted a report [redacted] While the Plaintiff has now disclaimed all business damages, *see* ECF 212 at 1, even now, he continues to tie his reputation directly to his lifelong promotion of his alleged business successes. The BBC therefore is entitled to the discovery of this business information to prepare its defense that the Documentary did not harm Plaintiff's reputation – as *he* continues to define it – at all.

To that end, the BBC served a discovery subpoena on the Trump Trust – of which Plaintiff is

the sole beneficiary – and requested the production of, *inter alia*, financial documents that reflect the Trump Trust's holdings and value, including Trump Trust instrument copies, documents relating to the Trump Trust's financial interests, schedules of assets, inventories, and lists of properties held, and documents reflecting real property held. The Trump Trust interposed multiple objections to all twelve Requests for Production and has refused to provide any responsive documents.

Plaintiff's and the Trump Trust's refusal reflects Plaintiff's continued effort to avoid the discovery obligations that he took on when he chose to file this lawsuit. In fact, this is just the latest in Plaintiff's months-long refusal to provide substantive document productions or privilege logs, fixed deposition dates – any meaningful information to support his pursuit of $10 billion from the BBC for a documentary that it never aired in the United States.

The Parties filed a joint motion seeking a discovery hearing on the Trump Trust subpoena on May 15, 2026. ECF 52. On July 27, 2026, following a lengthy July 21 hearing at which this Court announced its ruling, the Court entered its written Order granting the BBC's Motion to Compel Production of the Trump Trust's documents responsive to the BBC's subpoena from January 1, 2023 to the present. *See* July 21, 2026 Hr'g Tr. at 129:2-25, 130:1-8 (ECF 102); July 27 Order at 5-9. The Court held that "the information the Trust possesses is relevant and material to any damages analysis Defendant may elect to conduct," and ordered that "[t]he Trust's first substantial production of documentation shall occur within ten (10) days of the date of this order" – so, by August 6, 2026 – and continue every week until complete." July 27 Order at 7, 9.

On August 5, however, the Trump Trust filed an emergency motion to stay the order, which the BBC opposed, as well as objections and a declaration from the Trump Trust's General Counsel. ECF 111–114. The District Court held that the July 27 Order should be stayed until the Court decided whether the records sought by subpoena remain relevant under the Amended Complaint – which, as discussed below, they do. ECF 116. Indeed, as the Court recognized, Plaintiff's "amended complaint won't necessarily obviate the need for certain financial disclosures – especially since the amended complaint retains the Plaintiff's original $10-billion damages demand." ECF 123 at 5 n.1.

Because the District Court's stay was to "remain in effect until the parties hold a new discovery hearing before Magistrate Judge Lett," this Court entertained further argument at the October 22, 2026 discovery hearing, and following that, ordered this further briefing. ECF 123 at 6; ECF 205.

## ARGUMENT

The Court should reinstate its July 27 Order as to the Trump Trust, but given the fast-approaching close of discovery, require substantial document productions every five days until complete, or at reasonable intervals at the Court's discretion ending within the discovery window. Moreover, the Trump Trust should be required to complete those productions at least seven days before the close of discovery, to provide time to resolve any disputes that may arise therefrom.

### I. THE TRUMP TRUST SUBPOENA SEEKS RECORDS THAT REMAIN HIGHLY RELEVANT TO PLAINTIFF'S ALLEGATION OF $10 BILLION IN DAMAGES.

Plaintiff must prove actual damages to maintain a defamation claim, *see* ECF 209 at 7, and the permissible scope of discovery includes records relevant to that essential element of his claim. The discovery that the BBC seeks from the Trump Trust is *directly* relevant to Plaintiff's damages claim. Plaintiff alleges that the BBC's Documentary "injured [him] in his profession, occupation, and trade" and "damaged [him] in his occupation, damaged his professional reputation," to the tune of $10 billion. Am. Compl. ¶¶ 135, 139. His own expert ties his reputation to the value of his brand and his products and services. ECF 220-1. To accept Plaintiff's and the Trump Trust's arguments to the contrary would require improperly writing those allegations out of the Amended Complaint and contradict his own expert's report.

#### A. Plaintiff must prove actual damages.

As the Court has recognized, "Florida requires defamation plaintiffs to plead and prove actual damages." ECF 209 at 7 (citing *Mid-Fla. Television Corp. v. Boyles*, 67 So. 2d 282 (Fla. 1985)); *see also* July 27 Order at 6 n.6 (Plaintiff brings "a claim of defamation generally; a cause of action that requires proof of actual damages"); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265-66 (11th Cir. 2003) (no actual damages where plaintiff "had not presented any evidence of harm to its reputation"); *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (Florida "eliminate[d] presumed damages for defamation *per se* actions against media defendants" (citing *Mid-Fla. Television*, 467 So. 2d at 283)).

Plaintiff, however, has thus far produced *no* evidence to show any diminution of his reputation, let alone to support his claim for $10 billion in reputational damages caused by the BBC's broadcast of the Documentary to a U.K. audience. [redacted]

[redacted] *See* ECF 220-1. Even in the face of his own allegations, and his own expert, Plaintiff seeks to block the BBC from obtaining concrete data on that very issue at every turn, including from himself, the Trump Trust, and the Mar-a-Lago Club.

**B. The Trump Trust's documents are well within the scope of discovery.**

The BBC is permitted to take discovery regarding Plaintiff's alleged damages, including the discovery requested from the Trump Trust. "The scope of discovery is broad, allowing each party to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .'" July 27 Order at 4 (quoting Fed. R. Civ. P. 26(b)(1)). "Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). "With this framework, a subpoena must only be modified or quashed if it 'requires disclosure of privileged or other protected matter' or 'subjects a person to undue burden.'" *Id.* (quoting Fed. R. Civ. P. 45(c)(3)); *see also Rep. of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) ("[T]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible.").

The discovery that the BBC seeks from the Trump Trust falls well within that scope. As this Court has made clear, "the operative Complaint's allegations control." July 27 Order at 8 (citing *Sanchez v. Victoria Secret Stores, LLC*, 2022 WL 22863354, at *2 (S.D. Fla. Sept. 23, 2022) ("[t]he scope of discovery is determined by the allegations of the pleadings and issues in the case")). Plaintiff's Amended Complaint alleges that the BBC's Documentary caused $10 billion in harm to "President Trump in his profession, occupation, and trade" and "damaged President Trump in his occupation, damaged his professional reputation." Am. Compl. ¶¶ 135, 139. Just as the Court held as to the original Complaint, the Amended Complaint's "averments open the door to the discovery at issue." July 27 Order at 8. It remains true that "the information the Trust possesses is relevant and material to any damages analysis Defendant may elect to conduct. Defendant's damage analysis is especially important to Defendant where Plaintiff now alleges $10 billion in damages." *Id.* Indeed, the importance of this discovery grows by the day, with the close of discovery fast approaching, Plaintiff continuing to resist all damages-related discovery, and the District Court's partial denial of the BBC's motion to dismiss making clear that it will revisit damages as the case proceeds. *See* ECF 209 at 2 ("Whether President Trump can . . . establish he sustained damages at summary judgment or trial is left for another day.").

Plaintiff's argument to the contrary – that the Court should ignore his allegations that the

BBC harmed him "in his profession, occupation, and trade" and "damaged [him] in his occupation, damaged his professional reputation" because they are mere recitations of the defamation *per se* test – cannot stand. *Cf.* ECF 212 at 4-5. After all, Plaintiff has (erroneously) chosen to characterize his claim as defamation *per se*, which, by definition, targets speech that allegedly "imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession or office. *Paulson v. Cosm. Dermatology, Inc.*, 2017 WL 2484197, at *3 (S.D. Fla. June 8, 2017). Regardless of Plaintiff's decision to disclaim damages to his businesses and brand, *see* ECF 212 at 1, by framing his case as defamation *per se*, that is the sphere within which Defendants are entitled, indeed, required, to discover and defend. Given that "the operative Complaint's allegations control," July 27 Order at 8, Plaintiff cannot run away from damages discovery on the claim he chose to bring.

To be clear, the operative Complaint's allegations *do* open the door to the Trump Trust's records. To prove reputational harm, Plaintiff must demonstrate that the challenged portion of the BBC's Documentary "deter[red] third persons from associating or dealing with him." *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 139 (1951) (quoting RESTATEMENT OF TORTS § 559); *see also Mile Marker, Inc. v. Petersen Publ'g, LLC*, 811 So. 2d 841 (Fla. 4th DCA 2002). Because Plaintiff is the sole beneficiary of the Trust,[1] the Trust's value over time—including the value of the businesses and properties the Trust owns—is directly implicated by Plaintiff's allegations of harm to his "profession, occupation, and trade." Plaintiff's name is on the Trump Trust itself, and many of its entities. The performance of the businesses held by the Trust before and after the Documentary is direct evidence of whether others wanted to associate or deal with him, let alone whether the Documentary truly caused Plaintiff $10 billion in reputational harm. For example, the discovery sought will reveal whether prospective members have continued to pay the high initiation fees and dues at Trump-branded clubs, including Mar-a-Lago and Trump National Golf Clubs; whether property developers and owners have continued to pay to license Trump's name for their hotels, residences, and golf courses; and whether consumers have continued to purchase Trump-branded goods and services. The continued

---

[1] *See* Compl. Ex. 12 at 7 (Donald J. Trump 2020 Statement of Financial Condition), *People v. Trump*, No. 452564/2022 (N.Y. Sup. Ct. Sept. 21, 2022) ("Donald J. Trump, who is the grantor of the Trust, was the sole trustee and beneficiary of the Trust, until January 19, 2017, when Donald J. Trump resigned as the trustee of the Trust but remained the sole beneficiary.").

strength of Plaintiff's reputation, which he has put at issue, will be directly informed by the books of his businesses – the precise records that the BBC has requested from the Trump Trust.

As the Court held in denying the motion to quash the BBC's subpoena to Mar-a-Lago – which seeks damages-related records from a Trust-owned entity – "Plaintiff's argument that President Trump is not synonymous with and does not affect the financial success or failure of MAL may be well taken as it relates to the admissibility of the sought-after evidence, but at this stage in the proceedings, given MAL's relationship with the profession and professional persona of President Trump, Defendant's subpoena is a permissible basis of inquiry." ECF 200. The same is true of the many other Trump Trust-owned entities associated with him or bearing his name, from hotels to golf clubs to cryptocurrency and more.

Indeed, *Plaintiff's own damages expert agrees with the Court and the Defendant.* On October 30, 2026, Plaintiff disclosed to the BBC the Expert Report of Dr. Larry Chiagouris (the "Report"), *see* ECF 220-1, [redacted]

[redacted]

[redacted]

[redacted]

**C. The Subpoena's request for tax returns is relevant and permissible.**

The Trump Trust also erroneously objects to requests for tax returns. The Trump Trust is incorrect that a litigant must show relevance *and* a compelling need for this category of discovery. *See Erenstein v. SEC*, 316 F. App'x 865, 869-70 (11th Cir. 2008) ("information need be only arguably relevant"). Regardless, the BBC has a compelling need because Plaintiff claims $10 billion in damages and the Trust ultimately owns his assets.

In support of their objection, Plaintiff and the Trump Trust rely on the out-of-state case *de Laire v. Voris*, 2021 WL 6883389, at *8 (D.N.H. Nov. 22, 2021), in which the district court denied a discovery request seeking tax returns from a defamation plaintiff. ECF 212 at 4. Yet there, the plaintiff was a Catholic priest and canonical judicial authority, suing over an online article related to his religious activities. His complaint pleaded only that he was seeking over the $75,000 jurisdictional amount. *See* Compl. ¶ 6, *de Laire v. Voris*, 21-cv-131 (D.N.H. Feb. 5, 2021), ECF 1. His damages allegations rested on his "personal, professional and moral reputation," but he was not a businessman – he was a priest. *Id.* ¶¶ 1, 68. The priest ultimately demanded $100,000 and recovered only $50,000 from the remaining defendant with whom he did not settle. Order, *de Laire v. Voris*, 21-cv-131 (D.N.H. Aug. 25, 2025), ECF 299.

President Trump, conversely, "has built his reputation over his lifetime" in business and politics on "the Art of the Deal" and his "business acumen." ECF 212 at 5 (quoting Oct. 22, 2026 Hr'g Tr. 56:22–57:2; 154:11–13). He seeks a staggering $10 billion in alleged losses to that reputation. *See* July 27 Order at 8 ("Defendant's damage analysis is especially important to Defendant where Plaintiff now alleges $10 billion in damages."); ECF 123 at 5 ("an amended complaint won't necessarily obviate the need for certain financial disclosures—*especially since the amended complaint retains the Plaintiff's original $10-billion damages demand*") (emphasis added). Permitting a limited 3-year period of discovery into the Trump Trust's financial

holdings, of which Plaintiff is the sole beneficiary, is thus highly relevant and proportionate. *See, e.g.*, *Briggs v. City of Daytona Beach*, 2025 WL 305840, at *2 (M.D. Fla. Jan. 27, 2025) (tax returns discoverable where finances are at issue).

## II. THE TRUMP TRUST SUBPOENA IS PROPORTIONATE AND NON-CUMULATIVE

Although the Court already held that the Trump Trust subpoena is proportionate to the needs of the case, *see* ECF 104 at 7-8, the BBC briefly reiterates the reasons supporting this holding, which remains undisturbed. The Trump Trust mischaracterizes the Subpoena as a "fishing expedition" because it seeks information regarding nearly 400 entities owned by or associated with the Trump Trust. ECF 212 at 2. Yet the BBC requests information from these entities only because *Plaintiff* alleges without limitation that his "profession, occupation, and trade" has been impacted by the BBC's actions, because *Plaintiff* is the sole beneficiary of a trust that owns or is associated with nearly 400 entities, and additionally, now, because Plaintiff's expert [redacted]

Although Plaintiff and the Trump Trust claim that providing the requested records would be unduly burdensome, the Trump Trust is required by law to maintain "distinct, and accurate records" of its activities. § 736.0810(1), Fla. Stat. The Trump Trust also produces financial information on its entities for the lengthy annual Office of Government Ethics ("OGE") disclosure form, as recently as June 2026.[2]

The Trump Trust's August 2026 declaration does not warrant a finding to the contrary. *Cf.* ECF 212 at 8 (citing ECF 114-1). The declaration makes only generalized statements that the subpoena would be burdensome, and does not acknowledge that the OGE disclosures would have required the Trump Trust to collate much of the requested information. Plaintiff's and the Trump Trust's reliance on the out-of-state case *Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 525 (W.D. Tenn. 1999), is thus misplaced. There, the affidavit of the party resisting discovery provided specific descriptions of the burdens, noting that it would have to review 70,000 documents. *Id.* at 525. Here, the Trump Trust's declaration provides *no* specifics. *See* ECF 114-1. The court in *Allen* also noted that "the sheer volume of documents would be no

---

[2] *See* OGE Form 278e (June 29, 2026), https://extapps2.oge.gov/201/Presiden.nsf/PAS+Index/69AEAA9D7455ACD585258E27002DDEE1/$FILE/Donald-J-Trump-2026-278ANNUAL.pdf.

reason, in and of itself, to deny discovery if there were no other reasonable way for plaintiff to obtain relevant information," but went on to find that the requested information was publicly available. 190 F.R.D. at 525. Here, while the annual OGE reporting process means that the Trump Trust should have readily accessible records, it does *not* mean that the requested records are already available elsewhere. *Cf.* ECF 212 at 7. As the BBC has explained, the OGE disclosures provide only broad ranges of income and assets, with the top range for the value of assets listed as "over $50 million," and income as "over $5 million," such that changes on the scale of the billions of dollars Plaintiff seeks to recover would not be reflected. *See* July 21 Hr'g Tr. at 7:14-8:1. Finally, the Trump Trust's argument that its declaration is "unrebutted" is also misplaced. ECF 212 at 2, 8. As the Court has noted, "[t]he burden of persuasion is on the party objecting to the discovery"—here, Plaintiff and the Trump Trust. ECF 204 (quoting *Felicia v. Celebrity Cruises, Inc.*, 286 F.R.D. 667, 670 (S.D. Fla. 2012) (citations omitted)).

Plaintiff and the Trump Trust's remaining argument on burden – that the subpoena is unduly burdensome because the Trump Trust is a non-party, *see* ECF 212 at 7 – is entirely unconvincing. *Fla. State Conf. of Branches & Youth Units of NAACP v. Lee*, 568 F. Supp. 3d 1301, 1306 (S.D. Fla. 2021) (granting motion to compel non-parties where evidence "may bear" on Plaintiffs' claims). The Trump Trust's status as a non-party to this action is not dispositive of whether it must substantively respond to this subpoena. Rather, it is merely one of many factors and interests that a court considers when evaluating the enforceability of a subpoena, including the relevance of the requested information, the requesting party's need for the documents, the breadth of the request, and the time period covered. *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (quoting *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 n.2 (N.D. Fla. 2013)). Moreover, the Trump Trust's non-party status is less weighty where, as here, Plaintiff is the sole beneficiary of the Trump Trust, they are represented by the same counsel, and they filed a joint brief resisting the subpoena. Indeed while Plaintiff and the Trump Trust note that "the BBC has served President Trump with requests for his" financial information, ECF 212 at 7, *neither* Plaintiff *nor* the Trump Trust has responded to the BBC's requests for damages-related records. Plaintiff and the Trump Trust cannot point their fingers at each other and then both refuse to provide documents. *Cf. id.*[3]

---

[3] The Court should also disregard Plaintiff's request for sanctions under Rule 26(g), *see* ECF 212 at 9-10, which is meritless – and frankly ironic given his own non-compliance with the minimum

### III. The Court should reinstate the order.

Given the imminent close of discovery and the need for the records that the BBC has requested, the Court should reinstate the July 27 Order, but given the now-approaching discovery cutoff, require a first substantial production within five days, and rolling productions every five days thereafter, completed a week before the discovery cut-off. For the reasons set forth above, each request in the subpoena seeks relevant documents and should be permitted, not trimmed as Plaintiff and the Trump Trust suggest. *Cf.* ECF 212 at 9.

Finally, the Trump Trust's blanket request to produce requested documents with an Attorney's Eyes Only designation should be rejected. The Trump Trust should be required, like the parties and other non-parties, to follow the Protective Order, which sets out strict criteria for when documents may be properly designated Attorney's Eyes Only and when they may not. Moreover, these documents, especially in light of the outrageous $10 billion damages demand in the Amended Complaint, are critical evidence for the BBC to evaluate in assessing its defense of this claim as the case proceeds.

## CONCLUSION

For the foregoing reasons, the BBC respectfully requests that the Court reinstate the July 27 Order and direct the Trump Trust to begin producing documents within five days from the date of the Court's forthcoming Order on this matter.

---

requirements of discovery. The BBC's subpoena seeks relevant and probative information as to Plaintiff's asserted damages, whereas Plaintiff has wholly flouted *his* discovery obligations, refusing to schedule his deposition; producing no documents of substance; and escalating each discovery dispute to impasse.

Dated: November 17, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**
1909 K Street, NW
Washington, DC 20006-1157
Tel: (202) 661-2218
Fax: (202) 661-2299

By: */s/ Charles D. Tobin*
Charles D. Tobin
Fla. Bar No.: 816345
Richard W. Miller (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
Sasha Dudding (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Maya D. Gandhi
Fla. Bar No. 1075387
tobinc@ballardspahr.com
millerrw@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com
cheny@ballardspahr.com
gandhim@ballardspahr.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on November 17, 2026, and served the same electronically upon all counsel of record via email.

*/s/ Charles D. Tobin*
Charles D. Tobin