**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP, an individual,

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION a/k/a BBC,

Defendant.

Case No. 1:25-cv-25894-JTK-EAL

**PLAINTIFF'S REPLY IN SUPPORT OF *EXPEDITED* MOTION TO STAY ENFORCEMENT OF THE MAGISTRATE JUDGE'S ORDER AT ECF NO. 200 AND THE DEPOSITION DEADLINE SET BY ECF NO. 202 PENDING RESOLUTION OF PLAINTIFF'S RULE 72(a) OBJECTIONS**

Plaintiff, President Donald J. Trump ("Plaintiff" or "President Trump"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 7.1(d)(2), files this reply in support of his Expedited Motion to Stay Enforcement of the Magistrate Judge's Order at ECF No. 200 and the Deposition Deadline Set By ECF No. 202 Pending Resolution of Plaintiff's Rule 72(a) Objections and Motion to Extend ("Expedited Motion") (ECF No. 211), and in response to Defendant British Broadcasting Corporation's (the "BBC") Memorandum of Law in Opposition ("Opposition") (ECF No. 214), and states as follows:

## INTRODUCTION

One day before the BBC filed its Opposition, this Court ruled on the BBC's motion to dismiss, denied dismissal of the defamation claim, and defined what this case is about (the "MTD Order"). ECF No. 209. The Court correctly held that "[t]he linchpin for Trump's claim of actual harm is the reputational harm he allegedly suffered because of BBC's portrayal in the

Documentary." *Id.* at 7. "[T]he spliced segment" is "the subject of the litigation." *Id.* at 21 n.6. Notably, the BBC's Opposition does not mention the MTD Order, in which this Court expressly stated that it disagreed with the BBC's framing of the editing of the Documentary as "ordinary," and that "given the time disparity between the two statements, the distance itself tends toward a plausible inference that BBC knew or should have known that the segment they were creating would not and could not have been a truthful statement. This was not trimming around the edges but creating something different than what was stated in the speech." *Id*. at 15.

The BBC has improperly litigated this case, and has attempted multiple times to exceed the bounds of what is framed by the pleadings. As this Court has noted, the BBC issued forty-seven non-party subpoenas in a single round, seeking to inquire into matters wholly unrelated to the Documentary. ECF No. 175 at 2. As an example, the BBC subpoenaed Cassidy Hutchinson in order to try and relitigate the events surrounding January 6. This Court quashed that subpoena as "largely irrelevant to the narrow issue in this lawsuit," and warned the parties not to turn discovery into "a fishing expedition." *Id.* at 4–5. The BBC then nevertheless continued its fishing expedition, and subpoenaed former Special Counsel Jack Smith for the evidence and witnesses from his criminal investigation. The Department of Justice denied the request, citing grand jury secrecy, classified information, and law enforcement privilege. ECF No. 206. As the MTD Order explains, "[w]hether the audience 'reasonably interpreted' the segment to convey that Trump called for violence is irrelevant." ECF No. 209 at 21. Indeed, the Court questioned why the BBC "continues down this path by implicitly alleging that the speech called for violence, in direct contradiction of the Chairman's own words." *Id.* at 21 n.5.

The BBC also wrongly subpoenaed the Donald J. Trump Revocable Trust (the "Trust") for the income statements, balance sheets, and tax returns of every business that is affiliated with the


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Trust, which is roughly 400 entities. ECF No. 52-2 at 8, 12. The BBC served seventy document requests aimed at the President's finances, including his tax returns. ECF No. 138; ECF No. 186-2 at 10–17 (Requests 56–125). Now, the BBC wants six years of membership applications and fees from non-party private club, Mar-a-Lago Club, LLC ("MAL"). ECF No. 187. None of this relates to whether a fabricated twelve-second clip damaged the President's reputation, which it did.

The MTD Order should end the BBC's irrelevant and improper pursuit of non-party financial records. The Court made clear that President Trump "properly alleges that BBC spliced and edited together a twelve-second segment that resulted in reputational harm based off 'deceptive and defamatory distortion.' [FAC, ¶128-133]." ECF No. 209 at 8. As a result, the Magistrate Judge will rule on whether the First Amended Complaint still permits the BBC to obtain the financial records of the Trust's businesses. ECF No. 205. MAL is one of those businesses, and the BBC relies on the same theory for both subpoenas. Under the MTD Order, the answer should be no. The BBC should not be allowed to wrongly obtain MAL's records before the Magistrate Judge applies the MTD Order to that question. The Court should stay the MAL subpoena until the Magistrate Judge rules.

Much of the rest of the Opposition is copied from the brief that the BBC filed in August against the Trust's stay motion. *Compare* ECF No. 214 at 1–13, *with* ECF No. 113. The Court rejected those arguments, and stayed non-party financial production, because it was "prudent to enter a brief stay" where a pending development could "obviate[] the need to compel a non-party to disclose confidential financial information." ECF No. 116 at 3. That pending development was the filing of the First Amended Complaint, and it did obviate any reason for production of financial information. That same reasoning applies here. Just two days after its Opposition, the BBC filed a

notice asking the Court to decide the MAL subpoena, the Trust subpoena, and Plaintiff's disputed damages requests together, on one theory. *See* Def.'s Notice of Partially Sealed Filing of Notice and Plaintiff's Expert Report in Connection with Pending Discovery Motions (ECF No. 220 (filed under seal)) (the "Expert Notice"). The BBC cannot tell the Court that these issues rise and fall together, and then demand that MAL produce its documents before the issues are actually decided.

The issue of President Trump's deposition has been resolved given the entry of the Court's Order Granting Second Joint Motion to Extend Certain Pretrial Deadlines and Continue Trial (ECF No. 223). This reply, therefore, addresses only the Magistrate Judge's order on the MAL subpoena (the "MAL Order").

For these and the reasons that follow, the Court should grant the Expedited Motion.

## ARGUMENT

### I. The MTD Order Confirms That MAL's Records Have No Place in This Case.

The erroneous MAL Order rests on two points: that the First Amended Complaint alleges injury to the President's "profession, occupation, and trade," and that the President conducts official business at Mar-a-Lago. ECF No. 200 (quoting ECF No. 124 ¶¶ 135, 139). Neither survives the MTD Order.

The MTD Order properly identified the injury at issue: reputational harm. MTD Order at 7 (citing ECF No. 124 ¶ 131). The Court explained that "[i]t would be difficult for the Court to accept a different framing without completely negating the significance and fragility of political elections." *Id.* at 9.Paragraph 131 of the First Amended Complaint alleges injury to the President's "personal reputation," and Count I alleges that "President Trump has suffered reputational harm." ECF No. 124 ¶¶ 131, 145.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

The words "profession, occupation, and trade" do not change that. Those paragraphs say nothing about Mar-a-Lago, its members, or its revenue. The Court did not rely on those paragraphs in identifying the harm at issue; it relied on the reputational injury alleged in paragraphs 128 through 132. MTD Order at 7–8. A general allegation of professional harm does not make every business associated with the President a source of discovery. *See* ECF No. 120 at 9 ("The Court agrees with Plaintiff that the scope of discovery is not unlimited in nature.").

The MTD Order also confirmed what this case is about: "the spliced segment," *id.* at 21 n.6. In creating it, the BBC "did not just alter the quote but created a new quote by splicing two statements together and passing them off as a single continuous sentence." *Id*. at 18. That follows this Court's earlier ruling that the case concerns a "narrow issue," and must not become "a fishing expedition" that "unnecessarily burdens a non-party." ECF No. 175 at 4–5. Measured against that standard, the MAL subpoena reaches no disputed fact. The number of people who applied to join Mar-a-Lago, and the fee that the club charged them, say nothing about whether the BBC's spliced clip lowered the President's standing with the people who saw it. The BBC's own exhibit shows that the fee increase was planned months before the broadcast, because the club had only "four memberships to sell." ECF No. 187-2 at 2. Further, the BBC has said exactly what it wants the data for: to argue that the President was "enriched by magnitudes" after the Documentary. *See* October 22, 2026, Hearing Transcript ("Tr.") at 40:14–16. That argument does not coincide with the harm to President Trump's reputation, and is therefore irrelevant.

The MTD Order, entered two weeks after the MAL Order, now confirms that the reputational harm alleged is the measure of relevant discovery. MTD Order at 8–9 (finding that President Trump "plausibly pled damages where Trump alleges a defamatory documentary released toward the election caused reputational harm"). The MAL Order also did not address ECF


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

No. 175, and it erroneously treated Plaintiff's relevance objection as an admissibility objection. ECF No. 210 at 9–14. Those are not "mere disagreement[s]." ECF No. 214 at 10. They are legal errors, and they present, at the very least, a substantial case on the merits. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); ECF No. 214 at 7 (conceding the standard).

## II. The BBC's Expert Notice Confirms That MAL Must Wait for the Ruling Under ECF No. 205.

The Opposition does not dispute that MAL is one of the Trust entities in the stayed Trust subpoena. ECF No. 52-2 at 14, 17. It does not dispute that BBC counsel called the justification for the two subpoenas "pretty much the same." Tr. 153:4–23. Additionally, the Expert Notice now asks the Court to decide three things together, on one theory: the BBC's motion to compel Plaintiff's responses to damages Requests 56 through 125, ECF No. 138; the Trust subpoena, ECF No. 52; and Plaintiff's Objections to the MAL Order, ECF No. 210. Expert Notice at 1–3. That theory is that "records pertaining to businesses associated with Plaintiff" are relevant to the President's reputation (they are not). *Id.* at 1. That is the exact question before the Magistrate Judge under ECF No. 205. Wrongly forcing MAL to produce its records now would incorrectly decide that question in the BBC's favor before the Magistrate Judge rules on it. This Court correctly refused to allow that in August. ECF No. 116 at 3. The Court should do the same here.

Nor does the expert report say what the BBC claims. The BBC rests its argument on a single survey question asking viewers how likely they would be to buy a hypothetical product that the President endorsed. Expert Notice at 1; *id.,* Ex. A at 20. From that one question, the BBC wrongly leaps to non-party MAL's membership applications and fee schedule. However, there is no bridge between the two. The survey measures what the BBC's audience thought of President Trump after watching the deceptively doctored and spliced clip from the Documentary, compared with the unedited speech. Expert Notice, Ex. A at 19–21, 24–30. That is the personal reputational

injury that President Trump has pleaded from the start. ECF No. 1 ¶¶ 10, 98; ECF No. 139 at 3. The expert report never mentions Mar-a-Lago, club memberships, initiation fees, or the revenue of any Trust entity, and it relies on no business records. The BBC has the survey and its results. If it wants to challenge how viewers' opinions changed, it can test that survey or retain its own expert. MAL's books will not tell it anything about what viewers believed. The expert report gives the BBC no basis to obtain MAL's records, and certainly no basis to obtain them before the Magistrate Judge rules on the underlying theory.

### III. The Protective Order Does Not Cure the Harm. This Court Stayed Production over the Same Argument in August.

The BBC wrongly says that production under the Protective Order cannot cause irreparable harm. ECF No. 214 at 5–7. It made the same incorrect argument in August. ECF No. 113 at 3. The Court disagreed with the BBC, and correctly stayed production. ECF No. 116 at 3. The harm is not that the BBC will leak MAL's data. The harm is that, once MAL produces, disclosure cannot be undone. *Maness v. Meyers*, 419 U.S. 449, 460 (1975); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989). The provisions of the Protective Order control who sees the data afterward. However, they do not restore the right to have the threshold question decided first. The BBC's authorities do not hold otherwise. *Trump v. United States*, 2022 WL 4366684 (11th Cir. Sept. 21, 2022), concerned the government's continued *retention* of documents that it already held, and *Delta Air Lines, Inc. v. Marriott Int'l, Inc.*, 2021 WL 5033481 (N.D. Ga. July 20, 2021), concerned the cost of compliance. ECF No. 214 at 6–7. Here, Plaintiff claims no such harm.

Moreover, despite the BBC's contention to the contrary, a stay here would not mean that every objection stays every discovery order. ECF No. 214 at 5. Now that the Court has addressed President Trump and the BBC's request to extend the discovery schedule, Plaintiff asks for a stay tied to only one ruling that is already under advisement: the Magistrate Judge's decision under


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

ECF No. 205. That is the same targeted "brief stay" that the Court found "prudent" in ECF No. 116, which expressly recognized that objections by themselves do not stay an order. ECF No. 116 at 2–3.

**IV. The Motion Is Timely and Properly Expedited.**

The BBC mistakenly says that Plaintiff "waited" until his objections were due. ECF No. 214 at 2–3. Rule 72(a) gives a party fourteen days to object. Plaintiff filed his Objections and this Motion together, within that period, so that the Court would have the merits and the request for interim relief before it at the same time. ECF Nos. 210, 211. Using the time that the Rule allows is not delay.

The lack of a compliance date in the MAL Order does not lower the urgency. It raises it. The Order says that the subpoena "shall issue," and sets no return date, so the BBC can serve it at any time with any return date that it picks. ECF No. 200. The Opposition does not promise to wait.

The BBC argues that none of this is urgent enough, because it is not a medical crisis, an imminent deportation, or a building about to be demolished. ECF No. 214 at 2–3. However, President Trump did not file an emergency motion under Local Rule 7.1(d)(1); instead, he filed an expedited motion under Local Rule 7.1(d)(2), which requires only that the movant explain why a ruling is needed by a particular date. President Trump's Expedited Motion did exactly that. ECF No. 211 at 2–3.

**V. The Parties Conferred on the Substance Underlying the Expedited Motion.**

The BBC's conferral argument ignores what actually happened. Counsel for President Trump and the BBC are in contact almost daily on the issues in this case. On November 3, 2026, the BBC tried to use its agreement to extend the schedule as leverage: it would join the extension only if Plaintiff agreed to "comply with Judge Lett's discovery orders, other than the date of the


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

President's deposition." *See* November 3–5, 2026, Email Exchange attached hereto as **Exhibit A**. The next day, Plaintiff's counsel refused in writing, told the BBC that Plaintiff would be "filing an objection to and appeal from Magistrate Judge Lett's Orders at ECF No. 198, 200, and 202," and asked for the BBC's position. *Id*. Counsel followed up on November 5. *Id.* The BBC never responded. Its position was already clear: it wanted those discovery orders enforced, and it was prepared to withhold its agreement on the schedule to get that result. Plaintiff's position was equally clear. A week before Plaintiff filed, the BBC knew that he would seek relief from those exact orders, and a request to stay them while they are reviewed is the natural companion to the objections themselves. The BBC does not claim that it would have agreed to a stay, and its thirteen-page Opposition, filed the next day, shows that it would not have.

## VI. The BBC Shows No Prejudice, Its Unclean Hands Argument Fails, and the Public Interest Favors a Stay.

The BBC identifies no prejudice from the stay that President Trump actually requests. Instead, it repackages its complaints about President Trump's privilege log and document production. ECF No. 214 at 11. Those matters are governed by ECF No. 198, which is not before the Court on this Motion. ECF No. 214 at 1 n.2. They have nothing to do with whether MAL should produce its financial records before the Magistrate Judge rules. On that question, the BBC can point to no prejudice whatsoever. It calls MAL's data "very narrow," and easy to produce. Tr. 41:2–5. Even if that were true (it is not), a stay of an order requiring that production does not equate to any prejudice suffered by the BBC.

Moreover, the unclean hands argument fails on the BBC's own authority. The doctrine reaches only conduct "relative to the matter in which [the movant] seeks relief." ECF No. 214 at 13 (citation omitted). The BBC identifies no such conduct regarding the MAL subpoena. It points instead to a protective-order negotiation from last spring and to the production addressed in ECF


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

No. 198. *Id.* Those matters are being litigated separately.

Finally, the public interest favors deciding whether non-party financial discovery is permitted before that discovery is taken, not after. Deciding the common question once, under ECF No. 205, avoids inconsistent rulings and needless burden on non-parties. The BBC's concern about "automatic" stays, ECF No. 214 at 11–12, does not apply to a targeted stay of the kind that this Court has already entered once in this case.

## CONCLUSION

WHEREFORE, President Donald J. Trump respectfully requests that the Court enter an Order: (1) granting the Expedited Motion and staying enforcement of ECF No. 200, including service of and production under the MAL subpoena, pending disposition of Plaintiff's Objections or, at a minimum, until the financial-discovery question briefed under ECF No. 205 is resolved; (2) directing that no production occur under the MAL subpoena before the Court rules on the Motion; and (3) granting such further relief as is just and proper.

Dated: November 18, 2026

Respectfully submitted,

**BRITO, PLLC**
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385

*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
Michael O. Mena
Florida Bar No. 010664
mmena@britopllc.com
Jalaine Garcia
Florida Bar No. 58632
jgarcia@britopllc.com
Ian Michael Corp
Florida Bar No. 1010943
icorp@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*pro hac vice admitted*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 18, 2026, the foregoing was served via the Court's CM/ECF System upon:

Charles D. Tobin, Esq.
Ballard Spahr, LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tobinc@ballardspahr.com

*Counsel for Defendant British Broadcasting Corporation*

*/s/ Alejandro Brito*


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071