**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PRESIDENT DONALD J. TRUMP,
an individual,

Plaintiff,

v.

BRITISH BROADCASTING CORPORATION,

Defendant.

Case No. 1:25-cv-25894-JTK-EAL

***EXPEDITED* JOINT MOTION FOR DISCOVERY HEARING ON DEFENDANT'S FIRST NOTICE OF DEPOSITION AND AMENDED NOTICE OF DEPOSITION OF DR. LARRY CHIAGOURIS**

Plaintiff President Donald J. Trump ("President Trump") and Defendant British Broadcasting Corporation ("the BBC" and together, the "Parties") file this *Expedited* Joint Motion for Discovery Hearing on Defendant's First Notice of Deposition and Amended Notice of Deposition of Dr. Larry Chiagouris (the "Joint Motion"). In support, the Parties state as follows:

**RELEVANT FACTUAL BACKGROUND**

Plaintiff states that the BBC published false, malicious, and defamatory statements about him, consisting of wrongful doctoring and edits to a speech that President Trump made on January 6, 2021, which the BBC published in the Documentary, which is defined in the Amended Complaint. On November 13, 2026, Defendant served a notice for the deposition of Plaintiff's expert witness, Dr. Larry Chiagouris, Ph.D. (the "First Notice"), for December 1, 2026, in New York City, New York. Thereafter, counsel for the Parties conferred over the validity of the First Notice. However, they were unable to reach an agreement. On November 20, 2026, Defendant served another notice for the deposition of Dr. Chiagouris, changing the location to Coral Gables, Florida, but keeping the date (the "Amended Notice"). The First Notice, the Amended Notice, and the Parties' conferral emails are attached to **Composite Exhibit B**. This Joint Motion addresses the Parties' countervailing positions on the First Notice and Amended Notice. The Parties respectfully request that the Court schedule a discovery hearing to resolve these disputes, and award any other relief that the Court deems proper. For reference, the deadline to serve rebuttal expert reports is December 3, 2026. *See* ECF No. 223.

**DISCOVERY DISPUTES REQUIRING RESOLUTION**

**A. Plaintiff's Position.**

On November 2, 2026, President Trump's counsel requested the availability of Defendant's expert, Peter Simi, Ph.D. *See* Composite Exhibit B, p. 20. Defendant's counsel responded by offering November 23 and 24 as dates when counsel and Dr. Simi were available. Defendant's counsel also requested Dr. Chiagouris' availability for deposition on November 19, 2026, or November 20, 2026. *See id.*, p. 19. On November 11, 2026, President Trump's counsel responded, offering to make Dr. Chiagouris available for deposition on December 15, 2026, or December 16, 2026. *See id.*, pp. 17–18. The same day, Defendant's counsel rejected both dates, and reiterated its prior request for Dr. Chiagouris' availability on November 19, 2026, or November 20, 2026, in

New York City, New York. *See id.*, p. 17.[1]

On Friday, November 13, 2026, at 5:01 p.m.,[2] Defendant served the First Notice for Dr. Chiagouris' deposition, and improperly and unilaterally selected that the deposition would take place on December 1, 2026, in New York City, at Defendant's counsel's office. Before serving the First Notice, Defendant never proposed that date, much less discussed it with President Trump's counsel. Simply put, Defendant failed to confer and clear the date and the location with President Trump's counsel.

Shortly thereafter, counsel for President Trump notified Defendant's counsel that Dr. Chiagouris was already scheduled for deposition in another matter on December 2, 2026, and requested that Defendant withdraw the First Notice. *See id.*, p. 12. Defendant refused to withdraw the First Notice, wrongly insinuating that President Trump had an obligation (he does not) to make Dr. Chiagouris available before the rebuttal report deadline. *See id.*, pp. 7–8. Although the Parties had previously agreed, twice (*see* ECF Nos. 140 & 222), to *mutually* extend all pretrial deadlines, Defendant was only willing to extend the rebuttal expert deadline for itself. *See id.*

That same day, President Trump responded to confirm that Dr. Chiagouris would not be appearing at a unilaterally scheduled deposition that was not properly coordinated. Nevertheless, President Trump offered a solution that could have easily resolved this dispute, and avoided this Joint Motion: a mutual extension of the rebuttal expert report deadline. *See id.*, pp. 8–9, email at 7:11 p.m. Defendant responded, and wrongly refused to agree to any mutual extension of the rebuttal deadline. *See id.*, pp. 7–8, email at 8:46 p.m. Moreover, Defendant falsely claimed that Plaintiff was refusing to make Dr. Chiagouris available for deposition. *See id.* This allegation is belied by the fact that President Trump offered to make Dr. Chiagouris available on December 15, 2026, and December 16, 2026. *See id.*, pp. 17–18. Nevertheless, Defendant's counsel improperly threatened that, if Dr. Chiagouris did not appear for deposition on December 1, 2026, Defendant would move for sanctions, and seek to strike Dr. Chiagouris' expert report. *See id.*, pp. 7–8, email at 8:46 p.m.

On November 20, 2026, President Trump responded, noting that Defendant had not

---

[1] Because Defendant intended to conduct the deposition outside the State of Florida, both of Defendant's requested dates fell outside the 14-day window applicable under Local Rule 26.1(h).

[2] The First Notice was served during the Parties' conferral on the Second Joint Motion to Extend Certain Pretrial Deadlines and Continue Trial (ECF No. 222). During that process, Defendant did not raise any further extension of the expert rebuttal deadline.

articulated any prejudice that it would suffer if Dr. Chiagouris appeared for deposition after the rebuttal deadline expired, and offering *once again* to mutually extend the rebuttal expert deadline, urging Defendant to reconsider its position. *See id.*, pp. 5–6, email at 9:49 a.m. Instead, Defendant served the Amended Notice, which changed the location, but kept the December 1, 2026, date. *See* Amended Notice, Composite Exhibit B.

Nothing in the Local Rules of this District, or in this Court's Discovery Order (ECF No. 29), expressly authorizes the unilateral noticing of depositions, which is a disfavored practice in this District. *See Chavez v. Arancedo*, 2017 WL 3025841, at *5 (S.D. Fla. July 17, 2017) ("Plaintiff's Motion lacks any merit because there was absolutely no justification for unilaterally setting Defendant's deposition on a date that Defendant was obviously unavailable to appear. And Plaintiff's conduct was also unwarranted because the discovery deadline in this action does not end until June 28, 2018."); *Chico v. Dunbar Armored, Inc.,* 2017 WL 4476334, at *3 n.2 (S.D. Fla. Oct. 6, 2017) (explaining that "the unilateral scheduling of depositions is highly disfavored because it leads to unnecessary costs, attorneys' fees, and motion practice"); *Karakis v. Foreva Jens Inc.,* 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009) ("Accordingly, it is hereby ORDERED that Plaintiff's counsel shall not unilaterally set any further depositions in this case without leave of court.").

Critically, Defendant has not articulated any legitimate reason why Defendant *must* depose Dr. Chiagouris before the rebuttal expert deadline; Dr. Chiagouris has no obligation to appear for deposition before the rebuttal expert deadline. *See Eldridge v. Pet Supermarket, Inc.,* 2019 WL 3406926, at *2 n.1 (S.D. Fla. July 25, 2019) ("Defendant was in receipt of Plaintiff's report back in March 2019 and the argument that a deposition was required before any work could begin on a rebuttal report is entirely unpersuasive."). Moreover, preparing for and appearing for deposition on December 1, 2026, when he is scheduled to appear in another deposition *the day after* in *Kahoot! AS v. CPDLive PTY Ltd.*, which is pending in the District of Massachusetts, in case no. 1:25-cv-11783-BEM, would impose an undue burden on Dr. Chiagouris. *See Hernandez v. Thomas*, 2025 WL 2324088, at *6 (S.D. Ga. Aug. 12, 2025) (finding no authority that requires excluding an expert, as long as they are available for deposition before the discovery cutoff).

Thus, because the Amended Notice was not served for a proper purpose, the Court should sanction Defendant under Rule 26(g), *see Fernandez v. CMA CGM S.A.*, 2024 WL 6468420, at *3 (S.D. Fla. May 24, 2024), and enter a protective order against the Amended Notice.

**B. Defendant's Position.**

The BBC seeks either **(a)** the opportunity to take the deposition of Plaintiff's expert, Dr. Chiagouris, before the current December 3, 2026 deadline for rebuttal expert disclosures; or **(b)** an extension of the deadline for the BBC's rebuttal expert disclosures until 7 days after Dr. Chiagouris's deposition. The BBC would have preferred to reach agreement on these reasonable requests. But Plaintiff refuses to provide a date for Dr. Chiagouris's deposition before the current rebuttal deadline, instead seeking a mutual extension that would only reward his lack of diligence.

The Parties exchanged expert disclosures on October 30. The next business day, November 2, Plaintiff requested deposition dates for the BBC's expert, Dr. Simi, and the BBC responded the following day, November 3, with two dates falling before rebuttal reports are due. Ex. B at 19-20. In that same November 3 email, the BBC asked if Dr. Chiagouris was available for deposition in New York (where the BBC understands he works) on November 19-20. *Id.* at 19. BBC counsel followed up on November 6. *Id.* at 18-19. Five more days passed before Plaintiff's counsel emailed on November 11, stating that Dr. Chiagouris "is available to appear virtually on December 15th or 16th," and asking whether Dr. Simi "is available to appear in person in Miami" (where he neither lives nor works) on November 23 or 24. *Id.* at 17-18. BBC counsel responded that same day, confirming Dr. Simi's availability in California, where he lives and works, or remotely, and explaining that, as to Dr. Chiagouris, "Dec. 15/16 will not work as that would be two weeks after the rebuttal witness disclosure and report deadline," and asking again about Dr. Chiagouris's availability on November 19 or 20. Plaintiff's counsel did not respond to that email. *Id.* at 17.

On November 13, faced with a looming rebuttal deadline, and a Plaintiff who refused without explanation to provide for his expert's deposition before that deadline, the BBC complied with Local Rule 26.1(h) and followed the guidance of U.S. Magistrate Judge Bruce E. Reinhart in serving a notice for Dr. Chiagouris's deposition for December 1 in New York (where the BBC still understood Dr. Chiagouris to work). *Id.* at 16; *see also* Hon. Bruce E. Reinhart, *Best Practices for Discovery in Federal Court*, Palm Beach Cnty. Bar Assoc. (Mar. 22, 2021), https://www.palmbeachbar.org/best-practices-for-discovery-in-federal-court/. When Plaintiff's counsel objected that Dr. Chiagouris should not be "required to travel to New York for a deposition in a matter that is taking place in Miami," BBC's counsel served an amended notice to take Dr. Chiagouris's deposition in the Miami area. Ex. B. at 3-12.

The BBC also offered to withdraw the notice if Plaintiff agreed to extend the BBC's

rebuttal deadline until 7 days after Dr. Chiagouris's deposition – and that offer remains open. *Id.* at 10-11. Plaintiff's counsel responded to the BBC with positions that shifted with every message. First, Plaintiff's counsel complained that the BBC should have raised the rebuttal deadline in the recent motion to amend the scheduling order. *Id.* at 12. Then, Plaintiff's counsel suggested that Plaintiff *might* agree to a *mutual* extension of the rebuttal deadline. *Id.* at 9. Yet Plaintiff has never explained why he wants more time for his rebuttal disclosures, and the record provides no basis, either. Plaintiff had the opportunity to take Dr. Simi's deposition before the rebuttal deadline, yet he failed to notice a deposition on the dates the BBC provided and only yesterday asked for alternative dates. Extending Plaintiff's rebuttal disclosure deadline would ignore his lack of diligence, reward his intransigence, and not be supported by any articulated good cause.

On this record, Plaintiff has not carried his burden to justify a protective order. **First**, Plaintiff's complaint that the BBC set Dr. Chiagouris's deposition unilaterally is undermined by the very cases Plaintiff cites, which recognize that the "inability of the parties, after a good faith effort, to agree on mutually convenient dates" warrants unilateral scheduling. *Karakis*, 2009 WL 113456, at *6; *Chavez*, 2017 WL 3025841, at *5 (quoting and citing same). **Second**, Plaintiff has not suggested that his counsel or Dr. Chiagouris are unavailable on December 1. Dr. Chiagouris has another deposition scheduled for the following day, which is hardly unusual, let alone harmful. *Cf. Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (party seeking a protective order cannot rely on "conclusory or speculative statements" about "the harm which will result without one"). **Third**, Plaintiff can remedy the purported "harm" of a December 1 deposition all on his own by agreeing to the BBC's 7-day rebuttal deadline proposal – indeed, Plaintiff has never explained why he objects to that proposal in the first place.

The BBC is prepared to take Dr. Chiagouris's deposition on December 1 (in Florida, per Plaintiff's preference), and Plaintiff has not shown that such a December 1 deposition would be so harmful as to warrant a protective order. Alternatively, the BBC remains open to rescheduling Dr. Chiagouris's deposition to "a mutually agreeable date and time," as Plaintiff requests, so long as the BBC's rebuttal expert deadline is extended to 7 days after that deposition takes place. The Court should ensure that one of those entirely reasonable outcomes is reached. The Court should also reject Plaintiff's request for sanctions as meritless – and frankly ironic given Plaintiff's non-compliance with the requirements of discovery, such as by refusing to schedule his deposition, producing no documents of substance, and escalating each discovery dispute to impasse.

## CERTIFICATE OF CONFERRAL

From November 13, 2026, through November 20, 2026, the Parties conferred to discuss the First Notice and the Amended Notice, but could not reach an agreement. Due to the date of the deposition, December 1, 2026, the Parties seek an expedited discovery hearing via Zoom or, alternatively, a ruling on the papers. True and correct copies of the Parties' proposed orders regarding this Joint Motion are attached to **Exhibit A**.

Dated: November 24, 2026

Respectfully submitted,


*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
Jalaine Garcia
Florida Bar No. 58632
Ian Michael Corp
Florida Bar No. 1010943
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Tel: 305-614-4071
Fax: 305-440-4385
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
apiriou@britopllc.com

Edward Andrew Paltzik
Taylor Dykema PLLC
914 E. 25th Street
Houston, TX 77009
Tel: 516-526-0341
edward@taylordykema.com
(*Admitted Pro Hac Vice*)

*Counsel to Plaintiff,*
*President Donald J. Trump*

*/s/ Charles D. Tobin*
Charles D. Tobin
Florida Bar No. 816345
Maxwell S. Mishkin (*pro hac vice*)
Yanni Chen (*pro hac vice*)
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
Tel: 202-661-2218
Fax: 202-661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
cheny@ballardspahr.com

Sasha Dudding (*pro hac vice*)
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019
Tel: 646-346-8094
duddings@ballardspahr.com

*Counsel to Defendant*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 24, 2026, the foregoing was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Alejandro Brito*